# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 01 2005

GREGORY C. LANGHAM
CLERK

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| | (For Offenses Committed On or After November 1, 1987) |
| | *(Changes Identified with Asterisks (*))* |
| v. | Case Number:  01-cr-00214-WYD-16 |
| | USM Number:  36769-115 |
| GEORGE MURRAY | |
| a/k/a "Little Man" | Wade H. Eldridge, Appointed |
| | (Defendant's Attorney) |

**THE DEFENDANT:** Was found guilty on counts twenty-three and twenty-four of the Second Superseding Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 7 Grams of Cocaine Base, Aiding and Abetting | 04/13/01 | Twenty-three |

**Date of Original Judgment:**  April 7, 2004

**Reason for Amendment:**  United States Court of Appeals remanding the case to the United States District Court with instructions to vacate the original sentence imposed and resentence the defendant in accordance with *United States v. Booker.*

   The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

   It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

   It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

November 23, 2005
Date of Imposition of Judgment

Signature of Judge

Wiley Y. Daniel, U.S. District Judge
Name & Title of Judge

11/28/05
Date

DEFENDANT: GEORGE MURRAY  
CASE NUMBER: 01-cr-00214-WYD

Judgment-Page 2 of 8

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 843(b) and 18 U.S.C. § 2 | Use of a Communications Facility to Conspire to Distribute and Possess with Intent to Distribute Cocaine Base, Aiding and Abetting | 04/20/01 | Twenty-Four |

DEFENDANT: GEORGE MURRAY
CASE NUMBER: 01-cr-00214-WYD

Judgment-Page 3 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 120 months as to count twenty-three and 48 months as to count twenty-four, all such terms to run concurrently.

The court recommends that the defendant be placed in the Residential Drug and Alcohol Treatment Program (RDAP).

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on __01-12-06__ to __USP Victorville__

at __Victorville__, with a certified copy of this judgment.

_J. L. Norwood, Warden_
~~UNITED STATES MARSHAL~~

By _Jones, ISO_
~~Deputy United States Marshal~~

DEFENDANT: GEORGE MURRAY
CASE NUMBER: 01-cr-00214-WYD                                             Judgment-Page 4 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of eight (8) years as to count twenty-three and one (1) year as to count twenty-four, all such terms to run concurrently.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  The defendant shall not leave the judicial district without the permission of the court or probation officer.
2)  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4)  The defendant shall support his dependents and meet other family responsibilities.
5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until he is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

DEFENDANT: GEORGE MURRAY
CASE NUMBER: 01-cr-00214-WYD

Judgment-Page 6 of 8

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| Twenty-three | $100.00 | $0.00 | $0.00 |
| Twenty-four | $100.00 | $0.00 | $0.00 |
| **TOTALS** | $200.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The special assessment fee is due immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order: (1) special assessment.

DEFENDANT: GEORGE MURRAY  
CASE NUMBER: 01-cr-00214-WYD                                                    Judgment-Page 8 of 8

## STATEMENT OF REASONS

**The court adopts the presentence report and advisory applications but with these changes:**

Pursuant to the United States Supreme Court ruling in the *United States v. Booker* and *United States v. Fanfan*, the United States Sentencing Commission Guidelines have become advisory. The Court, while not bound to apply the Guidelines, has consulted the advisory guidelines and taken them into account with the sentencing factors identified at 18 U.S.C. § 3553(a).

**Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level or specific offense characteristics): Relevant conduct involved the distribution of at least 7 grams of cocaine base.

**ADVISORY GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

Total Offense Level: 26

Criminal History Category: IV

Imprisonment Term: 120 months

Supervised Release Term: 8 years

Fine Range: $12,500 to $4,000,000

The fine is waived because of the defendant's inability to pay.

**The sentence is within the advisory guideline range, that range does not exceed 24 months, and the court finds no reason to depart.**

**RESTITUTION DETERMINATIONS**

Total Amount of Restitution: None.

The court concludes that this statement of reasons for imposing a sentence in a criminal case is presumptively a matter of public interest and scrutiny. *See* S. Rep. No. 225, 98th Cong., 1st Sess. 1983, 1984 U.S.C.C.A.N. 3182, 3263 (1983) ("The statement of reasons . . . informs defendant and the public of the reasons for the sentence. It provides information to criminal justice researchers.") No party has made a sufficient showing of "good cause," Fed R. Crim. P. 32(i)(4)(C), why it should **not** be a matter of public record. Therefore, to facilitate systematic documentation of any decision concerning *departure, in* compliance with 18 U.S.C.A. § 3553(c)(2), this statement of reasons shall be entered and filed by the clerk as part of the judgment.

**UNITED STATES DISTRICT COURT**
OFFICE OF THE CLERK
DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Case No. 01-CR-214-WYD-16                                    December 1, 2005

---

*Copies of this Judgment and Commitment order were served by hand delivery or by United States mail, postage prepaid, addressed to the persons listed below.*

U.S. Marshal (hand delivered)
(3 certified copies, 1 non-certified)

Kathleen M. Tafoya (hand-delivered)
*Assistant U.S. Attorney*

U.S. Probation (hand delivered)
(2 certified copies, 1 non-certified)

Wade H. Eldridge
1471 Stuart Street
Denver, Co 80204

Financial Litigation Unit (hand delivered)
U.S. Attorney's Office

Carol Henderson (hand delivered)
Financial Deputy

Judge Wiley Y. Daniel (hand delivered)

GREGORY C. LANGHAM, CLERK

By: _Pat P._
Pat P., Deputy Clerk