IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Criminal Case No:      01-CR-00214-7-WLD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

(7) ZEBEDEE HALL

      Defendant.

---

RESPONSE TO DEFENDANT'S LETTER TO THE COURT
OF FEBRUARY 13, 2006 (DOCKET 3349)

---

      Although Defendant seeks no specific relief in his letter, Counsel believes a reply is appropriate. Stephen M. Wheeler has always been post-conviction CJA counsel of record in this matter. Defendant had 'gone through' at least three other attorneys at the trial stage and at least five other attorneys had declined to represent him in post-conviction motions. In retrospect there should have been a sixth.

      Counsel undertook the appointment with the understanding that Sally Zack Wheeler would provide much of the legal research and drafting of the post-conviction Rule 29 and Rule 33 motions, because Counsel was involved in preparing for a three week trial in *United States v. Claude Lefebvre*, 02-CR-00485-RB, which went to an unsuccessful trial in November and December, 2004. It turns out that Mr. Lefebvre and

1

Defendant were 'cell block' buddies and both were upset with counsel for the loss. As Defendant's bi-polar mood swings began to increase Ms. Wheeler was moved out of the case both because her work was becoming finished for filing the appeal and for safety concerns. Counsel transitioned into the case by working with Ms Wheeler at the motions hearing and taking over at the sentencing hearing, which Defendant did not like.

The timing of Defendant's letter is significant. On January 14, 2006 Counsel filed a Motion to Withdraw as Attorney for Defendant in the Court of Appeals, (see appellate case 05-1205) after Defendant accused Counsel of ineffective assistance of counsel and threatened to file a grievance. Unfortunately, the Court of Appeals denied the motion on January 23, 2006. Apparently upon receiving a copy of Counsel's motion Defendant filed an *in pro se* Motion to Dismiss Counsel for Inadequate Representation. The Court of Appeals denied that motion January 27, 2006. Counsel filed the final reply brief on behalf of Defendant on February 8, 2006 with a letter to Defendant that under his appointment Counsel would determine the proper reply to the Government's brief. Defendant's letter to the court was dated February 13, 2006. Defendant asserts that Counsel was both late and intoxicated at his sentencing hearing. Neither is true or accurate. The hearing was at 9:00 AM, April 14, 2005. Counsel lives in Evergreen, Colorado, and usually allows one and one-half hours to travel, park and arrive at court, leaving at approximately 7:30 A.M. for the commute.  Pursuant to the United States Marshal's practice Defendant was in the court room when Counsel arrived on time.

The hearing was contentious from the beginning when Defendant handed Counsel at least a dozen legal size sheets of handwritten arguments and citations which he demanded that Counsel present in full at the sentencing. Defendant was upset that

2

Counsel had not visited him in the detention cell to review the documents before the hearing. The documents were apparently prepared the night before the hearing and Counsel was unaware of their existence. However, an overview showed that they were a re-hash of issues already decided by the court.

The court opened the proceedings with the statement that only the three issues raised in the objections to the presentence report would be considered by the court. Those issues were argued and decided. Defendant was given the opportunity for allocution, which he opened by charging that Counsel was not doing his job in challenging the trial evidence at sentencing or presenting his arguments. The court cut off the Defendant after a while. (Trans. April 28, 2005, p. 62).

When Counsel informed Defendant in March, 2005 of attorney David Joyce's accidental death Defendant asked if alcohol was involved. Counsel asked why. Defendant stated the Joyce was always drinking and was drunk at trial several times.

Shortly after the sentence hearing Defendant sent Counsel a letter with the above allegations. When confronted in a telephone conference Defendant apologized admitting that the allegations were not true and that he was just upset about the hearing. Counsel let the matter drop at that point believing it to be a closed issue. Counsel has not had personal contact with Defendant since the sentencing hearing in April, 2005.

Defendant has not sent Counsel a copy of the letter. Counsel discovered it in a routine PACER docket check in preparing the Reply brief in the Court of Appeals. However, in a later letter sent to Counsel Defendant states he is already working on his '2255' Motion for ineffective assistance of counsel. Defendant does not request any relief

3

in his letter, but Counsel strongly suspects it is another set-up by Defendant for potential later use.

Date: March 14, 2006                                       Respectfully submitted,
                                                           WHEELER LAW OFFICES, P.C.

                                                              /S Stephen M. Wheeler

                                                           30244 Upper Bear Creek Road
                                                           Evergreen, Colorado 80439
                                                           (303) 670-8720 (Fax) 670-8721


CERTIFICATE OF FILING

The foregoing document was EF/ECM filed on March 14, 2006 with copies to be distributed to counsel and parties registered in the case.

                                                           /s Stephen M. Wheeler