UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 01-CR-214-D

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIE SMALL,

    Defendant.
_____

# ORDER
_____

THIS MATTER is before the Court on the letter filed by *pro se* Defendant Willie Small on October 16, 2006 (docket #3392), in which he requests that the Court appoint counsel to represent him in connection with a motion he plans to file pursuant to 28 U.S.C. § 2255. In the letter, Defendant states that he is in poor health and has lost all feeling in his left hand and arm. The request for appointment of counsel is premature.

A defendant is not entitled to counsel to pursue a 28 U.S.C. § 2255 motion. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). "In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing." *Johnson v. Avery*, 393 U.S. 483, 487 (1969). Since Defendant has not yet filed a 28 U.S.C. § 2255 motion or even asserted identifiable claims in his motion for appointment of counsel, it is premature to determine whether an evidentiary hearing is required and whether counsel should be

appointed. Therefore, his motion for the appointment of counsel will be denied without prejudice as premature. Accordingly, it is

ORDERED that Defendant's *pro se* request for appointment of counsel, filed October 16, 2006 (docket #3392) is **DENIED WITHOUT PREJUDICE** as premature. It is

FURTHER ORDERED that the clerk of court will mail to Defendant the court-approved instructions and two copies of the court-approved forms for filing a 28 U.S.C. § 2255 motion.

Dated:  October 24, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge