IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Crim. No. 01-CR-00214-WYD
Civil Action No. 06-CV-01898-WYD

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

v.

19.  SAMMY WOODS,

       Defendant/Movant,

---

### UNITED STATES' ANSWER TO DEFENDANT'S
### MOTION UNDER 28 U.S.C. § 2255

---

The United States responds to defendant's post-conviction motion asking this court to vacate his conviction under 28 U.S.C. § 2255 (doc. 3388).

### Stated Grounds For Relief

The defendant asks this court to overturn his conviction on four grounds. The first ground alleges that his counsel was ineffective for failing to raise a "*Booker* issue" on direct appeal. The remaining arguments of the first ground, together with the arguments of grounds two and three, all assert substantially the same claim: that his counsel was ineffective for failing to seek the dismissal of charges on the ground that this court lacked subject

Page 1 of  15

matter jurisdiction to preside over his prosecution. In his fourth argument, the defendant argues that crack cocaine is not a controlled substance, that the government lacked subject matter jurisdiction to bring criminal charges against him, and that the federal drug laws pertaining to crack cocaine are unconstitutionally vague.

## Timeliness

Title 28, U.S.C. § 2255 requires that a motion be filed within one year of "the date on which the judgment of conviction becomes final . . . ." Final judgment entered on May 5, 2004 (doc. 3062). The defendant appealed his conviction and the Court of Appeals affirmed on September 15, 2005. *United States v. Sammy Lee Woods, et al.*, No. 04-1168. The Tenth Circuit's General Docket does not show that defendant petitioned the Supreme Court for a writ of certiorari. Thus defendant's conviction became final on December 15, 2005. *See United States v. Burch*, 202 F.3d 1274,1276 (10th Cir.2000) (judgment of conviction becomes final under § 2255 on the later of the expiration of 90 day time for filing certiorari petition, or Court's final disposition of petition). Defendant's § 2255 motion was filed on September 22, 2006, and is timely.

Pursuant to Rule 5(b) of the Rules Governing § 2255 Proceedings, the United States informs the court that no prior post-conviction motions attacking his conviction have been filed by the defendant.

**Factual Background**

Following a lengthy trial in the District of Colorado, the defendant Sammy Woods was found guilty of conspiracy to distribute 50 grams or more of crack cocaine. Trial, which involved numerous co-defendants, began September 22, 2003, and ended November 13, 2003. In addition to the conspiracy conviction, the defendant was found guilty on Count Fifty of the Second Superseding Indictment, charging use of a communications facility to further a drug trafficking crime, and Count Sixty-Two, charging possession with intent to distribute crack cocaine. *See* Judgment and Commitment Order (doc. 3062).

This court sentenced the defendant to the statutory minimum term of 240 months' imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A). The sentence was driven by the quantity of crack cocaine charged in Count One (more than 50 grams) and the fact that the defendant had a prior drug felony conviction. The defendant received shorter sentences on the other counts of conviction, which the court imposed to run concurrently to the statutory sentence.

## Argument

To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's performance prejudiced him in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). The court must "give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (*quoting Strickland*, 466 U.S. at 690).

In reviewing a claim of ineffective assistance "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id*.

# GROUND I
## Counsel Was Not Ineffective for Failing
## To Raise *Booker* Issues On Appeal

The defendant argues that his counsel failed to raise a "Booker issue" on Direct Appeal . . . ." *See* Motion at 5. This assertion is not developed or supported in the attachments to the motion. The only citation contained in the motion itself is to the Tenth Circuit's decision ("see Appeal opinion"). *See* Motion at 5. The defendant is correct that his counsel did not raise any *Booker* issues on direct appeal. However his counsel was not ineffective for failing to so, because the defendant received the statutory minimum sentence of 240 months' imprisonment. Nothing in the *Booker* decision could relieve the defendant from the imposition of that penalty.

In *United States v. Booker*, 543 U.S. 220 (2005), the Court held that the Sixth Amendment precluded the mandatory imposition of Sentencing Guideline enhancements. Hence, the Court ruled the Guidelines were advisory and that sentences imposed would be reviewed on appeal for reasonableness. However defendant's sentence was imposed pursuant to statute, not the Sentencing Guidelines. The sentence was driven by defendant's conviction for conspiring to distribute more than 50 grams of crack cocaine, incurred after he had suffered a prior felony drug conviction.

The sentence imposed by this court was the minimum sentence permitted by law: 240 months' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii).

The futility of defendant's argument may be discerned from the Tenth Circuit's disposition of his co-defendants' *Booker* claims. Co-defendants Alvin Green and Theolian Lloyd, like the defendant, were sentenced to "the minimum permitted by statute given the quantity of drugs found by the jury and appellants' prior felony drug convictions." *United States v. Small, et al.*, 423 F.3d 1164, 1187 (10th Cir. 2005). The circuit court concluded there was no constitutional *Booker* error, because the facts giving rise to defendants' convictions were either submitted to the jury or involved the fact of a prior conviction, which need not be decided by a jury. *Id.*, *citing United States v. Moore*, 401 F.3d 1220, 1223 (10th Cir. 2005). Although the Guidelines were mandatory at the time of sentencing, this court did not "commit non-constitutional *Booker* error, because the court had no discretion to impose a sentence lower than the minimum required by statute." *Id.*, *citing United States v. Payton*, 405 F.3d 1168, 1173 (10th Cir. 2005).

Thus, defendant's statutory sentence was not imposed in violation of *United States v. Booker*, and defendant's counsel was not ineffective in failing to raise such issues during the direct appeal.

## GROUNDS I (Remainder), II & III
## Defendant's Arguments That This Court Lacked
## Subject Matter Jurisdiction Are Without Merit

The defendant argues the United States and this court lacked subject matter jurisdiction to carry out his prosecution, and that his counsel was ineffective in failing to seek dismissal of his criminal charges. Defendant's claims include the following:

▸ The United States is a "fictitious party plaintiff";

▸ His name on the indictment in "all capital letters" is not his lawful name;

▸ He is not a corporate franchise and has not elected to be so treated;

▸ The United States is a territorial Corporation without power to bring a criminal prosecution;

▸ A United States District Court is not an Article III court;

▸ Title 18 U.S.C. § 3231 is unconstitutional on its face; and

▸ Section 3231 applies only to "District Courts of the U.S.,"

  not "U.S. DISTRICT COURTS."

*See* Motion, Ground One at 1-4; Grounds Two & Three, generally.

Defendant's arguments are frivolous. No counsel could be ineffective for failing to assert them. Providing effective assistance does not require an attorney to advance every possible argument, "but only those having a solid foundation." *United States v. Afflerbach*, 754 F.2d 866, 870 (10th Cir. 1985);

Page 7 of 15

*United States v. Crouthers*, 669 F.2d 635, 643 (10th Cir. 1982). Had defendant's arguments been raised below, they necessarily would have been rejected. Thus, defendant can show no prejudice accruing from his counsel's failure to assert such claims. *See Strickland*, 466 U.S. at 697 (ineffectiveness claims should be resolved, where possible, on ground of lack of prejudice).

The focus of defendant's arguments – to the extent the arguments have a focus – is that this court lacks subject matter jurisdiction. Title 18, U.S.C. § 3231 states that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." In *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir.1999), the court held that "[s]ubject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry."

The defendant also appears to challenge the procedures leading to the enactment of Section 3231. Arguments similar to defendant's were advanced in *U.S. v. Risquet*, 426 F.Supp.2d 310 (E.D.Pa. 2006), where a defendant charged under 21 U.S.C. §§ 841 and 846 moved to dismiss his indictment "for lack of jurisdiction on the grounds that the statutes used to indict Defendant

Page 8 of 15

were never enacted into positive law and are therefore void *ab initio*." *Id*. at 311. The court rejected this challenge, holding "that the 1948 amendment to § 3231 passed both houses of Congress and was signed into law by President Truman on June 25, 1948. Therefore, the amendments and statutes relied upon for jurisdiction were "properly enacted and are binding." *Id*. at 311 (*quoting United States v. Lawrence*, No. 02-200, 2006 WL 250702 at 1 (N.D.Ill. Jan. 27, 2006)). *See also Jones v. Unknown Warden*, No. 06-00082, 2006 WL 389833 at 1 (E.D.Mo. Feb. 17, 2006).

To the extent the defendant is arguing that federal courts lack subject matter jurisdiction because only state courts can preside over such offenses, this argument also has been rejected. *See United States v. Westbrook*, 125 F.3d at 1010 (Congress may regulate conduct that a state may also regulate and federal crack cocaine laws not unconstitutional). *Accord*, *United States v. Kenney*, 91 F.3d 884, 891 (7th Cir.1996); *United States v. Owens*, 996 F.2d 59, 61 (5th Cir.1993); *United States v. Lerebours*, 87 F.3d 582, 585 (1st Cir. 1996).

## GROUND IV
### Crack Cocaine Is a Controlled Substance and Federal Drug Laws Proscribing Its Distribution Are Constitutional

The defendant appears to argue that crack cocaine is not a controlled substance but that, in any event, the federal drug laws pertaining to crack

cocaine are unconstitutionally vague. Defendant's arguments, again, are often not coherent. *See* Motion at 6 (and Argument Four).

Citing unspecified bills allegedly introduced in Congress, the defendant argues that "the failure to schedule crack cocaine is fatal to the subject matter jurisdiction of the indictment to this case." Motion, Argument Four at 4. Defendant is incorrect. Substances containing cocaine are Schedule II controlled substances. *See* 21 U.S.C. § 812, Schedule II(a)(4). Title 21, U.S.C. § 841 proscribes the manufacture, distribution, or possession with intent to distribute, of any mixture or substance containing cocaine. Trafficking activity is also proscribed for any mixture or substance "which contains cocaine base," and severe penalties are imposed. *See* 21 U.S.C. § 841(b)(1)(A)(iii). This subsection – under which the defendant was convicted – imposes a sentence of no less than 10 years, or more than life, for trafficking in 50 grams or more of cocaine base. When a person violates this section "after a prior conviction for a felony drug offense has become final" – as did the defendant – the statute requires a sentence of not less than 20 years or more than life. *See* 21 U.S.C. § 841(b)(1)(A).

Defendant argues that before he can be sentenced for violating these statutes, crack cocaine "must have a distinguishable essence that makes it a 'substance,' not just a mixture." Motion, Argument Four at 2. This attempt to

distinguish the term "mixture" from the term "substance" is without legal effect. Defendant cites no authority for his attempt to parse the language of the statute and distinguish these terms. Nor does he explain how this distinction would assist him in overturning his conviction. The prohibitions against trafficking in cocaine and cocaine base both expressly include within the prohibition, trafficking in a "mixture or substance." *Cf.* 21 U.S.C. §§ 841(b)(1)(A)(ii) & (iii). Thus, whether cocaine base is characterized as a "mixture" or a "substance" is of no legal consequence.

Defendant cites no authority for his argument that laws prohibiting the trafficking in cocaine base are unconstitutionally vague. Courts have held to the contrary. *See, e.g., Dennis v. Poppel,* 222 F.3d 1245, 1260-61 (10th Cir. 2000) (distinction between "cocaine base" and "cocaine" in Oklahoma statutes not unconstitutionally vague); *United States v. Collins*, 272 F.3d 984, 987 (7th Cir. 2001) (in prosecution for distribution of crack cocaine, holding sections 841 and 846 not to be unconstitutionally vague)*; United States v. Jones*, 979 F.2d 317, 320 (3d Cir.1992)(holding Guideline provisions imposing higher offense levels for offenses involving crack cocaine not unconstitutionally vague).

Nor are the statutes under which the defendant was convicted unconstitutional on any other ground. The Tenth Circuit on numerous

occasions has upheld constitutional challenges to the statutory disparities involving powder cocaine and crack cocaine. *See United States v. Brooks*, 161 F.3d 1240, 1247 (10th Cir.1998) (holding distinction between cocaine powder and crack cocaine does not violate due process and equal protection rights); *United States v. Thurmond*, 7 F.3d 947, 950, 953 (10th Cir.1993) (concluding "cocaine base is simply a different drug than cocaine powder, with a different chemical composition"); *United States v. Turner*, 928 F.2d 956, 960 (10th Cir.1991) (holding "different penalties for cocaine base and cocaine in its other forms do not violate due process").

Federal courts across the United States have also uniformly held that the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., is a valid exercise of Congressional power. *See, e.g., United States v. Westbrook*, 125 F.3d 996, 1009-10 (7th Cir.1997) (in challenge to crack cocaine laws and statutory minimum sentences, court held that it was "within the authority of the Congress under the Commerce Clause to create drug laws criminalizing narcotics transactions such as those found under 21 U.S.C. §§ 846 and 841"); *Proyect v. United States*, 101 F.3d 11, 14 (2d Cir.1996) (per curiam) (holding that § 841 represents a valid exercise of the commerce power); *United States v. Genao*, 79 F.3d 1333, 1335 (2d Cir.1996) (holding § 846 constitutional); *United States v. Zorrilla*, 93 F.3d 7, 8 (1st Cir.1996) ("drug trafficking is

precisely the kind of economic enterprise that substantially affects interstate commerce and that, therefore, comes within Congress's regulatory power under the Commerce Clause"); *United States v. Lerebours*, 87 F.3d 582, 584-85 (1st Cir.1996) (holding Congress had authority under the Commerce Clause to criminalize conduct under §§ 841 and 846).

Thus, contrary to defendant's insistence, the crack cocaine he was convicted of distributing is a controlled substance under federal law, and the prohibitions against such trafficking are constitutional.

## Conclusion

Defendant's motion to vacate his conviction under 28 U.S.C. § 2255 should be denied.

                                        Respectfully Submitted,

                                        TROY A. EID
                                        United States Attorney

                                        s/ James C. Murphy
                                        By: James C. Murphy
                                        Assistant United States Attorney
                                        1225 Seventeenth Street, Suite 700
                                        Denver, Colorado  80202
                                        Telephone:(303) 454-0100
                                        Fax: (303) 454-0404
                                        E-mail: james.murphy3@usdoj.gov

                                        Counsel for Plaintiff
                                        United States of America

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## CERTIFICATE OF SERVICE (CM/ECF)

  I hereby certify that on December 13, 2006, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail addresses:

**Mitchell Baker**
mitchbaker@estreet.com,hpowell07@law.du.edu

**John F. Sullivan , III**
jfslaw1@aol.com

**Thomas Richard Ward**
thomasrward@qwest.net

**Stephen M. Wheeler**
WheelerLaw@earthlink.net

  I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the nonparticipant's name:

Sammy Lee Woods [served by U.S. Mail]
#30425-013
Memphis FCI
Inmate Mail/Proceeds
P.O. Box 34550
Memphis, TN 38134
*Pro Se*

TROY A. EID
United States Attorney

s/ James C. Murphy
By: James C. Murphy
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone:(303) 454-0100
Fax: (303) 454-0404
E-mail: james.murphy3@usdoj.gov

Counsel for Plaintiff
United States of America