# 06-CV-02557

Page 2

01-cr-214-WYD

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | |
| --- | --- |
| Name (under which you were convicted):  Theolian Sy Lloyd | |
| Place of Confinement:  FCI Bennettsville | Prisoner No.:  30410-013 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |

v.  Theolian Sy Lloyd

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: ____
   U.S. District Court For the District of Colorado

   Denver, Colorado  80257

   (b) Criminal docket or case number (if you know): Case no. 01-Cr-214-D

2. (a) Date of the judgment of conviction (if you know): April 14, 2004

   (b) Date of sentencing: April 7, 2004

3. Length of sentence: 240 months

4. Nature of crime (all counts): Count (1) Conspiracy to Dist. + Poss. w/int. to distribute more than 50 grams of crack cocaine 21 U.S.C. § 846 Counts (14 + 17) Distribution and Possession with intent to distribute more than 5 grams of crack cocaine In violation of 21 U.S.C. § 841

5. (a) What was your plea? (Check one)

   (1)  Not guilty ☒          (2)  Guilty ☐          (3)  Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? ____

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☒          Judge only ☐

Page 3

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒

8.  Did you appeal from the judgment of conviction?    Yes ☒    No ☐

9.  If you did appeal, answer the following:

(a) Name of court: _United States Court of Appeals, Tenth Circuit_

(b) Docket or case number (if you know): _____

(c) Result: _Denied_

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _(1.) Record lacks evidence, sufficient for interdependence for conspiracy (2.) Sixth Amendment violation at Sentencing (3.) Trial Court erred in Finding that Gov't had proven by a preponderance of the evidence 84 grams at Sentencing as part of conspiracy for Relevant conduct._

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): _N/A_

(2) Result: _N/A_

(3) Date of result (if you know): _N/A_

(4) Citation to the case (if you know): _N/A_

(5) Grounds raised: _N/A_

_____

_____

_____

_____

_____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐    No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _N/A_

(2) Docket or case number (if you know): _N/A_

(3) Date of filing (if you know): _N/A_

(4) Nature of the proceeding: _____ N|A _____

(5) Grounds raised: _____ N|A _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐ No ☐   N|A

(7) Result: _____ N|A _____

(8) Date of result (if you know): _____ N|A _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____ N|A _____

(2) Docket or case number (if you know): ____ N|A _____

(3) Date of filing (if you know): _____ N|A _____

(4) Nature of the proceeding: _____ N|A _____

(5) Grounds raised: _____ N|A _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐ No ☐   N/A

(7) Result: _____ N|A _____

(8) Date of result (if you know): _____ N|A _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:     Yes ☐   No ☒

(2) Second petition:    Yes ☐   No ☒

Page 5

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _Attorney felt as though there was no need._

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: _Ineffective Assistance of Counsel_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(1.) Counsel should have argued for plea agreement conceding to 28 grams, especially in light of counsel admitting to such in open court.

(2.) Counsel ineffective for not arguing mitigating factors for Relevance, (see attached)

(3.) Counsel was ineffective for not looking into the mental capacity or history of defendant at time of alleged offense, (see attached)

(4.) Ineffective for not petitioning U.S. Supreme Court (see Attached)

(5.) Ineffective for not at minimum investigating prior conviction for constitutionality (see attached)

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _This an ineffective claim because of such._

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _N|A_

Name and location of the court where the motion or petition was filed: _N|A_

Docket or case number (if you know): ____ N/A ____

Date of the court's decision: ____ N/A ____

Result (attach a copy of the court's opinion or order, if available): ____ N/A ____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐   No ☐     N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ____ N/A ____

Docket or case number (if you know): ____ N/A ____

Date of the court's decision: ____ N/A ____

Result (attach a copy of the court's opinion or order, if available): ____ N/A ____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or
raise this issue: ____ N/A ____

GROUND TWO: __Abuse of Discretion__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Judge abused his discretion in accepting alleged
evidence as facts presented by prosecution despite evidence
not being proven beyond a reason doubt specifically at trial

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _Ineffective Assistance of Counsel_

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _N/A_

Name and location of the court where the motion or petition was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

_N/A_

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____ *Ineffective Assistance of Counsel* _____

_____

_____

_____

_____

**GROUND THREE:** *Abuse of Discretion*

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

~~The Judge abused his discretion in accepting the type of T.V.~~

The Judge Abused his discretion when he sentenced petitioner based on facts not proven beyond a reasonable doubt. The jury was not required to find specific drug quantities. When sentenced in this manner petitioner's 5th, 6th, and 14th constitutional Rights are violated.

_____

_____

_____

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____ *Ineffective Assistance of Counsel* _____

_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____ *N/A* _____

Name and location of the court where the motion or petition was filed: _____ *N/A* _____

_____

Docket or case number (if you know): _____ *N/A* _____

Date of the court's decision: _____ *N/A* _____

Page 9

Result (attach a copy of the court's opinion or order, if available): _____ *N/A* _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☒        *N/A*

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ *N/A* _____

_____

Docket or case number (if you know): _____ *N/A* _____

Date of the court's decision: _____ *N/A* _____

Result (attach a copy of the court's opinion or order, if available): _____ *N/A* _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____ *N/A* _____

_____

_____

_____

**GROUND FOUR:** *Abuse of Discretion*

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Prosecution withheld material exculpatory evidence. In one instance Defense attorney made allegation that Dechaun Davis denied certain transactions in his plea agreement that was used as substantial evidence for prosecution that is material to my case.*

*Note: Discovery is warranted*

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐  No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: _____ *Ineffective*
*Assistance of Counsel* _____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐  No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____ *N/A*

    Name and location of the court where the motion or petition was filed: _____ *N/A*

    Docket or case number (if you know): _____ *N/A*

    Date of the court's decision: _____ *N/A*

    Result (attach a copy of the court's opinion or order, if available): _____ *N/A*

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐  No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐  No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐  No ☐

*N/A*

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____ *N/A*

    Docket or case number (if you know): _____ *N/A*

    Date of the court's decision: _____ *N/A*

    Result (attach a copy of the court's opinion or order, if available): _____ *N/A*

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _Ineffective Assistance of Counsel_

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _All of the above grounds, and the_

_Reason is ineffective Assistance of counsel._

_Also the attached Ground was not presented_

_for the same Reason._

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐  No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _N O_

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _John H. Schlie_

(b) At arraignment and plea: _____

(c) At trial: _____

(d) At sentencing: _____

Page 12

(e) On appeal: _____ John H. Schlie _____

(f) In any post-conviction proceeding: _____ N/A _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____ N/A _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____ N/A _____

(b) Give the date the other sentence was imposed: _____ N/A _____

(c) Give the length of the other sentence: _____ N/A _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   ~~Yes ☐   No ☐~~   N/A

Page 13

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: _Vacate or_
_Set aside conviction/sentence_ .

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _December_
_14, 2006_ (month, date, year).   _12/14/2006_

Executed (signed) on _12/14/2006_ (date).

x _Theen Ybud_
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion. _____

_____

_____

_____

* * * * *

Ground five!   <u>Abuse of Discretion</u>

Petitioner's sentence is <u>unreasonable</u>.

Based solely on the facts proven beyond a reasonable doubt or admitted by petitioner the Court sentenced petitioner outside of his applicable Guideline Range.

This ground has the same characteristics as other claims when referenced to appeals post-conviction or otherwise due to ineffective assistance of counsel.

x _Theolian Lloyd_
Theolian Sy Lloyd
30410-013

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

APR 1 4 2004

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987) |
| v. | CASE NUMBER: 01-CR-214-05-D |
| THEOLIAN LLOYD<br>a/k/a "Big Foot" | John H. Schlie, Appointed<br>(Defendant's Attorney) |

**THE DEFENDANT:** Was found guilty on counts one, fourteen and seventeen of the Second Superseding Indictment after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2 | Conspiracy to Distribute and Possess with Intent to Distribute Fifty or More Grams of Cocaine Base, Aiding and Abetting | 06/07/01 | One |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 03/02/68

Defendant's USM No.: 30410-013

Defendant's Residence Address:

Federal Detention Center-Englewood
9595 West Quincy Avenue
Littleton, Colorado 80123

Defendant's Mailing Address:

SAME

April 7, 2004
Date of Imposition of Judgment

Signature of Judicial Officer

Wiley Y. Daniel, U.S. District Judge
Name & Title of Judicial Officer

4/12/04
Date

DEFENDANT:  THEOLIAN LLOYD
CASE NUMBER:  01-CR-214-05-D

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 14 Grams of Cocaine Base, Aiding and Abetting | 04/07/01 | Fourteen |
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 14 Grams of Cocaine Base, Aiding and Abetting | 03/31/01 | Seventeen |

DEFENDANT:  THEOLIAN LLOYD
CASE NUMBER:  01-CR-214-05-D

Judgment-Page 3 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 240 months for each of counts one, fourteen and seventeen, to be served concurrently.

The court recommends that the Bureau of Prisons designate the defendant to a facility in Texas for service of sentence.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT: THEOLIAN LLOYD
CASE NUMBER: 01-CR-214-05-D

Judgment-Page 4 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ten (10) years as to count one, and eight (8) years on each of counts fourteen and seventeen, all to run concurrently.

The defendant shall report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Monetary Obligations sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below). The defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

DEFENDANT:  THEOLIAN LLOYD
CASE NUMBER:  01-CR-214-05-D

Judgment-Page 5 of 8

9)   The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10)   The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14)   The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

None.

DEFENDANT:  THEOLIAN LLOYD
CASE NUMBER:  01-CR-214-05-D

## MONETARY OBLIGATIONS

The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| One | $100.00 | $0.00 | $0.00 |
| Fourteen | $100.00 | $0.00 | $0.00 |
| Seventeen | $100.00 | $0.00 | $0.00 |
| **TOTALS** | $300.00 | $0.00 | $0.00 |

DEFENDANT:  THEOLIAN LLOYD
CASE NUMBER:  01-CR-214-05-D

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

The special assessment shall be due immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment.

DEFENDANT:  THEOLIAN LLOYD
CASE NUMBER:  01-CR-214-05-D

Judgment-Page 8 of 8

## STATEMENT OF REASONS

The court makes the following findings concerning the objections to the presentence report:

The court finds that the defendant's relevant conduct involved 84 grams of cocaine base, establishing a base offense level of 32.

Neither the government nor the defendant has challenged any other aspect of the presentence report.  Therefore, the remaining factual statements and guideline applications are adopted without objection as the court's findings of fact concerning sentencing.

**Guideline Range Determined by the Court:**

Total Offense Level:  32

Criminal History Category:  V

Imprisonment Term:  240 months

Supervised Release Term:  10 years

Fine Range:  $17,500  to  $8,000,000

The fine is waived because of the defendant's inability to pay.

Total Amount of Restitution:  None.

The sentence is within the guideline range, that exceeds 24 months, and the sentence is imposed for the following reasons:

Punishment, deterrence and protection of the public.

Exhibit A

```
BEN52             *        INMATE EDUCATION DATA        *    12-05-2006
PAGE 001 OF 001 *              TRANSCRIPT               *    08:10:12

REGISTER NO: 30410-013      NAME..: LLOYD              FUNC: PRT
FORMAT.....: TRANSCRIPT     RSP OF: BEN-BENNETTSVILLE FCI

------------------------  EDUCATION INFORMATION ------------------------
FACL ASSIGNMENT DESCRIPTION              START DATE/TIME STOP DATE/TIME
BEN   ESL HAS   ENGLISH PROFICIENT        06-07-2004 0955 CURRENT
BEN   GED EN    ENROLL GED NON-PROMOTABLE 06-07-2004 0955 CURRENT

-----------------------  EDUCATION COURSES ----------------------------
SUB-FACL   DESCRIPTION               START DATE  STOP DATE EVNT AC LV   HRS
BEN      GED5 READING 9:00-10:30 W,FRI 01-25-2006 CURRENT
BMM      DEVELOPING LEADERSHIP SKILLS 1 10-19-2004 10-20-2004   P  C  P    2
BMM      PREPARATION FOR EMPLOYMENT     10-05-2004 10-06-2004   P  C  P    2

-----------------------  HIGH TEST SCORES -----------------------------
TEST         SUBTEST      SCORE     TEST DATE     TEST FACL   FORM    STATE
ABLE         LANGUAGE      3.6     07-19-2005     BMM         E
             NUMBER OPR    3.9     07-19-2005     BMM         E
             PROB SOLV     5.9     07-19-2005     BMM         E
             READ COMP    12.9     07-19-2005     BMM         E
             SPELLING      4.6     07-19-2005     BMM         E
             VOCABULARY    8.6     07-19-2005     BMM         E




G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

LAW OFFICE OF

# JOHN HENRY SCHLIE, P.C.

ATTORNEY AND COUNSELOR AT LAW
6059 S. QUEBEC STREET, SUITE 200
CENTENNIAL, COLORADO 80111

TELEPHONE: (303) 830-1616                              FACSIMILE:  (303) 860-1297

October 18, 2005

Theolian Sy Lloyd
#30410-013
Unit A
FCI Bennettsville
P.O. Box 52020
Bennettsville, South Carolina 29512-52020

Re: Appeal <u>United States v. Small</u>, Case No. 04-1148

Dear Theolian:

I am enclosing the Order of the Tenth Circuit Court of Appeals which granted my motion for an extension for you to file a file either a motion for rehearing by the panel or for a hearing before the entire Circuit. Either motion would have to be filed by November 16, 2005. As I have explained in my letter of September 19, 2005, in my opinion, there are no issues in your appeal that meet the requirements of either Rule 35 or Rule 40 of the Federal Rules of Appellate Procedure and the Tenth Circuit Rules that go with them (these are the rules that govern motions for rehearing by the panel or for a hearing before the entire Circuit). And, the Tenth Circuit denied my motion to withdraw from your representation. Therefore, unless you retain other counsel or ask the Tenth Circuit to appoint new counsel to represent you, no motions for rehearing or hearing before the entire Circuit will be filed. During our last telephone conversation, I suggested that you write the Tenth Circuit to ask that new counsel be appointed but I don't know whether you actually did that. If you did not and still want to have new counsel appointed, you should write them as soon as possible.

If you have any questions, please do not hesitate to contact me.

I remain,

Sincerely,

John Henry Schlie

LAW OFFICE OF

# JOHN HENRY SCHLIE, P.C.
ATTORNEY AND COUNSELOR AT LAW
6059 S. QUEBEC STREET, SUITE 200
CENTENNIAL, COLORADO 80111

TELEPHONE: (303) 830-1616                                              FACSIMILE:   (303) 860-1297

November 21, 2005

Theolian Sy Lloyd
#30410-013
Unit A
FCI Bennettsville
P.O. Box 52020
Bennettsville, South Carolina 29512-52020

Re: Appeal <u>United States v. Small</u>, Case No. 04-1148

Dear Theolian:

I am enclosing the letter from the Tenth Circuit Court of Appeals to the District Court
which instructs them to file the Judgment. This means that the appeal is over and the conviction
is officially affirmed. I got a copy of your Motion for Reappointment of Counsel but since I have
not seen any ruling on the Motion, I must assume that it has been denied. I don't know that for a
fact as I haven't received an order but that would be my assumption based on the filing of the
judgment in the District Court.

I know that your next question is where can you go from here. In my letter to you dated
September 19, 2005, I explained to you that the next step would be the filing of a petition for a
writ of certiorari to the United States Supreme Court. You do not have a right to have your case
reviewed by the United States Supreme Court. Instead, one has to file a petition for a writ of
certiorari, which is like a motion, which asks the United States Supreme Court to review your
case and states the basis for the request for review. Rule 10 of the United States Supreme Court
Rules states that a petition for a writ of certiorari to the United States Supreme Court will be
granted only for compelling reasons and usually requires either a conflict between the Tenth
Circuit's Opinion in your case and the opinion of another appellate court on the same important
matter, that the Tenth Circuit's Opinion has so far departed from the accepted and usual course of
judicial proceedings as to call for an exercise of the Supreme Court's supervisory power,  that the
Tenth Circuit decided an important question of federal law that has not been but should be
decided by the Supreme Court or that the Tenth Circuit's Opinion conflicts with an relevant
decision of the Supreme Court.  In my opinion, none of these factors exist because of the way
that the Tenth Circuit ruled in the Opinion. I review cases from the Circuits on various issues on
a regular basis.  There is no conflict between the Tenth Circuit's Opinion in your case and the
opinion of another circuit court or a relevant decision by the Supreme Court on an important
matter.  I cannot state in good faith that the Tenth Circuits's Opinion has so far departed from the

accepted and usual course of judicial proceedings as to call for an exercise of the Supreme Court's supervisory power or that the Tenth Circuit decided an important issue of federal law that has not been but should be decided by the Supreme Court. The Rule also states that a petition for a petition for a writ of certiorari will rarely be granted when the asserted error consists of an erroneous factual finding or the misapplication of a properly stated rule of law. An appellate court is extremely unlikely to overrule a decision of a lower court, even if they might not agree with it, as long as the correct legal standards were applied and there was at least some sufficient evidence to support the finding. The Tenth Circuit Opinion found that Judge Daniel had sufficient evidence to support his findings and used the correct law in making his finding. Therefore, in my opinion, a petition for a writ of certiorari to the United States Supreme Court is not warranted and would be frivolous.

You should be aware that a petition for certiorari to the United States Supreme Court has to be filed with the Clerk of the Supreme Court within 90 days of the entry of judgment by the Tenth Circuit according to Rule 13 of the Supreme Court Rules . Therefore, the petition would have to be filed in your case by Wednesday February 15, 2006. Since you have requested that a petition for certiorari be filed on your behalf even though I have told you that it was not warranted and would be frivolous in my opinion, Section II, Paragraph 4 of Addendum I to the Tenth Circuit Rules requires me to file a written motion to withdraw from your representation. A copy of that Motion is enclosed. You have the right to retain counsel to file a petition for a writ of certiorari on your behalf or to file it yourself *in forma pauperis* under Rules 39 and 12 of the Supreme Court Rules.

I regret the outcome of your case, Theolian, because it didn't have to be this difficult. Unfortunately, the consequences of a federal conviction of distributing crack cocaine are very severe and you didn't want to listen to me as to the strength of the evidence or the likely outcome. I respect your decision to avoid having to say that you were a customer of Willie's but that decision cost you twelve years of your life. I wish you the best as is possible under these circumstances.

I remain,

Sincerely,

John Henry Schlie