IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**06-CV-02557**

Theolian Sy Lloyd,
    Petitioner,

v.

United States,
    Respondent,

§2255 Motion Brief in Support of Claims in
Case No. 01-Cr-214-D

UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 8 2006

GREGORY C. LANGHAM
CLERK

Now comes Theolian Sy Lloyd, <u>pro se</u>, petitioning this honorable court to correct or set aside this conviction and/or sentence. This is an initial brief in support of claims on §2255 application. Filed pursuant to Rule 4(a).

## SUMMARY OF CASE

Petitioner was originally one of 29 defendants charged in a 62 count Indictment filed on June 7, 2001, with a Superseding Indictment filed August 8, 2001, and a Second Superseding Indictment filed on January 7, 2003. In the Second Superseding Indictment, Mr. Lloyd was charged, along with 25 other individuals, with " Conspiracy to distribute and possession with intent to distribute more than 50 grams of <u>crack cocaine</u> in violation of 21 U.S.C. §846( Count 1 ), and with three substantive counts of distribution and possession with intent to distribute more than 5 grams of crack cocaine in violation of 21 U.S.C. §841 ( Counts 14, 16, and 17 ). During the course of pretrial proceedings, 18 of the 25 co-defendants charged with the conspiracy in Count 1 reached dispositions eith the gov't, although none of those 18 co-defendants entered a plea of guilty to the conspiracy charge.

Petitioner proceeded to trial on September 22, 2003, along with co-defendants Small, Green, Hall, Woods, Cooper and Murray. The latter two being acquitted at trial on the conspiracy charges but convicted on substantive counts.

Petitioner's sentencing hearing was held on April 7, 2004. Where petitioner was sentenced to 240 months after sentencing court found aggravating factors by a " <u>preponderance of the evidence</u> " standard. The " Judgement and Committment"

-1-

was signed on April 12, 2004 and entered on April 14, 2004 ( see Judgement and Committment ). There was a " Notice of Appeal " timely filed on April 19, 2004. Petitioner's ;awyer appealed all the way through to the " Court of Appeals " at which time petitioner's court appointed attorney abandoned petitioner due to the fact he did not see any merit in arguing any further despite petitioner's pleas. (See Lawyer's letters addressed to petitioner dated October 18, 2005 and November 21, 2005 ). Petitioner is now receiving assistance from a " Jail-House Lawyer " and proceeding to file a motion by way of §2255 attacking the conviction/sentence, on the grounds that will be spelled out in the next few pages.

## DISCUSSION

Petitioner will attempt to illustrate the reasoning why his claims should be heard and granted leniency. Petitioner is not trained in litigation nor does he have the capacity to afford a private attorney. An " <u>evidentary hearing</u> " is required to properly present evidence of claims. Petitioner also needs an attorney to make sure that all evidence is processed and presented properly. ( See Affidavit )

## ARGUMENTS

These arguments are presented to the " Court " as to the claims supporting setting aside conviction/sentence or vacating sentence/conviction respectfully. These are the following arguments supporting petitioner's §2255 motion:

1.

<u>Ineffective Assistance of Counsel.</u> Counsel was ineffective by Strickland's standards in that he should have argued for a " <u>Plea Agreement</u> " conceding to 28 grams, especially in light of counsel admitting to " 28 grams " in open court during sentencing without even consulting with client/ now petitioner. ( see sentencing transcript p. 17 lines 6-12 )

2.

<u>Ineffective Assistance of Counsel.</u> Counsel never argued or presented mitigating

-2-

factors for " Relevance " that would support downward departure based on petit-ioner's " Gambling Disease" or possible " Drug Addiction " despite the overwhelming evidence presented by prosecution that could have theoretically supported such theory. ( See sentencing transcript p. 10 lines 23-24, p. 11 lines 7-17, p. 12 lines 12-20 ) where Lloyd says, " I ain't got no problem especially if it's a little better ". Now a person could draw the conclusion that Lloyd is talking about the quality of the product which he might know " First Hand " through use. There is no evidence at this time in the conspiracy of him being anything but. Sentencing transcript page 11 lines 7-17 shows how some type of manipulation is going on but no evidence at this time of Mr. Lloyd being a seller of drugs, possibly a user but definetely not a seller or dealer; page 12 lines 10-20 the prosecution uses these lines to support her allegations that Lloyd knows the dealings between " Willie Small, Bridget Johnson, and Mr. Cooper ". This is just another inference presented by prosecution that is unsubstantiated with her conclusion, to substantiate her proposed drug amounts. " The quantity determ-inations may be ' based on a variety of circumstances', so lang as they have some basis of support in the facts of the facts in the particular case. " United States v. Nieto, 60 f.3d. 1464, 1469 ( 10th cir. 1995 )( quotations omitted ) cert. denied 516 U.S. 1081, 116 S. Ct. 793, 133 L. Ed. 2d. 742 ( 1996 ). " The need to estimate is not a license for guesswork". United States v. Higgins, 282 F.3d. 1261, 1280 ( 10th cir. 2002 ). In choosing between several plausible estimates, noneof which is more likely the correct quantity, the court "must err on the side of caution " ( quotations omitted ), cited in 2005 U.S. Dist. Lexis 33061, U.S. v. Hopkins, Dec. 15, 2005.

There are many inferences that support an alternate conclusion the court could have drawn from the evidence in the record but counsel never argued the obvious and an evidentiary hearing or review by the court will show mitigating factors, " Clear and convincing ", It will not show what the prosecution is assuming or suggesting with her " If's " when presentin evidence as factually true.

-3-

ARGUMENTS CONTINUED

3.

<u>Ineffective Assistance of Counsel.</u> Counsel was ineffective for not looking into the mental capacity or history of defendant epecially in light of the petitioner's " <u>educational background</u> " ( see exhibit A ) and the evidence included in the record by the prosecutions own presented conduct.

There was evidence that posed questions that presented conflict to the prosecutions alleged support of charged offense:

(1) What was Petitioner's state of mind at time of alleged offense?

(2) Could Petitioner at time of offense suffer from an addiction to (a) gambling or (b) was petitioner addicted to the drug the prosecution charged, tried and convicted petitioner of?

(3) Due to petitioner's very <u>low education level</u> was petitioner just a pawn?

There is definetely enough material evidence to support the above claims/and questions, in fact the claims lean more towards petitioner being manipulated. Despite all the evidence that pointed to another conclusion the petitioner's attorney presented <u>no evidence</u>, <u>no testimony</u>, <u>no investigation</u>, <u>no adversial defense</u> that strongly supports such. Which ultimately lead him to presenting <u>no mitigating material</u>, or adversial defense otherwise of why his client did not deserve the sentence suggested by prosecution.

It's clear that defense attorney was <u>ineffective</u> in presenting or at minimum investigating alternative sentencing, mitigating factors, or any competent adversial strategy that an evidentiary hearing would prove " clear and convincingly " he was " <u>Ineffective</u>."

4.

<u>Ineffective Assistance of Counsel</u>: <u>COUNSEL WAS INEFFECTIVE FOR NOT PROCEEDING TO THE U.S. SUPREME COURT.</u>

Petitioner was abandoned by defense attorney when he refused to argue petitioner's rights to the " Supreme Court ". The United States Constitution at minimum guarantees every criminal defendant that right of representation.

Petitioner can not explain the reason why counsel exactly withdrew, but overwhelmed by the craftiness of the prosecution and the lack of an basic undersat-

of new case law. Defense counsel just " <u>dropped the ball</u> " .

The prosecution overwhelmed the court and defense with evidence to obtain a conviction of her choice and presented evidence in such a way that it (1) Persuaded the judge, (2) overwhelmed the jury and (3) control the defence attorney.

The court should look to the quality of the exhibits presented by prosecution and then look to the evidence independently for; constitutionality, fairness and as one with just integrity would. The courts influenced by decisions like this one where the prosecution overwhelms the jury, the defense, the judge and justice.

The " U.S.S.G. " was designed to rid the courts of sentencing disparity, but when the prosecution picks and chooses how and who will be tried for what; Then the <u>disparity</u> in reality still exist. The <u>integrity</u> of the courts are more compromised now than they have at any time in the history of the United States.

Let me elaborate on the above statement, In 2000, the U.S. Supreme Court ruled that, " It is unconstitutional for the legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a <u>reasonable doubt</u> ". Apprendi v. New Jersey, 147 L.Ed. 2d 435, 456 ( 2000 ).

However, the lower courts misconstrued the plain language and application of the Apprendi decision and incorrectly concluded that the " prescribed range of penalties," was the " statutory maximum " for the offense of conviction, not the Sentencing Guidelines range of penalties. The lower courts have also ignored the Apprendi requirement of " proof beyond a reasonable doubt," and continue to impose sentences under the low standard of preponderance of the evidence, even though the case law supports the fact that " enhancements that have a disproportionate impact on sentences must be established by clear and convincing evidence". <u>United States v. Staton,</u> 450 F.3d 384, 393 ( 9th cir. 2006 ).

It was not until the Supreme Court issued its decision in, <u>United States v. Booker</u>, 160 L.Ed.2d 621 (2005), that it was once again clarified that the Blakely decision applies to the Federal <u>Sentencing Guidelines</u>. The <u>lower</u> courts have

-5-

exhibited a consistent pattern of being <u>wrong</u>. And a sentencing error cannot be justified simply by ruling that the Sentencing Guidelines are now advisory rather than saying that it is okay for the courts to violate your constitutional rights because they did it in an advisory guidelines does not comport with constitutional mandates.

Recent cases have reiterated the meaning of " <u>Statutory Maximum</u> " for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant "." <u>Washington v. Reduenco</u>, 165 L.Ed. 2d 466, 474 (2006). The Recuenco Court further stated that the facts must be " proved beyond a reasonable doubt ".

District Judge William G. Young stated that " <u>What is overlooked in post-Booker discussions is the fact that, for seventeen years, federal courts have been sentencing years, offenders unconstitutionally.... The commentary to §6A1.3 states that the commission believes that the use of a preponderance of the evidence standard satisfies Due Process. The court's holding today in Booker corrects that mistaken belief. The fifth amendment requires proof beyond a reasonable doubt, not by a preponderance of the evidence, of any fact that increases the sentence beyond what could have been lawfully imposed on the basis of facts found by the jury or admitted by the defendant.</u> " United States v. Kandirakis, 2006 U.S. Dist. Lexis 53243 ( D. Mass. 2006 )(Slip Op.).

Justice Young's opinion is the most indepth and accurate discussion on the application of Apprendi, Blakely, and Booker.

For the above reasons petitioner's claims on direct appeal could have withstood second opinion by the " United States Supreme Court " if all the proper issues and competency were applied to the case.

State the claims present your case and fight for justice and due process with equality, until the end. This is what petitioner at minimum assumed he was guaranteed. These are case citings that would have supported the right arguments for petitioner's case but counsel was overwhelmed by the prosecution, he lost

sight and he lost hope and he definetely violated petitioner's constitutional rights by " Strickland Standards ". He was overwhelmed by the prosecution and "dropped the ball " .

5.

Ineffective Assitance of Counsel. Counsel was ineffective for not at minimum investigatin prior conviction for constitutionality, illegality, or otherwise. Counsel never presented adversial strategy to disprove or for any other matter to disclaim the validity of the single prior conviction; (1) 95-CR-2403, Criminal attempted possession of a controlled substance, a class four felony. ** In state proceedings the defendant and the lawyer confer briefly before they actually go into the court room and he usually tells the defendant that the prosecution is willing to give you this amount of time if you plea, never is the transcript of plea read and reviewed in open court, you just sign as directed by attorney. Now what factual basis or evidence to support factual basis or even discussion of plead out charge is, in most cases is never discussed, explained, or otherwise. There is no in depth discussion of (1) Nature of charge (2) constitutional rights (3) elements of offense or etc. etc. You are convicted of an offense which in reality you are actually innocent of the offense of conviction and the evidence is not sufficient or in most cases never discussed at plea hearing or sentencing which presents "constitutional doubt " in the prior conviction that leads to a " Fundamental Miscarriage of Justice " upon the defendant in federal court when used to enhance instant offense. Petitioner can not remember counsel asking any questions of constitutionality or otherwise concerning prior conviction. Court must at minimum review prior conviction through discovery, especially where grounds exist to attack prior conviction as stated above. Court's have to be fair and impartial to defendants to guarantee the integrity of at least the " Federal Court " is not duped or comprised based on the " prima facie " value of a prior conviction.

Counsel at minimum had an obligation to investigate the proceedings and

-7-

then ask defendant about particulars concerning the prior conviction at minimum. This was not done and for that and all the reasons stated above this attorney was definetely ineffective.

6.

Abuse of Discretion. The court abused it's discretion in accepting alleged evidence as facts presented by prosecution despite evidence not being proven beyond a reasonable doubt violating defendant's 5th, 6th, and 14th amendment rights.

The prosecution concedes to the fact that the trial court never expressly determined the exact amounts, " I'm not going to tell the court that we stopped Theolian Lloyd on any occassion and actually got the drug amounts from him. As the Court knows from the trial, that did not happen ". ( See sentencing transcript, page 4 lines 17 - 20 )

The facts that were presented is guesswork then, see U.S. v. Hopkins, Dec. 14, 2005, 2005 U.S. Dist. Lexis 33061 citing U.S. v. Ruiz-Castro, 92 F.3d 1519, 1534 ( 10th cir. 1996 ).

The accepting of alleged facts as fact is an abuse of discretion and Petitioner would like to bring to the court's attention respectfully a case out of the 4th circuit that addressed such, Collins 415 f.3d 304. A case that deals directly with this issue. Petitioner knows that cited case is not out of the 10th circuit but respectfully request court to review for defining of procedures and law as this Judge has wonderfully stated. In conclusion stated briefly, " The evidence accepted by the prosecution was guesswork", and should be reviewed for constitutional error.

7.

Abuse of Discretion. The court abused it's discretion when it sentenced the petitioner based on facts not proven beyond a reasonable doubt, it violated petitioner's 5th, 6th, and 14th amendment rights. The amount that the prosecution alleges and what's proven during trial is in dispute. Commenting Apprendi/ Blakely error. See Justice Stevens and Breyers opinion in Booker, " The 'statutory maximum " for Apprendi purposes is  the maximum sentence a judge may im-

-8-

## ARGUMENTS CONTINUED

imposed solely on the basis of the facts reflected in the jury verdict or admitted by the defendant ", Id. at ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 ( Slip op., at 7 ). The court held that the sentence violated the sixth amendment, and remanded with instructions to the District Court either to sentence respondent within the sentencing range supported by the jury's findings or to hold a seperate sentencing hearing before a jury. Quoted in Booker, relying on the holding in Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531, 159 L.Ed. 2d 403(2004). note: Winship has taught us that all elements of a crime must be proven beyond a reasonable doubt or admitted by defendant. In re Winship 397 U.S. 358 ( quotations omitted). Petitioner was convicted at trial but there was no special verdict on quantities attributed to defendant, to group but not individual defendant.

For the Judge to accept as fact or interpert the jury's meaning or interpertations of what they found to be facts proven beyond a reasonable doubt ( see sentencing transcript page 23 lines 6 - 23 ) is unconstitutional, as well as a violation of the law.

From Transcript: THE COURT: " I don't want to hear a rebuttal from the government. Looking at the totality of the facts here, I want to observe a couple things. First, Mr. Lloyd was found guilty of count one, the conspiracy count. Mr. Schlie has admitted on behalf of his client that because of the convictions in counts -- of counts 15 and 17, that Mr. Lloyd, at a minimum, should be attributed 28 grams for relevant-conduct purposes as it relates to conspiracy. Obviously there have to be additional quantities of crack cocaine that are attributable to the conspiracy of Mr. Lloyd or Mr. Lloyd wouldn't have been convicted. So the question is what is that number.
    Based on the government's proffer and considering Mr.Schlie's response on behalf of Mr. Lloyd, I find that the government has proved by a preponderance of the evidence that 84 grams should be attributed to Mr. Lloyd for purposes of relevant conduct under the law that I articulated fully in the sentencing for Alvin Green".

When the " Trial Judge " read the jury instructions no where does he speak specifically possessing or distributing or otherwise of the petitioner individually that the jury had to find these facts he has alleged above. Petitioner has searched and does find that the Judge committed constitutional error when he interperted or articulated the law as he did. I do ask the court to review this interpertation and decision to use unproven facts presented as facts for

-9-

ARGUMENTS CONTINUED

relevant conduct in petitioner's case. For these and all the other reasons stated above this conviction/sentence must be set aside or vacated.

8.

ABUSE OF DISCRETION. Prosecution withheld material exculpatory evidence. In one instance Defense attorney made allegations that Dechaun Davis denied certain transactions in his plea agreement that was used as substantial evidence for prosecution thatis material to petitioner's defense.

Those defendant's who testified against petitioner were major players in the conspiracy, there is something wrong in the American Justice System when the " Big Man " testifies on the " little man " to get a lesser sentence in court on how he/she sold drugs and at what quantities. And then turn right around at their own sentencing and deny the conduct that they just attested to for a " time cut ".

The testimony of these individuals are impeachable and material to petitioner's defense and a evidentiary hearing is required.

9.

ABUSE OF DISCRETION - REASONABLENESS. Petitioner's sentence is unreasonable. Based soley on the facts proven beyond a reasonable or admitted by petitioner's lawyer the court sentenced petitioner outside of his applicable " Guideline Range".

In the case of Theolian Sy Lloyd there was no special verdict to decide the specific quantity at trial in the conspiracy attributable to defendant and when this happens and the judge at sentencing finds the amount by a preponderance of the evidence, it creates doubt to the constitutionality of the sentence.

Apprendi v. New Jersey, 147 L.Ed. 2d 456(2000): In 2000, the Supreme Court ruled that " it is unconstitutional for the legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt ". Clarified in U.S. v. Statan, 450 F.3d 384, 393 ( 9th cir. 2006 ). Blakely v. Wadhington, 159 L.Ed. 2d 403,

-10-

ARGUMENTS CONTINUED

413-14 (2004), Vogt v. Novak, 2005 U.S. App. Lexis 23244 ( 10th cir. 2005 ) and United States v. Booker, 160 L.Ed. 2d 621 ( 2005 ).

There are many cases that reflect the importance of " Beyond a Reasonable Doubt" or " Clear and Convincing " standard to avoid constitutional error. The fifth amendment requires proof beyond a reasonable doubt, not by a preponderance of the evidence, of any fact that increases the sentence beyond what could have been lawfully imposed on the basis of facts found by the jury or admitted by defendant. " U.S. v. Kandirakis, 2006 U.S. Dist. Lexis 53243 ( D. Mass. 2006 ). The reasoning is " Clear and Convincing " that this conviction/sentence is unconstitutional and should be set aside.

CONCLUSION

For all the reasons set out in the above arguments petitioner's conviction/sentence should be vacated, or set-aside and an evidentiary hearing held on the facts surrounding this unconstitutional conviction/sentence.

Remand this case for vacating of sentence or resentence petitioner without any enhancements respectfully.

Respectfully Submitted,

December 14, 2006
( date )

Theolian Sy Lloyd
#30410-013

## AFFIDAVIT

I Theolian Sy Lloyd, swear that the following statements are true and correct. I was assisted by " Jail House Lawyer " in preparing this brief. All the claims that are stated in this brief are based upon my assisted study of the law from other inmates, I truly do need the assistance of an <u>Attorney</u> who may carry more weight with the court to file and retrieve the appropiate evidence needed in my case.

I pleaded with my attorney to fight my case out to the end but he seemed as though he was fighting a fight bigger than him, He truly was a very nice person but the prosecution overwhelmed him with evidence that was improperly stated. There are situations about this case that were never presented. I know that I'm not a dealer in the sense that the prosecution attempted to portray me. I do have issues with learning, gambling, and drugs; just to mention among some others. No one ever got to know me or present the truth accurately. My lawyer wanted me to admit to being a part of the conspiracy and snitch on Mr. Smalls. I refused to do that and thought the " Truth " would prevail and I would be found not guilty. My attorney gave up in the fight I was fighting and abandoned me.

I do request an attorney to represent me to better articulate my claims or maybe in osme fashion continue where my first attorney left off at and present my case to the Supreme Court. I really do not understand if the Sentencing Guidelines are unconstitutional when they are applied in a mandatory manner and then the constitution as as the " standard of proof " required to prove facts is unconstitutional - why does the court continue to use these provisional procedures or standards of proof. An evidentiary hearing and appointment of counsel is required in this case.

Petitioner also would like to preserve the right to admend or supplement §2255 initial brief, in response to adversial responses by government or otherwise.

I swear that all the above statements are true and correct to the best of my knowledge this 14th day of December 2006.

_____
Theolian Sy Lloyd

## Certificate of Service

I, Theolian Sy Lloyd, hereby certify on this 14th day of December 2006, a § 2255 application, including initial brief and affidavit was mailed by first class mail to:

Clerk of Court
Byron White U.S. Courthouse
1823 Stout St.
Denver, Colorado 80257

Kathleen Tafoya
Assistant U.S. Attorney
1225 17th Street, Suite 700
Denver, Colorado 80202

John Henry Schlie, P.C.
6059 S. Quebec Street, Suite 200
Centennial, Colorado 80111

December 14, 2006
date

x _____
Theolian Sy Loyd
30410-013

Theolian Sy Lloyd, 30410-013
F.C.I. Bennettsville, P.O. Box 52020
Bennettsville, S.C. 29512-52020

Legal Mail

Clerk of Court
Byron White U.S. Courthouse
1823 Stout St.
Denver, Colorado 80257

