IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                    Plaintiff,<br><br>v.<br><br>ZEBEDEE E. HALL.<br>                    Defendant. | :<br><br>:<br><br>:          DOCKET No. 01-CR-214-D<br><br>:<br><br>: |

---

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS/MOTION TO RELEASE

---

### PARTIES

Plaintiff captioned above is the United States Of America (hereinafter "alleged Plaintiff USofA") of which has assumed to have territorial and/or subject matter jurisdition to bring suit, and impose sanction/sentence in the above action.

Alleged Defendant captioned above is Mr. Hall, who has been illegally and/or unlawfully imprisoned, is an inhabitant of the county of Denver, Republic of Colorado who, by special appearence, reserves all rights, privileges, and immunities and waiving none by filing this Motion to Dismiss/Motion to Release.

This Motiom is made in good faith to mitigate further injury and to stop the unlawful imprisonment of Mr. Hall.

### FACTS

Mr. Hall was indicted on or about June 7,2001, within the United States District Court Of colorado, and arrested thereafter pursuant to a Federal warrant on or about June 15, 2001.

Mr Hall went to trial in or about September 2003. After a trial by jury Mr. Hall was found guilty of counts one and forty-nine of the second superseding indictment.

On April 14, 2005, Mr. Hall was sentenced within the United States District Court Of Colorado to 151 months of imprisonment. During allucution Mr. Hall noted to the court it's lack of jurisdition.

On January 23, 2007, the Tenth Circuit Court of Appeals reversed Mr. Hall's conviction on count forty-nine, affirmed his conviction on count one and remanded the action back to the district court for resentencing.

**LACK OF TERRITORIAL AND/OR
SUBJECT MATTER JURISDICTION**

Mr. Hall incorporates herein by reference the foregoing as if it were set forth at length. **The United States District Court For The District Of Colorado does not have territorial or subject matter jurisdiction of Mr. Hall.**

Mr. Hall is an inhabitant of the county of Denver, Republic of Colorado and **not** a citizen of the United States as defined by the 14th Amendment to the Constitution of the united States, who has been unlawfully imprisoned and has not waived his right to challenge jurisdition of any form. Mr. Hall was not born in and has no knowledge of being subject to the United States and the United States does not appear as a party in this matter on the criminal docket sheet, **Exhibit "A."**

**Territorial Jurisdiction** is defined in the nature of **18 U.S.C. § 7,** in pertinent part, as existing in:

> (3) any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the state in which the same shall be, for the errection or a fort, arsenal, magazine, dock-yard, or other needful building.
>
> (Emphasis added.)

In the nature of: **Hagans v. Lavine, 415 U.S. 533;** "the Law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." In the nature of: **Louisville R.R. v. Motley, 211 U.S. 149, 29 S. Ct. 42;** "if any tribunal finds absence of proof of jurisdiction over a person and subject matter, the case **must** be dismissed."

**Federal Jurisdiction** is defined at or in the nature of: **40 U.S.C.S. § 3112** (originally 40 USC § 255, re-codified as 40 U.S.C. § 3112) as:

> (a) **Exclusive jurisdiction not required.** It is not required that the Federal Government obtain exclusive jurisdition in the United States over land or an interest in land it acquires.
>
> (Emphasis added.)
>
> (b) **Acquisition and acceptance of jurisdiction.** When the head of a department, agency or independant establishment of the Government, or other authorized officer of the department, agency, or independant establishment, **considers it desirable** that individual **may accept or secure, from the state** in which land or an interest in land that is under the immediate jurisdition, custody, or control of the individual is situated, **consent to, or cession of, any jurisdition over the land or interest not previously obtained.** The individual **shall indicate acceptence of jurisdiction on behalf of the** Governer of the State or in another manner prescribed by the Laws of the State where the land is situated.
>
> (Emphasis added.)
>
> (c) **Presumption.** It is **conclusively presumed that jurisdition has not been accepted until Government accepts jurisdition over land as provided in this section.**
> (Emphasis added.)

In light of 40 U.S.C. § 3112, no jurisdiction exists in the United States to enforce federal laws, unless and until consent to accept jurisdiction over lands acquired by the United States has been filed on behalf of the United States as provided in said section, and fact that State has authorized government to take jurisdiction is immaterial. In the nature of: **Adams v. United States, 319 U.S. 312, 87 L. Ed. 1421 (1943).**

Further support for this understanding is available from the courts. In the nature of: **New Orleans v. United States, 35 U.S. (10 Pet.) 662 (1836);** "Special provision is made in the Constitution for the cession of jurisdition from the states over places where the federal government shall establish forts or other military works. And it is only in these places, or in territories of the United States, where it can exercise a gereral jurisdiction." **United States v. Spelar, 338 U.S. 217 at 222;** "There is a cannon of legislative construction which teaches congress that, unless a contrary intent appears legeslation is meant to apply only within territorial jurisdiction of the united States."

The **1st Article, section 8, Clause 17 in Amendment to the Constitution of the**

**United States of America as amended A.D. 1791** establishes areas of geographical jurisdiction for the federal government:

> "The Congress shall have Power To **exercise exclusive Legislation** in **all cases whatsoever over such District** (not exceeding ten miles squire) as may, **by cession of particular States, and the acceptance of Congress**, become the seat of the Government of the United States, and **to exercise like authority over all Places purchased by the Consent of the Legislature of the State** in which the same shall be, **ffor the erection of Forts, Magazines, Arsenals, dock-yards, and other needful buildings.**"
>
> (Emphasis Added.)

The constitutional phrase **"exclusive legislation"** is equivalent to the statutory expression **"exclusive Jurisdiction."** In the nature of: **James v. Dravo Contracting Co., 302 U.S. 134, 141 (1937)** citing **Surplus Trading Co. v. Cook, 281 U.S. 647, 652 (1930).** "It is only in those places where a State has ceded and the Federal Government has accepted jurisdiction that the federal government can exercise general jurisdiction. In the nature of: **New Orleans v. United States, 35 U.S. (10 Pet.) 662 (1836); United States v. Johnson, 994 F.2d 980 (2d Cir. 1993).**

"It is the obligation of the Alleged Plaintiff USofA to match the venue in which an alleged crime occured with the jurisdiction of the government unit to prosecute the alleged perpetrator. **Adams,** supra (where the United States District Court was without jurisdition to prosecute soldiers for rape committed on an Army base prior to filing of the acceptance of jurisdiction required by **40 U.S.C. § 3112**(formally 40 USC § 255); in the nature of: **United States v. Wicks, 132 F.3d 383, 387 (7th Cir. 1997); United States v. Johnson, 994 F.2d 2d Cir. (1993).** The criminal jurisdiction of the alleged Plaintiff USofA extends to private lands over which legislative jurisdiction has been vested in the government, as well as to federally owned lands. In the nature of: **United States v. Unzeuta, 281 U.S. 138 (1930),** as stated in the nature of: <u>**Jurisdiction Over Federal Areas Within the States**</u> at page 106.

In the indicment the general locations where alleged Plaintiff USofA contends certain overt acts were alleged commited has not and does not plead with any specificity the exact locations and/or whether the alleged overt acts were committed on federal land. See **Second superseding indictment of above action.**

## THE PLAINTIFF BEARS THE BURDER OF PROVING
## SUBJECT MATTER JURISDICTION EXISTS

"Because Federal Courts have limited jurisdition, every case begins with the pre-
sumption that the court lacks jurisdiction to haer it." In the nature of: **Kokkonenen
v. Guardian Life Ins. Co. of am.**, 511 U.S. 375, 377, 128 **L.Ed. 2d391, 114 S. Ct. 1673
(1994),** and "the plaintiff bears the burden of overcoming this presumption and **prov-
ing** that subject matter jurisdiction exists." **Id.**

In the nature of: **Wright and Miller, Federal Pratice and Procedure;** "A district
court is obligated to and has the power to raise the question of subject matter ju-
risdiction even if parties do not raise the issue." This same understanding is found
in the nature of: **Civil 2d §§ 1350, 3522; Liberty Mut. Ins. Co. v. Ward Trucking Corp.
48 F.3d 742, 750 (3rd Cir. 1995).**

The alleged plaintiff USofA failed to establish that proper venue exists in the
area(s) alleged within the first, second or third indictments. The federal govern-
ment is not a super policing power without limits. In the nature of: **United States
v. Lopez, 115 S. Ct. 1624 (1995),** the Supreme Court provided; "Indeed on the crucial
point of subject matter of a Federal District Court: the federal government has no-
thing approaching a police power." (pg. 64).

Therefore, Mr. Hall would demand of this Honorable Court to establish the required
exclusive Federal jurisdiction that has thus far merely assumed in the above captioned
matter, consisting of:

> (A) Documentation showing onwership of each and every geographical lo-
> cation mentioned in the 1st, 2nd, and 3rd indictments in the above
> case number, where the alleged criminal activity took place.
>
> (B) Documentation from the legislature of the republic of Colorado
> surrendering jurisdition to the Federal Government over the land the
> same geographical location(s) as requested in (A).
>
> (c) Documentation in the nature of: **Title 40 § 3112** (formally 40
> U.S.C. § 255), wherein the United States accepted jurisdiction to
> the same geographical location(s)as specified in (A), OR, documenta-
> tion showing concurrent jurisdiction with the republic of Colorado
> over the geographical location(s) in (A), OR, absent the production
> of such required documentation showing Lawful jurisdiction over this

geographical location or locations, dismiss the action entirely immediately.

## CONCLUSION

Accordingly Mr. Hall challenges the territorial and subject matter jurisdiction of the alleged plaintiff USofA, and that of this Honorable Court, and prays this Honorable Court exercise its ministerial duty and authority to dismiss this action against Mr. Hall for want of territorial and/or subject matter jurisdiction in the interest of justice. In the alternative this Honorable Court is to ensure the alleged plaintiff USofA produce and place on the record the above requested documentation to invoke this courts jurisdiction.

Respectfully Submitted,

Date: January 31, 2007

By: _____
Zebedee Eli Hall, Agent for
ZEBEDEE E. HALL

Federal Correctional Instittute
Post Office Box 6000
Florence, Colorado 81226-6000

## CERTIFICATE OF MAILING

I hereby certify that on January 31, 2007, a true and correct copy of the foregoing Motion to Dimiss/Motion for Release and the attached Memorandum Of Law were mailed, first class postage prepaid, to the following:

JAMES C. MURPHY, ESQ.
ASSISTANT US ATTORNEY
1225 17th STREET, 7th FLOOR
Denver, Colorado CF80202CF

CLERK OF THE DISTRICT COURT OF COLORADO
901-19th STREET, ROOM A-105
Denver, Colorado CF80294-3589CF

BY: _____
Zebedee Eli Hall, Agent for
ZEBEDEE E. HALL

Page 6 of 6

Mr. Zebedee E. Hall #30428-013
Federal Correctional Institute
Post Office Box 6000
Florence, Colorado 81226-6000

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 6 2007

GREGORY C. LANGHAM
CLERK

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 6 2007

GREGORY C. LANGHAM
CLERK

CRERK OF THE DISTRICT COURT OF COLRADO
901-19th STREET, ROOM A-105
DENVER, COLORADO 80294-3589

