# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

APR 26 2004

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| | (For Offenses Committed On or After November 1, 1987) |
| v. | CASE NUMBER: 01-CR-214-01-D |
| WILLIE SMALL | Matthew C. Golla, AFPD |
| a/k/a "Pops" | (Defendant's Attorney) |

**THE DEFENDANT:** Was found guilty on counts 1, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 17, 22, 23, 24, 25, 26, 28, 30, 32, 35, 36, 37, 38, 39, 43, 45, 49, 50, 51, 52, 53, 55, 65, 66, and 75 of the Second Superseding Indictment after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21 U.S.C §§ 846 and 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2 | Conspiracy to Distribute and Possess with Intent to Distribute Fifty or More Grams of Cocaine Base, Aiding and Abetting | 06/07/01 | 1 |

The defendant is sentenced as provided in pages 2 through 12 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 01/25/55

Defendant's USM No.: 30408-013

Defendant's Residence Address:
Federal Detention Center
9595 West Quincy Avenue
Littleton, Colorado 80123

Defendant's Mailing Address:
SAME

April 21, 2004
Date of Imposition of Judgment

Signature of Judicial Officer

Wiley Y. Daniel, U.S. District Judge
Name & Title of Judicial Officer

April 23, 2004
Date

I, the undersigned, Clerk of the United States District Court for the District of Colorado, do certify that the foregoing is a true copy of an original [illegible] remaining on file and [illegible].
WITNESS my hand and SEAL of said Court this [illegible] day of April 04
GREGORY C. LANGHAM
By [signature] Deputy

DEFENDANT: WILLIE SMALL
CASE NUMBER: 01-CR-214-01-D

Judgment-Page 2 of 12

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 13.382 Grams of Cocaine Base, Aiding and Abetting | 09/18/00 | 3 |
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 13.323 Grams of Cocaine Base, Aiding and Abetting | 09/21/00 | 4 |
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 26.295 Grams of Cocaine Base, Aiding and Abetting | 09/25/00 | 5 |
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 6.457 Grams of Cocaine Base, Aiding and Abetting | 10/03/00 | 6 |
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 26.764 Grams of Cocaine Base, Aiding and Abetting | 10/03/00 | 8 |
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 26.866 Grams of Cocaine Base, Aiding and Abetting | 10/30/00 | 9 |
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 23.484 Grams of Cocaine Base, Aiding and Abetting | 11/13/00 | 10 |
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 32.756 Grams of Cocaine Base, Aiding and Abetting | 11/29/00 | 11 |
| 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 54.174 Grams of Cocaine Base, Aiding and Abetting | 12/20/00 | 12 |
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 26.356 Grams of Cocaine Base, Aiding and Abetting | 01/29/01 | 13 |
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 14 Grams of Cocaine Base, Aiding and Abetting | 04/07/01 | 14 |
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 7 Grams of Cocaine Base, Aiding and Abetting | 05/09/01 | 15 |

| | | | |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 14 Grams of Cocaine Base, Aiding and Abetting | 03/31/01 | 17 |
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 27 Grams of Cocaine Base, Aiding and Abetting | 04/16/01 | 22 |
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 7 Grams of Cocaine Base, Aiding and Abetting | 04/13/01 | 23 |
| 21 U.S.C. § 843(b) and 18 U.S.C. § 2 | Use of a Communications Facility to Conspire to Distribute and Possession with Intent to Distribute Cocaine Base, Aiding and Abetting | 04/20/01 | 24 |
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 7 Grams of Cocaine Base, Aiding and Abetting | 05/05/01 | 25 |
| 21 U.S.C. § 843(b) and 18 U.S.C. § 2 | Use of a Communications Facility to Conspire to Distribute and Possession with Intent to Distribute Cocaine Base, Aiding and Abetting | 05/01/01 | 26 |
| 21 U.S.C. § 843(b) and 18 U.S.C. § 2 | Use of a Communications Facility to Conspire to Distribute and Possession with Intent to Distribute Cocaine Base, Aiding and Abetting | 05/05/01 | 28 |
| 21 U.S.C. § 843(b) and 18 U.S.C. § 2 | Use of a Communications Facility to Conspire to Distribute and Possession with Intent to Distribute Cocaine Base, Aiding and Abetting | 05/10/01 | 30 |
| 21 U.S.C. § 843(b) and 18 U.S.C. § 2 | Use of a Communications Facility to Conspire to Distribute and Possession with Intent to Distribute Cocaine Base, Aiding and Abetting | 05/11/01 | 32 |
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 7 Grams or More of Cocaine Base, Aiding and Abetting | 04/05/01 | 35 |
| 21 U.S.C. § 843(b) and 18 U.S.C. § 2 | Use of a Communications Facility to Conspire to Distribute and Possession with Intent to Distribute Cocaine Base, Aiding and Abetting | 04/05/01 | 36 |

DEFENDANT: WILLIE SMALL
CASE NUMBER: 01-CR-214-01-D

Judgment-Page 5 of 12

| | | | |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 | Possession with Intent to Distribute .244 Grams of Cocaine Base, Aiding and Abetting | 06/15/01 | 65 |
| 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2 | Possession with Intent to Distribute 175 Grams or More of Cocaine Base, Aiding and Abetting | 06/15/01 | 66 |
| 18 U.S.C. §§1956(a)(1)(A)(i) and 2 | Money Laundering, Aiding and Abetting | 05/26/01 | 75 |

DEFENDANT: WILLIE SMALL
CASE NUMBER: 01-CR-214-01-D

Judgment-Page 6 of 12

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned as follows: life as to each of counts 1, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 17, 22, 23, 25, 35, 37, 49 and 66; 360 months as to each of counts 43, 55 and 65; 240 months as to count 75; and 48 months as to each of counts 24, 26, 28, 30, 32, 36, 38, 39, 45, 50, 51, 52 and 53. The sentences on all counts shall be served concurrently.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT: WILLIE SMALL
CASE NUMBER: 01-CR-214-01-D

Judgment-Page 7 of 12

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release as follows: 8 years as to each of counts 3, 4, 5, 6, 8, 9, 10, 11, 13, 14, 15, 17, 22, 23, 25, 35 and 37; 6 years as to counts 43, 55 and 65; and 1 year as to each of counts 24, 26, 28, 30, 32, 36, 38, 39, 45, 50, 51, 52, 53 and 75. All such terms of supervised release shall run concurrently.

The defendant shall report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Monetary Obligations sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below).

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

DEFENDANT: WILLIE SMALL
CASE NUMBER: 01-CR-214-01-D                                                                 Judgment-Page 8 of 12

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

None.

DEFENDANT: WILLIE SMALL
CASE NUMBER: 01-CR-214-01-D                                         Judgment-Page 9 of 12

## MONETARY OBLIGATIONS

The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 17, 22, 23, 24, 25, 26, 28, 30, 32, 35, 36, 37, 38, 39, 43, 45, 49, 50, 51, 52, 53, 55, 65, 66 and 75 | $100.00 (per count of conviction) | $0.00 | $0.00 |
| **TOTALS** | $3,800.00 | $0.00 | $0.00 |

DEFENDANT: WILLIE SMALL
CASE NUMBER: 01-CR-214-01-D

Judgment-Page 10 of 12

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

The special assessment fee is due immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order: (1) special assessment.

DEFENDANT: WILLIE SMALL
CASE NUMBER: 01-CR-214-01-D                                        Judgment-Page 11 of 12

---

## STATEMENT OF REASONS

The court makes the following findings on controverted issues:

Based on the evidence and testimony introduced at trial, the court finds that the defendant's relevant conduct involved at least 1.5 kilograms of cocaine base.

The court finds that felony drug offense convictions identified in paragraphs 71, 73, 75, 77 and 79 of the Presentence Investigation Report are specific convictions which require, by statute, a mandatory life sentence for counts 1, 12, 49 and 66.

The court finds that because the defendant was not previously convicted of a federal drug offense, the sentencing enhancement filed by the government, pursuant to 21 U.S.C. § 851, does not apply to violations of 21 U.S.C. § 843(b). Therefore, the statutory maximum sentence for counts 24, 26, 28, 30, 32, 36, 38, 39, 45, 50, 51, 52 and 53 is 4 years.

The court determines that no ruling is necessary concerning the remaining objections, because the controverted matters were not considered in imposing sentence or would not affect the sentence. Neither the government nor the defendant has challenged any other aspect of the presentence report. Therefore, the remaining factual statements and guideline applications are adopted without objection as the court's findings of fact concerning sentencing.

**Guideline Range Determined by the Court:**

Total Offense Level: 43

Criminal History Category: VI

Imprisonment Terms:

Life as to counts 1, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 17, 22, 23, 25, 35, 37, 49, and 66

360 months as to counts 43, 55, and 65

240 months as to count 75

48 months as to counts 24, 26, 28, 30, 32, 36, 38, 39, 45, 50, 51, 52 and 53

DEFENDANT: WILLIE SMALL
CASE NUMBER: 01-CR-214-01-D                                                     Judgment-Page 12 of 12

Supervised Release Terms:

8 years as to counts 3, 4, 5, 6, 8, 9, 10, 11, 13, 14, 15, 17, 22, 23, 25, 35 and 37

6 years as to counts 43, 55 and 65

1 year as to counts 24, 26, 28, 30, 32, 36, 38, 39, 45, 50, 51, 52, 53 and 75

Fine Range: $25,000 to $8,000,000

   The fine is waived because of the defendant's inability to pay.

Total Amount of Restitution: None.

The sentence is within the guideline range, that exceeds 24 months, and the sentence is imposed for the following reason: A sentence of life imprisonment is required, pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(A), and 21 U.S.C. § 851.