IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 01-CR-214-D

UNITED STATES OF AMERICA,

Plaintiff,

v.

25.   THURMAN DOUGLAS MC KNIGHT,
        a/k/a "Doug,"

Defendant.

## PLEA AGREEMENT AND STATEMENT OF FACTS RELEVANT TO SENTENCING PURSUANT TO FED. R. CRIM. P. 11(e)(1)(B)

The United States, by and through JOHN W. SUTHERS, United States Attorney for the

District of Colorado and Kathleen M. Tafoya, Assistant United States Attorney, and the

defendant, THURMAN DOUGLAS MC KNIGHT, personally and by counsel Mitchell Baker,

submit the following Plea Agreement and Statement of Facts Relevant to Sentencing pursuant to

D.C. Colo. L.Cr.R. 11.1.

## I. PLEA AGREEMENT

The Defendant will plead guilty to a one count Information charging him with possession

of crack cocaine after having previously been convicted of an offense involving a drug, narcotic,

or chemical (not based on crack cocaine), in violation of Title 21 U.S.C. § 844. The amount

normally purchased by Defendant McKnight from Willie Small for personal use was commonly

referred to as a "teener" and represented approximately 1.75 grams of crack cocaine. At the time

of sentencing the Government will move to dismiss all remaining counts in the Superseding Indictment as to THURMAN DOUGLAS MC KNIGHT only.

At the time of the entry of his plea of guilty pursuant to this agreement, the Government agrees to recommend the Defendant be placed on an unsecured bond, but only with the special condition that the Defendant attend an in-patient drug therapy course for at least thirty days as ordered by the Court. The Defendant is without resources sufficient to pay for this treatment and the parties request the Court order this paid for by the Court. If the Court declines to provide this drug treatment, the parties agree the Defendant shall be released on bond with normal drug treatment and testing provisions. However, the parties are not arguing for this result and both parties agree in-patient drug treatment is warranted and is the preferable course. All other normal conditions of bond will apply.

The Defendant will provide complete and truthful cooperation in the form of information and testimony if required. Cooperation includes providing all information known to him regarding any criminal activity, including but not limited to the sale, importation, distribution and/or manufacture of controlled substances, possession of firearms, and money laundering. The Defendant agrees that he will at all times give complete, truthful and accurate information and testimony and that he will fully and truthfully disclose all information with respect to the activities of himself and others concerning all matters about which the Government inquires. Nothing which THURMAN DOUGLAS MC KNIGHT says or testifies to will be used against him in any criminal proceeding in any jurisdiction except in a prosecution for perjury or false statements arising from his cooperation. The information and testimony will not be used against the Defendant at sentencing pursuant to U.S.S.G. § 1B1.8. Information and testimony relating to

Page -2-

involvement in crimes of violence, if any, are excluded from this agreement. "Crimes of
violence", as the term is used herein, refers to the traditional, common law meaning of the term.

Cooperation will also include complying with all reasonable instructions from the United
States Government, submitting to interviews by investigators and attorneys at such reasonable
times and places to be agreed upon by counsel for the United States and THURMAN DOUGLAS
MC KNIGHT, and to testify fully and truthfully before any grand juries or at any trials where his
testimony is deemed to be relevant by the United States Attorney's Office for the District of
Colorado. Deliberate falsehoods or misinformation provided during his compliance with
U.S.S.G. § 3E1.1 would be grounds for rescission of this Plea Agreement as well as possible
further prosecution for perjury or false statements. The Government recommends a sentence
which could be satisfied by the time he has already served in custody on this case.

The parties agree that no party will seek downward departures for any reason not
specifically addressed by this Plea Agreement.

## II. **MAXIMUM STATUTORY PENALTIES**

The maximum statutory penalty for the one count Information is not less than fifteen days
and not more than two years imprisonment; a minimum fine of $2,500.00 but not more than
$250,000.00 fine or both; not more than one year supervised release; and, $100.00 special
assessment per count.

The conviction may cause the loss of civil rights, including but not limited to the rights to
possess firearms, vote, hold elected office, and sit on a jury.

A violation of the conditions of probation or supervised release may result in a separate
prison sentence.

Page -3-

## III. STIPULATION OF FACTUAL BASIS AND FACTS
### RELEVANT TO SENTENCING

The parties agree that there is no dispute as to the material elements which establish a factual basis of the offense of conviction.

Pertinent facts are set out below in order to provide a factual basis of the plea and to provide facts which the parties believe are relevant, pursuant to §1B1.3, for computing the appropriate guideline range. To the extent the parties disagree about the facts relevant to sentencing, the statement of facts identifies which facts are known to be in dispute at the time of the plea. (§6B1.4(b))

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which are relevant to the guideline computation (§1B1.3) or to sentencing in general (§1B1.4). In "determining the factual basis for the sentence, the Court will consider the stipulation [of the parties], together with the results of the presentence investigation, and any other relevant information." (§6B1.4 Comm.)

The parties agree that the government's evidence would show that the date on which conduct relevant to the offense began is May, 2001.

The Government's evidence would show:

Thurman Douglas McKnight has been acquainted with co-defendant Max Cooper for a number of years. McKnight has also had a long standing addiction to crack cocaine. Through Max Cooper, McKnight began dealing with Willie Small as a source for his crack cocaine.

Page  -4-

The Government obtained court orders to intercept conversations on two telephones associated with Willie Small. Those interceptions occurred from approximately March 2001 through June 2001.

Thurman Douglas McKnight was intercepted on several occasions asking Willie Small to supply him with crack cocaine. Small, on several occasions, offered to provide crack cocaine on consignment (or without prepayment) to McKnight, but McKnight always refused. Selling on consignment often signifies that the recipient of the crack cocaine plans to re-sell the crack cocaine, make money from the sale, then use that money to re-pay the original supplier of the crack cocaine. Since McKnight was not planning on re-selling the crack cocaine, but rather was purchasing for his own use, consignment buying was not acceptable to him.

Specifically, on or about May 16, 2001, law enforcement intercepted conversations where Defendant McKnight was attempting to, and did, purchase a quantity of crack cocaine from Willie Small. Law enforcement officers observed the meeting between McKnight and Small. McKnight admits he purchased approximately 1.75 grams of crack cocaine from Willie Small on May 16, 2001 and possessed the crack cocaine for personal use.

## IV. SENTENCING COMPUTATION

The parties stipulate that sentencing in this case will be determined by application of the sentencing guidelines, issued pursuant to 28 U.S.C. § 994(a).

As part of this Plea Agreement, the parties specifically agree that they will not argue for any departures, either upward or downward, not specifically made a part of this agreement.

The parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and that the Court is not bound by any

Page -5-

position of the parties. (§6B1.4(d))  The Court is free, pursuant to §§6A1.3 and 6B1.4, to reach its own findings of facts and sentencing factors considering the parties' stipulations, the presentence investigation, and any other relevant information. (§6B1.4 Comm.; §1B1.4)

To the extent the parties disagree about the sentencing factors, the computations below identify the factors which are in dispute. (§6B1.4(b))

A.     The base guideline is § 2D2.1 with a base offense level of 8.

B.     There are no specific offense adjustments, victim-related or obstruction adjustments.

C.     The adjusted offense level would therefore be 8.

D.     The defendant should receive the adjustment for acceptance of responsibility of 2 levels.  The Defendant has saved the Government and Court from the expense of trial as to himself and admitted his involvement in the case by debriefing with the Government.  The resulting offense level would therefore be 6.

E.     The parties understand that the defendant's criminal history computation is tentative.  The criminal history category is determined by the Court.  However, the parties believe the Defendant's criminal history category is III.

F.     The career offender/career livelihood adjustments do not apply.

G.     The guideline range resulting from the estimated offense level of 6, and the (tentative) criminal history category of III is 2 - 8 months imprisonment.

H.     Pursuant to guideline §5E1.2, assuming the estimated offense level of 6, the fine range for this offense is $2,500.00 (minimum statutory fine) to $5,000.00, plus applicable interest and penalties.

K. The term of supervised release shall be not more than one year.

## V. WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE

The parties believe the sentencing range resulting from the proposed plea agreement is appropriate because all relevant conduct is disclosed, the sentencing guidelines take into account all pertinent sentencing factors with respect to this defendant, and the charges to which the defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date __3 - 31 - 03__

Date __3 - 31 - 04__

Date __3-26-03__

THURMAN DOUGLAS MC KNIGHT
DEFENDANT

MITCHELL BAKER
ATTORNEY FOR DEFENDANT

KATHLEEN M. TAFOYA
ASSISTANT U.S. ATTORNEY

Page -7-