01-CR-00214 - WYD
UNITED STATES DISTRICT
DENVER COURT

DATE: 2/07/07 [BRIEF] MEMORANDUM OF LAW

FEB 13 2007
GREG...
CLERK

[1] Defendant contends that the 'U.S.ATTORNEY' misrepresented to the grand jury that the federal government lacked federal Legislative,territorial,or Admiralty jurisdiction in over the Locus quo. The defendant argues that there is no presumption in favor of jurisdiction,where the basis for jurisdiction must be affirmatively shown on the face of the record. See HARTFORD VS.DAVIS.16 s.ct.1051 (1896). The exclusive Legislative jurisdiction of the federal government is not addressed in principle to subject matter,but to geographical Location.See UNITED STATES VS.BEAVENS. 16 u.s.(3 wheat)336 (1818).it is automatic that the prosecution must always prove(Legislative,Territorial or admiralty)jurisdiction over the geographical Location whereon the alleged prohibitive acts were purported to have been committed,otherwise a conviction could not be sustained.See UNITED STATES VS.BENSON. 495 F.2d 481 (1946).Federal criminal jurisdiction is never presumed;and must always be proven,and can never be waived.See UNITED STATES VS.ROGERS.23 F.658(D.C.Ark. 1885).IN CRIMINAL PROSECUTION WHERE THE FEDERAL GOVERNMENT IS A MOVING PARTY IT MUST NOT ONLY ESTABLISH OWNERSHIP OF THE PROPERTY WHICH THE CRIME(S) ALLEGEDLY OCCURED, BUT THEY MUST ALSO PRODUCE DOCUMENTATION THAT THE STATE HAS CEDED THE JURISDICTION OF THAT PROPERTY TO THEM (ON VIEW OF THE SUPREME COURT) in fort LEAVENWORTH RAILROAD VS.IOWA,114 u.s.525 (1885).[No] jurisdiction exists in the United States to enforce federal criminal Laws until CONSENT TO ACCEPT JURISDICTION OVER ACQUIRED LANDS HAVE BEEN PUBLISHED and failed on behalf of the United States as provided and filed in 40 u.s.c.§255,and the fact that the state authorized the federal government to take and exercise jurisdiction was immaterial.See ADAMS VS. UNITED STATES,319 u.s. 312,63 s.ct.1122, 87 L.Ed.1421 (1943).

[2.] Defendant contends that jurisdiction is more than a technical concept and is a 'constitutional requirement,' see UNITED STATES VS. JOHNSON.337 F.2d 180 (affmd) 86 s.ct.749,383 u.s. 169,15 L.Ed 681 cert.den. 87 s.ct. 44,134 and at 385 u.s. 846,17 L.Ed 2d 117.In the United States,there are [TWO] separate and distinct kinds of jurisdiction:The jurisdiction of the states within their own territorial boundaries,and then federal juris-

(1)

diction.Broadly speaking,the state jurisdiction encompasses the
Legislative power to regulate within the territorial govern real
and personal property,individuals,and enterprises within the
territorial boundaries of any given state.In contrast,federal
jurisdiction is extremely[LIMITED]: In July of 1776 after de-
claring their independence,the new states possessed all their
sovereignty,power,and jurisdiction over [ALL] soil and people in
their respective territorial limits.

Defendant Sammy Woods,Federal indictment is invalid causing De-
fendant to be falsely imprisoned,due to the fact the federal
government failed to establish a federal interstate commerce
nexus.Since the government had no Jurisdiction from the begin-
ning(locus quo) they failed to establish a commerce nexus,Mean-
ing that Defendant broke NO LAW.Defendant whom was convicted
and sentenced under the UNCONSTITUTIONAL FRIVILOUS AND FRAUDULENT
ACTS of Title 18& 21 Usc.

  [3] The Federal governments Charging instruments are FATALLY
DEFECTIVE in Defendant case.Causing false imprisonment.Said
charging instruments are fatally defective due to no jurisdiction
and Title 18 and 21 used to convict Defendant are both unconstit-
utional.Title 18 & 21 can only be used against the officers(de-
facto see de facto is an illegally in officer.Defendant is Not
Guilty in grounds that has been presented 1-4 in the 2255 Motion.
Defendant contends as the history of the confederation government
has shown each state was indeed sovereign and independant to the
degree that it made the central government created by the confed-
eration fairly ineffectual.These defects of the confederation
government strained the relation between and among the states and
the remedy became calling a constitutional convention.The repre-
sentatives who assembled at phililidelphia in May of 1787 to at-
tend the constitutional convention met for the primary purpose of
improving the commercial relations among the states,although the
product of the convention more than this.But no intention was
demonstrated for the states to surrender in any degree,the jur-
isdiction so possessed by the states at the time,and indeed the
constitution as finally drafted continued the same territorial
jurisdiction of the states as existed in the Articles of confed-
eration.The essence of this retention of each states jurisdiction

is embodied in the constitution at Article I section 8 clause 17 of the constitution of the united States of America,which read as follows:"To exercise exclusive legislation in all cases what- soever over such districts(not exceeding ten miles square)as may by cession of the government of the United States,and to exercise like authority over [ALL]places purchased by the consent of the erection of forts,magazines,arsenals,dock-yards and other needful buildings[40 u.s.c. 3112].

[4.] Defendant contends that the reason for the inclusion of this clause in the constitution was and is obvious. Under the Article of confederation, the states retained full and complete jurisdiction over lands and persons within their borders.Since authority of the states would be supreme and exclusive therein. wheat at 350,351.

[5.] Defendant contends that in holding that the state of massachusetts had no jurisdiction over the crime the court held: "We answer,without hesitation,the jurisdiction of the state is co-existence with its territory;co-existence with its Legislative power." 3 wheat at 386,387."It is observable that the power of the exclusive legislative (which is jurisdiction) is united with cession of territory,which is to be free act of the states.It is difficult to compare the two sections together,without feeling a conviction not to be strengthened by any commentary on them,that is describing the judicial power,the framers of our constitution had not in view any cession of territory or,which is essentially the same of general jurisdiction." 3 wheat at 338.

[6.]Defendant contends that thus BEAVENS,the court estab- lished a principle that federal jurisdiction extends only over the areas wherein it possesses the power of exclusive Legislation, and this is a principle incorporated into all subsequent deci- sions regarding the extent of federal jurisdiction.To hold other- wise would destroy the purpose,intent and meaning of the intire constitution of the United States.One year later the Supreme Court of New York was presented with the same issue,of whether the state of new york had jurisdiction over a murder committed at fort niagra,a federal fort.IN PEOPLE VS.GODFREY,17 johns 225 N.Y. (1819),that court held that the fort was subject to the

jurisdiction of the state since the LANDS THEREFORE HAD NOT BEEN CEDED TO THE UNITED STATES,The rationale of it's opinion stated: " To oust this state of its jurisdiction to support and maintain it's Laws and to punish crimes,it must be shown that an offense committed within the acknowledged limits of the state,is[CLEARLY] and exclusively cognizable by the laws and courts of the United States, In the case already cited,Chief Justice Marshall observed that to bring the offense within the jurisdiction of the courts of the Union," It must have been committed out of the jurisdiction of any state." It is not(he says)the offense committed but the **place in which it is committed,Which must be[OUT] of the juris-diction of the state.17 JOHNS,at 233(emphasis added)**

[7.] Defendant contends that the case relied upon this court was the UNITED STATES VS.BEAVENS,SUPRA. At about the same time that the New York Supreme Court rendered its opinion in godfrey, a similar situation was before a federal court,the only differ-ence being that murder was committed in and occured on lands which had been ceded to the United States.In UNITED STATES VS. CORNELL, 2 manson 60,1 cir.(1819). The court held that the case fell within federal jurisdiction describing such jurisdiction as follows:But although the United States may well purchase and hold lands for public purposes,within the territorial limits of a state this does not itself oust the jurisdiction or sovereignty of such state over land purchases. It remains until the state has **RELINGUISHED ITS AUTHORITY OVER THE LANDS EITHER EXPRESSLY OR BY NECESSARY IMPLICATION.** When therefore a purchase of land for any of these purposes is made by the national government and the state legislature had given its consent to the purchases,the lands so purchased by the very terms of the constitution is completely ousted." 2 MASON,at 63.

[8.] Defendant contends that almost 18 years later the U.S. Supreme court again was presented a case involving the distinc-tion between state and federal jurisdiction.IN NEW ORLEANS VS. UNITED STATES.35 u.s.(10pet)662(1836). The United States claimed title to property in new orleans likewise claimed by the city, the court addressed the question of federal jurisdiction and states: "Special provisions is made in the constitution for the cession of

jurisdiction from the states over places where the federal govern-
ment shall establish forts, or other military works. And it is only
in these places of the United States where I can exercise a general
jurisdiction." 10 pet at, 737.

[9]. Defendant contends that the single most important case
regarding the subject of federal jurisdiction appears to be FORT
LEAVENWORTH R.CO. VS.IOWA, 114 u.s.525, (1885) 995, which set forth
the law on this point of federal jurisdiction, fully. There the
railroad company property, which passes through, fort leavenworth
federal enclave was being subject to taxation by kansas, and the
company claimed an exemption from the state taxation. In holding
the company is property taxed, the courts carefully explained
federal jurisdiction within the states:" The consent of the states
to the purchase of lands within them for the special purpose named
is however, essential, under the constitution, to the transfer of the
jurisdiction and dominion. Where lands are acquired without such
consent, the possession of the United States, political jurisdiction
be ceded to them in some other way is simply that of an ordinary
propriety. The property in that case, unless used as a government,
is subject to the legislative authority and control of the states.
equally with the property of private individuals. 114 u.s. at 531.

[10] Defendant contends that the constitution of the United
States created a government, which has jurisdiction over certain
enumerated subject matter. It is only in these areas that Congress
can enact Laws, and when they do, the federal courts are to enforce
the law. [But when laws do not come from an enumerated power, the
federtal courts are to prevent the U.S. government or Congress
from applying them.]

[11.] Defendant contends that the federal constitution
prescribes what the **"jurisdiction"** of the federal government is
by the enumerated powers.
*That government can regulate foreign and interstate commerce,
* Fix the standards of weights and measurements,
*Establish uniform laws on bankruptcies,
* Coin money and provide for the punishment of counterfeiting of
the coins and securities of the United States,
* Protects the arts and sciences by copyrights and patents,

* Punish for piracies and felonies committed on high seas,
* Raise and support an army and navy,
* Lay and collect direct taxes by appointment,
* Indirect taxes by exercises,duties,or imports.

[12]. Defendant contends that this is the extent of the legitimate jurisdiction of the federal United States government. It is only in these areas,supra,that a "crime )or offense) against the federal United States" can exist,and this is so only when Congress actually passes a law in one of these areas.But an act committed within a state,whether for good or bad purpose,or whether with honest or a criminal intent,[CANNOT] be made an offense against the United States,unless it has some relation to the execution of a power Congress,or to some matter within the jurisdiction of the United States.

[13.] Defendant contends that the federal courts only have jurisdiction in matters involving an"offense against the United States," and [NOTHING] can be an "offense against the United States unless it is made so by congressional Act pursuant to the U.S.constitution. There is [NO] other source from which Congress can get authority to make law,including the common law.Thus it has been that." There is no federal common law."

[14.] Defendant contends that a better was of stating this is to say,"There are no common-law offenses(or crimes) against the United States.**UNITED STATES VS.BRITTON.**108 u.s. 199,206(1882); **UNITED STATES VS.EATON,**144 u.s.667,687 (1891);**UNITED STATES VS. GRADWELL.** 243 u.s. 476,485 (1916);**DONNELLEY VS.UNITED STATES.** 276 u.s. 505-511 (1927);**JEROME VS. UNITED STATES.**318 u.s. 101,104 (1942); **NORTON VS. UNITED STATES.** 92 fed.2d 753 (1927). In other words,the common law is not a source for criminal jurisdiction as it is in the states. **UNITED STATES VS.GROSSMAN.** 1 fed.2d 941,950-51 (1924).

[15] Defendant contends that by "jurisdiction" is meant the authority of the federal courts to hear and decide a matter.Thus it is more correct to say that,"Federal courts have no jurisdiction of common law offenses,and there is no jurisdiction of common law offenses;and there is no abstract pervading principle of the common law of the Union under which we **(federal courts)** can take juris-

diction.STATE OF PENNSYLVANIA VS.THE WHEELING E.BRIDGE CO.13 How. (54 u.s.) 518 (1851).

[16.] Defendant contends that if Congress tries to make a common law offense a crime(such as libel,drugs,theft,burglary, murder,kidnapping,arson,rape,abortion,assault,fraud,etc.)which have [NO] relation to an enumerated power,it would simply be an "unconstitutional" act. Congress can declare NOTHING to be a crime except where it is based upon a delegated power. Thus the only thing that can be a crime against the "United States"is that which comes from the U.S. constitution. These concepts were stated early on by the U.S.Supreme court:"In relation to crimes and punishments,the objects of the delegated power of the United States are enumerated and fixed.Congress may provide for the punishment of counterfeiting the securities and current coin of the United States,and may define and punish piracies and felonies committed on the high seas,and offenses against the law of Nations. Art.***,but there is [NO] reference to a common law authority. Every power is [A] matter of definate and positive grant;And the very power that a grant cannot take effect until they are exercised through the medium of a law.The UNITED STATES VS.WORRALL. 2 Dall. (2 u.s.) 384,391 (1798).

[17] Defendant contends that a constitution is not to be made to mean one thing at one time,and another at some subsequent time when the circumstances have so changed,as perhaps to make a different rule in the case to seem desirable. A principle share of the benefit expected from written constitutions would be lost if the rules they establish were so flexible as to bend to circumstances,or be modified by public opinion. [A] court or legislature which should allow a change in public sentiment to influence it in giving to a written constitution a construction not warranted by the intention of its founders,would be justly chargeable with reckless disregard of official oath(28 u.s.c. 453-18 1621)and public duty; and if its course could become precedent, these instruments would be of little avail. What a court is to do, therefore,is to declare the law as written.T.M. Cooley A Treatise on the constitutional limitations. 5th Ed.,pp.54,55.rather than be swayed by political ambition and unlawful usuration of police powers.

[18.] Defendant contends that [JUDGES] have no more right to decline the exercise of jurisdiction which is given,than to usurp that which is not given. The one or the other would be treason to the Constitution. COHENS VS. VIRGINIA.6 wheat (19 u.s. ) 264,404 (1821).

[19.] Defendant contends that the district court erred in not determining jurisdiction prior to entertaining the cause. The court's duty to resolve the jurisdiction of the court,re- gardless of who brings the action,the court must make a legal finding as to its authority to take venue and jurisdiction,before the court moves to entertain the cause before it.See,20 Am Jur 2d 60,337."THE GENERAL RULE IS THAT A PROCEEDING CONDUCTED OR DECI- SIONS MADE-BY A COURT ARE LEGALLY VOID WHEN THERE IS AN ABSENCE OF JURISDICTION OVER THE SUBJECT MATTER. A COURT DEVOID OF JUR- ISDICTION OVER THE CASE CANNOT MAKE A DECISION IN FAVOR OF EITHER PARTY, CANNOT DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM; AND CANNOT RENDER A SUMMARY JUDGMENT.AS A DECISION WOULD BE ON THE MERITS OF THE ACTION.IT CAN ONLY DISMISS THE CASE FOR WANT OF JURISDICTION.HOWEVER,A COURT CAN SET ASIDE ORDERS IT MADE BE- FORE THE WANT OF JURISDICTION WAS DISCOVERED,AND A JUDGMENT BY A COURT WITHOUT JURISDICTION OVER SUBJECT MATTER CAN BE SET ASIDE AND VACATED AT ANY TIME BY THE COURT THAT RENDERED IT." (In Part)

[20.] Defendant asserts that the UNITED STATES by and through its agent,the 'U.S.Attorney', lost its jurisdiction,once it fail- ed to determine(prove) jurisdiction to hear this case at bar be- fore proceeding with a plea/trial within the U.S. District Court. (The U.S. District Court had an obligation to compel the United States to prove jurisdiction...in the best interest of justice!).

[21.] Defendant contends that the question-challenging jurisdiction,was [NEVER WAIVED] by the defendant.It is well settled in the law that when jurisdiction of the court and of the United States is challenged,thus"ONUS PROBANDI IS THE ACTOR". Onus probandi burden of proving the burden of proof:"The strict meaning of the onus probandi,"is that,if no evidence is adduced by the party on whom the burden is cast,the issue must be found against him, Davis VS.ROGERS,1 hiust (del) 44."Where jurisdic- tion is challenged it must be proved.

HAGAN VS. LAVINE,415 u.s. 528 (1974). Because it is not sufficient that jurisdiction of the United States courts may be inferred argumentatively from averments in the pleadings it follows that the necessary factual predict may not be gleaned from the briefs and arguments themselves; This principle of federal jurisdiction applies whether that case is at the stages,or at the appellate stage.

[22] Defendant contends that the court and government has [NOT] been granted jurisdiction through the constitution of the [u]nited States of America,to adjudicate matters beyond the legislative of the United States. The Court's and the government have [FAILED] to offer proof,or making findings and conclusions of law,as to the jurisdiction in the above-alleged criminal act- ion." A COURT CANNOT PROCEED AT ALL IN ANY CASE WITHOUT JURISDICTION BUT MUST ANNOUNCE THE fact and dismiss the cause." THE CHARGED CRIME INVEST EXCLUSIVE AUTHORITY OF THE SUBJECT MATTER TO JUSTIFY THE ABRUPT(POLICE POWER) REMOVAL OF THIS PLAINTIFF FROM THE STATE JURISDICTION,BY THE FEDERAL GOVERNMENT. The Supreme Court in HOUSEBAUM VS. BAUER,120 u.s.450 (1887), searching the language stated:"Here we are bound by statute,and not by statute alone,but by an act of Congress",WHICH OBLIGES US TO FOLLOW THE STATE STATUTE AND STATE PRACTICE.The federal courts are bound hand and foot,and are compelled and,obligated by the federal legislature to[OBEY] the state law."

[23] Defendant contends that such rules prevail where it appears from the record that the court was without jurisdiction, of either person or subject matter.For the record,where it ap- pears from the RECORD that the court did not have jurisdiction of the person or the subject matter;there is no conclusive pre- sumption to preclude an injury into the fact and to prevent a declaration of the invalidity of the judgment.A record which affirmatively shows want of jurisdiction is itself,CONCLUSIVE AS THE FACT.

[23] Defendant contends that moreover,a district court judge may and must check for the courts jurisdiction to proceed, in the pleading. He must do his own MOTION without waiting for the question of lawful jurisdiction to be raised by the parties involved in the proceedings.

He is charged to know that the court proceedings
conducted absent jurisdiction over the subject matter are legally
void and subject to collateral attack.See 46 America Jurispru-
dence 2d Judgments26. As a district court charged with knowledge
that jurisdiction is the authority to hear and determine a
specific case within a class of cases over which the court has
subject matter jurisdiction.Also,awareness that his court is
 subject to **TERRITORIAL LIMITATION AND CANNOT EXTEND**.The judi-
cial authority,which comes pursuant to an act of Congress,and
under which behalf the Court functions. Knowing that the juris-
diction of his court is limited,and can be further limited by
constitutional or statutory provisions to only part of the
territory of sovereignty to which the court belongs.See America
Jurisprudence 2d.Courts 115.

[24].Defendant contends that the district court of
defendants conviction is one limited and special original
jurisdiction,its action must be confirmed to the particular
cases,controversies,and parties over which the constitution and
the laws have authorized it to act; Any proceedings without the
limits prescribed is **CORAM NON JUDICE AND ITS ACTIONS A NULLITY**.
See STATE OF RHODE ISLAND ETAL VS. COMMONWEALTH OF MASS.37 u.s.
657 (1938).The Statute designated the federal government charges,
THAT IF A CRIME DOES NOT AUTHORIZE CONCURRENT JURISDICTION.See
ADAMS VS. UNITED STATES.87 L.Ed 1421.The jurisdiction to deter-
mine jurisdiction doctrine authories courts to issue ancillary
orders while determining their own jurisdiction doctrine author-
izes criminal concept,the violations of such orders,even though
it may later be determined that the court lacks jurisdiction
over the proceedings. [When A COURT ASSUMES JURISDICTION BUT
LATER DISCOVERS THAT IT HAS NO SUBJECT MATTER JURISDICTION,THE
COURT MUST TAKE APPROPRIATE ACTION,ALTHOUGH IT ACTED IN ACCORD-
ANCE WITH ITS PREVIOUS BELIEF THAT IT HAD JURISDICTION.]See
AMERICA JURISPRUDENCE 2d COURTS 60 PAGE 377.JURISDICTION TO
RENDER A JUDGMENT IN A PARTICULAR CASE OR AGAINST PARTICULAR
PERSONS MAY NOT BE PRESUMED WHERE THE RECORD ITSELF SHOWS JURIS-
DICTION HAS NOT BEEN ACQUIRED.See OLD WAYNE MUT LIFE ASSO.VS.
MCDONOUGH. 204 u.s.8,51 L.Ed 345,27 s.ct.236.

(10.)

Hence a fact connected with jurisdiction to render a judgment may not be in the face of statements to the contrary in the record.

## **FAILURE TO ESTABLISH FEDERAL INTERSTATE COMMERCE NEXUS**

[25] Defendant contends that the "U.S.Attorney' [FAILED] to inform the grand jury or the court that the federal statutory provision under which the defendant is charged failed to contain language of an intereState commerce [NEXUS]. The enumerated subsection under which the defendant is unlawfully incarcerated and detained of his liberty,possess no language which could be contrued as incorporating a commerce nexus. Thus, the language of the statute does not grant federal subject matter jurisdiction; nor grant formal notice to the accused party that an alleged violation of TITLE 18/21,also invokes an uncharged violation of the federal interestate commerce statute, even though no prohibitive acts moved beyond the borders of the sovereign state or across state lines or international borders.THE FEDERAL GOVERNMENT DOES NOT HAVE A GENERAL POLICE POWER;THEREBY A LEGITIMATE APPLICATION OF OFFENSE MAY BE APPLIED IF CONNECTED TO AN ALLEGED VIOLATION OF THE INTERSTATE COMMERCE STATUTE.

[26.] DEFENDANT CONTENDS THAT WHERE THE INSTANT MATTER IS CONCERNED ,THE 'U.S.ATTORNEY' HAD FAILED AB INITIO TO ESTABLISH THAT THE SO-CALLED PROHIBITIVE CONDUCT OF DEFENDANT MOVED BEYOND THE BORDERS OF THE SOVEREIGN STATE,THUS IN CLEAR ABSENCE OF A COMMERCE CHARGE,THE GOVERNMENT HAS FAILED TO ESTABLISH FEDERAL SUBJECT MATTER JURISDICTION OVER THE 'ALLEGED'OFFENSE.

[27.] Defendant contends that under our federal system,the "states possess primary authority for defining and enforcing the precise statutory language of the act in question to determine whether it applies solely within jurisdiction of the United States. THERE SIMPLY IS NO STATUTORY LANGUAGE EXPRESSLY STATING THAT THE ACT APPLIES "EXTRA JURISDICTIONALLY." This is particularly apparent from a review of the offense violation, mentions nothing in reference to interstate commerce.It should be noted that in other criminal acts Congress statutory bases such acts upon its interestate commerce, powers: see 18 u.s.c. section 659,660, 842,844,875,922,1231,

1301, 1343,1365,1761,1951,1953,1962,1992,2101,2251,2312,2314,
2316,2317,2421,2422,and 2423.In interpreting the "ACT",the
courts have determined that it must be assumed that it is a
taxing measure,for otherwise it would be no law at all.It is
a mere act for the purpose of regulating it is beyond the
power of Congress and must be regarded as invalid,just like the
"child labor Act" of Congress was held to be,in BAILEY VS.
DREXEL FURNITURE COMPANY,259 u.s.20,the opinion of the Court
delivered by Mr.Chief Justice Taft,in NIGRO VS.UNITED STATES.
276 u.s..

[28] Defendant contends that in UNITED STATES VS.REINIS.
794 f.2d 506 (9th cir.1986),the court stated,An individual
cannot be prosecuted for violating the "ACT" unless he vio-
lates an implementing regulation." see also,UNITED STATES VS.
TWO HUNDRED THOUSAND DOLLAR.590 f.supp.846 (S.D. Fla.1984).
And specifically stated at 1 C.F.R.1.,"All regulations must be
published in the federal register to have general applicability
and legal effect." Regulations published by the secretary at 26
C.F.R. 601-702 (ii), acknowledge the effect of failure to pub-
lish by stating,"Thus for example,any such matter which imposes
an obligation and which is not so published or incorporated by
reference will not adversely change or effect a persons rights."

** FATAL DEFECTS IN THE GOVERNMENT'S CHARGING INSTRUMENTS**
[29] On January 12,2005,numbers:04-104 & 04-105: The Supreme
COURT of the United States cancelled all ORDERS in a Criminal
Case that caused imprisonment.In short,the Supremes' said all
the judgments issued under U.S.S.G.(United States Sentencing
Guidelines) were void for violations of the fifth and sixth
Amendments.Congress may not,under any circumstances interfere
with judicial discretion.Congress did this when it made manda-
tory the USSG on the Courts.This is a Bill of Attainder,a vio-
lation Article I,§2 &3 of the Constitution.This is what the
Court said was a violation,which is called a Bill of Pains and
Penalties.These points are shown very clearly in the United
States Code used to prosecute any one in the federal Courts,and
by silence to American jurisprudence on or as to the Constitu-
tion.An equally important part to understand in that the

(12)

Superior reviewing body,the high court stated the law used to
sentence a prisoner was invalid.There is no severance clause in
the Act of Congress,P.L.98-473,that mandated the U.S.S.G.
Secondarily,the sentences,even if proved by some strange set of
events to be valid,are currently being executed in an illegal
manner.Under Constitutional construction,Am Jur again,when  the
high court negates a provision of an Act without a severance
clause,the whole act is void from the beginning,as if it never
existed,can confer no rights or legal standing.This is a cancel-
lation by any Ones definition.The executive Branch,a creature
of the law,is bound absolutely to act in good faith at all times.
See Article II"executive powers"under the Constitution.
Defendant contends that the U.S Attorney for the U.S.misrepre-
sented the self-evident as self-declaring defects in the govern-
ments own charging instruments.defendant argues that an indict-
ment which fails to allege all of the elements of the alleged
offense is defective and must be dismissed,where one of the
elements is crucial and is in fact the sine-qua-non to the legi-
timate application of the subsequent charged offenses.THE LEGIT-
MATE APPLICATION AND CHARGING OF AN OFFENSE VIOLATION OF TITLE
18/ or21,OF THE UNITED STATES CODE,MUST BE [CONNECTED]TO AN
ALLEGED VIOLATION OF THE FEDERAL INTERSTATE COMMERCE STATUTE;
OTHERWISE FEDERAL SUBJECT MATTER JURISDICTION IS MISSING.SEE
UNITED STATES VS.PUPO.841 f.2d.1235.The defendant argues that an
indictment is jurisdictionally deficient,where it fails to allege,
that the purported prohibitive acts upon which the subsequent
counts are based affected interstate commerce,or foreign commerce.
Otherwise the indictment fails to apprise the accused-party of
what he must be prepared to defend against.Accordingly,an alle-
gation of the interstate commerce is jurisdictional and as such
is an essential element in apprising the defendant of the Grand
Jury's authority to indict under violation of Title 18/or 21.
See  UNITED STATES VS.YOUNG.730 f.2d at224 (The particular pre-
dicate for jurisdiction is an essential element of offense);
UNITED STATES VS.MCCRAY.665 f.2d 664,678,679(5th cir.1982).
The Constitutional rights of an accused are violated when
modifications,at trial/plea or by a court of appeals acts to
broaden the charge contained in the indictment,such modifica-

tions(such as a court's use of the preamble in this"act" to
enlarge or confer power)contradicts the very purpose of the
fifth Amendment Grand Jury requirement.See UNITED STATES VS.
STIRONE.361 u.s. 212,4 L.Ed 2d 252,80 s.ct.See at 273.(Ex-
pressing similar view)s.The failure of the government to in-
clude in the indictment any charge that the defendants conduct
affected interstate or intrastate,or any commerce was not cured
by the citation of the statutes.In the sufficiency of an indict-
ment it is the statement of facts in the pleading rather than
the statutory citation that is controlling.See UNITED STATES
VS.WUCO.535 f.2d 1225(9th cir.1976)cert.Den.429 u.s.978,97
s.ct.488,50 L.Ed.586(1976).IT IS ELEMENTARY THAT EVERY INGRE-
DIENT OF THE CRIME MUST BE CHARGED IN THE BILL,WITH GENERAL
REFERENCE TO THE PROVISIONS OF THE STATUTE BEING INSUFFICIENT.
See HALE VS.UNITED STATES.89 f.2d (4th cir.).And UNITED STATES
VS.BERLIN.472 f.2d 1002,1007(2d cir.1973);also UNITED STATES
VS.BEARD.414 f.2d 1014,1017 (3rd cir.).This indictment under
18/or 21 U.S.C. violation fails to allege a [NEXUS] between
defendant conduct and interstate commerce.In dealing with an
indictment,That charges illicit offense within the borders and
jurisdiction of the state where no alleged commerce allegation
is made,defendant argues that this court should hold that lack
of commerce allegation in the indictment precludes it from con-
sidering whether a conviction under 18/or 21 U.S.C. VIOLATION
can be SUSTAINED.*EVEN IF THE GOVERNMENT ALLEGED AND PROVED
THAT THESE OFFENSES HAD A NEXUS TO COMMERCE.See UNITED STATES
VS.LOPEZ.At 2 f.3d 1342.(The holding of the 5th cir.Court of
Appeals).Also,Title's 18 U.S.C.(And 3,21,28) are non-positive
law. It is difficult to meet it by any argument beyond this
This Statement:An unconstitutional act is not law;it confers no
rights; it imposes no duties;it affords no protection; it creates
no office;it is,in legal contemplation,as inoperative as though
it had never been passed.NORTON VS.SHELBY CO.,SUPRA.118 u.s.
425,441,6 s.ct.1121.(1886).The laws style United States Code
were never enacted as laws of the United States and are incom-
petent,completely naked of authority to found valid criminal
prosecution. Therefore the indictment,judgment and commitment
documents are null and void.

The imprisonment resulting from the same is false.The Senate and
House of Representatives of the United States were in fact NOT
IN CONGRESS assembled on June 25,1948 to enact anything.In fact
the Congressional records clearly and positively show in volume
94,part 7, which covers pages 8229 to 9352 of the second session
of the 80th Congress(these records prove dispositively any and
all Congressional assembled activity) beginning with June 15,
1948 that Congress had closed the doors of business and executed
a conditional adjournment from June 20,1948 to December 31,1948
for the year.See Vol.94, part 7, page 9169,bottom right column,
Members of the second session of the 80th Congress were subse-
quently called back to session by President Truman on July 15,
1948 by constitutional authority of Article II,Section 3 of the
American constitution for,"Extraordinary occasion",to re-convene.
See Vol.94,
Of the Congressional record which covers pages 9253 to10316 of
the second session of the 80th Congressional record herein de-
scribed,Congress had adjourned on June 20,1948 and was not
scheduled to re-convene until December 31,1948.However,for some
unrevealed"Extraordinary Occasion," President Truman had Congress
adjourn for the year on June 20,1948. Article I,Section 5 clause
4 of the America Constitution provides that:"Neither House,during
the session of Congress,shall, without consent of the other,ad-
journ for more than three (3) days,nor to any other place than
that in which the two Houses shall be sitting.Anything less than
this is <u>unconstitutional</u>.How then can "Congress assembled" enact
a law on a specific date in which both Houses of Congress were in
fact engaged in MUTUAL ADJOURNMENT for the year,thus,not assembled?
Congress did not,has not,and constitutionally could not enact any
law when Congress was not in general assembly,such as,for example,
June 25,1948.Thus,title's 3,18,21,and 28,and the federal magistrat-
es act are not constitutional and cannot be positive law."Ignorance
of the law does not excuse misconduct in anyone,even that of a
sworn officer of the law."In RE: McCOWAN,(1917) 177c.93,170p.1100.
Absent publication in the federal register,pursuant to 82 stat.,
1274,the statute and its provisions are restricted to application
within the District of Columbia,in Puerto Rico,in a territory,or
in an insular possession (Rule 54c),and title 44 u.s.c.1505(a),

only against federal officials,agents and employees of the"United
States".Federal rules of criminal procedure:Rule 4 (d)(2),speci-
ally states in pertinent part:"Territorial limits for federal
warrants within the jurisdiction of the (federal) United States."
F.R.Crim.P.: Rule 54 (2) offenses outside a (federal) district or
(sovereign) state: "These rules apply to the proceedings for off-
enses committed upon high seas or elsewhere out of the jurisdiction
of any particular state or district,except that such proceeding may
be had in any district that is authorized by 18 u.s.c.3238."Again
one finds a non-enacted law provision.

[30] DEFENDANT CONTENDS THAT THE FEDERAL GOVERNMENT'S
FAILURE TO ESTABLISH PROOF OF OTHER EVIDENCE OF JURISDICTION OR
OWNERSHIP OVER EACH AND EVERY GEOGRAPHICAL LOCATION IN THE INDICT-
MENT IN WHICH THE ALLEGED CRIMINAL ACTIVITIES TOOK PLACE DIVESTED
THE COURT OF JURISDICTION OVER THE SUBJECT-MATTER AND MANDATES RE-
VERSAL. Where the lands were never ceded to the United States,and
the locations which lie within the territorial boundaries of the
states and not the federal government,then the federal government
lacks jurisdiction over the criminal activities,which lie therein.
Thus the government's view that title 18/or 21 u.s.c.violation;
can be used and applied to all crimes that occur anyplace or in
any geographical location,even though the statute lacks commerce
nexus,and the government's failure to allege my effect on commerce,
or other basis for jurisdiction,and not withstanding the states
sovereign jurisdiction over its territory,are contrary to the
constitution of the United States. Such a position would ask this
Court to infer that Congressional laws may be converted to general
police power and authority,without statutory or constitutional
support,which only the states may properly possess.

[31] Defendant contends that it is affirmly established and
accepted facts that the federal government's power,authority,and
jurisdiction does not exceed or extend beyond the boundaries and
parameters of the embodiment of the federal government itself.
I.e."Territory,lands,and property owned by the federal government
over which jurisdiction has been ceded by the state legislature,"
However, the federal government does not have the power,nor does

the Constitution grant the power to punish a person for various
other crimes over which jurisdiction is retained by the state.
Preventing and prosecuting such various crimes is much more the
business of the state than the federal government.ARIZONA VS.
MANYPENNY.451 u.s.232,101 s.ct.1657.It is of the utmost impor-
tance and relevance to note, retain,and embellish within the
mind that the territorial jurisdiction of the United States is
limited to the federal enclaves.UNITED STATES VS.FESSLER. 781 f.
2d 384,386 (1986).In the instant matter,the facts and offenses
alleged do not conform with or meet any of the jurisdiction of
the subject matter,any prosecution or continuation of this matter
is unlawful at its inception and duration.To bring the offenses
within the jurisdiction of the federal Courts,it must have been
committed out of the jurisdiction of[ANY] state;it is not the
offenses committed,but rather the [PLACE] in which the offenses
is committed.PEOPLE VS.GODFREY.17 johns 225 at 233.In the doctrine
of "LEX LOCI" of the "LAW OF THE PEACE"determines that standard of
conduct and governs as to matters within the right of action.See
GRAY VS.BLIGHT.112 f.2d 696.While no one disputes the proposition
that "The Constitution created a federal government of limited
powers," GREGORY VS.ASHCROFT.501 u.s. 452,115 L.Ed 2d 410.111
s.ct. 2395 (1991); and that while the tenth Amendment makes
explicit"That the powers not delegated to the United States by
the constitution nor prohibited by it to the states,are reserved
to the states respectively,or to the people."

[32] Defendant contends that in a case like this one,the
argument is the division of authority between the state and the
federal government.The governments broader reading of these
statutes would mark a major inroad into the domain traditionally
left to the states.If a power is delegated to Congress in the
Constitution (such as those enumerated),the Tenth and Eleventh
Amendment expressly disclaims any reservation of that power the
constitution has not conferred on Congress,UNITED STATES VS.
OREGON.336 u.s.643,649,6 L.Ed 2d 575,81 s.ct.1278 (1961).CASE
VS.BOWELS.327 u.s.92,102,90 L.Ed 552,66 s.ct.438(1946);

OAKLAHOMA EX REL PHILLIPS VS.GUY F.ATKINSON CO.,313 u.s.508,534,
85 L.ED.1487, 61 s.ct.1050(1941).

[33] Defendant contends that in this sense that the tenth amendant "states but a truism that all is retained which has not been surrendered." UNITED STATES VS. DARBY.312 u.s. 100,124,85 L. Ed.609,61 s.ct.451,132 ARL 1430(1941). As Justice Story put it, " This Amendment is a mere affirmation of what,upon any just reasoning,is necessary rule of interpreting the constitution.Being an instrument of limited and enumerated powers,it follows irresistible,that what is not conferred is withheld and belongs to the state's authorities.3.j.STORY COMMENTARIES ON THE CONSTITUTION OF THE UNITED STATES 752 (1833).

[34] Defendant contends that the federal government did not have exclusive jurisdiction over the geographical location wherein the alleged activity took place,in lands and a need building which were never ceded to the United States,the interstate commerce element becomes essential to establishing jurisdiction and prove every element of the offense.Applying the rationale of the Supreme Court in UNITED STATES VS.MECHANIK.475 u.s.66,70.106,s.ct.938,941, 89 L.Ed 2d 50(1989) and UNITED STATES VS.HOOKER.841 f.2d 1225, like the decision in HOOKER,defendant maintains that the harmless error analysis of MECHANIK, cannot be applied here because the court had no jurisdiction to try the defendant on a count which failed to expressly allege an affect on inter or intrastate commerce.JURISDICTION IS LACKING IF THE INDICTMENT DID NOT ALLEGE A FEDERAL CRIME,BY MEANS OF A CONNECTION WITH INTERSTATE COMMERCE. This action by the prosecutor,would certainly deprive the defendant the basic protection,which the guaranty of the intervention of a GRAND JURY was designed to secure.For the defendant could then be convicted on the basis of charges not found by and perhaps not even presented to the Grand Jury,which indicted him.See ORFIELD, criminal procedure from arrest to appeal,243.

[35.] Defendant now asserts his fifth and sixth amendment rights of due process and equal protection in law,in arguing that he has never been indicted by the Grand Jury for affecting any commerce! Thus, failure to present this element or state it in the pleading of the indictment,preclude the Court from sustaining his conviction. For all these above and herein reasons,defendant

asks this Court to look carefully to the Constitution and cited statutes,Defendant asks this Court to invoke the doctrine of stare decisis: When a Court has once laid down a principle of law applicable to a certain state of facts it will adhere to that principle,and applyit to all future cases,where facts are substantially the same regardless of whether the parties are the same.The doctrine stare Decisis,Provides the means by which courts assure that the law will merely change erratically but will develope in principle and intelligible fashions; the doctrine permits society to presume that bedrock principles are found in law rather than in the procivilities of individuals and thereby contributes to the integrity of our constitution system of government both in appearance and in fact; Defendant now, invokes the doctrine of stare Decisis to his arguments herein; Any departure from the doctrine of stare decisis demands special justification. ARIZONA VS.RUMSEY.467 u.s.203,212, 81 L.Ed 2d 164,104 s.ct.2305 (1984); also OREGON VS.KENNEDY.456 u.s. 667,691,692 n.34, 72 L.Ed 2d 416,102 s.ct. 2083 (1982) Stevens J.Concurring in Judgment.

## ** 18/or 21 U.S.C. VIOLATION**

[36.] Defendant contends that if Congress wanted any statute to be used,outside of its territorial jurisdiction,such as anywhere or any place then it would have included the interstate commerce nexus that is required." A Federal Statute intended to be enforced within the states exceeds Congress commerce clause authority." To uphold the government's contention that it can bring criminal charges committed within a state is to convert congressional authority into a police power which is only within the authority of the states.See UNITED STATES VS.LOPEZ. No 93-1260,(decided April 26th 1995) in MCCULLOUGH VS.MERYLAND.4 wheat 316 (1819), the federal government had to acknowledge that it can only exercise power granted to it.The enumerated presupposes not enumerated.See, GIBBONS VS.OGDEN.SUPRA,at195.The Constitution mandates that Congress cannot create or give itself plenary powers over the state territories.Congress must operate within the framework of what the Supreme Court defines the law to be.See, MARBURY VS.MADISON.,1 cranch 137,177 (1803).

[37.] Defendant contends that where the instant matter concerned, the defendant committed [NO] violation of any properly enacted and duly promulgated federal law within the legislative jurisdiction of the federal United States, [NOR] within the parameters defined under the implementing regulations for the federal sentencing provisions, thus, the sentencing provisions set out under 18 u.s.c. 3551,3553 thru 3559 do not apply to the accused.

[38] Defendant contends that the Court will find that the statutory provisions under which the U.S. district court will impose the sentence against the accused (18 u.s.c. 3551,3553 thru 3559). Apply not to the Acts of Congress, which are applicable only in the District of Columbia. See Rule 54c.

[39.] Defendant contends that an invalid, unconstitutional or non-existent statute affects the validity of the "Charging Document", that is, the complaint, indictment or information. If these documents are void or fatally defective, there is no subject matter jurisdiction since they are the basis of the Court's jurisdiction. When an accused-party is indicted under a not yet effective or in enacted statute, the charging document is null and void.

[40.] Defendant contends that the indictment or complaint can be invalid if it is not constructed in the particular mode or form prescribed by the Constitution or statute 942 C.J.S. "INDICTMENTS AND INFORMATION'S," (1p.883) But it also can be defective and void when it charges a violation of a law, and that law is void, unconstitutional, un-enacted, or misapplied. If the charging document is void, The subject matter of a court does not exist. The want of a sufficient affidavit, complaint, or information goes to the jurisdiction of the court,...and renders all proceedings prior to the filing of a proper instrument void ab initio. 22 CORPUS JURIS SECUNDUM, "CRIMINAL LAW," 324, p. 390.

[41] Defendant contends that one-way in which a complaint, or indictment fails to charge a crime, is by its failure to have the charge based upon a valid or duly enacted law. Complaints or indictments which cite invalid laws, or incomplete law, or non-

existent law is regarded as being invalid on their face,THUS FATALLY DEFECTIVE.

[42.] Defendant contends that the crux then of this whole issue of jurisdiction revolves around law,that is,the law claimed to be violated.If one is subject to a law,they are then under the jurisdiction of some authority.If a crime is alleged but there is no law to form the bases of that crime there is no jurisdiction to try and sentence one even though they may be subject to the legislative body and the court.There has to be a law, a valid law,for subject matter jurisdiction to exist.Laws which lack an enacting clause,are not laws of the legislative body to which we are constitutionally subject,at all. Thus if a complaint or information charges one with a violation of a law which has no enacting clause,then no valid law is cited. If it cites no valid law then the complaint charges no,and the court has no subject matter jurisdiction to try the accused party.[N]o authority need to be cited for the proposition that, when a court lacks jurisdiction,any judgment rendered by it is void and unenforceable,...and without any force,or effect what-soever.HOOKER VS.BOLES.346 f.2d.285,286,(1965).

[43] Defendant contends that a judge or a court may be in a legal sense immune from any claim that it is guilty of wrong because of its improper exercise of jurisdiction.However,it has no such protection where it lacks jurisdiction and [The issue has been raised and asserted.] When the lack of jurisdiction has been shown,a JUDGMENT RENDERED IS NOT ONLY VOID,BUT IS ALSO USURPATION. Jurisdiction is a fundamental prerequisite,and a usurpation thereof is a nullity.22 CORPUS JURIS SECUNDUM, "CRIMINAL LAW", 150 p.183.The excessive exercise of authority has reference to want of power over the subject matter,the re-sult is void when challenged directly or collaterally.If it has reference merely to the judicial method of the exercise of power,the result is binding upon the parties to the litigation till reversed...the former is usurpation;The latter error in judgment.VOORHEES VS.THE BAND OF THE UNITED STATES.35 u.s.449, 474-75 (1936), the line which separates error in judgment from the usurpation of power is very definite.The Supreme Court of

the United States stated: Judges shall be impartial and held
accountable when judges are biased.BRACY VS.WARDEN.U.s.s.ct.#
96-6113 (June 97). Also "If a judge does not fully comply with
the Constitution t5hen that judges orders are void." In re:
SAWER 124 u.s. 200 (1888).And he/she is without jurisdiction,
and he/she has engaged in an act of treason. Also see U.S. VS.
WILL.449 u.s.200,216,-101 S.Ct.471,66 L.Ed and392,406 (80) Also
SCHEUER VS. RHODES.416 u.s. 232,94 s.ct. 1683,1687,(1974)."Void
judgments are those rendered by a court which lacked jurisdiction,
either of subject or the parties;and are totally void."WAHL VS.
ROUND VALLEY BANK. 38 Ariz. 411,300 p.955 (1931),TUBE CITY CO VS.
OTTERSON.16 ARIZ. 305 p.203.Also MILLIKEN VS.MAYER. 311 u.s. 457
s.ct. 339,85 L.Ed 2nd 278 (1940),LONG VS.SHOREBANK CORP.182 f.3d
548 (CA.7 ILL 1999),Lubben vs.Selective Service Bd.#27,453 f.2d.
645,ALR FED.298(CAL., MASS.1972)." A void judgment is one which
from the beginning was a complete nullity and without any legal
force or effect."HOBBS VS. U.S. OFFICE MNGMNT.485 f.supp.457
(m.d.Fla.1980), HOLSTEIN VS. CITY OF CHICAGO.803 fed.Supp. 205,
149F.R.D. 147,affirmed 29, f.3d 1145 (92)."Void judgments are
where court personnel or subject matter jurisdiction or entry of
order violated fed. R.Civ. P.Rule 60(B)(4) 28 u.s.c.a. const.
Amend,5, KLUGH VS.U.S. 620 f.supp.892 (85), RUBIN VS.JOHNS.109
f.r.d. 174 (85), WARD VS.TERRIENE.386 p.352 (63).Also,"A void
order may be attacked either collaterally or directly at ANYTIME."
In re:ESTATE OF STINEFIELD.630 NE and 801,also see STINEFIELD VS.
HADDICK.5 u.s. 809 (ILL 1994). Void judgments generally fall into
two classifications,that is,judgments where there is want of juri-
sdiction of persons or subject matter,and judgments through fraud.
IRVING VS.RODRICK. 169 NE 2nd 145 (Ill. APP.2nd 1960).

## ** CONCLUSION**

[44] The defendant stands firm on his assertion that he was highly
prejudiced by the prosecutor;not qualifying the jurisdictional
[NEXUS] in the statute,to the grand jury.Defendant argues that
Congress intent,and the statutes [TRUE] jurisdiction as seen in
the offense and conviction under the indictment may not stand. A
grand jury in order to make the ultimate determination,must neces-
sarily determine,what gives the government jurisdiction to sustain,

or bring these charges, to allow the prosecutor,or the Court to
make a subsequent guess as to what was in the minds of the grand
jury at the time they returned the indictment would deprive the
defendant of a basic protection which guarantee of intervention
of a grand jury was designed to secure.For a defendant could then
be convicted on the basis of facts not found by the grand jury or
perhaps not even presented to the grand jury which indicted him
such as this case now, before this Court, the jurisdiction nexus
needed and required certainly was never presented to the defen-
dants grand jury,nor the fact that the charging instruments don't
apply to defendant.For similar views.See Orfield Criminal Proce-
dure from arrest to appeal 243. This underlying principle is re-
flected by the settled rule in the federal courts that an indict-
ment may not be amended except by submission to the grand jury un-
less the charge is merely a matter of form, EX PARTE BAIN,121 u.s.
1,30 L.Ed 849, 7 s.ct 781; UNITED STATES VS.NORRIS.821 u.s.619,
74 L.Ed 1076,50 s.ct.424;STIRONE VS.U.S.;361 u.s.212,4 L.Ed 2d 252,
80 s.ct.270.If it lies within the province of the court to amend
an indictment to suit its own notion of what ought to have been,
(such as by going to the "preamble" of the statute to satisfy
when the "preamble" was never presented to the grand jury).The
great importance which the common law attaches to an indictment
by a grand jury,as a prerequisite to prisoner's plea/trial for
a crime and without which the constitution says no person shall
be held to answer,may be frittered away until it's value is al-
most destroyed. Any other doctrine would place the rights of the
Citizens which were intended to be protected by this constitutional
provision,at the mercy or control of the court or prosecuting
Attorney; For if it be once held that the charges can be made by
the consent or the order of the Court in the body of the indict-
ment as presented by the grand jury, and the prisoner can be call-
ed upon to answer to the indictment as thus charged,the restric-
tion which the constitution places upon the power of the court,in
regard to the prerequisite places upon the power of the Court,in
regard to the prerequisite of an indictment,in reality no longer
exists.EX PARTE BAIN,SUPRA.121 u.s. at 10, 13.

[45] Defendant contends that the government lacked federal subject matter jurisdiction where no prohibitive acts or conducts of the defendant moved beyond the borders of the sovereign state, not was the defendant indicted via the government's charging instrument,for an alleged violation of the federal interstate commerce statute,Thus the federal GOVERNMENT LACKED FEDERAL SUBJECT JURISDICTION, a sine qua non to the federal prosecution of the offenses"alleged" against the defendant.

[46] **The defendant asserts prosecutorial MISCONDUCT and plain error,52 (b) F.R.C.P., to the indictment in which was amendment to cure the jurisdictional requirement;the indictment failed to explicitly,allege a nexus to commerce.See UNITED STATES VS. KNOWLES.29 f.3d 947,952 (5 th cir.1994).**

[47] Defendant asserts that "RES JUDICATA" consequences will not be applied to a void judgment which is one which,from its inception,is a complete nullity and without legal effect. ALLCOCK VS.ALLCOCK.437 N.E. 2nd 392(ILL.APP.3 Dist.)

[47] **Defendant contends that the district(Tribunal) court of his conviction exercised"JURISDICTION" under 18 u.s.c. 3231. Apply not to the acts of Congress,which are applicable only in the district of Columbia.See Rule 54 c .Said court mentions nothing in reference to common law or vice admiralty,the only two jurisdictions mentioned in the Constitution,the Constitution mentions nothing that could be condtrued as "JURISDICTION" under 18 u.s.c. 3231. Totally absent all jurisdiction to convict this defendant. WHOLLY VOID OF JURISDICTION.**

[48] **Defendant contends that this HONRABLE court must find as a matter of law,That the defendant is in custody and detained of his liberty in violation of the Constitution of the United States for the[u]nited States of America,where the foregoing and the courts own record supports that the FEDERAL GOVERNMENT LACK – ED FEDERAL LEGISLATIVE JURISDICTION OVER THE DEFENDANT,THE LOCUS IN QUO FROM THE BEGINNING WHEREON THE PURPORTED PROHIBITIVE ACTS WERE ALLEGED TO HAVE BEEN COMMITTED.**

[49] Defendant contends that no citizen shall be imprisoned or otherwise detained by the United States except pursuant to an ACT OF CONGRESS.(See 18 u.s.c. 4001 (a).).

[49] Defendant (petitioner) most humbly prays this HONORABLE
court will do the correct thing and issue order of void JUDGMENT
in this cause,and release defendant from UNLAWFUL CUSTODY.
WITH EXPLICIT RESERVATION OF ALL MY UNALIENABLE RIGHTS AND WITH-
OUT PREJUDICE TO ANY OF MY UNALIENABLE RIGHTS.

**Citizen of the Republic,In Propria Persona,Sui Juris**

EXECUTED THIS __7ᵗʰ__ DAY OF __Feb__ ,20__07__,C.E.

**"WITHOUT PREJUDICE UCC §1-207"**

/s/ _Sammy Woods #30425-013_
_Federal Correctional Insti_
_c/o P.O.Box (34550)_
_Memphis,Jenn (38138)-0550_

RE: USDC CRIM.CAUSE NO. 01-cr-00214-WYD
    USDC CIV. CAUSE NO. 06-cv-01898-WYD

ATTACHMENTS: EXHIBIT#I
              80 Congress Records.
[BRIEF] MEMORANDUM OF LAW-[END]