IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Crim. No. 01-CR-00214-WYD
Civil Action No. 06-CV-02557-WYD

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.

5. THEOLIAN LLOYD,

        Defendant/Movant,

## UNITED STATES' ANSWER TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

The United States responds to defendant's post-conviction motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (doc. 3406).

### Stated Grounds For Relief

The defendant alleges five claims of ineffective assistance of counsel and four claims of abuse of discretion by the court.

### Timeliness

Title 28, U.S.C. § 2255 requires that a motion be filed within one year of "the date on which the judgment of conviction becomes final . . . ." Final judgment entered on April 15, 2004. *See* doc. 3029 (attachment 1). The

defendant appealed his conviction and the Court of Appeals affirmed on September 15, 2005. *See United States v. Willie Small, et al.*, 423 F.3d 1164 (10th Cir. 2005) (attachment 2). The defendant did not petition the Supreme Court for certiorari, and his conviction thus became final on December 14, 2005. *See United States v. Burch*, 202 F.3d 1274, 1276 (10th Cir.2000) (judgment of conviction becomes final under § 2255 on the later of the expiration of 90 day time for filing certiorari petition, or Court's final disposition of petition). Defendant's § 2255 motion was not filed until December 22, 2006. However the motion contains a declaration that it was placed in the prison mailing system on December 14, 2006. Motion at 14. A *pro se* prisoner's filing "will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself received the documents." *Price v. Philpot*, 420 F.3d 1158, 1163-65 (10th Cir. 2005). Thus the government will not contest the timeliness of defendant's motion.

Pursuant to Rule 5(b) of the Rules Governing § 2255 Proceedings, the United States informs the court that no prior post-conviction motions have been filed by the defendant and no hearings have been conducted.

Page 2 of  22

## Factual Background

Following trial to a jury, the defendant was found guilty of conspiracy to distribute 50 grams or more of crack cocaine. Doc. 2661 & 3029.  Trial began September 22, 2003, and ended November 13, 2003. The Second Superseding Indictment charged thirty-two defendants with drug trafficking, firearms offenses, and money laundering. Doc. 1595. Seven of those defendants remained at the time of trial: Willie Small, Sammy Woods, Alvin Green, Theolian Lloyd, Zebedee Hall, Max Cooper, and George Murray. Small, Woods, Green, Lloyd, and Hall were found guilty of the conspiracy charge (Count I);  Murray and Cooper were both acquitted of the conspiracy charge.

In addition to the conspiracy conviction, the defendant was convicted on Counts Fourteen and Seventeen, charging the distribution of, and possession with intent to distribute, crack cocaine. The jury acquitted Lloyd of similar conduct charged in Count Sixteen. Doc. 2661 & 3029.

The sentence was driven by the quantity of crack cocaine charged in Count One (50 grams or more) and the fact that the defendant had a prior felony drug conviction. This court sentenced defendant to the statutory minimum term of 240 months' (20 years) imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A).

## Argument

To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's performance prejudiced him in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). This court must "give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (*quoting Strickland*, 466 U.S. at 690).

In reviewing a claim of ineffective assistance "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

## FIRST CLAIM
## Failure to Negotiate a Plea Agreement

The defendant argues his "[c]ounsel should have argued for plea agreement conceding to 28 grams, especially in light of counsel admitting to such in open court." Motion at 4. The only elaboration on this argument is contained in the supporting brief, where defendant asserts that his counsel at sentencing admitted to "28 grams" in open court without consulting with him. Brief at 2 (*citing* "sentencing transcript p. 17 lines 6-12"). The defendant implies his counsel should not have made this concession, but having made it, should have argued for a plea agreement limited to this amount. Defendant's argument is unfounded.

The transcript shows that at this point in the proceedings, defendant's counsel was arguing against the government's position that 84 grams of crack cocaine were relevant to sentencing. *See* Tr. 4/07/04 (attachment 3) at 14 ("I believe we can show 84 grams that he himself touched").[1] Acknowledging that his client was convicted of distributing crack cocaine in counts fourteen and seventeen, defense counsel avowed: "I concede that there is evidence in the

---

[1] The government argued for additional drug amounts, based upon the conduct of co-conspirators, but the court had previously indicated it would consider only drug quantities with which the defendants were personally involved.

record to support 14 grams on each occasion. So there is, admittedly, evidentiary support for 28 grams." *Id*. at 17, ls. 9-12. This was not an undue concession on counsel's part, because the jury returned special verdicts finding the drug quantities for these counts. This dispute is immaterial to defendant's sentence, however, because this court imposed the statutory minimum sentence mandated by defendant's conviction for conspiring to distribute 50 grams or more of crack cocaine. In affirming defendant's conviction, the Tenth Circuit held that "Lloyd's argument that the district court erred in finding eighty-four grams of crack cocaine attributable to him is irrelevant. Because the fifty grams required for imposition of the statutory minimum sentence was found by the jury, Lloyd would have been subject to the same sentence even if the district court had not made this finding." *United States v. Small, et al.*, 423 F.3d at 1187 n. 11. Thus, the arguments of his counsel at sentencing in no way affected defendant's sentence, and he cannot show prejudice from his counsel's concession that he distributed 28 grams of crack cocaine.

Although the defendant went to trial, he maintains his counsel "should have argued for plea agreement conceding to 28 grams." Motion at 4. This allegation is insufficient to raise any material issue as to his counsel's effectiveness. In the more common situation, where a defendant alleges he

wanted a trial, but entered a guilty plea due to ineffective assistance of counsel, "the test for prejudice is whether he can show that he would not have pled guilty had his attorney performed in a constitutionally adequate manner." *Miller v. Champion*, 262 F.3d 1066, 1068-69 (10th Cir. 2001), *citing Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In such a situation, a defendant is complaining of the loss of a right guaranteed by the Constitution, *i.e.*, a jury trial. Defendant's situation is quite different, because he has no constitutional right to a plea bargain. *Cf. Williams v. Taylor*, 529 U.S. 362, 393 n. 17 (2000) (unfairness does not result if ineffective assistance of counsel does not deprive a defendant of substantive or procedural right).[2]

A defendant presumably enjoys the right to effective assistance of counsel in plea bargaining, and thus many courts have looked to *Strickland* to determine whether a defendant was prejudiced by his counsel's alleged failure to communicate (or, in this case, negotiate) a plea offer. *See, e.g., United States v. Day,* 969 F.2d 39, 44 (3rd Cir. 1992) and cases cited therein. But that is not the case here. The defendant cannot show prejudice, because he cannot show that the government ever offered or agreed that he could

---

[2]  The potential enforcement of this lost "right" is also problematic, because the government here did not enter into a plea agreement. Defendant in effect is requesting specific performance of a contract that never existed.

plead guilty to distributing only 28 grams of crack cocaine. Self-serving or after-the-fact statements that a defendant wanted to plead guilty are insufficient to establish that counsel was ineffective. *See, e.g., Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991), *citing Strickland*, 466 U.S. at 694; *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991); *United States v. Turner*, 281 F.3d 851, 881 (9th Cir. 2002). Defendant's counsel here admitted to the quantity of 28 grams of crack cocaine at sentencing, a concession compelled by the jury's verdicts finding the defendant guilty of distributing this quantity of drugs. Because this concession occurred after trial, defendant's argument that his counsel should have argued for a plea bargain in this amount is frivolous. Defendant provides no evidence that the government offered such a plea bargain, or that his counsel was ineffective in handling pre-trial plea negotiations.

### SECOND & THIRD CLAIMS
### Mitigating Factors At Sentencing

The defendant alleges his counsel was ineffective at sentencing for failing to argue for a downward departure based upon his "'Gambling Disease' or possible 'Drug Addiction.'" Brief at 2-4. Defendant's arguments and record citations do not establish a factual basis for either claim, but this is immaterial because he received the statutory minimum sentence. A court

may not depart below the minimum sentence provided by statute.[3] Nor could defendant have benefitted from a post-*Booker* argument that a lower sentence would have been reasonable. *See United States v. Payton,* 405 F.3d 1168, 1173 (10th Cir.2005) (finding no error, constitutional or otherwise, in sentencing defendant to mandatory minimum sentence);  *United States v. Williams*, 403 F.3d 1188, 1202 (10th Cir.2005)(noting mandatory minimums unaffected by *Booker* ) (Murphy, J, concurring and dissenting);  *United States v. Childs*, 403 F.3d 970, 972 (8th Cir.), *cert. denied*, 126 S.Ct. 466 (2005) (*Booker* "wholly inapposite" when reviewing mandatory minimum sentences). Thus, the defendant could not have been prejudiced by any failure of his counsel to seek a departure based upon his alleged gambling disease or drug addiction.

## FOURTH CLAIM
## Failure to Petition for Certiorari

The defendant argues his counsel was ineffective for failing to petition the United States Supreme Court for certiorari. However review by the Supreme Court is discretionary, *see Ross v. Moffitt*, 417 U.S. 600, 616-17 (1974), and the Court has held that defendants have no right to counsel to pursue discretionary review. *See Wainwright v. Torna*, 455 U.S. 586, 587

---

[3] Few exceptions to this rule exist. *See* USSG § 5K1.1 (motion by the government based upon a defendant's substantial assistance) and USSG § 5C1.2 ("safety valve"). Neither exception benefits the defendant.

(1982). Because defendant had no constitutional right to counsel, he was not deprived of effective assistance of counsel when his attorney did not file a petition for a writ of certiorari. *Id.* at 587-88.[4]

Defendant's claim lacks merit in any event. In setting forth the issue he apparently wanted his counsel to pursue in the Supreme Court, the defendant discusses what constitutes the "statutory maximum" and whether facts supporting his sentence must be proved by a preponderance of the evidence or beyond a reasonable doubt. The gravamen of his argument is that his sentence was imposed in violation of the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), and that his counsel therefore should have sought Supreme Court review of the Tenth Circuit's decision.  Brief at 4-6. Defendant's argument is misguided because, as established above, his 240 month sentence was not the result of impermissible judicial fact-finding. The sentence imposed followed directly from his conviction for conspiracy to distribute 50 grams or more of crack cocaine and his prior drug felony conviction. The evidence of the conspiracy

---

[4] This was the holding of the court in *United States v. Thomas*, No. 01-1063, 33 Fed.Appx. 446, 448 (10th Cir. 2002) (unpublished), which is cited pursuant to Fed.R.App.P. & 10th Cir. R. 32.1. A copy is attachment 4.

was found by the jury under a reasonable doubt standard. Defendant's prior conviction was found by the district court, under a preponderance standard, but this does not violate the constitution. *See Almendarez-Torrez v. United States*, 523 U.S. 224 (1998); *United States v. Moore*, 401 F.3d 1220, 1223 (10th Cir. 2003). Defendant's sentence was imposed in accordance with Supreme Court precedent and his counsel reasonably declined to seek further review.

## FIFTH CLAIM
### Failure to Investigate Prior Conviction

Defendant argues his counsel was ineffective for not investigating his "prior conviction for constitutionality, illegality, or otherwise." Brief at 7. The presentence report shows that the defendant was convicted, in Englewood, Colorado, of the felony offense of attempted unlawful possession of cocaine. The offense was committed in 1993, but sentence apparently was not imposed until 1996. *See* PSIR at 14. The defendant is correct that at sentencing his counsel did not challenge the conviction. *See* Tr. 4/07/04 (attachment 3) at 3. Defendant's sentence was enhanced, under 21 U.S.C. § 851, based upon an information filed by the government which set forth this prior conviction. Section 851(e) provides that no person "may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction. Thus,

the age of defendant's conviction precluded his counsel from challenging its validity.

Even absent this statutory bar however, the defendant does not provide any reason for the court to conclude that his prior conviction was invalid. The Supreme Court has held that the only basis for attacking prior convictions during sentencing is the lack of appointed counsel in the prior cases. *See Custis v. United States,* 511 U.S. 485, 495 (1994). The presentence report shows the defendant was represented by counsel. *See* PSIR at 15, ¶ 66. Lacking any evidence that a challenge to the conviction might have been successful, the defendant cannot show prejudice resulting from his counsel's failure to investigate the matter.

## SIXTH & SEVENTH CLAIMS
### Abuse of Discretion

The defendant argues this court abused its discretion in accepting evidence at trial that was not proven beyond a reasonable doubt (claim six) and in sentencing him based on facts not proven beyond a reasonable doubt (claim seven). Motion at 5 & 7; Brief at 8-10. Both of these claims were raised and rejected on appeal.

Defendant argued during his direct appeal that the evidence was insufficient to support his conspiracy conviction. The Tenth Circuit rejected

this argument, finding that "[t]he jury in this case could reasonably have concluded from the intercepted telephone conversations that Lloyd was at least aware of the essential objective of Small's drug network. The jury could further have concluded that he knowingly and voluntarily advanced that objective by receiving and selling fronted drugs on behalf of Small." *See United States v. Willie Small, et al.*, 423 F.3d 1164, 1185 (10th Cir. 2005). Defendant also argued on appeal that his sentence was improper "because the district court found facts by a preponderance of the evidence during sentencing." *Id*. at 1186. The court however found no error because "the only facts necessary for appellants' sentences were either submitted to the jury or involved the fact of a prior conviction . . . ." *Id*. at 1187.

Because the defendant litigated these issues on direct appeal, he is foreclosed from re-litigating them in this court. *See United States v. Cox*, 83 F.3d 336, 342 (10th Cir. 1996) (holding  district court correctly concluded defendant may not raise issue in a § 2255 motion that was decided on direct criminal appeal). The court in *Cox* cited its earlier decision in *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994), where the court observed that "we have previously considered and disposed of these issues on direct appeal" and held that "[t]herefore, Defendant may not raise these issues under § 2255." *See also United States v. Cook*, 997 F.2d 1312, 1318 n. 6 (10th Cir.1993)

(claim of erroneous admission of evidence addressed on direct appeal could not be considered under § 2255); and *United States v. Pritchard*, 875 F.2d 789, 791 (10th Cir.1989) (absent intervening change in law of circuit, issues disposed of on direct appeal generally will not be considered in a § 2255 collateral attack).

## EIGHTH CLAIM
### Abuse of Discretion (Exculpatory Evidence)

The defendant maintains the prosecution withheld material exculpatory evidence. The primary support defendant offers for this claim is his assertion that cooperating witness, "Dechaun Davis denied certain transactions in his plea agreement that was used as substantial evidence for prosecution that is material to petitioner's defense." Brief at 10. Defendant does not identify what transactions he is referring to and does not suggest how the transactions were material to his defense.

In any event, this issue could have been raised during defendant's direct appeal but was not, and the defendant is precluded from raising the issue in his § 2255 motion, absent a showing of cause and prejudice. In *United States v.Cox*, the court held that "[a] § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal." 83 F.3d at 342, *citing Warner*, 23 F.3d at 291. Thus, "[w]hen a defendant fails to raise

an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *Id*.

Defendant suggests that his reason for failing to raise this issue on appeal was ineffective assistance of counsel, Motion at 9, but he fails to provide supporting argument or authority. Allegations of ineffective assistance that merely consist of legal conclusions, without a factual basis, are insufficient to justify relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court reaffirmed this in *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994), holding, "we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments."

Defendant's allegations, on their face, do not suggest impropriety in any event. Defendant complains that Davis denied engaging in certain transactions with him. The relevance of this is unclear, but the government was not required to prove any specific transactions, *i.e.*, drug distributions, to establish the conspiracy charge. The essence of a conspiracy is an agreement to violate the law, in this case an agreement to distribute crack cocaine. *See United States v. Esparsen*, 930 F.2d 1461, 1471 (10th Cir. 1991); *United*

*States v. Kelly*, 892 F.2d 255, 259 (3rd Cir. 1989). Thus, the defendant could be found guilty of conspiracy even if there were no evidence of actual distributions.

There was such evidence at trial, however. In affirming defendant's conspiracy conviction, the Tenth Circuit noted that the jury also found the defendant "guilty of two independent purchases of fourteen grams of crack cocaine from Small . . . ." 423 F.3d at 1184. The court concluded that a jury reasonably could conclude the defendant was furthering the conspiracy's objective by redistributing the drugs for profit. The court noted that in one call intercepted on the government's wiretap, "Small and Lloyd were caught discussing the possibility of Lloyd selling drugs in a particular location"; the court also noted that trial evidence showed Small would front drugs to Lloyd, suggesting "that Lloyd was expected to redistribute the fronted drugs for profit." *Id*. Given the abundant evidence of his role in the drug distribution conspiracy, defendant has failed to show that any "transactions" involving Davis were either exculpatory or material to his conspiracy conviction. Although defendant claims the individuals who testified against him were impeachable, the defendant had an opportunity to cross-examine the witnesses at trial. The credibility of the witnesses was for the jury to decide.

## NINTH CLAIM
### Abuse of Discretion (Reasonableness)

Duplicating earlier arguments, the defendant asserts his sentence was unreasonable. Defendant argues "there was no special verdict to decide the specific quantity at trial in the conspiracy attributable to defendant and when this happens and the judge at sentencing finds the amount by a preponderance of the evidence, it creates doubt to the constitutionality of the sentence." Brief at 10. Defendant's allegation is identical to the allegation he made on appeal, where he asserted that on the conspiracy count "the jury did not render a special verdict as to the amount of crack cocaine" attributable to him. Lloyd Opening Brief at 20.

Count One of the second superceding indictment charged Lloyd with conspiring to distribute and possess with intent to distribute crack cocaine "weighing more than fifty grams." Doc.1595 at 4. The weight of the drugs was an element of the offense. In order to render a guilty verdict, the jury was instructed it must find each element of the offense "as to each defendant." ROA Vol. LIII at 4134. Element no. 2 required the jury to find: "That the conspiracy involved 50 grams or more of crack cocaine." *Id*. Element nos. 3 and 4 required the jury to find that each defendant knew the essential objectives of the conspiracy and knowingly and voluntarily agreed to become

involved in the conspiracy. By returning its guilty verdict, the jury found that the defendant conspired to distribute and possess with intent to distribute 50 grams or more of crack cocaine, triggering the corresponding statutory minimum penalty. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) & 846.This was the only finding necessary to support the sentence imposed. *See United States v. Stiger*, 371 F.3d 732, 738 (10th Cir. 2004) (where jury found drug amount for which conspiracy as a whole was liable, specific findings as to drug amounts for individual defendants was unnecessary); *United States v. Arras*, 373 F.3d 1071, 1074 (10th Cir. 2004) (upholding individual convictions for conspiracy, based upon jury verdict as to amount of drugs involved in conspiracy).

Rejecting defendant's argument on appeal, the Tenth Circuit held that "[t]he quantity of drugs was alleged in the indictment and found by the jury beyond a reasonable doubt." 423 F.3d at 1187. Defendant may not re-litigate this issue in his § 2255 motion. *See United States v. Cox*, 83 F.3d at 342; *United States v. Warner*, 23 F.3d at 291. The government also refers the court to its arguments above, at claims four, six, and seven. As shown there, defendant's sentence is not unreasonable under *Booker*, because the only facts necessary for defendant's sentence "were either submitted to the jury or involved the fact of a prior conviction . . . ." 423 F.3d at 1187.

## Conclusion

Defendant's motion to vacate his conviction and sentence under

28 U.S.C. § 2255 should be denied.

Respectfully Submitted,

TROY A. EID
United States Attorney

s/ *James C. Murphy*
By: James C. Murphy
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone:(303) 454-0100
Fax: (303) 454-0404
E-mail: james.murphy3@usdoj.gov

Counsel for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on February 16, 2007, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail addresses:

**Jonathan Marshall Abramson**
jonathan@kandf.com,tammi@kandf.com,ejackson@kandf.com,kua@kandf.com

**Mitchell Baker**
mitchbaker@estreet.com,hpowell07@law.du.edu

**Richard James Banta**
bantacja@earthlink.net,bantacja2@earthlink.net

**Clifford J. Barnard**
cliffbarnard@earthlink.net

**Robert Seldis Berger**
robberger@webaccess.net

**Kirkland Leonard Brush**
kbrush@kirkbrush.com,kathy@kirkbrush.com

**James S. Covino**
jamescovino@msn.com

**J. Michael Dowling**
jmd@dowlinglegal.com

**Martha Horwitz Eskesen**
meskesen@eskesenlaw.com

**Ronald Gainor**
gains_2000@hotmail.com

**Kerry Steven Hada**
kerryshada@qwest.net,theaathadalaw@qwest.net

**Dennis W. Hartley**
lisa_m_schuler@yahoo.com

**M. David Lindsey**
david@mdavidlindsey.com,wyodave2@yahoo.com

**Robert T. McAllister**
rtmcallister@qwest.net,sarah_culver@qwest.net

**James Coyle Murphy**
James.Murphy3@usdoj.gov,USACO.ECFCivil@usdoj.gov

**Michael J. Norton**
mjnorton@bfw-law.com,scanner@bfw-law.com,jjohnson@bfw-law.com

**Lynn Anne Pierce**
lpierce.blp@comcast.net

**Edward A. Pluss**
Edward_Pluss@fd.org,COX_ECF@fd.org

**Michael Gary Root**
mroot@mikerootlaw.com

**Mark Samuel Rubinstein**
msrubinstein@comcast.net

**David Barry Savitz**
savmaster@aol.com

**John Henry Schlie**
johnhenry@schlielawfirm.com

**Boston Henry Stanton , Jr**
bostonhs@comcast.net

**John F. Sullivan , III**
jfslaw1@aol.com

**Alaurice Marie Tafoya-Modi**
alauricetafoya@yahoo.com

**Thomas Richard Ward**
    thomasrward@comcast.net

**Stephen M. Wheeler**
    WheelerLaw@earthlink.net

and I hereby certify that on <u>February 16, 2007</u>, I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the nonparticipant's name:

**Theolian Lloyd** (mail)
#30410-013
Bennettsville FCI Inmate
P.O. BOX 52020
Bennettsville, SC 29512

TROY A. EID
United States Attorney

<u>s/ *James C. Murphy*   </u>
By: James C. Murphy
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone:(303) 454-0100
Fax: (303) 454-0404
E-mail: james.murphy3@usdoj.gov

Counsel for Plaintiff
United States of America