# ATTACHMENT 1

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

APR 14 2004

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987) |
| v. | CASE NUMBER: 01-CR-214-05-D |
| THEOLIAN LLOYD<br>a/k/a "Big Foot" | John H. Schlie, Appointed<br>(Defendant's Attorney) |

**THE DEFENDANT:** Was found guilty on counts one, fourteen and seventeen of the Second Superseding Indictment after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2 | Conspiracy to Distribute and Possess with Intent to Distribute Fifty or More Grams of Cocaine Base, Aiding and Abetting | 06/07/01 | One |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 03/02/68

Defendant's USM No.: 30410-013

Defendant's Residence Address:
  Federal Detention Center-Englewood
  9595 West Quincy Avenue
  Littleton, Colorado 80123

Defendant's Mailing Address:
  SAME

April 7, 2004
Date of Imposition of Judgment

*(signature)*
Signature of Judicial Officer

Wiley Y. Daniel, U.S. District Judge
Name & Title of Judicial Officer

4/12/04
Date

DEFENDANT: THEOLIAN LLOYD
CASE NUMBER: 01-CR-214-05-D

Judgment-Page 2 of 8

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 14 Grams of Cocaine Base, Aiding and Abetting | 04/07/01 | Fourteen |
| 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 | Distribution and Possession with Intent to Distribute 14 Grams of Cocaine Base, Aiding and Abetting | 03/31/01 | Seventeen |

DEFENDANT: THEOLIAN LLOYD
CASE NUMBER: 01-CR-214-05-D

Judgment-Page 3 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 240 months for each of counts one, fourteen and seventeen, to be served concurrently.

The court recommends that the Bureau of Prisons designate the defendant to a facility in Texas for service of sentence.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
      Deputy United States Marshal

DEFENDANT: THEOLIAN LLOYD
CASE NUMBER: 01-CR-214-05-D                                          Judgment-Page 4 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ten (10) years as to count one, and eight (8) years on each of counts fourteen and seventeen, all to run concurrently.

The defendant shall report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Monetary Obligations sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below). The defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

DEFENDANT: THEOLIAN LLOYD
CASE NUMBER: 01-CR-214-05-D

Judgment-Page 5 of 8

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

None.

DEFENDANT: THEOLIAN LLOYD
CASE NUMBER: 01-CR-214-05-D

Judgment-Page 6 of 8

## MONETARY OBLIGATIONS

The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| One | $100.00 | $0.00 | $0.00 |
| Fourteen | $100.00 | $0.00 | $0.00 |
| Seventeen | $100.00 | $0.00 | $0.00 |
| **TOTALS** | $300.00 | $0.00 | $0.00 |

DEFENDANT: THEOLIAN LLOYD
CASE NUMBER: 01-CR-214-05-D                                                              Judgment-Page 7 of 8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

The special assessment shall be due immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order: (1) special assessment.

DEFENDANT: THEOLIAN LLOYD
CASE NUMBER: 01-CR-214-05-D

Judgment-Page 8 of 8

## STATEMENT OF REASONS

The court makes the following findings concerning the objections to the presentence report:

> The court finds that the defendant's relevant conduct involved 84 grams of cocaine base, establishing a base offense level of 32.

Neither the government nor the defendant has challenged any other aspect of the presentence report. Therefore, the remaining factual statements and guideline applications are adopted without objection as the court's findings of fact concerning sentencing.

### Guideline Range Determined by the Court:

Total Offense Level: 32

Criminal History Category: V

Imprisonment Term: 240 months

Supervised Release Term: 10 years

Fine Range: $17,500 to $8,000,000

> The fine is waived because of the defendant's inability to pay.

Total Amount of Restitution: None.

The sentence is within the guideline range, that exceeds 24 months, and the sentence is imposed for the following reasons:

> Punishment, deterrence and protection of the public.