# ATTACHMENT 4

Westlaw.

33 Fed.Appx. 446                                                                                           Page 1
33 Fed.Appx. 446, 2002 WL 532419 (C.A.10 (Colo.))
**(Cite as: 33 Fed.Appx. 446)**

Briefs and Other Related Documents

U.S. v. ThomasC.A.10 (Colo.),2002.This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)
United States Court of Appeals,Tenth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Charles THOMAS, Defendant-Appellant.
**Nos. 01-1063, 01-M-178, 98-CR-65-M.**

April 10, 2002.

Defendant was convicted of escape in the United States District Court for the District of Colorado. After defendant's escape conviction was upheld on direct appeal and same sentence was imposed on remand, defendant filed motion to vacate, set aside, or correct his sentence. The United States District Court for the District of Colorado denied motion and defendant requested certificate of appealability (COA). The Court of Appeals, Stephen H. Anderson, Circuit Judge, held that: (1) defendant was not entitled to COA, although District Court failed to address defendant's claims for newly-discovered evidence, and the denial of funds to retain a fingerprint expert at trial; (2) evidence was insufficient to show that defendant's appellate counsel was "objectively unreasonable," when his attorney failed to appeal district court's denial of his pre-trial motion to subpoena a witness; (3) defendant's appellate counsel did not provide constitutionally ineffective assistance because he failed to file a petition for writ of certiorari with the United States Supreme Court; and (4) defendant's alleged newly-discovered evidence did not warrant new trial.

Motions denied in part and granted in part.
West Headnotes
**[1] Criminal Law 110 ⟸1073**

110 Criminal Law
    110XXIV Review
        110XXIV(F) Proceedings, Generally
            110k1073 k. Certificate of Probable Cause or Reasonable Doubt. Most Cited Cases
Defendant convicted of escape was not entitled to certificate of appealability (COA), following denial of his motion to vacate, although District Court failed to address defendant's claims for newly-discovered evidence, and the denial of funds to retain a fingerprint expert at trial; even had the district court addressed these claims, result would not have been different. 28 U.S.C.A. § 2255.

**[2] Criminal Law 110 ⟸641.13(7)**

110 Criminal Law
    110XX Trial
        110XX(B) Course and Conduct of Trial in General
            110k641 Counsel for Accused
                110k641.13 Adequacy of Representation
                    110k641.13(2) Particular Cases and Problems
                        110k641.13(7) k. Post-Trial Procedure and Review. Most Cited Cases
Evidence was insufficient to show that defendant's appellate counsel was "objectively unreasonable," when his attorney failed to appeal district court's denial of his pre-trial motion to subpoena a witness in prosecution for escape from prison; although defendant, who claimed mistaken identity defense, asserted that witness, the alleged accused third person's mother, would have testified at trial that he was not her son, argument was speculative because petitioner failed to support his assertion with any supporting evidence.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

U.S.C.A. Const.Amend. 6; 28 U.S.C.A. § 2255.

**[3]** Criminal Law 110 ⚷641.13(7)

110 Criminal Law
 110XX Trial
  110XX(B) Course and Conduct of Trial in General
   110k641 Counsel for Accused
    110k641.13 Adequacy of Representation
     110k641.13(2) Particular Cases and Problems
      110k641.13(7) k. Post-Trial Procedure and Review. Most Cited Cases

Defendant's appellate counsel, in prosecution for escape from prison, did not provide constitutionally ineffective assistance because he failed to file a petition for writ of certiorari with the United States Supreme Court, since petitioner had no constitutional right to appellate counsel. U.S.C.A. Const.Amend. 6; 28 U.S.C.A. § 2255.

**[4]** Criminal Law 110 ⚷938(2)

110 Criminal Law
 110XXI Motions for New Trial
  110k937 Newly Discovered Evidence
   110k938 In General
    110k938(2) k. What Constitutes Newly Discovered Evidence in General. Most Cited Cases

Defendant's alleged newly-discovered evidence did not warrant new trial for escape from prison; although defendant claimed to have received information from the FBI, Interpol and the United States Postal Inspection Service indicating that those agencies did not have a file on alleged escapee's name, and that evidence demonstrated that alleged escapee did not exist, evidence did not support his premise, and information that the FBI did not have a file on defendant was introduced at his trial. 28 U.S.C.A. § 2255.

Before HENRY, ANDERSON, and LUCERO, Circuit Judges.

**ORDER AND JUDGMENT**[FN*]

> [FN*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.STEPHEN H. ANDERSON, Circuit Judge.

**\*\*1** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**\*\*1** Petitioner Mark Charles Thomas, a federal prisoner appearing *pro se,* seeks a certificate of appealability (COA) to appeal the district court's dismissal of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal.

**\*\*1** Petitioner escaped from a federal prison camp in May 1997, while incarcerated for credit card fraud. He was apprehended in December 1997 and charged with escape. At trial, proceeding *pro se* with standby **\*448** counsel, his defense was mistaken identity: he claimed his name was Andre Strauss and that he was not Mark Charles Thomas who escaped from prison. The jury was not persuaded. He was convicted and sentenced to forty-one months' imprisonment, to be served consecutive to his credit card fraud sentence. This court affirmed his conviction for escape on direct appeal, stating that the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

government presented overwhelming evidence that petitioner is the same Mark Charles Thomas who escaped his incarceration at the prison camp in May 1997. *United States v. Thomas,* No. 99-1334, 2000 WL 912610, at *4 (10th Cir. July 7, 2000) (unpublished order and judgment). We vacated petitioner's sentence, however, because his request for appointed counsel at sentencing had been improperly denied by the district court. On remand, counsel was appointed and the district court reimposed the same sentence. Petitioner did not appeal the resentence.

**\*\*1** Petitioner then filed a § 2255 motion, raising three claims: (1) ineffective assistance of appellate counsel, (2) newly-discovered evidence, and (3) the denial of funds to retain a fingerprint expert at trial. As to the third claim, the district court correctly ruled that this court considered and rejected this same argument on direct appeal. *See id.* at \*\*1-4.

**\*\*1** [1] The district court did not address petitioner's remaining claims. This oversight does not entitle petitioner to a COA, however, because even had the district court addressed these claims, the result would not have been different. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that to obtain a COA, movant must show that the issue would be debatable among jurists, that a court could resolve the issues differently, or that the question deserves further proceedings).

**\*\*1** [2] Petitioner first claims his appellate counsel was ineffective for failing to appeal the district court's denial of his pre-trial motion to subpoena a witness. He asserts this witness, Mark Charles Thomas' mother, would have testified at trial that he is not her son. This argument is completely speculative because petitioner failed to support his assertion with any supporting evidence, such as an affidavit from the witness containing a proffer of her testimony. Thus, petitioner failed to demonstrate that his appellate counsel was "objectively unreasonable" in failing to assert this claim on direct appeal, or that there is a reasonable probability that, but for counsel's failure to raise the issue, petitioner would have prevailed in challenging his conviction on direct appeal. *See Neill v. Gibson,* 278 F.3d 1044, (10th Cir.2001).

**\*\*2** [3][4] Next, petitioner claims his appellate counsel provided constitutionally ineffective assistance because he failed to file a petition for writ of certiorari with the United States Supreme Court. Review by the Supreme Court is discretionary, *see Ross v. Moffitt,* 417 U.S. 600, 616-17, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), and the Supreme Court has held that defendants have no right to counsel to pursue discretionary review. *See Wainwright v. Torna,* 455 U.S. 586, 587, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982). Because petitioner had no constitutional right to counsel, he was not deprived of effective assistance of counsel when his attorney did not file a petition for a writ of certiorari. *Id.* at 587-88, 102 S.Ct. 1300.

**\*\*2** Finally, petitioner claims newly-discovered evidence warrants a new trial. He claims to have received information from the Federal Bureau of Investigation, Interpol and the United States Postal Inspection Service indicating that these agencies do not have a file on Mark Charles Thomas. He argues this evidence demonstrates **\*449** that Mark Charles Thomas does not exist. This evidence, which he also failed to produce, clearly does not support his premise. Moreover, information that the F.B.I. did not have a file on petitioner was introduced at his trial. This alleged evidence is neither new nor of such a nature that it would probably produce an acquittal. *See United States v. Quintanilla,* 193 F.3d 1139, 1147 (10th Cir.1999) (describing five-part test for newly discovered evidence warranting new

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

trial).

**\*\*2** Thomas' request for a certificate of appealability is DENIED and the appeal is DISMISSED. The motion to proceed on appeal in forma pauperis is GRANTED. The mandate shall issue forthwith.

C.A.10 (Colo.),2002.
U.S. v. Thomas
33 Fed.Appx. 446, 2002 WL 532419 (C.A.10 (Colo.))

Briefs and Other Related Documents (Back to top)

• 01-1063 (Docket) (Feb. 15, 2001)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.