Vincent James Oliver
Law Offices of Vincent James Oliver
205 South Broadway
Suite 606
Los Angeles, California 90012

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA, )
                          )
            Respondent, )   Civil No.
                          )   Crim No. 1cr214d
        v.                )
ALVIN GREEN,              )
#30411-013,               )
            Petitioner. )

_____

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255

As a matter of introduction, the Petitioner respectfully submits that the events which transpired in the instant case constitute a denial of the Petitioner's right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. These errors were not merely procedural, but substantially infringed upon the Petitioner's

constitutional right to due process of law.

## STATEMENT OF THE ISSUES

I.   **PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN COUNSEL FAILED TO CROSS EXAMINE WITNESS ABOUT PRIOR INCONSISTENT STATEMENTS.**

II.  **PETITIONER RECEIVED INEFFECTIVE ASSISTANCE ON APPEAL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN COUNSEL FAILED TO RAISE MERITORIOUS ISSUES ON APPEAL.**

III.   **THE PETITIONER IS ENTITLED TO AN EVIDENTIARY HEARING ON THESE MATTERS.**

## STATEMENT OF FACTS

This case arises out of a drug-trafficking investigation performed by the Federal Bureau of Investigation, or F.B.I., Metro Gang Task Force (Task Force).  From September 2000 to January 2001, F.B.I. Special Agent Todd Wilcox (Wilcox) directed an informant to conduct nine controlled purchases of crack cocaine from Willie Small (Small) and his associates.

Over the next several months, the Task Force continued to investigate Small's organization using other investigative techniques, including visual surveillance, video cameras, pen registers, trap-and-trace devices, and multiple wiretaps.  The investigation revealed a connection between Small and Petitioner.  Petitioner was alleged to be the primary supplier to Small and his organization.

Twenty-seven people were charged in a seventy-seven count Second Superseding indictment filed in the U.S. District Court for the District of Colorado.  Count I of the indictment charged most of the defendants, including Petitioner, with conspiracy to distribute and possess

3

with intent to distribute crack cocaine weighing more than fifty grams, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) and 21 U.S.C. § 846. The remaining charges involved various other drug, weapons and money laundering offenses.

## STATEMENT OF JURISDICTION

The jurisdiction of this post-conviction remedy, as well as the scope of its application, is established within the statutory framework of 28 U.S.C. 2255. A motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. 2255 must allege one of three bases as a threshold standard for sustaining such a motion. These bases are:

    (1)     An error of constitutional magnitude;

    (2)     A sentence imposed outside the statutory limits;

    (3)     An error of fact or law which was so fundamental as to render the entire proceedings invalid.

United States v. Addonizio, 442 U.S. 178 (1979). As indicated below, sufficient facts are present to satisfy the jurisdictional requirements.

4

Petitioner seeks to vacate his sentence due to errors of constitutional magnitude. The Petitioner received ineffective assistance of counsel in violation of the Fifth and Sixth Amendments.

Therefore, Petitioner submits his 28 U.S.C. § 2255 motion as timely and properly before this honorable court in light of the violations of the Constitution and/or laws of the United States in the present case._

**ARGUMENT**

In order to succeed in a § 2255 motion, the petitioner must show that the adjudication of a claim in federal court resulted in a sentence that was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence. 28 U.S.C. § 2255. The Constitution, as the framework from which all Federal law springs, must not be violated as applied to the Petitioner.

**I. PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN COUNSEL FAILED TO CROSS EXAMINE WITNESS ABOUT PRIOR INCONSISTENT STATEMENTS.**

The Sixth Amendment to the U.S. Constitution guarantees that criminal defendants are entitled to the assistance of counsel in presenting their defense. The High Court has stated, "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." Kimmelman v. Morrison, 477 U.S. 365, 374 (1986); Fisher v. Gibson, 282 F.3d 1283, 1290 (10th Cir. 2002). Furthermore, the Court has recognized that "the right to counsel is the right to *effective* assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 (1970) (emphasis added).

To succeed on a claim of ineffective assistance of counsel, a defendant must show that his "counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2055, 2063 (1984); United States v. Nguyen, 413 F.3d 1170, 1181 (10th Cir. 2005). The Strickland Court went on to hold that in order for a defendant to prevail on an

ineffective assistance of counsel claim, he must satisfy a two-prong test. Id.; see also Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999). A defendant should demonstrate that the representation he received "fell below an objective standard of reasonableness" and "a reasonable probability that but for counsel's unprofessional errors, the results of the proceedings would have been different." Strickland, 466 U.S. at 688, 694.

A court reviewing a claim of ineffective assistance must determine whether a reasonable probability exists that, but for counsel's unprofessional errors, the results of the proceedings would have been different or whether the result was fundamentally unfair or unreliable. Id (citing Lockhart v. Fretwell, 113 S.Ct. 838 (1993)). Ultimately, the Strickland test requires courts to focus upon whether counsel's performance was sufficient to ensure the fundamental fairness of the proceeding. Id. However, the prejudice that must be shown need not be anything more than something as small as one additional day in jail. See Glover v. United

States, 531 U.S. 198 (2001).

"It is the client's right to expect that his lawyer will use every skill, expend every energy, and tap every legitimate resource in the exercise of independent professional judgment on behalf of the client and in undertaking representation of the client's interests." Frazer v. United States, 18 F.3d 778, 785 (9th Cir.1994). "Defense counsel must do his utmost to bring his legal acumen to bear on behalf of the defendant; keep the defendant fully informed of developments in the case and consult with the defendant on all major decisions to be made; conduct a reasonable pre-trial investigation, which should include contacting potential witnesses; prepare adequately and professionally for trial; conduct the trial to the best of his ability; and, at the bottom, serve as a vigorous and devoted advocate of the defendant's cause." United States Ex. Rel. Partee v. Lane, 926 F.2d 694, 702 (7th Cir. 1991).

In the instant case, trial counsel failed to cross-examine a witness about prior inconsistent statements made about the Petitioner.  Indeed, trial counsel failed

to test the basis of the Government's case through the testimony of this witness.

> The duty to investigate derives from an attorney's basic function, which is to make the adversarial testing process work in the particular case. Because that testing process generally will not function properly unless defense counsel has done some investigation into the prosecution's case and into various defense strategies, [the Supreme Court has] noted that counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.

Williamson v. Ward, 110 F.3d 1508, 1514 (10th Cir. 1997) (quoting Kimmelman v. Morrison, 477 U.S. 365, 384, 91 L. Ed. 2d 305, 106 S. Ct. 2574, 2588 (1986)) (internal quotation marks omitted).

In United States v. Glick, 710 F.2d 639, 644 (10th Cir. 1983), counsel was determined to be effective for not calling upon witnesses who would have provided cumulative testimony. Additionally, in Griffin v. West, 791 F.2d 1578, 1581 (10th Cir. 1986), counsel was effective because the decision to not call upon witnesses was not unreasonable as the testimony was cumulative in nature. During interviews with the FBI, Mr. Davis

informed investigators that Petitioner was never seen with drugs nor was Petitioner involved in the conspiracy. After receiving a deal from the Government, however, Mr. Davis testified that Petitioner was seen with drugs and was a member of the conspiracy.

The testimony of Mr. Davis, Ms. Keyonna Davis and Ms. Bridget Johnson was heavily relied on by the Government to prove Petitioner's involvement in the conspiracy. Had counsel conducted a proper investigation of the discovery materials, counsel would have found the inconsistencies of Mr. Davis' statements and cross-examined Mr. Davis regarding those issues. Such examination would have provided the jury with a reasonable doubt regarding Petitioner's guilt. *See* Moore v. Gibson, 195 F.3d 1152 (10th Cir. 1999). Granted that counsel's performance is deemed to be "objectively reasonable" and that counsel's conduct might be based on "sound trial strategy," failure to question a key Government witness about inconsistencies cannot be summarized as "sound trial strategy." Bullock v. Carver, 297 F.3d 1036, 1046 (10th Cir. 2002). Indeed, "trial decisions must be based on .

10

. . an adequate knowledge of the facts." <u>United States v. Cronic</u>, 839 F.2d 1401, 1404 (10th Cir. 1988).   It was unreasonable for counsel to engage in a trial strategy that ignored inconsistencies in a witness' statements, especially when the crux of the Government's case was based upon that witness' statements and credibility.

Although there is a "virtually unchallengeable" presumption that counsel's performance was "objectively reasonable," this presumption can be overcome by looking at the overall performance of counsel. <u>Bullock</u>, 297 F.3d at 1047; <u>United States v. Nguyen</u>, 413 F.3d 1170, 1181 (10th Cir. 2005).  In the present case, counsel's failure to challenge an obvious flaw in the Government's case rendered counsel's performance deficient.

As the Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution, the Petitioner submits that his conviction and subsequent sentence must be vacated as having been improperly obtained, and that this matter must be set for rehearings consistent with the findings

of this court.

**II.  PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN COUNSEL FAILED TO RAISE MERITORIOUS ISSUES ON APPEAL.**

The right to counsel extends to appeals.  A defendant in a criminal case has a Sixth Amendment right to the effective assistance of counsel on direct appeal.  *See* Evitts v. Lucey, 469 U.S. 387, 406, 83 L. Ed. 2d 821, 105 S. Ct. 830 (1985); Douglas v. California, 372 U.S. 353, 83 S. Ct. 814 (1963) (an accused is entitled to assistance of counsel on an appeal as a matter of right).  The test to establish a claim that *appellate* counsel was ineffective for failing to pursue a claim on direct appeal is the same Strickland standard.  *See* Strickland, 466 U.S. at 688, 694; Smith v. Robbins, 528 U.S. 259, 285, 145 L. Ed. 2d 756, 120 S. Ct. 746 (2000) (holding that a habeas applicant must demonstrate that "counsel was objectively unreasonable" in failing to file a merits brief addressing a non-frivolous issue and that there is "a reasonable probability that, but for his counsel's unreasonable

failure . . . , he would have prevailed on his appeal");
United States v. Orange, 447 F. 3d 792, 797 (10th Cir.
2006).

In applying this test to claims of ineffective
assistance of counsel on appeal, reviewing courts must
accord appellate counsel "deferential consideration" in
regards to "professional judgment" as to issues raised on
appeal. Cargle v. Mullin, 317 F. 3d 1196, 1202 (10th
Cir. 2003). "A claim of appellate ineffectiveness can be
based on counsel's failure to raise a particular issue on
appeal, although it is difficult to show deficient
performance under those circumstances because counsel
'need not (and should not) raise every nonfrivolous
claim, but rather may select from among them in order to
maximize the likelihood of success on appeal.'" Id
(citing Smith v. Robbins, 528 U.S. 259, 288, 145 L. Ed.
2d. 756, 120 S. Ct. 746 (2000) (following Smith v.
Murray, 477 U.S. 527, 535-36, 91 L. Ed. 2d. 434, 106 S.
Ct. 2661 (1986))). In evaluating the effectiveness of
appellate counsel, the omitted issue is evaluated on its
merits in comparison with the issues that were pursued by

appellate counsel. <u>Neill v. Gibson</u>, 278 F.3d 1044, 1057 (10th Cir. 2001). This does not mean that every meritorious issue will result in deficient performance as the omitted issue, if not "plainly meritorious," will be evaluated against the whole appeal and considered within the rubric of professional judgment. <u>Cargle</u>, 317 F.3d at 1202.

Indeed, counsel is not obligated to assert all non-frivolous issues on appeal, as "there can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." <u>Jones v. Barnes</u>, 463 U.S. 745, 752, 77 L. Ed. 2d 987, 103 S. Ct. 3308 (1983). *See also* <u>United States v. Visinaiz</u>, 428 F. 3d 1300, 1317 (10th Cir. 2005). "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far form being evidence of incompetence, is the hallmark of effective appellate advocacy." <u>Smith v. Murray</u>, 477 U.S. 527, 536, 91 L. Ed. 2d 434, 106 S. Ct. 2661 (1986) (quoting <u>Jones</u>, 436 U.S. at 751-752); <u>Tapia v. Tansy</u>, 926 F.2d 1554, 1564 (10th Cir. 1991).

14

However, although recognizing that "notwithstanding Barnes, it is still possible to bring a Strickland claim based on counsel's failure to raise a particular claim" on direct appeal, the Supreme Court has reiterated that "when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Robbins, 528 U.S. at 288 (quoting Gray v. Greer, 800 F. 2d 644, 646 (7th Cir. 1986)).

In the instant case, the Petitioner was entitled to effective assistance of counsel on his appeal. Appellate counsel failed to argue the issue of severance which was raised at trial and also failed to argue the ineffective assistance of counsel at trial because of trial counsel's failure to request a special jury instruction as to drug quantities attributable to Petitioner. Although district courts have the discretion as to whether a severance will be granted, in the present case, Petitioner was prejudiced by the denial of the severance motion. *See* United States v. Esch, 832 F.2d 531, 537 (10th Cir. 1987). The United States Supreme Court has

held that "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence" severance should be granted.  Zafiro v. United States, 506 U.S. 534, 539, 122 L. Ed. 2d 317, 113 S. Ct. 933 (1993).  Such risk includes the possibility that evidence of wrongdoing of a codefendant might be used by the jury to determine the guilt of the defendant.  Id.

In Petitioner's case, the Zafiro Court noted that "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, the risk of prejudice is heightened."  Id; see Kotteakos v. United States, 328 U.S. 750, 774-775, 90 L. Ed. 1557, 66 S. Ct. 1239 (1946).  It is not simply a matter that Petitioner had a greater chance of acquittal with a separate trial, but that the Government would have had to prove the weight of the drugs attributed to Petitioner as well as prove a direct link in the conspiracy.  The Government was allowed to "lump" multiple parties together and essentially convict

Petitioner based upon evidence attributable to other co-defendants. In fact, during sentencing, the Government made tenuous links to attribute over 50 grams of cocaine to Petitioner with only the testimony of persons in their own criminal trouble.

The additional failure of appellate counsel in not addressing trial counsel's omission of a special jury instruction also proves ineffective assistance. During sentencing, the District Court struggled with the notion that the court was responsible for attributing a weight of cocaine to Petitioner when the jury had not specifically found one. Sentencing Tr. 5-7, April 7, 2004. Trial counsel should have requested the court to instruct the jury to determine quantities of drugs attributable for Petitioner. In making such a determination, there is a reasonable probability that the jury would have found that Petitioner was involved in a conspiracy but that the quantities of drugs attributed to Petitioner were less than that in 21 U.S.C.. § 841(b)(1)(A)(iii), and therefore Petitioner would not have been subjected to life imprisonment. Because of the

17

possibility that Petitioner may not have been found guilty of the conspiracy, appellate counsel acted objectively unreasonable in failing to raise this issue. *See* <u>Thornburg v. Mullin</u>, 422 F.3d 1113, 1139-1140 (10th Cir. 2005).

Based upon the aforementioned, it is clear that appellate counsel's conduct fell below an objective standard of reasonableness in failing to raise those issues that would have spared Petitioner life imprisonment. Comparing the issues of ineffective assistance of trial counsel for failure to request a jury instruction and failure to raise severance with the issues actually raised on appeal, it is apparent that the issues appellate counsel failed to raise are stronger than several issues raised on appeal. For instance, appellate counsel raised the issue of the District Court violating the Fifth and Sixth Amendments by finding facts not submitted to a jury and imposing a longer sentence. This issue specifically referenced the amount of time Petitioner would have to serve under 21 U.S.C. § 841. Appellate counsel mistakenly identified the issue as an

18

enhancement when in reality the sentencing was a mandatory section of the law because it was based upon prior convictions. *See* Apprendi v. New Jersey, 530 U.S. 466, 490, 147 L. Ed. 2d 435,120 S. Ct. 2348 (2000).

Clearly, the issues raised on appeal are weaker than issues omitted by appellate counsel.

In using the analysis enunciated in Newsted v. Gibson, 158 F.3d 1085, 1091-1093 (10th Cir. 1998), it is not simply a matter of whether Petitioner would have been successful on appeal, but whether the trial was fair and if the conviction can be relied upon. Appellate counsel's failure to raise, for instance, the issue of trial counsel's failure to move for a jury instruction, rendered the result of the trial unfair. *See* Lockhart v. Fretwell, 506 U.S. 364, 372, 122 L. Ed. 2d 180, 113 S. Ct. 838 (1993). There exists a reasonable probability that the jury would have found Petitioner not guilty of the conspiracy charge had they been given an instruction to determine the quantities of drugs attributable to Petitioner. The evidence in the Government's case was not overwhelming and the failure to provide Petitioner

19

with the additional instruction prevented him from receiving a fair trial.

There can be little doubt that appellate counsel's conduct fell below any objective standard of reasonableness. Even more clear is the fact that the Petitioner was prejudiced, both in the fact that issues presented offered no chance of relief and in that the issues ignored were meritorious. As the Petitioner received ineffective assistance of appellate counsel, the Petitioner submits that the conviction and sentence obtained in this case must be vacated in accordance with the principles of equity and fair play as enshrined within the United States Constitution.

## III.    THE PETITIONER IS ENTITLED TO AN EVIDENTIARY HEARING ON THESE MATTERS.

The Petitioner contends that he is entitled to an evidentiary hearing on these issues. In order to be granted an evidentiary hearing, a *habeas corpus* petition must allege sufficient facts which, if true, would support the conclusion of law advanced. <u>Townsend v. Sain</u>, 372 U.S. 293, 312, 83 S.Ct. 745, 756, 9 L.Ed.2d

770, 785 (1963); <u>Sims v. Livesay</u>, 970 F.2d 1575, 1579 (6th Cir. 1992).  28 U.S.C. § 2255 provides the standard for determining whether to grant an evidentiary hearing.  The statute requires a hearing ". . . unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." <u>United States v. Lopez</u>, 100 F.3d. 113, 119 (10th Cir. 1996) (quoting <u>United States v. Galloway</u>, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting 28 U.S.C. § 2255)).

In the present case, the Petitioner contends that he has set forth facts in his petition that entitle him to relief.  Therefore, at a minimum, the Court should order an evidentiary hearing in this matter

## **CONCLUSION**

For the above stated reasons, the Petitioner prays that his Petition for Relief Pursuant to 28 U.S.C. §2255 is granted.

Respectfully submitted,


by: _____

Vincent James Oliver

21