**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Crim. No. 01-CR-00214-WYD
Civil Action No.07-CV-00367-WYD

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

          v.

ALVIN GREEN,

      Defendant/Movant.

---

**REPLY TO THE ANSWER OF THE UNITED STATES
TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255**

---

**I**

**INTRODUCTION**

Petitioner hereby reinstates and reincorporates hereat, all previous arguments made and maintains that the events which transpired in the instant case constitute a denial of his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.  These errors were not merely procedural, but substantially infringed upon the Petitioner's constitutional right to due process of law.

**II**

**ARGUMENT**

**A. TRIAL COUNSEL'S INEFFECTIVENESS.**

A reasonable attorney would not have made the decision to ignore th inconsistencies in Dachaun Davis' testimony, and the Petitioner's trial counsel was ineffective in failing to pursue that point during his cross-examination of Davis. Confronting Davis with the inconsistencies between his initial briefing statement and his trial testimony would have clearly shown that the Petitioner was never involved in the alleged conspiracy, and that Davis fabricated all of the information he supplied to government agents concerning the Petitioner's involvement in the conspiracy.

Davis' lies in implicating the Petitioner are more than just a possible inference that the jury might have drawn from his inconsistent statements, it is the only legitimate inference that the jury could draw from his abrupt change to a story implicating the Petitioner in the charged conspiracy.

No reasonable attorney would have made the "tactical" decision to ignore Davis' inconsistent testimony and not cross-examine him regarding his initial failure to identify the Petitioner as part of the conspiracy. Such a decision cannot be described as "tactical" at all. It was simply a failure to adequately defend against fabricated testimony. Had counsel pursued the issue of Davis' inconsistent statements before and during the trial, the jury would have had an ample amount of reasonable doubt. The other evidence against the Petitioner would have appeared less credible and insufficient for a guilty verdict after defense counsel had exposed Dachaun Davis as a liar.

## II.  Appellate Counsel's Ineffectiveness

No matter what the extent of the limiting instructions given by the court at the Petitioner's trial, they could not undue the incredible prejudice that he suffered as a result of being tried alongside several co-defendants.  It should be noted that the Petitioner is innocent and was never involved in a conspiracy to distribute narcotics.  Being tried alongside individuals who were guilty of that offense doomed the Petitioner to a guilty verdict, despite his innocence.  The failure of the trial court to grant the severance of the Petitioner's case from his guilty and scrambling co-defendants was potentially the key event leading up to his conviction.  If tried alone, the Petitioner would have been acquitted.  Without the benefit of a severed trial he was convicted. How could appellate counsel justifiably ignore one of - if not the most important error that occurred at the Petitioner's trial?  The answer is he could not justifiably ignore that issue, and he was ineffective in failing to raise it on appeal.

Furthermore, appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on appeal.  Trial counsel was ineffective in failing to request a specific jury instruction regarding drug amount.  The fact that trial counsel did not request a specific jury instruction was readily apparent from the trial court record, and consequently, the Petitioner was required to address that issue on direct appeal, or lose it forever.  Due to the fact that appellate counsel did not raise that issue on appeal

and it was lost forever because of that failure, he was clearly ineffective.

## <u>CONCLUSION</u>

For the above stated reasons, the Petitioner prays that his Petition for Relief Pursuant to 28 U.S.C. § 2255 be granted.  At a minimum, this court is urged to grant an evidentiary hearing.

Respectfully submitted,


by:  <u>s/Vincent James Oliver</u>
Vincent James Oliver
205 S. Broadway, Suite 606
Los Angeles, CA  90012
Telephone: (213) 617-2307
Facsimile: (213) 617-2851

Counsel for Defendant/Movant
ALVIN GREEN

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on April 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following addresses:

**James C. Murphy**
james.murphy3@usdoj.gov

                              s/Vincent James Oliver
                              By: Vincent James Oliver
                              205 South Broadway #606
                              Los Angeles, Ca. 90012
                              Telephone: (213) 617-2307
                              Facsimile: (213_ 617-2851
                              Electronic: Vjoliverlawyer@cs.com

                              Counsel for Defendant/Movant
                              ALVIN GREEN