IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Crim. No. 01-CR-00214-10-WYD
Civil No. 07-CV-00796-WYD

10. FREDRIC DeVON WILLIAMS,

    Movant-Defendant,

v.

UNITED STATES OF AMERICA,

    Respondent-Plaintiff.

---

**UNITED STATES' MOTION TO DISMISS
DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255**

---

The United States of America, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, moves to dismiss the defendant's post-conviction motion (doc. 3450) on the ground the motion is untimely.[1]

---

[1] Rule 4(b) authorizes "the United States attorney to file an answer, motion, or other response . . . ." A motion to dismiss is also authorized by Fed.R.Civ.P. 12(b)(6). The civil rules are applicable to the extent that practice is not governed by the Rules Governing Section 2255 Proceedings. *See* Fed.R.Civ.P. 81(a)(2).

**Stated Grounds For Relief**

Defendant's motion alleges his counsel provided ineffective assistance and that his guilty plea was involuntary.

**Statement of the Case**

On March 18, 2004, this court sentenced the defendant to 105 months' imprisonment, based upon his guilty plea to distributing and possessing with intent to distribute crack cocaine, as charged in Count Forty-Seven of a Second Superceding Indictment. *See* District Court Docket entry no. 2988. Final judgment entered on April 15, 2004 (doc. 3028). The defendant filed a notice of appeal, but subsequently filed a motion to dismiss the appeal, which the Tenth Circuit granted on May 11, 2004. The mandate issued the same day.[2] Defendant's conviction became final on or about August 10, 2004. *Cf. United States v. Burch*, 202 F.3d 1274, 1276 (10th Cir.2000) (when a defendant appeals, the judgment of conviction becomes final under § 2255 on the later of the expiration of the 90 day time period for filing a certiorari petition or the Court's final disposition of petition). Defendant's § 2255 motion

---

[2] Appeal dates are from the General Docket, U.S. Court of Appeals for the Tenth Circuit, *United States v. Fredric Williams*, No. 04-1122 (*per* Pacer).

(doc. 3450) was filed April 25, 2007.[3] This court ordered (doc. 3451) the government to "file an answer or other pleading directed to the motion," by May 14, 2007.

## Defendant's Motion Is Untimely

Title 28, U.S.C. § 2255 provides that a motion challenging a conviction must be filed within one year of "the date on which the judgment of conviction becomes final . . . ."[4] Defendant's motion was filed more than two and a half years after his judgment became final. Although this limitation period is not jurisdictional, *see Day v. McDonough*, 126 S.Ct. 1675, 1681 (2006) (addressing limitation period under § 2254), it is nonetheless mandatory and the defendant's failure to comply with the statutory limitation period requires this court to dismiss his claim.

In *United States v. Willis*, 202 F.3d 1279 (10th Cir. 2000), the Tenth Circuit affirmed a district court's denial of § 2255 relief on the ground the

---

[3] Pursuant to Rule 5(b) of the Rules Governing § 2255 Proceedings, the United States informs the court that it is aware of no prior post-conviction motions that have been filed by the defendant and that no hearings have been conducted.

[4] Section 2255 sets forth three exceptions to the one year period of limitation, none of which appear to apply.

motion was untimely, but acknowledged that the one year limitation period could, under extraordinary circumstances, be subject to equitable tolling. 202 F.3d at 1279 n. 3 (*citing Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1999)). The court has confirmed, however, that equitable tolling is available only in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). In *Gibson*, the court cited as examples of such circumstances: when a prisoner is actually innocent; when an adversary's conduct prevents a prisoner from timely filing; or when a prisoner diligently pursues relief, but files a defective pleading during the statutory period. 232 F.3d at 808. The defendant here has shown no such circumstances and "simple excusable neglect" is insufficient. *Id*.

The Tenth Circuit has regularly upheld the dismissal of untimely motions under § 2255. In *United States v. Aros*, No. 06-8031, 2007 WL 431517 (10th Cir. February 7, 2007) (unpublished Order Denying Certificate of Appealability), the court upheld the dismissal of a § 2255 motion that was five days late. The defendant argued the limitations period should be equitably tolled because "his trial counsel lulled him into a false sense of security by agreeing to timely file his § 2255 motion, causing him not to file on his own." *Id*. at 2. The court rejected the argument, holding that "[t]he mistake in this

Page 4 of 9

case is in the same league with ordinary attorney errors which consistently have been found not to warrant equitable tolling." *Id*. at 3 (citations to other circuits omitted).The Tenth Circuit also upheld the dismissal of an untimely § 2255 motion in *United States v. Fredette*, No. 05-8128, 2006 WL 2277989 (10th Cir. August 9, 2006) (unpublished Order and Judgment), where the defendant's § 2255 motion, alleging ineffective assistance of counsel, was filed approximately five months late. The court found that the defendant failed to show how his transfers through different prison facilities actually prevented him from filing his motion on time. *Id*. at 3. *See also United States v. Durst*, No. 06-1392, 2007 WL 172209 (10th Cir. January 24, 2007)(unpublished Order Denying Certificate of Appealability) (affirming dismissal of motion that was three months late); *United States v. Chapman*, No. 06-3355, 2007 WL 901945 (10th Cir. March 27, 2007) (unpublished Order Denying Certificate of Appealability)(affirming dismissal of motion that was twelve years late). [5]

---

[5] These unpublished decisions are cited pursuant to 10th Cir. R. 32.1. The decisions are available in a publicly accessible electronic database and therefore are not attached. *See* 10th Cir. R. 32.1(B).

**Conclusion**

Defendant's motion under 28 U.S.C. § 2255 is untimely and should be dismissed.

TROY A. EID
United States Attorney

s/ *James C. Murphy*
By: James C. Murphy
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone:(303) 454-0100
Fax: (303) 454-0404
E-mail: james.murphy3@usdoj.gov

Counsel for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on May 14, 2007, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail addresses:

**Jonathan Marshall Abramson**
jonathan@kandf.com,tammi@kandf.com,kua@kandf.com,ejackson@kandf.com

**Mitchell Baker**
mitchbaker@estreet.com,hpowell07@law.du.edu

**Richard James Banta**
bantacja@earthlink.net,bantacja2@earthlink.net

**Clifford J. Barnard**
cliffbarnard@earthlink.net

**Robert Seldis Berger**
robberger@webaccess.net

**Kirkland Leonard Brush**
kbrush@kirkbrush.com,kathy@kirkbrush.com

**James S. Covino**
jamescovino@msn.com

**J. Michael Dowling**
jmd@dowlinglegal.com

**Martha Horwitz Eskesen**
meskesen@eskesenlaw.com

**Ronald Gainor**
gains_2000@hotmail.com

**Kerry Steven Hada**
kerryshada@qwest.net,theaathadalaw@qwest.net

**Dennis W. Hartley**
lisa_m_schuler@yahoo.com

**M. David Lindsey**
david@mdavidlindsey.com,wyodave2@yahoo.com

**Robert T. McAllister**
rtmcallister@qwest.net,sarah_culver@qwest.net

**James Coyle Murphy**
James.Murphy3@usdoj.gov,USACO.ECFCivil@usdoj.gov

**Michael J. Norton**
mjnorton@bfw-law.com,jjohnson@bfw-law.com,scanner@bfw-law.com

**Vincent James Oliver**
Vjoliverlawyer@cs.com

**Lynn Anne Pierce**
lpierce.blp@comcast.net

**Edward A. Pluss**
Edward_Pluss@fd.org,COX_ECF@fd.org

**Michael Gary Root**
mroot@mikerootlaw.com

**Mark Samuel Rubinstein**
msrubinstein@comcast.net

**David Barry Savitz**
savmaster@aol.com

**John Henry Schlie**
johnhenry@schlielawfirm.com

**Boston Henry Stanton , Jr**
bostonhs@comcast.net

**John F. Sullivan , III**
jfslaw1@aol.com

**Kathleen Melissa Tafoya**
Kathleen.Tafoya@usdoj.gov,USACO.ECFCriminal@usdoj.gov,Joyce.Hegge@usdoj.gov

**Alaurice Marie Tafoya-Modi**
alauricetafoya@yahoo.com

**Thomas Richard Ward**
thomasrward@comcast.net

I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the nonparticipant's name:

Fredric DeVon Williams (mail)
#08375-026
OXFORD
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
OXFORD, WI 53952

TROY A. EID
United States Attorney

s/ James C. Murphy
By: James C. Murphy
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone:(303) 454-0100
Fax: (303) 454-0404
E-mail: james.murphy3@usdoj.gov