IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN     7

GREGORY C. LANGH/

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
|     PLAINTIFF, | : |
| V. | : |
| ZEBEDEE E. HALL®, In Unlimited Commercial Liability, Pursuant To Ucc Filing No. 24012454, Without Prejudice, UCC 1-308, | : |
|     DEFENDANT. | : |

CAUSE No. 01-CR-214-X WYD-7

---

**MR. HALL'S CONDITIONAL SENTENCING STATEMENT IN THE NATURE OF
FED. R. OF CRIM. PROC. 32 AND 18 U.S.C. 3553(a)**

---

Zebedee Eli: Hall, sui juris, a sovereign flesh and blood natural being, a living soul, by special apperance and NOT a general apperance, for the above Defendant ZEBEDEE E. HALL®, (hereinafter Mr. Hall), with Power of Attorney in Fact on the record, hereby and herein submits this Conditional Sentencing Statement In The Nature Of Fed. R. of Crim. Proc. 32, and 18 U.S.C. 3553(a). The Memorandum of Law attached hereto is incorporated herein by reference as though it were set forth at length.

ZEBEDEE E. HALL®, GRANTOR
SECURED PARTY Signature

By: _____
Zebedee Eli: Hall, Agent and Power
of Attorney in Fact, with the Autograph, for ZEBEDEE E. HALL®, non-domestic, c/o: #30428-013
FEDERAL DETENTION CENTER
9595 WEST QUINCY AVENUE
LITTLETON, COLORADO CF80123CF

Date: May 24, 2007

-1-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA,  :
   Plaintiff,  :
V.  :  CAUSE NO. 01-CR-214-D
     :
ZEBEDEE E. HALL®, In Unlimited  :
Commercial Liability, Pursuant  :
To UCC Filing No. 24012454,  :
Without Prejudice, UCC 1-308,  :
   Defendant.

---

### MEMORANDUM OF LAW IN SUPPORT OF MR. HALL'S SENTENCING STATEMENT IN THE NATURE OF FED. R. CRIM. PROC. 32 AND 18 U.S.C. 3553(a)

---

#### INTRODUCTION

Zebedee Eli: Hall, sui juris, a sovereign flesh and blood natural being, a living soul, by special visitation for the above named defendant, ZEBEDEE E. HALL®, (hereinafter, "Mr. Hall") hereby and herein submit this Memorandum of Law in Support of Mr. Hall's Conditional sentencing Statement in the Nature of Fed. R. Crim. Proc. 32 and 18 U.S.C. 3553(a). This Memorandum of Law is submitted with clean Hands and in Good Faith.

#### STATEMENT OF THE CASE

Mr. Hall and six others (alleged codefendants) were tried together in a jury trial that lasted from September 22, 2003, to November 13, 2003. The jury found Mr. Hall guilty of counts one and forty nine of the second superseding indictment. On April 15, 2005, Mr. Hall was sentenced to 151 months of imprisonment on both counts to run concurrently. Thereafter Mr. Hall appealed both convictions and then filed a cross appeal in response to the governmemt's appeal of Mr. Hall's sentence, and on

-1-

January 23, 2007, the Tenth Circuit Court of Appeals reversed Mr. Hall's conviction under count forty nine, upheld the conviction under count one and Remanded the case back to the District Court based the Curcuit Court's finding that the District Court's sentencing was unresonable, but **did not** express an opinion in regard to what a reasonable new or ultimate sentence should be. <u>UNITED STATES OF AMERICA V. ZEBEDEE HALL, No. 05-1205, 05-1251 (10th Cir. 1-23-07)</u>

### NOTICE OF ACCEPTANCE OF OATH OF OFFICE AND RESPONSES

Mr. Hall's Notice Of Acceptance Of Office filed/dated Febuary 12, 2007, (see docket) is incorporated herein by reference and further Accepts the Oath of Offices of William J. Leone and Kathleem M. Tafoya (Public servants). This NOTICE is an Instrument in Commerce and is made explicitly under Reserve and Without Recourse.

Failure to respond to this Offer of Contract within three days of reciept establishes your unconditional acceptance, and your promise to uphold all rights due in the above Cause in the nature of the Articles in Amendment to the United States constitution as Amended 1791, **and all responses** must be submitted in the Nature of Title 28, section 453 United States Code.

### CONDITIONAL SENTENCING STATEMENT

**A. The Confusing Nature of Booker:**

To better place his position in a proper light, Mr. Hall, feels it is necessary to shed light on the Confusing nature of the Supreme Court's ruling(s) found within Booker (543 U.S. 220 (2005)). After all, it is that decision this Court look to for guidance in determining a Resonable sentence in the matter at bar.

Therefore, given Booker's confusing nature and the seemingly internally inconsistent holdings, as well as the voluminous amount of case law it has created, it is easy to lose sight of the source of the Supreme Court's decision: The right to a jury trial enshrined in the Sixth Amendment. The Right to a jury trial not only

-2-

the right to have a set of fact-finders consider the individual factors at issue in one's case, but also the right to have a democratic cross-section of society sit in judgement. Compare Booker, 543 U.S. at 244, ("The interest in fairness and reliability protected by the right to a jury trial is a common-Law Right that defendants have enjoyed for centuries and is now enshrined in the Sixth Amendment."); with Blakley v. Washington, 542 U.S. 296, 305-06 (2004) ("Our commitment is to the need to give intelligible content to the right of jury trial. That right is no mere procedural formality, but a fundamental reservation of power in our Constitutional Structure. Just as suffrage ensures the people's untimate control in the legislative and executive branches, jury trial is meant to ensure their control in the judiciary."); see also William Stuntz, The Political Constitution of Criminal Justice, 119 Harv. L. Rev. 780, 820 (2006) ("Of course, the sixth Amendment right to a jury trial embodies majoritarianism (obviously) by guarnteening local democractic control over the allocution of criminal punishment.")

Many commentators have noted a strong internal contradiction (confusion) in the Booker decision. See, e.g., M.K.B. Darmer, The Federal Sentencing Guidelines After Blakley and Booker: The Limits od Congressional Tolerance and a Greater Role for Juries, 56 S.C.L. Rev. 533,564 (2006) ("While Booker "A" was a natural outgrowth of the Court's recent jurisprudence, Booker "B" produced a jarring result in attempting to salvage as many features of the Guidelines as possible while effecting an end-run around the Sixth Amendment requirements of Booker "A", Blakley and many other Supreme Court decisions recently and otherwise recignized, thereby, making a mockery of Article Six of the United States Constitution as Amended.

The 1st part of Booker invalidated judicial fact-finding that underpinned the Sentencing Guidelines because the Sixth Amendment requires facts to be proven beyond a resonable doubt to a jury. 543 U.S. at 226. The 2nd part of Booker, however,

permits a sentencing court to tailor a sentence to it's discretion.

Due to the above confusion of the Booker decision Mr. Hall simply gives Notice to the Court that judicial fact-finding violates the Law of the Land provided by Article Six of the United States Constitution as Amended.

### B. Mr. Hall's Criminal History Category Is One (1):

Previously, three (3) points were added to Mr. Hall's History Category due to a prior sentence of incarceration exceeding one year. See U.S.S.G. §4A1.1. Said sentence was the result of a conviction for armed robbery in 1984. (Some twenty years ago, or twenty three years ago) Those three points were/are invalid because the conviction was obtained unlawfully in that Mr. Hall's Right to cnflict free counsel was not afforded (violating the Sixth Amendment's Right to counsel and the Fifth Amendment's Right to Due Process) where Mr. Hall and his codefendant, Leroy Jackson, were simultaneously represented by the same counsel, and in aggrevation of the situation Mr. Hall could not and did not recieve exculpatory testimony from codefendant due to counsel's conflict. Said conviction was also, in the state inwhich the conviction and judgment were recieved, erased from Mr. Hall's record via Pardon.

Also the one (1) point previously added to Mr. Hall's History Category for Felon in Possession of Firearm in San Diego in 1984, is also invalid since the required antecedent felony in that offence was the invalid rebbery conviction, **and** there was no **required prison sentence** as needed for the point addition. See U.S.S.G. § 4A1.1 (a) through (f), which must be read with U.S.S.G. § 4A1.2, where a "prior sentence" is defined as **any sentence previously imposed upon adjudicationof guilt for conduct not part of the current/ instant offence,** and a "sentence of imprisonment" is defined as **a sentence of imprisonment or incarceration and refers to the maximum sentence imposed.** The maximum sentence imposed for the Felon in Possession was a four year term of **probation.** Unsupervised probation at that, not the required sentence of incarceration. As a result, Mr. Hall's History Category is One (1).

-4-

**C. Any Enhancement Other Than a Prior Conviction Is Unlawful:**

The Advisory Sentencing Guidelines must not be re-applied to enhance Mr. Hall's sentence. Mr. Hall was not charged nor found guilty by a jury of any weopens violations that is required to justify an enhancement. To do so the Court would be in violation of Article Six of the U.S. Constitution as Amended which requires a jury, not a judge, to find facts that would increase the ceiling of a potential sentence in a criminal case. See United States v. Booker, 543 U.S. 220, 226 (2005); Blakeley v. Washington, 2004, 2004 WL 1402697 (June 2004); United States v. Cotton, 535 U.S. 625 (2002); and Aappredi v. New Jersey, 530 U.S. 466 (2000).

There was an **unloaded** shotgun found **outside** Mr. Hall's residence in an abondoned car on the day of arrest, which was not included in the search warrant and **not in plain view**, for which **no ammunition was ever found** did not reflect a required **increased risk of danger** and was not **connected to the offence** as required for a sentence enhancement, United Sattes v. Matthews, 942 F.2d 779 (10th Cir. 1991), Bailey v. United Sates, 516 U.S. 137 (1995), United Sates v. Miller, 84 F.3d 1244 (1oth Cir. 1996).

Further, at most the relevant quantity of alleged drugs (what exactly is a substance which contains a detectable amount of cocaine base?) the Court may consider toward sentencing is that charged and found by the jury, 50 grams.

Based on the jury findings Mr. Hall's Advisory Guideline Level is 32, however, Mr. Hall must be sentenced under that level.

**D. In The nature Of 18 U.S.C. § 3553(a), Mr. Hall Should Be Sentenced Below The Statutory Minimum Sentence:**

A sentencing Court on remand has discretion to entertain or decide new arguments at the new sentencing. See United Sates v. Hopkins, 408 F. Supp. 2d 1123 (D.C. Kan. 2005)(citing United States v. Fortier, 242 F.3d 1224, 1232 (10th Cir.) cert. denied, 529 U.S. 979 (2001). The appellate court did not specifically limit the scope

-5-

of the remand, and this court has the discretion to expand the resentencing beyond the sentencing error causing the remand. See United Sates v. Moore, 83 F.3d 1231, 1234 (10th Cir. 1996).

In conjunction with the arguments above Mr. Hall request the Court to consider his post sentencing conduct. Indeed, Mr. Hall's post sentence conduct does not present a new argument or new evidence. Rather, Mr. Hall's conduct must be considered under recent case law and 18 U.S.C. § 3553(a) because the Court must have current and reliable information regarding these factors.

Under Section 3553(a), the following factors must be considered:

> the nature and circunstances of the offence; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offence; provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed correctional treatment; the sentencing range established by the applicable Sentencing Guidelines; the pertinent policy statements; the need to avoid unjustified sentence disparities among defendants with similar criminal histories and found guilty of similar conduct; and the need to parvide restitution.

18 U.S.C. § 3553(a).

In the present case, the Tenth Circuit did not limit the scope of the District Court's discretion on resentencing. In fact the Tenth Circuit specifically provided: In resentencing Mr. Hall in a manner not inconsistent with our discussion we in no way intend to express an opinion in regard to what the ultimate sentence should be. Id at page 32.

Mr. Hall has been a model prisoner and have maintained strong family ties. He has recieved yet "another" GED, and attended several other educational courses during his post sentence period. In light of Booker, this Court should consider Mr. Hall's post sentence conduct as part of the pertinent Section 3553(a) factors at the resentencing in this matter.

Further, this Court should consider the Sentencing Commission's New proposes to the Sentencing Gildelines on Crack. It has always been Mr. Hall's position that

-6-

the existing 100:1 crack/powder ratio was and is unconstitutional and unfairly target the Black Americans across the country. The Sentencing Commission announced April 27 that its 2007 batch of proposed amendments to the U.S. Sentencing Guidelines will include provisions for lowering the recommended sentences for offences involving crack cocaine. Congress has rebuffed the Commission's past efforts to lower this controversial 100:1 ratio. However, this years bid has more traction in light of the nature of federal sentencing law since Booker.

Because the Sentencing Guidelines are now advisory, a district Court is permitted to vary from those guidelines in order to impose a sentence which fits the mandate of 3553(a). See United States v. McBride, 434 F.3d 470, 476 (6th Cir. 2006). Section 3553(a) instructs a district court to impose "a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in section 3553 (a)(2)." A sentence outside of the guideline range, lower or higher, is not presumptively unreasonably. See United States v. Foreman, 436 F. 3d 638, 644 n 1 (6th Cir. 2006).

As before Mr. Hall, persons have consistently challenged their crack cocaine penalties, and Mr. Hall now is challenging his "crack cocaine" penalty under the due process clause of Article Five of the United States Constitution as Amended. The crux of this due process challenge has been that crack cocaine and powder cocaine are chemically the same yet two different penalties are provided for the same drug. In Mr. Hall's case, however, he was not indicted for nor convicted by jury of either crack cocaine or powder cocaine. Mr. Hall was indicted and later convicted by a jury of a <u>substance</u> containing a detectable amount of cocaine base. The question is: <u>**what is the chemical composition of a "substance" containing a detectable amount of cocaine base?**</u> The record is viod of exactly what a "substance" is, and Since the record is viod of the composition of the charged "substance" Mr. Hall's new **sentence** must be far below any statutory or guideline sentence range.

-7-

A federal district court imposing sentence for a crack cocaine (alleged crack cocaine) offense has an obligation to consider whether applying the U.S. sentencing Guidelines' 100:1 crack-to-powder sentencing ratio will effectuate the general sentencing goals set out in 18 U.S.C. Section 3553(a) in a particular defendant's case. See United States v. Pickett, D.C. Cir., No. 05-3179, 2/13/07). The Third Circuit has held that a district court may take into account the severity of the 100:1 ratio as one of the many factors to be considered in deciding in whether to impose a sentence below the guideline range. See United States v. Gunter, 462 F.3d 237 (3rd Cir. 2006). Since, in this case, Mr. Hall was not charged or convicted by a jury of an actual crack cocaine offense but rather of an "alleged offense" involving a <u>substance</u> not covered nor defined as an offense, federal or otherwise, within the Sentencing Guidelines or Statute, any sentence imposed other than one of <u>Time Served</u> would be unlawful.

## CONCLUSION

The foregoing Sentencing Statement is Conditioned upon the attached Conditional Acceptance For Value (CAFV)-PRIVATE ADMINISTRATIVE REMEDY/PROOFS OD CLAIM. Mr. Hall is not sure the judgement in the above Cause was obtained through Lawful means and seeks Proofs Of Claim to the contrary. Please note that the Trademark/Copyright, ZEBEDEE E. HALL®, is the Private Property of Zebedee Eli: Hall and there is a sum certain of U.S. Dollars One-Million for any unauthorized use of said Trademark/Copyright. However, the named persons within the attached Regarding may use My Private Property to respond to the above Sentencing Statement (under penalty of Perjury) upon submitting the requested Proofs Of Claim.

By: _____*Zebedee Eli Hall*_____
Zebedee Eli: Hall, Agent with Power of
Attorney in Fact

CERTIFICATE OF MAILING

    I Zebedee Eli: Hall, agent for the ens legis, ZEBEDEE E. HALL®, certify that on May 24, 2007, the attached/foregoing Mr. Hall's Conditional Sentencing Statement was placed in the U.S. Mail, along with the attached CAFV, to be delivered to the following persons:

Kathleen M. Tafoya/William J. Leone  
c/o: The U.S. Attorney's Office  
1225 17th Street, 7th Floor  
Denver, Colorado


Wiley Y. Daniel  
c/o,: Office Of The Clerk, Room A-105  
United States District Court  
901-19th Street  
Denver, Colorado

                                         By: _____  
                                              Zebedee Eli: Hall, Agent, Without Prejudice, UCC 1-308