IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No.     06-cv-01898-WYD
Criminal Case No.    01-cr-00214-WYD

UNITED STATES OF AMERICA,

v.

19.   SAMMY WOODS,

    Movant.

---

ORDER DENYING 28 U.S.C. § 2255 MOTION

---

Movant Sammy Woods has filed *pro se* a motion pursuant to 28 U.S.C. § 2255 seeking to vacate the judgment of conviction in this criminal action. On October 4, 2006, I directed the government to file an answer to the § 2255 motion. On December 13, 2006, the government filed its answer to the § 2255 motion. On December 28, 2006, Mr. Woods filed a reply to the government's answer and a supplement to the § 2255 motion. On February 13, 2007, Mr. Woods filed a memorandum of law in support of his § 2255 motion.

I must construe the papers filed by Mr. Woods liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. After reviewing the entire file, I find that an evidentiary hearing is not necessary. For the reasons stated below, I will deny

the § 2255 motion.

Mr. Woods was convicted by a jury of conspiracy to distribute fifty grams or more of crack cocaine as well as possession with intent to distribute crack cocaine and use of a communications facility to further a drug trafficking crime. I sentenced Mr. Woods to 240 months in prison, the statutory minimum term, on the conspiracy count and lesser concurrent terms on the other counts. The judgment of conviction was affirmed on direct appeal. *See United States v. Small*, 423 F.3d 1164 (10th Cir. 2005). Although Mr. Woods did not seek review in the United States Supreme Court on direct appeal, his conviction was not final until the time for seeking certiorari review expired. *See United States v. Burch*, 202 F.3d 1274 (10th Cir. 2000). As a result, the § 2255 motion was timely filed on September 22, 2006.

The claims Mr. Woods raises in this action are confusing, difficult to understand, and not well-developed. He lists four separate claims for relief in the § 2255 motion, although there is substantial overlap among the claims. Mr. Woods contends as part of his first claim that counsel was ineffective for failing to raise a *Booker* issue on direct appeal. *See United States v. Booker*, 543 U.S. 220 (2005). Also as part of his first claim, and in his second and third claims for relief, Mr. Woods raises a variety of arguments that counsel was ineffective for failing to seek dismissal of the charges against Mr. Woods because the court lacked subject matter jurisdiction over this criminal action. Finally, in his fourth claim for relief, Mr. Woods argues that the government lacked jurisdiction to prosecute this action because crack cocaine is not a controlled substance and the federal drug laws pertaining to crack cocaine are

unconstitutionally vague.

I first will address the ineffective assistance of counsel claims. The Supreme Court has established a two-prong test to review ineffective assistance of counsel claims. *See Strickland v. Washington*, 466 U.S. 668 (1984). Mr. Woods must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance was prejudicial. *See id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a "strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id*. In order to demonstrate prejudice, Mr. Woods must establish that counsel's performance rendered the proceedings "fundamentally unfair or unreliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). If Mr. Woods fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claims must fail. *See Strickland*, 466 U.S. at 697.

As noted above, Mr. Woods first contends that counsel was ineffective for failing to raise a *Booker* issue on direct appeal. In *Booker*, the Supreme Court held that the Sixth Amendment requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. There are two distinct types of *Booker* errors. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 (10th Cir. 2005) (en banc). First, constitutional *Booker* error occurs when a court relies on judge-found facts, other than those of prior convictions, to enhance a

sentence mandatorily. *See id.* Second, non-constitutional *Booker* error occurs when a sentencing court applies the Sentencing Guidelines in a mandatory rather than discretionary fashion even though the resulting sentence was based solely on facts admitted by the defendant or found by the jury. *See id.* at 731-32.

In the instant action, there was no *Booker* error because Mr. Woods received the statutory minimum sentence of 240 months. That sentence was driven by the jury's determination that Mr. Woods conspired to distribute more than fifty grams of crack cocaine and Mr. Woods' prior felony drug conviction. *See* 21 U.S.C. § 841(b)(1)(A)(iii). My determination that there was no *Booker* error is supported by the fact that the Tenth Circuit rejected the *Booker* claims raised on direct appeal by two of Mr. Woods' co-Defendants who also were sentenced to the statutory minimum terms. *See Small*, 423 F.3d 1164 at 1187. Therefore, because there was no *Booker* error, Mr. Woods' counsel was not ineffective for failing to raise a *Booker* claim on direct appeal.

Mr. Woods next claims that counsel was ineffective for failing to seek dismissal of the charges against Mr. Woods because the court lacked jurisdiction over this criminal action. As noted above, Mr. Woods raises various arguments in support of this contention in his first, second, and third claims for relief. These arguments include the following:

- The United States is a "fictitious party plaintiff;"
- His name in the indictment in "all capital letters" is not his lawful name;
- He is not a corporate franchise and has not elected to be so treated;
- The United States is a territorial corporation without power to bring a

>    criminal prosecution within the territorial boundaries of the several states;
>
> •  A U.S. DISTRICT COURT is not an Article III court;
>
> •  Title 18 U.S.C. § 3231 is unconstitutional on its face; and
>
> •  Section 3231 applies only to "District Courts of the U.S.," not "U.S. DISTRICT COURTS."

The government, in its response to the § 2255 motion, labels these arguments as frivolous. I agree. Therefore, the government also is correct that counsel was not ineffective for failing to raise these frivolous arguments. The effective assistance of counsel "does not demand that every possible motion be filed, but only those having a solid foundation." *United States v. Crouthers*, 669 F.2d 635, 643 (10th Cir. 1982).

The premise urged by Mr. Woods that underlies these ineffective assistance of counsel claims is that the court lacks jurisdiction. Pursuant to 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." "Subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999). Therefore, Mr. Woods' ineffective assistance of counsel claims challenging the court's jurisdiction over this criminal action also lack merit and will be dismissed.

In his fourth claim for relief, Mr. Woods alleges that the government lacked jurisdiction to prosecute this action because crack cocaine is not a controlled

substance. He also argues that, because crack cocaine is not a controlled substance, the federal drug laws pertaining to crack cocaine are unconstitutionally vague. This claim lacks merit because substances containing cocaine are Schedule II controlled substances. *See* 21 U.S.C. § 812, Schedule II(a)(4). Mr. Woods provides no authority or any reasoned basis for his argument distinguishing between a "mixture" containing cocaine and a "substance" containing cocaine. Furthermore, the fact that crack cocaine is a Schedule II controlled substance disposes of Mr. Woods' additional contention that the federal drug laws pertaining to crack cocaine are unconstitutionally vague. Therefore, this claim also will be dismissed. Accordingly, it is

ORDERED that the motion to vacate filed on September 22, 2006, is **DENIED**. It is

FURTHER ORDERED that each party shall bear his or its own costs and attorney's fees.

Dated:  June 11, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge