IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No.    06-cv-01898-WYD
Criminal Case No.   01-cr-00214-WYD

UNITED STATES OF AMERICA

vs.

SAMMY WOODS

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 29 2007

GREGORY C. LANGHAM
            CLERK

MOTION FOR CERTIFICATE OF APPEALABILITY

COMES NOW the Movant, SAMMY WOODS, pro se, as his own attorney on behalf of himself sui juris, and pursuant to 28 U.S.C. §2253 and Rule 22 of the Federal Rules of Appellate Procedure, makes application herein for the issuance of a Certificate of Appealability to the order denying Movant §2255 relief on June 11, 2007.

REASONS WHY A CERTIFICATE OF APPEALABILITY SHOULD ISSUE

I.  Movant can make a substantial showing of the denial of a constitutional right.

II.  The proceeding involves one or more questions of exceptional importance on which the district court's decision conflicts with the authoritative decisions of the Supreme Court of the United States or the United States Court of Appeals for the Tenth Circuit.

III.  The constitutional issues presented by the Movant in his §2255 motion, which the district court denied, raise issues that are debatable among jurists of reason.

IV.  The issues presented in Movant's §2255 are adequate to deserve encouragement to proceed further.

V.  There are substantial grounds upon which relief may be granted.

VI.  Each claim presented by the Movant deserves adequate consideration and assessment by the appellate court to determine the viability of Movant's constitutionally grounded claims.

## QUESTIONS PRESENTED UPON WHICH A CERTIFICATE OF APPEALABILITY IS SOUGHT

1.  Whether the district court erred when it concluded that Movant was not denied his right of effective assistance of counsel when counsel failed to raise a <u>Booker</u> (<u>United States v. Booker</u>, 543 U.S. 220 (2005) claim on direct appeal, thereby, depriving Movant of an opportunity to have the appellate court review his sentence for reasonability?

2.  Whether the district court erred when it concluded that Movant was not denied his right to effective assistance of counsel when counsel failed to seek dismissal of the charges against Movant on grounds that the district court lacked subject matter jurisdiction over the criminal action brought against the Movant?

3.  Whether the district court erred when it concluded that Movant was not denied his right to effective assistance of counsel when counsel failed to argue that the district court lacked jurisdiction to prosecute Movant because crack cocaine is not a controlled substance, within the meaning of a controlled substance as proscribed by the Congress of the United States, and the federal drug laws pertaining to crack cocaine are unconstitutionally vague?

4.  Whether the district court erred when it rejected the issue

that crack cocaine is not a controlled substance and that Movant's claim that crack cocaine is not a controlled substance are without merit?

5. Whether the district court erred when it held that the federal drug laws are not unconstitutionally vague and denied Movant §2255 relief from his conviction and sentence thereon?

6. Whether the district court erred when it determined there is no distinction between a "mixture" containing cocaine and a "substance" containing cocaine, so that the former does not constitute a federal crime within the reach of the federal drug laws?

7. Whether the district court erred when it determined that Movant suffered no Booker error because his case involved a mandatory minimum sentence when, in actuality, the mandatory minimum, which exceeds the otherwise maximum penalty applicable to Movant's offense, is unconstitutional itself?

8. Whether the district court erred in failing to recognize that the 100 to 1 ratio between crack cocaine and powdered cocaine, which raises the penalty, is unconstitutional and fails to satisfy the requirements of 18 U.S.C. §3553(a)(2)?

### POINTS AND AUTHORITIES SUPPORTING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Although habeas corpus and §2255 appeals follow the usual civil appellate procedures in most aspects, appellate practice in these affairs is unique in one respect. In contrast to the unrestricted availability of appeals in most civil litigation, there is no appeal of right for prisoners in §2255 cases. Instead, the prisoner must obtain leave to appeal by making a "showing of the denial of a constitutional rights." See Barefoot v. Estelle, 463 U.S. 880, 893 (1983); also see, 28 U.S.C.

§2253(c)(2)(West 1994 & Supp. 2001).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the mechanism for making the requisite "substantial showing" in habeas corpus cases (§2255 appeals did not require such showings at that time) was an application for a "certificate of probable cause." Barefoot, supra, 463 U.S. at 892-93. The application could be directed to a district or circuit court judge or, it could be made to a Supreme Court Justice. Absent a certificate of probable cause to appeal, federal appellate courts apparently were "without jurisdiction to consider the appeal." See e.g., Fabian v. Reed, 707 F.2d 147, 148 (5th Cir. 1983).

By amendment to 28 U.S.C. §2253, the AEDPA replaced the "certificate of probable cause" with a "certificate of appealability." 28 U.S.C. §2253 (c)(West 1994 & Supp. 2001). As a general note, initially, it was questionable whether the requirement for a "certificate of appealability" applied to §2255 proceedings. However, appellate courts nationwide held that such certificates are required in §2255 cases. See e.g., United States v. Youngblood, 116 F.3d 1113, 1114-1115 (6th Cir. 1997). Consequently, the Supreme Court revised Rule 22(b) to conform to that view.

To warrant the issuance of a "certificate of appealability," the Movant (and/or Appellant, whichever is appropriate at the time) must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard has been interpreted to codify the Barefoot standard that existed prior to the AEDPA, at least insofar as constitutional claims are at issue. See, e.g., Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)(Except for substituting the word "constitutional" for the word

4

"federal," §2253(c) is a codification of the "Certificate of Probable Cause" standard announced in Barefoot.).

In Slack v. McDaniel, the Supreme Court held that "when a district court denies a habeas petition on procedural grounds, without reaching the merits of the prisoner's underlying constitutional claims, a COA should issue if the prisoner shows, at least, that jurist of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 478. Because Movant has shown in the case sub judice, that there exists constitutional claims upon which relief could be granted, and that reasonable jurists would differ in their opinion with respect to the validity of the claims, a COA should issue in this case. [1]

### THE ISSUES SATISFY THE BAREFOOT STANDARD

Movant seeks to appeal the denial of his §2255 motion on the following grounds, each of which presents a question as to which "reasonable jurists would find the district court's assessment of the constitutional claims debateable or wrong." Slack, 120 S.Ct. at 1603, and thus, merit the issuance of a certificate of appealability in the case sub judice.

A.  MOVANT HAS MADE A SUBSTANTIAL SHOWING OF THE DENIAL OF A CONSTITUTIONALLY SECURED RIGHT.

Each of the claims asserted in Movant's §2255 motion involve a constitutionally secured right: (1) the Sixth Amendment right to effective

---

[1] In numerous cases the courts have granted a COA on issues of ineffective assistance of counsel even where the issues have ultimately failed on the merits. See e.g., Lozada v. Deeds, 498 U.S. 430, 112 L.Ed.2d 956, 11 S.Ct. 860 (1991)(per curiam).

assistance of counsel, <u>Strictland v. Washington,</u> 466 U.S. 668, 686-90 (1984), <u>Amend. VI.</u>, <u>U.S. Const.</u>; (2) the <u>Sixth Amendment</u> right to a jury trial — the jury serving as the fact-finder for all facts relevant to increased punishment, including, but not limited thereto, mandatory minimum sentences, <u>United States v. Gaudin</u>, 515 U.S. 506, 510 (1995), <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Booker</u>, <u>supra</u>.; the <u>Fifth Amendment</u> right of due process — jurisdiction of the court must be established when the issue is raised.

B. <u>STANDARD OF REVIEW</u>

The Tenth Circuit will review a denial of Movant's §2255 <u>de novo</u>, and only as to those questions which this court certifies.

C. <u>REASONABLE JURISTS WOULD FIND IT DEBATABLE WHETHER THE DISTRICT COURT'S ASSESSMENT OF MOVANT'S §2255 CLAIMS WAS CORRECT.</u>

With respect to each of Movant's constitutional challenges to his sentence or conviction, Movant contends that "jurists of reason" would find it debatable whether the district court was correct in its decision below.

First, Movant contends that counsel was ineffective for his failure to raise a <u>Booker</u> issue on direct appeal, that counsel was ineffective for failing to seek dismissal of the charges because the district court lacked subject matter jurisdiction, and that counsel was ineffective for failing to argue that the government lacked jurisdiction to prosecute the action because crack cocaine is not a controlled substance and because the federal drug laws pertaining to crack cocaine are unconstitutionally vague. As this court is aware, a defendant claiming ineffective assistance of counsel must demonstrate that (1) counsel's actions were outside the wide range of professionally competent assistance, and (2) that defendant was prejudiced

6

by reason of counsel's actions. Strictland v. Washington, 466 U.S. 668, 686-90 (1984). To establish such claim, the burden is on the Movant to prove that there is a strong presumption that counsel's conduct falls within a wide range of reasonably professional assistance." Id. In the instant case, Movant believes that jurists of reason would find it debatable whether the actions of counsel fall within the parameters of reasonably professional assistance.

First, counsel failed to raise a Booker claim on Movant's direct appeal. To determine the viability of this claim the claim must be looked at from a distance. While Booker would appear to void only those sentences where the fact findings of a trial judge caused an increase in the penalty that exceeded the otherwise maximum penalty applicable to the offense, the same holds true with respect to facts that place the defendant in a position where a mandatory minimum penalty is applicable. Indeed, on the same basis that Booker found the former unconstitutional, it is probable that, if properly raised, the mandatory minimum applicator would suffer the same fate. However, because counsel never presented the issue on direct appeal, there is no means to determine what the Tenth Circuit would have said about the argument nor is there a means to determine if the Supreme Court would or would not have granted certiorari to determine the issue. Nevertheless, it is obvious, from Booker, at least the issue was debatable among jurists of reason and Movant should be allowed to present the issue to the appellate court. Because counsel did not raise the issue on direct appeal, counsel did not perform professionally and Movant suffered prejudice as a direct result.

The fact that Booker had not been decided at the time of the Movant's direct appeal also is not significant. No one can any longer deny what Booker made clear on January 12, 2005, namely, that all facts essential to imposition of, or the formulation of, a sentence must be proven beyond a reasonable doubt to a jury. Although Booker constituted the first fully articulated Supreme Court recognition of the right to Sixth Amendment trial by jury of all controverted facts essential to the imposition of a sentence, the same constitutional challenge was required by Movant's counsel because the cases that presaged Booker, such as In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970), Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L. Ed.2d 435 (2000), were in the judicial pipeline. If Movant's counsel had presented to the appellate court the Booker issue raised by the Movant in his §2255 (and the fact that the mandatory minimum sentencing, being mandatory as it is, invades the Fifth and Sixth Amendment rights in the same manner that the mandatory application of the Guidelines themselves violated such provisions in Booker), it cannot be said what the appellate court may have said or done about the argument. It is sufficient to say that there is enough uncertainty of what the appellate court may have said or done to warrant the issuance of a COA now to allow the learned jurists on the appellate court to visit the claims and say they what they will. It is even possible that learned jurists, debating over these issues may determine that Woods is the new Booker and new law may follow on appeal.

The Sixth Amendment requires that a defendant have effective

8

assistance of counsel on a first appeal. Therefore, a first appeal is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of counsel for the appeal. <u>Evitts v. Lucey</u>, 469 U.S. 387, 396, 105 S.Ct. 830, 836 (1985). In <u>Wiggins v. Smith</u>, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003), the Supreme Court held:

> We have declined to articulate specific guidelines for appropriate attorney conduct and instead have emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.

123 S.Ct. at 2535.

Under the circumstances that apertained at the time of Movant's appeal (and the sentencing that preceeded it), Movant's counsel was required to recognize the potential constitutional claims that inhered in the court's sentencing errors. While counsel may not be required to raise every conceivable error on appeal, that principle does not mean that he may ignore potentially significant constitutional issues. Whether those may or may not be victorious is not a factor. If the presentation of the issue would have led to a possibility of ultimate victory, the attorney for the defendant had an obligation to raise it.

The same principle applies with respect to Movant's jurisdictional claims. Whether the district court had subject matter jurisdiction to put Movant to trial upon the federal charges, as he has presented in his §2255, has not been answered. Thus, it is inherently impossible to determine that the issue, had it been presented on direct appeal, would have been without merit. As the Supreme Court has said, subject matter jurisdiction flows from <u>Article</u> III of the Constitution and, therefore,

9

must be proven before a court may assume authority over a defendant in a criminal action. Insurance Corporation of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 72 L.Ed.2d 492, 102 S.Ct. 2099, (1982). The fact that such jurisdiction was not proven in this case at the start of the trial, and that such question could have been raised on direct appeal, counsel was ineffective for failing to raise it. Again, what the appellate court may have said about the jurisdiction of the district court on the theory raised by the Movant in his §2255 is not ascertainable. Reasonable jurists could easily differ as to their opinion of what does or does not constitute jurisdiction in a federal forum. See e.g., United States v. Lopez, 514 U.S. 549, 131 L.Ed.2d 626, 115 S.Ct. 1624 (1995). Genuine issues of jurisdiction are always debatable.

Whether the United States is a fictitious party plaintiff, whether Movant's lawful name is the same as the all capital letter name used by the United States in its complaint against the Movant, whether the Movant is a corporate franchise for purposes of the bringing of a federal action against the Movant, and whether the United States is a territorial corporation without power to bring a criminal prosecution within the boundaries of the several states, are jurisdictional issues that cannot be frivolous if there is any substance to the plausability thereof. Because the district court simply pushes these arguments to the side without first establishing the meritorious or nonmeritorious nature thereof, renders these debatable among jurists of reason. Indeed, numerous supreme court decisions and/or decisions of the various appellate courts of the United States, found in the Supreme Court Digest, 6 and 6A Courts, that supports the notion that the federal court's jurisdiction is limited and may be territorial and

excepted from exercise power within the jurisdiction of a state's sole and exclusive sovereign boundaries. See e.g., In re Cooper, 143 U.S. 472, 12 S.Ct. 453, 36 L.Ed. 232. Also see United States v. Bevans, 3 Wheat 336, 4 L.Ed. 404; Minnesota v. Hitchcock, 185 U.S. 373, 22 S.Ct. 650, 46 L.Ed. 954 (1902); Tyler v. Hand, 7 How 573, 12 L.Ed. 824 (1849). Equally, whether a U.S. District Court is a true Article III court is debatable considering the fact that such district courts were created by an Act of Congress as prescribed in Article I. Thus, this issue is also debatable and deserves to proceed further. Because these arguments have a solid foundation upon which to rests, counsel's failure to raise them on direct appeal may very well have been the result of ineffective assistance of counsel. United States v. Crouthers, 669 F.2d 635, 643 (10th Cir. 1982).

A COA must issue where the Movant can "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 120 S.Ct. at 1603. Movant contends he has satisfied this standard with respect to each of the claims that he raises in the instant motion and in his §2255. He was prejudiced by the ineffective performance of his attorney and obviously his failure to raise the issues that are presented in this motion raises a question as to his effective performance on appeal. Reasonable jurists would find the district court's assessment of Movant's claims debatable and could very well determine that the district court was wrong. For this reason, and others cited elsewhere herein, a COA should issue and Movant allowed to present his claims to the appropriate appellate court for consideration.

## CONCLUSION

For all of the reasons set forth herein it is obvious that the district court's ruling on Movant's §2255 motion to vacate, set aside or correct sentence are debatable among jurists of reason and a COA should issue so that these matters may be addressed by the appropriate appellate court.

Dated this 25th day of June, 2007.

Respectfully submitted,

SAMMY WOODS
BOP Reg. No. 30425-013
Unit - Beale B
Federal Correctional Institution
P.O. Box 34550
Memphis, Tennessee 38184-0550

Movant Pro Se Sui Juris

12

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has this _25th_ day of _June_, 2007, been served on _Denver District Court, Judge Wiley W. Daniel_ by placing a copy of same in the inmate legal mail deposit window at the Federal Correctional Institution at Memphis, Tennessee, for delivery to the United States Post Office by prison authorities, prepaid first-class postage affixed thereto.

_Sammy Woods_
SAMMY WOODS
Movant Pro Se Sui Juris