UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

5.   THEOLIAN LLOYD,                    Criminal Case No: 01-CR-00214-WYD
                                        Civil Action No: 06-CV-02557-WYD
         Defendant-Movant,
                                                          F I L —
                                                    UNITED STATES DISTRICT C.  ᵣ
-vs-                                                   DENVER, C    ᵢ

UNITED STATES OF AMERICA,                              JUL 05 2007

         Palitniff-Respondent.                         GREGORY C.
_____/

SUPPLEMENT TO ARGUMENT FIVE OF MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL
CUSTODY PURSUANT TO 28 U.S.C. §2255

   NOW COMES Theolian Lloyd, the Defendant-Movant, in forma pauperis, in the above-entitled criminal appeal and states the following Supplement to Argument Five of his Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. §2255:

   1.   That on or about May 26, 2007, the Defendant-Movant (hereinafter the Movant) filed an "Opposition to the United States' Answer to Motion Under §2255 claiming that in order to prove his claim made in Argument Five of his §2255 Motion (and Supporting Brief) that he needed additional 90 day to obtain the transcripts from his State conviction in the District Court for the County of Arapahoe in the State of Colorado and submitted Exhibit 1 to prove that said Court had ordered those transcripts prepared and forwarded to him. (See Exhibit 1 previously submitted in support of Opposition).

   2.   That on June 27, 2007, the Movant received those State transcripts and it proves that his prior State conviction for for simple possession with no intent to manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled

substance (or a counterfeit substance) with the intent to manufacture, import, export, distribute, or dispense. (See Transcripts of the Sentencing Hearing held in the District Court for the County of Araphoe in the State of Colorado dated May 8, 1998, before the Honorable Thomas C. Levi, Judge of the District Court attached hereto).

3. That at the time the Movant was sentenced herein, the "established case law" for the Untied States Court of Appeals for the Tenth Circuit (hereinafter the Tenth Circuit) was that a prior drug conviction for "simple possession" could not be used to enhance or increase a sentence under 21 U.S.C. §841(b)(1)(A) and the United States Sentencing Guidelines (USSG) 4B1.2(b). See United States v Galloway, 937 F2d 542, 549 (CA10, 1991)(. . .The prior conviction was for simple possession and did not contain an element of intent to manufacture, import, export, or distribute. The government now concedes that this prior offense should not have been counted because it did not meet the definition of a "controlled substance offense under U.S.S.G. §4B1.2(2). Accordingly, we vacate the sentence imposed by the district court and remand for resentencing); United States v Galloway, 963 F2d 1388, 1390-1391 (CA10, 1992), cert. denied 506 US 957, 113 SCt 418, 121 LEd2d 341 (1992)(After Remand)(sentence adjusted downward without use of simple possession and counsel was ineffective for failing to investigate and present evidence, i.e., transcripts, to prove prior drug conviction was for "simple possession" and did not qualify under 21 U.S.C. §841(b)(1)(A) and U.S.S.G. §4B1.2(2)); and United States v Kissick, 69 F3d 1048, 1054-1057 (CA10, 1995)(Under Kimmelman v Morrison, 477 US 365, 375, 381-385, 106 SCt 2574, 91 LEd2d 305 (1986), counsel should have investigated prior drug conviction to determine whether said prior drug conviction was for "simple possession" and thus, could not be used for enhancement pursuant to 21 U.S.C. §841(b)(1)(A) and U.S.S.G. §4B1.2(2), quoting United States v Galloway, 937 F3d at 549; and United States v Galloway, 963 F2d at 1056-1057.

4. That based upon the state and matters stated in paragraphs 2 and 3 herein, upon the "established case law authority" cited therien from the Tenth Circuit, and the Sentencing Hearing transcripts from the District Court for Arapahoe County in the State of Colorado attached hereto, it is clear beyond any reasonable doubt that: (a) the Movant's counsel was ineffective for failing to investigate his prior drug conviction to determine and prove that it could not be used to enhance his sentence because it was for "simple possession," see Kimmelman v Morrison, 477 US at 375, 381-385 (counsel ineffective for failing to inveistigate Fourth Amendment claim); Beaulieu v United States, 930 F2d 805, 806-807 (CA10, 1991)(Adopting Kimmelman v Morrison, 477 US at 383-385); United States v Galloway, 937 F2d at 549 (prior drug conviction for "simple possession" could not be used to enhance defendant's sentence under 21 U.S.C. §841(b)(1)(A) and U.S.S.G. §4B1.2.2(b); United States v Galloway, 963 F2d at 1390-1391(sentence reduced without use of prior drug conviction for "simple possession); and United States v Kissick, supra at 1054-1057 (remanded for resentencing without use of prior drug offense for "simple possession); and (b) such failure and ineffectiveness prejudiced the Movant by enhancing, or increasing, his sentence form the mandatory 10 year term of imprisonment pursuant to 21 U.S.C. §841(b)(1)(A) to a 20 year term of imprisonment pursuant to 21 U.S.C. §841(b)(1)(A).

5. That the government's argument that the Movant's prior State drug offense was over five year pursuant to 21 U.S.C. §851(e) and Custis v United States, 511 US 485, 495, 114 SCt 1732, 128 LEd2d 517 (1994) are unapplicable, whereas, the Movant"is not challenging his prior drug conviction for "simple possession," but instead, is only challenging its unconstitutional use pursuant to 21 U.S.C. §841(b)(1)(A) and U.S.S.G. §4B1.2(b) to enhance, or increase, his sentence from 10 years pursuant to 21 U.S.C. §841(b)(1)(A) and U.S.S.G. §4B1.2(b) to 20 years pursuant to 21 U.S.C. §841(b)(1)(A) and U.S.S.G. §4B1.2(b).

WHEREFORE, based upon all of the aforementioned, the Movant's sentence should be vacated and this case remanded for resentencing without the use of his prior drug conviction for "simple possession."

                                                Respectfully submitted,

                                                Theolian Lloyd
                                                Defendant-Movant in Forma Pauperis
                                                Register No: 30410-013
                                                Federal Correctional Institution
                                                P.O. Box 52020
Dated:                                     Bennettsville, SC 29512-5220

## PROOF OF SERVICE

I, Theolian Lloyd, under the penalty of perjury, hereby declares that I mailed a true copy of Supplement to Argument Five of Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. §2255, Sentencing hearing Transcripts from the District Court for the County of Arapahoe in the State of Colorado and Proof of Service to Mr. James C. Murphy, Assistant Untied States Attorney for the District of Colorado, 1225 Seventeenth Street, Suite 700, Denver,Colorado 80202, by placing th esame in a sealed envelope fully addressed with postage prepaid thereon and handing it to the Mialroom Staff here at the Federal Correcitonal Institution located in Bennettsville, SC, on this ____1____ day of July, 2007.

                                                Theolian Lloyd

FILED [1]
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 05 2007

GREGORY C. ...

| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE<br>STATE OF COLORADO<br>Court Address:<br>Arapahoe County Justice Center<br>7325 South Potomac Street<br>Centennial, Colorado 80112 | |
| | COURT USE ONLY |
| Plaintiff:<br>People of the State of Colorado<br>v.<br>Defendant:<br>Theolian Sy Lloyd | Case No. 95 CR 2403<br>Division 401 |

REPORTER'S TRANSCRIPT

A P P E A R A N C E S

FOR THE PEOPLE:            JOHN A. FRANKS,
                           Reg. No. 16518

FOR THE DEFENDANT:         NEIL SILVER,
                           Reg. No. 5315

  The Sentencing Hearing in this matter commenced on Friday, May 8, 1998, before the HONORABLE THOMAS C. LEVI, Judge of the District Court.

  This is a transcript of the proceeding had on that date.

2

1                <u>FRIDAY, MAY 8, 1998</u>

2             MR. FRANKS: Judge, if we can call Theolian
3 Lloyd, 97 CR 2403.
4             THE COURT: Call that case.
5             MR. FRANKS: John Franks for the People, Your
6 Honor. Present also is Doug Gray from the Probation
7 Department.
8             THE COURT: Thank you.
9             MR. SILVER: Your Honor, Neil Silver on behalf of
10 Theolian Lloyd. Mr. Lloyd is present this morning.
11            THE COURT: All right. This matter obviously has
12 been continued. There was some concern about that before.
13 Let me ask what the People's position is going to be as far
14 as resentencing at this time.
15            MR. FRANKS: Judge, we're asking that we proceed
16 immediately. It was reset over our objection on the last
17 date.
18            THE COURT: No, I'm asking what your position is
19 as to the sentence.
20            MR. FRANKS: Three years Department of
21 Corrections.
22            THE COURT: Then the Court has now had a chance
23 to review the original presentence report that was
24 presented to Judge Leopold at the time he was originally
25 sentenced. Noting the People's position, I'll listen to

3

1    defense argument.
2              MR. SILVER:  Your Honor, the reason we continued
3    this matter last time is that Mr. Lloyd was attempting to
4    be admitted into Community Corrections.  He would be an
5    automatic placement but for that he has a domestic violence
6    case pending in Denver and in Aurora.  That case -- he
7    believed it was going to be going to court prior to this
8    date.  He tells me it's now either May 22nd or the first
9    week in June.  We'd be again requesting a continuance so we
10   could resolve that matter.
11             THE COURT:  I assume the People have the same
12   position.
13             MR. FRANKS:  Judge, yes, absolutely.  And there
14   are new offenses.  If we wait until he resolves ongoing
15   offenses, we may never get to this juncture.
16             THE COURT:  What's the status of new charges?
17             MR. GRAY:  If I could -- do you have an updated
18   PSI?  Do you have a copy of that?
19             THE COURT:  No, I just have the original
20   presentence report, but I have no update.
21             MR. FRANKS:  I'll give you my copy.
22             MR. SILVER:  Is that 4- --
23             THE COURT:  Yes, 4-8-96.  Okay.  I'm sorry.  I
24   didn't realize there was an update.
25             MR. FRANKS:  Judge, that's actually 4-8-98.

1       THE COURT: Yes, 4-8-98. (Reading.) All right.
2  I've now had a chance to review the update.
3       MR. GRAY: Your Honor, I'd like to add something
4  to that. If you look at the summary of criminal history at
5  the bottom, it says Check -- Denver general sessions, 4-6,
6  indicated no formal charges had been filed.
7       As you know, now they have been filed. He has
8  been arrested for that offense and posted bond. He was
9  arrested on 4-27-98 after he was pulled over for driving
10 with license under suspension. At this point the probation
11 department's stance is he's out there on the street.
12 Nobody's supervising him.
13      Both of these domestic violence cases occurred
14 against the same victim. We don't know what he's doing.
15 We would like to proceed with sentencing today, if
16 possible. If not, we would ask that the bond be raised to
17 a higher level so that he could be in custody until this is
18 resolved.
19      MR. SILVER: Your Honor, if the bond is -- right
20 now we do have his bondsman in here. So if we were to have
21 a reasonable bond, he would be able to stay out and
22 continue to resolve the matters. If the Court was to allow
23 him to remain or was to allow the continuance so we could
24 resolve those cases and then obtain the -- an admission
25 into Community Corrections -- he would be willing to comply

5

1      with all the terms and conditions of pretrial supervision.

2           He would have to report there.  Any violation of
3      pretrial supervision could then result in a revocation of
4      that bond and he could remain in jail until those cases are
5      resolved, but his -- the problem that Mr. Lloyd had while
6      on both probation and on intensive supervision probation
7      was the continued use of marijuana, and also testing
8      positive for alcohol.

9           THE COURT:  Well, the problem is that the plea in
10     this particular case to having violated his intensive
11     supervision probation occurred February the 24th, and here
12     we are at May the 8th, and we're still not able to go
13     forward.

14          As I indicated, last time the matter was
15     continued on April the 16th; over the district attorney's
16     objections, I granted the motion to continue, but I stated
17     at that time that the sentencing will go forward at this
18     time, and therefore I'm denying the motion to continue the
19     hearing further.

20          At this point I'll certainly listen to any
21     arguments that may be made, but we need to go ahead with
22     the sentencing hearing.

23          MR. SILVER:  Your Honor, this matter would
24     represent the defendant's first felony conviction.  He's
25     never been sentenced to the Department of Corrections.  I

6

1 believe that he did plead on the Class 4, the attempt to
2 commit possession of a controlled substance.  The reason
3 that that is a 4 is because of the date of the offense.  At
4 the time the offense was committed, it was a 3, and that's
5 what made it a Class 4 as to attempt.
6         If the offense had been committed now, since it
7 was possession, it would have been a Class 5, so if the
8 Court is going to sentence him at this time to the
9 Department of Corrections, I would request that this
10 sentence be the minimum range for a Class 4 of two years.
11         THE COURT:  I listened to that.  I'll listen to
12 the People's objection.
13         MR. FRANKS:  Judge, there's been a very earnest
14 effort on the part of probation, although not the
15 defendant, to make the probation work.  What the original
16 PSI indicated is that the defendant has for a number of
17 years lived a parasitic existence in which he's been
18 dependent on revenues from his girlfriend, his mother, and
19 drug dealing.
20         He's been given repeated opportunities to address
21 himself to those issues, and he's been unwilling to work.
22 He's continued to use drugs.  He has -- a major concern of
23 the People is -- there appears to be escalating violence
24 going on and the defendant constitutes a risk to public
25 safety.  It would be People's position that he should be

7

```
 1      sentenced to three years Department of Corrections.
 2               While Mr. Silver is correct that a simple
 3      possession would now be a Class 4 felony, this defendant
 4      was charged with not only possession, but possession with
 5      the intent to distribute and distribution of a controlled
 6      substance, so the Class 4 would have been appropriate even
 7      under today's standards because it involved distribution
 8      allegations.
 9               Judge, he is escalating.  He has become violent.
10      He has continued to use drugs.  The presumptive range for a
11      Class 4 is two to six, so a three-year sentence is below
12      the midpoint for that, and I think appropriate.  Whereas he
13      is here on a first felony, the defendant has been given
14      repeated opportunities to address the issues and is simply
15      unwilling to do so.
16               THE COURT:  Thank you.  Mr. Lloyd, you have the
17      right to make any statement at this time before I decide
18      what to do.  I'll listen to anything you want to tell me
19      before I decide.
20               MR. LLOYD:  Is there any way to stay the
21      execution?
22               THE COURT:  No.  I've already denied the motion
23      to continue the sentencing hearing.  At this time you have
24      the right to make a statement and I'll listen to anything
25      you may want to tell me.  You can either make that
```

```
 1      statement now or not.  It's up to you.
 2                MR. SILVER:  He has nothing to say, Your Honor.
 3                THE COURT:  Well, the problem in this case is we
 4      don't know what's going to happen on the case in Aurora.
 5      We don't know what's going to happen on the case in Denver.
 6      They're set for other hearings and those are coming up.
 7      The problem is in this particular case, it dates back to
 8      1995.  You were placed on probation in May of '96.  You
 9      later violated that probation.  You were placed on
10      intensive supervision probation, having violated that
11      probation.  You pled guilty in February to having violated
12      that probation.  You're now facing other charges in other
13      jurisdictions that I can't consider because I don't know if
14      you've been convicted of those or not, but it's clear you
15      haven't been able to be supervised by the probation
16      department and you've violated every time the terms of
17      their supervision.
18                I do not feel Community Corrections is
19      appropriate, even if it were available at this point
20      because of that, that supervision has simply not worked in
21      your case, and I feel that the three-year sentence is
22      absolutely appropriate.  And I'm going to sentence you at
23      this time to three years Department of Corrections.  I'll
24      order that you be remanded to serve that sentence and give
25      you any credits against that sentence that are appropriate.
```

1       The original presentence report had three days.  Are there
2       any days other than that, that have been served on this
3       case?
4                  MR. FRANKS:  Judge, he was in custody at least
5       briefly on February 27th, I believe.  Perhaps if Mr. Silver
6       could look into the issue.
7                  MR. SILVER:  Your Honor, I can check with the
8       jail.  My client indicates that it was a month prior to
9       making bond on one of these probation revocations and I'll
10      find out and I'll just file a written document or a
11      request.
12                 THE COURT:  All right.  You can simply call
13      Cynthia.  So we may have to prepare this and then if those
14      days change, you have to prepare it again.  But Mr. Lloyd,
15      we've waited and waited on this matter.  I'm sorry the
16      other cases aren't resolved so we know what the situation
17      is there.
18                 MR. LLOYD:  I think it was --
19                 THE COURT:  Just a moment, sir.  You've had your
20      chance to make a statement.  It's now my turn.  You could
21      not be supervised by probation.  I have to impose another
22      sentence on the plea you originally entered in this case to
23      attempted possession of a controlled substance.  It is a
24      Class 4 felony.  A three-year sentence is, as indicated,
25      not even really the midpoint of the presumptive range of

1    sentence for such a crime.

2           You've been given two opportunities to be placed
3    under probation supervision.  It's now time to serve the
4    sentence in the Department of Corrections.  I'll direct you
5    report to the sheriff and be taken to serve that sentence
6    at this time.  And obviously you need to advise the Aurora
7    authorities and the Denver authorities so that they can get
8    him writted for the trials pending in those jurisdictions.

9           MR. SILVER:  Thank you, Your Honor.

10          THE COURT:  And in addition, there obviously has
11   to be the mandatory three years of parole which is required
12   pursuant to the original "Request to Plead Guilty," which
13   indicated up to five years could be imposed.

14          (End of proceedings.)

15

16                      REPORTER'S CERTIFICATE

17

18          The above and foregoing is a true and complete
     transcription of my stenotype notes taken in my capacity as
19   Official Shorthand Reporter for Division 1, District Court,
     County of Arapahoe, State of Colorado, at the times and
20   places above set forth.

21          Dated at Centennial, Colorado, on June 21, 2007.

22

23                              Marlene Waite, CSR, RPR

24

25

TheoLian Lloyd
#30410-013
FCI Bennettsville
PO Box 52020
Bennettsville S.C. 29512-52020



RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JUL 5 - 2007
GREGORY C. LANGHAM
CLERK

AlFRed A. ARRJai, US Courthouse
MR. GRegoRy C Langham
CleRk of The CouRT
UNiTed STates DiSTRiCT CouRT
DenveR  ColoRado  80294

Legal Mail