IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 01-cr-00214-WYD

UNITED STATES OF AMERICA

      Plaintiff,

v.

DAWAN EUGENE SMITH,

      Defendant.

## ORDER OF DETENTION

      THIS MATTER came before the Court for a detention hearing on July 24, 2007. Present were the following: Wayne Campbell, Assistant United States Attorney, Daniel Smith, counsel for the defendant, and the defendant. The Court reviewed the information contained in the court file and considered the arguments of counsel.

      The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant, based upon the attached findings.

      IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

      IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

      IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

      DATED and ENTERED this 24th day of July, 2007.

      By the Court:

      s/ Craig B. Shaffer
      Craig B. Shaffer
      United States Magistrate Judge

United States v.  Dawan Eugene Smith
Case Number 01-cr-00214-WYD

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

      This matter comes before the court on a Petition on Supervised Release and Warrant for Arrest of Probationer/Supervised Release.  The Petition alleges that on November 18, 2004, 2002, the defendant was placed on supervision by District Judge Daniel, subject to the standard conditions of supervision and the special condition that defendant participate in testing and treatment for substance abuse.

      During a hearing on July 24, 2007, the defendant waived his right to a preliminary hearing under Rule 32.1 of the Federal of Criminal Procedure.  Based upon the facts alleged in the Petition and in light of the defendant's waiver, the court finds that probable cause exists to believe that the defendant violated one or more conditions of his release.

      Under Rule 32.1, the court "may release or detain the [defendant] under 18 U.S.C. § 3143(a) pending further proceedings.  The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the [defendant]."

      In making my findings of fact, I have taken judicial notice of the information set forth in the Petition on Supervised Release and the entire court file.  I have also considered the information and arguments presented by defense counsel during the July 24th detention hearing.  Weighing all of the information presently before the court, I find that defendant has failed to sustain his burden under Rule 32.1.  The court acknowledges the defendant's family ties to the Denver area and the fact that defendant was released on conditions prior to his most recent conviction.  However, I specifically note that the Petition on Supervised Release indicates the defendant possessed and used marijuana and methamphetamine on or about June 16, 2007.  It further appears that the defendant failed to participate in drug treatment as required on March 21, May 2, and June 20, 2007.  The Petition alleges that the defendant failed to obtain gainful employment as required and failed to notify his supervising officer of a change of address.  The court also heard testimony indicating that the supervising officer often has difficulty contacting the defendant and has received a report suggesting that the defendant may be involved in prostitution activities.  Given the defendant's apparent and repeated failure to comply with the conditions of supervised release imposed by the District Court, I find there is no combination of conditions that I could set that would properly assure the defendant's appearance at further proceedings in this case.