**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 5, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

                 Plaintiff-Appellee,

v.

SAMMY LEE WOODS,

                 Defendant-Appellant.

No. 07-1271

(D. Colorado)

(D.C. Nos. 06-cv-01898-WYD;
01-cr-00214-WYD)

---

**ORDER**

---

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Sammy Lee Woods seeks a certificate of appealability ("COA") to appeal the district court's order denying his 28 U.S.C. § 2255 motion to vacate, modify, or set aside his sentence. For substantially the same reasons set forth by the district court in its June 11, 2007 order, we deny Mr. Woods' application and dismiss this matter.

## I. BACKGROUND

Along with six other defendants, Mr. Woods was convicted after a jury trial of conspiracy to distribute fifty grams or more of crack cocaine, possession with intent to distribute crack cocaine, and use of a communications facility to further a drug trafficking crime. The district court sentenced him to the mandatory

minimum term of 240 months' imprisonment on the conspiracy count and lesser concurrent terms on the two other counts.  This court affirmed Mr. Woods' convictions and sentences on direct appeal.  See United States v. Small, 423 F.3d 1164 (10th Cir. 2005).

Mr. Woods timely filed a 28 U.S.C. § 2255 motion to modify, vacate, or set aside his sentence.  As the district court observed, Mr. Woods' four § 2255 claims are "confusing, difficult to understand, and not well-developed."  Rec. doc. 3464, at 2 (Order Denying 28 U.S.C. § 2255 Motion, filed June 11, 2007).

In his first claim, Mr. Woods asserted that, on direct appeal, his counsel was constitutionally ineffective for failing to challenge his sentence pursuant to United States v. Booker, 543 U.S. 220 (2005).  In his second and third claims, Mr. Woods alleged that his counsel was ineffective for failing to raise several arguments that the court lacked subject matter jurisdiction over the charged crimes.  These jurisdictional arguments included contentions that: (a) the United States is a "fictitious party plaintiff[;]" (b) Mr. Woods' name in the indictment in all capital letters is not his lawful name; (c) Mr. Woods is not a corporate franchise and has not elected to be so treated; (d) the United States is a territorial corporation without power to bring a criminal prosecution within the territorial boundaries of the several states; (e) a United States District Court is not an Article III court; (f) 18 U.S.C. § 3231 is unconstitutional on its face; and (g)

section 3231 applies to "District Courts of the U.S." but not to "U.S. District Courts."  See Rec. doc. 3464, at 4-5 (summarizing Mr. Woods' arguments).

In his fourth claim, Mr. Woods alleged that the government could not prosecute this action because crack cocaine is not a controlled substance and that, as a result, federal drug laws pertaining to crack cocaine are unconstitutionally vague.

The district court denied Mr. Woods' § 2255 motion.


## II. DISCUSSION

In order to obtain a COA, Mr. Woods must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Mr. Woods may make this showing by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).  "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail."  Id. at 338.

Here, for largely the same reasons set forth by the district court in its June 11, 2007 order, we conclude that Mr. Woods has failed to make a substantial showing of the denial of a constitutional right.

As to his counsel's failure to challenge his sentence under <u>Booker</u>, the jury found that Mr. Woods conspired to distribute more than fifty grams of crack cocaine.  In light of his prior felony drug conviction, the applicable statute required a minimum sentence of 240 months' imprisonment, which is what Mr. Woods received.  <u>See</u> 21 U.S.C. § 841(b)(1)(A)(iii).  Thus, the judge did not engage in improper fact-finding beyond the scope of the jury's verdict, and <u>Booker</u> is inapplicable.  <u>See</u> <u>Small</u>, 423 F.3d at 1187 (concluding that, with regard to two of Mr. Woods' codefendants, there was no <u>Booker</u> error because "the only facts necessary for [their] sentences were either submitted to the jury or involved the fact of a prior conviction" and because "the court had no discretion to impose a sentence lower than the minimum required by the statute").

As to Mr. Woods' ineffective assistance claims based on the failure to challenge the district court's jurisdiction, the district court properly concluded that it had subject matter jurisdiction over the United States' criminal prosecution of Mr. Woods under 18 U.S.C. § 3231 and that "there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts." Rec. doc. 3464, at 5.

Finally, Mr. Woods' argument that crack cocaine is not a controlled substance is incorrect:  substances containing cocaine are listed as controlled substances.  <u>See</u> 21 U.S.C. § 812, Schedule II(a)(4).[1]

## III.  CONCLUSION

Accordingly, we DENY Mr. Woods' application for a COA and DISMISS this matter.  Appellant's motion to proceed in forma pauperis on appeal is granted.

Entered for the Court,

Elisabeth A. Shumaker
Clerk of Court

---

[1]  In his application for a COA, Mr. Woods also contends that the disparity between crack cocaine and powdered cocaine offenses is unconstitutional.  COA App. at 2.  He did not raise this argument in the § 2255 motion he filed in the district court.  Mr. Woods' argument is not sufficiently preserved and developed for us to consider it here.  <u>See</u> <u>Shoels v. Klebold</u>,  375 F.3d 1054, 1062 (10th Cir. 2004) (stating that "[t]he general rule in this circuit is that a party may not lose in the district court on one theory of the case, and then prevail on appeal on a different theory").