IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2008 FEB 25  PM 12: 00

GREGORY B. LANGHAM
CLERK

BY_____DEP. CLK

Criminal Case No.  01-CR-00214-WYD

UNITED STATES OF AMERICA

vs.

SAMMY WOODS

---

MOTION FOR REDUCTION OF SENTENCE
18 U.S.C. §3582(C)(2)

---

COMES NOW the defendant, SAMMY WOODS, pro se, as his own attorney on behalf on himself sui juris, and pursuant to 18 U.S.C. §3582(C)(2) and §1B1.10(a) of the Federal Sentencing Guidelines, moves this honorable Court to reduce his sentence based upon the amendment to §2D1.1 of the Sentencing Guidelines which became effective November 1, 2007, concerning base offense levels for cocaine base (crack cocaine) offenses.  In support of his motion the defendant will show, alleges and will establish on proof, each of the following:

1.  Defendant was charged, by way of an indictment, with the offense of conspiracy to distribute and possess with intent to distribute fifty or more grams of cocaine base (count 1) and, with possession with intent to distribute 1.062 grams of cocaine base (count 62).

2.  The base offense level for counts one and sixty-two (which are violations of 21 U.S.C. §841(a)(1)) is found at §2D1.1.

3.  On November 13, 2003, defendant was found guilty, after a jury trial, of counts one, fifty and sixty-two. (Count fifty, which is irrelevant here, was a charge of using a communications facility to possess with intent to distribute cocaine base).

4.  After trial, the United States Department of Probation prepared and filed a Presentence Report (PSR) reporting the relevant sentencing factors to be considered in the sentencing process. The Probation Officer preparing the report found the base offense level for counts one and sixty-two to be level 38. Using the 2003 Guideline Manual, the applicable Guideline range for level 38, Criminal History category IV, is that of 324 to 405 months (count one) and 324 to 360 months (count sixty-two). Probation recommended a sentence of 324 months on each of the two counts to run concurrently with each other. A sentence of 96 months, with respect to county fifty, was proposed.

5.  Defendant was sentenced to 324 months imprisonment, to be followed by 10 years supervised relase. A $300 special assessment fee was also imposed.

6.  Effective November 1, 2007, Amendment 706, of the United States sentencing Guidelines (a/k/a U.S.S.G., Federal Sentencing Guidelines, and/or Guidelines) amended the Drug Quanity Table set forth in §2D1.1 (U.S.S.G.) so that crack cocaine (or cocaine base, as it is commonly known) quantities triggering mandatory minimum sentences and determining the drug quantity table range to be applied are assigned base offense levels two levels lower than before. The net result of the amendment was to lower, across the board, the base offense level for crack offenses, thereby, effectively altering

2

the 100 to 1 ratio that figured into the prior sentencing schemes.

7. As established under §1B1.10(a)(1) and (c) of the U.S.S.G., effective March 3, 2008, Amendment 706—the amendment in issue here—is to be applied retroactively.

8. When the defendant's base offense level is recalculated, in accordance with Amendment 706, the base offense level for defendant's offense becomes level 36. The applicable Guideline range, for a category IV offender, such as the defendant here, is that of 262 to 327 months. Therefore, defendant is entitled to be resentenced and to have his sentence lowered when the new amendment is applied. (It should also be remembered, under the U.S.S.G., the lower end of the applicable Guideline range is the presumptive sentence. See e.g., Burns v. United States, 501 U.S. 129, 115 L.Ed.2d 123, 111 S.Ct. 2182 (1991); United States v. DeRiggi, 45 F.3d 713 (2nd Cir. 1995); 18 U.S.C. §3553(a)(2)).

9. In considering modification of the sentence, they may also look to the defendant's post-incarceration rehabilitation efforts and the progress he has made toward reaching those goals. See United States v. Hasan, 41 F.Supp.2d 1004 (D.Neb. 1999). In Hasan, the Court said:

> Defendant's extraordinary postconviction rehabilitation efforts warranted downward departure by eight levels on resentencing pursuant to retroactive guideline amendment...

According to institution records (Progress Report), the defendant here has made a good adjustment and has clear conduct during his incarceration period. His work supervisors have graded him as an exceptional worker. (See attachements).

10.   When a retroactive amendment has been promulgated that reduces the sentencing range, the "court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a).  18 U.S.C. §3582(c)(2);  United States v. Wyatt, 115 F.3d 606, 609 (8th Cir. 1997)("court must consider. . .the general sentencing considertions contained in section 3553(a)").

11.   In addition, departures of other sorts are also permissible under these circumstances.

12.   Today, the application of the Guidelines is no longer mandatory.  United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  Rather, they are advisory and the court is free to impose a sentence outside the Guideline range whenever the court deems such a sentence to be appropriate and reasonable under the circumstances.  Thus, if the court believes that the 100 to 1 ratio that determined the extreme sentencing ranges applicable to crack cocaine cases when the defendant here went to trial should be even lower that the two level reduction entertained by Amendment 706, this court may, under its advisory authority, lower the Guideline even moreso.  Therefore, even a reduction to one-half the sentence the defendant received at the first sentencing would be permissible and reasonable.  The ratio is advisory as well.  See Kimbrough v. United States, 552 U.S. ___, 128 S.Ct. ___, 169 L.Ed.2d 481 (2007).

13.   A review of the case herein will indicate that, although the defendant was charged in a big crack cocaine case, there was a number of components to the conspiracy, many of them who were more seriously involved than the record reveals the defendant was involved.

4

Indeed, of the seventy-seven counts listed in the indictment, the defendant was charged only in three of those counts.  Many of the actors involved in the case received sentences much lower than the sentence received by the defendant.  Beginning at paragraph 7 and spanning the PSR to paragraph 37, (Governemnt's Position on Sentencing Factors), Sammy Woods (or Woods) appears only seven times.  And, the fact that there was no increases in the base offense level for obstruction of justice, role in the offense, or chapter four enhancements, says a lot about the defendant's role in the conspiracy charged.  Under the Advisory Guidelines it is not likely the court would have sentenced defendant as harshly.

WHEREFORE, PREMISES CONSIDERED, the defendant prays this Court grant his motion for a reduction in his sentence pursuant to 18 U.S.C. §3582(c)(2) and reduce his sentence as the court sees fit under the circumstances.

Dated this 20⁴ day of _Febbruary_, 2008.

Respectfully submitted,

SAMMY WOODS
BOP Reg. No. 30425-013
Unit - Beale B
Federal Correctional Institution
P.O. Box 34550
Memphis, Tennessee 38184-0550

Defendant Pro Se Sui Juris

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has, this _20th_ day of _February_ , 2008, has been served on _US DISTRICT COURT; Honorable Judge Wiley Daniel_ by placing a copy of same in the inmate legal mail deposit window at the Federal Correctional Institution at Memphis, Tennessee, for delivery to the United States Post Office by prison authorities, prepaid first-class postage affixed thereto.

_Sammy Woods_
SAMMY WOODS
Defendant Pro Se Sui Juris



Dear Daddy:

how are you — when are you going to get out of jail? You should tell those police men let you out of jail.

I LOVE YOU DADDY

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 3 2004

GREGORY C. LANGHAM
CLERK

UNITED STATES OF AMERICA

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

v.

CASE NUMBER: 01-CR-214-19-D

SAMMY LEE WOODS

Ronald Gainor, Appointed
(Defendant's Attorney)

**THE DEFENDANT:** Was found guilty on counts one, fifty, and sixty-two of the Second Superseding Indictment after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(iii); 18 U.S.C. § 2 | Conspiracy to Distribute and Possess with Intent to Distribute Fifty or More Grams of Cocaine Base, Aiding and Abetting | 06/07/01 | One |
| 21 U.S.C. § 843(b); 18 U.S.C. § 2 | Use of a Communications Facility to Possess with Intent to Distribute Cocaine Base, Aiding and Abetting | 05/09/01 | Fifty |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 11/23/57

Defendant's USM No.: 30425-013

Defendant's Residence Address:

Federal Detention Center
9595 West Quincy Avenue
Littleton, Colorado 80123

Defendant's Mailing Address:
SAME

April 21, 2004

Date of Imposition of Judgment

Signature of Judicial Officer

Wiley Y. Daniel, U.S. District Judge

Name & Title of Judicial Officer

I, GREGORY C. LANGHAM, Clerk of the United States District Court for the District of Colorado, do certify that the foregoing is a true copy of an original document remaining on file and of record in my office.
WITNESS my hand and SEAL of said Court this 4 day of May 2004
GREGORY C. LANGHAM
By Deputy

RECEIVED 4/29/04

MAY 7 - 2004

COMMUNITY CORRECTIONS OFFICE

DEFENDANT:  SAMMY LEE WOODS
CASE NUMBER:  01-CR-214-19-D

Judgment-Page 2 of 8

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(C); 18 U.S.C. § 2 | Possession with Intent to Distribute 1.062 Grams of Cocaine Base, Aiding and Abetting | 06/15/01 | Sixty-Two |

DEFENDANT: SAMMY LEE WOODS
CASE NUMBER: 01-CR-214-19-D

Judgment-Page 3 of 8

## IMPRISONMENT

     The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of two hundred forty (240) months as to count one; forty-eight (48) months as to count fifty; and one hundred sixty-eight (168) months as to county sixty-two. All counts are to run concurrently.

     The court recommends that the Bureau of Prisons designate the defendant to an appropriate facility in Tennessee.

     The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT:  SAMMY LEE WOODS
CASE NUMBER:  01-CR-214-19-D                              Judgment-Page 4 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ten (10) years as to count one; one (1) year as to count fifty; and six (6) years as to count sixty-two.  All counts are to run concurrently.

The defendant shall report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Monetary Obligations sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below).  The defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1)  The defendant shall not leave the judicial district without the permission of the court or probation officer.

2)  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4)  The defendant shall support his dependents and meet other family responsibilities.

5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

DEFENDANT: SAMMY LEE WOODS
CASE NUMBER: 01-CR-214-19-D

Judgment-Page 5 of 8

9)    The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10)    The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14)    The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1)    The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until he is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

DEFENDANT:  SAMMY LEE WOODS
CASE NUMBER:  01-CR-214-19-D

Judgment-Page 6 of 8

## MONETARY OBLIGATIONS

The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| One | $100.00 | $0.00 | $0.00 |
| Fifty | $100.00 | $0.00 | $0.00 |
| Sixty-Two | $100.00 | $0.00 | $0.00 |
| **TOTALS** | $300.00 | $0.00 | $0.00 |

DEFENDANT: SAMMY LEE WOODS
CASE NUMBER: 01-CR-214-19-D

Judgment-Page 7 of 8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

The $300 special assessment fee is due in full immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment.

DEFENDANT: SAMMY LEE WOODS
CASE NUMBER: 01-CR-214-19-D

## STATEMENT OF REASONS

The court makes the following findings concerning the objections to the presentence report:

The court finds that the defendant's relevant conduct involved 50 to 150 grams of cocaine base, which established a base offense level of 32.

The court finds that the sentencing enhancement pursuant to 21 U.S.C. § 851 does not apply to 21 U.S.C. § 843(b).

Neither the government nor the defendant has challenged any other aspect of the presentence report. Therefore, the remaining factual statements and guideline applications are adopted without objection as the court's findings of fact concerning sentencing.

**Guideline Range Determined by the Court:**

Total Offense Level: 32

Criminal History Category: IV

Imprisonment Term: 240 months as to count one; 48 months as to count fifty;
168 to 210 months as to count sixty-two

Supervised Release Term: 10 years as to count one; 1 year as to count fifty;
6 years as to count sixty-two

Fine Range: $17,500 to $8,000,000

The fine is waived because of the defendant's inability to pay.

Total Amount of Restitution: None.

The sentence is within the guideline range, that exceeds 24 months, and the sentence is imposed for the following reasons:

Punishment, deterrence, and protection of the public.

# UNITED STATES DISTRICT COURT
## OFFICE OF THE CLERK
### DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Case No. 01-CR-214-19-D                                    May 3, 2004

---

Copies of this Judgment and Commitment order were served by hand delivery or by United States mail, postage prepaid, addressed to the persons listed below.

U.S. Marshal (hand delivered)
(3 certified copies, 1 non-certified)

Kathleen Tafoya (hand-delivered)
Assistant U.S. Attorney

U.S. Probation (hand delivered)
(2 certified copies, 1 non-certified)

Pretrial Services (hand delivered)

Ronald Gainor (mailed)
6414 Fairways Drive
Longmont, Colorado 80503

Financial Litigation Unit (hand delivered)
U.S. Attorney's Office

Carol Henderson (hand delivered)
Financial Deputy

Judge Wiley Y. Daniel (hand delivered)

GREGORY C. LANGHAM, CLERK

By: _____
Kathy Triplett, Deputy Clerk

```
REGISTER NO: 30425-013      NAME..: WOODS                 FUNC: PRT
FORMAT.....: TRANSCRIPT      RSP OF: MEM-MEMPHIS FCI
```

--------------------------- EDUCATION INFORMATION ---------------------------

```
FACL ASSIGNMENT DESCRIPTION                START DATE/TIME STOP DATE/TIME
MEM  ESL HAS    ENGLISH PROFICIENT         06-07-2004 1023 CURRENT
MEM  GED EP     ENROLL GED PROMOTE W/CAUSE 04-27-2005 1444 CURRENT
MEM  GED SAT    GED PROGRESS SATISFACTORY  10-15-2004 1024 CURRENT
```

--------------------------- EDUCATION COURSES ---------------------------

| SUB-FACL | DESCRIPTION | START DATE | STOP DATE | EVNT | AC | LV | HRS |
|----------|-------------|------------|-----------|------|----|----|----|
| MEM | GED EVE: THUR & FRI 5-8 | 07-12-2004 | CURRENT | | | | |
| MEM | SLF-AWARENSS:7 POSITIVE HABITS | 10-03-2006 | 12-13-2006 | P | C | P | 24 |
| MEM | PARENTING-MORAL VALUES | 04-13-2006 | 04-13-2006 | P | C | P | 4 |
| MEM | MONEY SMART-MORTGAGE SEMINAR | 04-12-2006 | 04-12-2006 | P | C | P | 4 |
| MEM | LEGAL RESEARCH / RPP6 | 01-23-2006 | 03-31-2006 | P | C | P | 40 |
| MEM | PSYCH ANGER MGMT RPP6 | 11-08-2005 | 01-31-2006 | P | C | P | 7 |
| MEM | RPP1/HLTH SIMINR-FOURTH SERIES | 09-30-2005 | 09-30-2005 | P | C | P | 7 |
| MEM | PARENTING SEMINAR | 08-25-2005 | 08-29-2005 | P | C | P | 4 |
| MEM | TIME TO READ | 04-04-2005 | 04-22-2005 | P | C | P | 30 |
| MEM | MONEY SMART-FINANCIAL ED/RPP3 | 03-28-2005 | 03-28-2005 | P | C | P | 30 |
| MEM | SHORT STORIES ACE CLASS | 10-04-2004 | 12-06-2004 | P | C | P | 10 |
| MEM | LIFESTYLE CRIMINALITY | 07-12-2004 | 09-13-2004 | P | C | P | 40 |
| MEM | BASIC ENTREPRENEUR SKILLS/RPP6 | 07-12-2004 | 09-13-2004 | P | C | P | 10 |
| MEM | LONG DISTANCE PARENT/RPP6 | 07-12-2004 | 07-23-2004 | P | C | P | 24 |

--------------------------- HIGH TEST SCORES ---------------------------

| TEST | SUBTEST | SCORE | TEST DATE | TEST FACL | FORM | STATE |
|------|---------|-------|-----------|-----------|------|-------|
| ABLE | LANGUAGE | 4.3 | 08-18-2004 | MEM | F | |
| | NUMBER OPR | 6.3 | 08-18-2004 | MEM | F | |
| | PROB SOLV | 7.6 | 08-18-2004 | MEM | F | |
| | READ COMP | 9.3 | 08-18-2004 | MEM | F | |
| | SPELLING | 13.0 | 08-18-2004 | MEM | F | |
| | VOCABULARY | 8.8 | 08-18-2004 | MEM | F | |
| GED | AVERAGE | 420.0 | 09-22-2006 | MEM | FAIL | TN |
| | LIT/ARTS | 460.0 | 09-22-2006 | MEM | IJ | TN |
| | MATH | 360.0 | 09-22-2006 | MEM | IJ | TN |
| | SCIENCE | 440.0 | 09-22-2006 | MEM | IJ | TN |
| | SOC STUDY | 490.0 | 09-22-2006 | MEM | IJ | TN |
| | WRITING | 350.0 | 09-22-2006 | MEM | IJ | TN |
| GED PRAC | AVERAGE | 460.0 | 09-07-2006 | MEM | PASS | TN |
| | LIT/ARTS | 450.0 | 09-07-2006 | MEM | PB | TN |
| | MATH | 500.0 | 09-07-2006 | MEM | PB | TN |
| | SCIENCE | 440.0 | 09-07-2006 | MEM | PB | TN |
| | SOC STUDY | 460.0 | 09-07-2006 | MEM | PB | TN |
| | WRITING | 450.0 | 09-07-2006 | MEM | PB | TN |

```
MEM5S            *        INMATE EDUCATION DATA    *     05-29-2007
PAGE 001 OF 001 *             TRANSCRIPT          *     11:11:00
```

# Certificate of Participation

This Certificate is Presented to:

**SAMMIE WOODS**

July 12 2005

in recognition of Outstanding efforts in furthering your Rehabilitation and the Community Relations Mission of the Institution. Furthermore, for dedicating your Life Experience to Teaching and Mentoring Our Youth of Tomorrow.

Thank You for making a Positive Difference.

JOHNNY WILLIAMS,
PROGRAM COORDINATOR

BRUCE PEARSON, WARDEN

# Certificate of Achievement

*This certifies that*

Sammie Woods

has successfully completed

*Workshop on Managing
Depression and Anger*

this 13th _____ day of ___July___ _____, 2001

_____
Associate Warden, Programs

_____
*Drug Abuse Program Coordinator*

30425-013   USA

Memphis, Tenn. 38138-0550

Beale-B-Unit

"Legal Mail"

CERTIFIED MAIL™

7007 2680 0001 2470 9359

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 25 2008

GREGORY C. LANGHAM

CLERK

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
ATTN: Honorable Judge Wiley Y. Daniel
ALFRED A.ARRAJ COURTHOUSE
901-19th St.,
Denver,Colorado 80294-3589

USA

