# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 08 2003

GREGORY C. LANG

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| | (For Offenses Committed On or After November 1, 1987) |
| v. | CASE NUMBER: 01-CR-214-29-D |
| | Robert McAllister, Appointed |
| TOMMY JONES<br>a/k/a "Soul"<br>a/k/a Quinso Austin<br>a/k/a Quinso Brown | (Defendant's Attorney) |

**THE DEFENDANT:** Was found guilty on counts I and II of the Third Superseding Indictment after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(B) and C; 18 U.S.C. § 2 | Aiding and Abetting the Distribution of More than Five Grams of Crack Cocaine | 05/22/01 | I |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on count III of the Third Superseding Indictment and is discharged as to such count.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 05/23/63

Defendant's USM No.: 30458-013

Defendant's Residence Address:
  Federal Detention Center
  9595 West Quincy Avenue
  Littleton, Colorado 80123

Defendant's Mailing Address:
  SAME

December 2, 2003
Date of Imposition of Judgment

_[signature]_
Signature of Judicial Officer

Wiley Y. Daniel, U.S. District Judge
Name & Title of Judicial Officer

12/3/03
Date

DEFENDANT: TOMMY JONES  
CASE NUMBER: 01-CR-214-29-D                                    Judgment-Page 2 of 8

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 843 (b) and (d)(1) | Use of a Communication Facility to Facilitate a Drug Trafficking Felony Offense | 05/22/01 | II |

DEFENDANT: TOMMY JONES
CASE NUMBER: 01-CR-214-29-D

Judgment-Page 3 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 140 months on count I and 48 months on count II to run concurrently.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
    Deputy United States Marshal

DEFENDANT: TOMMY JONES  
CASE NUMBER: 01-CR-214-29-D                                                        Judgment-Page 4 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years on count I and one (1) year on count 2 to run concurrently.

The defendant shall report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Monetary Obligations sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

DEFENDANT: TOMMY JONES  
CASE NUMBER: 01-CR-214-29-D                                        Judgment-Page 5 of 8

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until he is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

DEFENDANT:  TOMMY JONES  
CASE NUMBER:  01-CR-214-29-D                                           Judgment-Page 6 of 8

## MONETARY OBLIGATIONS

The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| I | $100.00 | $0.00 | $0.00 |
| II | $100.00 | $0.00 | $0.00 |
| **TOTALS** | $200.00 | $0.00 | $0.00 |

DEFENDANT: TOMMY JONES  
CASE NUMBER: 01-CR-214-29-D                                    Judgment-Page 7 of 8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

The special assessment is due in full immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order: (1) special assessment.

DEFENDANT: TOMMY JONES  
CASE NUMBER: 01-CR-214-29-D                                           Judgment-Page 8 of 8

## STATEMENT OF REASONS

The court adopts the factual statements and guideline applications in the presentence report. The court finds there are no improprieties or irregularities with the defendant's criminal history.

**Guideline Range Determined by the Court:**

Total Offense Level: 28

Criminal History Category: VI

Imprisonment Range: 140 to 175 months - count I  
Imprisonment Term:    48 months - count II

Supervised Release Range: 4 to 5 years - count I  
Supervised Release Term:   1 year - count II

Fine Range: $12,500 to $2,000,000

   The fine is waived because of the defendant's inability to pay.

Total Amount of Restitution: None.

The sentence is within the guideline range, that exceeds 24 months, and the sentence is imposed for the following reasons:

   The sentence is sufficient to comply with the sentencing purposes of just punishment, deterrence and protection of the public.

## UNITED STATES DISTRICT COURT
### OFFICE OF THE CLERK
### DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Case No. 01-CR-214-29-D                                          December 8, 2003

---

Copies of this Judgment and Commitment order were served by hand delivery or by United States mail, postage prepaid, addressed to the persons listed below.

U.S. Marshal (hand delivered)
(3 certified copies, 1 non-certified)

Kathleen Tafoya (hand-delivered)
Assistant U.S. Attorney

U.S. Probation (hand delivered)
(2 certified copies, 1 non-certified)

Pretrial Services (hand delivered)

Robert McAllister (mailed)
455 Sherman St. # 300
Denver, CO 80203-4404

Financial Litigation Unit (hand delivered)
U.S. Attorney's Office

Carol Henderson (hand delivered)
Financial Deputy

Judge Wiley Y. Daniel (hand delivered)

                                        GREGORY C. LANGHAM, CLERK

                                        By: _____

                                        Christie M. de la Garza, Deputy Clerk