IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 01-cr-00214-WYD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

19.  SAMMY LEE WOODS,

        Defendant.

---

GOVERNMENT RESPONSE TO DEFENDANT'S
MOTION FOR REDUCTION OF SENTENCE UNDER
TITLE 18 U.S.C. SECTION 3582 (DOC 3544)

---

        The United States of America, by District of Colorado United States Attorney Troy A. Eid, through Assistant U.S. Attorney (AUSA) Guy Till (Government), hereby respectfully files the following response to the defendant's request for relief pursuant to Title 18 U.S.C. § 3582 (DOC 3544)(Motion).  The defendant is asking for a reduction in his sentence because of the effect of Amendment 706.  Motion ¶ 6.  The Government respectfully asks the Court to take judicial notice of the contents of own files in deciding the merits of the defendant's request for relief.

        1.  The Government respectfully states and represents to the Court that the defendant was convicted of the charge of Conspiracy to distribute more than 50 grams of crack cocaine and was sentenced to a statutory minimum mandatory sentence of 240 months imprisonment.  *See* DOC 3540.

2. The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence. See also § 1B1.10 app. note 1(A) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.").

3. Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable the passage of a retroactive guideline amendment is irrelevant. See, e.g., United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994); United States v. Hanlin, 48 F.3d 121, 124-25 (3d Cir. 1995); United States v. Pardue, 36 F.3d 429 (5th Cir. 1994); United States v. Marshall, 95 F.3d 700, 701 (8th Cir. 1996); United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996); United States v. Smartt, 129 F.3d 539, 542 (10th Cir. 1997); United States v. Eggersdorf, 126 F.3d 1318, 1320 (11th Cir. 1997).

4. The Court does not have jurisdiction under Section 3582 to reduce a statutory minimum mandatory sentence. The defendant's Motion must be denied.

Respectfully submitted this 27th day of February 2008.

                TROY A. END
                UNITED STATES ATTORNEY


                BY: *s/ Guy Till*
                GUY TILL
                Assistant United States Attorney
                United States Attorney's Office
                District of Colorado
                1225 17th Street, Suite 700
                Denver, CO 80202
                (303) 454-0100
                Guy.Till@usdoj.gov

## CERTIFICATE OF SERVICE

   I hereby certify that on this  27th   day of February, 2008, I electronically filed the foregoing **GOVERNMENT RESPONSE TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE UNDER TITLE 18 U.S.C. SECTION 3582 (DOC 3544)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Ronald Gainor, Esq.
gains_2000@hotmail.com


and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner indicated:

Mr. Sammy Lee Woods
30425-013
Beale-B-Unit
Memphis, TN 38138-0550

MEMPHIS FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O, BOX 34550
MEMPHIS, TN 38134


         s/ Debbie Azua-Dillehay
         DEBBIE AZUA-DILLEHAY
         Legal Assistant
         Assistant United States Attorney
         United States Attorney's Office
         1225 Seventeenth Street, Suite 700
         Denver, Colorado 80202
         Telephone:  (303) 454-0100
         FAX:  (303) 454-0409
         E-mail:  Debbie.Azua-Dillehay@usdoj.gov