IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

ZEBEDEE HALL,

    DEFENDANT/MOVANT,

V.

UNITED STATES OF AMERICA,

    PLAINTIFF/RESPONDENT.

CRIMINAL DOCKET NO:
01-CR-214-D-(7)

MOTION FOR CONSIDERATION AND MODIFICATION OF SENTENCE
IN THE NATURE OF TITLE 18 U.S.C.S. SECTION 3582(c)(2)

Above-captioned Defendant, ZEBEDEE HALL (hereinafter referred to as 'Movant'), with explicit reservations of all rights, remidies, and defenses, without prejudice, and propria persona, files this Motion for Consideration and Modification of Sentence in the nature of Title 18 U.S.C. §3582(c)(2), United States Sentencing Guidelines §§1B1.10(a) and 2D1.1, and Moves this Honorable Court to Comsider and thereafter Modify Movant's current term of imprisonment in accordance with the Sentencing Commission's November 1, 2007, amendment to the Sentencing Guidelines and its Retroactive application thereof. The Memorandum of Law attached hereto is incorporated herein by reference as though it were set forth at length.

Date: March 03, 2008        By: /s/ ZEBEDEE HALL #30428-013
                                        Signature of the Defendant

                                        c/o: Federal Medical Center
                                        PMB 4000, Work cadre Unit
                                        Rochester, Minnesota ]55903]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

ZEBEDEE HALL,

    DEFENDANT/MOVANT,

V.

UNITED STATES OF AMERICA,

    PLAINTIFF/RESPONDENT.

CRIMINAL DOCKET NO:
01-CR-214-D-(7)

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
CONSIDERATION AND MODIFICATION OF SENTENCE
IN THE NATURE OF TITLE 18 U.S.C. §3582(c)(2)

Defendant captioned above is ZEBEDEE HALL (hereinafter referred to as 'Movant') herein Moves this Honorable Court to consider and Modify his currently imposed term of imprisonment in the nature of Title 18 U.S.C § 3582(c)(2) and the United States Sentencing Guidelines (USSG) §§1B1.10(a) & 2D1.1, pursuant to the Sentencing Commission's recent amendment to the Sentencing Guidelines at Section 2D1.1, as related to 'crack' cocaine sentences and the dictates found therein.

Plaintiff captioned above is the UNITED STATES OF AMERICA (hereinafter rerrered to as Respondent).

This Memorandum of Law and the Motion attached hereto are both made in good faith, with clean hands and not meant to mislead.

### FACTS/BACKGROUND

On June 15, 2001, the FBI simultaneouly executed numerous search warrants against suspected members of an alleged drug conspiracy. Movant was one of many defendants ultimately arrested in a seventy plus count indictment that was centered around an alleged large 'crack

cocaine' distribution conspiracy. Twenty two defendants pleaded guilty to various charges, and the movant and six others were tried by jury together that lsated from September 22, 2003, to November 13, 2003. The jury found Movant guilty of counts one and forty nine of the second superseding indictment.

On April, 14, 2005, Movant was sentenced pursuant to the Sentencing Reform Act of 1984 to a term of imprisonment. Thereafter Movant timely filed his Notice of Appeal and appealed his conviction and sentence with the Tenth Circuit Court of Appeals. On January 23, 2007, the Court of Appeals reversed inpart and affirmed inpart Movants criminal convictions and remanded the case back to the District Court for resentencing, and on June 7, 2007, Movant was sentenced pursuant to the Sentencing Reform Act of 1984 to a 151 month term of imprisonment in accord with the Appeals Court's order.

## JURISDICTION OF THIS COURT

This Court have Jurisdiction over the issue presented under Titles 18 U.S.C § 3582(c)(2), 28 U.S.C. §994(o) and 18 U.S.C. §3553(a).

A District Court is authorized to Modify a defendant's sentence in spicified instances where Congress has expressly granted the court juridiction to hear the issue(s) presented and grant the relief therein sought. The issue(s) presented herein qualifies as one of those specified instances.

## THE ISSUE PRESENTED

On November 1, 2007, the United States Sentencing Commission amended the 'Drug Quantity Table' found at §2D1.1, so that crack cocaine quantities triggering the five-and-ten-year mandatory Minimums are now assigned base offense levels two levels lower than previously

applied. Movant was sentenced under the 'Previous' sentencing guidelines. The amended retroactive base offense levels now correspond to guideline ranges that 'include' rather than exceed the mandotory minimum. The net result being that 'crack' cocaine base offense levels accross the board are two levels lower than they previously were. See 72 Fed. Reg. 28, 558, 28, 571-73; USSG App. C, Supp. Amend. 706; USSG §2D1.1 (2007).

On December 11, 2007, the United States Sentencing Commission unanimously voted to give 'retroactive effect' to their November 1, 2007 , amendment to the Federal Sentencing Guidelines that reduces the penalties for crack cocaine offenses. It is this amendment that brings Movant once again before this Honorable Court requesting the court to Consider the commission's amendment to §2D1.1 and thereafter exercise it's discretion and Modify Movant's current term of imprisonment of 151 months to a reduced term of 120 months of imprisonment.

## CURRENT SENTENCE INFORMATION

Movant was convicted by jury on count one of the superceding indictment of allegedly being a member of a crack cocaine conspiracy and being in possession of and distributing 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 846 & 841(b)(1) and (b)(1)(A), and thereafter sentenced pursuant to the Sentencing Reform Act of 1984 to a term of 151 months imprisonment.

The jury's verdict called for a level 32 pursuant to the Sentencing Table and a Criminal History catagory III resulting in a then guideline range between 151 to 188. However, based on this court's own findings Movant was held accountable for at least 150 but less than 500 grams of crack cocaine, establishing an increased base

offense level of 34 pursuant to Section 2D1.1(c)(3). The court further increased Movant's offense level by two levels based on the court's finding that Movant possessed a firearm in connection to the instant offense. The additional two level increse resulted in a sentencing renge between 235 to 293. However, the court then departed four levels and sentenced Movant at level 32 pursuant to the then advisory guidelines after considering the sentencing factors at §3553(a).

## ARGUMENT FOR CONSIDERATION AND REDUCTION OF CURRENT SENTENCE

The 'retroactive application' to the Sentencing Guidelines, to a small degree, narrowed the unfounded discripency involving crack versus powder cocaine sentences. The amendment thereto requires that the Movant's current term of imprisonment be considered by this court and thereafter, at the court's discretion, modified pursuant to §2D1.1 of the amended Guideline Table

'Section 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed **'except'** that, in a case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), and upon a motion by the defendant or on it's own motion, the court may reduce the term of imprisonment, after consideration of the factors set forth in Section 3553(a) to the extent that they are aplicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." See U.S. v. Price, 438 F.3d 1005 at 1006 (10th Cir.2006); 18 U.S.C.§3582(c) and U.S.S.G. §1B1.10.

Movant was sentenced pursuant to the then advisory sentencing guidelines and is therefore quilified for a reduced term of imprison-

ment pursuant to the amended retroactive guidelines. See Amended Judgment in a Criminal Case attached hereto where the court stated:

> Pursuant to the United States Supreme Court ruling in the United States v. Booker and United States v. Fanfan, the United States Sentencing Commission Guidelines have become advisory. The court while not bound to apply the guidelines, has consulted the advisory guidelines and taken them into account with the sentencing factors identified at 18 U.S.C. §3553(a),

end of quote.

Consistent with Policy Statement §1B1.10 [Reduction in term of Imprisonment as a result of Amended Guideline Range (Policy Statement)], Movant's modified term of imprisonment pursuant to the amended advisory guidelines should be reduced to 120 months of imprisonment in accord with the dictates of §1B1.10(b)(1) and (b)(2)(B).

Section 1B1.10(b)(1) directs the court as follows:

> In determining whether, and to what extent, a reduction in the defendants term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the ct. shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was senetnced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

Section 1B1.10(b)(2)(B) is the appropriate section to consider in the Movant's case in that the court departed four levels less than the term of imprisonment provided by the then guideline range applicable at the time of sentencing. Said section directs that the court should apply a comparable four level reduction. See §1B1.10(b)(2)(B).

Pursuant to the above Section(s) Movant's amended retroactive guideline level should be a level 30. However, 'exceptional circumstance' requires an additional two level reduction resulting in an amended retroactive guideline level 28 at a sentencing range between 97 and 121 months of imprisonment. Movant is deserving of a reduced term of imprisonment consistent with the Commission's intent to re-

duce the unwarranted disparity currently existing between federal crack and powder cocaine sentencing, and in further consideration of the fact that federal sentencing in regard to crack cocaine offenders is fundamentally unfair.

## EXECPTIONAL CIRCUMSTANCE WARRANT A REDUCED TERM OF IMPRISONMENT

Movant contends that his current term of imprisonment is the result of an advisory guideline where crack cocaine offenders are unjustly forced to shoulder a burden 100 times that of simularly situated powder cocaine offenders. There is no justification for this large disparity. In fact, in 1995 the United States Setencing Commission asked a group of 'scientists' to study the difference between crack and powder cocaine to see if crack cocaine was more addictive than powder cocaine. The scientists concluded that the only difference was that poor Black People predominately used crack as opposed to whites predominately used powder cocaine. The scientists also provided imformation that crack cocaine 'was no more addictive' than powder cocaine.

Obviously, the existing disparity is based on race alone, and at a 100:1 ratio many Black families have been and continues to be destoryed due to this disparity.

In 1997, the Commission did a new study as a follow up to their 1995 findings and the results were consistent with their 1995 study.

The 'wholesale commitment' of African/Black Americans to extraordinary long terms of imprisonment for crack cocaine trafficking where far less shocking sentences are imposed on others for trafficking in powder cocaine in the **same amounts or more**, should rub judicial nerves as raw as the nerves of those who care to observe the inherent lack of justice found therein.

To a degree, this court have discretion to correct the unwarranted and unjust disparity by rejecting the guideline recommendation and impose a 120 month term of imprisonment with the balance of sentence to be completed at a Community Correctional Facility.

In Kimbrough v. United States, 169 L. Ed. 2d 841 (2007), the United States Supreme Court held; "under Booker, the cocaine guidelines, like all other guidelines, are advisory only, and that the court of appeals erred in holding the crack/powder disparity effectively mandatory. A district court must include the guidelines range in the array of factors warranting consideration. The judge may determine, however, that, in the particular case, a within-guideline sentence is **greater than necessary** to serve the objectives of sentencing. 18 U.S.C. §3553(a) (2000 Ed. and Supp. V). In making that determination, the judge may consider the **disparity between the guidelines** treatment of crack and powder cocaine offenses." End of quote. Kimbrough is very similar to the Movant's situation where the district court departed, post Booker, to a guideline sentence less than called for pursuant to the guidelines. However, the district court in Kimbrough, supra, sentenced Kimbrough to the minimum, 120 months, whereas the district court here sentenced the Movant to a guideline term of 151 months.

Movant contends that his 151 term of imposed imprisonment is greater than necessary to accomplish the purpose of sentencing pursuant to 18 U.S.C. §3553(a) and once again moves this court to impose a term of 120 months where the balance of sentence will be completed in Community Corrections.

A defendant in the exact position as the Movant, but instead of crack cocaine, the defendant would have powder cocaine, would result

page 7 of 10

in a guideline sentence between 33 and 78 months of imprisonment. A 'disparity' is a clear understatement in this situation.

Because the court lacks authority to impose sentence pursuant to the powder cocaine guidelines range due to the crack cocaine mandatory minimum satautory dictates, Movant moves the court as follows: 1) select a guideline range at Movant's criminal history (III) that closely resembles the statutory minimum of ten years (level 28 at 97-121) and; 2) impose a term of 120 months of imprisonment at the statutory minimum mandated by congress after contrasting Movant's guideline range with that of similar situated defendant with powder cocaine convictions instead of crack. The court's imposed term of 120 months of imprisonment would be 'long enough to accomplish' the objectives listed at §3553(a) pursuant to United States v. Booker, 543 US 220 (2005); Rita v. United States, 168 L. Ed. 2d 203 (2007) and Kimbrough v. United States, 169 L. Ed. 2d 481 (2007).

### FACTORS IN MITIGATION TOWARD REDUCED TERM OF IMPRISONMENT

A. U.S. Senate Calls For Reduced Crack Sentences:

For over 20 years, the inequity between crack and powder cocaine sentences has been the subject of great debate. Today the 'Senate' is taking steps toward addressing this inequity. On Feburary 12, 2008, Capital Hill held a hearing to debate three Bills that address the inequity between crack and powder cocaine. Said Bills are: **S. 1711**, the Drug Sentencing Reform and Cocaine Kingpin Trafficking Act of 2007 ( **S. 1711** would eliminate sentencing differences between crack and powder cocaine in favor of one mandatory minimum at current powder cocaine levels) Sponsored by Sen. Joseph R. Biden. Jr. (D-Del.); **S. 1685**, the Fairness in Drug Sentencing Act of 2007 (**S. 1685**, would reduce the

difference between crack and powder cocaine sentences by increasing the amount of crack needed to trigger the five and ten year mandatory minimums from 5 grams to 25 and from 50 grams to 250 grams) Sponsored by or rather introducded by Se. Orrin Hatch (R. Utah) and; **H.R. 460**, the Crack Equitable Sentencing Act of 2007 (would also equalize the crack and powder penalties at the powder cocaine levels) Introduced by Rep. Charles Rangel (D-N.Y.).

Pursuant to the above pending crack cocaine ligislation, the Commission's factfinding and the United States Supreme Court's holding in Rita, supra, Movant contends that any guideline sentence beyound the statutory minimum of 120 months would reflect unsound judgment, fail to properly reflect §3553(a) considerations and would not treat Movant's characteristics in a proper way, or that a different sentence would be appropriate 'regardless.' Rita, id at 2463.

B. <u>Post Sentence Factors</u>:

Movant has been correcting his negative thought patterns previously plagued by and in support thereof Movant has completed the General Education Program and obtained 'another' GED (the first one was obtained while Movant was serving the Country militarily). Movant has also participated in and completed two drug programs and is presently enrolled in a Finance Class and a Computer Class amoung other Certificates of Accomplishment. See attachments.

C. <u>Movant Does Not Pose A Public Safety Factor</u>:

The attached Custody Classification print-outs from the Bureau of Prisons confirm that the Movant is not a Public Safety factor or Risk and can be an asset to his family and community.

D. <u>Movant Has A 'Budding' Eleven Year Old Daughter in Dire Need</u>:

Movant has an eleven year old daughter whom he loves dearly and pray everyday for a safe return to her. Movant's daughter is in a situation where she is forced to live in an envrionment with a mother who has a serious problem with alcohol abuse. A mother who is not capable of providing the love said daughter needs nor the required safety.

### CONCLUSION/PRAYER

Wherefore, it is the Prayer and Respectful Request of the Movant that this Honorable Court so Amend and/or Modify movant's current term of imprisonment to a 120 month term of imprisonment and Order the Movant to complete the remainder of imposed term of imprisonment within the Colorado Community Correctional Center with a one year term of Supervised release.

Movant Moves as Foresaid.

By: s/ ZEBEDEE HALL, #30428-013
Signature of the Defendant

c/o: Federal Medical Center
PMB 400, Work Cadre Unit, 2-2
Rochester, Minnesota, [55903]

### Certificate Of Service

ZEBEDEE HALL, hereby Certify that a true and correct copy of the foregoing, Motion and Memorandum of Law for Consideration and Modification of Sentence was delivered on this 3rd day of March, 2008, via First Class U.S. Mail, addressed to the following at:

Office of the Clerk
U.S. District Court
901-19th Street, Room A-105
Denver, Colorado [80294]

United States Attorney
1225 17th Street, Suite 700
Denver, Colorado [80202]

By: /s ZEBEDEE HALL, #30428-013

# Certificate of Completion

*presented to:*

## Zebedee Hall

in recognition of completing the 30 hour

## Typing Class

Federal Medical Center
Rochester, Minnesota

*Awarded* November 30, 2007

_____
K. Lash, Supervisor of Education

_____
D. Young, Teacher



Charis of Minnesota

Weekend #36

October 5-8, 2007

F.M.C. Rochester

This is to certify that

**Zebedee Eli Hall**

has completed a

Short Course in Christian Living

Robert Olson
Charis Board President

Glenn Sprenger
Lay Director

"And when you turn to the right or when you turn to the left, your ears shall hear a word behind you saying, 'This is the way; walk in it.'" Isaiah 30:21



# Certificate of Completion

This document certifies that

## Zebedee Hall

has satisfactorily completed the General Equivalency Diploma (GED) Program at FCI Florence, Colorado.

Dated this 8th day of December 2006.

_____
J. Belfantoni, Supervisor of Education

_____
Dallas B. Jones, Associate Warden (I&E)


