IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 01-cr-00214-WYD

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.

**29. TOMMY JONES,**

        **Defendant.**

---

**GOVERNMENT'S RESPONSE
TO ISSUE OF POSSIBLE REDUCTION OF SENTENCE UNDER
TITLE 18 U.S.C. SECTION 3582 (DOC 3547)**

---

      The United States of America, by District of Colorado United States Attorney Troy A. Eid, through Assistant U.S. Attorney (AUSA) Guy Till (Government), hereby respectfully files this response to the issue of the defendant's possible relief pursuant to Title 18 U.S.C. § 3582, as directed in the Minute Order dated February 11, 2008.  (DOC 3541).

      1.  The Government respectfully asks the Court to take judicial notice of the contents of its own files in relation to this case.  Defendant Tommy Jones has requested a reduction of sentence, pursuant to Section 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels applicable to cocaine base ("crack") offenses.

      2.  The defendant was convicted of Aiding and Abetting the Distribution of More than Five Grams of Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C);and 18 U.S.C. § 2.  *See* Doc. No. 3547-2.  The Court, adopting the prior Sentencing Guideline

1

applications in the Presentence Investigation Report, sentenced the defendant to 140 months imprisonment. Id. Additionally, the court convicted the defendant of Use of a Communication Facility to Facilitate a Drug Trafficking Felony Offense, in violation of 21 U.S.C. § 843(b) and (d)(1), and sentenced the defendant to 48 months imprisonment. Id. Both sentences are to be served concurrently. Id.

3. The defendant is correct that Amendment 706 reduced the guideline range applicable in his case; therefore, the court may consider whether to reduce his sentence. Specifically, the base offense level in this case is now 24, pursuant to amended Section 2D1.1(c)(8). When combined with other guideline applications made earlier, the adjusted final offense level in this case is now 26. At the defendant's established criminal history category of VI, this would result in a new sentencing range of 120-150 months. This is a reduction from the previously applied range of 140-175 months.

4. Although a defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Sentencing Commission, a reduction of sentence is not automatic. The court's discretion is set forth in Section 3582(c)(2) itself, which provides that "the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

5. If the Court decides to reduce the defendant's sentence, the extent of the reduction should be limited to no less than the new minimum guideline range, which here is 120 months. The Sentencing Commission directed that, with one exception (where the defendant earlier received a below-guideline sentence, which is not the case here), "the court shall not reduce the

defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

6. Accordingly, the Government stipulates and agrees with the defendant that the Court may reduce the defendant's sentence to not less than 120 months imprisonment.

Respectfully submitted this 10th day of March 2008.

TROY A. END
UNITED STATES ATTORNEY


BY: *s/ Guy Till*
GUY TILL
Assistant United States Attorney
United States Attorney's Office
District of Colorado
1225 17th Street, Suite 700
Denver, CO 80202
(303) 454-0100
Guy.Till@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this  10th   day of March, 2008, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO ISSUE OF POSSIBLE REDUCTION OF SENTENCE UNDER TITLE 18 U.S.C. SECTION 3582 (DOC 3547)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Stephen C. Peters, Esq.**
speters@peterslaw.net


and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner indicated:

None


                                                      s/ Debbie Azua-Dillehay
                                                     DEBBIE AZUA-DILLEHAY
                                                     Legal Assistant
                                                     Assistant United States Attorney
                                                     United States Attorney's Office
                                                     1225 Seventeenth Street, Suite 700
                                                     Denver, Colorado 80202
                                                     Telephone:  (303) 454-0100
                                                     FAX:  (303) 454-0409
                                                     E-mail:  Debbie.Azua-Dillehay@usdoj.gov