IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 01-cr-00214-WYD-07

UNITED STATES OF AMERICA,

       Plaintiff,

v.

7.  ZEBEDEE HALL,

       Defendant.

GOVERNMENT RESPONSE TO DEFENDANT'S
REQUEST FOR SECTION 3582 RELIEF (DOC 3552)

       The United States of America, by District of Colorado United States Attorney Troy A. Eid, through Assistant U.S. Attorney (AUSA) Guy Till (Government), hereby respectfully files the following response to the defendant's request for relief pursuant to Title 18 U.S.C. § 3582 (DOC 3553).  The defendant is asking for a reduction in his sentence because of the effect of Amendment 706.  In this case, the Government opposes a further reduction in sentence for this defendant.  The Government respectfully asks the Court to take judicial notice of the contents of its own files in deciding the merits of the defendant's request for relief.  The Government respectfully states and represents to the Court as follows:

       1. Following a jury trial, appeal, affirmation of the conviction as to Count One, and remand for sentencing on Count One, on June 7, 2007, the defendant was sentenced to **151** months of imprisonment on one count of conviction: Conspiracy to distribute more than 50 grams of crack cocaine.  There is a 120 month statutory minimum mandatory sentence for the

1

offense of conviction.  The calculations for the Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846 violations resulted in an offense level of **36**, criminal history category **III** (points for aggravated robbery and felon with a gun conviction) guidelines calculations calling for a sentence of **235** to **293** months.  (DOC 3467, p. 8 of 10).

      2.  The Court did not impose a sentence within the presumptive guideline range.  The Court noted that the guidelines are advisory in nature and imposed a sentence "justified by the sentencing factors identified in 18 U.S.C § 3553(a)."  (DOC 3467, p. 10 of 10).

      3.  Under the state of the record in this case,  the recent amendments to the advisory guidelines concerning the base offense levels for assorted quantities of crack cocaine are inconsequential. Section 1B1.10(b)(2)(B) provides that if the defendant's original sentence "constituted a non-guideline sentence determined pursuant to 18 U.S.C. § **3553(a)** and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would **not** be appropriate." (Emphasis supplied).  *See* DOC 3467.

      4.  The sentence imposed on June 2007, pursuant to the Court's sound discretion, represents a departure from the lower end of the advisory guideline 235 - 293 ranges, moving from **235** months to **151** months of imprisonment, a reduction of **74** months from the lower end or **142** months from the higher end of the presumptive guidelines range.  The non-guideline sentence imposed by the Court represents a reduction of approximately **30%** from a lower end of the guideline sentencing range.  The Government respectfully submits that this defendant has benefitted from a reduction which is generous for a person with two felony convictions on his record at the time of his conviction in the present case.

5. In this case, much depends on whether the June 2007 sentence was a non-guideline sentence. The Court is in the best position to interpret the record in this case. If the Court was constrained on June 7, 2007, by the advisory guidelines in its imposition of sentence, then Amendment 706 would permit the Court to reconsider the sentence and impose a sentence taking account of the new scale for crack cocaine offenses.

6. The Government respectfully submits that, the reduction of **30%** already employed by the Court is a substantial departure, normally reserved for persons who cooperate with law enforcement in the pursuit of justice. A further reduction is not warranted in this case as to this defendant.

7. In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. *See* U.S.S.G., Supplement to App. C, Amend. 706.[1]

8. Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels

---

[1] In a separate matter, the Supreme Court recently held in *Kimbrough v. United States*, ____ U.S. ____, 2007 WL 4292040 (2007) that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

3

for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties.  For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment.  *See* 21 U.S.C. § 841(b)(1)(B).  Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

9.  The final result of Amendment 706 is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.  At the high end, the guidelines previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more.  That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36.  At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams.  That offense level now applies to a quantity of less than 500 milligrams.  Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

10.  Rather than authorizing a full reexamination of a defendant's sentence, the Sentencing Commission has placed explicit limits on the extent of a sentencing reduction permissible under Section 3582(c)(2).  Section 1B1.10(b)(1) directs that "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court . . . shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied

4

when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).  Section 1B1.10(b)(2) sets out specific limits on the extent of sentencing reductions, providing that, with one exception, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)."  U.S.S.G. § 1B1.10(b)(2)(A).

11.  The sole exception is set forth in Section 1B1.10(b)(2)(B), which provides that if the defendant's "original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) *may* be appropriate." (emphasis added) U.S.S.G. § 1B1.10(b)(2)(B); see id., app. note 3 (if defendant's original sentence was a downward departure of 20% below guideline range, reduction to term that is 20% below amended guideline range would be a "comparable reduction").  Again, if the sentencing Court originally imposed a non-guideline sentence in accordance with the factors of 3553(a), which appears to be the case here, Amendment 706 does *not* require resentencing.

12.  The Commission, consistent with the authorization provided by Congress, has set a floor below which a reduced sentence may not fall.  In short, 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 are narrow provisions which permit a limited reduction of sentence, while prohibiting a complete reevaluation of the sentence.  *See, e.g., United States v. Hasan*, 245 F.3d 682, 685-86 (8th Cir. 2001) (en banc) (reduction below the amended guideline range is not permitted); *Bravo*, 203 F.3d at 781 (court was not permitted to "depart downward . . . to an extent greater than that authorized under Section 3582(c) based on the amended guideline

provision"). Further, there is a statutory minimum mandatory term of imprisonment of 120 months imprisonment in the present case.

Respectfully submitted this 19th day of March 2008.

TROY A. END
UNITED STATES ATTORNEY


BY: *s/ Guy Till*
GUY TILL
Assistant United States Attorney
United States Attorney's Office
District of Colorado
1225 17th Street, Suite 700
Denver, CO 80202
(303) 454-0100
Guy.Till@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on this __19th__ day of March, 2008, I electronically filed the foregoing **GOVERNMENT RESPONSE TO DEFENDANT'S REQUEST FOR SECTION 3582 RELIEF (DOC 3552)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Anthony Viorst, Esq.
pat@hssspc.com, peggy@hssspc.com, tony@hssspc.com


and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner indicated:

None


            s/ Debbie Azua-Dillehay
            DEBBIE AZUA-DILLEHAY
            Legal Assistant
            Assistant United States Attorney
            United States Attorney's Office
            1225 Seventeenth Street, Suite 700
            Denver, Colorado 80202
            Telephone:  (303) 454-0100
            FAX:  (303) 454-0409
            E-mail:  Debbie.Azua-Dillehay@usdoj.gov