IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 01-cr-00214-WYD-07

| | |
|---|---|
| **Plaintiff:** | ) |
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) |
| | ) |
| **Defendants:** | ) |
| **ZEBEDEE HALL** | ) |
| | ) |
| | ) |

_____

### DEFENDANT'S NOTICE OF ELIGIBILITY FOR SENTENCE REDUCTION
_____

COMES NOW Zebedee Hall, by and through his court-appointed counsel, Anthony Viorst, The Viorst Law Offices, P.C, and notifies this Court of his eligibility for a sentence reduction in the above-captioned case, pursuant to 18 U.S.C. §3582(c)(2), as follows:

### Certification

Undersigned counsel certifies that he has conferred with opposing counsel, Gus Till, and that Mr. Till disagrees with the contents of this notice.  It is Mr. Till's position that Zebedee Hall is not eligible for a sentence reduction in the above-captioned case.

1. Defendant's position regarding a sentence reduction is set forth in the *pro se* pleading filed by Mr. Hall, and in the supplement to that pleading filed today by undersigned counsel.  The Government's position is set forth in its pleading entitled <u>Government Response to Defendant's Request for Section 3582 Relief.</u>  For purposes of judicial economy, the parties' respective positions will not be repeated in this pleading.

2.	The Government acknowledges that the Sentencing Guideline range for Mr. Hall's crack cocaine offense has now been reduced. However, the Government maintains that Mr. Hall is ineligible for a sentence reduction. While maintaining that Mr. Hall is ineligible for a sentence reduction based upon the new crack cocaine sentencing guidelines, the Government's own pleading acknowledges his eligibility, as reflected in the following quote from paragraph 11:

> . . . Section 1B1.10(b)(2)(B) [of the Sentencing Guidelines] provides that if the defendant's "original term of imprisonment was less then the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) *may* be appropriate." (Emphasis added) U.S.S.G. §1B1.10(b)(2)(B); *see id.*, app. note 3 (if defendant's original sentence was a downward departure of 20% below guideline range, reduction to term that is 20% below amended guideline range would be a "comparable reduction") . . .

<u>Government Response to Defendant's Request for Section 3582 Relief</u>, page 5, paragraph 11.

3.	Here, as reflected in the supplemental pleading filed by undersigned counsel, the original sentence imposed by this Court was 36% below the minimum of the guideline range, and Mr. Hall now seeks a sentence that is 36% below the new guideline range. Under the applicable law, Mr. Hall is clearly eligible to seek such a reduction.

Dated this 21st day of March, 2008.

THE VIORST LAW OFFICES, P.C.

*S/ Anthony Viorst*
Anthony Viorst, #18508
THE VIORST LAW OFFICES, P.C.
950 S. Cherry Street, Suite 300
Denver, Colorado 80246
Telephone Number: (303) 759-3808
FAX: (303) 333-7127
Email: tony@hssspc.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE (CM/ECF)

  I hereby certify that on this 21st day of March, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/EFC system which will send notification of such filing to the following e-mail addresses:

Guy Till
Guy.Till@usdoj.gov

          THE VIORST LAW OFFICES, P.C.

          *S/ Anthony Viorst*
          Anthony Viorst, #18508
          THE VIORST LAW OFFICES, P.C.
          950 S. Cherry Street, Suite 300
          Denver, Colorado 80246
          Telephone Number: (303) 759-3808
          FAX: (303) 333-7127
          Email: tony@hssspc.com
          ATTORNEY FOR DEFENDANT