IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.  01-CR-214-D

UNITED STATES OF AMERICA,
    Plaintiff,

v.

24.    Dwayne Van Dyke,
        a/k/a "NM",
        Defendant.

---

**DEFENDANTS FURTHER AUTHORITY REGARDING THE GOVERNMENT'S MOTION TO REDUCE THE DEFENDANT'S SENTENCE UNDER CRIM. P. 35(b)**

---

The defendant submits the following further authority pursuant to this Court's order of March 6, 2008.

1.    Mr. VanDyke plead guilty to count 19, possession with the intent to distribute more than 50 grams of cocaine base, 21 U.S.C. 841(a)(1) and (b)(1)(A).  In the plea agreement (Doc.2184) the government agreed to recommend a departure under U.S.S.G §5K1.1 of 20% in exchange for the defendant's cooperation.  The plea agreement assumed the defendant's base offense level would be 32.  The plea agreement contemplated, with the defendant's cooperation, a sentence of 120 months, the statutory minimum.

2.    The probation department's independent evaluation of the case discovered that the defendant was a career offender pursuant to U.S.S.G. §4B1.1.  His total offense level, after acceptance of responsibility was therefore 34.  The guideline range was 262 to 327 months.

3.    The government filed their motion for downward departure pursuant to guideline §5K1.1 (Doc. 2898), February 2, 2004.  In that motion, the government sought a reduction of 33% from probation's guideline range, to a range of 173 to 216 months.

4.    At sentencing (May 12, 2004), the Court found the career offender guideline

applied, even though there was an objection by the defense. The base offense level was 37, pursuant to guideline §4B1.1 and the total offense level after acceptance of responsibility was 34. The Court granted the government's motion for substantial assistance under §5K1.1 and therefore sentenced the defendant to 175 months after finding there was, in fact, substantial assistance.

5. The defendant was later indicted in 04CR463, a mortgage fraud case. He eventually plead guilty to a misdemeanor and was sentence to one year concurrent to the sentence in 01CR214. The plea agreement in 04CR463 provided that for the defendant's cooperation in that case, the government would file a Crim. P. 35(b) motion in the instance matter, 01CR214. The defendant testified for the government in the trial of 04CR463, and therefore, the government, as agreed, filed its 35(b) motion here. The government recommends a sentence reduction to 12 years.

6. There have been two major changes in the law since the defendant was indicted in the matter before this Court. One, the guidelines, including the career offender provision in §4B1.1, are no longer mandatory. Second, the guidelines have been rewritten to recognize the inequity of the disparity between sentences for crack and sentences for powder cocaine. Thus, the defendant's present sentence reduction should be viewed with the backdrop of the increased discretion provided to the Court as well as the lowered guideline ranges for the crack cocaine for which he was convicted.

7. The government recommends a sentence of 12 years under Crim. P. 35(b) and the Court has indicated it would likely follow this recommendation. The defendant seeks a sentence of the statutory minimum of 10 years. The court has this authority to honor the defendant's request if it so chooses. *U.S. v. Medjuck*, 222 F.R.D. 399 (N.D. Cal. 2004); 18 U.S.C. § 3582(c)(1)(B).

8. The defendant's cooperation has been fully outlined in the government's Motion

for Downward Departure filed here (Doc. 2898), the government's comments on the record at the sentencing of May 12, 2004 (a transcript should be available to the Court; if not, it can be provided), and in the government's Crim.P. 35(b) motion filed herein (Doc. 3508) on about October 5, 2007.  See also the defendant's comments regarding the government's motion (Doc. 3510) filed on about October 25, 2007.  Briefly, the defendant has fully cooperated and has assisted the government on multiple occasions.  He has testified twice and has placed himself in jeopardy in doing so. In 04CR463 he also assisted the government in locating an additional and important witness.

9. Any sentence reduction should take into consideration the fact that other defendants, because the crack cocaine disparity has been re-evaluated, are in the process of seeking sentence reductions.  Any sentence imposed here should be proportional to those reductions.  18 U.S.C. § 3553(a).

Respectfully submitted,

\_\_s/ Philip Cherner_____
Philip A. Cherner, #6901
789 Sherman Street, #660
Denver, Colorado  80203

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS FURTHER AUTHORITY REGARDING THE GOVERNMENT'S MOTION TO REDUCE THE DEFENDANT'S SENTENCE UNDER CRIM. P. 35(b)** has been emailed via ECF filing system this 9th day of April, 2008, addressed to all counsel of record:

                                           s/ Lisa Cisneros