GEORGE MURRAY
Reg. # 36769-115
F.C.C. Victorville
Post Office Box _____
Adelanto, CA 92301

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 14 2008

GREGORY C. LANGHAM
                    CLERK

UNITED STATES DISTRICT COURT
COLORADO

GEORGE MURRAY, )
            Petitioner, ) Case No. 01-CR-214D
vs. ) MOTION TO MODIFY SENTENCING
United States of America, ) PURSUANT TO 18 U.S.C. §3582(c)(2)
            Respondent. )
 )
 )

I.

INTRODUCTION

Defendant, GEORGE MURRAY, (hereafter Defendant), hereby moves the Honorable Court, pursuant to 18 U.S.C. §3582(c)(2) to reduce his sentence based on the November 1, 2007, Amendment 706 to the United States Sentencing Guidelines (USSC) §2D1.1(c) Drug Quantity Table lowering the base offense level for offense(s) involving cocaine base (crack) downward by two levels.

Defendant requests that the Honorable Court liberally construe the pleading raised herein in light of Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

II.

FACTUAL BACKGROUND FOR OFFENSES
INVOLVING COCAINE BASE CRACK IN
VIOLATION OF 21 U.S.C. §841(b)(1)(A)-(C).

(1)

### III.

### DEFENDANT'S SENTENCE SHOULD BE REDUCED BASED ON AMENDMENT 706 TO THE U.S.S.G. §2D1.1 (DRUG QUANTITY TABLE) REDUCING THE BASE OFFENSE LEVEL FOR CRACK COCAINE BY TWO LEVELS.

The 2007 Cocaine Base (Crack) Sentencing Amendment 706 to the U.S.S.G. §2D1.1(c) (Drug Quantity Table) provides in pertinent part:

> "This amendement modifies the drug quantity thresholds in the Drug Quantity Table so as to assign, for crack cocaine offenses, base offense levels corresponding to guideline ranges that [include] the statutory mandatory minimum penalties. Accordingly, pursuant to the amendment, 5 grams of cocaine base are assigned a base offense level of 24 (51 to 63 months at Criminal History Category I, which includes the five-year (60 month) statutory minimum for such offenses), and 50 grams of cocaine base are assigned a base offense level of 30 (97 to 121 months at Criminal History Category I, which includes the ten-year (120 month) statutory minimum for such offenses). Crack cocaine offenses for quantities above and below the mandatory minimum threshold quantities similarly are adjusted downward by two levels." Id.

In light of the above indicated facts combined with the retroactive affect of Amendment 706, Defendant is entitled to two levels reduced from his base offense level.

Thus, Amendment 706 is designated to be included in the list of retroactive amendments pursuant to §1B1.10(c), and scheduled to go in effect on March 3, 2008, "RETROACTIVE." Therefore, Defendant is entitled to the retroactive application of Amendment 706, as provided in (the policy statement at) §1B1.10(b).

### CONCLUSION

Defendant requests that the Court consider the disparity between powder cocaine and crack cocaine, to reject the advisory

(2)

guidelines. To apply a ratio that would eliminate the 100:1 disparity between powder cocaine and crack cocaine. See <u>Rita v. United States</u>, decided June 21, 2007; <u>United States v. Kimbrough</u>, decided Dec. 10, 2007; and <u>United States v. Gall</u>, decided Dec. 10, 2007. In all three cases, the Honorable Federal District Judges went outside the current Sentencing Guidelines.

For the foregoing reasons, the Court should reduce Defendant's sentence.

Respectfully Submitted,

*George Murray*
Signature

4-10-08
Date

(3)

NAME George Murray
REG # 36769-115
UNITED STATES PENITENTIARY
P.O. BOX 5500
ADELANTO, CA 92301

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 14 2008

GREGORY C. LANGHAM
CLERK

Legal Mail

SAN BERNARDINO CA 924
11 APR 2008 PM 2 T

Legal Mail

United States Court House
Room # 105
901 19th Street
Denver Co. 80294-3589