UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No. 01-cr-00214-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FREDRIC WILLIAMS,

    Defendant.

_____

**ORDER**
_____

THIS MATTER comes before the Court on the Defendant's *pro se* motion for appointment of counsel and modification of sentence pursuant to 18 U.S.C. §3582(c)(2) (docket #3562), filed March 20, 2008.

Upon receipt of the motion, I appointed CJA counsel, Lynn Pierce, to represent the Defendant in this matter. Additionally, I ordered counsel for the Defendant and the Government to file a response with the Court indicating whether the Defendant was eligible for a sentence reduction under 18 U.S.C. §3582(c)(2). Both defense counsel and the Government filed responses with the Court in April 2008 indicating that the Defendant is not eligible for a sentence reduction. Specifically, counsel for the Government and defense counsel reviewed the Defendant's Probation Report and the Judgment and Commitment and confirmed that the Defendant was sentenced as a career offender. Thus, the Defendant is not eligible for a sentence reduction under 18 U.S.C. §3582(c)(2). After carefully reviewing the above-captioned case and the

pleadings submitted by the Defendant, defense counsel and the Government, I find that the Defendant's *pro se* motion for a sentence reduction should be denied.

On November 1, 2007, the United States Sentencing Commission amended the applicable guideline in this case. Title 18 U. S. C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

As previously mentioned, the Defendant was sentenced as a career offender, therefore, he is not eligible for a sentence reduction under 18 U.S.C. §3582(c)(2). Thus, Defendant's *pro se* motion for a sentence reduction is denied. Accordingly, it is

ORDERED that Defendant's *pro se* motion for modification of sentence pursuant to 18 U.S.C. §3582(c)(2) (docket #3562), filed March 20, 2008, is **DENIED** for the reasons stated in this Order.

Dated: April 25, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge