Sammie Woods #30425-013
F.C.C. (Low)
P.O. Box 9000
Forrest City, AR. [72336] 9000

Re: 3582 Motion

Dated: 4-15-2008

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 25 2008

GREGORY C. LANGHAM
                    CLERK

01-cr-00214-WYD

Dear Honorable Judge Wiley Daniel,
   This letter is in regard to some serious legal altercation and I am asking the Court to dismiss Court Appointed Counsel from any further proceedings that pretains to me. There has been a conflict of interest in behalf of Counsel since trial. And upon filing a Direct Appeal counsel walked out on the proceedings because I had one of the other counsels to write me in regard to that matter.
   What I was pleading with the Court is totally different than the Motion he has filed. Your Honor, when I filed my 2255 Motion, I showed ineffective asst of Counsel and the court appoints the same counsel where there is clearly bias and some prejudice in my behalf and it reflects in his effort to getting me time reduced when I know that I am eligible for some release. Counsel argues according to page 2 of his motion line (5) five.
   Because a minimum mandatory was imposed and since no relief is due him under Section(s) 3553(e) or (f), the Defendant is most likely not eligible for a further sentence reduction pursuant to Title 18 U.S.C. Section 3582. This is clearly different than what Defendant was arguing with clearly shows a conflict of interest. I have been unable to speak with him in regard to this, I have been calling his office via phone and has been hung up on more than a several times. Defendant had his mother to call and he left her feeling disappointed and upset from what he said to her.
   I came in behalf of himself sui juris,

(1)

and pursuant to 18 U.S.C. §3582(c)(2) and §1B1.10(a). I asked the Court to reduce his sentence based upon the amendment to §2D1.1 of the Sentencing Guidelines, which became effective November 1, 2007, concerning base offense levels for cocaine base (crack cocaine) offenses. There is nothing in Defendant Motion in regard to Section(s) 3553(e) or (f). See, Petitioner's Motion.

The Advisory Committee notes, states that a Court has jurisdiction to reduce a sentence pursuant to 18 U.S.C. 3582 Motion, and Policy Statement 1B1.10 which states in part; In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c), the Court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). 1B1.10(a)(1).

18 U.S.C.(c)(2) provides a mechanism for modification of a sentence if the Sentencing Commission changes the relevant sentencing range after a defendant is sentenced. On November 1, 2007, the sentencing guidelines were amended to lower the penalties for crack cocaine offenses. On December 11, 2007, the Sentencing Commission voted to apply the crack amendments retroactively to cases sentenced before November 1, 2007. In conjunction with voting to apply the crack amendments retroactively, the Commission also significantly modified U.S.S.G 1B1.10, the guideline concerning retroactive application of amendments.

The Court should modify Defendant's sentence pursuant to retroactive amendments applied to crack cocaine. Although a Court retains jurisdiction to modify a sentence at anytime, pursuant to a 3582(c)(2) Motion, March 3, 2008 is the effective date of the Amendment to 1B1.10. In the instant case, Sammie Woods,

(2)

asserts that he is a beneficiary and entitled to relief under the retroactive amendment to the crack cocaine guidelines. As of November 1, 2007, new rules apply for determining the base offense level 32, category IV. The 2003 Guidelines Manual was used in the instant case. As of November 1, 2007, new rules apply for determining the base offense level in crack cases under 2D1.1 of the advisory guidelines.

The Commission amended the Drug Quantity Table in 2D1.1 so that crack quantities triggering the five- and ten-year mandatory minimums are assigned base offense levels two levels lower than before. The base offense levels for these quantities now correspond to guideline ranges that include (rather than exceed) the mandatory minimum. The Commission similarly adjusted the drug threshold quantities above, between, and below the mandatory minimums thresholds, with the net result being that for crack offenses, base offense levels across the board are two levels lower than they would have been before the amendment. See 72 Fed. Reg. 28,558, 28,571-73; U.S.S.G. App. C, Supp. Amend. 706; U.S.S.G. 2D1.1 (2007).

When the Sentencing Commission amended the guidelines on Nov 1, 2007, it lowered the penalties for crack cocaine offenses. Prior to this amendment, the guidelines penalized crack cocaine offenses. Prior to this amendment, the guidelines penalized crack cocaine 100 times more harshly than powder cocaine, or at a ratio of 100:1. In amending the guidelines, the Commission softened the disparity between the treatment of crack and power by eliminating this 100:1 ratio. Issues concerning even lower ratios are still being considered by the Sentencing Commission. Regardless, a Court In determining whether and to what extent, a reduction in the terms of imprisonment under 18 U.S.C. 3582(c)(2) and Policy Statement 1B1.10 is

(3)

warranted, the Court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced.

In the instant case, Woods asserts that the guidelines are advisory and should not be applied in this case upon recommencing, because they will result in a sentence that is greater than necessary and will not meet the purposes of sentencing required by 18 U.S.C. 3553(a). In UNITED STATES v. BOOKER, 543 U.S. 220, 245 (2005) made note that: [5] modified, the federal sentencing statue, see Sentencing Reform Act of 1984, (Sentencing Act), as amended, makes the Guidelines effectively advisory. (citations omitted); UNITED STATES v. RITA, __ U.S. __, 127 S.Ct. 2456, 2467 (2007) (Even the Government concedes that courts may not presume that every variance from the advisory guidelines is reasonable.) also citing KIMBROUGH v. UNITED STATES, __ U.S. __ 128 S.Ct. 558, 564 (2007) and GALL v. UNITED STATES, __ U.S. __, 128 S.Ct.

As of November 1, 2007, new rules apply for determining the base offense level in crack cases, under 2D1.1 of the advisory guidelines. The Commission amended the Drug Quantity Table in 2D1.1 so that crack quantities triggering the five- and then-year mandatory minimums are assigned base offense levels two levels lower than before. The base offense levels for these quantities now correspond to guideline ranges that include (rather than exceed) the mandatory minimum. See: GALL v. UNITED STATES, __ U.S. __ 128 S.Ct. 586, 594 (2007) (As a result of our decision, the Guidelines are now advisory, and appellate review of sentencing decisions is limited to determining whether they reasonable.) Given all this, it

(4)

would not be an abuse of decretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve 3553(a)'s purposes, even in a mine-run case."

Woods request the appointment of another counsel or that he represent himself in this case. Court appointed Counsel Ronald Gainor is not representing Client's behalf and is showing bais due to the fact that he was ineffective in trial, appeals and now displaying the same attitude in movant's 3582 Motion requesting a deduction of sentence. Counsel continues to waite correspondence to the Memphis, TN. Compound when he clearly knows that I have been transferred to another facility. Counsel and Client has had no communication since 2005 and when movant tries to contact him via phone he gets hung up on every time.

Even paying for the calls. Sir, my wife has tried to talk to him and when she mentioned she was calling in my behalf he hung up on her and she has not been able to contact him since. My Mother has spoken with him once, and when he spoken with her he advised her that I was wasting his time and the court time and they are willing to testify to this matter. As you can see by his motion that there is a conflict of interest. Sir, this all started some time ago when I asked Counsel to address several issues at trial, and on my appeal. He told me that he was the man in two hat's and I knew then what he meant by that statement.

I am asking the Court to consider several issues and he is arguing another in that of totally disregard to what ~~Petitioner~~ Petitioner is asking. Judge Wiley Y. Daniel excuse my mess, but I am upset and angry that I'm having to be out of my children's life for this long for one gram of crack cocaine. Every time I do this it makes me fight the more, because I know what can

(5)

happen. A court may modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).

The retroactive application of a change in the offense level of the Sentencing Guidelines is not required by § 1B1.10(a), but rather falls within the district court's discretion. United States v. Dorrough, 84 F.3d 1309, 1311 (10th Cir. 1996). See also United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998)(stating: "The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary.) If I made a mistake typing my months of sentencing it was clearly an error none the less and yet counsel did not recognize that. But used it against me.

## CONCLUSION

For the foregoing reasons, Defendant qualifies for consideration of modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2), subject to this Court's discretion.

Respectfully submitted,

/s/ Sammie Woods
Sammy Woods #30425-013
Federal Correctional Complex (Low)
P.O. Box 9000
Forrest City, AR. [72336] 9000
U.S.A.

(6)

Sammie Woods 30425013
Federal Correctional Complex (Low)
P.O. Box 9000
FORREST CITY, AR. [72336] 9000
USA

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 25 2008

GREGORY C. LANGHAM
                    CLERK

Dated: 4/22/08

Re: Resentencing in regard to 3582 Motion

Dear Honorable Judge Wiley Y. Daniel,

   Sir, I ask of the Court to send all future transcripts in regard to all proceedings. I'm asking also for an appointment of another appointed counsel. I feel there is conflict of interest in my behalf. Your help is greatly needed.

                                        Thank You Sir

                                   Respectfully submitted
                                   /s/ Sammie Woods
                                   Sammie Woods #30425013
                                   Federal Correctional Complex (Low)
                                   P.O. Box 9000
                                   FORREST CITY, AR [72336] 9000
                                                USA

P.S. Sir, I am asking the court for 6½ years off current sentence. I have programed, no write ups and remain in contact with family. I am suffering some from some hardship pretaining to my father and mother health conditions. I don't want to lose another member of my family due to this.

