IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 01-cr-00214-WYD-16

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

v.

**16. GEORGE MURRAY,**

       **Defendant.**

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
REQUEST FOR SECTION 3582 RELIEF (DOC 3579)**

---

The United States of America, by District of Colorado United States Attorney Troy A. Eid, through Assistant U.S. Attorney (AUSA) Guy Till (Government), hereby respectfully files the following response to the defendant's request for relief pursuant to Title 18 U.S.C. § 3582 (DOC 3579). The Government respectfully asks the court to take judicial notice of the contents of its own files in relation to this matter. The Government states and represents to the Court as follows:

1. Pursuant to the Minute Order (DOC 3580) directing counsel to advise the Court whether or not the defendant is eligible for a sentence reduction pursuant to Title 18 U.S.C. § 3582, the Government respectfully advises the Court that the defendant is **not** eligible for a sentence reduction pursuant to § 3582.

2.  The defendant was sentenced, on or about November 23, 2005, to a term of imprisonment of 120 months following his conviction for a violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(B).

3.  The defendant was sentenced to a mandatory minimum sentence required by statute. *See* DOC 2266 (Title 21 U.S.C § 851 Information).

4.  The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence.  *See United States v. Novey,* 78 F.3d 1483, 1486 (10th Cir.1996) ("[T]he Sentencing Commission does not have the authority to override or amend a statute.") (citing *Neal v. United States,* 516 U.S. 284 (1996)).  *See also* § 1B1.10 app. note 1(A) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another. . . statutory provision (e.g., a statutory mandatory minimum term of imprisonment)"). Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable the passage of a retroactive guideline amendment is irrelevant.  *See, e.g.*, *United States v. Smartt,* 129 F.3d 539, 542 (10th Cir. 1997); *United States v. Hanlin*, 48 F.3d 121, 124-25 (3d Cir. 1995); *United States v. Eggersdorf*, 126 F.3d 1318, 1320 (11th Cir. 1997).

5.  Wherefore, the defendant's motion (DOC 3579) should be summarily denied.

Respectfully submitted this 30th day of April, 2008.

>TROY A. END
>UNITED STATES ATTORNEY
>
>
>BY: *s/ Guy Till*
>GUY TILL
>Assistant United States Attorney
>United States Attorney's Office
>District of Colorado
>1225 17th Street, Suite 700
>Denver, CO 80202
>(303) 454-0100
>Guy.Till@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this __30th__ day of April, 2008, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR SECTION 3582 RELIEF (DOC 3579)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Wade Eldridge, ESq.
wade_eldridge@mho.com


and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner indicated:

None


    s/ Debbie Azua-Dillehay
    DEBBIE AZUA-DILLEHAY
    Legal Assistant
    Assistant United States Attorney
    United States Attorney's Office
    1225 Seventeenth Street, Suite 700
    Denver, Colorado 80202
    Telephone:  (303) 454-0100
    FAX:  (303) 454-0409
    E-mail:  Debbie.Azua-Dillehay@usdoj.gov