IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Action No. 01-cr-00214-WYD

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

29.  TOMMY JONES,

      Defendant.

---

### ORDER

---

THIS MATTER comes before the Court on both the Defendant's *pro se* motion for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2) (docket #3537) and Defendant Tommy Jones' Unopposed Motion for a 20 Month Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (docket #3588).

Upon receipt of the *pro se* motion, I appointed CJA counsel to represent the Defendant in this matter.  I ordered both defense counsel and counsel for the Government to file a response with the Court indicating whether the Defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).  Defense counsel and counsel for the Government filed responses with the Court indicating that the Defendant is eligible for a sentence reduction.  I also ordered the United States Probation Department to prepare an amendment to the presentence investigation report ("PSIR").  The Probation Department also stated that the Defendant is eligible for a sentence reduction.  After carefully reviewing the above-captioned case and the pleadings

submitted by the Defendant, the Government, and the Probation Department, I find that the Defendant's motion for a sentence reduction should be granted.

By way of background, on December 3, 2003, I sentenced the Defendant to a term of 140 months imprisonment following the Defendant's conviction of aiding and abetting the distribution of more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C); and 18 U.S.C. § 2.  At sentencing, the Defendant's base offense level was determined to be level 28, and the applicable guideline range was 140 to 175 months.

On November 1, 2007, the United States Sentencing Commission amended the applicable guideline in this case.  Title 18 U.S. C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In the instant case, the amendment lowered the offense level by two levels.  The Commission further recommended that the amendment be retroactive as of March 1, 2008.  Under the amended guideline, the Defendant's total offense level becomes 26. Thus, the Defendant's new guideline calculation becomes 120 to 150 months.

Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such a reduction, but only

-2-

within the limits described in subsection § 1B1.10(b).  In addition, the court is to consider (1) Public safety (the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment) and (2) Post-Sentencing Conduct (the conduct of the defendant that occurred after the imposition of the original term of imprisonment).  My analysis of these factors is set forth below.

After reviewing the applicable law and the PSIR prepared by the Probation Department, I find that a reduction in the Defendant's term of imprisonment is warranted.  With respect to public safety considerations, I do not find that a 20 month reduction in the Defendant's sentence would pose a danger to any person or the community.  Additionally, with respect to post-sentencing conduct, records from the Bureau of Prisons indicate that the Defendant has received his GED and has participated in various educational classes while incarcerated.

Based on my consideration of the factors set forth in 18 U.S.C. § 3553(a), I find that in my discretion, the Defendant's sentence should be reduced to 120 months.  I find that this sentence is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a).[1]  Therefore, Defendant's motion for a sentence reduction is granted.  Accordingly, it is

ORDERED that the Defendant's *pro se* motion for a sentence modification

---

[1] Proceedings in the reduction of a sentence under 18 U.S.C. § 3582(c)(2) and § 1B1.10 do not constitute a full resentencing of the Defendant.  Thus, neither a hearing nor the Defendant's presence are required.  Pursuant to Fed. R. Crim. P. 43(b)(4), "[a] defendant need not be present under any of the following circumstances: . . . Sentence Correction.  The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." *Id.*

pursuant to 18 U.S.C. § 3582(c)(2) (docket #3537) and Defendant Tommy Jones'

Unopposed Motion for a 20 Month Sentence Reduction Pursuant to 18 U.S.C. §

3582(c)(2) (docket #3588) are **GRANTED** for the reasons stated in this Order.  It is

FURTHER ORDERED that the Defendant's sentence is reduced from 140

months to 120 months pursuant to 18 U.S.C. §3582(c)(2).  The Probation Department

shall prepare an Amended Judgment to reflect this reduction.

Dated:  June 5, 2008

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge