UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No. 01-cr-00214-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GEORGE MURRAY,

    Defendant.

_____

**ORDER**
_____

THIS MATTER comes before the Court on both the Defendant's *pro se* Motion to Modify Sentencing Pursuant to 18 U.S.C. §3582(c)(2) (docket #3568), filed April 14, 2008. Upon receipt of the motion, I appointed CJA counsel to represent the Defendant in this matter. Additionally, I ordered counsel for the Defendant and the Government to file a response with the Court indicating whether the Defendant was eligible for a sentence reduction under 18 U.S.C. §3582(c)(2). Both defense counsel and the Government filed responses with the Court indicating that the Defendant is not eligible for a sentence modification. Specifically, counsel for the Government and defense counsel reviewed the Defendant's file and confirmed that the Defendant received a sentence of a term of imprisonment of 120 months following his conviction for a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The Defendant was sentenced to 120 months due to the mandatory minimum sentence required by statute rather than the sentencing guideline range as determined by the Court at sentencing.

Thus, the Defendant is not eligible for a sentence reduction under 18 U.S.C. §3582(c)(2). The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence. *See United States v. Novey*, 78 F.3d 1483, 1486 (10th Cir. 1996); *See* § 1B1.10 app. note 1(A) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another. . . statutory provision (e.g., a statutory mandatory minimum term of imprisonment)"). After carefully reviewing the above-captioned case and the pleadings submitted by the Defendant, defense counsel and the Government, I find that the Defendant's *pro se* motion for a sentence modification should be denied.

On November 1, 2007, the United States Sentencing Commission amended the applicable guideline in this case. Title 18 U.S. C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

As previously mentioned, the Defendant was sentenced to a mandatory minimum sentence as required by statute, therefore, he is not eligible for a sentence reduction under 18 U.S.C. §3582(c)(2). Thus, Defendant's *pro se* motion for a sentence modification is denied. Accordingly, it is

ORDERED that Defendant's *pro se* Motion to Modify Sentencing Pursuant to 18 U.S.C. §3582(c)(2) (docket #3579), filed April 14, 2008, is **DENIED** for the reasons stated in this Order.  It is

FURTHER ORDERED that in light of my ruling, the Defendant's motion for Reconsideration of Sentence - Statement of Counsel (docket #3599), filed June 2, 2008, is **DENIED AS MOOT.**

Dated:  June 13, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge