PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. DACHAUN DAVIS   Docket Number: 01-cr-00214-WYD-02

**Petition for Issuance of Summons Due to Violation of Supervised Release**

COMES NOW, Thomas Meyer, probation officer of the court, presenting an official report upon the conduct and attitude of Dachaun Davis who was placed on supervision by the Honorable Wiley Y. Daniel sitting in the court at Denver, Colorado, on the 16th day of December, 2003, who fixed the period of supervision at five (5) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until he is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a summons for the defendant to appear at a supervised release violation hearing for the purpose of modifying the defendant's conditions of supervised release.

ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 28th day of August, 2008, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/Thomas Meyer |
| | Thomas Meyer<br>U.S. Probation Officer |
| s/ Wiley Y. Daniel | |
| Wiley Y. Daniel<br>U.S. District Judge | Place: Denver, Colorado |
| | Date: August 27, 2008 |

**ATTACHMENT**

On December 21, 2005, and again on January 9, 2006, the conditions of supervised release were read and explained to the defendant. On these dates, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them. The term of supervised release commenced on December 21, 2005.

The defendant has committed the following violations of supervised release.

1.  **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about January 23, 2008, the defendant used or administered a controlled substance, marijuana, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On January 31, 2008, I received notification that the defendant had provided a urine sample on January 23, 2008, that tested positive for marijuana. On February 5, 2008, the defendant informed me that he had resumed using marijuana in approximately early December 2007, and had last used the drug sometime in early January 2008. During this period of time, he stated that he used marijuana a total of five or six occasions and had purchased the drug on two or three occasions.

In response to these violations, the defendant was referred for a drug abuse counseling evaluation with CMI and was regressed to Phase I UA/BA's.   He was subsequently placed into weekly group drug treatment classes which continue to the present.

On February 14, 2008, I received notification that the defendant had also provided urine samples on February 7, 2008, and February 11, 2008, that tested positive for marijuana. On February 15, 2008, the defendant told me that these most recent two positive urine samples collected on February 7, 2008, and February 11, 2008, are due to residual amounts of marijuana still in his body.

2.  **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about February 7, 2008, the defendant used or administered a controlled substance, marijuana, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On February 14, 2008, I received notification that the defendant provided a urine sample on February 7, 2008, that tested positive for marijuana. According to Kroll Laboratory, the February 7, 2008, positive urine specimen represents new marijuana usage since the January 23, 2008, positive urine sample for marijuana.

On February 15, 2008, the defendant had told me that these most recent two positive urine samples collected on February 7, 2008, and February 11, 2008, are due to residual amounts of marijuana still in his body since his use of the drug in early January 2008.

3.  **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about February 11, 2008, the defendant used or administered a controlled substance, marijuana, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On February 14, 2008, I received notification that the defendant provided a urine sample on February 11, 2008, that tested positive for marijuana. According to Kroll Laboratory, the February 11, 2008, positive urine specimen represents new marijuana usage since the February 7, 2008, positive urine sample for marijuana.

On February 15, 2008, the defendant had told me that these most recent two positive urine samples collected on February 7,

2008, and February 11, 2008, are due to residual amounts of marijuana still in his body since his usage of the drug in early January 2008.

4.     **FAILURE TO REPORT ARREST/QUESTIONING BY LAW ENFORCEMENT OFFICER:**

On or about November 1, 2006, the defendant was contacted by the Aurora, Colorado Police Department, and failed to report the contact to the probation officer within 72 hours, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On January 14, 2007, the defendant reported to me that he had contact with the Aurora Police Department in either November 2006, or December 2006, when he stated that he had been issued a traffic summons for a failure to yield violation which resulted in a fine (Arapahoe County Court Case Number 2006T209738).  He had not previously reported this contact with a law enforcement officer to me within 72 hours.  On January 22, 2007, I obtained from the Arapahoe County Sheriff's Department a copy of summons number 545268 which revealed that on November 1, 2006, the defendant was issued a traffic summons for 1) Drove Motor Vehicle when License Under Restraint (Revoked), and 2) Failed to Observe Traffic Control Device.

The defendant also falsified his November 2006, monthly supervision report in that he reported having had no contacts with law enforcement officers during the month of November 2006.  The defendant was reminded that he is required to report all law-enforcement contacts to the probation officer within 72 hours, as well as to report the same on his monthly supervision reports.  On January 31, 2007, I met with the defendant to discuss the fact that he did not report that he was charged with Driving Under Revocation on November 1, 2006, a significantly more serious violation than had originally been related to me by the defendant.  The defendant told me that he had deliberately provided a false statement on his November 2006, monthly supervision report as he stated that he thought he could "beat this case" and, thus, would not have to report it to me.

5.     **FAILURE TO REPORT ARREST/QUESTIONING BY LAW ENFORCEMENT OFFICER:**

On or about May 20, 2008, the defendant was contacted by the Denver, Colorado Police Department, and failed to report the contact to the probation officer within 72 hours, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On May 20, 2008, the defendant was cited by the Denver Police Department for 1) Driving a Motor Vehicle without a Having a Valid License; 2) Driving a Motor Vehicle While License Under Restraint; and 3) Driving a Motor Vehicle without Proof of Insurance.  The defendant failed to report the police contact to me until June 1, 2008.

On June 12, 2008, the defendant stated that he had driven a motor vehicle without a valid driver's license.  The defendant told me that on the evening of May 20, 2008, he had gone out to a club at 1:30 a.m., and had been stopped by police for driving without his headlights on.

On July 2, 2008, all of the above charges were dismissed in Denver County Court, and the defendant entered a plea of guilty to an added charge of Suspended License Plates for which he was fined $126.00, (Denver County Court Case Number 08M9538).

On June 24, 2008, the defendant's driver's license was reinstated.

6.     **FAILURE TO REPORT ARREST/QUESTIONING BY LAW ENFORCEMENT OFFICER:**

On or about July 15, 2008, the defendant was contacted by the Denver Police Department, and failed to report the contact to the probation officer within 72 hours, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On July 23, 2008, I received notification from the Federal Bureau of Investigation that the defendant had been arrested by the Denver Police Department on July 15, 2008, and charged with Possession of Marijuana, Eight Ounces or More, a felony

offense, (Denver County District Court Case Number 08CR3609).

I met with the defendant at the Probation Office on July 25, 2008, at which time he first reported the July 15, 2008, arrest to me. He stated that he had been stopped by Denver police for speeding and tinted windows violations. The defendant told me that police found at least eight ounces of marijuana under the driver's side front seat of his vehicle. The defendant was released from jail on July 17, 2008. He stated he was not guilty of the above offense. He told me that he did not report the police contact to me as he stated he was going to wait to do so until I called him into the Probation Office to discuss his failure to provide a urine sample on July 16, 2008 (he was in jail at that time). He further acknowledged that he knew he was required to report all law enforcement contacts to the probation officer within 72 hours and that he had not done so.

On July 28, 2008, I obtained a copy of the police report. According to the Statement of Probable Cause, on July 15, 2008, at approximately 11:30 p.m., a Denver police officer observed the defendant driving a vehicle and speeding. The defendant's vehicle also had dark tinted windows, including illegally tinted front side windows. Upon stopping the vehicle, the defendant had all of the side windows partially rolled down. Although he was able to provide his driver's license and registration, he was unable to find his current proof of insurance.

While speaking with the defendant, the officer detected a strong smell of marijuana coming from inside the vehicle. Upon being asked to exit the vehicle, the defendant immediately became nervous, asked many questions, and became fidgety. After he stepped out of the vehicle, the smell of marijuana grew stronger. Upon patting the defendant down, the officer felt a large brick in his left front pocket, and the defendant stated that it was a wallet. However, the officer then recovered from the defendant's front left pocket a large tightly packaged brick (broken in half) of suspected marijuana in a plastic baggie. The defendant was then arrested and transported to the jail where he refused to provide a statement.

On July 28, 2008, I contacted Denver police narcotics detective Anne Woods who informed me that the above felony charges were going to be dropped based on the fact that the Denver County District Attorney believed that the police officer should have asked the defendant for permission to search the defendant's pockets. Detective Woods stated that the 452 grams (16 ounces) of confirmed marijuana was recovered from the defendant. She also stated that the half brick of marijuana recovered from the defendant was likely meant for distribution based on the quantity and the wrapping surrounding the marijuana.