IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Crim. No. 01-CR-00214-WYD
Civil Action No. 06-CV-02557-WYD

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

5. THEOLIAN LLOYD,

    Defendant/Movant.

---

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION FOR LEAVE TO SUPPLEMENT HIS § 2255 MOTION**

---

Pursuant to this court's order (doc. 3625), the government responds to defendant's motion (doc. 3624) for leave of court to supplement his pending motion under 28 U.S.C. § 2255 (doc. 3406).

### Defendant's Supplemental Issue

In a cover letter attached to his supplemental motion, Mr. Lloyd cites 18 U.S.C. § 3553(a) and asks to supplement his § 2255 motion "to include an argument of disparity in sentencing" arising from a legal ruling made by the Tenth Circuit in the case of a co-defendant. The ruling in question was made in *United States v. Zebedee Hall*, 473 F.3d 1295, 1306-09 (10th Cir. 2007),

where the Tenth Circuit affirmed Mr. Hall's conviction for conspiracy to distribute crack cocaine, alleged at Count One of the indictment, but reversed his conviction for a specific distribution named in Count Forty-Nine, finding the evidence on that count to be insufficient. *Id*. at 1306-09.[1] Based upon this ruling, Mr. Lloyd maintains his convictions for distributing crack cocaine should be vacated.

## Argument

### I.  Mr. Lloyd's Supplemental § 2255 Motion Asserts A New Claim and Is Untimely

Despite unexplained delay in filing his original § 2255 motion, the United States has not contested the timeliness of that motion. *See* United States' Answer to Defendant's Motion Under 28 U.S.C. § 2255 (doc. 3422) [hereafter "Answer"] at 2. However the one-year deadline for filing a § 2255 motion expired on December 14, 2006, and Mr. Lloyd's supplemental motion was not filed until August 27, 2008, over 20 months later. In *United States v. Espinoza-Saenz*, 235 F.3d 501, 504-05 (10th Cir. 2000), the court held that a § 2255 movant could not assert new claims in a motion to amend a § 2255 motion filed after AEDPA's one-year time limit had expired. An exception to

---

[1] A copy of the *Hall* decision is attached. Mr. Lloyd's judgment and the Tenth Circuit decision affirming his convictions are both attached to the government's original answer (doc. 3422) to the § 2255 motion.

Page 2 of  9

this rule is when an amendment merely clarifies or amplifies a claim asserted in the original motion, which "may, in the District Court's discretion, relate back" to the original motion, so long as the original motion was timely filed. *Id.*, *citing United States v. Thomas*, 221 F.3d 430, 431 (3rd Cir. 2000).

The claim asserted in Mr. Lloyd's supplemental motion appears to be entirely new. Mr. Lloyd's arguments are not however altogether clear. In his original motion, Mr. Lloyd argues that this court abused its discretion "in accepting alleged evidence as facts presented by prosecution despite evidence not being proven beyond a reasonable doubt . . . ." *See* Motion at 6 and Supporting Memorandum at 8 (quote from Memorandum). This argument somewhat resembles his supplemental argument that his convictions for distribution are unsupported by any evidence that he actually possessed the drugs in question. But a close examination of Mr. Lloyd's original argument shows that it is addressed not to the *Hall*-based ruling he advances in his supplemental motion, but to the use of drug quantities at sentencing. *See* Memorandum at 8. This may also be seen from Mr. Lloyd's citations to *United States v. Ruiz-Castro*, 92 F.3d 1519, 1534 (10th Cir. 1996) and *United States v. Collins*, 415 F.3d 304, 311 (4th Cir. 2005), both addressing the computation

of drug quantities at sentencing.[2] Thus, Mr. Lloyd's supplemental claim appears to be entirely new and not one that "merely clarifies or amplifies" his original claims. This conclusion is supported by the fact that the supplemental claim is based upon a Tenth Circuit decision issued January 23, 2007 – after the date he filed his original motion.

Mr. Lloyd seems to anticipate this problem in alleging that his new claim is based upon newly discovered facts. Title 28, U.S.C. § 2255(f)(4) provides that the one year period of limitation may run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." But this language does not benefit Mr. Lloyd because his motion alleges no new facts, only a new (to him) legal ruling in a co-defendant's case. *See United States v. Azubuike*, 267 Fed.Appx. 731, 732-33 (10th Cir. 2008) (unpublished) ("the availability of a Section 2255(f)(4) limitations period is expressly limited to cases where 'facts' – not law – are newly discovered"). The factual circumstances surrounding Mr. Lloyd's convictions have not changed, and the legal argument that those facts do not support his convictions was available to him – and in part raised – during his direct appeal. Thus, section 2255(f)(4) may not be used to extend

---

[2] As the government points out in its original Answer (at 12-13), these sentencing arguments by Mr. Lloyd were rejected on appeal.

the one year limitation period. *See id.* at 733 ("under Section 2255's plain terms and our controlling precedents, 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing' of Section 2255 motions"). *But Cf. Johnson v. United States*, 544 U.S. 295, 302-303 (2005) (order vacating petitioner's own prior conviction supporting enhanced sentence was a matter of fact under § 2255(f)(4), but one year limitations period enforced because petition failed to show due diligence in pursuing issue).

Even if Hall's partial legal victory is viewed as a fact supporting Mr. Lloyd's own claim, the one year limitation period ran in January 2008 – one year after the decision issued – and Mr. Lloyd's motion was not filed until August 2008. Like defendants in the above cited cases, Mr. Lloyd has not alleged when he became aware of the "fact" in question and has not shown due diligence in pursuing his claim. Thus Mr. Lloyd's motion to supplement should be denied as untimely. In the alternative, for the reasons set forth below, the motion should be denied on the merits.

**II.     The Conviction of Co-Defendant Hall Overturned By the Tenth Circuit Involved Count Forty-Nine; Mr. Lloyd Was Not Charged or Convicted of That Offense And the Circuit's Decision Does Not Apply To Him.**

Mr. Lloyd argues that based upon the Tenth Circuit's decision in co-defendant Hall's case, his "conviction for distribution" should be overturned.

However the Tenth Circuit reversed a conviction for a specific distribution named in Count Forty-Nine of the indictment, finding insufficient evidence that Hall actually possessed the drugs in question. *See Hall*, 473 F.3d at 1306-09. Mr. Lloyd was not charged in or convicted of Count Forty-Nine. Lloyd was found guilty of Count One, the conspiracy count, and Counts Fourteen and Seventeen, charging distribution and possession with intent to distribute crack cocaine. Thus, the Tenth Circuit's evidentiary-based ruling overturning Hall's distribution conviction does not support the conclusion that Mr. Lloyd was innocent of the distribution counts of which he was convicted.

Apart from the reasoning of the *Hall* decision, Mr. Lloyd does not advance any argument that the evidence on his distribution convictions was inadequate, and he did not make such an argument in his direct appeal. The issue may not, of course, be raised for the first time in his § 2255 motion. *See United States v. Cox*, 83 F.3d 336, 342 (10th Cir. 1996) (section 2255 motion may not be used to test the legality of a matter which should have been raised on direct appeal).[3]

---

[3] *Cox* established a "cause and prejudice" exception, but Mr. Lloyd's motion alleges neither of these elements.

Mr. Lloyd's convictions on the distribution counts also did not affect the sentence he received. That sentence was "the minimum permitted by statute given the quantity of drugs found by the jury and appellants' prior felony drug convictions." *United States v. Willie Small, et al.*, 423 F.3d 1164, 1187 (10th Cir. 2005). The jury finding on the conspiracy count involved 50 grams or more of crack cocaine and Mr. Lloyd had a prior drug felony conviction, yielding a statutory minium sentence of 240 months. *See* 21 U.S.C. § 841(b)(1)(A). This court imposed the 240 month minimum sentence. Thus, even if he had been acquitted of both the distribution counts, Mr. Lloyd's sentence would have been the same.[4] Hence, the reasoning of the *Hall* decision could not benefit Mr. Lloyd in any event, and does not give rise, as he alleges in the cover letter to his supplemental motion, to an unwarranted sentencing disparity.

To the contrary, the record supports the disparity between Hall's sentence and Mr. Lloyd's. Hall received a sentence of 151 months' imprisonment – significantly less that Mr. Lloyd's sentence – but Hall did not

---

[4] As shown in the government's original response to Mr. Lloyd's § 2255 motion, a conspiracy conviction does not require evidence of actual distributions. However, in affirming his convictions on appeal, the court noted that the jury found Mr. Lloyd "guilty of two independent purchases of fourteen grams of crack cocaine from Small . . . ." *See* Answer at 15-16 (quote from 16, *citing* 423 F.3d at 1184).

have a prior drug felony conviction. At Hall's sentencing, this court noted that Hall's criminal history was "remarkably and distinguishably different" than that of his co-defendants at trial, and placed defendant "in a different light" than those defendants, like Mr. Lloyd, who "received mandatory-minimum sentences because each of them had a qualifying drug conviction." Tr. 4/14/05 (doc. 3263) at 68-69.[5] The disparity between Hall's sentence and Mr. Lloyd's is thus not unwarranted.

## Conclusion

Defendant's motion to supplement his § 2255 motion is untimely and should be denied. In the alternative, the government asks that defendant's new claim of sentencing disparity be denied on the merits.

Respectfully Submitted,

TROY A. EID  
United States Attorney

s/ *James C. Murphy*  
By: James C. Murphy  
Assistant United States Attorney  
1225 Seventeenth Street, Suite 700  
Denver, Colorado  80202  
Telephone:(303) 454-0100  
Fax: (303) 454-0404  
E-mail: james.murphy3@usdoj.gov

Counsel for Plaintiff  
United States of America

---

[5] Citations are to the first sentencing hearing, but this court imposed the same sentence on remand. *See* doc. 3467 (final judgment, eod 6/22/07).

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on September 29, 2008, I electronically filed the foregoing with the Clerk of Court using the ECF system.

I hereby certify that on September 29, 2008, I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the nonparticipant's name:

[U.S. Mail]
**Mr. Theolian Lloyd**
Inmate #30410-013
FCI Bennettsville
P.O. Box 52020
Bennettsville, S.C. 29512

TROY A. EID
United States Attorney

s/ *James C. Murphy*
By: James C. Murphy
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone:(303) 454-0100
Fax: (303) 454-0404
E-mail: james.murphy3@usdoj.gov

Counsel for Plaintiff
United States of America