FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2008 NOV 20 PM 3:56

GREGORY C. LANGHAM
CLERK

MOTIONS UNDER 28 §2255

01-cr-00214-WYD-19

NAME: BY [DEP CLK] Sammie Lee Woods, Pro-se

PRISON NUMBER 30425-013

'08 - CV - 02529

PLACE OF CONFINEMENT Federal Correctional Complex (Low)
P.O. Box 9000, M-A, Forrest City, AR 72336

UNITED STATES DISTRICT COURT OF COLORADO

DISTRICT OF Denver, Division

CASE NO _____ (To be supplied by Clerk of U.S. District Court) United States.

v.

Sammie Lee Woods, Movant, Pro-se
(Full name of movant)

(If movant has a sentence to be served in the *future* under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY

1. This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2. Additional pages are not permitted except with respect to the *facts* which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3. Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

4. If you do not have the necessary funds for transcripts, counsel, appeal and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

5.  Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each judgment.

6.  Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

7.  When the motion is fully completed, the *original and two copies* must be mailed to the Clerk of the United States District Court whose address is <u>OFFice oF THe CleRK U.S. DisTRicT CouRT, 401-19TH ST, Room A105, DeNveR, CO 80294-3589</u>

8.  Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

## MOTION

1.  Name and location of court which entered the judgment of conviction under attack <u>U.S. DistRicT CouRT oF CoLoRAdo, 401-19TH ST., Room A105, DeNveR, CO 80294-3589</u>

2.  Date of judgment of conviction <u>ApRil 21, 2004</u>

3.  Length of sentence _____

4.  Nature of offense involved (all counts) <u>CouNT-1-21 USCS §§ 846 AND 841 (a)(1) AND (b)(1)(A)(iii), 18 USCS § 2, CouNT-50-21 USCS § 843(b) 18 USCS § 2, CouNT-62-21 USCS § 841(a)(1) AND (b)(1)(C); 18 USCS § 2.</u>

5.  What was your plea? (Check one.)

    a.  Not guilty ☒
    b.  Guilty   ☐
    c.  Nolo contendere ☐

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: <u>N/A</u>

_____N/A_____

_____

_____

6. Kind of trial (check one):

   d. Jury ☒

   e. Judge only ☐

7. Did you testify at the trial?   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9. If you did appeal, answer the following:

   f. Name of court __U.S. Court of Appeals Tenth Circuit__

   g. Result __Affirmed__

   h. Date of result __2006__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?   Yes ☒   No ☐

11. If your answer to 10 was "yes," give the following information:

    A.   1. Name of court __U.S. District Court Dist. of Colorado__

         2. Nature of proceeding __Relief under 28 USCS § 2255__

         3. Grounds raised __Defendant was Denied Effective Assistance of Counsel, Lack of subject matter jurisdiction, Counsel was ineffective on several issues.__

4. Did you receive an evidentiary hearing on your petition, application or motion? Yes ☐   No ☒

5. Result **Denied**

6. Date of result **3/23/2006**

B. As to any second petition, application or motion, give the same information:

1. Name of court **N/A**

2. Nature of proceeding **N/A**

3. Grounds raised **N/A**

4. Did you receive an evidentiary hearing on your petition, application or motion? Yes ☐   No ☐ **N/A**

5. Result **N/A**

6. Date of result **N/A**

C. As to any third petition, application or motion, give the same information:

Name of court **N/A**

2. Nature of proceeding ___**N/A**___

3. Grounds raised ___**N/A**___

4. Did you receive an evidentiary hearing on your petition, application or motion?   Yes ☐   No ☐  **N/A**

D. Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

    1. First petition, etc.   Yes ☒   No ☐
    2. Second petition, etc.   Yes ☐   No ☐
    3. Third petition, etc.   Yes ☐   No ☐

E. If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the fact supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same. (Caution: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.)

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, *you should raise in this motion all available grounds* (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for

relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds

- (l) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily, or with understanding of the nature of the charge and the consequences of the plea.
- (m) Conviction obtained by use of coerced confession.
- (n) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
- (o) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
- (p) Conviction obtained by a violation of the privilege against self-incrimination.
- (q) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
- (r) Conviction obtained by a violation of the protection against double jeopardy.
- (s) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
- (t) Denial of effective assistance of counsel.
- (u) Denial of right of appeal.

A. Ground one: MOVANT is "ACTUALLY INNORCENT" OF COUNT-ONE UNDER TiTles 21 USCS §§ 846; 841(a)(i), (b)(i)(A)(iii); And 18 USCS §2; CONGRess did NOT INTend FOR NON-License PeRSONs To be INFRINGed upON.

Supporting FACTS (tell your story *briefly* without citing cases or law): MOVANT Will PROVe AT A HEARING FROM THe FOIA/PA Requests THAT THe GOVERNMENT COMMITTed "FRAUD upON THe COURT WHEN THe MOVANT WAS Added To THe INdicTMENT.

B. Ground two: MOVANT is "ACTUALLY INNORCENT" OF COUNT-FiFTy because 21 USCS § 843(b); And 18 USCS §2 did NOT INvolve THe MOVANT, A HEARING is Requested § 2255-Rule-8

Supporting FACTS (tell your story *briefly* without citing cases or law): MOVANT Will PROVe AT A HEARING THAT CONGRess did NOT INTend FOR NON-License PeRSONs To be INFRINGed upON UNDER THe CHARGes Listed Herein, THe FOIA/PA Records Will PROVe My FACTS.

C.  Ground three: MOVANT is "ACTUALLY INNORCENT" OF COUNT-SIXTY-TWO; 21 USCS § 841(a)(1) & (b)(1)(C); 18 USCS § 2; THE Public LAWS UNDER Title 21-Pub.L. 91-513 WAS NOT iN THE CHARGING DocumenT, i.e. IndicTment.

Supporting FACTS (tell your story *briefly* without citing cases or law): CONGRESS AND THE SeNATe did NOT INTend FoR CiTiZeNS To be iNFRiNGed upon, As Alleged by THe GoveRNmeNT iN THe CASe PReSeNTed beFoRe THe CouRT FoR VACATiNG THis ConviCTioN.

D.  Ground four: Counsel PeRFoRmANce WAS NOT iN CoN-FoRmiTy WiTH THe 123-CHAPTeRs under THe "CRIMINAL DEFENSE TECHNIQUES" WWW.LAW NExis-LExis.

Supporting FACTS (tell your story *briefly* without citing cases or law): UndeR THe STATE AND FEDERAL JuRisdicTioNAl AcTs, CONGRESS AGReed WiTH THe STATES wHeN deTeRmiNG How NoN-LiceNSe And License PeRsons ARe CHARGe AND RePReSeNTed, Counsel PeRFoRMANce WAS NoT iN CompliANce WiTH CONGRess. MouANT is "ACTuAlly InnORceNT."

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: NoNe oF THese GRouNds weRe PReseNTed becAuse I JusT ReAlize THAT I Am AcTuAlly InnORceNT oF WHAT THe FAcTuAl ReAdiNG oF THe STATueS THAT I Am CHARGe up UNDER, AND CONGRESS AND THe SeNATe did NoT INTeNd FoR NoN-License PeRsoNs To be CHARGe,

14. Do you have any petition or appeal now pending in any court as to the judgment under

attack?  Yes ☐     No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    a)   At preliminary hearing   *Kerry S. Hada*

    b)   At arraignment and plea   *Kerry S. Hada*

    c)   At trial   *Ronald Gainor*

    d)   At sentencing   *Same as in (c)*

    e)   On appeal   *Same as in (c)*

    f)   In any postconviction proceeding   *Pro-se*

    g)   On appeal from any adverse ruling in a postconviction proceeding   *Pro-se*

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?  Yes ☐     No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?  Yes ☐     No ☒

    a)   If so, give name and location of court which imposed sentence to be served in the future:   *N/A*

b)   And give the date and length of sentence to be served in the future: __N/A__

c)   Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?   Yes ☐   No ☐   N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding. **MOVANT Relief is "Immediate Release" From Detention.**

_____PRO·SE_____
Signature of Attorney (If any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on __11/17/2008__
(Date)

_____Sammie Woods_____
Signature of movant

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO, DENVER

| | |
|---|---|
| SAMMIE LEE WOODS, PRO-SE MOVANT, REQUESTER, <br><br> VS. <br><br> UNITED STATES OF AMERICA, et. al. RESPONDENTS, (INTER Alios). | ) CIVIL NO. _____ <br> ) CRIM. NO. 01-CR-214-D <br> ) MOTION TO EXPAND THE RECORD <br> ) § 2255-Rule-7, AND Submit Designated <br> ) WITNESS LIST, AND FOIA\PA RECORDS |

IN-ORDER TO PROVE "ACTUAL INNORCENT" MOVANT IS REQUESTING TO EXPAND THE RECORD § 2255-Rule-7, Discovery Rule-6, AND A HEARING Rule-8, Submit Designated Witness List, AND FOIA\PA RECORDS

Now comes THE MOVANT Sammie Lee Woods, PRO-se WHO moves THIS HONORABLE COURT TO GRANT Him THE Relief Requested For in THE CAPTION, IN ORDER THAT A "PRIMA FACIE" FACT CAN be PROVEN AND A HEARING HAD IN ACCORDANCE WITH THE PROCEEDINGS UNDER §2255.

### Designated Witness List

1. Wiley Y. Daniel, U.S. Dist. Judge
2. Patricia A. Coan, Magistrate Judge
3. Boyd N. Boland, Magistrate Judge
4. Micheal J. Watanabe, Magistrate Judge
5. John W. Suthers, U.S. Attorney
6. Kathleen M. Tafoya, Asst. U.S. Atty.
7. Guy Till, Asst. U.S. Atty.
8. Dee Clark, Probation Officer
9. Rosa A. Aguirre, Sup. Probation Officer
10. Todd Wilcox, F.B.I. Agent
11. Ronald Gainor, Defense Attorney
12. Kerry S. Hada, Defense Attorney

(1)

13. LAURIE MICHELSON, AURORA Police DEPT. (COLORADO)

14. STEVEN STANTON, AURORA Police DEPT. " "

15. GARY VALKO, AURORA Police DEPT.

16. C.C. STATE OF COLORADO, ATTORNEY GENERAL, INTERNAL AFFAIRS

MOVANT PRAYS THAT THE Relief Requested is GRANTED, IN ORDER TO MAKE A "PRIMA FACIAL" SHOWING THAT DEFENDANT IS "ACTUALLY INNORCENT" OF THE GROUNDS Submitted IN HIS ATTACK § 2255.

## Relief Requested

MOVANT Request Immediate Release AND VACATED, CONVICTION.

Respectfully Submitted

Sammie Woods

USM # 30425-013
Federal Correctional Complex (LOW)
P.O. Box 9000, M-A
Forrest City, AR 72336

C.C. United States Attorney
    John W. Suthers

(2)

MAR-24-2006 FRI 09:14 AM US PROBATION          FAX NO. 3033352404          P. 01



**U.S. PROBATION OFFICE**

1929 Stout Street, Ste 120
Denver, CO 80294-0101
Phone: 303-335-2418, Fax: 303-335-2404

Date _March 24, 2006_

Number of Pages _7_

Fax No. _(303) 447-0930_

TO: Ron Gainor                    FROM: Dee A. Clark
                                              Sr. USPO

**REMARKS:**

RE: Sammy Woods

I'm mailing the indictment to you, it's 39 pages. Call if you need anything else. Thanks, Dee

# CONFIDENTIAL

This facsimile transmission (and/or the documents accompanying it) may contain certain confidential information belonging to the sender which is protected by federal law and local federal court policy. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify us by telephone (303) 844-5424 to arrange for the return of the documents.

## ADDENDUM TO THE PRESENTENCE REPORT

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
### UNITED STATES V. SAMMY WOODS
### DOCKET NO. 01-CR-214-19-D

At sentencing, the court must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing. Fed. R. Crim. P. 32 (i)(3)(B).

### OBJECTIONS BY THE GOVERNMENT

None filed.

### OBJECTIONS BY THE DEFENDANT

<u>Paragraphs 14, 19, 20, 22, 23, 25, 35, and 36</u>: The defendant, through counsel, objects to these paragraphs wherein he is assumed by the Probation Department to be an active and knowing part of the 'Willie Small Crack Cocaine Distribution Business.' Furthermore, he does not believe that he should be held accountable for 4,495 grams of crack cocaine. As noted in the report, this information was taken verbatim from the Government's Sentence Statement.

Assistant U.S. Attorney Kathleen Tafoya stands by the Government's Sentencing Statement concerning the defendant's relevant conduct and the structure of the conspiracy. Ms. Tafoya indicated that she will be prepared to introduce evidence and testimony at the defendant's sentencing hearing if requested by the court. The court, having heard the six-week trial, is in the best position to make findings concerning this factual dispute.

<u>Paragraph 115</u>: It is the defendant's position that the maximum term of imprisonment is 4 years, pursuant to 21 U.S.C. § 843(b). The defendant, through counsel, has indicated that a sentencing enhancement pursuant to 21 U.S.C. § 851 is applicable to 21 U.S.C. § 843(b) only if the defendant has been convicted of a prior federal narcotics felony. This is a legal issue to be determined by the court.

<u>Paragraph 116:</u> The defendant, through counsel, objects to the guideline calculation of 324 to 360 months as to Count Sixty-Two. This refers to the above-noted objection in which the defendant does not believe that he should be held accountable for 4,495 grams of crack cocaine. The court, having heard the six-week trial, is in the best position to make findings concerning this factual dispute.

Approved:

ROSA A. AGUIRRE
SUPERVISING PROBATION OFFICER

DAC:dac
March 22, 2004

Respectfully submitted,

DEE A. CLARK
PROBATION OFFICER

A-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 01-CR-214-D

UNITED STATES OF AMERICA,
                    Plaintiff
vs.

19 SAMMIE WOODS

                    Defendants.

---

## DEFENDANT SAMMY LEE WOOD'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Comes now Defendant Sammy Lee Woods, by and through his court-appointed counsel, Ronald Gainor, and hereby makes his objections to the Presentence Investigation Report, pursuant to Rule 32(b)(6)(B) of the Federal Rules of Criminal Procedure, and in support would state the following:

1. Mr. Woods would specifically object to paragraphs 14, 19, 20, 22, 23, 25, 35, and 36 wherein he is assumed by the Probation Department to be an active and knowing part of the 'Willie Small Crack Cocaine Distribution Business'. In this regard, Mr. Woods disagrees with the probation officer's conclusion that he should be held accountable for 4,495 grams of crack cocaine as this amount was not reasonably foreseeable nor properly attributed to him.

A review of the evidence suggests that, at best, Mr. Woods called and met with Mr. Small on approximately 10 occasions. There is absolutely no evidence to suggest that Mr. Woods worked with or was even aware of the activities of any alleged co-conspirators at Club Mixx or at any other location for that matter. Likewise, there is no evidence to link Mr. Woods to any conspiracy during the sale of 243 grams to confidential informant, Roz Parker, or the 176 grams found in Willie Small's apartment a year after the conspiracy was supposed to have ended. There is also no link or proof that he was a part of the 'Alvin Green transactions' involving 4000 grams of crack cocaine.

Although the government was able to establish some telephonic and face-to-face contact between Mr. Small and Mr. Woods, there was never any proof offered which established that drugs were even exchanged between the parties. Woods was never stopped, searched and found to be in possession of any drugs after these 'meets'. Nor was he ever observed to exchange drugs for money on any occasion after the meetings. The probation department engages in pure speculation when it assumes that drug exchanges between the two defendants (Small and Woods) occurred.

Mr. Woods contends that he should be held accountable for a quantity less than 1 gram of crack cocaine, which represents what was found on his person on the day of his arrest, June 12, 2001. Although the government's expert witness weighed that quantity of crack cocaine and found it to be 1.062 grams, she was unable to tell the jury what the margin of error was in her measurements. This fact justifiably allows the Court to conclude that the quantity seized was less than one gram of crack cocaine in total.

Clearly there were multiple, independent conspiracies which were in operation in this case. Under these circumstances, it is unfair to hold Mr. Woods accountable for the sum total of all these separate conspiracies because the amounts were not reasonably foreseeable to him. It is more appropriate to hold him accountable for that quantity which can be directly proven he possessed or distributed.

2. Mr Woods would also object to paragraph 115 wherein the probation officer concludes that the statutory maximum and recommended sentence for Count Fifty is 96 months. The defendant would contend that the penalty enhancement provision of 21 U.S.C. 843(d) does not apply to him since he had no prior federal drug conviction. In support of this proposition, the defense relies on the cases of *United States of America v. Medley*, 313 F. 3d 745, 750 (2nd Cir. 2002) and *Little v. United States of America*, 2002 WL 1424581 (D. Mass. 2002). In both of these cases, the Courts involved held that the doubling of the four-year term of imprisonment for a violation of Section 843(b) was improper when it was occasioned by a state drug conviction.

Based on these cases, it is clear that the maximum sentence of imprisonment for a 21 U.S.C. 843(b) violation is 4 years and not 8 as suggested by the probation department.

3. Mr Woods would object to paragraph 116 wherein the probation department concludes that statutory maximum and recommended sentence for Count Sixty-Two is 324 to 360 months.

As previously stated, the evidence at trial was that a quantity of crack cocaine was seized from the defendant on the day of his arrest, June 12, 2001. This quantity was analyzed and found to initially weigh 1.062 grams. The chemist involved in this process did concede however that she was unable to ascertain what the margin of error was in her weight calculations. This statement would then draw into doubt the exact weight finding and force us to conclude that the actual weight involved might very well be under the 1 gram threshold. Assuming that is the case, maximum penalties for Count 62 have to be re-calculated using 21 U.S.C. 844 (Penalties for Simple Possession). According to that section;

" Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both, except that if he commits such offense after a prior conviction under this subchapter or subchapter II of this chapter or a prior conviction of any drug, narcotic, or chemical, offense chargeable under the law of any state, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years and shall be fined a minimum of $2,500"

If a defendant's possession can reasonably be found to be less than 1 gram, a 1-2 year maximum prison term is called for. The defendant contends that his involvement is exactly that and would request that a 24 month maximum replace the 324-360 month calculation of the probation department.

## CONCLUSION

It is clear that the guideline calculations utilized by the probation department are flawed in this case. Mr. Woods requests that this Honorable Court revise those calculations as summarized in paragraphs 114-116 and fashion a sentence which more accurately reflects the defendant's true involvement in this matter. Terms of imprisonment for convictions in Counts One and Sixty-Two should be based on a less than 1 gram amount of crack cocaine and a term of imprisonment for Count Fifty should be limited to 48 months.

Respectfully Submitted:

**RONALD GAINOR**
6414 Fairways Drive
Longmont, Colorado 80503
(303) 448-9646/(303) 447-0930 (facsimile)
Attorney for Defendant Sammy Woods

By: _____
    Ronald Gainor

Sammie Lee Woods
P.O.Box 9000
Forrest City,Arkansas 72336
30425-013



7006



Visit us at usps.com

Label 107R, January 2008

CERTIFIED MAIL NO: 7006 2150 0000 8029 8



U.S.COURTHOUSE  
'N: Clerk Of The Court  
 19th Street  
ver,Colorado   [80294]