IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-02529-WYD
Criminal Action No. 01-cr-00214-WYD

UNITED STATES OF AMERICA,

v.

19.   SAMMY WOODS,
      Movant.

ORDER DENYING MOTIONS

Movant Sammy Woods has filed *pro se* on November 20, 2008, a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his conviction and sentence and seeking his immediate release along with a motion for appointment of counsel. I must construe the motions liberally because Mr. Woods is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, I will deny the motions.

Mr. Woods previously has sought relief pursuant to § 2255 in this criminal action. *See United States v. Woods*, No. 06-cv-01898-WYD (D. Colo. June 11, 2007); *appeal dismissed*, No. 07-1271, 263 F. App'x 704 (10th Cir. Feb. 5, 2008). I dismissed Mr. Woods' prior § 2255 motion on the merits. Therefore, the instant § 2255 motion is a second or successive motion.

Pursuant to § 2255(h) and 28 U.S.C. § 2244(b)(3), Mr. Woods must obtain from the United States Court of Appeals for the Tenth Circuit an order authorizing me to

consider a second or successive § 2255 motion. In the absence of such authorization, I lack jurisdiction to consider the merits of the claims asserted in a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). A federal prisoner seeking authorization to file a second or successive § 2255 motion must demonstrate that his claims are based on either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," 28 U.S.C. § 2255(h)(1), or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2).

Mr. Woods does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2255 motion. Therefore, I must either dismiss the § 2255 motion for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1361. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251.

It appears that the claims Mr. Woods is asserting in this action would be barred by the one-year limitation period. *See* 28 U.S.C. § 2255(f). However, the claims appear to be time-barred only because Mr. Woods fails to demonstrate that his claims are

based on either newly discovered evidence or a new rule of constitutional law as required pursuant to § 2255(h).  Furthermore, the claims Mr. Woods is raising do not appear to have merit and it was clear when the § 2255 motion was filed that this Court lacks jurisdiction.  Therefore, I do not find that a transfer of this action to the Tenth Circuit is in the interest of justice and the § 2255 motion will be denied for lack of jurisdiction.  Accordingly, it is

ORDERED that the motion pursuant to 28 U.S.C. § 2255 (docket #3648) filed on November 20, 2008, is DENIED for lack of jurisdiction.  It is

FURTHER ORDERED that the motion for appointment of counsel (docket #3649) filed on November 20, 2008, is DENIED as moot.

DATED at Denver, Colorado, this 22nd day of December, 2008.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
Chief United States District Judge