IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No.      07-cv-00026-WYD
Criminal Action No.  01-cr-00214-WYD

UNITED STATES OF AMERICA,

v.

1.  WILLIE SMALL,

    Movant.

_____

ORDER DENYING 28 U.S.C. § 2255 MOTION

_____

Movant Willie Small has filed *pro se* a motion pursuant to 28 U.S.C. § 2255

challenging the validity of his conviction and sentence in this criminal action.  On

January 17, 2007, I directed the government to file an answer to the § 2255 motion.  On

February 7, 2006, the government filed its answer to the § 2255 motion.  Mr. Small has

not filed a reply to the government's answer.

I must construe the § 2255 motion liberally because Mr. Small is representing

himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935

F.2d 1106, 1110 (10th Cir. 1991).  However, I should not be the *pro se* litigant's

advocate.  *See Hall*, 935 F.2d at 1110.  After reviewing the entire file, I find that an

evidentiary hearing is not necessary.  For the reasons stated below, the § 2255 motion

will be denied.

Mr. Small was convicted by a jury of conspiracy to distribute fifty grams or more

of crack cocaine as well as various other offenses.  I sentenced Mr. Small to a

mandatory term of life imprisonment on the conspiracy count and lesser concurrent

terms on the other counts.  The judgment of conviction was affirmed on direct appeal.

*See United States v. Small*, 423 F.3d 1164 (10th Cir. 2005), *cert. denied*, 126 S. Ct.

1377 (2006).  The § 2255 motion was timely filed on January 5, 2007.

Mr. Small raises five claims for relief in the § 2255 motion.  In his first claim he

alleges that I was biased against him and predetermined his guilt.  Mr. Small's second

claim is that his attorney had a conflict of interest.  Mr. Small alleges in his third claim

that a variance existed between the conspiracy charged in the indictment and the

conspiracy for which he was convicted at trial.  Mr. Small's fourth claim is an ineffective

assistance of counsel claim.  Finally, as his fifth claim, Mr. Small contends that he

wrongly has been subjected to cumulative punishment regarding the special

assessment portion of his sentence.

Other than the ineffective assistance of counsel claim, all of Mr. Small's claims

could and should have been raised on direct appeal.  As a result, those claims are

procedurally defaulted because a motion to vacate pursuant to § 2255 is not available

to test the legality of matters that should have been raised on direct appeal.  *See*

*United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994).  Mr. Small is barred from

raising in a § 2255 motion a procedurally defaulted claim "unless he can show cause

for his procedural default and actual prejudice resulting from the alleged errors, or can

show that a fundamental miscarriage of justice will occur if his claim is not addressed."

*Id.*

2

To demonstrate cause for his procedural default, Mr. Small must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Small first must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id*. Mr. Small then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.

Mr. Small does not dispute the fact that his claims are procedurally defaulted and he makes no attempt to demonstrate cause and prejudice or a fundamental miscarriage of justice. The government raised these arguments in their response and, as noted above, Mr. Small has not filed a reply to the government's response. Therefore, I find that Mr. Small's claims other than his ineffective assistance of counsel claim may be dismissed as procedurally barred. For the reasons stated below, I also find that those claims lack substantive merit.

I first will address Mr. Small's claim that I was biased and predetermined his

3

guilt. Mr. Small specifically alleges that I demonstrated this bias during a change of plea hearing involving Thurman McKnight, one of Mr. Small's co-defendants, when I stated "[h]e (Mr. McK[n]ight) got himself tied up with Willie Small and when you get tied up with Willie Small and violate federal law etc." (Mot. to Vacate at 5.)

"The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases." ***Marshall v. Jerrico, Inc.***, 446 U.S. 238, 242 (1980). A judge must recuse himself "if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality." ***United States v. Pearson***, 203 F.3d 1243, 1277 (10th Cir. 2000). The judge's actual state of mind or prejudice is not at issue. ***See United States v. Cooley***, 1 F.3d 985, 993 (10th Cir. 1993). "The standard is purely objective," and "[t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." ***Id***.

To demonstrate a due process violation based on judicial bias, Mr. Small must "show either that actual bias existed, or that an appearance of bias created a conclusive presumption of actual bias." ***Phelps v. Hamilton***, 122 F.3d 1309, 1323 (10th Cir. 1997). Ordinarily, when a judge's words are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias. ***See Liteky v. United States***, 510 U.S. 540, 555 (1994). Thus, "adverse rulings cannot in themselves form the appropriate grounds for disqualification." ***Green v. Branson***, 108 F.3d 1296, 1305 (10th Cir. 1997) (quotation omitted). Recusal may be appropriate, however, when a judge's remarks stem from an extrajudicial source outside the judicial proceedings. ***See Liteky***, 510 U.S. at 555. Recusal is necessary when a judge's

4

comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.*

Mr. Small fails to provide a transcript of Mr. McKnight's change of plea hearing that details the comment I allegedly made regarding Mr. Small. Nevertheless, assuming I made the comment at that hearing as described by Mr. Small, that comment alone would not lead a reasonable, objective person to question my impartiality with respect to Mr. Small because Mr. Small points to nothing during his own jury trial to demonstrate judicial bias against him. Therefore, I find that the judicial bias claim lacks merit and should be dismissed.

Mr. Small next claims that his attorney had a conflict of interest. In support of this claim he alleges as follows:

> I attempted to dismiss my attorney on the claim that we had a conflict of interest. Edward Palmer and Ronald Clark was [sic] represented by my laws [sic] firm. Colorado Rule of Professional Conduct 1.9(a) provides in pertient [sic] part: while lawers [sic] are associated in a firm none of them shall knowly [sic] represent a client when any one of them practing [sic] alone would be prohibited from doing so by (Rule 1.9). Also a lawer [sic] has formly [sic] represented a client in a matter shall not thereafter represent another person. Edward Palmer and Ronald Clark.

(Mot. to Vacate at 5.)

Mr. Small's claim that his attorney had a conflict of interest is vague and lacks factual support. Other than the fact that Edward Palmer and Ronald Clark were co-defendants in this criminal action with Mr. Small, it is not clear why Mr. Small believes that his attorney had a conflict of interest or how that conflict of interest prejudiced his defense in any way. Mr. Small "bears the responsibility of tying the relevant facts to the

record in order to carry the burden of proving error." *United States v. Stephenson*, 452 F.3d 1173, 1182 n.4 (10th Cir. 2006).   Neither the government nor I am required to examine the entire record to determine if there may be support for Mr. Small's claim. *See id.*   Therefore, this claim also will be dismissed.

Mr. Small's third claim for relief is that a variance existed between the conspiracy charged and the conspiracy for which he was convicted.   "A variance arises when the evidence adduced at trial establishes facts different from those alleged in an indictment." *Dunn v. United States*, 442 U.S. 100, 105 (1979).   A variance is fatal only if it affects "the substantial rights of the accused." *Berger v. United States*, 295 U.S. 78, 82 (1935).

Mr. Small specifically contends that, because two of his co-defendants were acquitted of the conspiracy charge, he was not convicted of the same conspiracy charged in the indictment.   This claim lacks merit because the acquittal of two of Mr. Small's co-defendants on the conspiracy charge does not demonstrate any variance between the conspiracy charged and the conspiracy for which he was convicted. *See United States v. Nichols*, 374 F.3d 959, 970 n.9 (10th Cir. 2004), *judgment vacated on other grounds*, 543 U.S. 1113 (2005) (collecting cases holding that inconsistent jury verdicts among co-conspirators do not undermine guilty verdicts).   The jury's acquittal of two of Mr. Small's co-defendants may be the result of the jury's "mistake, compromise, or lenity" rather than the jury's conclusion that the co-defendants are not guilty beyond a reasonable doubt. *United States v. Powell*, 469 U.S. 57, 65 (1984). Furthermore, Mr. Small fails to demonstrate or even allege the existence of any

substantial prejudice caused by the asserted variance. As a result, this claim also will be dismissed.

I next will address the ineffective assistance of counsel claim. The Supreme Court has established a two-prong test to review ineffective assistance of counsel claims. *See Strickland v. Washington*, 466 U.S. 668 (1984). Mr. Small must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance was prejudicial. *See id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a "strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id.* In order to demonstrate prejudice, Mr. Small must establish that counsel's performance rendered the proceedings "fundamentally unfair or unreliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). If Mr. Small fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claims must fail. *See Strickland*, 466 U.S. at 697.

In support of his claim that counsel was ineffective, Mr. Small alleges that he asked his attorney to file a motion to suppress pre-wiretap consensual telephone calls and that counsel filed such a motion. Mr. Small further alleges that he had three cases that had merit but that counsel was unprepared at a hearing on the motion and that counsel did not argue the three cases. Mr. Small does not allege on what grounds he sought to suppress the pre-wiretap consensual telephone calls, he does not identify the telephone calls he sought to have suppressed, and he fails to identify the three cases that he allegedly provided to counsel. Therefore, Mr. Small fails to demonstrate that

7

counsel was ineffective in any way or that he suffered any prejudice as a result of counsel's alleged ineffectiveness.  As a result, this claim also will be dismissed.

Mr. Small finally claims that he wrongly has been subjected to cumulative punishment regarding the special assessment portion of his sentence.  He contends that imposition of a special assessment of $100 on each count of conviction impermissibly subjected him to cumulative punishment because the prison sentences imposed for each count were ordered to run concurrently.

Mr. Small's cumulative punishment claim lacks merit.  The relevant statute, 18 U.S.C. § 3013, requires a court to impose the special assessment "on any person convicted of an offense against the United States" and Mr. Small must pay the special assessment for each offense.  The fact that I ordered Mr. Small's prison sentences to run concurrently rather than consecutively is not relevant to the special assessment issue.

Mr. Small's reliance on *Rutledge v. United States*, 517 U.S. 292 (1996), also is misplaced.  In *Rutledge*, the defendant was convicted of conspiracy to distribute cocaine and engaging in a continuing criminal enterprise (CCE) to do the same.  *See id.* at 294.  The Court held that the conspiracy offense was a lesser included offense of the CCE offense, *id.* at 300, and determined that Congress did not intend cumulative punishments, *see id.* at 307.  Therefore, the Court remanded the case with instructions to vacate one of the convictions.  *Id.*

*Rutledge* does not support Mr. Small's argument that he is being subjected to cumulative punishments because he was not convicted under the CCE statute and he

was not convicted of any offenses that are lesser included offenses of his conspiracy

offense. *See **United States v. Felix***, 503 U.S. 378, 389 (1992) (noting that a crime

and a conspiracy to commit that crime are not the same offense for double jeopardy

purposes). Instead, Mr. Small was convicted of numerous drug crimes and conspiracy

to commit them. Under these circumstances, the multiple special assessments do not

constitute cumulative punishments and this claim also must be dismissed. Accordingly,

it is

ORDERED that the motion to vacate filed on January 5, 2007, is **DENIED**. It is

FURTHER ORDERED that each party shall bear his or its own costs and

attorney's fees.

Dated: September 28, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge