IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 07-cv-00796-WYD
Criminal Action No. 01-cr-00214-WYD

UNITED STATES OF AMERICA,

v.

10.   FREDRIC DeVON WILLIAMS,

   Movant.

---

## ORDER DENYING 28 U.S.C. § 2255 MOTION

---

Movant Fredric DeVon Williams has filed *pro se* on April 19, 2007, a motion pursuant to 28 U.S.C. § 2255 challenging the validity the sentence imposed in this criminal action. On April 24, 2007, I directed the government to file an answer or other pleading directed to the § 2255 motion. On May 14, 2007, the government filed a motion to dismiss the § 2255 motion. Mr. Williams has not filed a response to the government's motion to dismiss.

I must construe the § 2255 motion liberally because Mr. Williams is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. After reviewing the entire file, I find that an evidentiary hearing is not necessary. For the reasons stated below, the government's motion to dismiss will be granted and the § 2255 motion will be denied.

Mr. Williams entered a guilty plea to distributing and possessing with intent to distribute crack cocaine and he was sentenced to 105 months in prison. Although Mr. Williams filed a notice of appeal, on May 11, 2004, the United States Court of Appeals for the Tenth Circuit granted Mr. Williams' motion to withdraw the appeal. Mr. Williams claims in the § 2255 motion that his sentence is illegal because he agreed to a sentence of only sixty months as part of his plea agreement.

The government argues that Mr. Williams' § 2255 motion is barred by the one-year limitation period. I agree. Pursuant to 28 U.S.C. § 2255, a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence.

> The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

I first must determine the date on which the one-year limitation period began to

run.  Mr. Williams' conviction became final when the time for filing a petition for writ of certiorari in the United States Supreme Court on direct appeal expired, even though he did not seek such review.  *See **United States v. Burch***, 202 F.3d 1274 (10th Cir. 2000).  Pursuant to Rule 13 of the Rules of the Supreme Court of the United States, Mr. Williams had ninety days after his motion to withdraw his appeal was granted on May 11, 2004, to file a petition for writ of certiorari.  Therefore, Mr. Williams' conviction became final in August 2004.  Mr. Williams does not allege that he was prevented by unconstitutional governmental action from filing the instant motion sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he does not allege that he could not have discovered the factual predicate for his claims at the time he was sentenced.  Therefore, I find that the one-year limitation period for Mr. Williams began to run in August 2004 when his conviction became final.  As noted above, the instant § 2255 motion was not filed until April 2007.  Because the § 2255 motion was filed more than one year after August 2004, the § 2255 motion is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2255 is not jurisdictional and is subject to equitable tolling in appropriate extraordinary circumstances.  *See **Miller v. Marr***, 141 F.3d 976, 978 (10th Cir. 1998) (holding that equitable tolling applies to one-year limitation period in 28 U.S.C. § 2244(d)).  However, Mr. Williams does not argue that he is entitled to equitable tolling and he makes no argument to justify his failure to file the instant motion in a timely manner.  Therefore, I also find that equitable tolling is

not appropriate in this action.  Accordingly, it is

      ORDERED that the government's motion to dismiss (docket #3457) is granted and the motion to vacate pursuant to 28 U.S.C. § 2255 (docket #3450) is **DENIED**.  It is

      FURTHER ORDERED that each party shall bear his or its own costs and attorney's fees.

      Dated:  September 28, 2007

                            BY THE COURT:

                            s/ Wiley Y. Daniel  
                            Wiley Y. Daniel  
                            U. S. District Judge