IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF COLORADO
COLUMBIA/DENVER DIVISION

| | | |
|---|---|---|
| Sammie Lee Woods, Pro-se | ) | Case No: 01:cr-00214-WYD |
| Petitioner, USM#30425-013 | ) | Judge Wiley Y. Daniel |
| VS. | ) | Motion Requesting The Court |
| UNITED STATES OF AMERICA, | ) | To Expand The Record § 2255- |
| (Inter Alios) RESPONDENT(S). | ) | RULE-7, TO SUBMIT ARGUMENT'S |

MOTION REQUESTING THE COURT TO EXPAND THE RECORD § 2255-RULE-7 TO SUBMIT PETITIONER'S ARGUMENT AND JUDICIAL FACTS

For the Following reasons Petitioner Sammie Lee Woods acting pro-se now moves this Honorable Court to allow the movant to submit his argument's on his pending § 2255 motion base on Judicial and Administrative facts submitted herein;

ARGUMENT-1-Woods Was Falsely Charged Under Title 21USCS§841

Under 21 CFR §201.1 it states that,"(b) As used in this section,and for purposes of section 502(a) and(b)(1) of the act,the manufacture of a drug is the person who performs all of the following operations that are required to produce the product: (1) Mixing, (2) granulating, (3) milling,(4) molding, (5) lyophilizing, (6) tableting, (7) encapsulating, (8) coating, (9) sterili-ing, and (10) filling sterile, aerosol, or gaseous drugs into dispensing containers.

(c) If a person performs all of the applicable operations listed in paragraph (b) of this section, no person may be presented as manufacturer....

(4) If the person performs all applicable operations listed in paragraph (b) of this section except for those operations listed in paragraph (d) of this section. For purposes of this paragraph, person, when it identifies a corporation, includes a parent, subsidiary, or affilate company where the related companies are under common ownership and control.

(d) The Food and Drug Administration finds that it is the common practice in the drug industry to contract out the performance of certain manufacturing operations listed in paragraph (b) of this section. These operations include: (1) Soft-gelatin encapsulating, (2) aerosol filling, (3) sterilizing by irradiation, (4) lyophilizing, and (5) ethylene oxide sterilization.

(e) A person performs an operation listed in paragraph (b) of this section only if the operation is performed, including the performance of the appropriate in-process quality control operations, except laboratory testing of samples taken during processing, as follows:

(1) By individuals, a majority of whom are employees of the person and, throughout the performance of the operation, are subject to the person's direction and control;

(1)

(2) On premises that are continuosly owned or leased by the person and subject to the person's direction and control; and

(3) On equipment that is continuously owned or leased by the person. As used in this paragraph, person, when it identifies a corporation, includes a parent, subsidiary, or affiliate company where the related companies are under ownership and control.

(f) The name of the person represented as manufacturer under paragraph (b) or (c) of this section must be the same as either (1) the name of the establishment (as defined in Sec.207.3(b) of this chapter) under which that person is registered at the time the labeled product is produced or (2) the registered establishment name of a parent, subsidiary, or affiliate company where the related companies are under common ownership and control. In addition, the name shall meet the requirements of paragraph (g) of this section.

(h)(1) Except as provided in this section, no person other than the manufacturer, packer, or distributor may be indentified on the label of a drug or drug product.

(2) The appearance on a drug label of a person's name without qualification is a representation that the named person is the sole manufacturer of the product. That representation is false and misleading, and the drug is misbranded under section 502(a) of the act, if the person is not the manufacturer of the product in accordance with this section.

(3) If the name of two or more persons appear on the label of a drug or drug product, the label may identify which of the persons is to be contacted for information about the product.

Under Title 18 USC §921(a)(1) it states in part that, "The term "person" and the term "whoever" include any individual, corproraration, company, association, firm, partnership, society, or joint stock company.

Under Title 21 USCS § 841 it states in part that, " Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentiomally-
   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or
   (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

Under Title 21 USCS § 856 it states, "it shall be unlawful to:
   (1) knowingly open, lease, rent, use, or maintain any place, whether permanently or temporsrily, for the purpose of manufacturing, distributing, or using any controlled substance;
   (2) manage or control any place, whether permanently or temporarilty, either as an owner, lessee, agent, employee, occupant, or mortage, and knowingly and intentionally rent, lease, profit from, or make available for use, with or without compensation, the place for thepurpose of unlawfully manufacturing, storing, distributing, or using a controlled substance.

   (b) Penalties
any person who violates subsection(a) of this section shall be sentenced to a term of imprisonment of not more than 20 years or a fine of not more than $500,000, or both, or a fine of $2,000,000 for a person other than an individual.

   (2) If a civil penalty is calculated under paragraph(1)(B), andthere is more than (1) one defendant, the court may apportion the penalty between multiple violators, but each violator shall be jointly and severally liable for the civil penalty under this subsection.

(2)

21 USCS § 802(15) The term "manufacture" means the production, prepararation, propagation, compounding, or processing of a drug or other substance, either directly or indirectly or by extraction from substances of natural origin, or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of such substance or labeling or relabeling of its container ................The term "manufacturer" means a person who manufacures a drug or other substance.

§802(11) The term "distribute means to deliver(other than by administering or dispensing) a controlled substance or a listed chemical. The term"distributor" means a person who so delivers a controlled substance or a listed chemical.

§802(27) The term"dispense" means to diliver a controlled substance to ultimate user or research subject by, or pursuant to the lawful order of, a practitioner, including the prescribing and administering of a controlled substance and the packaging, labeling or compounding necessary to prepare the substance for such delivery. The term "dispenser" means a practitioner who so delivers a controlled substance to an ultimate user or research subject.

§802(27) The term " ultimate user" means a person who has lawfully obtained, and who possessess, a controlled substance for his own use or for the use of a member of his household or for an animal owned by him or by a member of his household.

Under USSG § 2D1.1 it includes additional elements not found within Title 21 USCS § 841, which are the follows: Unlawful Manufacturing, Importing, Exporting, or trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy

Subsection(b)(2) states that, " If the defendant unlawfully imported or exported a controlled substance under circumstances in which(A) an aircraft other than a regularly scheduled commercial air carrier was used to import or export the controlled substance, or (B) the defendant acted as a pilot, co-pilot, captain, nevigator, flight officer, or any other operation officer aboard any craft or vessel carrying a controlled substance...

Under Title 21 USCS §854(c) it states that,"...(c) "Enterprise" defined: As used in this section, the term "enterprise" includes any individual (as sole proprieter), partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.

Under Title 21 USCS §848(c) it states that, " a person is engaged in a continuing criminal enterprise if-
  (1) he violates any provision of this subchapter II of this chapter the punishment for which is a felony, and
  (2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter-

  (A) which are undertaken by such person in concert with <u>five</u> or <u>more</u> other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
  (B) from which such person obtains substantial income or resources.

Excerpt from USA Today, January 31,2006 edition, page 1A and 6A under Tribes' political giving targeted it states, "Tribes are "persons" under the law, a category that also includes partnerships, corporations and associations." Tribes are considered "persons" under campaign-finance law..the Oneida tribe sought to give more than the total allowed by law for"individuals".

(3)

Under a "plain meaning" approach, it is abundantly clear from the preceding established law and definitions, that Congress' intended target within the aforementioned statutes is a "Business Enterprise". The Term "Person" Unequivocally refers to a business entity that is in the **"Business of"** manufacturing, distributing and furthering its "Enterprise" by way of internationally importing and exporting its goods across international borders by way of an aircraft, marine craft and/or commercial trucking. This, therefore, does not include any other business that is not in such a business, (i.e., established partnership, corporation, LLC, trust, association, union, or other "legal entity", or group of individual[s] associated [in fact], (the Cartel), mass producing quantities of a magnitude that have the potential earning capacity for generating ten million ($10,000,000,00) dollars per year per person within the **"Enterprise"**.

It is further unquestionably clear that Title 21 USCS § 841 applies only to **"persons"** that are in the established "business of" manufacturing, importing, exporting, distributing and furthering its" Enterprise" on a very large scale. As a result of this magnitude of production, Congress, through the Commission, created a chart to be used as a guide for enhancing such persons in violation thereof. Due to the fact that "Individuals", under clearly established law, [**cannot**] be criminally charged under § 841, the statutes automatically direct you to Title 21 USCS § 844(a) as the leading statute for prosecutorial purposees.

Under § 844(a) we find that the entity **"Person"** is also listed here, however, there is a major difference between the prosecutorial elements found here as compared to § 841. The first of these is the guidelines classification of each. Under USSG § 2D1.1, the base offense level range is **32-43** for **"Enterprise"**. Also under §2D1.1's Commentary, it directs you to the appropriate statutory provisions that pertain to 2D1.1, (i.e. Title 21 USCS §§ 841, 843, and 860; and Title 49 USCS § 46317). As indicated, : 844 purposely does not fall within this statutory sequence. Congress' intent for this was to make a clear distinction between those "persons" who are in a "Business Enterprise" and those who clearly are not. Under § 2D1.1(b) it further outlines the intended targets to which this section applies.

The second point is a "Person" who is not an interprise or in the "business of" manufacturing, distributing, importing, and exporting to further such enterprise. It is this **"person" to which § 844(a)** pertains. Since § 841 and § 2D1.1 do not apply to this person, we must go § 2D2.1 to view the prosecutorial elements for this person. Here we find a base level offense range of 4-8, applicable to those persons having unlawful possession of any schedule I or II Opiate, cocaine base, cocaine, flunitrazepam, LSD, PCP or any other controlled substance or a list I chemical. Under subsection (b)(1), the architects make

the unconstitutional attempt to re-apply 2D1.1 to this person with the words "as if" even though no such violation has occurred as this person is not in the "business of" and therefore, no association can lawfully be asserted here and as such, the words "as if" must be stricken as a matter of statutory and constitutional law.

Further, we see, under the Commentary for 2D2.1, the statutory provisio[n] here is Title 21 USCS § 844(a) only. This is very interesting point as it properly shows a distinct and deliberate separating of two elements. A closer analysis of this statue shows that it does not apply to "enterprise persons" that are not in the business of manufacturing, importing, exporting, trafficking, and possession of a controlled substance. These business entities include but are not limited to: Beauty Salons, Grocery Store, Law Firms, retail Stores, ect. The separation was made clearer by the fact that the need for a chart was ruled unnecessary for measuring any amounts listed under § 2D2.1 as these "persons" are not manufacturers as defined under Title 21 USCS § 841 or USSG § 2D1.1 Even though this distinction was necessary to provide equal protection of the law to these non-manufacturing businesses, further clarification of the statutes were needed to totally remove any form of ambiquity within the text of the statute.

In 1988, Congress [enacted] 6 new statutes within the text of the statutes (Title21 USCS §§ 844a, 858, 881-1, 887, 972 and 1509) that amended 20 other statutes (Title 21 USCS §§ 802,813,830,841,842,843,844,845,845a,845b, 846, 848,857,872,876,881,886,960,961, and 963), all of which pertain directly to business entities only. Due to this fact, each of the amended statutes have been superceded and fall under the previous 6 statutes. In other words, because of the amendment, in order to properly apply any of these statutes, the court must first review the provisions under § 844a and determine whether they apply to the present cause before it can proceed to any other statute in reference to a controlled substance violation. This, therefore, reveals a perfect harmony amoung these statutes and allows the proper rendering of a lawful and proper jurisdiction of the case, thereby achieving the true intent behind Congress' enactment.

Because of this fact, the amendment completely removed any ambiguity that previously existed. This therefore, properly shows a distinct and delibrate separating of these three elements(**Enterprise Persons, Non-business persons (normal business entities), and the individual**) that clearly define Congess' true intent for these laws.

With said, we now turn to Title 21 USCS § 844a for the final clarifica-

(5)

on the classes being defined. Under § 844a you will find that the business entity "person" does not exist. What does exist is the only element left to deal with, the actual "individual". Upon reading § 844a in its entirety, you clearly see that Congress is only speaking of the individual human being. Due to this fact, the "individual" can [only] be lawfully associated with this statute when it involves any **substance found within § 841(b)(1)(A)**. Looking further, the heading of § 844a and the text of subsection (a) unequivocally show that any action taken under this statute is purely a <u>civil</u> matter, not <u>criminal</u>. Although many courts have misinterpreted and misapplied this statue, there is noprovision for criminal prosecution of any kind within its text for an "individual" here. What is found here, again, is the possibility for a**"civil"** penalty in the form of up to a ten thousand ($10,000,00) dollar fine, awarded to the government after its successful completion of the civil court procedure as outlined under 28 CFR Part 76. A similar statute is § 961 which has a civil penalty provision, but it is also clearly outlines the criminal provision as well.

    Therefore, as with § 844a, there is no ambiguity within the text or a misunderstanding of Congress ' intent for this statute. As a result of the foregoing facts, the government and the court were without jurisdiction to charge, convict or sentence Petitioner under Title 21 USCS § 841 or any other statute in reference to an alleged violation to the same. The statutes and guidelines clearly show that an individual not engaged in an "enterprise" to manufacture, distribute, import and export any substance listed under Title 21 USCS § 841 (b)(1)(A), can not be charged criminally under Title 21 USCS § 844a. Further, under Title 21 USCS § 844a it states that, "Any individual who knowingly possess a controlled substance that is [listed] in § 841(b)(1)(A) of this Title in violation of § 844 of this title in an amount that, as specified by regulation of the Attorney General...Each of the amounts [listed] in § 841(b)(1)(A) are accompanied by a minimum acceptable amount an individual may possess before it is considered as a violation under § 844. Due to this fact, any individual not in excess of these amounts is therefore not in violation of this section and therefore, should not be subject to the abuses of authority that exist today.

    Even under § 844(a), which would apply only because of the "ACCA" (the person) had there actually been a crime committed, the maximum sentence for an actual violation that could given is 1 year, not 20 years, as Petitioner had one prior state conviction of drug sell which involved less than a gram of crack cocaine. As a result, the court erred in allowing the proceeding to continue and convicting Petitioner when it had no jurisdiction to do so under § 841. Petitioner can only be associated with § 844a as an individual and therefore no criminal proceeding can be had.

(6)

Conress' intent for these series of laws were well planned and masterfully written, clearly separating each element from the other. There is no doubt that careful consideration was at the forefront of the minds of Congress as to the protection of the "natural person" or individual and the rights enumerated to all under the Constitution. It is now this court's responsibility to correct the manifest injustice being committed against Petitioner and bringing itself back into conformity with Congress; true intent for these laws.

### ARGUMENT-II   JUDICIAL FACTS UNADJUDICATED FACTS

The Petitioner states that he is "actually innocent" of the enhancements that he received by the government from the unindicted conduct that was not charge in original or superceding Indictment. Congress did not intend for the Federal Courts or the government to apply drug enhancements to a Defendant term of imprisonment when there is no factual proof that a prior state conviction would warrant an enhancement on part of the instant offense.

After a showing of diligence and due-diligence in trying to seek the proof the Movant needed to prove his "Actual Innocents" of the drugs enhancement under 21 U.S.C. § 851 of the United States............................. Sentencing Guidelines. Movant recently requested additional **FOIA/ P.A. Records from the A.T.F.E.** in order to further prove his claims and grounds in this recently filed § 2255- For actual Innocent and since the records clearly shows that the government failed to put the main element in the indictment the Supreme Court said this: (**Quoting**)

Where we to accept the Government's position, prosecutors could indict without specifying the quantity of drugs involved,obtain a guilty plea, [or not guilty plea] and then put the defendant on the stand at sentencing to fill in the drug quqntity, The result would be to inlist the defendant as an instrument in his or her own condemnation,undermining the long tradition and vital principle that criminal proceedings rely on accusations proved by the Government, not on inquisitions conducted to enhance its own prosecutorial power. Rogers v. Richmond, 365 U.S.534,541, 5 L Ed. 2d 760,81 S.Ct 735 (1961)("[O]urs is an accusatorial and not an inquisitorial system"). (quoted from) Mitchell v. United States, 143 L Ed 2d 424,526 U.S.314.

The petitioner would like to point out to the courts that this analogy could apply to this case.

The petitioner has filed a "prima facial" claims and can be proven under these same standards (quoted from the Federal habeas Corpus Pratice & Procedure);

See,e.g., In re Hearn,418 F.3d 444, 447-48 (5th Cir.2005) (granting "motion **for** permission to file a successive **petition for** writ of habeas corpus" because movant "has put forth minimally sufficient evidence to make a prima facie case" and "there is sufficient, albeit slight, merit in [Woods] Hearn's motion to warrant further exploration by the district court"); In re Lott, 366 F.#d 431, 432-33 (6th Cir.2004) ("A prima facie showing,' as Judge Posner pointed out **for** the Seventh Circuit [in Bennett v. United States, infra], is not a difficult standard to meet...'Prima facie' in this context means simply sufficient allegations of fact together with some **documentation** that would 'warrant a fuller exploration in the district court.'''").

When the government went before the federal grand jury on June 15,2001 to obtain an indictment and the grand jury minutes ended with (No response from Jurors); this case should have ended but after the facts the government knew or known that the (1) prior state case were not serious or violent, and the government knew or known that there was no-drug amounts listed in that one prior state case that would suggest that the one(1) prior was a serious or violent past drug offense. It is the movant contention that the government engaged in one or two wrongful acts;

### 1.Who is an "Officer of the Court"?

A Judge is an officer of the court,as well as are all attorneys. A state judge is a state judicial officer,paid by the State to act impartially and lawfully. A federal judge is a federal judicial officer, paid by the federal government to act impartially and lawfully. State and federal attorneys fall into the same general category and must meet the same requirements. A judge is not the court; People v.Zajic, 88 Ill.App.3d 477, 410 N.E.2d 626 (1980).

### 2.What is "fraud on the court"?

"Fraud upon the court" makes void the orders and judgments of that court. It is also clear and well-settled "State" law that any attempt commit "fraud upon the court" vitiates the entire proceeding. The people of the State of Illinois v. Fred E.Sterling, 357 Ill.354;192 N.E.229(1934) (" The maxim that fraud vitiates every transaction into which it enters applies to judgments as well as to contracts and other transactions." Allen F.Moore v.Stanley F.Sievers, 336 Ill.316; 168 N.E.259 (1929)("The maxim that fraud vitiates every transaction into which it enters...")

In re Village of Willowbrook, 37 Ill.App.2d 393(1962) ("It is axiomatic that fraud vitiates everything.") Dunham v.Dunham, 57 Ill.App.475 (1894), affirmed 162 Ill. 589 (1896); Skelly Oil Co. v.Universal Oil Products Co., 338 Ill.App. 79, 86 N.E.2d 875,Ill.350;199 N.E.798 (1935).

Under Colorado and Federal law, when any officer of the court has committed "fraud upon the court", the orders and judgment of that court are void, of no legal effect.

## ARGUMENT-III UNDER §2255

The movant final support of the merits of his claims. Under 28 USCS § 2255 a defendant may move the district court to correct a sentence that is subject to collateral attack. 28 USCS §2255(a). The fourt Circuit has held that defendants may use §2255 to collaterally attack sentences based on erroneous material data. United States v. Perchalla, 407 F.2d 821,823 (4th Cir. 1969) ("If infact the district judge sentenced on the basis of erroneous substantial data, the matter may subsequently be raised in the proceeding under 28 USCS§ 2255."). In making this attack, petitioners must meet a high, but not insurmountable, standard: "Where a § 2255 petition alleges reliance on materially false sentencing information, the sentence will be vacated on appeal omly if the challenged information is (1) false or unreliable and (2) demonstrably made the basis for the sentence. "Jones v. United States, 783 F.2d 1477, 1480 (9th Cir.1986); see also,e.g., United States v. Reme, 738 F.2d 1156,1167 (11th Cir.1984); Trujillo v. United States, 1993 U.S. Dist. LEXIS 8456, *19-*23 (S.D.N.Y.). Mr.Woods meets that standarf and is entitled to relief.

Because Woods was sentenced base on the false information presented by the government to a base offense level-32, category-IV 240-260 months, and a final sentence of 240-months category-IV, without using the court using the false information and "enhancements" Woods sentence would have been offense level-12 or 16, category-41-51 months or place in a drug rehabilation center or supervised release within the proper guidelines.Base on the length of time that Petitioner has already served his conviction and sentence should be vacated, indictment dismissed and released immediately without prejudice.

Petitioner Sammie Lee Woods is entitled to relief he seeks. In the alternative, Petitioner requests a hearing on these issues.

(9)

Respectfully requested this 22nd day of
January, 2009.

*Sammie Lee Woods*

USM#30425-013, Nunc-Pro-Tunc
Low Security Correctional Institution
P.O. Box 9000, M-A
Forrest City, Arkansas 72336-9000

## CERTIFICATE OF SERVICE

I Sammie Lee Woods, hereby certify that a true and exact copy of the foregoing motion pursuant to § 2255 Rule-7, was served on the office of the U.S. Attorney named Below;

UNITED STATES ATTORNEY OFFICE
Kathleen M. Tafoya, Esq.
c/o Guy Till   Asst. A.U.S.A.
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202

MARQUETTE UNIVERSITY LIBRARIES
LAW KF 4625 .J87
Jurisdiction over Federal areas within t
3 5039 00243865 0

MARQUETTE UNIVERSITY
LAW LIBRARY
MILWAUKEE, WIS.

JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES

REPORT OF THE
INTERDEPARTMENTAL COMMITTEE
FOR THE STUDY OF
JURISDICTION OVER FEDERAL AREAS
WITHIN THE STATES

PART I

*The Facts and Committee Recommendations*

Submitted to the Attorney General and transmitted to the President

April 1956

UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 1956

For sale by the Superintendent of Documents, U. S. Government Printing Office
Washington 25, D. C. - Price 75 cents (paper cover)

VIII

Housing and Home Finance Agency
International Boundary and Water Commission, United States and Mexico
Library of Congress
National Advisory Committee for Aeronautics
Office of Defense Mobilization
Railroad Retirement Board
Rubber Producing Facilities Disposal Commission
Saint Lawrence Seaway Development Corporation
Small Business Administration
Tennessee Valley Authority
United States Information Agency

Acknowledgment is gratefully made by the Interdepartmental Committee of the cooperation and assistance rendered in this study by the National Association of Attorneys General and its presidents during the period of the study, C. William O'Neill of Ohio (1954-55), and John Ben Sheppard of Texas (1955-56), by Herbert L. Wiltsee of the association's secretariat, and by the association's members, the attorneys general of the several States, who have very generously contributed information and advice in connection with the study in accordance with the following resolution of the association:

Whereas the matter of legislative jurisdiction over Federal areas within the States has become the subject of extensive examination by an interdepartmental committee within the executive branch of the Federal establishment, by order of the President of the United States; and

Whereas this matter is of interest to the several States, within whose borders an aggregate of more than 20 percent of the total land area is now owned by the Federal Government, and the effects of this ownership have resulted in an extremely diverse pattern of jurisdictional status and attendant questions as to the respective Federal and State governmental responsibilities; and

Whereas this interdepartmental committee, under the chairmanship of United States Assistant Attorney General Perry W. Morton, and with the approval of the executive committee of this association, has requested the attorneys general of the several States to cooperate in the assembling of pertinent information and legal research; now therefore be it

*Resolved by the 49th annual* meeting of the National Association of Attorneys General that this association expresses its interest in the survey thus being undertaken, and the association urges all of its members to cooperate as completely and expeditiously as possible in providing the interdepartmental committee with needed information; and be it further

*Resolved,* That the interdepartmental committee is requested to discuss its findings with the several attorneys general with the view to obtaining as wide concurrence as possible in the preliminary and final conclusions which may be reported by the committee.

September 1955

IX

STATE ATTORNEYS GENERAL

John M. Patterson, Alabama
Robert Morrison, Arizona
T. J. Gentry, Arkansas
Edmund G. Brown, California
Duke W. Dunbar, Colorado
John J. Bracken, Connecticut
Joseph Donald Craven, Delaware
Richard W. Ervin, Florida
Eugene Cook, Georgia
Graydon W. Smith, Idaho
Latham Castle, Illinois
Edwin K. Steers, Indiana
Dayton Countryman, Iowa
Harold R. Fatzer, Kansas
J. D. Buckman, Jr., Kentucky
Fred S. LeBlanc, Louisiana
Frank F. Harding, Maine
C. Ferdinand Sybert, Maryland
George Fingold, Massachusetts
Thomas M. Kavanagh, Michigan
Miles Lord, Minnesota
J. P. Coleman, Mississippi
John M. Dalton, Missouri
Arnold Olsen, Montana
Clarence S. Beck, Nebraska
Harvey Dickerson, Nevada
Louis C. Wyman, New Hampshire
Grover C. Richman, New Jersey
Richard H. Robinson, New Mexico
Jacob K. Javits, New York
Wm. B. Rodman, North Carolina
Leslie R. Burgum, North Dakota
C. William O'Neill, Ohio
Mac Q. Williamson, Oklahoma
Robert Y. Thornton, Oregon
Herbert B. Cohen, Pennsylvania
William E. Powers, Rhode Island
T. C. Callison, South Carolina
Phil Saunders, South Dakota
George F. McCanless, Tennessee
Allison B. Humphreys (Solicitor General, Tennessee)
John Ben Sheppard, Texas
Richard Callister, Utah
Robert T. Stafford, Vermont
J. Lindsay Almond, Jr., Virginia
Don Eastvold, Washington
John G. Fox, West Virginia
Vernon W. Thomson, Wisconsin
George F. Guy, Wyoming

The Interdepartmental Committee also wishes to acknowledge assistance contributed by the Council of State Governments, and by Charles F. Conlon, Executive Secretary of the National Association of Tax Administrators.

From: Sammie Lee Woods
      USM# 30425-013
      P.O.Box 9000
      Forrest City,Ar.[72336]
      without recourse

To: Clerk Of The Court
    901-19th Street
    Denver,Colorado [80294]
    without recourse

Dear Clerk of the Court,
   I am trusting that all is favorable, and in your behalf. I am very grateful for your assistance in my legal altercations, and I pray that you will be blessed in some form. I typed the court in the early part of 2008 requesting several particular items that I needed in my behalf. And those materials that I was seeking I am still seeking.
   And they are as follows:
(1) Grand Jury transcripts from the first Indictment
(2) Grand Jury transcripts from the second superceding Indictment
(3) A copy of the True Bill alone with the tally form
(4) A copy of my first bond hearing
(5) A copy of my setencing hearing

I am seeking these materials as time may premit you to do so. And if there is a cost for these materials, please may you advise me of cost that I may immediately send it to your agency. And thank you for your right hand in this matter.

                                          Respectfully Submitted,

                                          /s/ Sammie Lee Woods
                                          Sammie Lee Woods
                                          USM#30425-013
                                          P.O.Box 9000
                                          Forrest City,Ar.
                                                72336
                                                u.S.A.

From: Sammie Lee Woods
     USM#30425-013
     P.O.Box 9000
     Forrest City,AR.72336-9000

Re: Concerning expanding the Record

To: Clerk of the Court
    901-19th Street
    Denver,Colorado 80294

Dear Clerk of the Court,
  I would like to have you file this in behalf of the 2255 Motion that is currently pending before the Court. This I have enclosed with a self address stamped envelope for return of a Stamped file copy of the Motion requesting the Court to expand the Record § 2255 Rule-7, To submit argument.
  And thank you very much for your right hand in this matter. **Please when corresponding with me in regard to any legal Material, I am asking the Court to please put on the outside of the envelope (OPEN ONLY IN THE PRESENCE OF INMATE)** and thank you.

                                       Respectfully,
                             /s/ Sammie Lee Woods
                                Sammie Lee Woods

Sammie Lee Woods
30425-013
P.O. Box 9000
Forrest City, Arkansas 72336

"LEGAL MAIL"

**RECEIVED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 26 2009

GREGORY C. LANGHAM
CLERK

7007 2560 0002 7968 2122

Office of the Clerk
United States District Court
901-19th St.
Room A105
Denver, Colorado 80294

