PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. Brian Harris                               Docket Number: 01-cr-00214-WYD-27

**Petition for Issuance of Arrest Warrant Due to Violations of Supervised Release**

      COMES NOW, Kurt Pierpont, probation officer of the court, presenting an official report upon the conduct and attitude of Brian Harris who was placed on supervision by the Honorable Daniel B. Sparr sitting in the court at Denver, Colorado, on the 13th day of November, 2003, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a program of testing and/or treatment for drug abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment. The defendant will be required to pay the cost of treatment as directed by the probation officer.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a warrant for violations of supervised release and that the petition and warrant be sealed until the arrest of the defendant. Subsequent to the arrest of the defendant, that the court consider revocation of supervised release.

                ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 18th day of February, 2009, and ordered filed under seal and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/Kurt Pierpont |
| | Kurt Pierpont<br>Senior Probation Officer |
| s/ Wiley Y. Daniel | |
| Wiley Y. Daniel<br>Chief U.S. District Judge | Place: Denver, Colorado |
| | Date: February 10, 2009 |

ATTACHMENT

On January 24, 2006, the conditions of supervised release were read and explained to the defendant.  On that date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them.  The term of supervised release commenced on January 24, 2006.

1.      **VIOLATION OF THE LAW: ASSAULT**

On or about July 1, 2007, the defendant committed Assault, in violation of Denver Municipal Ordinance 38-93, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On or about July 1, 2007, the defendant was issued summons number 2007GD974605 by Denver Police alleging Disturbing the Peace and Assault.  On December 13, 2007, the defendant entered a plea of guilty to the Assault charge, and the Disturbing the Peace charge was dismissed.  The defendant was sentenced to the Denver County Jail for a term of 90 days, credit for time served.

2.      **FAILURE TO REPORT TO THE PROBATION OFFICER AS DIRECTED**

On or about December 19, 2008, the defendant was directed to report to the probation officer at 9:00 a.m. on January 5, 2009, and he failed to so report, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On or about December 19, 2008, I mailed correspondence to the defendant's residence of record at 1435 Jasmine Street, Denver, Colorado, directing the defendant to report in person to my office on January 5, 2009, at 9:00 a.m.  The defendant failed to report as directed for this office appointment.

3.      **FAILURE TO WORK REGULARLY**

The defendant has failed to work regularly at a lawful occupation since September 2007, without having been excused from work by the probation officer, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On September 6, 2007, the defendant reported employment with Common Area Maintenance (CAM), 601 E. 45th Avenue, Denver, Colorado.  This employment terminated in approximately October 2007.  The defendant has reported only brief terms of employment since that time with Traffic Control Staffing and Interstaff Staffing temporary agency; however, the defendant has provided the probation office with virtually no income documentation/verification for work performed since April 2007.

**4.      POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about May 18, 2006, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On or about May 18, 2006, the defendant submitted a random urine specimen at Addiction Research Treatment Services (ARTS), the testing and treatment program to which the probation officer had directed him to participate.  This specimen was subsequently analyzed at the U.S. Probation and Pretrial Services Office in Albuquerque, New Mexico, and confirmed positive for cocaine at Kroll Laboratory in Gretna, Louisiana.  When confronted with this positive test result, the defendant told me that he had not used cocaine.

**5.      POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about June 18, 2007, the defendant used or administered a controlled substance, amphetamine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On or about June 18, 2007, the defendant submitted a random urine specimen at Correctional Management, Inc. (CMI), the testing and treatment program to which the probation officer had directed him to participate.  This specimen was subsequently analyzed at the U.S. Probation and Pretrial Services Office in Albuquerque, New Mexico, and confirmed positive for amphetamine at Kroll Laboratory in Gretna, Louisiana.

**6.      POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about August 17, 2007, the defendant used or administered a controlled substance, cocaine and amphetamine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On or about August 17, 2007, the defendant submitted a random urine specimen at CMI, the testing and treatment program to which the probation officer had directed him to participate.  This specimen was subsequently analyzed at the U.S. Probation and Pretrial Services Office in Albuquerque, New Mexico, and confirmed positive for both cocaine and amphetamine at Kroll Laboratory in Gretna, Louisiana.  When confronted with this positive test result on September 6, 2007, the defendant vehemently denied using or ingesting any controlled substances.

7.     **ASSOCIATION WITH A PERSON CONVICTED OF A FELONY**

On or about December 15, 2008, the defendant associated with Dachaun Paul Davis, a person who had been convicted of a felony, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On or about December 15, 2008, the defendant was stopped by Denver police officers driving a vehicle occupied by Dachaun Paul Davis.  Mr. Davis is a co-conspirator named in the defendant's indictment in the underlying case.  Mr. Davis was convicted of Distribution and Possession with Intent to Distribute More Than 50 Grams of Crack Cocaine, a Class A Felony.  On February 5, 2009, I confronted the defendant with this association and the defendant acknowledged that he was aware Mr. Davis was a convicted felon and the fact that he did not have my permission to associate with him.  The defendant said that Mr. Davis was his barber and he was giving Mr. Davis a ride home.

8.     **FAILURE TO REPORT QUESTIONING BY A LAW ENFORCEMENT OFFICER**

On or about December 15, 2008, the defendant was contacted by Denver Police Officer Daniel Andrews, and failed to report the contact to the probation officer within 72 hours, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On or about December 15, 2008, at approximately 12:07 a.m., the defendant was stopped by Denver police officers for a traffic check at 3177 E. Colfax Avenue, Denver, Colorado.  The defendant was questioned by Denver Police Officer Daniel Andrews, and failed to report this police contact until I confronted him on February 5, 2009.  He was issued a warning for license plate violation.

9.     **FAILURE TO PARTICIPATE IN DRUG TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide urine samples at CMI, the testing and treatment program in which the probation officer had directed him to participate, on May 13, 2007; July 8, 2007; September 15, 2007; November 29, 2007; December 21, 2007; January 29, 2008; April 9, 2008; April 24, 2008; May 10, 2008; May 17, 2008; June 2, 2008; June 24, 2008; July 11, 2008; July 13, 2008; August 15, 2008; August 19, 2008; August 25, 2008; September 3, 2008; September 8, 2008; September 23, 2008; October 13, 2008; October 19, 2008; October 23, 2008; November 1, 2008; November 6, 2008; November 26, 2008; December 3, 2008; December 16, 2008; December 27, 2008; January 2, 2009; January 10, 2009; January 20, 2009; February 5, 2009; and February 8, 2009, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

The defendant was referred to CMI for drug treatment/testing on March 23, 2007. Correspondence received from CMI reflects that the defendant failed to provide urine samples at CMI on May 13, 2007; July 8, 2007; September 15, 2007; November 29, 2007; December 21, 2007; January 29, 2008; April 9, 2008; April 24, 2008; May 10, 2008; May 17, 2008; June 2, 2008; June 24, 2008; July 11, 2008; July 13, 2008; August 15, 2008; August 19, 2008; August 25, 2008; September 3, 2008; September 8, 2008; September 23, 2008; October 13, 2008; October 19, 2008; October 23, 2008; November 1, 2008; November 6, 2008; November 26, 2008; December 3, 2008; December 16, 2008; December 27, 2008; January 2, 2009; January 10, 2009; January 20, 2009; February 5, 2009; and February 8, 2009.

**Note:** I have had several conversations with the defendant about reducing the frequency with which the defendant would be required to provide random urine specimens.  On each occasion, the defendant was advised that the frequency he would be required to submit would only be reduced if the defendant did not miss any urine sample dates, or if the defendant did not provide urine specimens testing positive for illicit substances.  When we again, discussed this issue on February 5, 2009, I reiterated to the defendant his urine testing requirements would be reduced only if he didn't fail to provide a urine specimen *and* if the defendant didn't provide any positive urine specimens.  Due to the numerous missed urine sample dates, I provided the defendant with his code group again, and the telephone number to CMI.  In spite of these efforts, the defendant failed to provide urine samples at CMI as directed on February 5, 2009, and February 8, 2009.