**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

THEOLIAN LLOYD,

    Defendant - Appellant.

No. 08-1234
(D.C. No. 01-CR-00214-WYD-5)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.[**]

---

Defendant-Appellant Theolian Lloyd appeals from the district court's denial of his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. See R. Doc. 3595. In April 2004, Mr. Lloyd was convicted of one count of conspiracy to distribute fifty grams or more of crack cocaine, and two counts of distributing crack cocaine. R.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Doc. 3422, attachment 1 (judgment); see also 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), (b)(1)(B)(iii), 846.  Because of Mr. Lloyd's previous felony drug conviction, he was sentenced to the statutory minimum term of 240 months' imprisonment and ten years' supervised release under 21 U.S.C. § 841(b)(1)(A)(iii).  R. Doc. 3422, attachment 1 (judgment).  This court affirmed the conviction and sentence.  United States v. Small, 423 F.3d 1164 (10th Cir. 2005).

In March 2008, Mr. Lloyd filed a motion for appointment of counsel and modification of sentence pursuant to 18 U.S.C. § 3582(c)(2).  R. Doc. 3568.  The district court appointed Mr. John H. Schlie as Mr. Lloyd's representative.  R. Doc. 3570.  Subsequently, Mr. Schlie and the government notified the court that Mr. Lloyd was ineligible for a sentence reduction because he had received the mandatory minimum sentence required by statute.  R. Doc. 3587; R. Doc. 3592.  Citing a pending ineffective assistance of counsel claim filed by Mr. Lloyd regarding Mr. Schlie, Mr. Lloyd wrote to the district court on May 6, 2008, requesting appointment of substitute counsel.  On May 14, 2008, the district court struck Mr. Lloyd's subsequent motion to appoint counsel.  On May 20, 2008, the district court denied Mr. Lloyd's § 3582(c)(2) motion.  R. Doc. 3595.

After again moving the court for appointment of counsel on June 17, 2008, Mr. Lloyd filed an undated pro se notice of appeal on June 27, 2008.  R. Doc. 3609.  Attached was a certificate of service that indicated the appeal was served

on "this ___ day of June, 2008." Id. After Mr. Schlie's motion for leave to withdraw was granted, Mr. Robert T. Fishman was appointed as counsel on July 8, 2008. R. Doc. 3616. Mr. Fishman has filed a brief (and served it on Mr. Lloyd) where he seeks to withdraw pursuant to Anders v. California, 386 U.S. 738, 744 (1967). Mr. Lloyd has filed a brief in opposition. We agree that there are no potentially meritorious issues on appeal because (1) the appeal was untimely and (2) the sentence in this case was not eligible for sentence reduction.

Under Federal Rule of Appellate Procedure 4(b)(1)(A), a defendant's notice of appeal must be filed within ten days of entry of the order being appealed. Fed. R. App. P. 4(b)(1)(A); see also United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003) (holding that ten-day rule applies to motion to modify sentence pursuant to § 3582(c)(2)). Final order and judgment in this case was entered on May 20, 2008. R. Doc. 3595. Therefore, because Mr. Lloyd did not mail his notice of appeal until sometime in June 2008, the appeal is untimely. See also United States v. Ceballos-Martinez, 371 F.3d 713, 715-18 (10th Cir. 2004) (declining to apply the "prisoner mailbox rule" under Fed. R. App. P. 4(c)(1) where appellant failed to include a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement indicating the date of deposit with federal prison officials). We note that, under Federal Rule of Appellate Procedure 4(b)(4), a district court may, before or after the expiration of the ten-day period, extend the time to file a notice of appeal by up to thirty days upon a finding of

"excusable neglect or good cause."

Although non-compliance with the time limit in Rule 4(b)(1)(A) is not jurisdictional, see United States v. Garduno, 506 F.3d 1287, 1290-91, 1292 n.5 (10th Cir. 2007), the government has objected on this basis. The government also argues that no purpose would be served by remanding this appeal for a determination on "excusable neglect or good cause" because the district court lacked jurisdiction to modify Mr. Lloyd's sentence. A district court has limited authority to modify a previously imposed sentence and must do so pursuant to statutory authority. United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997); see also United States v. Blackwell, 81 F.3d 945, 947-49 (10th Cir. 1996). Here, the sentence was not "based on a sentencing range that has subsequently been lowered" as required by § 3582(c)(2). Although Amendment 706 may appear to apply because the offense involved crack cocaine, Mr. Lloyd was sentenced to 240 months' imprisonment based on a statutory minimum required under 21 U.S.C. § 841(b)(1)(A)(iii). Such a sentence rendered the district court without jurisdiction to consider Mr. Lloyd's § 3582(c)(2) motion. See U.S.S.G. § 1B1.10, cmt.1(A); United States v. Lagunas, No. 08-1228, 2009 WL 213159, at *2 (10th Cir. Jan. 30, 2009); United States v. Smartt, 129 F.3d 539, 542-43 (10th Cir. 1997).

We GRANT counsel's motion to withdraw and DISMISS Mr. Lloyd's appeal. We construe Mr. Lloyd's "Rebuttal" brief as an untimely reply brief and

GRANT him leave to file it.

                                             Entered for the Court


                                             Paul J. Kelly, Jr.
                                             Circuit Judge