IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Wiley Y. Daniel

Civil Action No. 06-cv-02557-WYD
Criminal Action No. 01-cr-00214-WYD

UNITED STATES OF AMERICA,

v.

5.    THEOLIAN LLOYD, also known as "BIG FOOT,"

   Movant.

---

ORDER DENYING 28 U.S.C. § 2255 MOTION

---

   Movant, Theolian Lloyd, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina.  On December 22, 2006, he filed *pro se* a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his conviction and sentence and a supporting brief.  On January 25, 2007, I directed the government to file an answer to the § 2255 motion.  On February 16, 2007, the government filed its answer.  On June 1, 2007, after being granted several extensions of time, Mr. Lloyd filed a reply.

   On August 27, 2008, Mr. Lloyd submitted a combination motion to supplement the § 2255 motion and a supplement to the § 2255 motion.  On September 29, 2008, the government submitted its response to the motion to supplement.  On November 17, 2008, Mr. Lloyd opposed the government's response.

   I must construe liberally the § 2255 motion and the supplement to the motion because Mr. Lloyd is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. After reviewing the entire file, I find that an evidentiary hearing is not necessary. For the reasons stated below, the § 2255 motion will be denied.

### I. Factual and Procedural Background

Mr. Lloyd was convicted by a jury of conspiracy to distribute fifty grams or more of crack cocaine, as well as other offenses charging distribution and possession with intent to distribute crack cocaine. I sentenced Mr. Lloyd to the statutory minimum term of 240 months of imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). The sentence was driven by the quantity of crack cocaine charged in count one (fifty grams or more) and the fact that Mr. Lloyd had a prior felony conviction.

On September 15, 2005, the judgment of conviction was affirmed on direct appeal. *See United States v. Small*, 423 F.3d 1164 (10th Cir. 2005). Mr. Lloyd did not petition for certiorari review, and, therefore, his conviction became final on December 14, 2005. *See United States v. Burch*, 202 F.3d 1274, 1276 (10th Cir. 2000); *see also* Sup. Ct. R. 13.1. The government concedes that the § 2255 motion was filed in a timely manner on December 14, 2006, pursuant to the prisoner mailbox rule, *Houston v. Lack*, 487 U.S. 266, 270 (1988). This is Mr. Lloyd's first § 2255 motion. Mr. Lloyd asserts nine claims for relief in the § 2255 motion, five claims of ineffective assistance of counsel and four claims of abuse of discretion.

### II. Motion to Supplement

On August 27, 2008, Mr. Lloyd asked to supplement the § 2255 motion to include a tenth claim, i.e., an argument of disparity in sentencing arising from a legal ruling

made by the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) in the case of a codefendant, Zebedee Hall. The ruling in question was made in *United States v. Hall*, 473 F.3d 1295 (10th Cir. 2007), in which the Tenth Circuit affirmed Mr. Hall's conviction for conspiracy to distribute crack cocaine, alleged at count one of the indictment, but reversed his conviction for a specific distribution named in court forty-nine, finding the evidence in count forty-nine to be insufficient. *See id.* at 1306-09. Based upon this ruling, Mr. Lloyd maintains that his convictions for distributing crack cocaine should be vacated.

Mr. Lloyd's one-year deadline for filing a § 2255 motion expired on December 14, 2006, the day he filed his § 2255 motion under the *Houston* mailbox rule. Subject to certain restrictions, Rule 15 of the Federal Rules of Civil Procedure allows a party to amend or supplement a pleading. Fed. R. Civ. P. 15(c) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." In considering Mr. Lloyd's motion to amend, I will address whether Fed. R. Civ. P. 15(c) allows the motion to relate back to the date of his original § 2255 motion.

Mr. Lloyd timely filed his original § 2255 motion. However, he did not file his supplemental motion until August 27, 2008, over twenty months later, after expiration of the one-year limitation period. Because the motion to amend was filed outside the one-year statute of limitations, *see* § 2255(f)(1), the amendment is untimely.

Pursuant to Fed. R. Civ. P. 15(c), an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original

3

motion may, in a district court's discretion, relate back to the date of the original motion if an only if the original motion was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case. *United States v. Espinoza-Saenz*, 235 F.3d 501, 504-05 (10th Cir. 2000). Here, the proposed amendment seeks to add a new claim into the case. The fact that Mr. Lloyd's motion alleges facts new to him following a legal ruling in a codefendant's case does not satisfy the requirement of § 2255(f)(4) that the facts "could have been discovered through the exercise of due diligence" and extend the one-year limitation period. The § 2255(f)(4) limitation period is only available where facts, not law, are newly discovered. Therefore, the motion to amend will be denied.

In any event, Mr. Lloyd's argument, that based upon the Tenth Circuit's decision in Mr. Hall's case his conviction for distribution should be overturned, is misplaced. The Tenth Circuit reversed a conviction for a specific distribution named in count forty-nine of the indictment, finding insufficient evidence that Mr. Hall actually possessed the drugs in question. *See Hall*, 473 F.3d at 1306-09. Mr. Lloyd was not charged in or convicted of count forty-nine. Mr. Lloyd was found guilty of count one, the conspiracy count, and counts fourteen and seventeen, charging distribution and possession with intent to distribute crack cocaine. Therefore, the Tenth Circuit's evidentiary-based ruling overturning Mr. Hall's distribution conviction does not support the conclusion that Mr. Lloyd was innocent of the distribution counts upon which he was convicted.

### III.  Claims

### Ineffective Assistance of Counsel

I next will address the five claims of ineffective assistance of counsel.  The Supreme Court has established a two-prong test to review ineffective-assistance-of-counsel claims.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  Mr. Lloyd must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance was prejudicial.  *See id.* at 687.  "Judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689.  There is a "strong presumption" that counsel's performance falls within the range of "reasonable professional assistance."  *Id.*  It is the defendant's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances.  *See id.*

In order to demonstrate prejudice, Mr. Lloyd must establish that counsel's performance rendered the proceedings "fundamentally unfair or unreliable."  *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).  If Mr. Lloyd fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claims must fail.  *See Strickland*, 466 U.S. at 697.

### Claim One

As his first claim, Mr. Lloyd argues that his "[c]ounsel should have argued for plea agreement conceding to 28 grams, especially in light of counsel admitting to such in open court."  Section 2255 motion at 4.  In his supporting brief, he elaborates upon this argument by asserting that his counsel at sentencing admitted to "'28 grams'" in open court without consulting with him.  Supporting brief at 2.  Mr. Lloyd apparently

implies that his counsel should not have made this concession, but having made it, should have argued for a plea agreement limited to this amount. Mr. Lloyd's argument is meritless.

The jury returned special verdicts finding Mr. Lloyd guilty of distributing a total of 28 grams of cocaine for counts fourteen and seventeen. The transcript shows that at sentencing, the government's position was that 84 grams of crack cocaine were relevant to sentencing. *See* answer, ex. 3, trial tr., at 14, Apr. 7, 2004. Mr. Lloyd's counsel argued against the government's position. Acknowledging that his client was convicted of distributing crack cocaine in counts fourteen and seventeen, defense counsel said, "I concede that there is evidence in the record to support 14 grams on each occasion. So there is, admittedly, evidentiary support for 28 grams." *Id.* at 17.

In any case, this dispute is immaterial to Mr. Lloyd's sentence because I imposed the statutory minimum sentence mandated by his conviction for conspiring to distribute 50 grams or more of crack cocaine. In affirming Mr. Lloyd's conviction on direct appeal, the Tenth Circuit held that:

> Lloyd's argument that the district court erred in finding eighty-four grams of crack cocaine attributable to him is irrelevant. Because the fifty grams required for imposition of the statutory minimum sentence was found by the jury, Lloyd would have been subject to the same sentence even if the district court had not made this finding.

*Small*, 423 F.3d at 1187 n.11.

The arguments made by Mr. Lloyd's counsel at sentencing did not affect Mr. Lloyd's sentence. Therefore, Mr. Lloyd cannot show prejudice from his counsel's concession that he distributed 28 grams of crack cocaine.

Although Mr. Lloyd went to trial, he maintains, as previously stated, that his counsel "should have argued for plea agreement conceding to 28 grams." Section § 2255 motion at 4. Mr. Lloyd fails to provide any evidence that the government offered such a plea bargain, or that his counsel was ineffective in handling pretrial plea negotiations. Because Mr. Lloyd cannot show that the government ever offered or agreed that he could plead guilty to distributing only 28 grams of crack cocaine, he cannot show prejudice.

In addition, Mr. Lloyd's counsel admitted to the quantity of 28 grams of cocaine at sentencing, a concession based upon the jury's verdicts finding Mr. Lloyd guilty of distributing this quantity of drugs. Because the concession occurred after trial, Mr. Lloyd's argument that his counsel should have argued for a plea bargain in this amount is meritless. After-the-fact or self-serving statements that a defendant wanted to plead guilty are insufficient to establish that counsel was ineffective. *See Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991) (citing *Strickland*, 466 U.S. at 694)*; see also Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991); *Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir. 2002).

### Claims Two and Three

As his second and third claims, Mr. Lloyd alleges that his counsel was ineffective at sentencing for failing to argue for a downward departure based upon mitigating factors such as his "'Gambling Disease' or possible 'Drug Addiction'"or his "mental capacity or history." Supporting brief at 2-4.

Mr. Lloyd's arguments are immaterial because he received the statutory minimum sentence, and he fails to argue that the limited exceptions authorizing a

7

sentencing court to depart downward from the minimum sentence established by statute are applicable.  *See, e.g.*, 18 U.S.C. § 3553(e) (authorizing departure below the statutory minimum upon the government's motion that the defendant provided substantial assistance in the investigation or prosecution of another), and United States Sentencing Guideline (USSG) § 5K1.1 (motion by the government based upon a defendant's substantial assistance); *see also* 18 U.S.C. § 3553(f)(1)-(5) and USSG § 5C1.2 (the sentencing guidelines' "safety valve" provisions, discussed in *United States v. Altamirano-Quintero*, 511 F.3d 1087, 1090 & nn. 5-6 (10th Cir. 2007), which instruct that, if after affording the government the opportunity to make a recommendation, the court finds that the five criteria in § 3553(f)(1)-(5) have been met, it must impose punishment pursuant to the sentencing guidelines and without regard to any statutory minimum sentence).  Moreover, Respondents argue that neither exception would have benefitted Mr. Lloyd, and Applicant does not disagree.

Mr. Lloyd also would not have benefitted from an argument post-*United States v. Booker*, 543 U.S. 220 (2005), that a lower sentence would have been reasonable.  *See United States v. Payton*, 405 F.3d 1168, 1173 (10th Cir. 2005) (finding no error, constitutional or otherwise, in sentencing defendant to mandatory minimum sentence); *United States v. Williams*, 403 F.3d 1188, 1202 (10th Cir. 2005) (noting that mandatory minimums are unaffected by *Booker*) (Murphy, J., concurring and dissenting); *United States v. Childs*, 403 F.3d 970, 972 (8th Cir.), *cert. denied*, 546 U.S. 954 (2005) (*Booker* "wholly inapposite" when reviewing mandatory minimum sentences).

Therefore, Mr. Lloyd could not have been prejudiced by the failure of his counsel to make a fruitless request for a downward departure based upon his alleged gambling disease, drug addiction, mental capacity, or history.

## Claim Four

Mr. Lloyd argues that his counsel was ineffective for failing to petition the United States Supreme Court for certiorari review. However, review by the Supreme Court is discretionary, *see Ross v. Moffitt*, 417 U.S. 600, 616-17 (1974), and the Supreme Court has held that defendants have no right to counsel to pursue discretionary review. See *Wainwright v. Torna*, 455 U.S. 586, 587 (1982). Because Mr. Lloyd has no right to counsel to pursue discretionary review in the Supreme Court, he was not deprived of effective assistance of counsel because his attorney did not file a petition for a writ of certiorari. *Id.* at 587-88.

Mr. Lloyd's claim also lacks merit. In setting forth the issue he apparently wanted counsel to pursue in the Supreme Court, Mr. Lloyd discusses what constitutes the "statutory maximum" and whether facts supporting his sentence must be proved by a preponderance of the evidence or beyond a reasonable doubt. Supporting brief at 4. He argues that his sentence was imposed in violation of the Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Booker*, and that his counsel, therefore, should have sought Supreme Court review of the Tenth Circuit's affirmance of his conviction.

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable

doubt." *Apprendi*, 530 U.S. at 490. The Supreme Court held in *Blakely* "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at 303 (citation omitted). More specifically, the Supreme Court in *Blakely* invalidated a sentence imposed pursuant to the State of Washington's determinate sentencing scheme, which is similar to the Federal Sentencing Guidelines, because a judge increased the sentence based on factual findings made by the judge rather than a jury. *See id.* In *Booker*, the Supreme Court reaffirmed its holding in *Apprendi* and held that the rule in *Blakely* applies to the Federal Sentencing Guidelines. *Booker*, 543 U.S. at 755-56.

Mr. Lloyd's argument is misguided. His 240-month sentence was not the result of impermissible, judicial fact-finding. The sentence imposed followed directly from his conviction for conspiracy to distribute fifty grams or more of crack cocaine and his prior drug felony conviction. The evidence of the conspiracy was found by the jury under a reasonable doubt standard. I found Mr. Lloyd's prior conviction under a preponderance-of-the-evidence standard. The existence of Mr. Lloyd's prior conviction is not a fact that is required to be pleaded in an indictment, submitted to a jury, and proved beyond a reasonable doubt, even after the Supreme Court decision in *Booker* and, therefore, the fact that I found him to have a prior conviction under the preponderance-of-the-evidence standard does not violate the Constitution. *See Almendarez-Torrez v. United States*, 523 U.S. 224, 226-27 (1998); *United States v. Moore*, 401 F.3d 1220, 1223 (10th Cir. 2003).

Mr. Lloyd's sentence was imposed in accordance with Supreme Court precedent. His counsel was not ineffective by reasonably declining to seek further review.

### Claim Five

As his final ineffective-assistance-of-counsel claim, Mr. Lloyd argues that his counsel was ineffective for not investigating his "prior conviction for constitutionality, illegality, or otherwise." Supporting brief at 7. According to his presentence investigation report, Mr. Lloyd was convicted in state court of the felony offense of attempted unlawful possession of cocaine. The offense was committed in 1993, and the sentence imposed in 1996. Mr. Lloyd is correct that, at sentencing, his counsel did not challenge the conviction. *See* answer, ex. 3, trial tr., at 4, Apr. 7, 2004. Mr. Lloyd's current sentence was enhanced under 21 U.S.C. § 851 based upon an information filed by the government which set forth this prior conviction. Section 851(e) provides that no person "may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." Therefore, the age of Mr. Lloyd's prior conviction precluded his counsel from challenging its validity.

Despite this statutory bar, Mr. Lloyd fails to provide any reason for me to conclude that his prior conviction was invalid. The Supreme Court has held that the only basis for attacking a prior conviction during sentencing is the lack of appointed counsel in the prior case. *See Custis v. United States*, 511 U.S. 485, 495 (1994). The presentence investigation report shows that Mr. Lloyd was represented by counsel. Mr. Lloyd cannot show prejudice resulting from his counsel's failure to investigate the validity of his prior conviction.

11

### Abuse of Discretion

Mr. Lloyd argues that I abused my discretion in accepting evidence at trial that was not proven beyond a reasonable doubt (claim six) and in sentencing him based upon facts not proven beyond a reasonable doubt (claim seven). He further argues that the prosecution withheld material exculpatory evidence (claim eight). He also argues that his sentence was unreasonable (claim nine). Claims six, seven, and nine were raised and rejected on direct appeal. Claim eight was not raised on direct appeal.

### Claims Six and Seven

I first will address claims six and seven. Mr. Lloyd argued during his direct appeal that the evidence was insufficient to support his conspiracy conviction. The Tenth Circuit rejected this argument, finding that:

> The jury in this case could reasonably have concluded from the intercepted telephone conversations that Lloyd was at least aware of the essential objective of Small's drug network. The jury could further have concluded that he knowingly and voluntarily advanced that objective by receiving and selling fronted drugs on behalf of Small.

*Small*, 423 F.3d at 1185.

Mr. Lloyd also argued on appeal that his sentence was improper "because the district court found facts by a preponderance of the evidence during sentencing." *Id.* at 1186. The Tenth Circuit found no error because "the only facts necessary for appellants' sentences were either submitted to the jury or involved the fact of a prior conviction." *Id.* at 1187.

Claims previously considered and disposed of on direct appeal may not be reasserted in a § 2255 action. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir.

1994); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989).  Therefore, I will not consider claims six or seven in this § 2255 collateral attack.

### Claim Eight

As his eighth claim, Mr. Lloyd alleges that the prosecution withheld material exculpatory evidence.  As the primary support for this claim, Mr. Lloyd asserts that cooperating witness Dechaun Davis "denied certain transactions in his plea agreement that was [sic] used as substantial evidence for prosecution that is material to petitioner's defense."  Supporting brief at 10.  Mr. Lloyd does not identify the transactions to which he refers and does not suggest how the transactions are material to his defense.

As previously stated, claim eight was not raised on appeal.  A motion to vacate pursuant to § 2255 is not available to test the legality of a matter that should have been raised on direct appeal.  *See United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994).  As a result, claim eight is procedurally defaulted.  Mr. Lloyd is barred from raising in a § 2255 motion a procedurally defaulted claim "unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."  *Id.*

To demonstrate cause for his procedural default, Mr. Lloyd must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003).  A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004).  A "substantial claim that constitutional error has

caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  To demonstrate a fundamental miscarriage of justice, Mr. Lloyd first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.*  Mr. Lloyd then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Lloyd does not dispute the fact that his eighth claim is procedurally defaulted and, other than to suggest that he failed to raise the issue on appeal because of "ineffective assistance of counsel," *see* § 2255 motion at 9, he fails to provide any supporting argument or authority.  Conclusory allegations of ineffective assistance of counsel, without supporting facts, are insufficient.  *See Hall*, 935 F.2d 1110; *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).  The government raised the procedural default argument in its response as to claim eight.  Because Mr. Lloyd makes no fact-based attempt to demonstrate cause and prejudice or a fundamental miscarriage of justice, I find that Mr. Lloyd's eighth claim may be dismissed as procedurally barred.  For the reasons stated below, I also find that claim eight lacks substantive merit.

On their face, Mr. Lloyd's allegations, i.e. that Mr. Davis denied engaging in certain transactions with him, do not suggest impropriety.  The relevance of these transactions is unclear.  The government was not required to prove any specific transactions, i.e., drug distributions, to establish the conspiracy charge.  The essence of a conspiracy is an agreement to violate the law, in the instant case to distribute crack

14

cocaine.  *See United States v. Esparsen*, 930 F.2d 1461, 1471 (10th Cir. 1991); *United States v. Kelly*, 892 F.2d 255, 259 (3rd Cir. 1989).  As a result, Mr. Lloyd could be found guilty of conspiracy even if there were no evidence of actual distributions.

However, there was such evidence at trial.  In affirming Mr. Lloyd's conspiracy conviction, the Tenth Circuit noted that the jury also found Mr. Lloyd "guilty of two independent purchases of fourteen drams of crack cocaine from Small."  *Small*, 423 F.3d at 1184.  The Tenth Circuit concluded that a jury reasonably could conclude that Mr. Lloyd was "furthering the objectives of the conspiracy" by distributing drugs for profit.  *Id.*  The Tenth Circuit noted that in one call intercepted on the government's wiretap, "Small and Lloyd were caught discussing the possibility of Lloyd selling drugs in a particular location."  *Id.*  The Tenth Circuit also noted that trial evidence showed that Mr. Small would front drugs to Mr. Lloyd, suggesting "that Lloyd was expected to redistribute the fronted drugs for profit."  *Id.*

Given the evidence of Mr. Lloyd's role in the drug distribution conspiracy, he has failed to show that any transactions involving Mr. Davis either were exculpatory or material to his conspiracy conviction.  Although Mr. Lloyd claims that the individuals who testified against him were "impeachable," *see* supporting brief at 10, he had an opportunity to cross-examine the witnesses at trial.  Their credibility was for the jury to decide.

Claim Nine

Finally, I will address claim nine, in which Mr. Lloyd argues that his sentence was unreasonable. He specifically argues that "there was no special verdict to decide the specific quantity at trial in the conspiracy attributable to defendant and when this happens and the judge at sentencing finds the amount by a preponderance of the evidence, it creates doubt to the constitutionality of the sentence." Supporting brief at 10. This argument resembles the allegations he made on appeal that, on the conspiracy count, "the jury did not render a special verdict as to the amount of crack cocaine" attributable to him. *See* government's January 14, 2009, supplement to answer (document 3663), attachment at 27, opening brief on appeal at 20.

Count one of the second superceding indictment charged Mr. Lloyd with conspiring to distribute and possess with intent to distribute crack cocaine "weighing more than fifty grams." Second superceding indictment (document 1595) at 4. The weight of the drugs was an element of the offense. In order to render a guilty verdict, the jury was instructed it must find each element of the offense "as to each defendant." (R. at vol. LVIII at 4134). Element number two required the jury to find "[t]hat the conspiracy involved 50 grams or more of crack cocaine." *Id.* Element numbers three and four required the jury to find that each defendant "knew the essential objectives of the conspiracy" and "knowingly and voluntarily agreed to become involved in the conspiracy" respectively. *Id.* By returning a guilty verdict, the jury found that Mr. Lloyd conspired to distribute and possess with intent to distribute fifty grams or more of crack cocaine, triggering the corresponding statutory minimum penalty. *See* 21 U.S.C.

16

§§ 841(a)(1), (b)(1)(A)(iii), and 846.  This finding was the only finding necessary to support the sentence imposed.  *See United States v. Stiger*, 413 F.3d 1185, 1192-93 (10th Cir. 2005) (where jury found drug amount for which conspiracy, as a whole, was liable, specific findings as to drugs amounts for individual defendants was unnecessary); *United States v. Arras*, 373 F.3d 1071, 1074 (10th Cir. 2004) (upholding individual convictions for conspiracy, based upon jury verdict as to amount of drugs involved in conspiracy).

Rejecting Mr. Lloyd's argument on appeal, the Tenth Circuit held that "[t]he quantity of drugs was alleged in the indictment and found by the jury beyond a reasonable doubt."  *See Small*, 423 F.3d at 1187.  Mr. Lloyd may not relitigate this issue in his § 2255 motion.  *See Warner*, 23 F3d at 291; *Prichard*, 875 F.2d at 791.  Moreover, as previously stated, Mr. Lloyd's sentence was not unreasonable under *Booker* because the only facts necessary for his sentence "were either submitted to the jury or involved the fact of a prior conviction."  *See Small*, 423 F.3d at 1187.

IV.  Conclusion

For the reasons stated above, the habeas corpus relief will be denied.  Accordingly, it is

ORDERED that the motion to amend is denied.  It is

FURTHER ORDERED that the habeas corpus application is **DENIED** and the action is **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that each party shall bear his or its own costs and attorney's fees.

Dated: March 9, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge