PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. CARLOS JOHNSONDocket Number: 01-CR-00214-WYD-23

**Petition for Modification of Conditions of Supervised Release**

COMES NOW, Carlos Morales, probation officer of the court, presenting an official report upon the conduct and attitude of Carlos Johnson who was placed on supervision by the Honorable Wiley Y. Daniel sitting in the court at Denver, Colorado, on the 12th day of February, 2004, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until he is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the modification of the defendant's conditions of supervised release to include a special condition requiring that: 2) the defendant shall reside in a residential reentry center until June 15, 2009, to commence at the direction of the probation officer, and shall observe the rules of that facility.

ORDER OF THE COURT

Considered and ordered this 20th day of March, 2009, and ordered filed and made a part of the record in the above case.

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

s/ Carlos Morales
Carlos Morales
United States Probation Officer

Place: Denver, Colorado
Date: March 9, 2009

## **ATTACHMENT**

Incorporated by reference is a true copy of the acknowledgment of conditions of supervised release form which was signed by the defendant on June 16, 2006, acknowledging that the conditions had been read to him, that he fully understood the conditions, and that a copy was provided to him. The term of supervised release commenced June 16, 2006.

On September 9, 2008, the defendant was issued a summons by officers of the Aurora Police Department and charged with Fighting, a misdemeanor offense, in violation of Aurora Municipal Code section number 94-110 (2). The Aurora Police offense report indicates that the defendant was at the Famous Door Bar and Grill, located at 15220 East Hampden Avenue, Aurora, Colorado, and became involved in a fight between four males at about 1:35 a.m. Uniformed off-duty Aurora Police Officers working security broke up the fight and apprehended the four individuals involved, including Dachaun Davis who was on supervised release with our office at the time. On September 19, 2008, I met with the defendant and spoke to him about this incident. He reported he had gone to the Famous Door Bar and Grill to celebrate his birthday with his "brother-in-law," Dachaun Davis, and they were mistakenly confronted by two individuals who began fighting with them. He stated the fight was broken up by security, and he was given a ticket for fighting.

On March 2, 2009, the defendant appeared as scheduled in Aurora Municipal Court and plead guilty to one misdemeanor charge of Disorderly Conduct - Fighting in Public (M), in summons number J8607. He was subsequently sentenced to 20 days jail, suspended, and was fined $339.00.

Overall, the defendant has made a poor adjustment to supervised release. Aside from the aforementioned misdemeanor conviction, the defendant has remained unemployed since September 2008. He was instructed to secure employment by January 5, 2009, and warned that failure to do so may result in court intervention. Although the defendant's deadline for employment was extended to February 1, 2009, he has remained unemployed.

Due to the defendant's recent misdemeanor conviction, and failure to remain employed, it is recommended that he be placed in a residential reentry center until June 15, 2009, his scheduled expiration date of supervised release, to commence at the direction of the probation officer.

This proposed modification of the conditions of supervision is intended to provide necessary structure and prevent further violations of supervision. The defendant and his attorney, CJA Panel attorney Paula Ray, have executed a form entitled "Waiver of Hearing to Modify Conditions of Supervised Release" agreeing to the modification.