IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No.    06-cv-01898-WYD
Criminal Case No.   01-cr-00214-WYD

UNITED STATES OF AMERICA,

v.

19.  SAMMY WOODS,

     Movant.

_____

ORDER DENYING 28 U.S.C. § 2255 MOTION

_____

     Movant Sammy Woods has filed *pro se* a motion pursuant to 28 U.S.C. § 2255 seeking to vacate the judgment of conviction in this criminal action.  On October 4, 2006, I directed the government to file an answer to the § 2255 motion.  On December 13, 2006, the government filed its answer to the § 2255 motion.  On December 28, 2006, Mr. Woods filed a reply to the government's answer and a supplement to the § 2255 motion.  On February 13, 2007, Mr. Woods filed a memorandum of law in support of his § 2255 motion.

     I must construe the papers filed by Mr. Woods liberally because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not be the *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  After reviewing the entire file, I find that an evidentiary hearing is not necessary.  For the reasons stated below, I will deny

the § 2255 motion.

Mr. Woods was convicted by a jury of conspiracy to distribute fifty grams or more of crack cocaine as well as possession with intent to distribute crack cocaine and use of a communications facility to further a drug trafficking crime. I sentenced Mr. Woods to 240 months in prison, the statutory minimum term, on the conspiracy count and lesser concurrent terms on the other counts. The judgment of conviction was affirmed on direct appeal. *See United States v. Small*, 423 F.3d 1164 (10th Cir. 2005). Although Mr. Woods did not seek review in the United States Supreme Court on direct appeal, his conviction was not final until the time for seeking certiorari review expired. *See United States v. Burch*, 202 F.3d 1274 (10th Cir. 2000). As a result, the § 2255 motion was timely filed on September 22, 2006.

The claims Mr. Woods raises in this action are confusing, difficult to understand, and not well-developed. He lists four separate claims for relief in the § 2255 motion, although there is substantial overlap among the claims. Mr. Woods contends as part of his first claim that counsel was ineffective for failing to raise a *Booker* issue on direct appeal. *See United States v. Booker*, 543 U.S. 220 (2005). Also as part of his first claim, and in his second and third claims for relief, Mr. Woods raises a variety of arguments that counsel was ineffective for failing to seek dismissal of the charges against Mr. Woods because the court lacked subject matter jurisdiction over this criminal action. Finally, in his fourth claim for relief, Mr. Woods argues that the government lacked jurisdiction to prosecute this action because crack cocaine is not a controlled substance and the federal drug laws pertaining to crack cocaine are

unconstitutionally vague.

I first will address the ineffective assistance of counsel claims.  The Supreme

Court has established a two-prong test to review ineffective assistance of counsel

claims.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  Mr. Woods must

demonstrate both that counsel's performance fell below an objective standard of

reasonableness and that counsel's deficient performance was prejudicial.  *See id.* at

687.  "Judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689.

There is a "strong presumption" that counsel's performance falls within the range of

"reasonable professional assistance."  *Id.*  In order to demonstrate prejudice, Mr.

Woods must establish that counsel's performance rendered the proceedings

"fundamentally unfair or unreliable."  *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).  If

Mr. Woods fails to satisfy either prong of the *Strickland* test, the ineffective assistance

of counsel claims must fail.  *See Strickland*, 466 U.S. at 697.

As noted above, Mr. Woods first contends that counsel was ineffective for failing

to raise a *Booker* issue on direct appeal.  In *Booker*, the Supreme Court held that the

Sixth Amendment requires that "[a]ny fact (other than a prior conviction) which is

necessary to support a sentence exceeding the maximum authorized by the facts

established by a plea of guilty or a jury verdict must be admitted by the defendant or

proved to a jury beyond a reasonable doubt."  *Booker*, 543 U.S. at 244.  There are two

distinct types of *Booker* errors.  *See United States v. Gonzalez-Huerta*, 403 F.3d 727,

731 (10th Cir. 2005) (en banc).  First, constitutional *Booker* error occurs when a court

relies on judge-found facts, other than those of prior convictions, to enhance a

sentence mandatorily. *See id.* Second, non-constitutional *Booker* error occurs when a sentencing court applies the Sentencing Guidelines in a mandatory rather than discretionary fashion even though the resulting sentence was based solely on facts admitted by the defendant or found by the jury. *See id.* at 731-32.

In the instant action, there was no *Booker* error because Mr. Woods received the statutory minimum sentence of 240 months. That sentence was driven by the jury's determination that Mr. Woods conspired to distribute more than fifty grams of crack cocaine and Mr. Woods' prior felony drug conviction. *See* 21 U.S.C. § 841(b)(1)(A)(iii). My determination that there was no *Booker* error is supported by the fact that the Tenth Circuit rejected the *Booker* claims raised on direct appeal by two of Mr. Woods' co-Defendants who also were sentenced to the statutory minimum terms. *See Small*, 423 F.3d 1164 at 1187. Therefore, because there was no *Booker* error, Mr. Woods' counsel was not ineffective for failing to raise a *Booker* claim on direct appeal.

Mr. Woods next claims that counsel was ineffective for failing to seek dismissal of the charges against Mr. Woods because the court lacked jurisdiction over this criminal action. As noted above, Mr. Woods raises various arguments in support of this contention in his first, second, and third claims for relief. These arguments include the following:

- The United States is a "fictitious party plaintiff;"

- His name in the indictment in "all capital letters" is not his lawful name;

- He is not a corporate franchise and has not elected to be so treated;

- The United States is a territorial corporation without power to bring a

criminal prosecution within the territorial boundaries of the several states;

- A U.S. DISTRICT COURT is not an Article III court;

- Title 18 U.S.C. § 3231 is unconstitutional on its face; and

- Section 3231 applies only to "District Courts of the U.S.," not "U.S. DISTRICT COURTS."

The government, in its response to the § 2255 motion, labels these arguments as frivolous.  I agree.  Therefore, the government also is correct that counsel was not ineffective for failing to raise these frivolous arguments.  The effective assistance of counsel "does not demand that every possible motion be filed, but only those having a solid foundation."  *United States v. Crouthers*, 669 F.2d 635, 643 (10th Cir. 1982).

The premise urged by Mr. Woods that underlies these ineffective assistance of counsel claims is that the court lacks jurisdiction.  Pursuant to 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  "Subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts.  That's the beginning and the end of the 'jurisdictional' inquiry."  *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999).  Therefore, Mr. Woods' ineffective assistance of counsel claims challenging the court's jurisdiction over this criminal action also lack merit and will be dismissed.

In his fourth claim for relief, Mr. Woods alleges that the government lacked jurisdiction to prosecute this action because crack cocaine is not a controlled

substance.  He also argues that, because crack cocaine is not a controlled substance, the federal drug laws pertaining to crack cocaine are unconstitutionally vague.  This claim lacks merit because substances containing cocaine are Schedule II controlled substances.  *See* 21 U.S.C. § 812, Schedule II(a)(4).  Mr. Woods provides no authority or any reasoned basis for his argument distinguishing between a "mixture" containing cocaine and a "substance" containing cocaine.  Furthermore, the fact that crack cocaine is a Schedule II controlled substance disposes of Mr. Woods' additional contention that the federal drug laws pertaining to crack cocaine are unconstitutionally vague.  Therefore, this claim also will be dismissed.  Accordingly, it is

ORDERED that the motion to vacate filed on September 22, 2006, is **DENIED**.  It is

FURTHER ORDERED that each party shall bear his or its own costs and attorney's fees.

Dated:  June 11, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2008 NOV 20  PM 3: 56

GREGORY C. LANGHAM
CLERK

~~BY~~ _____ DEP. CLK

01-cr-00214-WYD-19

FORM FOR MOTIONS UNDER 28:2255

NAME ~~BY~~ Sammie Lee Woods, Pro-se

'08 - CV - 02529

PRISON NUMBER 30425-013

PLACE OF CONFINEMENT Federal Correctional Complex (LOW)
P.O. Box 9000, M-A, Forrest City, AR 72336

UNITED STATES DISTRICT COURT OF COLORADO

DISTRICT OF Denver, Division

CASE NO _____ (To be supplied by Clerk of U.S. District Court) United States.

v.

Sammie Lee Woods, Mouant, Pro-se
(Full name of movant)

(If movant has a sentence to be served in the *future* under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY

1. This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2. Additional pages are not permitted except with respect to the *facts* which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3. Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

4. If you do not have the necessary funds for transcripts, counsel, appeal and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

5.   Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each judgment.

6.   Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

7.   When the motion is fully completed, the *original and two copies* must be mailed to the Clerk of the United States District Court whose address is OFFice oF THe Clerk U.S.DiSTRicT CourT, 901-19TH ST, Room A105, Denver, CO 80294-3589

8.   Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

## MOTION

1.   Name and location of court which entered the judgment of conviction under attack U.S. DiSTRicT CourT oF Colorado, 901-19TH ST, Room A105, Denver, CO 80294-3589

2.   Date of judgment of conviction April 21, 2004

3.   Length of sentence _____

4.   Nature of offense involved (all counts) CounT-1-21 USCS §§ 846 AND 841 (a)(1) AND (b)(1)(A)(iii), 18 USCS § 2, CounT-50-21 USCS § 843 (b) 18 USCS § 2, CounT-62-21 USCS § 841 (a)(1) AND (b)(1)(C); 18 USCS § 2.

5.   What was your plea?  (Check one.)

   a.   Not guilty ☒
   b.   Guilty      ☐
   c.   Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____ N/A _____

*N/A*

6. Kind of trial (check one):

   d. Jury ☒

   e. Judge only ☐

7. Did you testify at the trial?   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9. If you did appeal, answer the following:

   f. Name of court *U.S. Court of Appeals Tenth Circuit*

   g. Result *Affirmed*

   h. Date of result *2006*

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court? Yes ☒   No ☐

11. If your answer to 10 was "yes," give the following information:

    A. 1. Name of court *U.S. District Court Dist. of Colorado*

       2. Nature of proceeding *Relief under 28 USCS § 2255*

       3. Grounds raised *Defendant was denied effective Assistance of Counsel, Lack of subject matter jurisdiction, counsel was ineffective on several issues.*

4.     Did you receive an evidentiary hearing on your petition, application or motion?  Yes ☐       No ☒

5.     Result _Denied_____

6.     Date of result _3/23/2006_____

B.     As to any second petition, application or motion, give the same information:

1.     Name of court _____ N/A _____

2.     Nature of proceeding _____ N/A _____

3.     Grounds raised _____ N/A _____

4.     Did you receive an evidentiary hearing on your petition, application or motion?  Yes ☐       No ☐   N/A

5.     Result _____ N/A _____

6.     Date of result _____ N/A _____

C.     As to any third petition, application or motion, give the same information:

Name of court _____ N/A _____

2.      Nature of proceeding _____ *N/A* _____

_____

_____

3.      Grounds raised _____ *N/A* _____

_____

_____

_____

4.      Did you receive an evidentiary hearing on your petition, application or motion?   Yes ☐     No ☐ *N/A*

D.      Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

1.      First petition, etc.   Yes ☒       No ☐
2.      Second petition, etc.   Yes ☐       No ☐
3.      Third petition, etc.     Yes ☐       No ☐

E.      If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

_____

_____

12.     State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the fact supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same. (Caution: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.)

        For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, *you should raise in this motion all available grounds* (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

        Do not check any of these listed grounds. If you select one or more of these grounds for

relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds

(l)   Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily, or with understanding of the nature of the charge and the consequences of the plea.

(m)   Conviction obtained by use of coerced confession.

(n)   Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(o)   Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(p)   Conviction obtained by a violation of the privilege against self-incrimination.

(q)   Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(r)   Conviction obtained by a violation of the protection against double jeopardy.

(s)   Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(t)   Denial of effective assistance of counsel.

(u)   Denial of right of appeal.

A.   Ground one: MOVANT is "ACTUALLY INNOCENT" OF COUNT-ONE UNDER TITLES 21 USCS §§ 846, 841(a)(1), (b)(1)(A)(iii); And 18 USCS §2; CONGRESS did NOT INTEND FOR NON-License PERSONS To be INFRINGED UPON.

Supporting FACTS (tell your story *briefly* without citing cases or law): MOVANT Will PROVE AT A HEARING FROM THE FOIA|PA REQUESTS THAT THE GOVERNMENT COMMITTED "FRAUD UPON THE COURT WHEN THE MOVANT WAS Added To THE Indictment.

B.   Ground two: MOVANT is "ACTUALLY INNOCENT" OF COUNT-FIFTY bECAUSE 21 USCS § 843(b); And 18 USCS §2 did NOT INVOLVE THE MOVANT, A HEARING is REQUESTED § 2255 Rule-8

Supporting FACTS (tell your story *briefly* without citing cases or law): MOVANT Will PROVE AT A HEARING THAT CONGRESS did NOT INTEND FOR NON-License PERSONS To be INFRINGED UPON UNDER THE CHARGES LISTED HEREIN, THE FOIA|PA Records Will PROVE MY FACTS;

C.      Ground three: MOVANT is "ACTUALLY INNORCENT" OF COUNT-SIXTY-TWO; 21 USCS § 841(a)(1) § (b)(1)(C); 18 USCS §2; THE Public LAWS UNDER TiTle 21-Pub.L. 91-513 WAS NOT iN THE CHARGING DocumenT i.e. INDicTmenT.

Supporting FACTS (tell your story *briefly* without citing cases or law): CONGRESS AND THE SenaTe did NOT INTend FoR ciTizens To be inFRINGED upon, As ALLEGed by THE GovernmenT iN THE CASE PRESENTED beFoRe THE CouRT FoR VACATiNG THis CONVICTION.

D.      Ground four: Counsel PeRFoRmance WAS NOT iN CON-FoRmiTy WiTH THE 123-CHApTeRs under THE "CRImIWAL DEFENSE TECHNiQUES" WWW, LAW NEXis-LEXis.

Supporting FACTS (tell your story *briefly* without citing cases or law): Under THE STATE AND FEDERAL JuRisdicTioNAL AcTs, CONGRESS AGReed WITH THE STATES WHen deTeRming How NON-LiCensE And License PeRsons ARe CHARGe AND RePRe-SenTed, Counsel PeRFoRmance WAS NOT iN CompliANce WiTH CONGRESS, MOVANT is "AcTUALLY INNORCENT".

13.     If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: NoNe OF THESE GROUNDS WERE PResenTed because I JusT RealizE THAT I Am AcTUALLY INNORCENT OF WHAT THE FAcTUAL READiNG OF THE STATUES THAT I Am CHARGE up UNDER, AND CONGRESS AND THE SenATe did NOT INTend FOR NON-LicensE PeRsons To be CHARGE.

14.     Do you have any petition or appeal now pending in any court as to the judgment under

attack? Yes ☐     No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

a) At preliminary hearing _Kerry S. Hada_

b) At arraignment and plea _Kerry S. Hada_

c) At trial _Ronald Gainor_

d) At sentencing _Same As in (C)_

e) On appeal _Same As in (C)_

f) In any postconviction proceeding _Pro-se_

g) On appeal from any adverse ruling in a postconviction proceeding _Pro-se_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time? Yes ☐     No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ☐     No ☒

a) If so, give name and location of court which imposed sentence to be served in the future: _N/A_

b)      And give the date and length of sentence to be served in the future   _N/A_

c)      Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?   Yes ☐      No ☐   _N/A_

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.  _MOVANT ReliEF is "ImmediAte ReleAse" FROM DeTenTiow._

_____
_PRO·SE_
Signature of Attorney (If any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _11/17/2008_____
(Date)

_____
_Sammie Words_
Signature of movant

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO, DENVER

| | |
|---|---|
| SAMMIE LEE WOODS, PRO-SE MOUANT, REQUESTER. | ) CIVIL NO._____ |
| | ) CRIM. NO. 01-CR-214-D |
| VS. | ) MOTION TO EXPAND THE RECORD |
| UNITED STATES OF AMERICA, ET. AL. RESPONDENTS,(INTER Alios). | ) §2255-Rule-7, AND SUBMIT DESIGNATED ) WITNESS LIST, AND FOIA\PA RECORDS |

IN.ORDER TO PROUE "ACTUAL INNORCENT" MOUANT IS REQUESTING TO EXPAND THE RECORD §2255-Rule-7, Discovery Rule-6, AND A HEARING Rule-8, Submit Designated Witness List, AND FOIA\ PA RECORDS

Now comes THe MOUANT Sammie Lee Woods, PRo-se WHo noues THis Honorable Court To GRANT Him THe Relief Requested FoR in THe CAPTion, IN oRder THAT A "PRima FAcie" FAcT can be PRouen AND A HEARING HAD iN Accordance WiTH THe PROCEEDINGS UNDER §2255.

## DESIGNATED WiTNESS LiST

1. Wiley Y. Daniel, U.S. Dist, Judge
2. PATRicia A. COAN, MAGISTRATE Judge
3. Boyd N. BolAND, MAGISTRATE Judge
4. MicHeal J. WATANAbe, MAGISTRATE Judge
5. JoHN W. SuTHers, U.S. ATToRNey
6. KATHleen M. TAFoyA, AssT. U.S. ATTy,
7. Guy Till, AssT. U.S. ATTy.
8. Dee CLARK, PRobATioN OFFiceR
9. RosA A. AGuiRRe, Sup. PRobATioN OFFiceR
10. Todd Wilcox, F.B.I. AGENT
11. RoNAld GAiNoR, DeFeNse ATToRNey
12. KeRRy S. HAdA, DeFeNse ATToRNey

(1)

13. LAURIE MICHELSON, AURORA POLICE DEPT. (COLORADO)

14. STEVEN STANTON, AURORA POLICE DEPT. "      "

15. GARY VALKO, AURORA POLICE DEPT.

16. C.C. STATE OF COLORADO, ATTORNEY GENERAL, INTERNAL AFFAIRS

. MOVANT PRAYS THAT THE RELIEF REQUESTD IS GRANTED, IN ORDER TO MAKE A "PRIMA FACIAL" SHOWING THAT DEFENDANT IS "ACTUALLY INNORCENT" OF THE GROUNDS SUBMITTED IN HIS ATTACK § 2255.

### RELIEF REQUESTED

MOVANT REQUEST IMMEDIATE RELEASE AND VACATED, CONVICTION.

RESPECTFULLY SUBMITTED

Sammie Woods

USM # 30425-013
FEDERAL CORRECTIONAL COMPLEX (LOCW)
P.O. BOX 9000, M-A
FORREST CITY, AR 72336

C.C. UNITED STATES ATTORNEY
    JOHN W. SUTHERS

MAR-24-2006 FRI 09:14 AM US PROBATION          FAX NO. 3033352404          P. 01



**U.S. PROBATION OFFICE**

1929 Stout Street, Ste 120
Denver, CO 80294-0101
Phone: 303-335-2418, Fax: 303-335-2404

Date _____ March 24, 2006 _____

Number of Pages _____ 7 _____

Fax No. _____ (303) 447-0930 _____

TO: Ron Gainor                    FROM: Dee A. Clark

                                         Sr. USPO

**REMARKS:**

RE: Sammy Woods

I'm mailing the indictment to you, it's 39 pages.  Call if you need anything else.  Thanks, Dee

# CONFIDENTIAL

This facsimile transmission (and/or the documents accompanying it) may contain certain confidential information belonging to the sender which is protected by federal law and local federal court policy.  The information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited.  If you have received this transmission in error, please notify us by telephone (303) 844-5424 to arrange for the return of the documents.

MAR-24-2006 FRI 09:14 AM US PROBATION          FAX NO. 3033352404          P. 02

### ADDENDUM TO THE PRESENTENCE REPORT

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
### UNITED STATES V. SAMMY WOODS
### DOCKET NO. 01-CR-214-19-D

At sentencing, the court must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing.  Fed. R. Crim. P. 32 (i)(3)(B).

### OBJECTIONS BY THE GOVERNMENT

None filed.

### OBJECTIONS BY THE DEFENDANT

Paragraphs 14, 19, 20, 22, 23, 25, 35, and 36: The defendant, through counsel, objects to these paragraphs wherein he is assumed by the Probation Department to be an active and knowing part of the 'Willie Small Crack Cocaine Distribution Business.'  Furthermore, he does not believe that he should be held accountable for 4,495 grams of crack cocaine.  As noted in the report, this information was taken verbatim from the Government's Sentence Statement.

Assistant U.S. Attorney Kathleen Tafoya stands by the Government's Sentencing Statement concerning the defendant's relevant conduct and the structure of the conspiracy.  Ms. Tafoya indicated that she will be prepared to introduce evidence and testimony at the defendant's sentencing hearing if requested by the court.  The court, having heard the six-week trial, is in the best position to make findings concerning this factual dispute.

Paragraph 115:  It is the defendant's position that the maximum term of imprisonment is 4 years, pursuant to 21 U.S.C. § 843(b).  The defendant, through counsel, has indicated that a sentencing enhancement pursuant to 21 U.S.C. § 851 is applicable to 21 U.S.C. § 843(b) only if the defendant has been convicted of a prior federal narcotics felony.  This is a legal issue to be determined by the court.

Paragraph 116:  The defendant, through counsel, objects to the guideline calculation of 324 to 360 months as to Count Sixty-Two.  This refers to the above-noted objection in which the defendant does not believe that he should be held accountable for 4,495 grams of crack cocaine.  The court, having heard the six-week trial, is in the best position to make findings concerning this factual dispute.

Approved:

ROSA A. AGUIRRE
SUPERVISING PROBATION OFFICER

DAC:dac
March 22, 2004

Respectfully submitted,

Dee A. Clark

DEE A. CLARK
PROBATION OFFICER

A-1

MAR-24-2006 FRI 09:15 AM US PROBATION          FAX NO. 3033352404          P. 03

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 01-CR-214-D

UNITED STATES OF AMERICA,
          **Plaintiff**

vs.

19 SAMMIE WOODS

          Defendants.

---

## DEFENDANT SAMMY LEE WOOD'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

---

Comes now Defendant Sammy Lee Woods, by and through his court-appointed counsel, Ronald Gainor, and hereby makes his objections to the Presentence Investigation Report, pursuant to Rule 32(b)(6)(B) of the Federal Rules of Criminal Procedure, and in support would state the following:

1.  Mr. Woods would specifically object to paragraphs 14, 19, 20, 22, 23, 25, 35, and 36 wherein he is assumed by the Probation Department to be an active and knowing part of the 'Willie Small Crack Cocaine Distribution Business'. In this regard, Mr. Woods disagrees with the probation officer's conclusion that he should be held accountable for 4,495 grams of crack cocaine as this amount was not reasonably foreseeable nor properly attributed to him.

MAR-24-2006 FRI 09:15 AM US PROBATION          FAX NO. 3033352404          P. 04

A review of the evidence suggests that, at best, Mr. Woods called and met with Mr. Small on approximately 10 occasions. There is absolutely no evidence to suggest that Mr. Woods worked with or was even aware of the activities of any alleged co-conspirators at Club Mixx or at any other location for that matter. Likewise, there is no evidence to link Mr. Woods to any conspiracy during the sale of 243 grams to confidential informant, Roz Parker, or the 176 grams found in Willie Small's apartment a year after the conspiracy was supposed to have ended. There is also no link or proof that he was a part of the 'Alvin Green transactions' involving 4000 grams of crack cocaine.

Although the government was able to establish some telephonic and face-to-face contact between Mr. Small and Mr. Woods, there was never any proof offered which established that drugs were even exchanged between the parties. Woods was never stopped, searched and found to be in possession of any drugs after these 'meets'. Nor was he ever observed to exchange drugs for money on any occasion after the meetings. The probation department engages in pure speculation when it assumes that drug exchanges between the two defendants (Small and Woods) occurred.

Mr. Woods contends that he should be held accountable for a quantity less than 1 gram of crack cocaine, which represents what was found on his person on the day of his arrest, June 12, 2001. Although the government's expert witness weighed that quantity of crack cocaine and found it to be 1.062 grams, she was unable to tell the jury what the margin of error was in her measurements. This fact justifiably allows the Court to conclude that the quantity seized was less than one gram of crack cocaine in total.

MAR-24-2006 FRI 09:15 AM US PROBATION                FAX NO. 3033352404                    P. 05

Clearly there were multiple, independent conspiracies which were in operation in this case. Under these circumstances, it is unfair to hold Mr. Woods accountable for the sum total of all these separate conspiracies because the amounts were not reasonably foreseeable to him. It is more appropriate to hold him accountable for that quantity which can be directly proven he possessed or distributed.

2. Mr Woods would also object to paragraph 115 wherein the probation officer concludes that the statutory maximum and recommended sentence for Count Fifty is 96 months. The defendant would contend that the penalty enhancement provision of 21 U.S.C. 843(d) does not apply to him since he had no prior federal drug conviction. In support of this proposition, the defense relies on the cases of *United States of America v. Medley*, 313 F. 3d 745, 750 (2nd Cir. 2002) and *Little v. United States of America*, 2002 WL 1424581 (D. Mass. 2002). In both of these cases, the Courts involved held that the doubling of the four-year term of imprisonment for a violation of Section 843(b) was improper when it was occasioned by a state drug conviction.

Based on these cases, it is clear that the maximum sentence of imprisonment for a 21 U.S.C. 843(b) violation is 4 years and not 8 as suggested by the probation department.

3. Mr Woods would object to paragraph 116 wherein the probation department concludes that statutory maximum and recommended sentence for Count Sixty-Two is 324 to 360 months.

3

As previously stated,  the evidence at trial was that a quantity of crack cocaine

was seized from the defendant on the day of his arrest, June 12, 2001.  This quantity

was analyzed and found to initially  weigh 1.062 grams.  The chemist involved in this

process did concede however that she was unable to ascertain what the margin of error

was in her  weight  calculations. This statement would then draw into doubt the exact

weight finding and force us to conclude that the actual weight involved might very well

be under the 1 gram threshold.  Assuming that is the case, maximum penalties for

Count 62 have to be re- calculated using 21 U.S.C. 844 (Penalties for Simple

Possession) .  According to that section;


" **Any person who violates this subsection may be sentenced to a term of**

**imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or**

**both, except that if he commits such offense after a prior conviction under this**

**subchapter or subchapter II of this chapter or a prior conviction of any drug,**

**narcotic, or chemical, offense chargeable under the law of any state, has become**

**final, he shall be sentenced to a term of imprisonment for not less than 15 days**

**but not more than 2 years and shall be fined a minimum of $2,500"**


If a defendant's  possession can reasonably be found to be less than 1 gram,

a 1-2 year maximum prison term is called for. The defendant contends that his

involvement is exactly that and would request that a 24 month maximum replace the

324-360 month calculation of the probation department.

## CONCLUSION

It is clear that the guideline calculations utilized by the probation department are flawed in this case.  Mr. Woods requests that this Honorable Court revise those calculations as summarized in paragraphs 114-116 and fashion a sentence which more accurately reflects the defendant's true involvement in this matter. Terms of imprisonment for convictions in Counts One and Sixty-Two should be based on a less than 1 gram amount of crack cocaine and a term of imprisonment for Count Fifty should be limited to 48 months.

Respectfully Submitted:

**RONALD GAINOR**
6414 Fairways Drive
Longmont, Colorado 80503
(303) 448-9646/(303) 447-0930 (facsimile)
Attorney for Defendant Sammy Woods

By: _____
        Ronald Gainor

Sammie Lee Woods

P.O.Box 9000
Forrest City,Arkansas 72336
30425-013



7006



FEDERAL

UNITED STATES
POSTAL SERVICE

0000

80

FURTHER
FOR FORWARDING
ADDRESS

PRIOR
MAIL

UNITED STATES POSTAL SER

Visit us at usps.com

Label 107R, January 2008

CERTIFIED MAIL NO: 7006 2150 0000 8029 8



U.S.COURTHOUSE
N: Clerk Of The Court
   19th Street
ver,Colorado   [80294]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-02529-WYD
Criminal Action No. 01-cr-00214-WYD

UNITED STATES OF AMERICA,

v.

19.    SAMMY WOODS,
       Movant.

---

ORDER DENYING MOTIONS

---

Movant Sammy Woods has filed **pro se** on November 20, 2008, a motion

pursuant to 28 U.S.C. § 2255 challenging the validity of his conviction and sentence and

seeking his immediate release along with a motion for appointment of counsel.  I must

construe the motions liberally because Mr. Woods is representing himself.  **See Haines**

**v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th

Cir. 1991).  However, I should not be an advocate for a **pro se** litigant.  **See Hall**, 935

F.2d at 1110.  For the reasons stated below, I will deny the motions.

Mr. Woods previously has sought relief pursuant to § 2255 in this criminal action.

**See United States v. Woods**, No. 06-cv-01898-WYD (D. Colo. June 11, 2007); **appeal**

**dismissed**, No. 07-1271, 263 F. App'x 704 (10th Cir. Feb. 5, 2008).  I dismissed Mr.

Woods' prior § 2255 motion on the merits.  Therefore, the instant § 2255 motion is a

second or successive motion.

Pursuant to § 2255(h) and 28 U.S.C. § 2244(b)(3), Mr. Woods must obtain from

the United States Court of Appeals for the Tenth Circuit an order authorizing me to

consider a second or successive § 2255 motion.  In the absence of such authorization, I

lack jurisdiction to consider the merits of the claims asserted in a second or successive

§ 2255 motion.  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).  A federal prisoner

seeking authorization to file a second or successive § 2255 motion must demonstrate

that his claims are based on either "newly discovered evidence that, if proven and

viewed in light of the evidence as a whole, would be sufficient to establish by clear and

convincing evidence that no reasonable factfinder would have found the movant guilty

of the offense," 28 U.S.C. § 2255(h)(1), or "a new rule of constitutional law, made

retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable," 28 U.S.C. § 2255(h)(2).

        Mr. Woods does not allege that he has obtained the necessary authorization

from the Tenth Circuit to file a second or successive § 2255 motion.  Therefore, I must

either dismiss the § 2255 motion for lack of jurisdiction or, if it is in the interest of justice,

transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1361.  *In re Cline*, 531

F.3d at 1252.  The factors to be

> considered in deciding whether a transfer is in the interest of
> justice include whether the claims would be time barred if
> filed anew in the proper forum, whether the claims alleged
> are likely to have merit, and whether the claims were filed in
> good faith or if, on the other hand, it was clear at the time of
> filing that the court lacked the requisite jurisdiction.

*Id*. at 1251.

        It appears that the claims Mr. Woods is asserting in this action would be barred

by the one-year limitation period.  *See* 28 U.S.C. § 2255(f).  However, the claims appear

to be time-barred only because Mr. Woods fails to demonstrate that his claims are

2

based on either newly discovered evidence or a new rule of constitutional law as required pursuant to § 2255(h).  Furthermore, the claims Mr. Woods is raising do not appear to have merit and it was clear when the § 2255 motion was filed that this Court lacks jurisdiction.  Therefore, I do not find that a transfer of this action to the Tenth Circuit is in the interest of justice and the § 2255 motion will be denied for lack of jurisdiction.  Accordingly, it is

ORDERED that the motion pursuant to 28 U.S.C. § 2255 (docket #3648) filed on November 20, 2008, is DENIED for lack of jurisdiction.  It is

FURTHER ORDERED that the motion for appointment of counsel (docket #3649) filed on November 20, 2008, is DENIED as moot.

DATED at Denver, Colorado, this 22nd day of December, 2008.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 01-cr-00214-WYD

UNITED STATES OF AMERICA,

v.

19.    SAMMY LEE WOODS,
        Defendant.

---

### MINUTE ORDER

---

ORDER ENTERED BY CHIEF JUDGE WILEY Y. DANIEL

Defendant's "Motion Requesting the Court to Expand the Record § 2255-Rule-7 to Submit Petitioner's Argument and Judicial Fact" [doc. #3672, filed January 26, 2009] is **DENIED** as moot, because the Court denied Defendant's 28 U.S.C. § 2255 motion in an order filed on December 22, 2008 [doc. #3656].

Dated:  January 27, 2009.

*01 CR 214 - WYD*

Sammie Woods,Petitioner          Petitioner Notice of Appeal
USM# 30425-013                   and Request for a Certificate
P.O.Box 9000                     of Appealability
Forrest City,AR.72336

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 0 2009

GREGORY C. LANGHAM
**CLERK**

## NOTICE OF APPEAL

Petitioner, Sammie Lee Woods, hereby appeals the district Court
Order dismissing Petitioner title 28 USC § 2255 Habeas Corpus
Motion that was issued by the Court on December 28,2008, Post-
marked from Zip Code 80202 on February 10,2009 and received by
Petitioner at Forrest City,Arkansas on february 27,2009.

    As per Houston v. Lack, 487 US 266(1988),Petitioner timely
files this appeal and deposits it into the Prison mail Box on
*3/16/09* .

Sammie Lee Woods
Federal Correctional Complex(Low)
USM#30425013
P.O.Box 9000
Forrest City,AR.72336-9000

"LEGAL MAIL"

**RECEIVED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 20 2009

GREGORY C. LANGHAM
CLERK

7007 2560 0002 7952 4040

CERTIFIED MAIL

UNITED STATES DISTRICT COURTHOUSE
ATTN: Clerk of the Court
901-19th Street    Room A105
Denver,Colorado  80294-3589

UNITED STATES
POSTAL SERVICE

0000

80294

U.S. POSTAGE
PAID
FORREST CITY,AR
MAR 17, 09
AMOUNT

$0.00
00046805-03

