**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 3, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

SAMMY LEE WOODS,

   Defendant - Appellant.

No. 09-1121
(D. Colo.)
(D.Ct. Nos. 1:08-CV-02529-WYD and
1:01-CR-00214-WYD-19)

---

**ORDER & JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th

Cir. R. 34.1(G). We accept this case for submission on the briefs.

Sammy Lee Woods,[2] a federal prisoner appearing pro se, seeks to appeal

---

[*] This order and judgment is not binding precedent. 10th Cir. R. 32.1(A). Citation to orders and judgments is not prohibited. Fed. R. App. 32.1. But it is discouraged, except when related to law of the case, issue preclusion or claim preclusion. Any citation to an order and judgment must be accompanied by an appropriate parenthetical notation -- (unpublished). 10th Cir. R. 32.1(A).

[2] The spelling of Woods' first name is unclear. In our previous decisions, we referred to him as "Sammy." *See United States v. Small*, 423 F.3d 1164, 1170 (10th Cir. 2005); *United States v. Woods*, 263 Fed. Appx. 704, 705 (10th Cir. 2008) (unpublished). He refers to himself as "Sammie" in the § 2255 motion at issue and in the documents he has filed with this Court.

from the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.[3]  The district court concluded it lacked jurisdiction over the motion because it was an unauthorized second or successive motion.  We agree and deny authorization to file a second or successive motion.

Woods was convicted of three drug offenses and sentenced to 240 months imprisonment.  His conviction and sentence were affirmed on direct appeal. *Small*, 423 F.3d at 1170.  He filed a § 2255 motion to vacate, set aside, or correct sentence with the district court, which was denied.  We denied a Certificate of Appealability ("COA").  *See Woods*, 263 Fed. Appx. at 707.

On November 20, 2008, Woods filed another § 2255 motion with the district court in which he alleged he is actually innocent and received ineffective assistance of counsel.  The district court dismissed the motion concluding it lacked subject matter jurisdiction because Woods had not obtained authorization from this Court before filing a second or successive motion.   Woods filed a notice of appeal, which the court construed as a request for a COA and denied.

The issuance of a COA is jurisdictional prerequisite to an appeal from the denial of a § 2255 motion.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a

---

[3] We liberally construe Woods' pro se filings.  *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Reasonable jurists would not debate whether the district court's dismissal of Woods' motion was a correct procedural ruling. 28 U.S.C. § 2255(h) provides:

A second or successive [§ 2255] motion must be certified as provided in [28 U.S.C. § 2244] by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Woods' motion is clearly a second or successive motion and he did not obtain the required certification from this Court. Thus, the district court properly

recognized it lacked jurisdiction to consider the motion.[4]  *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).

Although not required to do so, we treat Woods' notice of appeal, request for a COA and appellate brief as an implied application for authorization to file a second or successive § 2255 motion.  *See id.* at 1149.  Woods has not made the necessary showing.  He relies on neither newly discovered evidence, *see* 28 U.S.C. § 2255(h)(1), nor a new rule of constitutional law, *see* 28 U.S.C. § 2255(h)(2).[5]

We **AFFIRM** the district court's order and **DENY** Wood's implied application for authorization to file a second or successive § 2255 motion.  This denial of authorization "shall not be the subject of a petition for rehearing or for a writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).

Woods has submitted a supplemental brief to this Court.  We did not permit Woods to file such brief and, to the extent we construe the brief as including a

---

[4]  Had the court determined the interests of justice would be served by transferring the motion to this Court rather than dismissing it outright, it could have done so.  *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

[5]  Instead, he claims he is actually innocent of the crimes for which he was convicted because: (1) as to the first crime, he was not within the scope of Congressional intent; (2) as to the second crime, it did not involve him; and (3) as to the third crime, it was not included in the charging document.  He also claims he received ineffective assistance of counsel.

-4-

motion to file the same, we **DENY** that motion.

**Entered by the Court:**


**Terrence L. O'Brien**
United States Circuit Judge

## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
## OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker | | Douglas E. Cressler |
| Clerk of Court | August 3, 2009 | Chief Deputy Clerk |

Mr. Sammy Lee Woods
#30425-013
FCI Forrest City Low
P.O. Box 9000
Forrest City, AR 72336-0000

Mr. James C. Murphy
Office of the United States Attorney
District of Colorado
1225 17th Street, Suite 700
Denver, CO 80202

**RE:** **09-1121, United States v. Woods**
Dist/Ag docket: 1:08-CV-02529-WYD, 1:01-CR-00214-WYD

Dear Appellant and Counsel:

Enclosed is a copy of the order and judgment.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

EAS/sls