IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Crim. No. 01-CR-00214-WYD
Civil Action No. 07-CV-00367-WYD

UNITED STATES OF AMERICA,

   Plaintiff/ Respondent,

        v.

4.  ALVIN GREEN
     a/k/a, Mel Dog,

   Defendant/Petitioner,
   Movant,

---

## PETITIONER AND MOVANT'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY

---

Petitioner and Movant ALVIN GREEN, through counsel hereby respectfully the submits the within application for a certificate of appealability.

Dated: September 12, 2009.

                        by: /s/ Vincent James Oliver
                              Vincent James Oliver
                              Attorney for Petitioner
                              ALVIN GREEN

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I**

**INTRODUCTION**

The District Court has denied the Petitioner's Petition for for a Writ of Habeas Corpus under 28 U.S.C. 2255. The Petitioner seeks to appeal to the United States Court of Appeal. He may not do so unless the District Court grants a certificate of appealability pursuant to 28 U.S.C. 2253(c). In order for a certificate of appealability to be granted under that provision, the applicant must make a substantial showing of the denial of a constitutional right. Pursuant to Rule 22(b) the District Judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue. Thereafter, either the certificate or the statement is forwarded to the Court of Appeals with the Notice of Appeal.

**II**

**THE PETITIONER CLAIMS ARE MERITORIOUS**

In the matter at bar, the Petitioner received ineffective assistance of counsel at both the trial level and on appeal in violation of the Sixth, Eight, and Fourteenth Amendments to the United States Constitution.

In the trial court the defendant was denied effective assistance counsel because his counsel: (1) failed to effectively cross examine a government witnesses regarding prior inconsistent

statements; and (2) failed to seek a special jury instruction as to the amount of drugs attributable to the Petitioner. On the appellate level, he was denied effective assistance of counsel because his appellate counsel: (1) failed to argue the issue of severance which was raised at the trial level; and (2) failed to raise the issue of effective assistance of counsel by trial counsel who failed to seek a special jury instruction on the issue of the amount of drugs attributable to Petitioner. Moreover, Petitioner's sentence was cruel and unusual. Had counsel raised those issues there may have been a different result.

## II

### CONCLUSION

The issue of whether the defendant's right to effective assistance of counsel and the right not to be sentenced to a punishment which is cruel and unusual are issues for which the Petitioner has made a substantial showing and said issues should be addressed on appeal.

Dated: September 12, 2009.

>Respectfully submitted,
>LAW OFFICES OF VINCENT JAMES OLIVER
>
>By: /s/Vincent James Oliver
>Vincent James Oliver
>205 South Broadway/ #606
>Los Angeles, CA 90012
>Telephone: (213) 617-2307
>Facsimile: (213) 617-2851
>Electronic: Vjoliverlawyer@cs.com