## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

ZEBEDEE HALL,

     Defendant/Movant,

V.

UNITED STATES OF AMERICA,

     Plaintiff/Respondent.

           Cause No. 01-CR-214-D-(7)

Zebedee-Eli Hall, Agent and
Third Party Intervenor.

## MOVANT'S MOTION FOR RELIEF FROM VOID
## JUDGMENT DUE TO DEFECT IN THE PROCEEDINGS

The Movant, ZEBEDEE HALL, through authorized Agent, with explicit reservations of all Rights, Remedies and Defenses, without prejudice, hereby Moves this Honorable Court in the nature of Federal Rules of Civil Procedure Rules 60 (b) (4) and 60 (d) (1), to Discharge indictment, conviction and judgment in the above Cause where the judgment is Void due to defect in the proceedings.

The Affidavit and Memorandum of Law in Support hereto is incorporated herein by reference as though they were set forth at length.

Date: September 30, 2009

              By: _Zebedee-Eli Hall_
                  Zebedee-Eli Hall, Authorized
                  Agent for the Movant, c/o:
                  3392 Niagara Street
                  Denver, Colorado 80207

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable W. Y. Danial

ZEBEDEE HALL,

     Defendant/Movant,

                               :

V.
                                :      Cause No. 01-CR-214-D-(7)

UNITED STATES OF AMERICA,     :

     Plaintiff/Respondent.     :

                               :

Zebedee-Eli Hall, Agent and
Third Party Intervenor.        :

---

### MEMORANDUM OF LAW IN SUPPORT OF MOVANT'S MOTION FOR RELIEF FROM A VOID JUDGMENT DUE TO DEFECT IN THE PROCEEDINGS

The Movant, ZEBEDEE HALL, (hereinafter referred to as 'Movant'), through authorized agent, with explicit reservations of all Rights, Remedies and Defenses, without prejudice, hereby Moves this Honorable Court, pursuant to Federal Rules of Civil Procedure Rule 60 (b)(4), to discharge the indictment, conviction and judgment in the above Cause where the Judgment is Void due to a defect in the Proceedings.

### QUESTION PRESENTED

IF PUBLIC LAW 80-772 EXPIRED TWICE IN CONGRESS SINE DIE
AND THE PRESIDENT SIGNED AMENDMENTS INTO LAW PERTAINING TO
EXPIRED BILL IN VIOLATION OF ARTICLE I, SECTION 7, CLAUSE 2
OF THE UNITED STATES CONSTITUTION, WAS THERE A DEFECT IN THE
COURT PROCEEDINGS   DUE TO LACK OF JURISDICTION

### BACKGROUND

On June 7, 2001, the UNITED STATES OF AMERICA, (hereinafter referred to as "respondent'), brought suit against the Movant via indictment in the above Cause. Judgments were entered on April 14, 2005, in or about May 2007, and again on October 31, 2008.

The Court assumed jurisdiction pursuant to Title 18 United States Code, Section 3231, and issued all three Judgments pursuant thereto, and on October 31, 2008, imposed a term of imprisonment and/or punishment of 121 months.

## JURISDICTION

This Honorable Court has Jurisdiction to grant relief in this matter, where on just terms the Court is authorized, pursuant to Federal Rules of Civil Procedure Rule 60(b)(4), to relieve a party or its legal representative from a final judgment if the judgment is void. The Court has further powers and Jurisdiction to grant relief under Rule 60(d)(1) as well.

## RULE 60 (b)(4) IS THE APPROPRIATE AVENUE TO SEEK RELIEF FROM A VOID JUDGMENT DUE TO DEFECT

The question presented is a straight-forward one, where the Movant questions the soundness of the proceedings and herein states that the Judgment is Void where the Court lacked Jurisdiction to here the matter, and Fed. R. Civ. Proc. Rule 60 (b)(4), is available for those seeking relief from a Void Judgment. Public Law 80-772, (Title 18/ U.S. Criminal Code), under which this Court assumed subject-matter jurisdiction is Invalid, therefore, the judgment is Void and for Rule 60 (b)(4) purposes, if the rendering court is powerless to render a judgment the judgment is Viod. See Macarthur v. San juan County, 405 F. Supp. 2d 1302, 1306 (D. Utah), quoting, V.T.A., Inc., 597 F.2d 220, 224 (10th Cir. 1979).

## MOVANT'S MOTION IS TIMELY

The final proceeding and judgment were held and entered on October 31, 2008. Therefore, the movant's motion is timely and represents a true claim under Rule 60(b) as set out within Spitzens

v. <u>Boone</u>, 464 F.3d 1213 (10th Cir. 2006).

<div align="center">

LEGISLATIVE HISTORY OF
PUBLIC LAW 80-772/TITLE 18

</div>

The bill on the Federal Crimes and Criminal Procedure, which later became Public Law 80-772, was first introduced to the House of Representatives as House Resolution (H.R.) 2200 during the 79th Congress and passed the House unanimously, referred to the Senate Committee on July 16, 1946, in the Second session of the 79th Congress, but was 'never passed' to the Senate and **Expired** when the 79th Congress adjourned Sine Die. See <u>92 Congressional record 9122, 9067 (July 1946)</u>; 93 Cong. Rec. 5049 (May 12, 1947).

A simular Bill, entitled 'Crime and Criminal Procedure' was reintroduced as H.R. 3190 during the first session of the 80th Congress. This Bill, with some amendments, passed the House with a vote of 38 to 6 on May 12, 1947, and was referred to the Senate Committee on Judiciary the next day, in the 1st Session of the 80th Congress. See <u>93rd Cong. Rec. 5048-5049, (May 13, 1047); 5121 (May 13, 1947)</u>. Once again the Senate did not take up the Bill prior to the July 27, 1947, intersession adjournment, which is required. See <u>Senate C. Res. 33 Cong. Rec. 10439, 10522 (July 26, 1947)</u>. Upon President Truman's proclamation, Congress adjourned sine die on December 19, 1947, **without** the senate ever passing H.R. 3190, as evidenced within <u>Kennedy</u> v. <u>Sampson</u>, 511 F.2d 430, 444, @ N.4 (D.C. Cir. 1974).

H.R. 3190, which expired upon sine die adjournment was not reintroduced in the house again during the 1948 Session of the 80 th Congrss. See <u>94 Cong. Rec. 568 91948</u>. Mysteriously, near the end of the Second Session of he 80th Congress, (June 14, 1948),

<div align="center">

-3-

</div>

the Bill (H.R. 3190), with Judiciary Committee Amendments (per senate Report No. 6120) resurfaced in the Senate as if it had not 'expired' upon sine die adjournment in 1947 and as if it was actually passed by the House in 1948. See <u>Cong Rec. 8075 (June 14, 1948)</u>. On June 18, 1948, the Senate promptly passed H.R. 3190, and sent it back to the House expecting the House would adopt the amended Bill. See <u>Cong. Rec. 8712-8722 (June 18, 1948)</u>. The House concurred on the Amendments that same day but never voted on the amended bill. See <u>94 Cong. Rec. 8864-8866 June 18, 1948.)</u>. The second session of the 80th Congress adjourned on June 20, 1948, with H.R. 3190 still unsigned by the Speaker of the House nor signed by the President. See <u>Kennedy</u> v. <u>Sampson</u>, 511 F.2d at 444, (n.5).

It was only after the final adjournment of the second session of the 80th Congress, as authorized by H. Co. Res. 219, that the Speaker pro tempore signed the enrolled bill and presented it to the President on June 23, 1948, so that the then President, Truman, could sign the enrolled Bill into Law on June 25, 1948. See <u>94 Cong. Rec.'s 9354, 9365 and 9376</u>. Also see <u>94 Cong. Rec. Daily Digest 557</u>.

At the time the Bill was signed by the speaker of the House and the President pro tempore of the Senate, the 80th Congress was <u>not</u> in open session but fully adjourned sine die. See <u>Kennedy</u>, at 444, note 5, supra. Therefore, the face of the engrossed Bill signed by the 80th Congress shows that the Bill was passed and signed in the 80th Congress 1947 Session - not 1948 - by the House of Representatives. However, the enrolled Bill, which actually placed Public Law 80-772 into Law, was altered from the engrossed Bill, which shows a date of enrollment in 1947 in the 1st Session of the 80th

-4-

Congress, so that would and does appear as if the bill had passed both Houses in 1948, in the second session of Congress, thus, rendering the entire Bill a Fraud, a Forgery and Invalid, where the Constitution of the United States of America requires otherwise.

LEGAL ARGUMENT

A. Public Law 80-772 Is a Fraud and Unconstitutional:

Facts presented above establish that public Law 80-772 was enrolled via Fraud, where it was **not** properly passed by the House of Representatives **and** the Senate **before** it was presented to the President to be signed, in violation of Article I, Section 7, Clause 2, of the Constitution. And an act of Congress cannot become a Law unless it follows each and every procedural step as defined in said Article. Unfortunately, this is an area where Congress committed several procedural errors.

A Bill must originate in either the House of Representatives or Senate, but its exact text **must** be approved by the majority vote in both Houses, or be truely enrolled, and then it must be signed by the speaker of the House and President pro tempore of the Senate. Thereafter, the Bill must be presented to the President to be signed into Law. Congressional Records and other sources of information show that in this situation that procedure was not followed, where (a) the bill was passed by the House on May 12, 1947, and the resolution came before the Senate; (b) thereafter, Congress adjourned before the Bill could be passed; (c) by Law the Bill should have been returned to the House to be resubmitted to the Senate during a later session, however, the

Senate Committee on Judiciary continued its review of the Bill and

-5-

added amendments to the Bill; (d) the Senate passed the Bill as amended; and (e) the House failed to vote, as required by the Constitution, on the Bill as amended and thereafter presented a Fraudulent and Invalid Bill to the President to sign.

According to the Constitution, 'valid business shall be conducted only when Congress is in session and the majority of the members of both Houses are present.' In the case at bar, Congress allowed and authorized the House Speaker and President of the senate to sign enrolled Bills during a sine die adjournment of indefinite length that begin on June 20, 1948. This incomprehensible error was worsened when the Chairman of the Committee on House Administration 'certified as enrolled the original Bill as amended', and misrepresented this to the President of the United States as being enrolled.

Under Public Law 80-772, U.S. District Courts are given Subject-matter Jurisdiction over all criminal federal offenses. However, with said Public Law being INVALID due to its fraudulent process, Title 18 itself is also Invalid and as a direct result the Movant's judgment is Void, where the District Court never had Subject-matter Jurisdiction to here suit under 18 U.S.C. §3231, as assumed.

B. <u>The Senate And House Of Representatives Were Not Assembled</u>:

The enactment of any Public Law must derive from the "Enactment Clause" which must accompany the Bill. Title 1 U.S.C. §101 specifically sets forth the required Enactment Clause as follows:

> The enacting clause of all Acts of Congress **shall** be in the following form: "Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled." (July, 30, 1947, ch 388, §1, 61 Stat. 634).

Public Law 80-772, as evidenced by available Congressional Journals, was not properly enacted pursuant to Title 1 U.S.C. §101, and was not Lawfully passed by both Houses where the Bill expired sine die in the 1st session of the 80th Congress and not reintroduced as a new Bill during the second session, nor was it enacted in Congress Assembled. Without the proper enactment clause, Public Law 80-772 is Invalid on it face. And criminal statutes must have a **clear** legislative basis to be Constitutional. See <u>United States</u> v. <u>Smull</u>, 236 U.S. 405 (1915), wherein the United States Supreme Court provided: "A charge of a crime is society's moral condemnation of an individual with ever lasting social stigma. Therefore, the charge of a crime **must** have a clear legislative basis." End of quote.

C. <u>Title 18 is a Legal Nullity From Inception</u>:

The Court must consider and thereafter accept the inevitable truth, which is the Court clearly lacked subject matter jurisdiction to hear the above Cause. Title 18 is the result of an act of defiance toward the U.S. Constitution, and "an act of defiance of the Constitution is not Law; it confers no rights; it imposes no duties; it affords no protections; it creates no office; and it is, in legal contemplation, as inoperable as though it had never been passed." See <u>Norton</u> v. <u>Shelby Co.</u>, 118 U.S. 425 (1886).

Norton, supra, has never been over-ruled and the alleged laws styled by the United States Criminal Code (Title 18) were never enacted as Laws of the United States and are completely naked of authority to found a valid criminal prosecution. As such, there was a defect in the proceedings where the court lacked subject-matter jurisdiction, and Movant's judgment is Void.

D. The Court Lacked Subject Matter Jurisdiction:

Subject matter jurisdiction means the court's Statutory or Constitutional power to adjudicate a case, United States v. Cotton, 535 U.S. 625, 630 (2002), quoting, Steel Co., v. Citizens For A Better Environment, 523 U.S. 83 @ 89 (1988), and jurisdiction is the power to hear and determine the subject-matter in controversy between parties to a suit, and to adjudicate or exercise any judicial power over them. See Reynolds v. Stockton, 140 U.S. 254, 268 (1891). Subject-matter limitations on federal courts serve institutional interests by keeping federal courts within the bounds the **Constitution and Congress** have prescribed. See Ruhrges AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).

Being that Public Law 80-772 was never enacted into positive Law all statutes attached thereto, including 18 U.S.C. §3231, were never enacted into positive Law. This court exercised jurisdiction in the above Cause pursuant to an Invalid statute. As such, the court actually lacked lawful jurisdiction to hear the subject-matter in controversy. Therefore, Movant's judgment is Void.

Without jurisdiction the court cannot proceed at all in any case and when it ceases to exist the only function of the court from that point forward is to announce for the record its lack of jurisdiction and thereafter dismiss the case, Steel Co., v. Citizens, U.S. 523 @ 94, and because subject-matter jurisdiction involves the court's power to hear a case, a challenge thereto shall never be forfeited or waived and correction is mandatory whether the error or challenge was raised in the District Court or latter, United States v. Cotton, supra, @630, and further, where a District Court did not have subject-matter jurisdiction over the underlying

-8-

action its processes are <u>Void</u> and an Order of punishment based thereon <u>must</u> be reversed. See <u>United States Catholic Conf.</u>, 487 @ 77; and <u>Willy</u> v. <u>Coastal Corp.</u>, 503 U.S. @ 139.

E. <u>All Statures Must Be Constitutional To Be Valid</u>:

The constitution of the United States is Supreme Law of the land and binds every forum, whether it derives its authority from State or from the United States, <u>Cook</u> v. <u>Moffat & Curtis</u>, 46 U.S. 295 (1847); <u>Dodge</u> v. <u>Woolsey</u>, 59 U.S. 331 (1855), and the 1st three Articles of the Constitution established the principal of separation of powers, whereby, no branch may exercise powers that properly belong to another <u>or delegate its responsibilities to other branches.</u> See Articles 1 through 3, with precedents, of the United States Constitution.

Moreover, Public Law 80-772 is repugnant to the constitution, and an act of Congress repugnant to the constitution is Void, <u>Cooper</u> v. <u>Telfair</u>, 4 Dall 14 (1800), and the constitution must prevail where inconsistency with a statute is clear. <u>Powell</u> v. <u>Pennsylvania</u>, 127 U.S. 687 (1888). Although the above cites are possibly considered old, the wisdoms provided therein remain unmolested and the principals provided thereby are still applicable today.

F. It Is The Court's Duty To Declare Invalid Legislation
<u>Which Is Unconstitutional</u>:

Judicial intervention is appropriate in this matter, where the records are clear and indisputable. "It is emphatically the Duty of the Judiciary to say what the law is and judicial invention is appropriate when Congress has failed to adhere to its own rules or the Rules provided by the Constitution." <u>Marbury</u>, @ % U.S. 177. And " if one branch (Congress) unduly interferes with the role of another (U.S. District Courts), all such actions are Void." <u>Nixon</u>

-9-

v. <u>Administration of Gen. Servs.</u>, 433 U.S. 425, 441-442 (1977).

## EXCEPTIONAL CIRCUMSTANCE

The invalidity of Title 18 as a whole, including 18 U.S.C §3231, which provides:

> "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the law of the United States";

deprives this Honorable Court of the right to adjudicate the issue in controversy in the above cause, where it could not possible assume jurisdiction due to the said Invalidity. Clearly the issue presented amounts to an exceptional circumstance due to Congressional FRAUD, which substantially caused a Defect in the Proceedings where the court was and is prevented from exercising it's judicial role. Simply put, the invalidity of public Law 80-772 deprives Federal District Courts of     the right to adjudicate criminal cases, which is decidely different and apart from the role the Constitution envisions for courts and judges pursuant to the Third Article of the Constitution.

## CAVEAT

Movant has the right to be free from unlawful imprisonment and involuntary servitude. Until the respondent prove otherwise, the Movant is injured due to unlawful imprisonment and a five year term of supervised released. Therefore, the movant request that the respondent Officially (via affidavit and supporting documentation) rebut Movant's claim that title 18 is Invalid by bringing forth proof(s) contrary to Movant's claims presented herein within 90 working days after receipt of this document/contract.

-9-

Failure and/or refusal by the respondent to respond in the manner presented above will equal respondent's Default and Dishonor, where respondent will have Stipulated and Agreed via, Confessed Judgment, that Movant's judgment(s) and all injuries related thereto derived from Unlawful suit brought via Cause No. 01-Cr-214-D-97). Said stipulation and agreement will also include respondent's agreement that, Zebedee-Eli Hall, a living soul, have suffered injury as a direct result of respondent's unlawful suit and further stipulate and agree that Zebedee-Eli Hall shall be released from any imposed term of supervised release ordered by the Court.

Movant seeks to timely resolve this matter and may only do so upon respondent's "Official" and timely response by providing the requested Proofs contrary to Movant's claims presented herein, as to whether the above suit was Proper, Lawful and Constitutional.

In the event the respondent Default via untimely response or by a response in a manner unlike the one requested herein, the respondent will be foreclosed on by latches and estopped from maintaining or any further enforcement of contract No. 01-Cr-214-D-(7) - UNITED STATES OF AMERICA v. ZEBEDEE HALL, in any proceeding(s), court or administrative unit, and also agree and stipulate to the fact that Movant's Judgment(s) are Void due to a Defect in the Proceedings.

## CONCLUSION

Movant has demonstrated by the foregoing argument and factual assertions (which are easily proved via Congressional Records, Digest, etc.) presented through this Motion, pursuant to Federal Rules Of Civil Procedure Rule 60 (b)(4), that the Judgement in association with the above Cause is Void and violative of the United States Constitution.

While many of the foregoing assertions are already supported by Congressional and Public Record, an Evidentiary Hearing may be appropriate to further assist Movant's position.

**WHEREFORE MOVANT**, through authorized Agent, respectfully request of this **HONORABLE COURT** the following:

**ORDER** the respondent to respond in the manner offered herein;

**ORDER** an evidentiary hearing, and upon proof of Movant's assertions presented herein;

**ORDER** that Movant's imposed term of supervised release be **VACATED** and the Conviction and Judgment associated hereto **BE EXPUNGED FORM MOVANT'S RECORD.**

Dated: September 30, 2009

By: _Zebedee-Eli Hall_

Zebedee-Eli Hall, Authorized
Agent, Without Prejudice,

c/o:

3392 Niagara Street
Denver, Colorado 80207

# A F F I D A V I T

State of Colorado )
                  )   ss:
County of Denver  )


Being duly Sworn, Zebedee- Eli Hall, a living soul, with clean hands and in good faith, without any intent to mislead, hereby state the following to be True and Correct to the best of my knowledge, and with sound mind state as follows:

1.) That on June 07, 2001, UNITED STATES OF AMERICA brought suit gainst ZEBEDEE HALL via Cause No. 01-Cr-214-D-(7);

2.) That I, Zebedee-Eli Hall, is the autjorized representative for the ens legis, ZEBEDEE HALL, via UCC 1 Financing Statement Number 20072122602 C;

3.) That Public Law 80-772 - Title 18 United States Crimicode - was not Lawfully voted or passed into Positive Law;

4.) That there is a Defect in the Proceedings relative to Cause No.01-CR-214-D-(7);

5.) That the Defect was and is a direct result of the Invalidity of Public Law 80-772/Title 18;

6.) That the court lacked Subject Matter Jurisdiction to hear Cause No. 01-CR-214-D-(7); and

7.) That the Conviction, Judgments, Sentences and imposed term of Supervised Release were and are Unlawful and violative of the Constitution.

The above statements are made freely and of my own free will, and are True and Correct to the best of my knowledge, and no one has promised me any thing or caused me to state the same.

By _Zebedee-Eli Hall_
Zebedee- Eli Hall, Authorized
Agent, Without Prejudice, c/o:

3392 Niagara Street
Denver, Colorado 80207


Sworn to before me this 29th date of September 2009, Zebedee-Eli Hall, appeared before me and Swore to the above statements.

Notary Public _____

My Commission Expires: 4-14-10

Notary Seal

-12-

## CERTIFICATE OF SERVICE

I, Zebedee-Eli Hall, hereby certify that a True and Correct copy of the foregoing, Movant's Motion and Memorandum of Law in Support    of Movant's Motion For Relief From Void Judgment Due to Defect In The Proceedings, was placed in the United States Mail and mailed to the following individuals:

Clerk of the Court
U.S. District Court
Denver, Colorado

A.U.S.A. Guy Till
U.S. Attorney's Office
Denver, Colorado

first class mail.

By: _Zebedee-Eli Hall_

_Oct. 01, 2009_

-13-

3392 Niagara Street
Denver, Colorado 80207

Denver, C
MON 26

Clerk of t,
United States Distr
901 - 19th Street,
Denver, Colora.