```
Sammie Lee Woods,Prisoner          Re:MOTION FOR REDUCTION OF
USM# 30425-013                     SENTENCE FROM THE 100:1 RATIO
P.O.Box 9000,M-A                   TO THE 1 TO 1 RATIO,
Forrest City,AR.72336-9000
              u.S.A.
```

Dated:10/26/2009      01-cr-00214-WYP



United States District Court

Attn:Clerk of the Court

901-19th Street.,A-105

Denver,Colorado 80294-3589


Dear Clerk of the Court,

Enclosed in this package along with Petitioner's 3582 Motion, for filing for reduction of sentence due to the 1 to 1 ratio. When this Motion 3582 has been recorded, please send a copy to the address listed above.

If the Court need for Petitioner to submit anything in regard to Motion please contact me at the above listed address. And thank you so much for your attention in this matter. Petitioner is Demanding Jury, and an appointment of counsel .


Respectfully Submitted,

Sammie Lee Woods
*Sammie Lee Woods*
#USM30425-013

1 of 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF COLORADO
CASE NO. 01-CR-00214-WYD

| | | |
|---|---|---|
| Sammie Lee Woods, Defendant | ) | JUDGE: Chief Judge Wiley Y. Daniel |
| Pro-se, Demands, | ) | MOTION FOR REDUCTION OF |
| VS. | ) | SENTENCE FROM THE 100:1 RATIO |
| UNITED STATES OF AMERICA, | ) | TO THE 1 to 1 RATIO, REQUIRE |
| (Inter Alios) et. al. | ) | BY 18 USCS § 3553(a), AND THE |
| RESPONDENT(S). | ) | ADVISORY GUIDELINES ET. AL. |

Now comes the Defendant Sammie Lee Woods, named in the above case number, who moves this Court to grant the following demands base on the finding of the findings held on January 25, 2008; Good Math to Fight the Bad Math: Applying the Commission's Lowest Accepted Ratios to All Offense Levels, by James Egan and Molly Roth.

In order for the defendant to get the full benefits from the [USSC] and [USSG] § 2D1.1 Ratios taken directly from that § and application note 10.D, and the changes implimented by the Supreme Court and the Sentencing Commission pre-November 1, 2007 warrants a further reduction under the 100:1 to 1 to 1 Ratio under the new crack v. powder cocaine disparity.

The Defendant is requesting to be receive the same 1 to 1 ratio reduction and "categorigal approach" under 18 USCS § 3553(a) as the courts found in similar cases, i.e. Carmen Hernandez, Sentencing Commission Should Propose Changes to Crack Cocaine Guidelines, 31-APR Champion 14 (2007)( discussing lack of any scientific evidence to support setting ratio of powder to crack at 100:1.

In the courts determination and consideration to apply the 1 to 1 ratio reduction in this case, See United States v. Robert E. Collier, No. 4:05-CR-313, Lexis 67610 (ED-MO 9/5/2008);

alm-16                                   1

Also See, In United States v. Ragland, 568 F. Supp. 2d 19, 2008 U.S. Dist. LEXIS 58041, 2008 WL 2938662 (D.D.C. 2008) 706 Amendment Applied; In United States v. Poindexter, 550 F. Supp. 2d 578 (E.D. Pa. 2008), concluded that he was eligible for sentence reduction and that 2D1.1 "play[ed] a role" in Poindexter's guideline calculation far more significant that Section 4B1.1, the career offender section. Id.; In United States v. Nigatu, 2008 U.S. Dist. LEXIS 28-541, 2008 WL 926561 (D. Minn. Apr. 7, 2008), Judge Magnuson declined to sentence the defendant as a carrer offender in 2000 because that status overstated his criminal history, in most cases the (SOR) statement of reasons that the designation of career offender status was inappropriate, and therefore could not have imposed the defendant's sentence based on the career offender table in § 4B1.1. 2008 U.S. Dist. LEXIS 28541 at 1. The court concluded Amednment 706 applied and defendant was entitled to the two-level decrease, and is now eligible for the 1 to 1 ratio decrease as well since 01/24/08.

Finally, in United States v. Clark, 2008 U.S. Dist. LEXIS 521-73, 2008 WL 2705215 (W.D. Pa. July 7, 2008), the sentencing judge departed from the initial guidelines range of 262 to 327 months to a range of 151 to 188 months, based on his determination that the defendant's career offender status substantially overstated the seriousness of his criminal record and sentenced the defendant to 151 months. On defendant's 3582(c)(2) motion under Amendment 706 before a different judge, the court and the parties agreed that the motion should be granted, and the post-departure sentencing range. 2008 U.S. Dist LEXIS 52173, [WL] at 1. As stated already the Court finds that Section 2D1.1 "play[ed] a role' in Collier's guideline calculation which was far significant than the role of Section 4B1.1 career offender section.

alm-16

2

The defendant demands that he receive the 2-Level retroactive reduction past by the Sentencing Commission and went into effect on March 3, 2008, and the 1 to 1 Ratio from "crack" to "powder cocaine" which was amended to amendment 706 on January 24, 2008, for the same reasons the court found that the factors under 18 USCS § 3553 (a) was overstated in United States v. Reginald Cornell Neal, 2008 U.S. Dist. LEXIS 20744 Case N. 1:07-cr-60 (WD-MI-SO-DIV March 14, 2008); In United States v. Anthony T. Lewis, 2009 U.S. Dist. LEXIS 48081 Crim. No. 04-0430 (PLF) (D.D.C. June 9, 2009) reduce Lewis sentence after Lewis was sentence to 162 months to 130 he was entitled to a two-level downward adjustment and was accountable for 187.7 grams of crack cocaine, his guideline level was 18 under USSG Manual § 2D1.1(c)(11), his adjusted offense level was 16. Because he had 17 criminal history points, he was at offense level 16, criminal history category VI, thus the advisory sentencing range was for defendant was 46 to 57 months. Because there was a congressionally mandated statutory minimum sentence of 120 months, however, that was the minimum lawful sentence. The district court took under consideration defendant's long criminal career, as well as steps he had taken in prison to turn his life around, and varied the sentence upward to a period of 130 months in prison to followed by five years of supervised release.

## CONCLUSION

The court is place on Supervisory Notice, Administrative Notice, and Judicial Notice concerning the Opinion by: Judge Mark Bennett, in United States v. Demetrius Darnell Gully, ND-IA-CEN-DIV, 2009 U.S. Dist LEXIS 42888, No. CR 08-3005-MWB (May 18, 2009), to take these necessary steps to apply to proper methods in reducing the

alm-16                               3

defendant sentence under the 2-Level crack cocaine reduction, and the 1 to 1 Ratio crack cocaine to powder reduction respectfully;

    A. Indictment And Guilty Plea

    B. Indictment And § 3553(a) Factors

    C. Was Defendant treated Fair After Deciding to go to Trial?

    D. The <u>Crack</u>-to-Powder Disparity Issues

    E. What Is At Stake

II. LEGAL ANALYSIS

    A. Authority To Reject The 100:<u>1 Crack-to-Powder Ratio</u>

        1. The parties' positions

        2. Analysis

    B. Appropriateness Of A <u>1:1 Ratio</u>

        1. Arguments of the parties

        2. Analysis

        a. Issues in the <u>crack</u>-to-powder disparity debate

        b. Policy-based rejection of the 100:<u>1 ratio</u>

        c. The reasoned alternative methodology

    C. Application Of The Court's Methodology In This Case

The Iowa court finds that is has the discretion to impose a <u>1:1</u> <u>crack</u>/powder <u>ratio</u> in sentencing and that a <u>1:1 ratio</u> is appropriate not only in this case, but in all "crack" cases, while other factors for which higher ratios have been used as a proxy are properly addressed in the consideration of the 18 USCS § 3553-(a) factors. Defendant_____,is resentenced accordingly. DATED this_____ day of_____, 2009.

/s/ _____, U.S. Dist. Judge

District of_____. Defendant sentence is reduce to_____, This_____day of_____, 2009.

alm-16                  4

Respectfully Submitted

Sammie Lee Woods

USM # 30425-013

Federal Correctional Complex(Low)
Institution

P.O.Box 9000, M-A
P.O. Box No.

Forrest City,AR.72336-9000
State and Zip Code

## CERTIFICATE OF SERVICE

I, Sammie Lee Woods, hereby state under the penalty of perjury 28 USCS § 1746, that a true and exact copy of the foregoing was serve on the office of the EOUSA/USA/AUSA listed below and the Clerk of the Court with a self-addressed envelope for the court to mail the defendant a-stamp-file-copy of the same Motion for the relief stated therein, done this 22nd day of October, 2009.

EOUSA/USA/AUSA
Attorney Office: James C.Coyle,et.al.,1225 Sevententh Street,

Clerk of the Court: Gregory C.Langham,District Clerk

901 19th Street., Room A-105   Denver,Colorado80294-3589

Defense Attorney on Record: Ronald Gainor

## "AFFIDAVIT"

I, Sammie Lee Woods, hereby submit this affidavit of fact that the information contained herein is true and correct to the best of my knowledge and is intended for the purposes and relief demanded for and require by law to achieve the purposes requested for in this motion and the facts stated herein, Done this 26th day of October, 2009.

alm-16

/s/ Sammie Lee Woods
USM # 30425-013

5

30425-013
Sammie L Woods
F.c.i. Complex (low)
P.o.box 9000
Forrest City, AR - 72336
United States

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
NOV -2 2009
GREGORY C. LANGHAM
CLERK

LEGAL MAIL

30425-013
USCRTHOUSE CLERK
90119thstr
Denver, CO - 80294
United States




