IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Case No. 01-cr-00214-WYD

UNITED STATES OF AMERICA,

Plaintiff,

v.

GEORGE MURRAY,

Defendant.

___

**ORDER OF DETENTION**
___

THIS MATTER came before me for a detention hearing on February 1, 2011. I have reviewed the case file, received proffers, and heard the arguments of counsel.

Rule 32.1(6), Fed. R. Crim. P., governs the issue of detention where a person has been arrested for violating probation or supervised release. The Rule provides that the person must be taken without unnecessary delay before a magistrate judge who, among other things, must make a determination of detention as follows:

> The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a) pending further proceedings. **The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the person.**

Fed. R. Crim. P. 32.1(6) (emphasis added).

Section 3143(a), 18 U.S.C., provides:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence, other than a person for whom the applicable guideline promulgated pursuant to

>  28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds **by clear and convincing evidence** that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).
>
>  (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless–
>
>>  (A)(i)  the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>>
>>  (ii)   an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>>
>>  (B)   the judicial officer finds **by clear and convincing evidence** that the person is not likely to flee or pose a danger t any other person or the community.

(Emphasis added.)

In making my findings of fact, I have taken judicial notice of the information contained in the court file, considered the proffers presented, and heard the arguments of counsel. Weighing the factors applicable under Rule 32.1(6), find the following:

The defendant waived his right to a preliminary hearing, conceding that there is probable cause to believe that he committed the violation charged.. The defendant has failed to establish by clear and convincing evidence that he will not flee and that he will not pose a danger to any other person or to the community. Specifically, the evidence establishes that the defendant has been convicted of a crime in every decade since the 1960s, several of which were crimes of

violence, and one of which was murder. The most recent crime, and the one which forms the basis for the government's request to revoke release, is a third degree assault following a domestic violence incident on October 2, 2010, to which the defendant pled guilty in January 2011.

After considering all appropriate factors, I conclude that the defendant has failed to establish by clear and convincing evidence that he will not flee and that he will not pose a danger to any other person or to the community.

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

Dated February 1, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge