**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Wiley Y. Daniel**

**Criminal Case No. 01-cr-00214-WYD-16**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**16. George Melvin Murray,**

    **Defendant.**

___

**MEMORANDUM OF LAW FOR HEARING ON SUPERVISED RELEASE VIOLATION**
___

    Defendant George Melvin Murray, thought his court-appointed attorney Richard N. Stuckey, respectfully submits this Memorandum in support of his contention that the alleged supervised release violation, set for hearing February 16, 2011, at 3 p.m. before this Honorable Court, wrongfully alleges that the violation is a Grade A violation under Sentencing Guideline 7B1.1(a)(1).  Defendant alleges that the violation is at best and if proven a Grade B violation under Sentencing Guideline 7B1.1(a)(2).  In support thereof, the following argument is submitted:

    1. The alleged violation as stated in the Supervised Release Violation Report is a "Violation of the Law (Third Degree Assault),"[1] and is based on a plea of guilty entered by

---

    1. If proven, this would be a violation of the standard condition of supervised release that defendant commit no crimes under federal, state or local law.

Defendant Murray in Denver County Court in Case 10M12509 on January 21, 2011, to one charge of violating Colorado Revised Statute 18-3-204(1)(a), commonly known as the Colorado Third Degree Assault statute.[2]

2. The Supervised Release Violation Report takes the position that a conviction under the Colorado Third Degree Assault statute is a "crime of violence" and thus a Grade A violation for purposes of Sentencing Guideline 7B1.1(a)(1). That guideline does provide that conduct constituting a state offense punishable by imprisonment for more than one year that "is a crime of violence" is a Grade A supervised release violation.

3. Application Note 2 to 7B1.1 provides that the crime of violence definition in Guideline 4B1.2 applies to 7B1.1. The definition of "crime of violence" in 4B1.2 states that the term "crime of violence" means an offense punishable by imprisonment for more than one year that either (1) has as an *element* of the offense the use of force in some manner, or (2) is burglary, arson, extortion, use of explosives, *"or otherwise involves conduct that presents a serious potential risk of physical injury to another."* (Emphasis added.)

4. The Colorado third degree assault statute does not have as an *element* the use of force, and therefore categorically can never qualify as a "crime of violence" under 4B1.2(a)(1). *United States v. Perez-Vargas*, 414 F.3d 1282, 1287 (10th Cir. 2005); *see also, United States v. Garcia*, 470 F.3d 1143, 1147 (5th Cir. 2006) (which case also deals with this Colorado statute).

5. The "otherwise" clause of Guideline 4B1.2(a)(2) (quoted above in paragraph 3), it is respectfully submitted, also does not encompass the Colorado third degree assault statute, at least

---

2. . The Colorado statute, C.R.S. Sec. 18-3-204(1)(a), reads in pertinent part "A person commits the crime of assault in the third degree if . . . the person knowingly or recklessly causes bodily injury to another person or with criminal negligence the person causes bodily injury to another person by means of a deadly weapon . . ." A violation of this statute is now punishable by a maximum of 24 months imprisonment.

in this case, as will be shown.

6. *Begay v. United States*, 553 U.S. 137, 170 L.Ed.2d 490, 1285 S.Ct. 1581 (2008) ruled that a prior offense, to constitute a "crime of violence," must be an offense committed in a "purposeful, violent and aggressive manner." Because the Colorado Third Degree Assault punishes conduct committed either "knowingly or recklessly" (or by criminal negligence, not involved here), a state conviction under that statute does not satisfy the *Begay* "purposeful" requirement for a prior crime of violence. Thus Colorado Third Degree Assault can never come within the scope of the "otherwise" clause of 4B1.2 (a)(2) because the most culpable *mens rea* of the Colorado statute is "knowingly," which cannot be equated to *Begay*'s "purposeful, violent and aggressive" requirement, since "knowing conduct" cannot equate to "purposeful" conduct. The words "purposeful, violent and aggressive" as used in *Begay* envision a specific intent to cause injury, which mere "knowing" conduct does not.[3]

7. And finally, the conviction of defendant in Denver County Court does not even indicate whether he was charged with or convicted of "knowing" conduct or just "reckless" conduct. The Case Information Sheet and the Rule 11 Advisement and Plea of Guilty record in that case are attached hereto as an exhibit for the Court's information. The Case Information Sheet, under "Violations" merely states cryptically  "1 Guilty . . . 18-3-204(1)(a) . . . M1 ASSAULT 3-KNOW/RECKLESS CAUSE INJURY." More significantly, the record of the Plea of Guilty (on page 2 of the exhibit, which is the reverse side of page 1) indicates that the defendant pled guilty to "knowingly *or* recklessly caused [sic] bodily injury to another person."

---

3. It can also be argued that the Colorado statute can never come within the scope of the "otherwise" clause of 4B1.2(a)(2) because Application Note 1 to that guideline states only that "aggravated assault" is a crime of violence (among others not relevant here), and not "simple assault" which the Colorado statute encompasses.

(Emphasis added.)  The "slash" mark on the Case Information sheet, and the use of the word "or" in the plea document are both ambiguous as to whether the conviction was for "knowing" conduct or just "reckless" conduct, which clearly does not come within the purview of the "otherwise" clause.  The defendant was charged with a *mens rea* in the disjunctive and admitted to a *mens rea* in the disjunctive.  Because of the ambiguity, the government cannot prove that the defendant was charged with or convicted of even "knowing" conduct, much less "purposeful" conduct as argued above.  The defendant must be shown at the very least to have acted "knowingly" before the Guideline 4B1.2(a)(2) "otherwise" definition of "crime of violence" can be satisfied.  The official court records from Denver County Court do not show the requisite *mens rea* to qualify this prior conviction as a "crime of violence."

      WHEREFORE Defendant Murray requests that the Court find only a Grade B violation, if a violation is found at all.  Defendant also wishes to argue to the Court that his Denver County Court conviction was tainted in that he was forced to accept the plea offer when he actually wanted to go to trial.

Dated:   February 15, 2011.                          Respectfully submitted,

                                     s/ Richard N. Stuckey  
                                     Richard N. Stuckey  
                                     Richard N. Stuckey, Attorney at Law, PC  
                                     1801 Broadway, Suite 1100  
                                     Denver, CO 80202-3839  
                                     Office Phone: 303-292-0110  
                                     Fax Phone: 303-292-0522  
                                     E-mail dick@richardstuckeylaw.com  
                                     Attorney for Defendant George Murray

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on February 15, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses of all counsel entered in this case, and that I e-mailed a copy with exhibit to Probation Office Kurt Pierpont at Kurt_Pierpont@cod.uscourts.gov .

                                        s/ Richard N. Stuckey
                                        Richard N. Stuckey
                                        Richard N. Stuckey, Attorney at Law, PC
                                        1801 Broadway, Suite 1100
                                        Denver, CO 80202-3839
                                        Office Phone: 303-292-0110
                                        Fax Phone: 303-292-0522
                                        E-mail dick@richardstuckeylaw.com
                                        Attorney for George Murray