IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 01-cr-00214-WYD-16

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**16.    GEORGE MELVIN MURRAY,**

        Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MEMORANDUM (DOC 3821) AND ARGUMENT IN COURT**

---

The United States, by United States Attorney John F. Walsh and the undersigned Assistant United States Attorney (Government), respectfully files this Government's response to the defendant's arguments in Court on February 16, 2011, and the Memorandum of Law for Hearing on Supervised Release Violation (DOC 3821)(Memorandum). The Government states and represents to the Court as follows:

> **Issue presented: Whether a Colorado Third Degree Assault conviction where a man inflicted bodily injury on a woman, later telling the victim that she deserved it, according to paperwork from the Denver County Court file, is a crime of violence within the meaning of U.S.S.G. § 4B1.2(a)(2)'s residual clause?**

1. It appears the defense contends that on a "categorical" basis it is impossible for a Third Degree Assault conviction to represent a felony crime of violence

(Memorandum ¶¶ 5 and 6).[1] But it also appeared during argument in Court that the defense conceded that if certain words were crossed out on the Denver County Court Judgment of Conviction in this case (to eliminate the reckless alternative for having caused bodily injury), the Judgment of Conviction by itself would establish a felony conviction for a crime of violence.

2. Third Degree Assault, as defined in the laws of Colorado at C.R.S. § 18-3-204, is punishable by a term of imprisonment exceeding one year. A Third Degree Assault conviction should be regarded as a grade A violation of supervised release if it is a "crime of violence" under U.S.S.G. §7B1.1. Application note 2 for §7B1.1 states that "'[c]rime of violence' is defined in §4B1.2."

3. Section 4B1.2(a)(2) defines a "crime of violence," in part, as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that ... is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

(emphasis added). The portion of §4B1.2(a)(2) presented above in italics is referred to as the "residual clause" or the "otherwise clause" in a number of reported cases.

4. In Colorado state courts, offenses based on statutes which may be violated in a variety of ways, such as recklessly or knowingly causing bodily injury in the case of Third Degree Assault, are generally charged in the alternative. It is not uncommon for a

---

[1] In some important ways the detailed argument presented by the defense is a windfall for the Government. The defense basically lifts elliptical portions of Supreme Court decisions, treats them as though they were Euclidian axioms, and deduces that it is impossible for Third Degree Assault to be a crime of violence. Clearly, there is a flaw in the defense reasoning.

2

single statute to define more than one way of committing a certain crime.  To determine which provision of a statute was violated for purposes of relying on a prior conviction it is proper to resort to the judicial documents relating to the prior conviction. *Shepard v. United States*, 544 U.S. 13, 26 (2005).   Such documents may include "the charging document, the terms of a plea agreement or transcript or colloquy between judge and defendant in which the defendant confirmed the factual basis for the plea, or some comparable judicial record of this information."   *Id.* at 26.  Judicial admissions by the defendant may be considered.  *Id*.   *Shepard* permits factual information, so long as it is obtained by consulting "some comparable judicial record," to mitigate the "categorical" approach put forth in *Taylor v. United States*, 495 U.S. 575, 602 (1990).

     5.  The range of judicial documents that can resolve the ambiguity is  broad. *See* Judge Posner's opinion in *United States v. Aviles-Solarzano,* 623 F.3d 470,  (7th Cir. 2010).  In *Aviles-Solarzano*, the sentencing court considered a summary of the indictment related to a previous conviction rather than a certified copy of the indictment itself.   The 7th Circuit held the "sentencing judge committed no error, plain or otherwise" by considering the summary.  *Id*. 476.  Similar in some important ways is the implicitly pragmatic reasoning of the majority in *Chambers v. United States*, 555 U.S. 122, 129 S.Ct. 687 (2009) where Justice Breyer delivered the opinion of the Court.  The *Chambers* Court unapologetically decided the case on the basis of statistical studies published in November 2008 and which were outside the record in the sentencing court and the Court of Appeals.  The studies were published only after the Court of Appeals decided the case below in 2007. *Id.* 690-691, 693.  In the case now before the Court,

certified copies of documents from the Denver County Court's file, the Judgment of Conviction, and the defendant's admissions in United States District Court show the defendant knowingly used physical force on a disabled woman causing her bodily injury in this case.  *See* Court Exhibit 1.

6.  The Government understands the defendant to argue, further, that his plea of guilty to Third Degree Assault is fatally ambiguous (DOC 3821).  In *Begay v. United States*, 553 U.S. 137 (2008), the Supreme Court established a two-part test for determining whether an ambiguous felony conviction qualifies as a "violent felony" under the residual clause of the Armed Career Criminal Act. A court first must determine whether the crime presents the same degree of risk of physical injury to another as the "example" crimes listed in the residual clause: burglary, arson, extortion, and use of explosives. Second, a court must evaluate whether the prior offense is "roughly similar" in kind to the example crimes. The Court in *Begay* stated that the example crimes "typically involve purposeful, violent and aggressive conduct," and an offense would be roughly similar in kind if it involved that type of conduct.  *Begay,* 553 U.S. 137, ___, 128 S.Ct. 1581, 1586.[2]  The defense would have the Court construe

---

[2]  Some jurists would prefer ordinary language to function with the precision of mathematics.  Down through the ages great thinks have aspired to such a goal.  In the last century thinkers such as A.J. Ayer, the early Ludwig Wittgenstein, and Bertrand Russell aspired to develop a perfect language.  Their work led others to the conclusion that ordinary language does not work like mathematics.  One need not agree with everything a thinker like Jacque Derrida has to say about language, but even the later Wittgenstein agreed that ordinary language proceeds by analogy and metaphor, is inevitably idiomatic, and tends to change and grow in an organic rather than strictly logical way.  The ambition of making ordinary language as disciplined, stable and coherent as Euclidian geometry, according to thinkers like Ferdinand de Saussure and the later Wittgenstein, is not realistic.

*Begay* as if the words "typically" and "roughly" were not part of the opinion. In oral argument, the defense repeatedly used the words "categorical" and "categorically" to argue the Court must close its eyes to the facts in this case. The Government submits that the presence of words like "roughly," "similar," and "typically" in *Begay* provides enough flexibility for the Court to recognize the truth of this specific case in which the Third Degree Assault conviction does fit within the "residual clause" of §4B1.2(a)(2). Indeed, as the concurring opinion in *Chambers* by Justice Alito states, the net effect of *Chambers* and *Begay* is to provide sentencing courts with latitude *Taylor* would curtail, resulting in seeming disparate decisions depending on whether the sentencing court emphasized *Taylor* or *Begay* in reaching its sentencing decision. *Chambers,* 694-695 *(Taylor*'s "categorical approach" to predicate offenses "has created numerous splits among the lower federal courts*").* [3] *See also* "Violent Crimes and Known Associates:

---

[3] Mr. Justice Alito, no doubt a gifted jurist and brilliant scholar, in his concurring opinion suggests that only Congress can cure the present state of confusion. Certainly, Congress could create a specific and lengthy list of specific crimes that would or would not qualify as predicate offenses. However, failing that remedy, another approach would be to allow the genius of the common law to work according to its wise and circumspect method of deciding no more than is necessary to conclude a specific case. If that methodology were followed, a case like *Begay* would stand for the limited proposition that drunk driving is not a violent crime for purposes of the ACCA. A case like *Chambers* would stand for the limited proposition that failure to report to prison is not a violent crime for purposes of ACCA. We appreciate the effort and intent in *Begay* to help us with the meaning of the terms addressed in the remarks of the Court, but the problems which arise from the general discussion (not cabined by the context of the specific controversy) of terms is similar to the problems of the interlocutors in the Platonic dialogues. It is difficult indeed, if not almost impossible, to provide the necessary, complete and sufficient definition of terms when they are not bound by context. Hence the language in *Begay* (which was intended to explicate the meaning of "crime of violence" for humble readers such as Government counsel) is parsed, isolated, and mobilized by the defense in a questionable argument suggesting an offense defined as an assault could never be considered a crime of violence. This is a poor argument.

The Residual Clause of the Armed Career Criminal Act", *Connecticut Law Review*, November, 2010, by David C. Holman, discussing the manner in which the influences of *Taylor/Shepard* pull sentencing courts towards a "categorical" approach while the influence of *Begay/Chambers* is to open the process to evidence of pertinent facts related to a specific crime of conviction.

      7.  The Government respectfully submits that the narrative in *Begay* necessarily is shaped by the fact that the specific crime at issue in *Begay* was driving under the influence.  Similarly, in *Chambers*, the offense addressed by Justice Breyer for the majority was failure to report.  Here, of course, we are concerned with a conviction for Third Degree Assault.  Driving under the influence and failure to report naturally fall outside the residual clause.  Third Degree Assault naturally falls within the category of crime of violence.  Two years prior to the Supreme Court's *Begay* decision the Tenth Circuit held in *United States v. Paxton*, 422 F.3d 1203, 1206 (10th Cir. 2005), that "a Colorado third degree assault is categorically a crime of violence under U.S.S.G. §4B1.2(a)."  The Tenth Circuit reaffirmed this holding in *United States v. Krejcarek*, 453 F.3d 1290, 1295 (10th Cir. 2006).   The defense should be commended for candidly sharing with the Court the decision in *United States v. Patillar*, 595 F.3d 1138, 1140 (10th Cir. 2010) where the Tenth Circuit concluded the residual clause encompasses Larceny from the Person as a crime of violence.   Similarly, the defense discloses the decision in *United States v. Williams*, 559 F.3d 1143, 1148 (10th Cir. 2009) which shows a use of pertinent language from the *Begay* decision in a common sense way rather than treating language as a calculus . . ."the question is whether battery on a police

officer under Oklahoma law in the ordinary case, is roughly (1) similar in kind, and (2) similar in degree of risk to burglary, arson, extortion, or crimes involving explosives." The defense also submits *United States v. Garcia*, 470 F.3d 1143, 1147-1148 (5th Cir. 2006). In Garcia, the 5th Circuit Court of Appeals considered whether a Colorado Third Degree Assault conviction would count as a crime of violence for the U.S.S.G. § 4B1.1(a) career offender provisions. The majority of the panel remanded the case to the sentencing court with a suggestion to supplement the record with charging documents. Chief Judge Edith H. Jones dissented in *Garcia*, 470 F.3d at 1149, noting that the 10th Circuit Court of Appeals previously found a conviction under the Colorado Third Degree Assault statutes represented a crime of violence in *Paxton* and *Krejcarek* "because the conduct necessary to sustain the conviction presents a serious risk of physical injury to another." *Id*.

8.  While *Paxton* and *Krejcarek* were decided prior to *Begay*, *Begay* does not necessarily undermine the Tenth Circuit's conclusion that the Colorado offense of Third Degree Assault is a crime of violence. Applying the *Begay* test to Third Degree Assault, C.R.S. §18-3-204, shows the offense includes a degree of risk of physical injury comparable to the "example" crimes of burglary, arson, extortion, and use of explosives listed in §4B1.2(a)(2). Third Degree Assault is "roughly similar" to the "example" crimes of burglary, arson, extortion, or use of explosives. Third Degree Assault, when knowingly committed, "typically involve[s] purposeful, violent and aggressive conduct." Interestingly, the offense of Fourth Degree Arson under Colorado state law, C.R.S. § 18-4-105, includes knowingly or recklessly starting a fire or causing an explosion

7

placing another in danger of serious bodily injury or placing any building in danger of damage.

9.  In summary, the Government respectfully submits that *Chambers* and *Begay* show enough respect for ordinary language and natural usage to support the proposition that *Paxton* and *Krejcarek,* both of which find Third Degree Assault to be a crime of violence, remain viable.  Further, or in the alternative, the information contained in Court Exhibit 1, shows the Third Degree Assault conviction in this case is a crime of violence in accordance with *Shepard*.  The admissions of the defendant in open court on February 16, 2011, work with the content of the Denver County Court file and support the finding and conclusion that the Third Degree Assault conviction in this case is a crime of violence, in accordance with *Shepard*. The Government respectfully asks the Court to find and conclude, under the facts and circumstances in the record at this time, that the Third Degree Assault conviction sustained by the defendant in this case is within the "residual clause" of §4B1.2(a)(2) and is therefor a Grade A violation.

Respectfully submitted this 18th day of February 2010.

                                      JOHN F. WALSH
                                      UNITED STATES ATTORNEY

                                      BY: *s/ Guy Till*
                                      GUY TILL
                                      Assistant United States Attorney
                                      United States Attorney's Office
                                      District of Colorado
                                      1225 17th Street, Suite 700
                                      Denver, CO 80202
                                      Telephone: (303) 454-0100
                                      Fax: (303) 454-0406
                                      Email: Guy.Till@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this __18th__ day of February 2011, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MEMORANDUM (DOC 3821)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Richard N. Stuckey
dick@richardstuckeylaw.com

and I hereby certify that I have mailed or served the document or paper to the following non- CM/ECF participants in the manner indicated:

None

                s/ Debbie Azua-Dillehay
                DEBBIE AZUA-DILLEHAY
                Legal Assistant
                Assistant United States Attorney
                United States Attorney's Office
                1225 Seventeenth Street, Suite 700
                Denver, Colorado 80202
                Telephone:  (303) 454-0100
                FAX:  (303) 454-0409
                E-mail:  Debbie.Azua-Dillehay@usdoj.gov