IN THE COUNTY COURT
OF THE CITY AND COUNTY OF DENVER
AND THE STATE OF COLORADO

| | |
|---|---|
| The People of the State of Colorado and the City and County of Denver<br>Plaintiff<br>vs.<br><br>MURRAY, GEORGE          DOB: 04/11/1953<br>Defendant<br>AKA: | **MITTIMUS**<br>☐ AMENDED |

AB Number: _____
GC Number: _____
Related CD (DPD No): 305517
Case Number: 10M12509
Next Court Date: _____

Bond Set At: _____
☐ Bond Not Required       ☐ P.R. Bond Granted

OFFENSE(S):
18-3-204(1)(a)                                                    GUILT

To the Manager of Safety and Ex-Officio Sheriff of the City and County of Denver, or his duly authorized representative:

☐ **RELEASE DEFENDANT** on this case only.
  ☐ Case dismissed.
  ☐ Time served satisfies jail sentence.
☑ You are hereby ordered to take the above named defendant into custody and convey said defendant to the jail of the City and County of Denver, and keep said defendant safely until a sentence of ___180 DAYS___ is discharged according to law with credit for time served.
☐ Suspend _____ (based upon conditions noted in court file.)
☐ Credit the defendant with an additional _____ for time previously served on this case, prior to his present incarceration for this offense.
☐ This sentence is concurrent with any other sentence and may be served at any place of lawful confinement.

[SEAL: COUNTY COURT City & County of Denver, Colo. Certified to be full, true and correct copy of the original in my custody. JAN 27 2011, DEPUTY CLERK]

☑ **DOMESTIC VIOLENCE**

THIS SECTION **FINES** ONLY:
☐ Jail Imposed. This sentence is for willful failure to pay fin and costs which are currently in an amount of _____ to be paid or satisfied by jail time with credit for time alrea served.

**SPECIAL PROVISIONS:**
☐ Work release:
  ☐ Ordered Forthwith
  ☐ Authorized by Court, if Approved by Sheriff
☐ Treatment / Educational Release:
  ☐ Ordered Forthwith
  ☐ Authorized by Court, if Approved by Sheriff
☐ Sheriff Home Detention Authorized as defined
       OR
☐ Start SHD after _____ days in jail.

☐ Reconsideration date _____
  Courtroom _____ At _____
☐ Refer defendant:
  ☐ To Jail Nurse
  ☐ For Mental Health Assessment
  ☐ For Competency Evaluation
  ☐ For Genetic Testing

☐ Release defendant to:
  ☐ Pre-Trial Service
  ☐ Probation
  ☐ Electronic Monitoring Prog
  ☐ STD Clinic (DHMC)
☐ Conditions of Bond:
  ☐ GPS required
  ☐ IHD required
  ☐ SCRAM required

OTHER: _____

**COURT EXHIBIT 1**
01-cr-00214

JUDGE: BURD, DORIS E      COURTROOM 2E      DATE ISSUED: 01/31/2011 11:04 AM   CLERK: K

**DEFINITIONS FOR BELOW STATUTES:**
"**Knowingly**" means the following: A person acts "knowingly" or "willfully" with respect to conduct or to a circumstance described by a statute defining an offense when he/she is aware that his/her conduct is of such nature or that such circumstance exists. A person acts knowingly or willfully with respect to a result of his/her conduct when he/she is aware that his/her conduct is practically certain to cause the result.
"**Recklessly**" is defined as follows: A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that a result will occur or that a circumstance exists.
"**Bodily injury**" means physical pain, illness, or any impairment of physical or mental condition.
"**Peace Officer**" means a sheriff, undersheriff, deputy sheriff, police officer, state patrol officer, coroner, marshal, any officer, guard, or supervisory employee of any institute within the Colorado Department of Institutions, a district attorney, chief deputy district attorney, assistant district attorney, deputy district attorney, an authorized investigator of a district attorney or the attorney general, a probation or parole officer, an officer or member of the national guard while acting under call of the governor in cases of emergency or civil disorder, an agent of the Colorado Bureau of Investigation, a wildlife conservation officer, and security guard employed by the State of Colorado.
"**Intentionally**" or "**with Intent**" – A person acts "intentionally" or "with intent" when his/her conscious objective is to cause the specific result proscribed by the statute defining the offense. It is immaterial to the issue of specific intent whether or not that result actually occurred.
"**Obscene**" – A patently offensive description of ultimate sexual acts or solicitation to commit ultimate sexual acts, whether or not said ultimate sexual acts are normal or perverted, actual or simulated, including excretory functions.

---

**A. ASSAULT IN THE 3rd DEGREE: Class 1 Misdemeanor C. R. S. 18-3-204(a)**
   The following are the elements of the charge on which you are entering a guilty plea. At a trial the prosecution would have to prove each element beyond a reasonable doubt.
   1. That you, in the City and County of Denver, State of Colorado, at or about the date charged:
      a. Knowingly or recklessly caused bodily injury to another person; **OR**
      b. With criminal negligence caused bodily injury to another person by means of a deadly weapon.
   2. That the crime was committed unlawfully. Unlawfully means that there was no legal permission, justification, or authorization for the commission of the crime.

**The PENALTIES for this Class 1 Misdemeanor and Extraordinary Risk Crime are: The Court may impose a fine from $500 to $5000 or imprisonment in the County jail for 6 months to 24 months or both. If the victim is a mental health professional employed by or under contract with the department of human services engaged in the performance of his or her duties, the court may impose up to 48 months in the County jail, pursuant to C.R.S 18-1.3-501(1.7).**

---

**B. ASSAULT IN THE 3rd DEGREE– PEACE OFFICER: Class 1 Misdemeanor, C.R.S 18-3-204(b); 18-1.3-501(1.5)**
   The following are the elements of the charge on which you are entering a guilty plea. At a trial the prosecution would have to prove each element beyond a reasonable doubt.
   1. That you, in the City and County of Denver, State of Colorado, at or about the date charged:
      a. With intent to infect, injure, harm, harass, annoy, threaten, or alarm another person whom you should reasonably have known to be a peace officer, firefighter, or emergency medical technician engaged in the performance of his or her duties; **AND**
      b. Caused that other person to come into contact with blood, seminal fluid, urine, feces, saliva, mucus, vomit, or any toxic, caustic, or hazardous material by any means.
   2. That the crime was committed unlawfully. Unlawfully means that there was no legal permission, justification, or authorization for the commission of the crime.

**The PENALTIES for this Enhanced Sentence Class 1 Extraordinary Risk Misdemeanor are: The Court shall sentence the Defendant to a term of imprisonment greater than the maximum sentence but no more than twice the maximum sentence authorized for the same crime when the victim is not a peace officer. This sentence will be from 2 years and a 1 day to 4 years. In addition to imprisonment, the Court may impose a fine from $500 to $5000.**

---

**C. HARASSMENT: Class 3 Misdemeanor, C.R.S. 18-9-111(1)**
The following are the elements of the charge on which you are entering a guilty plea. At a trial the prosecution would have to prove each element beyond a reasonable doubt.
   1. That you, in the City and County of Denver, State of Colorado, at or about the date charged:
      With intent to harass, annoy, or alarm another person unlawfully:
      ____Struck, shoved, kicked, or otherwise touched a person or subjected him/her to physical contact (C.R.S. 18-9-111(1)(a); **OR**
      ____In a public place directed obscene language or made an obscene gesture to or at another person (C.R.S. 18-9-111(1)(b); **OR**
      ____Followed a person in or about a public place (C.R.S. 18-9-111(1)(c); **OR**
      ____Initiated communication with a person, anonymously or otherwise by telephone, telephone network, data network, text message, instant message, computer, computer network, or computer system in a manner intended to harass, threaten bodily injury, and threaten property damage, and did make comment, request, suggestion or proposal by the telephone, computer, computer network, or computer system that was obscene (C.R.S. 18-9-111(1)(e); **OR**
      ____Made a telephone call or caused a telephone to ring repeatedly, whether or not a conversation ensued, with no purpose of legitimate conversation C.R.S. 18-9-111(1)(f); **OR**
      ____Made repeated communications at inconvenient hours that invaded the privacy of another and interfered in the use and enjoyment of another's home or private residence or other private property (C.R.S. 18-9-111(1)(g); **OR**
      ____Repeatedly insulted, taunted, challenged, or made communications in offensively coarse language to another in a manner likely to provoke a violent or disorderly response (C.R.S. 18-9-111(1)(h).

**The PENALTIES for this CLASS 3 MISDEMEANOR are: The Court may impose a fine from $50 to $750 or imprisonment in the County jail for up to 6 months or both.**
**The offense is a CLASS 1 MISDEMEANOR if the offense is committed with the intent to intimidate or harass another person because of the person's actual or perceived race, color, religion, ancestry, or national origin. The PENALTIES are: The Court may impose a fine from $500 to $5000 or imprisonment in the County jail for 6 months to 18 months or both.**

Rev. 12/09

DENVER COUNTY COURT     CITY AND COUNTY OF DENVER     STATE OF COLORADO

ADVISEMENT PER C.R. CRIM. P. RULE 11 and PLEA OF GUILTY

THE PEOPLE OF THE STATE OF COLORADO

vs. **George Murray**, Defendant. Case No. **10M112509** Courtroom **3E**

DISPOSITION: **Ct. 1 + 180d DCJ.**

I. The undersigned acknowledges that he or she is the defendant in this case and that his or her true name is as stated above.

II. The following is a statement of the rights which the defendant has in this case:
   a. You have the right to enter a plea of not guilty and have a trial in this case either to the Court or to a jury.
   b. You have the right to be represented by your attorney throughout the trial and at all proceedings leading up to the trial.
   c. If you do not have the means to hire an attorney, you can ask the Court to appoint one for you without cost to you, and one will be appointed.
   d. You are presumed innocent of the charges pending against you, and that presumption of innocence will remain with you throughout the trial until the prosecution presents evidence to prove you guilty beyond a reasonable doubt.
   e. At the trial you have the right to confront the witnesses called to testify against you and to cross-examine those witnesses.
   f. You have the right to present evidence in your own defense at the trial and to compel the attendance of witnesses by subpoenas issued by this Court.
   g. You have the right to remain silent at the trial or testify in your own defense as you choose. If you choose to remain silent, your silence cannot be used against you.
   h. After the trial is over, you have the right to appeal to a higher Court to review the judgments of the Court.

III. 
   1. I have read and understand the elements of the offense(s) and the penalties of the offense(s) stated in Section _____ on the reverse of this form. I understand that the State would have to prove each element of the offense beyond a reasonable doubt before I could be convicted of that offense in a trial. I am entering a plea of guilty to the offense(s).
   2. I am entering my plea of guilty voluntarily and not as a result of coercion or undue influence on the part of anyone. There has been no force, threats or promises made to me to cause me to enter this plea.
   3. I understand that the Court will not be bound by any representations made to me by anyone concerning the penalty to be imposed or the granting or denial of probation, unless such representations are included in a formal plea agreement approved by the Court.
   4. I acknowledge that there is a factual basis for this plea, or, if this plea is a result of a plea bargain, I waive the establishment of a factual basis for the charge.
   5. At this time I am not under the influence of any drugs, intoxicants, or medication which would interfere with my ability to understand the advisements given in this form.

IV. The Defendant and the District Attorney consent to the jurisdiction and authority of the County Court Magistrate to accept the Defendant's plea of guilty, to enter judgment of conviction, and to impose sentence thereon, and the defendant waives his or her right to proceed before a County Court Judge for these proceedings.

V. I acknowledge that I have read and understand the advisement of rights in Section II above, and I understand that by entering my plea of guilty to the charge, I am waiving and giving up all the rights set forth in Section II above. I also acknowledge that I have read and understand the statements in Sections I, III, and IV above and those statements are true and correct.

Signed this date **1/14/11**   X **George Murray**
                                                  Defendant's Signature

V. I acknowledge that I have reviewed this advisement with the defendant and I believe that he/she understands his/her rights, the nature of the charge(s) and the possible penalties and is entering this guilty plea voluntarily.

Signed this date **1/14/11**        ATTORNEY'S Signature     Reg. No. **42575**

**TAYLOR CRITCHELL**
Print Attorney's Name

### ORDER

The Court finds that the defendant has entered his guilty plea to the charge voluntarily with a full understanding of his or her rights, the nature of the charge and the possible penalties, therefore the Court accepts the plea and enters judgment on the plea.

☒ **Domestic Violence.** The court also finds that the factual basis underlying this offense includes an act of domestic violence and an intimate relationship pursuant to CRS 18-6-800.1(1)

Signed this date **14 JAN 11**        **Brian J. Campbell**
                                                  Judge

Rev. 12/09

| | |
|---|---|
| County Court, City and County of Denver, Colorado<br>Lindsay-Flanigan Courthouse<br>520 W. Colfax Ave.<br>Denver, CO 80204 | **FILED IN DENVER COUNTY COURT**<br><br>DEC 1 6 2010<br><br>By:_____<br>Clerk of the court |
| **Plaintiff:** THE PEOPLE OF THE STATE OF COLORADO<br><br>**Defendant: GEORGE MURRAY** | |
| Danielle Robinson, Reg.No.40183<br>Chief Deputy District Attorney<br>For: Mitchell R. Morrissey, #13784<br>DISTRICT ATTORNEY<br>201 West Colfax Ave., Dept 801<br>Denver, CO 80202<br>Phone Number: 720-913-9011<br>Fax Number: 720-913-9142 | σ     COURT USE ONLY     σ<br>Case Number: **10M12509**<br><br>Div.: Criminal     Ctrm: 3E |
| **NOTICE OF INTENT TO INTRODUCE OTHER TRANSACTION EVIDENCE PURSUANT TO C.R.E. 404(b) AND C.R.S. § 18-6-801.5** | |

Mitchell R. Morrissey, District Attorney in and for the Second Judicial District of the State of Colorado, by and through his Deputy District Attorney, respectfully informs this Court and the Defendant of the People's intent to introduce evidence pursuant to Colorado Rule of Evidence 404(b). As grounds therefore, the People state as follows:

1. The Defendant is charged with Third Degree Assault for an incident which occurred on October 4, 2010. The victim in this case, Carolyn White, reported that her and the defendant have been involved in a relationship for approximately 2 months. Ms. White reported to officers that the defendant became upset with Ms. White when she returned home late from work as she was required to stay late by her employer. She was unable to call the defendant to let him know of this prior to her arriving home later than the defendant expected. After a verbal argument where the defendant belittled Ms. White with curse words and name calling, he hit her with a closed fist in her left thigh/hip area. She lost her balance and upon regaining her balance the defendant hit her with a closed fist in the same spot, even harder. Ms. White had to crawl out of the kitchen to a chair as she could not stand. A copy of the report and relevant statements are attached as Exhibit A and incorporated herein.

2. The Defendant and Ms. White are involved in a pattern of ongoing domestic violence. On or about September 4, 2010, at approximately 2:30 a.m. Ms. White had returned home from a night

out at a festival downtown Denver. Upon Ms. White's return home, the defendant was waiting for her and became upset with her for returning home so late. Ms. White tried to explain to the defendant that she had been at a Jazz Club and tried to call the defendant when she was on her way home. The defendant became enraged and began belittling Ms. White with curse words and name calling. The defendant also threatened to kill Ms. White as he put his hands around her neck stating "Police and prison don't mean fuck to me." See Exhibit B.

## Argument

1.  The Colorado State General Assembly has determined that domestic violence is frequently cyclical in nature, involving patterns of abuse, and can consist of harm with escalating levels of seriousness. Because of this determination, the General Assembly has declared that evidence of similar transactions *is necessary in some situations in prosecuting crimes of domestic violence. See* Colo. Rev. Stat. § 18-6-801.5. This case, with a demonstrable pattern of violent and assaultive conduct by defendant against the same victim, is appropriate for the admission of other transaction evidence. In *People v. Ma*, 104 p.3d 273 (Colo. App. 2004), the Colorado Appellate court held that a court should consider evidence of previous incidents as necessary in evaluating subsequently charged acts of domestic violence.

2.  Colo. Rev. Stat. § 18-6-801.5 sets forth the standard for the admissibility of evidence of similar transactions in domestic violence cases. Essentially, "evidence of any other acts of domestic violence between the defendant and the victim constitute other acts or transactions" and may be used as similar transaction evidence in a domestic violence case. *See* Colo. Rev. Stat. § 18-6-801.5(3). The prosecution must advise the court by offer of proof of the evidence sought to be admitted. The prosecution must also specify the purpose(s) for which the evidence is offered. *See* Colo. Rev. Stat. § 18-6-801.5(3). The Court must then determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to the defendant, confusion of the issues, or misleading of the jury. The Court may also consider issues of undue delay, waste of time, or needless presentation of cumulative evidence. *See* Colo. Rev. Stat. § 18-6-801.5(4).

3.  The alleged acts of violence perpetrated by the defendant against the victim should be admitted pursuant to Colo. R. Evid. 404(b). Generally, evidence of other crimes, wrongs, or acts is admissible to show motive, intent, common plan or scheme, knowledge, opportunity, preparation, modus operandi, or absence of mistake or accident. *See* Colo. R. Evid. 404(b); *People v. Ihme*, 528 P.2d 380 (Colo. 1974); *People v. Fulton*, 754 P.2d 398 (Colo. App. 1987); *People v. Herrera*, 633 P.2d 1091 (Colo. Ct. App. 1981). To admit evidence of other crimes, wrongs, or acts, the trial court must be satisfied by a preponderance of the evidence that:

    a) The other crime, wrongs, or acts occurred and that the Defendant committed the crime, wrongs, or acts;

b) The evidence is being offered for a proper purpose and is logically relevant to a material issue in the case;
c) The logical relevancy of the evidence is independent of the intermediate inference of the Defendant's bad character; and,
d) The probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the Defendant.

4. If the Court is so satisfied, it should admit the evidence. *See People v. Garner*, 806 P.2d 366 (Colo. 1990); *People v. Spoto*, 795 P.2d 1314 (Colo. 1990). Further the People remind the court that the last step, whether the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant, is an inclusive standard and the evidence may only be excluded if the danger of unfair prejudice substantially outweighs the probative value.

5. The evidence of the other transactions described above is directly relevant in this case, as it reveals a pattern and process of demeaning, controlling, and assaulting this victim. The Defendant has not asserted any defenses at this time. The evidence of the other transactions would go to negate any defenses the defendant does asert, as well as demonstrate a common plan, scheme, design, motive, or absence of mistake or accident. It also goes to show the victim's state of mind when delaying outcry, being terrified of what he defendant might do to her if she reports to the police. *See* Colo. Rev. Stat. § 18-6-801.5; *People v. Rath*, 44 P.3d 1033 (Colo. 2002); *People v. Taggart*, 621 P.2d 1375 (Colo. 1981); *see also* Colo. R. Evid. 404(b); *Romero v. People*, 170 Colo. 234, 460 P.2d 784 (1969); *People v. Lamirato*, 180 Colo. 250, 504 P.2d 661 (1972); *People v. Gladney*, 194 Colo. 68, 570 P.2d 231 (1977); *People v. Hulsing*, 825 P.2d 1027 (Colo. Ct. App. 1991).

6. <u>Evidence of the other transactions of domestic violence is material, as it relates to a fact that is of consequence to the determination of the action.</u> The material fact is the defendant's motive for committing such crime and the delayed outcry of the victim. The evidence also has a tendency to make the existence of that material fact more probable than it would be without the evidence. Therefore, it is relevant. The evidence will be offered for a valid purpose pursuant to Colo. R. Evid. 402, Colo. R. Evid. 404(b), and Colo. Rev. Stat. § 18-6-801.5(3), and has logical relevance independent of an inference of the Defendant's bad character. Finally, the probative value of the evidence surrounding the other transactions is not substantially outweighed by the danger of unfair prejudice. *See* Colo. Rev. Stat. § 18-6-801.5(4); *People v. Spoto*, 795 P.2d 1314 (Colo. 1990); Colo. R. Evid. 404(b).

7. The People intend to proceed by an offer of proof to support this motion. *See People v. Groves*, 854 P.2d 1310 (Colo. Ct. App. 1992) (a trial court may decide the admissibility of 404(b) material based solely on an offer of proof from the proponent), and C.R.S. §18-6-801.5(3) ("The proponent of evidence of other acts . . . **shall** advise the trial court by offer of proof . . . . [and] "(4) [u]pon the offer of proof under subsection (3) of this section,

the trial court **shall** determine whether the probative value of the evidence is [admissible]"). If the Court will require the People to offer testimony in support of this motion, the People request that they be given sufficient notice to subpoena the necessary witnesses.

WHEREFORE, the People respectfully request this Court to make a pretrial determination as to the admissibility of such evidence.

Respectfully submitted this 16th day of November, 2010.

MITCHELL R. MORRISSEY
District Attorney

By: *Danielle Robinson*
Danielle Robinson
Deputy District Attorney
Reg. No. 40183

## CERTIFICATE OF SERVICE

I hereby certify that I have personally served/placed in the U.S. mail/faxed a true and correct copy of the PEOPLE'S NOTICE OF INTENT TO INTRODUCE OTHER TRANSACTION EVIDENCE PURSUANT TO C.R.E. 404(b) on this day, November 16, 2010, to the following:

The Honorable Doris Burd
Courtroom 3E
520 W. Colfax Ave.
Denver, CO 80204


Deputy State Public Defender
Public Defender Mailbox
Courtroom 3E
Denver, Colorado 80204


BY: /s/ Danielle Robinson
Danielle Robinson
Registration # 40183

# EXHIBIT A

Page 1 of 2 Pages

GO/CAD No. 10-496843

# Denver Police Department
## STATEMENT

| Field | Value |
|---|---|
| Name (Last, First, Middle Initial) | White, Carolyn V. |
| Residence Street Address | 1599 Williams St #205 |
| Residence Phone | (720) 226-2681 |
| Business Phone | ( ) |
| Person Making Statement Is: | ☒ Witness |
| Officer Taking Statement | K Thompson |
| Serial No. | 06095 |
| Date | 10-04-10 |
| Time | 1000 Hours |
| Concerning an Incident occurring at: | 1599 N Williams St #205 |
| Location of Where Statement was Taken: | Dist 6 |

**Summary of Statement:** I, Carolyn White is the victim being assault by George Murray. When I perceeded to open my apartment. He was seating in my chair waiting. He approached me and said, Why you didn't answer your Phone? I told him we were very busy. And even if I had my Phone, I still couldn't talk. So he preceed to come toward me as, I was standing by the kitchen counter top. He said I'm tryee of your stupid shit punk. Then I was facing him side ways, then he start say You let Cris run your life and make a punk out of you. Then after these words ask I was facing him sideways He took a manpower Blow to my left thigh. I begin to go down. Then ask I was trying to pull myself up slowly. He preceeded to hit me again in the same spot with manpower Presure even harder. Then he watch me craw from the kitchen to my chair. And told me I deserve it. He approach killing on several

I have read the foregoing statement and the facts contained therein are true to the best of my knowledge and belief. I do not maintain that it contains all of the facts or details of the incident, but only those facts about which I have been asked.

Date: 10/04/20 10

Time Statement Completed: 1110 ☒ a.m. ☐ p.m.

Signature of Person Making Statement: Carolyn White

DPD 366 (Rev. 5/10)

# NOTE TO FILE

☐ WORK PRODUCT

November 3, 2010

**Investigator:** Thomas E Dettloff

RE:  Defendant:      **GEORGE MURRAY**
     Case No.:       10M12509                          CTRM 3E
     Lead Charge:    ASSAULT IN THE THIRD DEGREE, 18-3-204(1)(A),
                     C.R.S. (M1)

**I received this file from VA Tanaya Waldo to interview the V as she had more information and did so on 10-22-10.**

**She said on 9-4-10 she asked the D if he wanted to go the Festival being held in Downtown Denver and he said no. The D later left the apartment building and got locked out. He asked a neighbor to let him back in and she said no. He got back in when another neighbor opened the door, but he pushed that neighbor because the neighbor tried to grab his arm. The V got home from the Festival at 2:35AM because she went to a jazz club. The V called him to say she was on way home and when she got home he was angry because of the late hour she got home. The V told him she called but he didn't answer the call. The D told her "Nigger, I heard the music." He continued and called the V a "punk ass nigger." The D was sitting in her swivel computer chair and the V sat on the bed. The D rolled the chair over and put his hands around her neck and said he would kill her saying "Police and prison don't mean fuck to me."**

**The D has also said the V is a "pissy ass punk" for her boss. V said she has bills to pay and has asked the D for help with the bills. When she asked for help, he took his fists and dug the "first knuckles" in her chest and it "scared the hell of me." The V told him she wouldn't call the Police and he said "Just try me, I'll just kill you." V was afraid of the threat and the D continued saying "I'll kill your ass. I don't give a fuck about going back to prison."**

**The V also said he damaged her new TV stand and she is afraid he'll retaliate against her furniture.**

**The V said on 9-5-10 she went with the D to the Festival and the V got knocked down accidentally by an unknown white male. The male and the D went to help her up and the D wanted to fight the male. They left the Festival and the D wanted to go to the "gambling shack."**

**The V did obtain a civil protection order on 10-19-10 under 10W1515.**

She said when the D was in jail, his cellmate's girlfriend Brandy wrote her a letter telling her what to do. Brandy also called the V and asked her not to press charges. V said she reported the incident to DPD Detective Victoria Oliver. I did speak with Det Oliver and she said she presented the file to Intake and the filing was refused.

*[signature]* #40

11-3-10