Prob12
4/96 /CO

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U. S. A. vs. FREDRIC WILLIAMS                    Docket Number: 01-cr-00214-WYD-10

**Petition for Issuance of Arrest Warrant Due to Violations of Supervised Release**

 COMES NOW, Kurt Pierpont, probation officer of the court, presenting an official report upon the conduct and attitude of Fredric Williams who was placed on supervision by the Honorable Wiley Y. Daniel sitting in the court at Denver, Colorado, on the 18th day of March, 2004, who fixed the period of supervision at five (5) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until he is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a warrant for violations of supervised release and that the petition and warrant be sealed until the arrest of the defendant. Subsequent to the arrest of the defendant, that the court consider revocation of supervised release.

ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 10th day of March, 2011, and ordered filed under seal and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/ Kurt Pierpont |
| | Kurt Pierpont |
| | Senior U.S. Probation Officer |
| s/ Wiley Y. Daniel | |
| Wiley Y. Daniel | Place: Denver, Colorado |
| Chief U.S. District Judge | Date: March 9, 2011 |

## ATTACHMENT

On October 2, 2008, the conditions of supervised release were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided with copy of them. The term of supervised release commenced on February 13, 2009.

**1.    VIOLATION OF THE LAW–DUI WITH PRIOR DWAI**

On or about December 19, 2009, the defendant committed Driving Under the Influence with a Prior Driving While Ability Impaired, in violation of Colorado Revised Statute § 42-4-1301(1)(a), (7)(a)(II).   This is an unclassified misdemeanor offense, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On or about January 4, 2010, case number 10M00057 was filed in Denver County Court charging the defendant with multiple traffic offenses. On December 3, 2010, the defendant entered a guilty plea to DUI with Prior DWAI. On March 4, 2011, the defendant was placed on 24 months supervised probation, with 40 days in-home detention with electronic monitoring; $1,926.50 in fines and court costs were also imposed.

**2.    FAILURE TO REPORT ARREST/QUESTIONING BY LAW ENFORCEMENT OFFICER**

On or about December 19, 2009, the defendant was arrested by the Denver Police Department for drinking/driving related charges, and failed to report this arrest to the probation officer within 72 hours, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On or about December 19, 2009, the defendant was arrested by Denver police for drinking/driving related charges and did not disclose this arrest to the probation officer until the probation officer confronted him with the arrest on January 11, 2010. The defendant told the probation officer that he had consumed three beers back-to-back and blew a .089% blood alcohol content (BAC) subsequent to his arrest.

**3.    CONSUMING ALCOHOL DURING THE COURSE OF TREATMENT**

The defendant was participating in substance abuse treatment at the Aurora Comprehensive Community Mental Health Center during December 2009, and consumed alcohol during the course of treatment, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

The defendant was referred to Aurora Comprehensive Community Mental Health Center for substance abuse treatment on December 8, 2009, due to a change in treatment vendors by the

probation office. The defendant was participating in a cognitive behavioral therapy group on a bi-monthly basis and consumed alcohol (by his own admission) on December 19, 2009.

4. **VIOLATION OF THE LAW–DRIVING UNDER RESTRAINT**

On or about April 6, 2010, the defendant committed Driving Under Restraint. This is an unclassified misdemeanor offense, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On our about April 6, 2010, the defendant was cited and subsequently charged in Adams County Court Docket Number 2010T4962 with multiple traffic offenses. On August 2, 2010, the defendant entered a plea of guilty to Driving Under Restraint (DUR) and the remaining charges were dismissed. He was fined $100, placed on electronic monitoring for 125 days, and assessed court costs totaling $324.50. The defendant failed to pay these court costs and a warrant was issued for his arrest on January 26, 2011.

5. **FAILURE TO REPORT ARREST/QUESTIONING BY LAW ENFORCEMENT OFFICER**

On or about April 6, 2010, the defendant was cited by the Adams County Sheriff's Department for drinking/driving related charges, and failed to report this arrest to the probation officer within 72 hours, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On or about April 6, 2010, the defendant was cited by Adams County Sheriff's Department for DUR related charges and did not disclose this police contact to the probation officer until the probation officer within 72 hours as required. The probation officer did not become aware of this case until advised by a third party in November 2010.

6. **FAILURE TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER**

Subsequent to confronting the defendant with the DUR cases, the probation officer directed the defendant to refrain from operating a motor vehicle until his license was valid/renewed, and he failed to follow this instruction which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

The defendant was instructed to refrain from operating a motor vehicle until his driver's license was valid/renewed. On November 17, 2010, after attempting to make an unscheduled home visit at the defendant's residence, I telephoned the defendant and had him meet me near the intersection of I-225 and Alameda Avenue. Upon meeting the defendant at this location, I learned that the defendant had been driving his personal vehicle, once again, without a valid driver's license. When confronted with this fact, the defendant told me he remembered me

telling him not to drive without a valid license previously. The defendant was driving a dark colored Volkswagon Passat, bearing Colorado license plate number 033-TLT, registered in the defendant's name.

### 7. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about February 3, 2011, the defendant used or administered a controlled substance, marijuana, which had not been prescribed for him by a licensed physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On or about February 3, 2011, the defendant submitted a random urine specimen at Aurora Mental Health, which subsequently tested positive at the U.S. Pretrial Services Office in New Mexico, and was confirmed positive at Kroll Laboratories in Gretna, Louisiana, for the use of marijuana.

### 8. **FAILURE TO SUPPORT DEPENDENTS AS DIRECTED**

The defendant has failed to make regular child support payments for his son, Xavier Williams, since his supervised release term commenced, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

A check with the Colorado Child Support Registry reflects that the defendant has made only four payments for the support of his son since the supervised release term commenced. Case worker Theressa Jackson reported that the defendant has a current child support arrearage of $21,648. The defendant was ordered to pay $200 per month, and has made only four payments in: April 2009 for $41.54; January 2010 for $89.50; and two payments in February 2010 totaling $134.25.

### 9. **FAILURE TO WORK REGULARLY**

The defendant has failed to work regularly since his term of supervised release commenced on February 13, 2009, without having been excused from work by the probation officer, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

The defendant was working at Atlas Logistics when his supervised release term commenced on February 13, 2009. He was terminated from this job during April 2009, due to being late to work on a few occasions and failing to meet production requirements. The defendant told me this work was too physically demanding for him. The defendant has back problems and is restricted from obtaining physical labor type positions. In July 2009, the defendant reported working

through Total Temporaries; however, no income verification was received from this employer and he left the job in September 2009, due to anticipated back/hip surgery.
In November 2009, the defendant briefly worked at Royal Crest Dairy (in training) as a delivery driver; however, he was terminated from this position due to failing to keep up with production requirements.  The defendant was unemployed until April 2010, when he obtained a sales position with Pre-Paid Legal Services.  The defendant was authorized by me to retain this position for a term of six months to see if he could earn sufficient income to support himself.  The defendant realized no income from Pre-Paid Legal services and quit working for them in approximately August 2010 to seek alternative employment.  The defendant remained unemployed until February 2011, when he reported employment with Empereon Marketing.  The defendant has failed to provide me with employment information for this company and I am currently attempting to verify this employment as of this writing.

**10.** **FAILURE TO SUBMIT WRITTEN REPORTS**

The defendant failed to submit written reports for the months of January, March, August, October, November 2010, and January 2011, within the first five days of the months of February, April, September, November, December 2010, and February 2011, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On October 2, 2008, the defendant was instructed on the procedure for submitting his monthly supervision reports to me by the fifth day of the month, for the preceding month's activities.  The defendant failed to submit his monthly supervision reports as directed for the months of January, March, August, October, November 2010, and January 2011.