IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 01-cr-00214-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FREDRIC WILLIAMS,

    Defendant.

## ORDER OF DETENTION

    This matter was before the Court for preliminary and detention hearing on supervised release violation on March 23, 2011. Assistant United States Attorney Jim Boma represented the government, and Lynn Pierce represented the Defendant. The Defendant waived preliminary hearing and did not contest detention.

    The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant at future court proceedings, and by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of the community, based on the attached findings.

    IT IS HEREBY ORDERED that the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the Defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 23rd day of March, 2011.

                                                    By the Court:

                                                    S/Michael E. Hegarty
                                                    Michael E. Hegarty
                                                    United States Magistrate Judge

United States v. Fredric Williams
Case No. 01-cr-00214-WYD

FINDINGS OF FACT, CONCLUSIONS OF LAW, and
REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)  [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)  the weight of the evidence against the person;

(3)  the history and characteristics of the person, including –

   (A)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B)  whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

1

The Court has taken judicial notice of the Court's file and the comments of counsel at the hearing. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, Defendant waived a preliminary hearing in this matter and, therefore, probable cause exists to sustain the petition for supervised release violations in this case.

Second, the alleged violations involve a criminal conviction for DUI; multiple failures to report contact with law enforcement; consumption of alcohol; criminal conviction (driving under restraint); failure to follow instructions of probation officer; use of marijuana; failure to support dependents as directed; failure to work regularly; and failure to submit written reports, all Grade C violations.

Third, it is clear to this Court that no condition short of detention will prevent Defendant from obtaining and using illegal drugs and continuing to disregard the obligations placed on him by this Court and by the Probation Department.  He has had numerous failures to appear in his past, as well as numerous assault convictions and a murder conviction.

As a result, after considering all of these factors, I conclude there is a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant at future court proceedings, and clear and convincing evidence that no condition or combination of conditions for release will reasonably assure the safety of the Defendant or the community; and detention prior to Defendant's appearance before Judge Daniel is required.