IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF COLORADO

SAMMIE LEE WOODS )
    Petitioner, )
)
)
VS. ) CASE NO: 01-cr-00214-WYD-19
)
)
UNITED STATES OF AMERICA )
    Respondent, )
_____ )

## MOTION TO REDUCE SENTENCE PURSUANT TO 18 USC § 3582(c)(2) AMENDMENT 591

COMES NOW, Sammie Lee Woods acting in the above matter, requesting this Court to reduce his sentencing pursuant to Amendment 591. Amendment 591 was given retroactive effect under §1B1.10 and became effective on November 1, 2001, before Woods was sentenced.

Woods, was convicted in 2003 to conspiracy to distribute cocaine, cocaine base, and in violation of Count One, Conspiracy to Distribute and Possess with Intent to Distribute Fifty or More Grams of Cocaine Base. Count Fifty, Use of a Communications Facility to Possess with Intent to Distribute Cocaine Base. Count Sixty-Two, Possession with Intent to Distribute 1.062 Grams of Cocaine Base. The District Court sentenced him to a total of 240 Months of imprisonment.

Amendment 591 Grant the relief that Woods seek in his Motion, that retroactively in this Court, here the Sentencing Guidelines principle of relevant conduct, which plays a significant role in

1

calculations to Mr.Woods sentence within the Guidelines Scheme, does not govern the Sentencing directives established in 21 USCS § 841(b).A plain reading of the language used to specify the operative drug quantities in the mandatory sentencing provisions of §841(b),that divorced from the principle of relevant conduct developed for other purposes in the Guidelines,indicates that the Statutory directives are exclusively a function of the quantities involved in the offense of conviction.

Here,591 Amendment resolves the Circuits conflict to decide the issue have held that drug quantities triggering the mandatory sentences prescribed in §841(b)are determined exclusively by reference to the offense of conviction.Guidelines constructs such as relevant conduct,which premit broad-ranging consideration of Collateral matters, are limited to their designed role in Guideline-range calculation and do not affect the Independent determination of the Statutory sentencing directives.See,e.g.<u>United States v. Rettelle</u>,165 F.3d 489,491(6th Cir.1999) (following <u>United States v.Winston</u>,37 F3d 235,241(6th Cir.1998)(following <u>United States v. Darmand</u>,3F3d 1578(2nd Cir.1993));<u>United States v.Rodriquez</u>,67 F3d 1312,1324(7th Cir.1995);<u>United States v.Estrada</u>,42 F.3d 228,232 n.4(4th Cir.1994).

Before this Court discuss the particular circumstances and contrary holding of Woods,it is helpful to set out the rationale for the approach reflected in these cases.

Here the majority approach rests on the plain language of the Statute.Those subsections of §841(b)which establish mandatory sentences for various drug amounts do so by reference solely to to the offense of conviction: "In the case of a violation of violation of subsection(a) of this section involving[a specified drug quantity]....such person shall be sentenced [as prescribed]."

2

§841(b)(1)(A),(B)(emphasis added).Nothing here suggests consideration of drug quantities collateral to the underlying §841(a) violation.See Darmand,3 F.3d at 1581 (reasoning from the language of §841(b)(1)"to conclude mandatory minimum sentence depends on "quantity involved in the Charged, and proven violation of §841(a)"); See also Wintson,37 F.3d at 240-41("It is obvious from the Statute's face from its use of the phrase"a violation"-that [§841(b)] refers to a single violation [of§841(a)]"as opposed to aggregate approach used by Guidelines).

From this specific premise,the rest of the analysis follows general principles to which this Court already adheres.When the controlling statutory language is plain,the Guidelines rules may not modify its import See,United States v.Allen,16 F.3d 377,379 (10th Cir.1994)("We have repeatedly recognized when the two conflict") See also United States v.Novey,78 F.3d 1483,1486(10th Cir. 1996)("The Sentencing Commission does not have the authority to override or amend a Statute") Indeed,we have specifically refused to enforce an unwarranted congruence between the language of §841 and related Guidelines principles regarding the calculation of drug amounts.See,e.g.United States v.Richards,87 F.3d 1152,1157 (10th Cir.1996)("[The]plain meaning interpretation of "Mixture or substance governs the....Statutory mandatory minimum sentence under §841,even when the Sentencing Commission adopts a conflicting definition in the Sentencing guidelines.");See also Neal v. United States,516 U.S.284,291,294,133 LEd 2d.709,116 S.Ct.763 (1996)(noting §841(b)(1)'s mandatory sentencing" are both structually and functinally at odds with the Sentencing guidelines" and holding Sentencing Commission"has no authority to override the Statute")(Quotation omitted).

3

Thus, if §841(b) does not endorse a relevant-conduct concept, the Sentencing guidelines cannot provide a basis for forcing the concept into the Statute. In sum, a plain reading of the language used to specify the operative drug quantities in the mandatory sentencing provisions of §841(b), divorced from the principle of relevant conduct developed for other purposes in the Guidelines, indicates that the Statutory directives are exclusively a function of the drug quantities involved in the offense of conviction. Now turn to this Court contrary decision in Woods case.

In Woods case, the Court convicted him in Count one, for conspiracy with the intent to distribute 50 grams. At sentencing however the district court found according to the Presentence Report (PSR) page 11, paragraph 49 Base Offense Level: The United States Sentencing Commission Guideline for a violation of 21 U.S.C. §841(a)(1) and (b)(1)(A) and 21 U.S.C. §843(b) is U.S.S.G. §2D1.1. Because the type and amount of drugs involved in this offense was 1500 grams (1.5 kilograms) or more of cocaine base, the base offense level is 38, pursuant to §2D1.1(c)(1).

This amount was used to aggregate quantity of drugs, as well as relevant conduct in calculaing theapplicable Guidelines sentencing range of 240 Months. See id, the Court imposed Sentence of 240 Months. However, the Court never found that Woods never participated in the 1500 grams. Set out in §841(b)(1)(A) a mandatory Mininmum sentence of twenty years for offenses involving at least 50 grams or 1.062 grams of cocaine, the Court increased the sentence to 240 Months, using the relevant conduct quantity to invoke the 20 year sentence in §841(b)(1)(A). The Sentencing Court is bound by the quantities specified in the Charging Document, §841(b) does not create substantive elements of the offense but, rather set out independent sentencing criteria.

4

As such, the drug amounts specified in the Statute are "applicable only to sentencing", and thus, "any quantity term in an Information or Indictment, or a specific quantity proven at trial, does not dictate mandatory minimum [under §841(b)]". Id. For the reasons already outlines in Amendment 591 and the adoption from the other Sister Circuits that hold the Mandatory Sentencing directives in §841(b) are govern solely by the drug quantities involved in the offense of conviction for which sentence is imposed. Of course, Woods distinct holding that quilt-phase proceeding are not binding on §841(b) sentencing matters. Such quantities are subject to determination at sentencing independently or any amounts specified in the charging documents or evidenced at trial.

## CONCLUSION

Therefore this Court should GRANT this Motion and reduce the Petitioner's sentencing to 120 Months in light of 591 Amendment to retroactively reflect offense of conviction.

Dated this 16th day of May, 2011

/s/ Sammie Lee Woods

Sammie Lee Woods
Forrest City (LOW)
P.O. BOX 9000, M-A
Forrest City, Arkansas 72336

Sammie Woods
30425-013
Federal Correctional Complex (Low)
P.O. Box 9000-LOW
Forrest City, AR 72336

LEGAL MAIL CR

**RECEIVED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 20 2011

GREGORY C. LANGHAM
CLERK

MEMPHIS TN 381
13 MAY 2011 PM 4 L

30425-013
UNITED S DISTRICT COURT
Clerk OF THE Court
901-19th Street, a-105
Denver, CO - 80294
United States