IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 01-cr-00214-WYD-19

UNITED STATES OF AMERICA,

       **Plaintiff,**

v.

19.    SAMMY LEE WOODS,

       **Defendant.**

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO REDUCE SENTENCE PURSUANT TO
TITLE 18 U.S.C. SECTION 3582(c)(2) (DOC 3846)**

---

      The United States of America, by District of Colorado United States Attorney John F. Walsh, through Assistant U.S. Attorney (AUSA) Guy Till (Government), pursuant to the Minute Order dated August 9, 2011 (DOC 3853), hereby respectfully files the following Government's response to the defendant's request for relief pursuant to Title 18 U.S.C. § 3582(c)(2) (DOC 3846)(Motion) as apparently supplemented by an additional *pro se* document filed August 22, 2011 (DOC 3856). The Government respectfully asks the Court to take judicial notice of the contents of its own files in deciding the merits of the defendant's request for relief (*see* DOC 3606). The Government states and represents to the Court as follows:

      1. The defendant expressly seeks relief pursuant to Title 18 U.S.C. Section 3582(c)(2). The defendant asks for a reduction in his sentence because of the effect of "Amendment 591."

Motion p.1.   The defendant has previously filed similar requests (*see* DOC 3544).  Defendant's previous similar requests have been stricken or denied by the Court. (DOC 3771, 3606).

  2.  The defendant was convicted, after jury trial, of the charge of Conspiracy to distribute more than 50 grams of crack cocaine and was sentenced to a statutory minimum mandatory sentence of 240 months imprisonment.  *See* DOC 3540.  This defendant's sentence is the result of the defendant's prior record, the offense of conviction, and the application of laws of the United States set forth in the United States Code, including Title 21 U.S.C. Sections 841, 846 and 851.  *See United States v. Small*, 423 F.3d 1164, 1172 (10th Cir. 2005)(noting that defendant Sammy Woods was sentenced to 240 months imprisonment in this case by operation of law due to his previous felony drug conviction and charge of conviction).

  3.  Title 18 U.S.C. Section 3582(c)(2), cited by the defendant, provides a sentencing court with limited jurisdiction in specific circumstances and applies to retroactive changes in the U.S. Sentencing Guidelines.  The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence.  *See also* § 1B1.10 app. note 1(A) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.").

  4.  Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable the passage of a retroactive guideline amendment is irrelevant. *See, e.g., United States v. Dimeo*, 28 F.3d 240, 241 (1st Cir. 1994); *United States v. Hanlin*, 48 F.3d 121, 124-25 (3d Cir. 1995); *United States v. Pardue*, 36 F.3d 429 (5th Cir. 1994); *United*

*States v. Marshall*, 95 F.3d 700, 701 (8th Cir. 1996); *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996); *United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997); *United States v. Eggersdorf*, 126 F.3d 1318, 1320 (11th Cir. 1997).

    5.   The Fair Sentencing Act (FSA) does not apply retroactively to sentences imposed years before the act was signed into law. As a general matter, changes in statutory law do not undo past transactions. *Blodgett v. Holden*, 275 U.S. 142, 149 (1927)(Opinion of Holmes, J)(noting "the usual understanding that statutes direct themselves to future not past transactions"). *See Landgraf v. U.S. Film Prods.*, 511 U.S. 244, 286 (1994)("A legislator who supported a prospective statute might reasonably oppose retroactive application of the same statute."). *See also United States v. Powell*, __ F.3d ___ , 2011 WL 2712969 (7th Cir July 13, 2011)("The Fair Sentencing Act does not apply retroactively to sentences imposed before that Act was signed into law. Every circuit to address this issue has reached the same conclusion.").

    6.   The Court does not have jurisdiction under Section 3582(c)(2) to reduce a statutory minimum mandatory sentence. The defendant's Motion must be denied. *See, United States v. Baptist*, __F.3d__, 2011 WL 2150993, at *3 (9th Cir. June 2, 2011)(Joining "every other circuit court to have considered this question" in holding that the FSA does not "apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment").

Respectfully submitted this 24th day of August 2011.

        JOHN F. WALSH
        UNITED STATES ATTORNEY


        BY: */s/ Guy Till*
        GUY TILL
        Assistant United States Attorney
        United States Attorney's Office
        District of Colorado
        1225 17th Street, Suite 700
        Denver, CO 80202
        Telephone:  (303) 454-0100
        Fax: (303) 454-0409
        Email:  Guy.Till@usdoj.gov

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 24th day of August 2011, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO TITLE 18 U.S.C. SECTION 3582(c)(2) (DOC 3846)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

               s/ Lisa Vargas
               LISA VARGAS
               Legal Assistant
               United States Attorney's Office
               1225 Seventeenth Street, Suite 700
               Denver, Colorado 80202
               Telephone: (303) 454-0100
               FAX: (303) 454-0409
               E-mail: Lisa.Varags@usdoj.gov