IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 01-cr-00214-WYD-4

UNITED STATES OF AMERICA,

        Plaintiff,

v.

4.     ALVIN GREEN,

        Defendant.

---

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO REDUCE SENTENCE PURSUANT TO
TITLE 18 U.S.C. SECTION 3582(c)(2) AND THE FAIR SENTENCING ACT(DOC 3851)

---

The United States of America, by District of Colorado United States Attorney John F. Walsh, through Assistant U.S. Attorney (AUSA) Guy Till (Government), pursuant to the Minute Order dated August 8, 2011 (DOC 3852), hereby respectfully files the following Government's response to the defendant's request for relief pursuant to Title 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act (FSA) (DOC 3851)(Motion).   The Government respectfully asks the Court to take judicial notice of the contents of its own files in deciding the merits of the defendant's request for relief.  The Government states and represents to the Court as follows:

    1. The defendant expressly seeks relief pursuant to the Fair Sentencing Act and "the sentencing commission 2 point Reduction. . . " (*sic*).   A request for relief due to a change in the sentencing guidelines would implicate Title 18 U.S.C. Section 3582(c)(2).  The defendant asks for a reduction in his sentence.

1

2. The defendant was convicted, after jury trial, of the charge of Conspiracy to distribute more than 50 grams of crack cocaine and was sentenced to a statutory mandatory sentence of life without release. *See United States v. Small*, 423 F.3d 1164, 1172 (10th Cir. 2005)(noting that defendant Alvin Green "had at lease two prior felony drug convictions, [and was] . . . sentenced to [a] mandatory [term] of life imprisonment on Count I pursuant to 21 U.S.C. § 841(b)(1)(A)."). This defendant's sentence is the result of the defendant's prior record, the offense of conviction, and the application of laws of the United States set forth in the United States Code, including Title 21 U.S.C. Sections 841, 846 and 851.

3. Title 18 U.S.C. Section 3582(c)(2), provides a sentencing court with limited jurisdiction in specific circumstances and applies to retroactive changes in the U.S. Sentencing Guidelines. The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence. *See also* § 1B1.10 app. note 1(A) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.").

4. Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable the passage of a retroactive guideline amendment is irrelevant. *See, e.g., United States v. Dimeo*, 28 F.3d 240, 241 (1st Cir. 1994); *United States v. Hanlin*, 48 F.3d 121, 124-25 (3d Cir. 1995); *United States v. Pardue*, 36 F.3d 429 (5th Cir. 1994); *United States v. Marshall*, 95 F.3d 700, 701 (8th Cir. 1996); *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996); *United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997); *United States v.*

*Eggersdorf*, 126 F.3d 1318, 1320 (11th Cir. 1997).

      5.   The Fair Sentencing Act (FSA) does not apply retroactively to sentences imposed years before the act was signed into law.  As a general matter, changes in statutory law do not undo past transactions.  *Blodgett v. Holden*, 275 U.S. 142, 149 (1927)(Opinion of Holmes, J)(noting "the usual understanding that statutes direct themselves to future not past transactions").  *See Landgraf v. U.S. Film Prods.*, 511 U.S. 244, 286 (1994)("A legislator who supported a prospective statute might reasonably oppose retroactive application of the same statute.").  *See also United States v. Powell*, __ F.3d ___ , 2011 WL 2712969 (7th Cir July 13, 2011)("The Fair Sentencing Act does not apply retroactively to sentences imposed before that Act was signed into law. Every circuit to address this issue has reached the same conclusion.").

      6.   The Court does not have jurisdiction under the FSA or Section 3582(c)(2) to reduce a statutory minimum mandatory sentence.  The defendant's Motion must be denied.  *See, United States v. Baptist*, __F.3d__, 2011 WL 2150993, at *3 (9th Cir. June 2, 2011)(Joining "every other circuit court to have considered this question" in holding that the FSA does not "apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment").

Respectfully submitted this 24th day of August 2011.

>JOHN F. WALSH
>UNITED STATES ATTORNEY
>
>
>BY: */s/ Guy Till*
>GUY TILL
>Assistant United States Attorney
>United States Attorney's Office
>District of Colorado
>1225 17th Street, Suite 700
>Denver, CO 80202
>Telephone:  (303) 454-0100
>Fax: (303) 454-0409
>Email:  Guy.Till@usdoj.gov
>Attorney for Government

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of August 2011, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FAIR SENTENCING ACT AND TITLE 18 U.S.C. SECTION 3582(c)(2) (DOC 3851)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

I have also placed a copy of the foregoing in the U.S. Mail, postage prepaid, addressed to:

Mr. Alvin Green
# 30411-013
USP Atwater
1 Federal Way
P.O. Box 019001
Atwater, CA 95301

                s/ Lisa Vargas
                LISA VARGAS
                Legal Assistant
                United States Attorney's Office
                1225 Seventeenth Street, Suite 700
                Denver, Colorado 80202
                Telephone: (303) 454-0100
                FAX: (303) 454-0409
                E-mail: Lisa.Varags@usdoj.gov