IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2011 SEP 12 PM 3:34
GREGORY C. LANGHAM
CLERK
BY_____DEP. CLK

| | |
|---|---|
| ALVIN GREEN, | ) Criminal No. |
| Petitioner, | ) 01-cr-00214-WYD-4 |
| | ) |
| -v- | ) |
| | ) |
| UNITED STATES OF AMERICA. | ) |
| Respondent. | ) |

PETITIONER GREEN'S RESPONSE TO THE GOVERNMENTS OPPOSITION TO HIS 18 U.S.C. § 3582(c)(2).

COMES NOW, Alvin Green, ("hereinafter Petitioner Green"), interposing pro se, and pursuant to U.S. Constitution Amendments V, VI, 18 U.S.C. § 3582(c)(2) and § 1B1.10 USSG, replies to the government's "Response" to Petitioner Green's Motion to Reduce Sentence filed on August 1, 2011, as follows:

1. Petitioner Green agrees that the Court should take judicial of the contents of its own files in deciding the merits of Petitioner Green's motion for relief.

2. Petitioner Green was convicted, after jury trial, of the charge of Conspiracy to distribute "crack" cocaine and sentenced to a statutory mandatory sentence of life without release. See United States v. Small, 423 F.3d 1164, 1172 (10th Cir. 2005).

3. However the critical factor in Petitioner Green's case

is the drug amount. While it is true that Petitioner Green was found guilty. He was found guilty of an undeterminate drug amount. This Court had to determine a drug amount since there was not one witness to testify that Petitioner Green had supplied them an amount of drugs to base his sentence.

4. Therefore, this Court took a recess during sentencing. Petitioner Green as well as the government stipulated that he was responsible for 40 grams of cocaine base "crack". At the time that Petitioner Green was convicted, 40 grams of cocaine base "crack" fell up under the penalty provision of 21 U.S.C. § 841(b)(1)(B). Section § 841(b)(1)(B) carries a penalty of 5 to 40 years of imprisonment. With a prior drug conviction the maximum penalty increases to life imprisonment. However, the penalty is not a "mandatory" life sentence as the government contends in its opposition motion.

5. The government requests the Court to look into the files of Petitioner Green's sentencing hearing. The Court will quickly discover that Petitioner Green's drug amount falls under § 841(b)(1)(B). This statutory provision will produce a "guideline" sentence for Petitioner Green instead of a "mandatory" life sentence.

A guideline sentence would give Petitioner Green a sentencing range of 188- 235 months at level 34. Considering a mandatory ten years to life. See United States v. Arnold, 467 F.3d 880 (5th Cir. 2006).

Once the government and Petitioner Green stipulated to the 40 gram amount of cocaine base "crack" at sentencing, the drug type and quantity were no longer facts required to be determined by the jury. See e.g. United States v. Poulack, 236

F.3d 932, 938 (8th Cir. 2001); In re Green, 2000 U.S. Ap.. LEXIS 29344, 2000 WL 1683480, *1 (D.C. Cir. 2000); United States v. Jackson, 240 F.3d 1245 (10th Cir. 2001). This Court accepted the stipulation of 40 grams being the amount that Petitioner Green could be held accountable for.

Thus, it goes to state that Petitioner Green is not subject to the statutory provision of § 841(b)(1)(A), which would carry a "mandatory" life sentence.

If the Court sentenced Petitioner Green to 40 grams of cocaine base "crack" he violated § 841(b)(1)(B), which provides "[i]f any person [violates § 841(a)]... after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment..." A difference from a "mandatory" life sentence. Arnold, 467 F.3d at 887.

Therefore, Petitioner Green is entitled to be resentenced to a guidelines sentence. Thus he is entitled to a 2 point reduction pursuant to the Fair Sentencing Act.


II. PETITIONER GREEN STATES THAT RELEVANT CONDUCT CANNOT BE ATTRIBUTED TO THE STATUTORY PROVISION ENHANCING HIS SENTENCE.


Petitioner Green next turns to the calculation of his sentence. The Government argues that the Court should look into the contents and files to determine the merits of Petitioner Green's sentence. Petitioner Green agrees.

Before sentencing Petitioner Green this court determined that Petitioner Green was responsible for 50 grams of cocaine

base "crack" due to relevant conduct. Although defense counsel "stipulated" to 40 grams, an amount the Court found on the record. The court enhanced Petitioner Green's sentence an extra 10 grams under relevant conduct to meet the § 841(b)(1)(A) penalty provision. In direct opposite of the Court's statement that Petitioner Green's "known offense conduct" involved not 50 grams but 40 grams of cocaine base "crack".

However, the Court believed it was constrained to sentence Petitioner Green to the 50 gram amount specified in the indictment-which would trigger a mandatory minimum life sentence-rather than the 40 gram amount. (See Sentencing Transcript).

However, the Court was not so constrained. The settled law of this circuit is that "in regard to 21 U.S.C. § 841, section (a) describes the substantive offense, and section (b), imposing mandatory minimum sentences based on the quantity of drugs involved, is a penalty provision only and does not constitute an element of defense to be determined by the [finder of fact]." See United States v. Reyes, 40 F.3d 1148, 1151 (10th Cir. 1994). "It is unnecessary for the government to allege drug quantity in an indictment, and even when the government does so, the quantity alleged 'does not dictate the mandatory minimum that the court is required to impose.'" See United States v. Jinadu, 98 F.3d 239, 247 (6th Cir. 1996).

Thus, as in Jinadu, "[t]he district court erred in determining that the amount of drugs charged in the indictment controlled in regard to the imposition of a mandatory minimum sentence under these statutes." 98 F.3d at 247.

This case presents even stronger grounds for correcting Petitioner Green's sentence than did Jinadu. There, the district court failed to make any "determination of the quantity of drugs involved at sentencing." id. at 249, erroneously believing itself bound by the amount charged in the indictment. Here, in contrast, the Court affirmatively found that Petitioner Green was responsible for less than the charged amount. In that respect, this case resembles United States v. Winston, 37 F.3d 235, 241 (6th Cir. 1994), in which the district court found that the subject conspiracy involved only 23 grams of cocaine base, rather than the 50 grams charged in the indictment.

The Sixth Circuit held that "despite the language in the indictment describing an amount of cocaine base 'in excess of 50 grams,' the amount of drugs that the court determined to be involved in the conspiracy was insufficient to justify the imposition of an enhanced sentence pursuant to § 841(b)(1)(A)." Id. See United States v. Cox, 565 F.3d 1013 (6th Cir. 2009).

Therefore, once the Court reviews the record and files, the Court can determine that Petitioner Green is entitled to relief pursuant to the Fair Sentencing Act for 40 grams of cocaine base "crack".

III. 18 U.S.C. § 3553(a).

In setting a new sentence, the Court considers the factors set forth in 18 U.S.C. § 3553(a), including:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed;
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to respect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Petitioner Green, has been in custody over ten years. During his time in custody he has not received one "shot" and has continued to program. Petitioner Green's offense does not contain any violence. Nor has he engaged in any violent conduct. Furthermore, a mandatory life sentence without the possibility of parole is vastly too long for Petitioner Green. See Graham v. Florida, 130 S.Ct. 2011, 2031, 176 L.Ed.2d 825 (2010)(discussing severity of life without parole sentences for nonhomicide offenders). A non-discretionary sentence for Petitioner Green, assuming that he will die of old age in federal prison, is too heavy a burden.

Simple justice and common decency suggests that Petitioner

Green ought to be afforded an opportunity to see if he has learned anything and can, yet, make a contribution to society. The imposed sentence was driven by fear of a flood-tide of crack cocaine. The intervening years have enlightened the Court's, Congress's, and the Sentencing Commission's view of this drug. See United States v. Miller, 2010 U.S. Dist. LEXIS 79763 (U.S.D.C. Minn. 2010).

Therefore, Petitioner Green respectfully contends that this court has jurisdiction to impose a guideline sentence.

## CONCLUSION

Petitioner Green respectfully requests this court to resentence him pursuant to the newly calculated guidelines pursuant to the Fair Sentencing Act, using the § 3553(a) factors and impose a guideline sentence.

Respectfully Submitted,

*/s/ Alvin Green/*

## CERTIFICATE OF SERVICE

I, Alvin Green, hereby certify that on this day September 6, 2011, I caused the original and a copy of the Response to the Governments Opposition to my 3582(c)(2) motion to be sent by United States mail, first class postage prepaid to:

United States District Court

Alfred A. Arraj Courthouse

901-19th, Room A 105

Denver, Co. 80294

Your Honor, IF you Deny this Motion Please Deny My Motion without Prejudice. Thank You Your Honor.

Respectfully Submitted

*[signature]*



⇔30411-013⇔
Alvin Green
PO BOX 019001
United States.Penitentiary.Atwater
Atwater, CA 95301
United States

⇔30411-013⇔
Judge Wiley Y Daniel
Office OF THE Clerk
901- 19TH ST ROOM A 105
Denver, CO 80294
United States