IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF COLORADO

Case No:01-cr-00214-WYD-19

From: Sammie Woods
F.P.C.Florence
USM#30425013
P.O.Box 5000,S
Florence,Colorado 81226

Re:Reduction of Sentence
To:Honorable Chief Judge,Wiley Y.Daniel
901-19th Street,Room A-105
Denver,Colorado 80294

Dear Chief Judge Wiley Y.Daniel:

How are you doing Sir?Congratulation on Your recent Award. I am writing this letter to you in regard on the recent passing of the New Law concerning "crack"cocaine.Due to the retroactivety of the New Law concerning the crack ratio.I was found in my possession of 1.062 grams of "crack"this margin was less than a gram in weight.

However,I was sentenced under Section 841(b)(1)(A),and the record will show that this is less than 280 grams of crack,I am now eligible for a reduction in my sentence with the 18-to-1 ratio.I have recently had a letter from the Sentencing Commission that there may be more added to the Section in S.1789.**Section 2** of this Bill replaces 5 grams of coacine base/crack under 841(b)(1)(B)with 28 grams of crack, and replaces 50 grams of crack under 841(b)(1)(A) with 280 grams of crack.

So,instead of 5 grams of crack causing a **mandatory sentencing** range of 5 to 40 years,it will require 28 grams of crack for sentencing under the 5 to 40 years statutory range.And,instead of 50 grams of crack causing sentencing under the 10 years to life range of 21:841(b)(1)(A),it will require 280 grams of crack to be

1

sentenced under(A).**Section 3** eliminates the mandatory minimum sentence for a simple possession of crack.In other words,there is now no mandatory sentence of 5 years for a simple possession of crack cocaine.In this instant case the Petitioner was in possession of 1.062 grams,of which now if we look at the table due to the 18-to-1,the now offense level is 14 and I am now eligible for a immediate release.

It is the Federal Court duty to apply the law in the effect at the time it renders its decision,unless doing so would result in manifest injustice.Petitioner is requesting an evidentiary hearing and a appointment of counsel,I am indigent defendant in §3582(c)(2) proceedings,this is a Due Process issue and egual protection concerns.This New Law that may give Woods his relief, and this new avenue is provided by statute,that the government may not "bolt the door to equal justice to indigent defendants.

With an average of 10 years at stake,because of the New Fair Sentencing Act,the balance of interest requires counsel.Petitioner in this case cannot be forced to litigate his own §3582(c)(2) motion,which would entail being conversant not only with the record at sentencing and any intervening or mitigating factors(including those listed amended Note 1(B) to be revised §1B1.10 that were never litigated with the effects of **Apprendi**,**Kimbrough**,and **Gall**.

The relevant factors that Woods is asking this Court to consider is that there wasn't any victims to this crime,2 that the petitioner was not in possession of any weapon,3 Petitioner Woods will not return to prison there is complete remorse for what I have done 4 Petitioner is asking this Court to now consider his age from when this offense occured 5 the amount of drugs that

2

that was attributed to Woods is not on the Sentencing table. 6 and Petitioner is asking the Court to review his role in this case which petitioner had a minimum role. 7 and the Statement of reason will reflect that I am not a threat to the Community. Therefore,Woods would not pose any danger to no one nor the Government.

If the government is intending to use evidence to suggest that I am not entitled to the full benefit of the avialable reduction,then I'm asking this Court to ORDER an appearance in order that I can refute the government's evidence.If this Court grant petitioner's 3582 motion under the New crack guideline,I am requesting a new presentence investigation report.Fed.R.Crim. P.32(c)(1)(A)("The probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless"a statute requires otherwise or "the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C.§3553,and the court explains its finding on the record.").

Under the New Law,Mr.Woods is entitled to a reduction,or immediate release based upon the evidence of 1.062 grams of crack.Mr.Woods base this motion on all the files,records, and proceedings to date.

**ATTACHMENTS TO LETTER:** Consists of Appendix C:Federal Penalties and Sanctions for allegal Possessions of a Controlled Substance.

2.§3582 (c)(2) motion for reduction of Sentence

Petitioner is also enclosing a copy of this letter to the United States Sentencing Commission.

      Respectfully Submitted,

      Sammie Lee Woods

3

ORIGINAL
COPY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF COLORADO
CASE NO. 01-CR-00214-WYD

UNITED STATES OF AMERICA
       Plaintiff,

v.

SAMMIE WOODS
       Movant,

---

MOTION TO MODIFY SENTENCE

PURSUANT TO

TITLE 18 U.S.C. § 3582

(c)(2)

---

Respectfully Submitted.

/s/ Sammie Woods

## TABLE OF CONTENTS                                          PAGE

STATEMENT OF JURISDICTION............................... 3

STATEMENT OF THE ISSUES................................. 3

PRELIMINARY STATEMENT/RELEVANT HISTORY.................. 4

ARGUMENT................................................ 5-7

CONCLUSION.............................................. 8

AFFIDAVIT............................................... 9

CERTICATE OF SERVICE.................................... 10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF COLORADO
CASE NO. 01-CR-00214-WYD

UNITED STATES OF AMERICA
        Plaintiff,

v.

Sammie Woods
        Defendant,

## MOTION TO MODIFY SENTENCE
## PURSUANT TO
## TITLE 18 U.S.C. § 3582
## (c)(2)
## FAIR SENTENCING ACT OF 2010

**COMES NOW,** Sammie Woods, the defendant pro-se, who hereby submit this instant motion pursuant to Title 18 U.S.C. §3582(c)(2). In support hereof, the defendant presents the following:

### CASE JURISDICTION

Jurisdiction is obtained by 18 U.S.C. §3582, upon the United States District Court of Denver, Colorado.

### ISSUES TO CONSIDER

1. THE COURT SHOULD MODIFY DEFENDANT'S SENTENCE PURSUANT TO RETROACTIVE AMENDMENTS APPLIED TO CRACK COCAINE.

2. TO CONSIDER THE NEW LAW UNDER THE FAIR SENTENCING ACT OF 2010(FSA).

3. TO CONSIDER THE NEW FEDERAL SENTENCING GUIDELINES THAT WENT INTO EFFECT ON NOVEMBER 1, 2010.

3. TO CONSIDER THE §3553(b)(1) SENTENCING FACTORS BASED ON THE NEW GUIDELINES

3

## **CASE POSTURE**

**CASE POSTURE**: Sammie Woods was indicted and charged, inter alia, with consspiracy to Distribute and Possess with intent to Distribute Fifty or more grams of cocaine base, Aiding and Abetting. These charges were added to an Indictment 06/07/2001, Count One. Use of a Communications Facility to Possess with intent to Distribute Cocaine Base, Aiding and Abetting, 05/09/01 Count Fifty.

Count Sixty -Two in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(iii); and 18 U.S.C. §2, and 21 U.S.C. §843(b); 18 U.S.C. §2. Woods went to trial and subsequently was found quilty of all charges. On April 21, 2004 this Court sentenced Woods to serve 240 Months to the Bureau of Prisons and Ten years of Supervised Release, and a Monetary Obligation to pay an Assessment of $300.00 Dollars.

Woods sentence was enhanced prior to a State conviction which brings this argument:

In Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi; 120 S.Ct. at 2362-63. This Court and several appellant courts have concluded that Apprendi applies to controlled substance violation under § 841.

4

## ISSUE-1

## THE COURT SHOULD MODIFY DEFENDANT'S SENTENCE PURSUANT TO RETROACTIVE AMENDMENTS APPLIED TO CRACK COCAINE.

### ARGUMENT

18 U.S.C.3582 does not provide a formal procedure for bringing a sentencing modification request to the attention of the Court. The Advisory notes, states that a Court has jurisdiction to reduce a sentence pursuant to 18 U.S.C.3582 Motion, and Policy Statement 1B1.10 which states in part;"In a case in which a defendant is serving a term of imprisonment,and the guideline range applicable to that defendant has been subsequently lowered as a result of an amendment to the Guidelines Manual listed in subsection(c),the Court may reduce the defendant's term of imprisonment as provided by 18 U.S.C.3582(c)(2)."1B1.10(a)(1).

18 U.S.C.3582(c)(2)provides a mechanism for modification of a sentence if the Sentencing Commission changes the relevant sentencing range after a defendant is sentenced.Under the Fair Sentencing Act of 2010(**FSA**),New federal sentencing guidelines went into effect on **November 1,2010.**In crack-cocaine cases,Title 21 §841 and the sentencing guidelines triggered a five-year prison term if a defendant had 5-49 grams, and 10 years for 50 or more grams.Under the new law it now takes 28 grams for a five year sentence, and 280 grams to receive a 10 year sentence.

In the instant case,Woods asserts that he is a beneficiary and entitled to relief under the retroactive amendment to the to the crack cocaine guidelines.

5

According to Woods,Pre-Sentence Report,he is responsible for 1.062 grams of cocaine base,crack cocaine.Defendant Woods,is currently sentenced under Criminal history and Offense Level 32/Category IV.The 2003 Guidelines Manual was used in the instant case.The guidelines remain the single most important factor in deciding a sentence.This is because review of a sentencing determination under the"reasonableness"standard includes calculating the defendant's sentence under the guideline provisions and then determing whether the District Court followed those guideline provisions.Consequently,the guidelines and case law contruing the Guidelines are the first and most important considerations review of sentences.

At the heart of the Guidelines is a sentencing table,consisting of forty-three offense levels and six criminal history categories,which is used to identify the sentencing range applicable to a defendant.Offense Level:To determine the offense level,the judge selects the applicable offense guideline section that corresponds with the defendant's relevant conduct,determines the base offense level from that section, and then adjusts it for specific offense characteristics contained in the particular section.Finally,the judge may allow general adjustments related to **(1)the harm to a victim,if there is a victim to the offense when charged or under an investigation,(2)the defendant's role in the offense,(3)whether there has been any obstruction of justice,(4) whether the defendant was convicted of multiple counts, and(5) whether the defendant has accepted personal responsibility for the offense.**

6

Woods,argue that Due Process fordids even the **appearance of vindictiveness.18** U.S.C.§3553(a)(district court"shall impose a sentence sufficient,but not greater than necessary,to satisfy the purposes"of sentencing).**United States v.Polanco,2008 WL 144825,*2(S.D.N.Y.Jan.15,2008)**(noting that"it would be,to say no more,ironic if the relief available to a defendant who received a sentence that is now recognized to have been unconstitutional because imposed under mandatory guidelines based on a non-jury fact findings and unwise because the guideline under which he was sentenced was excessively severe,can be limited by a still-mandatory guideline").

The defendant is asking the Judge to make the independant assessment under USCS§3553(a) and pursuant to the district Court's duty under Booker and Rita that an advisory guideline range based on a higher ratio reflects "unsound judgment"on the part of the Commission and should be followed.The Court is place on notice,See Rita v.United States,127 S.Ct.2465,2468 (2007)(district court may conclude that the guideline sentence fails to reflect §3553(a)considerations,reflects an unsound judgment,does not treat defendant characteristics in the proper way,or that a different sentence is appropriate"regardless."); id.at 2463.

It is arguable so that this Court take notice of the Almendarez-Torres case concerning"prior conviction"exception. On January 26,2011,the Court gave new life to the argument that it is unconstitutional to enhance the statutory maximum for a crime based on a prior convictions when it ordered the government to respond to petitions asking the Court to consider Almendarez-Torres.

7

## CONCLUSION

The defendant Woods,pro-se,respectfully moves this Court pursuant to 18 U.S.C.3582(c)(2),for an order reducing the term of imprisonment on the grounds that retroactive amendment(s) to crack cocaine changes this defendant's sentencing scheme.This defendant Woods,also request this Court to take into consideration the 3553(a) factors.

## PRAYER

May the God of creation intervene in the hearts of men that truth may prevail over deception,that law may prevail over lawlessness. May God move the heart of the Presiding Judge. May God cause me to see the truth and act on the truth.Even so come quickly Lord Jesus.Amen.

Respectfully submitted this 3rd day of November,2011.

/s/ Sammie Woods

Sammie Lee Woods

F.P.C.Florence

USM#30425-013

P.O.Box 5000,Summit

Florence,Colorado 81226-5000

## AFFIDAVIT

I, Sammie Lee Woods, being duly sworn that this information herein is true and correct to the best of my knowledge.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS 3rd DAY OF November, 2011.

/s/ Sammie Woods

AFFIANT

/s/ S. Vigil   11/3/2011

NOTARY PUBLIC

S. VIGIL
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 3/6/2013

Notarizing for
Motion to Modify Sentence
Title 18 USC 3582 (c)(2)

9

## CERTIFICATE OF SERVICE

I, Sammie Lee Woods, hereby certify that I have sent:

Three(3) true and correct copies of this 3582 Motion to:

CLERK OF THE COURT

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF COLORADO

901-19th Street, Rm.A-105

Denver, Colorado 80294

The Documents were delivered by hand to the legal mail system located at the Federal Prison Camp Florence, Colorado on this 3rd day of November, 2011.

Respectfully submitted,

/s/ *Sammie Woods*
Sammie Lee Woods
Federal Prison Camp, Florence

| COLORADO | 18-18-101, et seq. 18-18-405 | Class 4 felony; Subsequent Offense: twice or more within 6 months and amount greater than 28.5 g.: Defendant shall be sentenced to the Dept. of Corrections for at least the minimum and fined no less than $1000 but not over $500,000 with no probation or suspension | Class 3 felony; Sale to minor within 1000 ft. of school or public property-Dept. of Corrections for minimum 5 yrs.; Subsequent offense near school: 20 yrs. |

I Sammie Woods, was sentenced in this instant case under the same drug statue above.

## APPENDIX C: Federal Penalties and Sanctions for Illegal Possessions of a Controlled Substance

21 U.S.C. § 844(a)

Penalties for simple possession of controlled substance. 1st conviction: Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both. If a person commits such offense after a prior conviction: Sentenced to a term of imprisonment for not less than 15 days but not more than 2 years, and shall be fined a minimum of $2,500. After 2 or more prior drug convictions: Sentenced to a term of imprisonment for not less than 90 days but not more than 3 years, and shall be fined a minimum of $5,000. Special sentencing provisions for possession of a mixture or substance which contains cocaine base mandates imprisonment of not less than 5 years and not more than 20 years, and a fine of a minimum of $1,000, in accordance with the following:

(a) 1st conviction and the amount of mixture or substance exceeds 5 grams. (b) 2nd conviction and the amount of mixture or substance exceeds 3 grams. (c) 3rd or subsequent convictions where the amount of mixture or substance exceeds 1 gram.

21 U.S.C. § 853(a)(2) and § 881(a)(7)

Forfeiture of personal and real property used to possess or to facilitate possession of a controlled substance if that offense is punishable by more than 1 year imprisonment.

21 U.S.C. § 881 (a)(4)

Forfeiture of vehicles, boats, aircraft or any other conveyance used to transport or conceal a controlled substance.

21 U.S.C. § 844a

Civil penalty for possession of small amounts of certain controlled substances, constituting a personal use amount, shall be liable in an amount not to exceed $10,000 for each violation.

21 U.S.C. § 853a

Denial of Federal benefits, such as student loans, grants, contracts, and professional and commercial licenses, up to 1 year for first conviction, up to 5 years for second and subsequent convictions.

18 U.S.C. § 922(g)

Ineligible to receive or purchase a firearm.

Miscellaneous

Revocation of certain Federal licenses and benefits, e.g. pilot licenses, public housing tenancy, etc.. as vested within the authorities of individual Federal agencies.

Revised 10/1/04

## Crack Cocaine Laws

- Under current federal law, someone caught with five grams of crack cocaine gets a certain five-year sentence -- while someone would have to be in possession of 500 grams of the white, powdered cocaine to trigger the same mandatory prison time.
- The proportion and number of inmates serving time for federal drug convictions has mushroomed since 1986, when Congress enacted a number of mandatory minimum sentences for drug crimes -- including those involving crack cocaine.
- H.R. 4026, the "Powder-Crack Cocaine Penalty Equalization Act of 2002" is a bill being considered in Congress that would change the current crack cocaine and powder cocaine ratios, created in the Anti-Drug Abuse Act of 1986.
- The average crack cocaine sentence, 120 months, is greater than: the 103-month average sentence for robbery; the 76-month average sentence for arson; the 64-month average sentence for sexual abuse; and the 31-month average sentence for manslaughter. United States Sentencing Commission, 1999 Sourcebook of Federal Sentencing Statistics.
- Sentences for crack offenders are roughly two to six times as great as sentences for powder cocaine offenders distributing equivalent quantities of drugs. Testimony of the Honorable Deanell Reece Tacha, United States Sentencing Commission, before the House Subcommittee on Crime, June 29, 1995.
- The average sentence for crack cocaine (ten years) is thirty-five percent longer than the average methamphetamine sentence and fifty-two percent longer than the average powder cocaine sentence. United States Sentencing Commission, 1999 Sourcebook of Federal Sentencing Statistics 69.
- While a majority of crack users in the United States are white, 94 percent of those sentenced under the incomparably severe penalties for crack cocaine are black or Hispanic. Leadership Conference on Civil Rights, Justice on Trial: Racial Disparities in the American Criminal Justice System 30 (2000); United States Sentencing Commission, 1999 Sourcebook of Federal Sentencing Statistics 69.
- Amid widespread criticism directed at the severity and disparate impact of the crack sentencing regime, the Sentencing Commission has twice called for reduced crack penalties, noting A[t]he current penalty structure results in a perception of unfairness and inconsistency.@ United States Sentencing Commission, Special Report to Congress: Cocaine and Federal Sentencing Policy 8 (April 1997).

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF COLORADO
CASE NO.01-CR-00214-WYD
CHIEF JUDGE

**UNITED STATES OF AMERICA**
    Plaintiff,

v.

**SAMMY LEE WOODS**
    Movant,


To:The Clerk of the Court

 My name is Sammie Woods,I am currently housed at a Camp Complex in Florence,Colorado.I have enclosed with this letter a Copy of a 10 page Motion that is entitled Motion to Modify Sentence Pursuant to Title 18 U.S.C.§ 3582(c)(2).I am requesting that you file this Motion.

 I am requesting that you return a Stamp File Copy of this Motion and Docket No.that has been entered into the record.I am also asking you to submit also the attached letter to the Honorable Chief Wiley Y.Daniel.And thank you so much for your time and attention in this matter.

  Respectfully Submitted,

   Sammie Lee Woods

P.S.Petitioner is requesting that any response be returned back <u>verified</u> .


CERTIFIED MAIL NO:7005 1820 0002 7699 1740

30425-013
Sammie L Woods
Federal P. Complex, Camp
P.O. Box Highway 67
Florence, CO 81226
United States

**CERTIFIED MAIL**

7005 1820 0002 7699 1740

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 21 2011

GREGORY C. LANGHAM
CLERK

LEGAL MAIL
CERTIFIED MAIL NO: 7005 1820 0002 7699 1740

30425-013
UNITED S DISTRICT COURT
Attn: Clerk of the Court
901- 19TH ST
Denver, CO 80294
United States