IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-02529-WYD
Criminal Action No. 01-cr-00214-WYD

UNITED STATES OF AMERICA,

 Plaintiff,

v.

19. SAMMY LEE WOODS,

 Defendant/Movant.

## ORDER

 THIS MATTER comes before the Court on Defendant's letter to the Court filed January 5, 2012 [ECF No. 3872]. Therein, Defendant requests reconsideration of his sentence based on alleged assistance to the Government. Defendant states that he provided the Government with "information they should have taken [sic] into consideration concerning my sentence." I will construe this letter as a *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582. S*ee United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) ("Because Mr. Smartt's motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, 'the viability of his motion depends entirely on [18 U.S.C. § 3582(c)]'") (quoting *United States v. Trujeque*, 100 F.3d 869, 870 (10th Cir. 1996).

 After review of Defendant's motion, I conclude that the motion should be denied. The Court does not have inherent authority to modify a previously imposed sentence—it may do so only pursuant to statutory authorization. *United States v. Mendoza*, 118 F.3d

707, 709 (10th Cir.), *cert. denied*, 522 U.S. 961 (1997).  There are three limited circumstances in which a sentence may be modified: (1) the court receives a motion from the Bureau of Prisons finding that special circumstances warrant a reduction and the requested reduction is consistent with the applicable policy statements issued by the Sentencing Commission; (2) to the extent expressly permitted by statute or by FED. R. CRIM. P. 35; or (3) a defendant has been sentenced based upon a sentencing range later lowered by the Sentencing Commission.  28 U.S.C. § 3582(c)(1)(2), *Smartt*, 129 F.3d at 540.

Defendant has not shown that any of those grounds are present in this case, or that relief is proper under any other rule or statute.  I note that Defendant was sentenced to term of imprisonment of 240 months due to the mandatory minimum sentence set forth in 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii).  Accordingly, it is

ORDERED that Defendant's *pro se* motion filed January 5, 2012 [ECF No. 3872] is **DENIED**.

Dated:  January 12, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge