IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| vs. | § § § | CRIMINAL CASE NO. 01-cr-00214-WYD |
| SAMMY LEE WOODS | § | |

SAMMY LEE WOODS' PRO SE OBJECTION TO THE
"JOINT NOTICE"
FILED BY THE UNITED STATES ON FEBRUARY 24, 2012

TO: HONORABLE WILEY Y. DANIEL, PRESIDING
UNITED STATES DISTRICT JUDGE

SAMMY LEE WOODS, Defendant Pro Se, ("Woods"), enters this is original pro se objection to the "Joint Notice" filed by the United States on February 24, 2012, and in support of such objection Woods would show as follows:

1.  As an initial matter Woods is aware that he is not entitled to "hybrid representation", ie., that he is not entitled to proceed pro se in a case in which he is represented by counsel. Prior to the filing of this objection, however, Woods contacted his counsel of record, (Attached), and he notified counsel of his legal argument inopposite to counsel's conclusions on the issue, and Woods advised his counsel that if he was unwilling to advance the arguments and authorities in his correspondence (Attached) then counsel should move to withdraw as counsel of record.

2.  In other words, if counsel of record persists in his belief that Woods is not entitled to 18 USC § 3582(c)(2) modification of his 240 month sentence, then Woods is asking the Court to recognize the reality that counsel does not "represent" Woods any longer in this matter as counsel is either unwilling, or unable, to advance the issue, arguments and authorities indispensible to this Court's modifying Woods' sentence in this case pursuant to 18 USC § 3582.

3.  And finally, on this point, the "Joint Notice" entered February 24, 2012 is not a "joint" conclusion reached by the United States and Woods. Woods neither agreed to the filing of such notice, nor did Woods' counsel advise him

that he would be entering into such joint notice. The conclusion reached in the "joint notice" is misleading as it does not represent the truth of Woods' position on whether he is entitled to a modification of his sentence pursuant to 18 USC § 3582(c)(2). The position that Woods will be advancing in this objection is contrary to the position Woods has taken with his counsel, and as such, there is not "joint" agreement between Woods and the United States with respect to the disposition of this matter. It would be misleading for the parties to this action to have this Court proceed to final disposition of Woods' § 3582(c)(2) motion with the belief that the parties are in agreement that relief should be denied. Nothing would be further from the truth.

I.

ISSUE ONE

> The United States is mistaken in its claim that: "The Court sentenced the defendant to the statutory mandatory minimum 240 months." [See: Joint Notice at page one].

1. Judgment was entered April 29, 2004 and filed of record in this case on May 3, 2004. The United States had every opportunity to file a notice of appeal in the case, but the United States waived that right. As a result, with respect to this judgment and the United States being required by law to give full accord to its contents, this judgment is final. The United States is just as bound by the contents of the judgment in this case as Woods is. Woods is serving the 240 month sentence provided for in the judgment. The United States, also, is equally bound by this provision in this final judgment, to wit:

> "The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984."

2. It is axiomatic that the "Sentencing Reform Act of 1984" is now commonly known as the Federal Sentencing Guidelines. The Federal Sentencing Guidelines are found in the United States Code, to wit: 18 USC § 3551, et.seq. The United States, therefore, is estopped from claiming that Woods' sentence is

imposed pursuant to any other statute other than the Sentencing Guidelines which are codified in 18 USC § 3551, et.seq.

3. The United States is attempting to create an impermissible legal presumption that sentences in the federal system can be imposed pursuant to any other statute other than the Guidelines. This effort is not a "legal presumption" as much as it is a "legal fiction". Sentences in the federal criminal justice system are mandated to be imposed pursuant to the Guidelines. There can be no more consideration of the "statutes" that preceeded imposition of the Federal Sentencing Guidelines.

4. This reality is neither new, nor unique. In 1988, almost 25 years ago, the United States Supreme Court addressed this issue, and the Court unequivocally resolved the issue. MISTRETTA v US, 488 US 361 (1988). Mandatory minimum sentences from the previous indeterminate sentencing statutes were never intended by Congress to be applied. ID., MISTRETTA, at 488 US at 374. It is axiomatic that the Guidelines do adopt certain parameters and thresholds contained in the former sentencing statutes, but this does not mean that the former statutes survived the adoption of the Guidelines as being viable in federal sentencing. The goal in passing the Guidelines was to "... resolve the seemingly intractable dilemma of excessive disparity in criminal sentencing." ID., MISTRETTA, supra., at 488 US at 384. It is simply legal fiction for the United States to conclude, now 25 years later, that the former statutory mandatory minimum sentences apply to prevent a modification of Woods' sentence pursuant to 18 USC § 3582(c)(2).

5. To reach that conclusion would be to repeat the precise problem MISTRETTA, and the Supreme Court, sought to resolve. The Court wanted to "... resolve the seemingly intractable dilemma of excessive disparity in criminal sentencing." ID., MISTRETTA, supra., at 488 US at 384. Woods' case is a cocaine base sentence. Thousands of federal prisoners are being accorded relief pursuant to 18 USC § 3582(c)(2) based upon the precise rationale set forth in Woods' mo-

4

tion to modify sentence. The United States would now have this Court enter an order denying that modification, in this limited instance, by applying the former sentencing statutes, ie., 21 USC § 841 (b)(1)(A)(B). In fact, to justify Woods' 240 month sentence, and to have this Court not modify that sentence, this Court would have to believe that Woods' sentence was NOT IMPOSED pursuant to the 1984 Sentencing Reform Act, as the Judgment in this case recites. Rather, this Court would have to conclude that Woods' sentence was IMPOSED pursuant to 21 USC § 841 (b)(1)(A), and the sentenced enhanced by 21 USC § 851. In other words the legal fiction would have to be created that Woods' sentence was pursuant to every-other available statute other than the 1984 Sentencing Reform Act. This, quite simply, cannot be. This, quite simply, is inopposite to the very Judgment filed in this case, the Judgment that is the very document that holds Woods in federal prison and is bound to be executed by the Office of the Attorney General by and through the Federal Bureau of Prisons. But more importantly, such legal fiction would fly in the face of MISTRETTA, a good and subsisting judgment from the United State Supreme Court that this Court is bound, by oath, to uphold.

II.

ISSUE TWO

> The United States is mistaken inits claim that: "The amended guidelines do not affect the statutorily-required minimum sentence."

1.   Woods was sentenced for conspiring to distribute fifty or more grams of cocaine base, and pursuant to the prior law, the sentence was mandated at a minimum sentence of at least ten years. With the 21 USC § 851 enhancement that sentence became 240 months confinement.

2.   However, the new law is based upon, not a 100 to 1 ratio cocaine base to cocaine powder, but rather, an 18 to 1 ration, which yields a mandatory minimum sentence of only five years. With the 21 USC § 851 enhancement applied that yields a mandatory minimum sentence of only 120 months.

3.   As such, it is simply legal fiction, once again, for the United States to claim that: "The amended guidelines do not affect the statutorily-required minimum sentence."

## III.

### ISSUE THREE

> The ends of justice and the intent of the Sentencing Commission and Congress are best served by modifying Woods' sentence pursuant to 18 USC § 3582(c)(2).

1.   To deny modification, as has been set forth supra., legal fictions must be created and legal precedents ignored. However, to grant modification all this Court needs to do is apply existing law.

2.   First, 18 USC § 3582(c)(2) requires only a change in the sentencing law, adopted by the Sentencing Commission and applied retroactively. Both of these conditions precedent have been met with respect to the decriminalization of cocaine base offenses. The decriminalization of cocaine base offense sentences has been retroactively applicable since November 1, 2010, over a year ago. And since the new sentencing law was enacted into law, and adopted by the Sentencing Commission, thousands of federal prisoners have had their sentences reduced. These are simply the realities of what is occurring.

3.   However, equally real, is the reality that the United States has been systemmatically thwarting Congressional intent in passing this law, and in the President's intent in signing the law into law, and in the Sentencing Commission's passing the guideline changes and making them retroacitvely applicable, by creating the legal fiction that these changes affect only "special" cases, and not all cases.

4.   Second, precedent, already established, supports the reality that Congress intended all federal inmates incarcerated on cocaine base cases, to have their sentences reduced. "We generally presume Congress is knowledgeable about existing law pertinent to the legislation it enacts." GOODYEAR v MILLER, 486 US 174, 184-85. In this case, Congress passed the Fair Sentencing Act, and the Sentencing Commission enacted Guideline amendments, specifically to remedy one of

the longest standing disparities in federal sentencing, the 100 to 1 ration between cocaine powder and cocaine base sentences. To suggest that Congress, et. al. were not aware of the federal prisoners subject to that disparity is nonsense. To suggest that Congress and the Sentencing Commission intended to leave certain victims of the disparate sentencing in prison, while releasing only select others is equally nonsensical and nonsequitur. Everyone was knowledgeable of the law, and the law presumes such, not says Woods, but says the United States Supreme Court. ID.

And these presumptions bind this Court to apply the new law and modify Woods' sentence. This Court is constrained to "... apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." BRADLEY v RICHMOND, 416 US 696, 711 (1974). To date all this Court has is the "notice" from the United States that the new changes in cocaine base sentencing do not apply to Woods. The United States has provided no "statutory direction" from the new law, nor "legislative history" from the new law to suggest Woods is not to receive the immediate benefit from the law. This cannot be.

The only remaining question is whether a manifest injustice would result from modifying Woods' sentence as requested. Clearly, the opposite is true. At present the United States has created impermisible legal fiction, distorted reality and nothing substantial to justify denying relief. The United States does not turn to the legislative history or provide any statutory direction to indicate prisoners currently confined should not all receive the benefit from the change in cocaine base sentencing law. It would be a clear manifest injustice for Woods to be denied sentencing modification, when his neighbor at Federal Prison Camp, Florence, Colorado would receive relief and go home to his family. Any counsel representing the United States, in general, and Assistant U.S. Attorney Colleen Covell, in particular, and even United States Attorney John F. Walsh, prior to having this Court adopt such characterization as being what was intended, that

they would be compelled to explain such a galactic manifest injustice.

IV.

A Final Consideration

Without briefing, at this time, the final consideration, Woods would simply pose a question, one empirical in its simplicity, and too complicated for a mere pro se litigant to address, unless ordered to do so. However, there exists a judicial creation, rule of law known commonly as the "Rule of Lenity". It is Woods' understanding that the Rule of Lenity mandates that when two statutes control, especially in the circumstance of two sentencing statutes, the less severe option must be applied. In Woods' case, if he is bound by a former law, when a less severe current law applies to the circumstances of his case, would the Rule of Lenity not apply? With respect to this issue Woods could find nothing on the issue, making this issue one of first impression. Woods invites the opportunity to brief the issue for this Court, and would encourage doing so, if this Court, after reading this objection, is of a mind to deny relief, notwithstanding the arguments and authorities advanced in this objection.

V.

PRAYER FOR RELIEF

WHEREFORE, Woods prays this Court rejects the "Joint Notice" entered by the United States and filed of record February 24, 2012, to the end that the issue of whether Woods' sentence will be modified pursuant to 18 USC § 3582(c)(2) is considered by this Court to be a contested issue, and if Woods' counsel is not willing to advance the issues, arguments and authorities in this objection, then an order be entered permitting his withdrawal, and Woods be granted to leave to proceed pro se, that this objection be filed, and that the United States be ordered to reply within 20 days of formal filing of this document in the papers of this case. Further, Woods prays this Court grants modification of Woods's sentence, to the end that Woods' be resentenced to a Guideline sentence not to exceed 120 months confinement. Woods prays for any and all other relief to which he is entitled.

Respectfully submitted,

*Sammy Lee Woods* (signature)
Sammy Lee Woods
Reg. No. 30425-013
Federal Prison Camp
P.O. Box  5000
Florence, Colorado 81226-5000
DEFENDANT PRO SE

## CERTIFICATE OF FILING BY MAIL
## AND
## CERTIFICATE OF SERVICE

I, Sammy Lee Woods, being an incarcerated person, and in lieu of an affidavit subscribed before a notary public, and pursuant to 28 USC § 1746, DECLARE UNDER PENALTY OF PERJURY, that the original of this document was duly FILED BY MAIL, by depositing same in the institution's mail depository for legal mail, first class postage prepaid, and addressed to: Office of the Clerk, UNITED STATES COURTHOUSE, 901 19th Street, Rm. 105A, Denver, Colorado 80291-3589, on the 13th day of March, 2012.

I further certify that a true and correct copy of this document was duly served on opposing counsel by depositing same in the institution's mail depository, first class postage prepaid, and addressed to: Colleen Covell, Assistant U.S. Attorney, 1225 17th Street, Room 700, Denver, Colorado 80202, on the 13th day of March, 2012.

I further certify that a true and correct copy of this document was duly served on my counsel of record, by depositing same in the institution's mail depository for legal mail, first class postage prepaid, and addressed to: David L. Owen, Attorney at Law, 718 Huntington Place, Highlands Ranch, Colorado 80126-4720, on the 13th day of March, 2012.

*Sammy Lee Woods* (signature)
Sammy Lee Woods
DECLARANT/DEFENDANT PRO SE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 01-cr-00214-WYD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

19.  SAMMY LEE WOODS,

        Defendant.

---

## JOINT NOTICE

---

JOHN F. WALSH, United States Attorney in and for the District of Colorado, by and through undersigned Assistant United States Attorney, and David L. Owen, Jr., counsel for the defendant, hereby submit this Joint Notice pursuant to the Court's January 24, 2012 Minute Order.

The parties have reviewed the defendant's Motion for Retroactive Application of Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2) and are in agreement that the defendant is not entitled to any relief or reduction in his sentence. The Court sentenced the defendant to the statutory mandatory minimum, 240 months. The amended guidelines do not affect the statutorily-required minimum sentence.

Respectfully submitted this 24th day of February, 2012.

        JOHN F. WALSH
        United States Attorney

        By: *s/Colleen Covell*
        COLLEEN COVELL
        Assistant U.S. Attorney
        1225 17th Street, Suite 700
        Denver, CO. 80202
        Telephone (303) 454-0200
        Fax (303) 454-0409
        Colleen.Covell@usdoj.gov

Sammie L. Woods
Reg. No. 30425-013
Federal Prison Camp
P.O. Box 5000
Florence, Colorado 81226-5000

March 7, 2012

David L. Owen, Jr.
718 Huntington Place
Highlands Ranch, Colorado 80126-4730

RE:   US v SAMMIE WOODS
      Case No. 01-cr-214-WYD
      Honorable Wiley Y. Daniel, U.S. District Judge, Presding

Mr. Owen:

I am in receipt of your February 20, 2012 correspondence. If you send future correspondence to the above-captioned address, my address for service of documents and notice of proceedings, I will receive your mail earlier.

This correspondence focusses on whether I am entitled to relief under the Fair Sentencing Act and Sentencing Commission's actions decriminalizing cocaine base convictions and making those decriminalized penalties retroactive to final judgments. The relief I am seeking is pursuant to 18 USC § 3582(c)(2). By my understanding all that is required for such a sentence modification is that the sentence sought to be modified was imposed pursuant to the 1984 Sentencing Reform Act, (ie., the Federal Sentencing Guidelines), and that the sentence sought to be modified is subject to an action by the Federal Sentencing Commission that has been made retroactive to final judgments. In my case, I believe that both of these qualifying criteria apply.

First, the Sentencing Commission has decriminalized cocaine base offenses imposed pursuant to the 100-1 ratio, former penalties, to the current penalties calculated at an 18-1 ration, cocaine base to cocaine powder. This decriminalization affects substantially my sentence. The decriminalization has been made retroactive to final judgments, and thousands of federal inmates are now receiving the benefit of this decriminalization.

Second, and this is probably the conflict, the question is whether my sentence was imposed pursuant to a so called "statutory maximum", or whether it was ,indeed, imposed pursuant to the Federal Sentencing Guidelines. To resolve this conflict, I ask you to look to the first page of the "Judgment In A Criminal Case" filed in my case May 3, 2004. The judgment recites as follows:

> "The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed **pursuant to the Sentencing Reform Act of 1984.**"

In may mind this satisfies whether my sentence was imposed to a statutory mandatory minimum, or pursuan to the Federal Sentencing Guidelines.

2

I will admit that the situation is clouded by the reality that a mandatory minimum statute did control my imposed sentence. However, the reality that 21 USC § 841(b)(1)(A) controlled the sentence that was imposed, coupled with 21 USC § 851 and the statutory enhancement that statute mandates, this does not remove the reality that my sentence was imposed pursuant to the Federal Sentencing Guidelines.

My 240 month sentence is no longer subject to the mandatory minimum sentence outlined in 21 USC § 841 (b)(1)(A). Because of the retroactively applicable changes in the cocaine base sentencing laws, if any mandatory minimum sentence is to be considered, that mandatory minimum sentence is that outlined in 21 USC § 841(b)(1)(B). That mandatory minimum sentence is 5 years, coupled with the statutory enhancement outlined in 21 USC § 851, this would result in a mandatory minimum sentence of only one hundred twenty (120) months confinement. As such, I think you can agree my sentence is subject to modification, significantly, pursuant to 18 USC § 3582 (c)(2). I hope you agree, but if you do not, please allow me to explain my position on the basis of what I believe may be your disagreement.

I understand that the majority of courts do not agree that the Guidelines decriminalization that was made retroactive by the Sentencing Commission applies to mandatory minimum sentences. I believe only the First Circuit has found that Congress's intent in passing the decriminalizations, and the Sentencing Commission's concurrent making of the decriminalizations retroactive apply to ALL cocaine base sentences, whether those sentences were mandatory minimum sentences, or not.

It is not Congress' intent that controls. The Supreme Court, for the past 23 years, has held that any federal sentence must be imposed pursuant to the Guidelines to be constitutional. The sentencing statutes CANNOT be used for any sentence imposed after 1988, as the statutes have been superceded by the Guidelines, for a collection of reasons, and this is Supreme Court precedent without question. The case is MISTRETTA v UNITED STATES, 488 US 361 (1988). Any sentence imposed pursuant to the former statutes implicate indeterminate sentencing, and this is precisely the thing that the Supreme Court was eliminating in its holding in MISTRETTA.

The use of the statutory mandatory minimums, per se, instead of as channeled through the Guidelines, is precisely the type of indeterminate sentencing regime that the Supreme Court abolished in MISTRETTA. And today, the proof is in the reality of what is occurring. Thousands of inmates in federal prison are being accorded mondifications of their sentences. Only a few, me included, are being denied modification pursaunt to 18 USC § 3582(c)(2), and when relief is denied it is predicated on the legal fiction that the mandatory minimum sentence imposed was NOT IMPOSED PURSUANT TO THE GUIDELINES, rather pursuant to the former sentencing statutes, to wit: 21 USC § 841(b)(1)(A)(B). This cannot be because, in MISTRETTA, the Supreme Court specifically mandated sentencing pursuant to the Guidelines, and not the former statutes. Further, MY SENTENCE was imposed pursuant to the GUIDELINES, 18 USC § 3551, et.seq., and not 21 USC § 841(b)(1)(A).

Review this argument. If you have conflicts with filing and pursuing a modification pursuant to 18 USC § 3582(c)(2), please advise me of such, and I will proceed pro se. To do this you will have to withdraw as my counsel. Send me your motion to withdraw, and I will sign it, and you can be relieved of your obligations to me. I hope you will stay on, and I hope you will advance the argument I have set out in this letter.

Thanking you in advance for your assistance, consideration and cooperation in this matter, and I remain,

cc:   FILE
SLW/jl

Sincerely,

Sammie L. Woods

