FILED
United States Court of Appeals
Tenth Circuit

May 25, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SAMMIE LEE WOODS,

    Defendant-Appellant.

No. 12-1022

(D. of Colo.)

(D.C. No. 01-CR-00214-WYD)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Sammie Lee Woods seeks a reduction of his sentence of imprisonment imposed after his conviction on federal drug charges. His claim is based on the fact that after his conviction, Congress reduced some penalties for crack cocaine offenses, and Woods argues his sentence should be reduced accordingly. The district court denied Woods's motion for reduction of sentence under 18 U.S.C.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

§ 3582(c), finding it lacked jurisdiction to adjust Woods's sentence because he received a mandatory minimum sentence.

Having jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM.

## I.  Background

Woods was convicted by a jury in November 2003 on charges of conspiracy to distribute 50 grams or more of crack cocaine, possession with intent to distribute crack cocaine, and use of a communication facility to further a drug trafficking scheme.  *United States v. Woods*, 263 F. App'x 704 (10th Cir. 2008).  He received a mandatory minimum sentence on the conspiracy count under 21 U.S.C. § 841(b)(1)(A) (2009) because the charge involved 50 grams or more of crack cocaine and he had a prior conviction for a felony drug offense.  He received lesser concurrent sentences on the other charges.  We affirmed the convictions of Woods and his co-conspirators on direct appeal.  *United States v. Small*, 423 F.3d 1164 (10th Cir. 2005).

Woods filed a motion to vacate his sentence under 28 U.S.C. § 2255 in 2006.  *Woods*, 263 F. App'x at 704.  The district court denied his motion, and we denied Woods a certificate of appealability.  *Id.*  Woods filed a second § 2255 motion in 2008, which the district court dismissed for lack of jurisdiction.  *United States v. Woods*, 340 F. App'x 436 (10th Cir. 2009) (affirming dismissal).  In 2009, Woods sought leave to file a successive § 2255 motion, which we denied.  *In re Woods*, No. 09-1421 (10th Cir. Oct. 19, 2009).

In 2010, Congress passed the Fair Sentencing Act of 2010, Pub. L. No. 11-120, 124 Stat. 2372 (2010) (FSA), which reduced the disparity between crack and powder cocaine sentences and increased the threshold quantity of crack cocaine required to trigger a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A).[1]  The statutory provisions of the FSA, including the increase in the threshold quantity of crack cocaine required to trigger a mandatory minimum sentence, were not made retroactive.  *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010).

The United States Sentencing Commission amended the United States Sentencing Guidelines (USSG) after passage of the FSA to reflect the new crack-to-powder ratio, effective November 1, 2011.  *See* United States Sentencing Guidelines Manual, App. C, Amend. 750.  The Commission subsequently ordered that this amendment, unlike the FSA, would apply retroactively.  *Id*., Amend. 759.

After these amendments went into effect, Woods filed several motions and letters with the district court arguing he was entitled to a reduction in his sentence per 18 U.S.C. § 3582(c)(2).  Woods also asserted that he should not have been sentenced to a mandatory minimum term of imprisonment because the government had not filed an information supporting an enhanced sentence under 21 U.S.C. § 851(a).  He further argued that he had provided information to the

---

[1] The threshold amount was increased from 50 to 280 grams or more of crack cocaine.

-3-

government about the drug conspiracy and was offered a plea deal that his attorney failed to communicate to him.

The district court construed Woods's filings collectively as a pro se motion for a reduction of sentence pursuant to 18 U.S.C. § 3582. The court found it lacked jurisdiction to modify Woods's sentence for two reasons: first, Woods failed to argue that any of the exceptions permitting a sentence reduction in § 3582(c) applied, and second, Woods received a mandatory minimum sentence under 21 U.S.C. § 841. This appeal followed.

## II. Discussion

To the extent a district court's decision to deny a sentence reduction under 18 U.S.C. § 3582(c)(2) is discretionary, we review that decision for an abuse of discretion. *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). We review a district court's interpretation of any statutes or sentencing guidelines de novo. *Id.* Because Woods is proceeding pro se, we must construe his pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Federal courts may not modify a term of imprisonment once it has been imposed except in very limited circumstances. *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010). Three such exceptions include: (1) when the Bureau of Prisons moves for a reduction based on a finding that special circumstances warrant it; (2) when expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) when a defendant was sentenced based on a sentencing range

that is subsequently lowered. 18 U.S.C. § 3582(c). Even in such cases, courts may not lower the defendant's sentence except to the extent doing so is consistent with the discretionary factors listed in 18 U.S.C. § 3553(a) and the Sentence Commission's policy statement, found at USSG § 1B1.10. 18 U.S.C. § 3582(c)(2). If none of the exceptions in § 3582(c) apply, the district court lacks jurisdiction to consider a defendant's request for a sentence reduction. *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). Woods does not argue either of the first two exceptions apply, so we focus our analysis on the third, a subsequent reduction in the applicable guideline range.

Woods argues his sentence should be reduced in conformity with the revised Guidelines. He acknowledges he received a mandatory minimum sentence, but argues it was wrongfully imposed. Before the district court, he argued the government failed to file an information supporting the enhancement. *See* 21 U.S.C. § 851(a)(1). On appeal, he drops this argument and instead asserts two of the prior convictions his minimum sentence was based on were infirm. In either case, he claims he should not have received a mandatory sentence but rather should have been sentenced under the Guidelines. He is in effect asking us to vacate his original mandatory sentence and impose a new sentence based on the (recently reduced) guidelines range.

The government acknowledges the applicable guideline sentencing range was lowered by Amendment 750, but it argues this is irrelevant. Woods was

subjected to a mandatory minimum sentence under 21 U.S.C. § 841, and the government claims Woods's sentence was based on this statute, rather than the guideline range. The government argues he is therefore ineligible for a reduction in his sentence based on a revision in the applicable guideline range. We agree.

The applicability of Amendment 750 to Woods's sentence turns on whether his sentence was based on the applicable guideline range or on a statute, 21 U.S.C. § 841.

We cannot consider Woods's arguments attacking the validity of his original sentence in the context of a § 3582(c)(2) motion. The Sentencing Commission's policy statement at USSG § 1B1.10(b)(1) directs courts considering a sentence modification under § 3582(c)(2) to substitute the amended guidelines range for the initial range and to "leave all other guideline application decisions unaffected." In other words, Woods cannot seek under § 3582(c)(2) to correct aspects of his sentence that were not affected by the Sentencing Commission's amendment to the guidelines range. *Dillon*, 130 S. Ct. at 2694. Because Woods's original sentence was imposed under 21 U.S.C. § 841(b)(1)(A) and was not based on the applicable guidelines range, we cannot consider arguments attacking that sentence on a § 3582(c)(2) motion.[2]

---

[2] Woods's arguments should properly be raised on direct appeal or in a motion to vacate under 28 U.S.C. § 2255. *United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003). Although we are bound to construe Woods's pleadings liberally, we cannot interpret them as a § 2255 motion. Woods has
(continued...)

Because Woods was sentenced pursuant to a statutory mandatory minimum sentence provision, he is ineligible for a sentence reduction under § 3582(c)(2). Courts can modify a sentence based on a subsequent change in the Guidelines only to the extent that the lower guidelines range affects the defendant's sentence. USSG § 1B1.10 n. 1. If the lower range does not affect the defendant's sentence "because of the operation of another guideline or statutory provision *(e.g., a statutory mandatory minimum term of imprisonment)*," the defendant is not eligible for a reduction. *Id*. (emphasis added); *see also Smartt*, 129 F.3d at 542

---

$^2$(...continued)
already filed two prior § 2255 motions, so he cannot file another without prior authorization from this court. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).

At best, we might construe his petition to request leave to file a successive § 2255 motion in addition to his request for a sentence reduction under § 3582(c)(2). We can grant Woods such permission only if there is

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Woods does not argue any new evidence has come to light that undermines his guilty verdict. Nor does he point to any new rule of constitutional law made retroactive by the Supreme Court that would have any bearing on his conviction or sentence. He also does not explain why he did not raise these arguments on direct appeal or in his first § 2255 motion. So even if we construe Woods to request permission to file a successive § 2255 motion, we cannot grant his request. *See United States v. Cox*, 83 F.3d 336, 342 (10th Cir. 1996).

(holding a retroactive amendment to the Guidelines cannot reduce a sentence below a statutory minimum term); *United States v. Simpson*, No. 11-3686, 2012 WL 667936 (7th Cir. Feb. 28, 2012) (rejecting § 3582(c)(2) motion for reduction pursuant to Amendment 750 because defendant received a mandatory minimum sentence); *United States v. Turner*, No. 10-3916, 2012 WL 171392 (6th Cir. Jan. 23, 2012) (same).

In sum, Woods is not entitled to a sentence reduction, and the district court did not err in dismissing his motion.

## III.  Conclusion

Because Woods received a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c).  Therefore, the order of the district court denying Woods's motion for a sentence reduction is AFFIRMED.

>  Entered for the Court,
>
>  Timothy M. Tymkovich
>  Circuit Judge

**UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT
OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | May 25, 2012 | Douglas E. Cressler<br>Chief Deputy Clerk |

Sammie Lee Woods
USP - Florence ADMAX Satellite Camp
P.O. Box 5000
Florence, CO 81226
#30425-013

**RE:**   **12-1022, United States v. Woods**
Dist/Ag docket: 1:01-CR-00214-WYD-19

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

*Elisabeth A. Shumaker*

Elisabeth A. Shumaker
Clerk of the Court

cc:   Paul Farley
      James C. Murphy
      Guy Till

EAS/sds