FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL -9 2012

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA § § vs. § § SAMMY LEE WOODS § | CRIMINAL NO. 01-CR-214-19-D |

SAMMY LEE WOODS' PRO SE MOTION TO MODIFY SENTENCE
PURSUANT TO 18 USC § 3582(c)(2)

TO: HONORABLE WILEY Y. DANIEL, PRESIDING
CHIEF UNITED STATES DISTRICT JUDGE

SAMMY LEE WOODS, Defendant Pro Se, ("Woods"), moves this Court, for a second time to modify his sentence, pursuant to 18 USC § 3582(c)(2), and in support of such motion Woods would show as follows:

I.

DISTRICT COURT JURISDICTION

1. This Court has jurisdiction to determine the issues presented in Woods' case. This is a second motion, pursuant to 18 USC § 3582(c)(2), but the factual basis and issues presented in this filing were not available to be filed in the former pleading.

2. First, at the time of the filing of the former motion the United States Supreme Court had not decided DORSEY v US, ___ US ___ (No. 11-5683)(June 21, 2012). In deciding and finding that the 2010 Fair Sentencing Act was applicable to pre-Act violations the Court determined certain issues that had previously precluded Woods' issues. Those issues would have been considered frivolous given the Government's and the Circuits' reading of the law at the time.

3. Second, at the time of Woods' prior filing seeking relief under 18 USC § 3582(c)(2) it was Woods' belief that he had been sentenced pursuant to the 1984 Sentencing Reform Act, not as a coincidence to support his motion to modify under 18 USC § 3582(c)(2), but more from the four corners of his criminal judgment which recites: "The sentence is imposed pursuant to the Sentencing Reform Act of 1984." (Attached).

4. Additionally, Woods' claim that he was sentenced pursuant to the 1984 Sentencing Reform Act was precluded by the Tenth Circuit's stare decisis which adopted in Woods' prior case, US v WOODS, No. 12-1022 (CA10 May 25, 2012), the precedent of two sister Circuits, to wit: US v SIMPSON, No. 11-3686, 2012 WL 667936 (CA7 Feb. 28, 2012)(rejecting a § 3582(c)(2) motion for reduction pursuant to Amendment 750 because the defendant received a mandatory minimum sentence); and US v TURNER, No. 10-3916, 2012 WL 171392 (CA6 Jan. 23, 2012) also rejecting a § 3582(c)(2) motion for reduction of sentence because the defendant had received a mandatory minimum sentence.

5. The prior precedent of this Circuit, and for that matter, every Circuit, was premised upon a "dual sentencing" regime in drug sentencing cases which permitted dual sentencing structures, one regime for so called "guideline" sentences, and one regime for so called "statutory mandatory minimum sentences". It was believed prior to DORSEY, supra., that this was a correct interpretation of the possible sentences that could be imposed in federal criminal drug prosecutions.

6. DORSEY, supra., change all that misinterpretation, and with the Supreme Court declaring the meaning of the Federal Sentencing Guidelines came a clarification of Woods' own sentence applicable to this Court, which now renders non-frivolous Woods' claim to eligibility under § 3582(c)(2) to a sentence reduction based on the Guideline sentence reductions made retroactive by Congress in passing the 2010 Fair Sentencing Act and the Supreme Court through its interpretation.

7. As will be set forth in detail infra., after DORSEY, supra., there can no longer be a claim that Woods' was sentenced pursuant to anything other than the 1984 Sentencing Reform Act, and as such, since Woods was imposed a "Guideline" sentence, and since those sentences for cocaine base offenses have been reduced by the 2010 Fair Sentencing Act, and since the Supreem Court has determined the reduced sentences under the Act to be applicable to pre-Act conduct, Woods' claim to eligibility for a sentence reduction under § 3582(c)(2) is no longer frivolous, but is ripe for determination by this Court.

## II.
### THE UNFORTUANTE HISTORY OF COCAINE BASE SENTENCING IN THE UNITED STATES

1.  Woods' relief under § 3582(c)(2) cannot be seen in the proper context without reminding this Court of the unfortunate history of cocaine base sentencing in the United States. The 1984 Sentencing Reform Act, the Federal Sentencing Guidelines, 18 USC § 3551, et.seq., adopted offense conduct for cocaine base offenses, and those guidelines were influenced by the 1986 Anti-Drug Abuse Act which established the 100 to 1 ratio between cocaine base and cocaine powder offenses. That ratio, as the Court decided in DORSEY, supra., was an embarrassment to the Sentencing Commission ab initio. From the very beginning, when it was determined that the mandatory minimum sentences trumped the Guidelines the Commission was bound and determined to have Congress bring the mandatory sentences more in line with reality, because to do otherwise was to foster racial discrimination in federal sentencings. United States Supreme Court Justice Breyer was appointed to serve, and served, as a Commissioner creating the Guidelines, and neither Justice Breyer, a Supreme Court Justice, nor any other Commissioner would abide racial discrimination in sentencing.

2.  Ironically, the reality of racial discrimination in cocaine base sentencing arose as a consequence of the United States Justice Department. When the cocaine base sentencing mandatory minimums were considered and became law with the passage of the 1986 Anti-Drug Abuse Act by Congress and being signed by then President Reagan it was the Justice Department, without Commissioner of Health ratification, who convinced the Congress that cocaine base was a more dangerous drug than cocaine powder. Incredibly, the Congress believed that adding baking soda to cocaine powder to form cocaine base actually created a more dangerous drug. Actually, history has taught us, even now the Supreme Court, that it was all racially motivated in the beginning, and it remained racial until today.

3.  After twenty-four years of history lessons it was realized that those

4

who originally complained of the mandatory minimums for cocaine base back in 1986 were actually telling the truth, and it was the Justice Department who was lying in order to have this racially discriminatory law passed. It is now recognized that cocaine base is not now, NOR NEVER WAS, a more dangerous drug than cocaine powder. In fact, it is simply ignominious to believe that adding baking soda to cocaine powder would make it a 100 times more dangerous drug than cocaine powder.

4. But even more embarrassing for federal sentencing and everyone involved in it, save and except the Justice Department, was the reality that Blacks, as was told to Congress in 1986, tend to deal with cocaine base, and Whites tend to deal with cocaine powder. Now, twenty-six years later, the Supreme Court, now faced with the numbers of Blacks in federal prison on the 100 to 1 ratio cases from 1986 to present, all of which tend to be cocaine base cases, compared to the numbers of Whites in federal prison, which tend toward cocaine powder cases, reveals the painful truth. AMERICA HAS BEEN LOCKING UP BLACKS ON SENTENCES 100 TIMES GREATER THAN THOSE OF WHITES, AUSTENSIBLY FOR THE SAME SUBSTANCE, FOR YEARS.

5. The fickle finger of blame is pointed directly at the Justice Department. It was the Justice Department, in 1986, that convinced the Congress and then President Reagan that cocaine base was more dangerous than powder. That was a LIE! For years thereafter, it was the Justice Department that created and expounded upon its own "legal fiction", that certain defendants, cocaine base defendants, could be sentenced, not pursuant to the Guidelines like all other criminal defendants, but could be sentenced pursuant to statutes, and specifically, the 1986 Anti-Drug Abuse Act. Even after MISTRETTA v US, 488 US 361 (1989) was decided, and it was determined that to be constitutional a federal sentence MUST BE PURSUANT TO THE GUIDELINES, the Justice Department persisted even until today. Even Woods has been precluded from having his unconstitutional and racially discriminatory sentence modified pursuant to § 3582(c)(2) because the Justice Department has persisted in advancing this legal fiction, that Woods and others similarly situated, WERE NOT SENTENCED PURSUANT TO THE GUIDELINES.

6. The Sentencing Commission, according to the Supreme Court in DORSEY, realized the galactic disparity in sentencing in cocaine base cases as early as 1995. For the next Fifteen (15) years the Sentencing Commission attempted to deliver the message to Congress to send the Commission guidelines more in line with the reality that cocaine base was not more dangerous than cocaine powder. For years the Justice Department continued to have sentences imposed, as a matter of pure unconstitutional fiction and vindictiveness (motivated by racial discriminatory animus) to convince district courts and appellte courts alike that certain of these sentences were imposed pursuant to the 1986 Anti-Drug Abuse Act, Title 21 U.S.C. § 841 (b)(1)(A) and (b)(1)(B), as opposed to 18 USC § 3551, et.seq., the Federal Sentencing Guidelines.

7. The full "unfortunate" and "embarrassing" history of cocaine base sentencing in the United States cannot be appreciated without consideration of one final reality. It was the Justice Department that convinced courts that cocaine base sentences could be imposed pursuant to the "statute" and not the "Guidelines", 21 USC § 841(b)(1)(A)and(B),and not 18 USC § 3551. During the twenty-four years that followed the passage of the 1986 Act, and up to the passage of the 2010 Fair Sentencing Act, IT WAS ONLY THE JUSTICE DEPARTMENT MAKING THIS CLAIM. The Justice Department, chocked full of attorneys swearing a oath of office to uphold the Constitution as interpretted by the United States Supreme , turned a blind eye and a deaf ear to the Supreme Court's decision in 1989 in MISTRETTA, supra., holding that all federal sentences must be pursuant to the Guidelines in order to meet the constitutional principle of proportionality and non-disparity in sentencing. And the Justice Department, for the next twenty-one years after MISTRETTA, set about a course of conduct to create a separate class of defendants, Black cocaine base defendants, who would be sentenced 100 times greater than Whited drug defendants, White defendants tending to be involved with the same substance, cocaine. First the Justice Department lied to Congress and President Reagan in 1986 to get the 1986 Act. Then the Justice De-

partment lied to the judiciary, at all levels, and ignored Supreme Court precedent, to accomplish but one purpose. The Justice Department sought to continue treating Black cocaine base defendants with impunity, and lies and misrepresentations to everyone in the justice system, was the means to the end.

     8.    But why? Why would the Justice Department go to all the trouble to visit such disparate treatment upon Blacks in the criminal justice system? One can only speculate what makes a government official, warped with racial prejudice against Blacks, act as he/she does. All that can be determined is that the entire effort was orchestrated by the Justice Department during a time during which the Sentencing Commission was attempting to have Congress pass the enabling legislation to permit the Sentencing Commission to amend cocaine base sentencing guidelines. The Sentencing Commission was intending to amend the Guidelines since 1995, and the Justice Department KNEW ALL THAT TIME that the amendments were coming, eventually, so to combat the reality of reduced sentencing for cocaine base, the Justice Department created the "legal fiction" that cocaine base defendants were sentenced pursuant to the "statute" not the Sentencing Guidelines.

     9.    There are not coincidences in the law. Everything happens for a reason. In the case of cocaine base defendants, like Woods, the Justice Department lied to Congress to get the draconian mandatory minimums passed in 1986, continued the lies by claiming cocaine base was more dangerous than powder, and when it became clear that the Sentencing Commission, as early as 1995, intended to amend the cocaine base guidelines, the Justice Department created the "legal fiction" that cocaine base defendants had sentences imposed pursuant to the statutes, not the Guidelines. All along, the racially discriminatory treatment of cocaine base defendants had an END GAME. And when the Justice Department makes the claim that a sentence is pursuant to "statute" rather than "guidelines", that is just taking the END GAME into practice. The end result, however, is the perpetuation of a practice steeped in racial discrimination. Time for CHANGE.

7

## III.

### WOODS' § 3582(c)(2) CLAIM
### IN LIGHT OF DORSEY v UNITED STATES

1. As before, Woods' claim to entitlement to relief under 18 USC § 3582(c)(2) would have been precluded by circuit precedent prior to the Supreme Court decision in DORSEY, supra. After DORSEY, however, the legal fictions advanced by the Justice Department, and adopted by the district courts and circuit courts, in general, and this District Court and the Tenth Circuit Court of Appeals, in particular, have disappeared.

2. <u>Legal Fiction of Statutory Sentence</u>. Without question, Woods' sentence was pursuant to a mandatory minimum set out in 21 USC § 841 (b)(1)(A), and that ten year mandatory minimum was enhanced with a prior conviction for a drug offense pursuant to 21 USC § 851, rendering a mandatory minimum sentence of 240 months confinement. For purposes of this motion the 21 USC § 851 enhancement does not apply. That enhancement will apply, even after § 3582(c)(2) modification. What this motion seeks to modify is Woods' sentence of 120 months confinement downward pursuant to the new mandatory minimums set out in the 2010 Fair Sentencing Act.

The legal fiction that has precluded modification in the past, that now has disappeared in light of DORSEY, is the claim that Woods' sentence was pursuant to the "statute" and not the "guideline". The Justice Department claim is that a cocaine base defendant can be put in a select category of defendants that are subject to "statutory" and not "guideline" sentencing. DORSEY holds otherwise. In reality, since MISTRETTA v US, 488 US 361 (1989) held that all sentences must, for uniformity and non-disparity in sentencing concerns, be pursuant to the Guidelines, the mandatory minimums created by the 1986 Anti-Drug Abuse Act were incorporated into the Guidelines. The Court stated:

> "... Not surprisingly, the Sentencing Commission incorporated the 1986 Drug Act's mandatory minimums into the first version of the Guidelines themselves... In addition... the Drug Quantity Table set offense levels for drug amounts that did not trigger the 1986 Drug Act's mandatory minimums so that the resulting Guideline sentences would remain proportionate to the sentence amounts that did trigger these minimums ...

> ... The Commission did this not because it necessarily thought that those levels were most in keeping with past sentencing practices or would independently have reflected a fair set of sentences, but rather becasue **the Commission believed that doing so was the best way to keep similar drug-trafficking sentences proportional, thereby satisfying the Sentencing Reform Act's basic 'proportionality' objective...**
>
> ... For this reason, the Commission derived the Drug Quantity Table's entire set of crack and powder cocaine offense levels by using the 1986 Drug Act's two (5 and 10 year) minimum amounts as reference points and thenextrapolating from those two amounts upward and downward to set proportional offense levels for other drug amounts."

ID., DORSEY, supra. It can no longer be claimed that the Guidelines and statutes were ever intended to act independent of each other. The Commission combined the mandatory minimums from the 1986 Act into the Guidelines, so that all federal sentences for drug offense could be "proportional", something that cannot occur with statutory sentencing alone. There is, therefore, no such thing as a mere "statutory" sentence.

In the end, the proof is in the pudding. Woods' criminal judgment (attached) clearly indicates that his sentence was imposed pursuant to the 1984 Sentencing Reform Act, just as was calculted by the Sentencing Commission ab initio, and just as the Supreme Court held in MISTRETTA. The "legal fiction" of the existence of "statutory" sentences, pursuant to 21 USC § 841 (b)(1)(A) and (B) is dead.

3. <u>Legal Fiction that the 2010 Fair Sentencing Act is not applied to pre-Act Conduct</u>. DORSEY, and its companion case, HILL v US, No. 11-5721 (June 21 2012), both were cases involving cocaine base defendants committing their crimes prior to enactment of the 2010 Fair Sentencing Act. The Court in both cases, however, determined that the reduced sentences in the Act must, necessarily for contitutionality concerns, include pre-Act conduct. The Court held that otherwise a separate class of defendants not receiving the benefits of the change in the law would be created, and this separate and disparate and non-uniform treatment of defendants for the same criminal conduct would be unconstitutional and violate the Sentencing Commission mandate that all federal sentences be "proportional".

The holding that the Act applies to pre-Act conduct is based in the reality that the 1986 Act was simply WRONG. It discriminated against Blacks based on race. It criminalized conduct for the same substance, cocaine, at unconstitutionally disproportionate levels. Quite simply, the 2010 Act was intended to correct the abuses in the 1986 Act, and that action necessarily must apply to pre-Act conduct. The case(s) before the Court applied only to pre-Act conduct involving sentencings that occurred after the Act became law, but that distinction is of no moment. First, that was the case and controversy before the Court, and Article III, U.S. CONST., specifically forbids the Court from issuing "advisory opinions". So, even if the Court wanted to extend DORSEY to all pre-Act cases, it could not, because to do so would have been issuing an advisory opinion in violation of Article III. Clearly, if the Court, or for that matter Congress, had intended, as the Court found, to apply the Act to only post-Act conduct, then Congress surely could have done so. Congress did NOT. So neither did the Court.

The general rule of constitutional law is that when the Court determines the meaning and breadth of a statute passed by Congress, the meaning is decided from the statute's inception. BOUSLEY v US, 523 US 614, 620-21 (1998). In other words, the Fair Sentencing Act has been determined to apply to all pre-Act conduct, and that meaning is applied from the statute's inception. Congress, according to the Supreme Court, always intended the Act to apply to pre-Act conduct.

That is important in Woods' case. The Justice Department will undoubtedly claim the Act is applied only prospectively. First, it was the Justice Department history of mucking up the works with cocaine base sentencing that Congress and the Sentencing Commission was attempting to correct SINCE 1995. Second, it was the Justice Department that has carried the lie of "statutory sentencing" from 1995 to the present, with the express intent of keeping in prison all those unfortunate victims of their treachery, and the PLAN WAS A CALCULATED ONE AS SOON AS IT BECAME A REALITY THAT THE COCAINE BASE SENTENCING WOULD BE REDUCED ACROSS THE BOARD! At a bare and forgiving minimum, the Justice Department should be QUIET!

4.  <u>Woods' Relief</u>.  Woods was sentenced to 120 months confinement, and that sentence was enhanced pursuant to 21 USC § 851 to 240 months confinement. The 2010 Fair Sentencing Act reduces the mandatory minimum to 60 months, and factoring in the § 851 enhancement, the resulting "modified" sentence should be 120 months confinement.

IV.

PRAYER FOR RELIEF

WHEREFORE, Woods prays that this Court modifies his sentence, pursuant to 18 USC § 3382(c)(2) to 120 months confinement. Woods prays for any and all such other relief to which he may show himself entitled.

Respectfully submitted,

*Sammy Lee Woods*
Sammy Lee Woods
Reg. No. 30415-013
Federal Prison Camp
P.O. Box 5000
Florence, Colorado 81226-5000
DEFENDANT PRO SE


CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion was duly served on the government, by depositing same in the institution's mail depository for legal mail, first class postage prepaid, and addressed to: U.S. Attorney, District of Colorado, 1225 17th St., Rm. 700, Denver, Colorado 80202, on the 9th day of July, 2012.

*Sammy Lee Woods*
Sammy Lee Woods
DEFENDANT PRO SE

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT ...
DENVER, COLORADO

MAY - 3 2004

GREGORY C. LANGHAM
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** <br> (For Offenses Committed On or After November 1, 1987) |
| v. | CASE NUMBER: 01-CR-214-19-D |
| SAMMY LEE WOODS | Ronald Gainor, Appointed <br> (Defendant's Attorney) |

**THE DEFENDANT:** Was found guilty on counts one, fifty, and sixty-two of the Second Superseding Indictment after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(iii); 18 U.S.C. § 2 | Conspiracy to Distribute and Possess with Intent to Distribute Fifty or More Grams of Cocaine Base, Aiding and Abetting | 06/07/01 | One |
| 21 U.S.C. § 843(b); 18 U.S.C. § 2 | Use of a Communications Facility to Possess with Intent to Distribute Cocaine Base, Aiding and Abetting | 05/09/01 | Fifty |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 11/23/57

Defendant's USM No.: 30425-013

Defendant's Residence Address:

Federal Detention Center
9595 West Quincy Avenue
Littleton, Colorado 80123

Defendant's Mailing Address:

SAME

April 21, 2004
Date of Imposition of Judgment

Signature of Judicial Officer

Wiley Y. Daniel, U.S. District Judge
Name & Title of Judicial Officer

4/29/04
Date

Clerk of the United States District Court for the ___ do certify that the foregoing is a true copy of an original document remaining on file and record in my office.
WITNESS my hand and SEAL of said Court this ___ day of May 2004.
GREGORY C. LANGHAM
By _____
Deputy

DEFENDANT: SAMMY LEE WOODS
CASE NUMBER: 01-CR-214-19-D                                              Judgment-Page 8 of 8

## STATEMENT OF REASONS

The court makes the following findings concerning the objections to the presentence report:

> The court finds that the defendant's relevant conduct involved 50 to 150 grams of cocaine base, which established a base offense level of 32.
>
> The court finds that the sentencing enhancement pursuant to 21 U.S.C. § 851 does not apply to 21 U.S.C. § 843(b).

Neither the government nor the defendant has challenged any other aspect of the presentence report. Therefore, the remaining factual statements and guideline applications are adopted without objection as the court's findings of fact concerning sentencing.

**Guideline Range Determined by the Court:**

Total Offense Level: 32

Criminal History Category: IV

Imprisonment Term: 240 months as to count one; 48 months as to count fifty; 168 to 210 months as to count sixty-two

Supervised Release Term: 10 years as to count one; 1 year as to count fifty; 6 years as to count sixty-two

Fine Range: $17,500 to $8,000,000

> The fine is waived because of the defendant's inability to pay.

Total Amount of Restitution: None.

The sentence is within the guideline range, that exceeds 24 months, and the sentence is imposed for the following reasons:

> Punishment, deterrence, and protection of the public.