Sammy Woods
Reg. No. 30425-013
Federal Prison Camp
P.O. Box 5000
Florence, Colorado 81226-5000

July 24, 2012

01-cr-00214-WYD

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 27 2012

GREGORY C. LANGHAM
CLERK

Raymond P. Moore
Federal Public Defender
633 17th Street, Suite 1000
Denver, Colorado 80202

RE: United States vs. Sammy Woods

Mr. Moore:

    I am writing with respect to your assignment to "... All crack cocaine reductions motions ...". [December 5, 2011 Correspondence], since all crack cocaine reduction motions have been referred to your office for preliminary review. As you may be aware crack cocaine reductions just received a major shot in the arm with the Supreme Court's decision in DORSEY v UNITED STATES, ___ US ___, (No. 11-5683)(June 21, 2012). By your December 5, 2011 correspondence your conclusion:

> "... The problem you face is that you were sentenced to a mandatory minimum sentence of 240 months (120 months doubled upon the filing of an 851 information). Nothing in the 2011 retroactive amendments alters the pre-existing mandatory minimum. Indeed, the Sentencing Commission has no authority to affect or change any mandatory minimum."

... is decidedly incorrect. The DORSEY opinion exposes the legal fiction manufactured by the Justice Department regarding mandatory minimums and their affect on reducing crack cocaine sentences.

    First, the mandatory minimums created by the 1986 Anti-Drug Abuse Act were a major mistake. They came into law based on Congress, at the time, becoming convinced that adding baking soda to cocaine powder created a dangerous drug, much more dangerous than simple cocaine powder. There was never a Commissioner of Health determination that this was true, and yet, the drug cocaine base was treated as a much more dangerous drug than cocaine powder. Now, it is known, and accepted by the Supreme Court, that the legal fiction was unnecessary as cocaine base and cocaine powder are similar drugs with respect to dangerousness.

    Second, the mandatory minimums created by the 1986 Anti-Drug Abuse Act were racially discriminatory, and the Sentencing Commission as of 1995 and now the Supreme Court as of DORSEY, recognize this reality. The 100 to 1 ration between cocaine base and cocaine powder sentencing was a mistake from the beginning, and it is now known that thousands more Blacks received the enhanced and unjustified sentences, while Whites received the lesser sentencing. This reality was first known to the Sentencing Commission in 1995, and since 1995 the Sentencing Commission has requested enabling legislation so that the Commission could correct this discrepancy in federal sentencing law. The history of trying to correct the draconian sentencing disparity is outlined in detail in DORSEY.

Third, there is a "white elephant" in the middle of the room that no one seems willing to discuss with respect to this legal fiction regarding "mandatory minimum sentences". The white elephant is this: Since 1995 the Justice Depatment has actively known that the crack cocaine sentencing would eventually be reduced because the Sentencing Commission was asking Congress for the enabling legislation to CORRECT THE DISPARITY IN CRACK COCAINE SENTENCING CREATED BY THE 1986 ANTI-DRUG ABUSE ACT. Since 1995 the Justice Department,in an effort get around the Sentencing Commission's efforts to correct old sentencing errors, created the "legal fiction" that surrounds the "mandatory minimum sentencing" issue. It was the Justice Department that convinced your office, and others similarly situated, and the U.S. Probation Department, that there was such a thing as a statutory sentence as opposed to a Guideline sentence. It was your office's complicity in re-sentencings that caused the current problem ... vis a vi mandatory minimum sentences not being subject to reduction notwithstanding Congress' and the Sentencing Commission's efforts to reduce crack cocaine sentences to correct old problems created by the simple chemical fiction that cocaine plus baking soda creates a more dangerous drug than cocaine powder standing alone.

If you have a problem with this analysis consider the following: Since the 2 point reductions from 2007, those 2 point reductions routinely reduced Guideline sentences to so called "statutory mandatory minimum sentences". For example, with the Guideline sentence of 135 months confinement, with the 2 point reduction, the new so called "reduced" sentence would become a so called mandatory minimum sentence of 120 months. The corresponding Guideline for this sentence is 121 months, not 120 months, but by creating the 120 month sentences the Justice Department bamboozled your office, other public defender offices, the Probation Department and every federal district court in the land, that this former "Guideline" sentence is now a so called "statutory" sentence. Well, quite frankly, if you read DORSEY, that fiction has been uncovered, and there is NO SUCH THING AS A STATUTORY MANDATORY MINIMUM SENTENCE. Clearly, DORSEY explains that the mandatory minimums created by the 1986 Anti-Drug Abuse Act were subsumed by the Guidelines, and at all times, these mandatory minimums were intended to be a part of a Guideline sentence. So please, you can quit with this legal fiction that there exists such a thing as a "statutory mandatory minimum sentence" after DORSEY.

DORSEY interpretted the extent of a Congressional statute, the 2010 Fair Sentencing Act. And that Act was interpretted in light of the then existing statute, the 1984 Sentencing Reform Act, ie., 18 USC § 3551, et.seq. So, when the Supreme Court determined the meaning of both statutes,and their interplay on federal sentencing law, that meaning was declared from the inception of both statutes. This is not true because I say so, but because the Supreme Court itself said so in 1998 in US v BOUSLEY, 523 US 614, 620-21 (1998). When the Supreme Court declares the meaning of a statute, that statute's meaning is declared from its inception. This very simple constitutional principle means, at no time in the entire existence of the federal sentencing Guidelines did there ever exist a time when there were two possible sentences, one Guideline sentence or a statutory sentence. This "legal fiction" was the brain child of the Justice Department, and was adopted robotically by your office, and other public defender offices similarly situated,and the U.S. Probation Department. THIS FICTION WAS NEVER A REALITY, save and except, in the minds of those committed to federal sentencing law who never had to suffer a day of illegal incarceration, or excessive incarceration. It is time this "legal fiction" be redacted from the lexicon of federal sentencing.

3

If you might disagree with the conclusions reached thus far, quite simply, YOU ARE WRONG. Everything stated thus far can be either read, verbatim, in DORSEY, or extrapolated from the DORSEY holding. THERE ARE NOT TWO SENTENCING REGIMENS IN FEDERAL SENTENCING, one Guideline and one statutory. That is the clear conclusion in DORSEY, and this is why. The Supreme Court declared such in 1989.

You might recall, as was explained to me by another inmate at this institution who was practicing law at the time, the Guidelines were MANDATORY since 1989. The Supreme Court, once again, declared such, and the reasoning for such declaration existed for sound reasoning. The 1984 Sentencing Reform Act was Congress's answer to non-uniform and disparate sentencing in this country. With the wide range of indeterminate sentences federal judges had far too much discretion in federal sentencing. A man could receive probation in California for the same offense conduct that resulted in a life sentence in Alabama. So the 1984 Act was passed, and after it was finally enacted into law in 1987 there were several federal judges who simply refused to enforce the law by sentencing pursuant to the Guidelines. US v MISTRETTA, 488 US 361 (1989) was decided, and from that day forward, the GUIDELINES WERE MANDATORY. All federal sentencing must be pursuant to the GUIDELINES. In 2005, in response to a successful challenge to the Guidelines' constitutionality the Supreme Court determined in BOOKER II that the Guidelines were no longer mandatorily applicable in federal sentencing, that they were only "advisory", but in no way did the Court delcare this meaning to be that there existed TWO SEPARATE SENTENING REGIMES in federal sentencing, one Guideline and one statutory. Again, this is the brainchild of the Justice Department alone, and it was created to keep people in prison and not receive reduced crack cocaine sentences ... and FOR NO OTHER REASON.  SEE: US v  BOOKER, 543 US 220 (2005).

Please read DORSEY. The point is made no clearer, in any case, than in DORSEY. All sentences are GUIDELINE sentences. Though the Guidelines track the thresholds established by the statutory mandatory  minimums, ALL SENTENCES ARE IMPOSED PURSUANT TO THE GUIDELINES. If you disagree with this conclusion ... once again ... YOU ARE WRONG. You can review each and every, all and singular, the judgments issued in the District of Colorado and the District of Wyoming, and I will bet you dollars to donuts (you put up the donuts, I'll put up the dollars),  that each judgment reads like mine reads: "Sentence was imposed pursuant to  the 1984 Sentencing Reform Act ...". Why in the world would this be the case, if in fact, sentence was imposed "... pursuant to the 1986 Anti-Drug Abuse Act ...". The question is, of course, rhetorical. NO SENTENCE WAS IMPOSED PURSUANT TO THE 1986 ANTI-DRUG ABUSE ACT. The reason is simple. The reason why no sentence was imposed pursuant to a "statutory mandatory minimum" created by the 1986 Anti-Drug Abuse Act IS BECAUSE THE SUPREME COURT SAID IN 1989 THAT <u>ALL SENTENCES ARE TO BE IMPOSED PURSUANT TO THE 1984 SENTENCING REFORM ACT</u>, ie., the Federal Sentencing Guidelines, 18 USC § 3551, et.seq. Period ... Point ... Set... and Match. There can be NO OTHER INTERPRETATION OF THE LAW after DORSEY.

The only other obstacle to cases like mine being, finally, subject to the reduced mandatory minimums established by the 2010 Fair Sentencing Act is yet another "fiction", in the minds of Justice Department lawyers. This one is a final desperate attempt by government lawyers to hold onto the draconian and unreasonable minimum sentence established by the 1986 Anti-Drug Abuse Act. It goes something like this: the reduced minimum sentences created by the 2010 Fair Sentencing Act are not  retroactive to mandatory minimum sentences imposed prior to the passage of the law. This argument is mindnumbed, nonsequitur and shortsighted.

To claim that the 2010 Fair Sentencing Act is not retroactively applicable is "mindnumbed". DORSEY details explicitly the rich history of the Sentencing Commission's efforts, for FIFTEEN YEARS PRIOR TO PASSAGE OF THE 2010 Act, in which the Commission was demanding passage of enabling legislation so the Guidelines could be reduced for crack cocaine offenses. The Commission was demanding CORRECTION OF THE LAW, not simply prospectively, BUT BECAUSE THOUSANDS OF BLACKS WERE INCARCERATED ON UNREASONABLE SENTENCES ... AND THE COMMISSION WANTED TO CORRECT THIS COLOSSAL EMBARRASSMENT. It is simply "mindnumbed" to conclude that the reductions in crack cocaine sentencing is prospective only, and not RETROACTIVE, given the reality that the 2010 law was passed to correct the 1986 law. How can you leave people in prison under the CORRECTED LAW?

To claim that the 2010 Fair Sentencing Act is not retroactively applicable is "nonsequitur". Two realities exist. First, before the Act was passed the Sentencing Commission had a fifteen year history of attempting to have such Congressional enabling legislation passed. The Commission wanted to eliminate the discrepancy in crack cocaine vs. powder cocaine sentencing. The Commission reduced crack cocaine sentences across the board in 2007, but could not do enough. So the demand for enabling legislation continued, and in 2010 the Act was passed. Immediately, the Commission passed Amendment 750 making the changes in cocaine base Guidelines effective. Immediately thereafter the Commission passed Amendment 759 MAKING THOSE CHANGES RETROACTIVE. The Commission thought it had FIXED THE PROBLEM FROM THE 1986 Anti-Drug Abuse Act, but NO! There were additional inmates who could not receive the benefits in the reductions because THE JUSTICE DEPARTMENT, YOUR OFFICE, OTHER FEDERAL PUBLIC DEFENDER OFFICES, THE U.S. PROBATION DEPARTMENT AND ALL FEDERAL JUDGES believed there was such a thing as "statutory" sentences. The important point, however, is that for SIX MONTHS after Amendment 759 was passed, CONGRESS COULD HAVE OVERRULED THE AMENDMENT MAKING THE GUIDELINE REDUCTIONS RETROACTIVE, AND CONGRESS DID NOT OVERRULE! What clearer demonstration of Congressional intent must there be other than what CONGRESS FAILED TO DO??? If the 2010 Act was not intended to be retroactive why would Congress not overrule the Sentencing Commission Amendment 759 MAKING THE GUIDELINE CHANGES RETROACTIVE? Clearly, such an argument is NONSEQUITUR.

Second, DORSEY makes the 2010 Fair Sentencing Act reductions in statutory mandatory minimums RETROACTIVE. Dorsey committed his crack cocaine offense prior to August 3, 2010 when the Act became effective. However, the Supreme Court granted application of the Act's reduced sentencing to Dorsey, NOTWITHSTANDING THE FACT THAT HIS CRIME WAS COMMITTED BEFORE THE ACT WAS ENACTED. It is true that the issue in DORSEY was whether pre-Act conduct could be punished pursuant to post-Act sentencing, but the reality is that Dorsey being sentenced after the Act was enacted was the only issue before the Supreme Court. The Court could not address full retroactivity because that issue was not before the Court, and the Court is precluded through Article III, U.S. CONST. from issuing "advisory opinions" on issues not a part of the case and controversy before the Court. Importantly, the Court could have ruled that Dorsey's conduct pre-dated the Act, and therefore, the Act did not apply. However, the Court did apply the Act to Dorsey, making a de facto determination that the Act was to be applied retroactively across the board. Why would the Court recognize the corrective history of the Commission, the corrective history of Congress in passing the 2010 Act, and then NOT MAKE THE 2010 ACT RETROACTIVE. Such a conclusion is NONSEQUITUR.

Finally, to claim that the 2010 Fair Sentencing Act is not retroactively applicable is "shortsighted". In DORSEY the Supreme Court went to great lengths to explain how the motivation for the Guidelines, all the way back 26 years ago and the passage of the 1984 Sentencing Reform Act, was to establish a federal

sentencing regime that was "uniform" and not "disparate". The Guidelines establish a sentencing regime controlled by independent factors, so that factors like race cannot enter into the calculus of a given federal sentence to be imposed. Ironically, the 1986 Anti-Drug Abuse Act was frought with racial overtones. It was learned that after passage of the Act it was true that Blacks tended to deal in crack cocaine, and Whites tended to deal in powder cocaine. The result was simply embarrassing! Thousands of Blacks were incarcerated FOR YEARS to sentences based on a ratio that was 100 times greater than that imposed against Whites. THAT WAS EMBARRASSING, but moreso, that specifically violated the spirit and intent of Congress in creating the Federal Sentencing Guidelines with the passage of the 1984 Sentencing Reform Act. For years thereafter, beginning in 1995, the Sentencing Commission attempted to have Congress FIX THE EMBARRASSMENT, FIX THE VIOLATION OF THE 1984 SENTENCING REFORM ACT, Congressional intent. And finally, in 2010 the fix came in the form of the the 2010 Fair Sentencing Act. Finally, after all these years, and after all these years of embarrassingly draconian sentencing against thousands of Black defendants, and after all the years of attempting to correct the problem, the law was changed. And now, even, certain crack cocaine defendants have already received the benefits of the new law.

The ONLY people not receiving the benefits of the 2010 Fair Sentencing Act are those in prison on the LEGAL FICTION, created by the Justice Department, that there exists a statutory sentencing regime and a Guideline sentencing regime. If the purpose in the Guidelines was for UNIFORM and NON-DISPARITY in federal sentencing, then the creation of the "statutory" vs. "Guideline" sentences was simply UNCONSTITUTIONAL. This is not because I say so ... but because the United States Supreme Court said so in MISTRETTA, supra., as well as, recently in DORSEY.

I have filed with the District Court pursuant to 18 USC § 3582(c)(2) for a reduction in my crack cocaine sentence. Please review the pleadings. Please note, also, that the government has not denied a single claim I made. Please, pursuant to your office's assignment to review all crack cocaine sentence reduction cases, make a review of my case. Please have the Court know that your office is now poised to have reductions applied in all cases where reductions have not, to date, been granted. Please represent me ... on ONE CONDITION. If you disagree I want you to DO NOTHING ... save and except ... living in the fog of ignorance that my relief is precluded because I have a Statutory Mandatory Minimum Sentence. If you still believe this way ... you and others in your office cannot help me. I would like an explanation. And if you choose to give one, please explain why you can allign yourself with the racial discriminators in the Justice Department who were responsible for this mess way back in 1986 with the passage of the 1986 Anti-Drug Abuse Act.

You may, or may not recall, but in 1985 the Iran-Contra scheme was devised by President Reagan and Colonel Oliver North. Cocaine from Nicaragua was given to Ricky Ross, in South Central Los Angeles, and Ricky Ross adulterated and diluted that cocaine with baking soda so he could make more money selling President Reagan's dope. A whole drug sub-culture was created, and in 1986 the Justice Department lied to Congress to put the crack cocaine dealers in prison... for sentences 100 times greater than White people's sentences. President Reagan died claiming he "could not recall" that he ordered cocaine from Nicaragua to be sold to Blacks in South Central by Ricky Ross. Oliver North is no longer a Colonel. President Reagan's Attorney General Edwin Meese resigned. Ricky Ross went to prison, but even he is out now having been released in 2007. All that is left in prison is that group of Blacks still in prison under a Justice Department "fiction" that has now been exposed in yet another Supreme Court case. It is time to stop this madness, release the final victims of the 1986 racially discriminatory law, and bring some sanity back into federal sentencing law.

There comes a time when even your office can comfortably say, "Enough is enough!" Enough of the lies from 1986 that resulted in bad law. Enough of the lies that perpetuated that bad law for years. Enough of decades of embarrassment in federal sentencing that Congress and the Sentencing Commission has done all they can do to correct. Enough of listening to the Justice Department. Enough buying Justice Department lies hook line and sinker, all calculated to keep the Blacks originally victimized in prison. THERE IS NOT A SINGLE BASIS FOR PERPETUATING THE INJUSTICE OF THE 1986 Anti-Drug Abuse Act A MOMENT LONGER.

You can disagree. If you do, you are wrong, and please throw this letter in the trash, and go about your public defendering with your head in the sand. If you agree ... please help expedite my release from prison so I can go home. And when you are done there ... please help the rest of the people still in prison who are needing help to obtain their freedom.

Thanking you in advance for your attention, consideration and cooperation in this matter, and I remain,

Sincerely,

Sammy Woods
Pro Se

cc:   FILE

U.S. Attorney
Criminal Division
1225 17th St., #700
Denver, Colorado 80202

Honorable Wiley Daniel
ALFRED A. ARRAJ U.S. COURTHOUSE
901 19th Street, Rm. A-105
Denver, Colorado 80291-3589

SW/jl