IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   01-cr-00214-WYD

UNITED STATES OF AMERICA,

       Plaintiff,

v.

7.    ZEBEDEE HALL,

       Defendant.

---

## ORDER

---

This matter is before the Court on Defendant's Motion for Early Termination of Supervised Release, [ECF No. 3865], filed November 15, 2011.   On January 23, 2012, the Court ordered Probation and the Government to respond to this motion by February 6, 2012.   By way of background, Mr. Hall was originally sentenced on April 4, 2005.   His supervision commenced on March 26, 2010 and is set to expire on March 25, 2015.   In his letter, which I construe as a motion, Mr. Hall asks for early termination of supervised release based on his success at Aurora Community College, his volunteer work within the community, and his positive performance while under supervision.

Turning to my analysis, 18 U.S.C. § 3583(e)(1) authorizes a court to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."   In making this determination, the statute directs the court to consider many of the factors set forth in 18 U.S.C. § 3553.   *Id.*, § 3583(e).   Whether to grant a motion to

terminate a term of supervised release early "is a matter of sentencing court discretion." *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

The modification or termination mechanism provided by § 3583(e)(1) allows the court "to respond to changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored to serve the general punishment goals of § 3553(a)." *United States v. Gross,* 307 F.3d 1043, 1044 (9th Cir.2002). Thus, early termination may be appropriate where there are "changed circumstances" such as "exceptionally good behavior" that would warrant a termination of supervised release. *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Laine,* 404 F. App'x. 571, 573–74 (3d Cir. 2010) ("early termination of supervised release under section 3583(e)(1) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it").

In the case at hand, I believe that Defendant's pursuit of higher education, community involvement, and compliance with the conditions of supervised release show that Defendant is attempting to overcome this conviction and live a productive life. Although Mr. Hall is statutorily eligible for early termination pursuant to 18 U.S.C. § 3583 (e)(1), after reviewing the responses from Probation and the Government I find that early termination of supervision is not appropriate at this time. In so finding, I base my decision on Probation's conclusion that Mr. Hall poses an identifiable risk to public safety based on his Risk Prediction Score.

Based on the foregoing, I find that the defendant's early termination of supervision is not warranted. It is therefore,

ORDERED that Defendant's Motion for Early Termination of Supervised Release, [ECF No. 3865], filed November 15, 2011, is **DENIED.**

Dated:   September 26, 2012.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE