**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 09 2012

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF COLORADO

UNITED STATES OF AMERICA,       )
Plaintiff,                       ) NO. 01-CR-214-04-D
                                 )
     -vs-                        )
                                 )
ALVIN GREEN                      )
Petitioner                       )

MOTION FOR CLERICAL ERROR (Fed.R.Crim.P.), Rule 36

COMES NOW, Petitioner Alvin Green (herein," Green") appearing pro-se, without the benefit of an attorney at law, pursuant to the provisions contained in Haines v Kerner, 404 US 519 (1972) and Hazel-Atlas Glass Co.-v- Hartford-Empire Co.,322 U.S. 238,64 S.Ct. 997,88 L.Ed. 1250,1944 Dec.Comm'r Pat. 675 (1994). and respectfully submit this Motion pursuant to the Federal Rules of Criminal Procedure (Fed.R.Crim.P.), Rule 36 to correct errors in the record arising from oversight. Green presents the following in support of his entitlement to relief.

SUGGESTION IN SUPPORT

This pleading is properly styled. Green is cognizant

that the only Rule of Criminal Procedure allowing a court to change a judgment in a criminal case after it is entered is Rule 36. He is also conscious of the fact that the error of correction must be one of transcription and not aimed at remedying an error of law. Cf. UNITED STATES V. WERBER, 51 F.3D 342,348 (2d Cir. 1995).

## FACTS WARRANTING CORRECTION

The Court by oversight when correcting errors in the judgment during sentencing, inadvertently, The petitioner is hereby committed to the custody of the United States Bureau of Prison to be imprisoned for a total of life as to count one; 48 months as to count thirty-eight; 48 moths as to count thirty-nine; and 210 months as to count seventy-five, all such terms to run concurrently. See: Exhibit (1).

In addition the District Court violated the concurrent sentence doctrine by NOT running Petitioner Green's special assessment fee, concurrently with; counts one. An monetary assessment of $100.00, pursuant to 18 USCS §3013, is imposed on each count, so that the accused's liability to pay the total monetary assessment is dependent on the validity of the conviction on each count. See, Ray v. United States, 95 LED 2D 693, 481 US 736. "Since Petitioner's liability to pay this total [assessment fee] depends on the validity of each of his four count, the sentences was NOT concurrent." A correction of this error arising from oversight in the record is warranted to prevent future adverse use by both the United States

Probation Department and Justice Department and to correct the judgment and commitment order (J&C).

Correction of the record is also warranted where the Court inadvertently ordered an amendment of information that was inaccurate to be placed in the PSR which transferred to the J&C.

Petitioner Green, argues that had not violated the concurrent sentence doctrine, Green fine would of been only $100.00 not $400.00, Green request this court to entered an amended judgment and to reduce the special assessment from $400.00 to $100.00.

The Inmate Financial Responsibility Program is designed to encourage each sentenced inmate to meet his legitimate financial obligation. 28 C.F.R. §545.10. Refusal by an inmate to anticipate in the financial responsibility program or to comply with the provision of his, petitioner Green paid his special assessment in full $400.00. See: (2). Now if petitioner Creen had not comply with BOP Financial Responsibility would result in the following: (1) The inmate will not be assigned to any work detail outside the secure perimeter of the facility; (2) The inmate will not be placed in UNOCOR. Any inmate assigned to UNICOR who fails to make adequate progress on his/her financial plan will be removed from UNICOR, and once removed, may not be placed on a UNICOR waiting list for six months. Any exceptions to this require approval of the Warden; (3) The inmate shall be subject to a monthly commissary spending limitation more stringent than the monthly commissary spending limitation set for all inmates.

This more stringent commissary spending limitation for [IFRP] refuses shall be at least $25 per month, excluding purchases of stamps;(4) The inmate will [NOT] receive an incentive for participation in residential drug treatment programs 28 C.F.R. §545.11(d).

## RELIEF SOUGHT

Petitioner Green hereby request that this court correct the record an amended judgment to reduce the special assessment from $400.00 to $100.00. That has taking him over his statutory max of his fine, which would been only $100.00. Concurrently...

Petitioner request that this court observe the full record as demonstrated.

## CONCLUSION

Petitioner Green respectfully asks this Court to correct the clerical error made in this case.

Respectfully Submitted,

*/s/ Alvin Green/*

Alvin Green

## CERTIFICATION OF SERVICE

I do hereby swear that I deposited this Rule 36 motion in the mail box at USP Atwater, California, in light of Houston v. Lack, 487 U.S. 226, 101 L.Ed. 2d 245, 108 S.Ct. 2379 (1988).

Said copy was mailed to:

### DECLARATION OF ALVIN GREEN

Alvin Green, born U.S. Citizen and over the age of eighteen (18) years old, hereby declares, that the following is true and correct based on my own personal knowledge and recollection of events. If called upon as a witness, I will be willing to testify competently as to these facts under oath, and that this declaration is being made freely and voluntarily of my own free will and accord as follows:

1. That I was found guilty on four counts of my indictment (No.01 CR 214-04-D), that all count four count was ran concurrently at sentence;

2. That, I was order to pay an assessment fine of $100.00 on each count, by (FBOP) which was four hundred dollars, I paid the full amount as order by (FBOP);

3. That, had Green refusal of an inmate to participate will also result in an inmate losing certain privileges, including furloughs, access to certain work assignments, higher commissary spending limits, and other privileges. 28 C.F.R. §545.11(d).

Under Penalty of Perjury of the laws of the United States, I Alvin Green, hereby swear that the aforementioned statements are true and correct, made freely, voluntarily, and willing by me, of my own accord.

Dated: 10/01/2012

ALVIN GREEN

*Alvin Green* (signature)

**EXHIBIT 1**

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

APR 1 4 2004

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| | (For Offenses Committed On or After November 1, 1987) |
| v. | CASE NUMBER: 01-CR-214-04-D |
| ALVIN GREEN | Richard J. Banta, Appointed |
| a/k/a "Mel Dog" | (Defendant's Attorney) |

**THE DEFENDANT:** Was found guilty on counts one, thirty-eight, thirty-nine and seventy-five of the Second Superseding Indictment after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(iii); 18 U.S.C. § 2 | Conspiracy to Distribute and Possess with Intent to Distribute Fifty or More Grams of Cocaine Base; Aiding and Abetting | 06/07/01 | One |
| 21 U.S.C. § 843(b) and 18 U.S.C. § 2 | Use of a Communications Facility to Possess with Intent to Distribute Cocaine Base; Aiding and Abetting | 04/26/01 | Thirty-Eight |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 06/02/71

Defendant's USM No.: 30411-013

Defendant's Residence Address:
  Federal Detention Center
  9595 West Quincy Avenue
  Littleton, Colorado 80123

Defendant's Mailing Address:
  SAME

April 7, 2004
Date of Imposition of Judgment

Signature of Judicial Officer

Wiley Y. Daniel, U.S. District Judge
Name & Title of Judicial Officer

4/12/04
Date

DEFENDANT: ALVIN GREEN
CASE NUMBER: 01-CR-214-04-D

Judgment-Page 2 of 8

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21 U.S.C. § 843(b) and 18 U.S.C. § 2 | Use of a Communications Facility to Possess with Intent to Distribute Cocaine Base; Aiding and Abetting | 05/18/01 | Thirty-Nine |
| 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2 | Money Laundering; Aiding and Abetting | 05/26/01 | Seventy-Five |

DEFENDANT: ALVIN GREEN
CASE NUMBER: 01-CR-214-04-D

Judgment-Page 3 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of life as to count one; 48 months as to count thirty-eight; 48 months as to count thirty-nine; and 210 months as to count seventy-five, all such terms to run concurrently.

The court recommends that the Bureau of Prisons designate the defendant to a facility in California or Arizona.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT: ALVIN GREEN
CASE NUMBER: 01-CR-214-04-D                                              Judgment-Page 6 of 8

## MONETARY OBLIGATIONS

The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| One | $100.00 | $0.00 | $0.00 |
| Thirty-Eight | $100.00 | $0.00 | $0.00 |
| Thirty-Nine | $100.00 | $0.00 | $0.00 |
| Seventy-Five | $100.00 | $0.00 | $0.00 |
| **TOTALS** | **$400.00** | $0.00 | $0.00 |

DEFENDANT: ALVIN GREEN
CASE NUMBER: 01-CR-214-04-D                                           Judgment-Page 7 of 8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

The special assessment is due in full immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order: (1) special assessment.

EXHIBIT 2

```
   ATWDZ              *      INMATE FINANCIAL RESPONSIBILITY      *      09-27-2012
   PAGE 001 OF 001 *    DISPLAY INMT FINANCIAL OBLG ADJUSTMENTS   *      12:52:50

   REGNO: 30411-013  OBLG NO: ALL     NO. ADJ TO VIEW: 15      FUNC: DSS
   NAME.: GREEN, ALVIN                    TYPE OBLG: ASSESSMENT USDC
   OBLG STATUS.: COMPLETEDZ   OBLG BAL..: 0.00              OBLG NO: 1
   DATE ADDED  FCL   ADJ TYPE    ADJ REASON       ADJ AMT    DEP NO.   DETAIL
   07-12-2008  VIP   PAYMENT     INSIDE PMT         25.00    8101      N
   06-13-2008  VIP   PAYMENT     INSIDE PMT         25.00    8091      N
   05-13-2008  VIP   PAYMENT     INSIDE PMT         25.00    8081      N
   04-12-2008  VIP   PAYMENT     INSIDE PMT         25.00    8071      N
   09-12-2007  VIP   PAYMENT     INSIDE PMT         25.00    7121      N
   06-12-2007  VIP   PAYMENT     INSIDE PMT         25.00    7091      N
   03-15-2007  VIP   PAYMENT     INSIDE PMT         25.00    7061      N
   12-12-2006  VIP   PAYMENT     INSIDE PMT         25.00    7031      N
   09-14-2006  VIP   PAYMENT     INSIDE PMT         25.00    6121      N
   06-13-2006  VIP   PAYMENT     INSIDE PMT         25.00    6091      N
   03-14-2006  VIP   PAYMENT     INSIDE PMT         25.00    6061      N
   12-14-2005  VIP   PAYMENT     INSIDE PMT         25.00    6031      N
   09-15-2005  VIP   PAYMENT     INSIDE PMT         25.00    5121      N
   06-14-2005  VIP   PAYMENT     INSIDE PMT         25.00    5091      N
   03-12-2005  VIP   PAYMENT     INSIDE PMT         25.00    5061      N

   G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

MR. GREEN Has paid in Full.