*CouRts Copy*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 8 2012

JEFFREY P. COLWELL
CLERK

| | | |
|---|---|---|
| Alvin Green, Pro-se | () | |
| Fed. Reg. No.# 30411-013 | () | |
| USP Atwater | () | Case No.#_____ |
| P.O. Box 019001, 2A | () | |
| Atwater, Calif. 95301. | () | Case No. 01-CR- |
| Petitioner, | () | 00214-WYD-4 |
| -vs.- | () () () () () () | |
| Warden | () | |
| USP Atwater | () | |
| 1 Federal Way | () | |
| Atwater, Calif 95301; | () | |
| | () | |
| United States of America | () | |
| Respondents | () | |

============================================================

NOTICE OF SATISFACTION OF JUDGMENT AND PETITION FOR THE COMMON LAW WRIT OF AUDITA QUERELA AND/OR EXTRAORDINARY RELIEF IN THE NATURE OF BAIL, MANDAMUS, AND PROHIBITION--NUNC PRO TUNC.

============================================================

I. STATEMENT OF PARTIES AND JURISDICTION:

Comes now, ALVIN GREEN, Petitioner-Defendant, pro se, [hereinafter referred to as "Petitioner" or "Defendant"] whose address for the Service of Process and Issuance of All Writs is given above;

The Respondents are WARDEN, United States Penitentiary, and

(1)

THE UNITED STATES OF AMERICA, whose address for Service of Process and Issuance of All Writs is: GUY TILL, Asst. U.S. Attorney, U.S. Attorney's Office, District of Colorado,1225 17th Street, Suite 700, Denver, Co.  80202.

This Honorable Court has Jurisdiction to entertain this matter pursuant to The Common Law Writ of Audita Querela [Ejelonu v. INS,DHS, 355 F.3d 539, 544-End (6th Cir. 2004)(EN BANC), citing U.S. v. Morgan, 346 U.S. 502, 505-11, 98 L.Ed.2d 248, 74 S.Ct. 247 (1954)(Expressly rejecting the argument that the federal habeas corpus statute [28 USC 2255], had the effect of abolishing common law writs in criminal proceedings); and, U.S. v.Ayala, 282 U.S. App. D.C. 266, 894 F.2d 425, 428 (D.C.Cir. 1990)("[T]he teaching of Morgan is that federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law."); 28 USC 1651; and, Oliver v. City of Shattuck ex rel Versluis, 157 F.2d 150, 153 (10th Cir. 1946)[Rule 60(b): "According to its ancient precepts, the writ of audita querela was invented to afford relief in behalf of one against whom execution had been issued or was about to be issued upon a Judgment, which would be contrary to justice to allow to be about to be issued upon a judgment, which it would be contrary to justice to allow to be enforced, because of matters arising subsequent to the rendition thereof. . ."(collecting cases)]{overruled, in part, by Morgan as to 2255 surplanting audita querela--and affirming that 60(b) applies to civil actions, citing, Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238, 248, 64 S.Ct. 997, 88 L.Ed. 1250 (1944);  U.S. v. LaPLante, 57 F.3d 252, 253 (2nd Cir. 1995)

(same);  U.S. v. Holder, 936 F.2d 1 (1st Cir. 1991)(Same);
U.S. v. Reyes, 945 F.2d 862 (5th Cir. 1991)(Same);  U.S. v.
Kimberlein, 675 F.2d 866 (7th Cir.)< cert. denied, 456 U.S.
964 (1982)(same); Richter v. U.S., 510 F.3d 103 (2nd Cir.
2007)(Per curiam), citing, Pennsylvania Bureau of Correction
v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985)("[w]here a
statute specifically addresses the particular issue at hand,
it is that authority, and not the All Writs Act, that is
controlling.").

The Petitioner contends that 28 USC 2241 and 28 USC
2255 are inadequate and ineffective to test the issue of
"Execution of Fines"--post imposition--because they have a
custody requirement; moreover, Rule 60(b) is unavailable
because this is not a civil matter challenging a civil
judgment--but rather a criminal judgment unlawfully executed
as to Petitioner's fine and imprisonment not challengeable by
either habeas remedy. McNeil v. Howard, 338 Fed.Appx. 745
(10th Cir. 2009), citing, Erlandson v. Northglen Mun. Ct., 528
F.3d 785, 788 (10th Cir. 2003)("We agree with the district
court that the payment of restitution or a fine, absent more,
is not the sort of significant restraint on liberty
contemplated in the custody requirement of the federal habeas
statutes."), (quotations omitted), cert. denied, 129 S.Ct.
928, 173 L.Ed.2d 133 (2009); U.S. v. Stefanoff, 1998 U.S.App.
LEXIS 13539 (10th Cir. 1998), citing, Morgan, and allowing The
All Writs Act [28 USC 1651(a)] to challenge the Restitution
Order. See also, Barnickel v. U.S., 113 F.3d 704, 706 (7th
Cir. 1996), citing, U.S. v. Addonizio, 442 U.S. 178, 184
(1979); Tinder v. Paula, 725 F.2d 801, 804 (1st Cir. 1984);

(3)

Smullen v. U.S., 94 F.3d 20, 25-26 (1st Cir. 1996);  U.S. v. Kramer, 195 F.3d 1129 (9th Cir. 1999).  Moreover, it relates to new issues of law since Petitioner's 28 USC 2255 Petitions Judgments rendered by the federal courts have become final-- and to the court's lack of jurisdiction in executing the Judgment on ex post facto, double jeopardy, and excessive fines and penalties grounds.

WHEREFORE, Petitioner-Defendant avers that the District Court has Jurisdiction over this matter in light of the new rules of law set forth in: U.S. v. Santos, 170 L.Ed.2d 912, 553 U.S.___, 128 S.Ct.___(2008)(The term "proceeds" in money-laundering provision [18 USC 1956(a)(1)(A)(i) held-by majority result without majority opinion-not to mean "profits"-- not "receipts" or "gross receipts", reversing, 461 F.3d 886 (7th Cir.2006).  Petitioner believes that he is entitled to Relief, and/or, and evidentiary hearing in this matter with appointment of counsel in accordance with 18 USC 3006A and 28 USC 1915(d)(Without the paying of filing fees); Cuellar v. U.S., 553 U.S.____, 170 L.Ed.2d 942, 128 S.Ct. ____(2008)(Agreeing with Petitioner that the government must demonstrate at trial that the defendant did more than merely hide money during its transport);

II.   ACTUAL AND FACTUAL NOTICE OF SATISFACTION OF

JUDGMENT:


       Petitioner hereby gives ACTUAL AND FACTUAL NOTICE that

he has Satisfied the Judgment imposed upon him by the Court on

or about April 7, 2004--pursuant to 18 USC 3013 in the above

entitled case--by payment of said $400 Special Assessment as

ORDERED AND COMMANDED--to the Court via the United States

Bureau of Prisons by and through their execution upon said

Judgment, acting by way of comission in the Court's behalf

according to Title 28, Code of Federal Regulations 545.10-11--

and BOP Policies. [See Exhibit "A" — B.5]

WHEREFORE, Defendant Petitioner gives ACTUAL AND FACTUAL

NOTICE that said JUDGMENT HAS BEEN PAID [and is] SATISFIED.


III.  Right to Common Law Writs of Audita Querela,

Prohibition, and for Mandamus:


WHEREFORE, Petitioner moves  for the Common Law Writs of

Audita Querela, Prohibition, and Mandamus and requests

unconditional release from his imprisonment; and/or in the

alternative, release on Bail upon  his own Recognizance

without Surety--pursuant to  28 USC 1651, Rule  23(A-D) of the

Federal Rules of Appellate Procedure [FRAP], and 18 USC 3142-

3152--for relief pending resolution upon the Merits of this

case.  This Honorable Court has Jurisdiction to grant such

remedies on the above statutes--juxtaposed with Federal Rules

of Civil Proc. 60(b)(4-6), 60(d)(1-3), and 65--unless and

until, this matter can be heard before the court; and, to

insure that the common law and Extraordinary Writs will be effective as designed to obtain Justice. Petitioner is entitled to these remedies on the following grounds:

(1) Petitioner avers that said execution, collection, and payment of said $400 Special Assessment [fine] by the United States Attorney's Office via Director of the United States Bureau of Prisons [via his/her staff members] from Petitioner-- constitutes unlawful imposition, execution, and collection of monies in violation of the prohibitions against the application of Ex Post Facto Law, Suspension of Habeas Corpus, Double Jeopardy, Imposition and Collection of Excessive Fines and Penalties; and, has caused Petitioner to suffer Cruel and Unusual Punishment--for the reasons that it has subjected Petitioner to continued imprisonment after payment of the illegal $400 Special Assessment [fine]--which was [and is] all contrary to Art. 1, section 9, Clauses 2 & 3; Art. III, Sect. 2; Art. IV, sections 1 & 2, clause 2; Art.s V-VI; and, the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Amendments to the United States Constitution--as recognized by Ray v. United States, 481 U.S. 736-737 (1987)(per curian)(imposition of consecutive special assessments upon purely concurrent sentences amounts to cumulative punishment unauthorized by congress) [still the controlling law of the United States Supreme Court], reaffirmed by, Rutledge v. U.S., 517 U.S. 292 (1996); U.S. v. Robertson, 606 F.3d 943 (8th Cir. 2010)(Double Jeopardy, et.al., 8th Circuit cases cited, therein), and citing, U.S. v. Ogba, 526 F.3d 237, 238 (5th Cir. 2008)(Collateral sentencing doctrine does not apply), citing, U.S. v. Soape, 169 F.3d 266

n. 4 (5th Cir. 1999), citing, U.S. v. Corona, 108 F.3d 565, 572 (5th Cir. 1997)(Special Assessments imposed pursuant to 18 USC 3013 can be raised at any time--and for first time on appeal--citing Rutledge); U.S. v. Cesare, 581 F.3D 206 (3rd Cir. 2006) (Consecutive special assessments amount to double jeopardy); U.S. v. Jones, 489 F.3d 243, 254-End (6th Cir. 2007) (Consecutive Special Assessments imposed pursuant to 18 USC 3013 constituted double jeopardy requiring vacation of eight narcotics convictions--ineffective assistance of counsel recognized in failing to object); U.S. v. Keen, 96 F.3d 425 at footnote 9--the government conceding double jeopardy); U.S. v. Nash, 64 F.3d 504, 509 (9th Cir. 1995)(Citing Ray, supra); U.S. v. Brown, 202 F.3d 691, 703 (4th Cir. 2002)(Double Jeopardy).

(2) Petitioner avers that the imposition, execution, and collection of the $400 Special Assessment pursuant to 18 USC 3013 from Petitioner by the United States Courts and Government was without Statutory Juris-diction and Void; moreover, such imposition, execution, and collection violated Petitioner's guilty plea because it constituted an upward departure without prior Government Notice and for which Petitioner did not [and could not legally] waive his rights, consent, stipulate, or agree to do--because one cannot consent to the Jurisdiction of the Courts it does not have--certainly not to double jeopardy--by trial jury verdict or by guilty plea. See, Menna v. New York, 423 U.S. 61 (1975). Furthermore, because Petitioner was entitled to ACTUAL AND FACTUAL NOTICE before his sentence could be enhanced through upward departures in imposing consecutive special assessments;

(7)

or, was otherwise entitled to downward departures by not challenging the special assessments on appeal the court unlawfully imposed [all due to ineffective assistance of defense and appellate counsels in not doing so] as a matter of right and law--failure to apply those downward departures to any fine or special assessment  violated Petitioner's rights-- all contrary to due process of law.  See, United States v. Dean, 87 F.3d 1212 (11th Cir. 1996)(Judge could modify the forfeiture provisions of a plea agreement when the forfeiture was unfairly punitive);  U.S. v. Mells, 2010 U.S.App. LEXIS 12367 (June 16, 2010)(Enhancements are jurisdictional).

        (3) Petitioner is therefore entitled to be unconditionally released from any further term of imprisonment of his person or prison property as a matter of law, because specific performance in the return of the special assessment monies is no longer possible for the reasons that the congressionally-unauthorized Special Assess-ments taken--have long since been mingled into the U.S. Treauries, cannot be located, and Petitioner will not [and cannot be forced to] accept them returned. See, U.S. v. Holmes, 822 F.2d 481 (5th Cir. 1987) (Court holding: "Unlawful payment of $50 Special Assessment and other fine barred further imprisonment of Defendant--monies were mingled with treasuries of the U.S.-- could not be returned--Satisfaction of Judgment declared-- Prisoner released, unconditionally);  In re Cox Cotton Co., et. al. v. Mrs. Wayne Cryts, et.al., 24 B.R. 930, 956-End (E.D. Ark. 1982) (Eisele, C.J., holding, "Soybeans did not belong to Wayne Cryts...were not segregated or seperately identifiable in any way; they were commingled with the

(8)

soybeans of all the other farmers/depositors. . ."). See also, Ex part Lange, 85 U.S. [14 Wall.] 163, 21 L.Ed.2d 872 (1873) (Unlawful imposition and execution of fine barred further imprisonment of defendant requiring his release, therefrom--writ issued);  In re Bradley, 318 U.S 50, 60 S.Ct. 470, 87 L.Ed.2d 608 (1943) (Unlawful imposition, execution, and collection of fine barred defendant's further imprisonment); U.S. v. Halper, 490 U.S. 435, 450, 104 L.Ed.2d 487, 109 S.Ct. 1892 (1989) (Violations of due process in collection of fines required release of prisoners on double jeopardy grounds);  U.S. v. McCaslin, 863 F.Supp. 1299 (W.D.Wash. 1994) (Writ granted; prisoner released on double jeopardy grounds in payment of a fine barring further imprisonment, in light of Halper, supra; and, Austin v. U.S., 509 U.S. 602, 125 L.Ed.2d 488, 113 S.Ct. 2801 (1993) (same)); Montana Department of Revenue v. Kurth Ranch, 511 U.S. 767 (1994)(Same);  U.S. v. $184,505.01 in U.S. Currency, 72 F.3d 1160 (3rd Cir. 1995)(Double Jeopardy clause applies to imprisonment and monetary penalties).

(4).  Petitioner believes, and therefore alleges, that based upon his knowledge of the law--he was under no obligation or duty to insure [or assist in] the proper execution of his prison sentence by the U.S. Government--or the court's.

(5).  Petitioner also moves this Honorable Court take Judicial Notice of all of its own court records in accordance with Federal Rules of Evidence 201 (A-End), to establish the above facts in order to grant Petitioner relief.  It is not wrong for the Court to take Judicial Notice of its own Court

Records.   See, NATIONAL FIRE INSURANCE CO. v. THOMPSON, 281
U.S. 331, 336, 50 S.CT. 288, 74 L.ED. 881, 885 (1930)("It
isn't error. . .for a court to take Judicial Notice of related
proceedings and records in cases before that Court.").

III.   Bail Should Be Granted As Requested:

   (6).   Accordingly, for the reasons given above,
Petitioner should be Granted Bail on His Own Recognizance
Without Surety, forthwith.   Petitioner poses no threat or
danger to society. Petitioner is not now an escape risk--nor
has he ever been so.   He is fourty-two [42] years old.   He has
many friends in society--in the  areas, in particular.
Petitioner is a life-long resident of ; if Bail is granted on
the issues  above, Petitioner will reside at the following
address: 5344 Scranton ST Denver, Co 80239

   Petitioner has served eleven years in prison
to date, having served all the sentences imposed in the
court's judgment on all counts of the indictment except those
 duplicitously charged and related statutes of Title 21 USC
846, 841(a)(1), & 18 USC 2 set forth in COUNT ONE and Count
SEVENTY-FIVE.   Count One has at least nine  different offense
variations subject to interpretation as to the Grand Jury's
charge(s) Notice: (A) Conspiracy to Possess Cocaine Base"; (B)
Conspiracy to Distribute Cocaine Base"; (C) Conspiracy to
Possess with Intent to Distribute Cocaine Base; (D) Conspiracy
to Aid & Abet Distribution of Cocaine Base; (E) Conspiracy to
Aid & Abet Possession of Cocaine Base; (F) Conspiracy to Aid &
Abet Possession with Intent to Distribute Cocaine Base; (G)
Aiding & Abetting Conspiracy to Possess Cocaine Base; (H)
Aiding & Abetting Conspiracy to Distribute Cocaine Base; (I)

Aiding & Abetting Conspiracy to Possess with Intent to Distribute Cocaine Base.  Although the trial jury did not specify which of these offenses Petitioner was guilty of--the district court vindictively imposed a life  sentence on this court--with its  unlawful cumulative special assessment attached upon one of these "non-violent duplicitous offenses"--notwithstanding, that the prosecution is not allowed to proceed under two related statutes.  See, U.S. v. Larranga, 614 F.2d 239  (10th Cir. 1980); U.

S. v. Larron, 625 F.2d 67 (5th Cir. 1980);  U.S. v. Mayo, 705 F.2d 62 (8th Cir. 1982).  Count one of Petitioner's Indictment relies upon 21 USC 846, 841(a)(1), and 18 USC 2--in relation to each other. It is impossible to determine for which offense Petitioner was convicted of; moreover, for which offense Petitioner was sentenced for, or for which offense the $100 Special Assessment was paid upon.  However, because Petitioner's LIFE SENTENCE was concurrent to two other 48 month sentences [Counts 38 & 39--Using a Communications Facility to Possess with Intent to Distribute Cocaine Base and Aiding & Abetting, 21 USC 843(b) and 18 USC 2--now fully served]--with congressionally unauthorized consecutive special assessments attached each fully paid by the court--all which Petitioner has now served  Thus, Petitioner cannot possibly lose upon the merits and should be granted relief as requested in these combined Petitions.  To do otherwise is to ignore a fundamental micarriage of justice suffered by Petitioner at the hands of an over-worked and under-paid Court and its officers.  Nevertheless, if Judgment is void for violation of due process clause of the Fifth & Sixth Amendment by denying

Defendant Participation in his Motion to Vacate, he may move to set it aside without appealing, therefrom.  See, Winhoven v. U.S, 201 F.2d 174 (9th Cir. 1952); U.S. v. Jones, supra, (ineffective assistance cured by the Appellate Court in that case--which can't be done in Petitioner's case at bar).

(7)  Rule 60(b)(5 may be used to grant relief where the Judgment entered has been satisfied, and release or discharge of the Judgment is appropriate to correct a fundamental miscarriage of justice.  See, U.S. v. Swift, 367 U.S 909 (1961).

(8).  When Judgments are void, the district court can act NUNC PRO TUNC at any time, especially where the district court did not have jurisdiction to act previously. Gonzalez v. Crosby, 545 U.S. 524 (2005).

(9).  Obviously, defense counsel did not protect Petitioner from the above errors of unauthorized cumulative punishment-- establishing ineffective assistance of counsel. See, U.S. v. Jones, 489 F.3d at 254-end, supra;  Ray, supra. Moreover, a prisoner-defendant is under no duty or obligation to cause proper execution of a Judgment.

(10).  Petitioner is clearly entitled to Bail under the Rule of law set forth by the Supreme Court in Hilton v. Braunskill, 481 U.S. 770, 95 L.Ed.2d  727, 107 S.Ct. 2113 (1987);  see also, Marino v. Vasquez, 812 F.2d 499, 507-509 (9th Cir. 1987)(Bail governed by Rule 23 of the Federal Rules of Appellate Procedure and 18 USC 3142-3152 for federal prisoners--with the court's habeas corpus powers)[cases cited in Marino]; In re Roe, 257 F.3d 1077 (9th Cir. 2001)(Page three of the Court's Memorandum Decision); United States v.

Mett, 41 F.3d 1281, 12282 (9th Cir. 1994);  see further, Cagle
v. Davis, 663 F.3d 1070 (6th Cir. 1981), affirming Bail Motion
in this habeas corpus case, 520 F.Supp. 297 (D.C. Tenn. 1980).
Wherefore, for good cause shown, Bail should be granted to
Petitioner.

(11).   Rule 65 [Fed.R.Civ.Proc.] especially
incorporates  28 USC 1651 into this Rule--as explained by
Schindler v. Schiavo, 403 F.3d 1289, 1291 (11th Cir. 2005),
affirming 358 F.Supp.2d 1161 (M.D.Fla. 2005)(Recognizing this
inherent power within Rule 65).

(12).   The Court can grant any writ under 28 USC 1651
to set Petitioner free from an unjust incarceration--
especially to correct errors of court.  Rule 65
[Fed.R.Civ.Proc.] especially incorporates  28 USC 1651 into
this Rule--as explained by Schindler v. Schiavo, 403 F.3d
1289, 1291 (11th Cir. 2005), affirming 358 F.Supp.2d 1161
(M.D.Fla. 2005)(Recognizing this inherent power within Rule
65).  This includes the right and power to issue subpoenas or
subopoenas dueces tecum.  See, In Re Certain Complaints, 783
F.2d 1488 (5th Cir. 1986);  Gladrow v. Weisz, 354 F.2d 464
(5th Cir. 1965);  U.S. v. Denson, 588 F.2d 1112 (5th Cir.),
affirmed in part and modified in part en banc, 603 F.2d 1143
(5th Cir. 1979).  Petitioner has learned that the U.S. Bureau
of Prisons' practices in collecting special assessments and
other restitution has been unlawfully corrected for sometime
through fraud, extortion, and contary to law; therefore,
Petitioner seeks to subpoena records from the Government
Accounting Office (GAO)--and from the U.S. Attorney's Offices
to show a patter of bad-faith on behalf of the courts and its

(13)

officers in imposition and execution and collection of cumulative special assessments of all federal prisoners in violation of Robertson, Ray, and Jones, supra. Therefore, Petitioner is entitled to an evidentiary hearing--and subpoenas issued-- to obtain this information. More over, Petitioner will call Raymond (Rambo) Clifton, Fed. Reg. No.# 00888-089, U.S. Penitentiary, Atwater, California. as an Expert Witness with thirty years (30) experience on the Bureau of Prison's and their prison conditions as to his knowledge of the unlawful practices of imposition, execution, and collection of Special Assessments, other fines and restitution; thus, a Subpoena Deuces Tecum and Writ of Habeas Corpus ad testificandum must be issued to him under 28 USC 1651. However, if the Court declares Satisfaction of Judgment and grants unconditional release of Petitioner pursuant to all the above reasons and laws, then such evidentiary hearing will no longer be required.

(13.) The Court may hold such evidentiary hearing, sua sponte, or on Petitioner's request, in accordance with Fed. Rulesof Civil Proc. 60(b)(4-6) & (d)(1-3) and Rule 65. Rule 65 [Fed. R. Civ. Proc.] especially incorporates 28 USC 1651 into this Rule--as explained by Schindler v. Schiavo, 403 F.3d 1289, 1291 (11th Cir. 2005), affirming 358 F.Supp.2d 1161 (M.D.Fla. 2005)(Recognizing this inherent power within Rule 65).

IV. REQUEST FOR RELIEF.

WHEREFORE, Movant believes he is entitled to the following
Relief:

A.)  Make a Declaratory Statement pursuant to 28 USC 2201-2202
that the United States and its privies [including the federal
court] have unlawfully imposed & executed Petitioner's federal
sentences in violation of his U.S. Constitutionally Guaranteed
Rights against the application of ex post facto laws, double
jeopardy, and excessive fines and penalties and cruel and
unusual punishment, contrary to the all the law set forth in
Petitioner's Petition For Audita Querela and Extraordinary
Relief in the Nature of Bail, Mandamus, and Prohibition; and,
Notice of Satisfaction of Judgment; and, that the U.S.
Government and federal courts have violated the doctrines of
res judicata and collateral estoppel in not curing double
jeopardy--as prohibited byRay v. U.S., 481 U.S. 736 (1987)
(Consecutive special assessments imposed pursuant to 18 USC
3013 upon purely concurrent sentences amounted to cumulative
punishments unathorized by congress.), reaffirmed by, Rutledge
v. U.S., 517 U.S. 292 (1996)(Same--citing, Ray v. U.S.,
supra);  U.S. v. Jones, 489 F.3d 243, 254-255 (6th Cir. 2007)
(Recognizing double jeopardy and ineffective assistance of
counsel in their failing to raise the special assessment issue
in the courts;  vacating eight narcotics convictions and
sentences, thereafter);  U.S. v. Britt, 112 Fed. Appendix 352
(5th Cir. 2004)(CCE Murder convictions vacated in light of Ray
& Rutledge), quoting, U.S. v. Corona, 108 F.3d 565, 572 (5th

(15)

Cir. 1997)(Special assessments can be raised at anytime--and for first time on appeal); and, further Declare that Petitioner should have been released from any further imprisonment by the United States at the moment that Petitioner paid the unlawfully executed consecutive Special Assessments--through forfeiture liens or otherwise.  Thus, Judgment has been Satisfied and should be entered-NUNC PRO TUNC--in light of Ex Parte Lange, 85 U.S.[18 Wall.] 163, 21 L.ED. 872 (1873) (Unlawfully imposed and executed [collected] fine prohibited further imprisonment of Defendant--udgment satisfied--release of Defendant required); a rule of law reaffirmed In re Bradley, 318 U.S. 50 (1943)(same) and U.S. v. Holmes, 822 F.2d 481 (5th Cir. 1987)(same--citing, inter alia, Ex parte Lange and In Re Bradley--condemning the collection of the $50.00 special assessment and other fine un-lawfully imposed and collected all violative of 18 USC 3013 & 3623(f) alternative fines statute); U.S. v. Halper, 490 U.S. 435 (1989);  Austin v. U.S., 509 U.S. 602 (1993)

C.) Grant Injunctive Relief ordering the Clerk of this Court to enter on the Record and Docket Satisfaction of Judgment in Petitioner's favor against the United States, NUNC PRO TUNC, forthwith; and, that Petitioner's convictions and sentences be, and are hereby expunged pursuant to 18 USC 3231--NUNC PRO TUNC; and, grant further injunctive relief that Writs of Mandamus issue against the United States Bureau of Prisons compelling Petitioner's unconditional & immediate release from imprisonment therefrom, and forthwith; and, that  Writs of Prohibition be issued to the U.S. Probation Department of this [or any other federal court] be, and are hereafter

prohibited from Supervision of Petitioner upon his release from imprisonment--all as an appropriate sanction against the United States for unlawful execution of Petitioner's sentence UPON GOOD CAUSE SHOWN;

D.)  Alternatively, the court is requested to grant Bail upon Peitioner's own Recognizance--without surety--pursuant to Rule 23 of the Federal Rules of Appellate Procedure [or pursuant to 18 USC 3142-3152] and/or, to  home confinement under 18 USC 3624-3626--unless and until this matter is resolved at an Evidentiary Hearing or after Petition for Writ of Certiorari is denied.  Also, the court should appoint counsel for Petitioner due to his bad health; and,due to his continued in forma pauperis status formerly declared in this Court pursuant to 18 USC 3006A & 28 USC 1915] ; and, convene and hold an EVIDENTIARY HEARING on these matters and issue Writs and Subpoenas [and  with Deuces Tecum] for Petitioner and his witnesses, unless and until, the government does not contest Petitioner's Notice of Satisfaction of Judgment and unconditional release from further imprisonment;

E.)  Grant Attorney's Fees, Costs and Expenses;

F.)  Grant such other relief as this Honorable Court deems fair and just under the circumstances;

=================================

MOVANT

Alvin Green, Pro se

Fed. Reg. No.# 30411-013

U.S. Penitentiary Atwater, 2A

(17)

P.O. Box 019001

Atwater, Ca.  95301-0910.

DECLARATION UNDER THE PAINS AND PENALTIES OF PERJURY:

I, _Alvin Green_____, do hereby verify, certify,
or state, that I have read the above and foregoing document
and that the same is true to the best of my memory, knowledge,
and belief, under the pains and penalties of perjury.

SUBSCRIBED AND SWORN TO THIS _6_ DAY OF _Nov_____ 2012,
UNDER THE PAINS AND PENALTIES OF PERJURY 18 USC 1621; 1623; &
28 USC 1746.

=========================================
Signature of Declarant

Alvin Green, Pro se

Fed. Reg. No.# 30411-013, Unit 2A,

U.S.Penitentiary Atwater

P.O. Box 019001

Atwater, Ca.  95301-0910.

Certificate of Mailing

(18)

I, Alvin Green, do hereby certify state I have mailed a copy of the above and foregoing document by postage prepaid mail to the following named persons, attorneys for the Respondents, on this ___6___ day of November, 2012, in accordance with HOUSTON v. LACK 101 L.ED.2D 245 (1988), by placing same in the prison mail box, true copies mailed to:

Guy Till

Asst. U.S. Attorney

U.S. Attorney's Office

District of Colorado

1225 17th Street, Suite 700

Denver, Co.  80202.


Warden

Hector Rios

United States Penitentiary Atwater

1 Federal Way

Atwater, Calif 95301.


Respectfully submitted,

=====================================

Alvin Green, Pro-se

30411-013  Unit 2A

U.S.  Penitentiary, Atwater

P.O. Box 019001

Atwater, Calif. 95301

```
    ATWDZ          *       INMATE FINANCIAL RESPONSIBILITY     *      10-30-2012
  PAGE 001 OF 001 *    DISPLAY INMT FINANCIAL OBLG ADJUSTMENTS *      12:21:26

  REGNO: 30411-013  OBLG NO: ALL   NO. ADJ TO VIEW: 15      FUNC: DSS
  NAME.: GREEN, ALVIN                    TYPE OBLG: ASSESSMENT USDC
  OBLG STATUS.: COMPLETEDZ  OBLG BAL..: 0.00          OBLG NO: 1
  DATE ADDED FCL   ADJ TYPE    ADJ REASON      ADJ AMT   DEP NO.  DETAIL
  07-12-2008 VIP   PAYMENT     INSIDE PMT        25.00    8101     N
  06-13-2008 VIP   PAYMENT     INSIDE PMT        25.00    8091     N
  05-13-2008 VIP   PAYMENT     INSIDE PMT        25.00    8081     N
  04-12-2008 VIP   PAYMENT     INSIDE PMT        25.00    8071     N
  09-12-2007 VIP   PAYMENT     INSIDE PMT        25.00    7121     N
  06-12-2007 VIP   PAYMENT     INSIDE PMT        25.00    7091     N
  03-15-2007 VIP   PAYMENT     INSIDE PMT        25.00    7061     N
  12-12-2006 VIP   PAYMENT     INSIDE PMT        25.00    7031     N
  09-14-2006 VIP   PAYMENT     INSIDE PMT        25.00    6121     N
  06-13-2006 VIP   PAYMENT     INSIDE PMT        25.00    6091     N
  03-14-2006 VIP   PAYMENT     INSIDE PMT        25.00    6061     N
  12-14-2005 VIP   PAYMENT     INSIDE PMT        25.00    6031     N
  09-15-2005 VIP   PAYMENT     INSIDE PMT        25.00    5121     N
  06-14-2005 VIP   PAYMENT     INSIDE PMT        25.00    5091     N
  03-12-2005 VIP   PAYMENT     INSIDE PMT        25.00    5061     N

  G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

Exhibit "A"

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

APR 1 4 2004

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987) |
| v. | CASE NUMBER: 01-CR-214-04-D |
| ALVIN GREEN<br>a/k/a "Mel Dog" | Richard J. Banta, Appointed<br>(Defendant's Attorney) |

**THE DEFENDANT:** Was found guilty on counts one, thirty-eight, thirty-nine and seventy-five of the Second Superseding Indictment after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(iii); 18 U.S.C. § 2 | Conspiracy to Distribute and Possess with Intent to Distribute Fifty or More Grams of Cocaine Base; Aiding and Abetting | 06/07/01 | One |
| 21 U.S.C. § 843(b) and 18 U.S.C. § 2 | Use of a Communications Facility to Possess with Intent to Distribute Cocaine Base; Aiding and Abetting | 04/26/01 | Thirty-Eight |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 06/02/71

Defendant's USM No.: 30411-013

Defendant's Residence Address:

Federal Detention Center
9595 West Quincy Avenue
Littleton, Colorado 80123

Defendant's Mailing Address:

SAME

April 7, 2004
Date of Imposition of Judgment

Signature of Judicial Officer

Wiley Y. Daniel, U.S. District Judge
Name & Title of Judicial Officer

4/12/04
Date

Exhibit B.1

DEFENDANT: ALVIN GREEN
CASE NUMBER: 01-CR-214-04-D                                    Judgment-Page 2 of 8

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21 U.S.C. § 843(b) and 18 U.S.C. § 2 | Use of a Communications Facility to Possess with Intent to Distribute Cocaine Base; Aiding and Abetting | 05/18/01 | Thirty-Nine |
| 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2 | Money Laundering; Aiding and Abetting | 05/26/01 | Seventy-Five |

*Exhibit B.2*

DEFENDANT:  ALVIN GREEN
CASE NUMBER:  01-CR-214-04-D                                    Judgment-Page 3 of 8

## IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of life as to count one; 48 months as to count thirty-eight; 48 months as to count thirty-nine; and 210 months as to count seventy-five, all such terms to run concurrently.

    The court recommends that the Bureau of Prisons designate the defendant to a facility in California or Arizona.

    The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

    Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

EXHIBIT B3

DEFENDANT: ALVIN GREEN
CASE NUMBER: 01-CR-214-04-D                                    Judgment-Page 6 of 8

## MONETARY OBLIGATIONS

The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| One | $100.00 | $0.00 | $0.00 |
| Thirty-Eight | $100.00 | $0.00 | $0.00 |
| Thirty-Nine | $100.00 | $0.00 | $0.00 |
| Seventy-Five | $100.00 | $0.00 | $0.00 |
| **TOTALS** | $400.00 | $0.00 | $0.00 |

AG

Exhibit B-#4

DEFENDANT: ALVIN GREEN
CASE NUMBER: 01-CR-214-04-D                                    Judgment-Page 7 of 8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

The special assessment is due in full immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment.

AG
Exhibit B#5