PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. FREDRIC WILLIAMS                             Docket Number: 01-cr-00214-WYD-10

**Petition for Modification of Conditions of Supervised Release**

      COMES NOW, Jerald Mason, probation officer of the court, presenting an official report upon the conduct and attitude of Fredric Williams who was placed on supervision by the Honorable Wiley Y. Daniel sitting in the court at Denver, Colorado, on the 18th day of March 2004, who fixed the period of supervision at five (5) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a program of testing and/or treatment for drug abuse, as directed by the probation officer, until he is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

**On June 17, 2011, supervised release was revoked, and the defendant was sentenced to eight (8) months imprisonment followed by four (4) years supervised release with the following conditions of supervised release:**

1. The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of supervision and shall pay the costs of treatment as directed by the probation officer.

2. The defendant shall not frequent establishments whose primary business is the sale of alcohol.

3. The defendant shall obtain and maintain lawful employment within 60 days of release from the Bureau of Prisons.

4. The defendant shall establish a schedule of payments for the support of his children with Child Support Enforcement Services.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PROB 12
(02/05-D/CO)

PRAYING THAT THE COURT WILL ORDER the modificaiton of the defendant's conditions of supervised release to include a special condition requiring that:

5. The defendant shall be placed on home detention for a period of six (6) months, to commence upon the Court's order.  During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer.  The defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, cordless telephones for the above period.  The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department.  The defendant will be required to pay the cost of electronic monitoring as directed by the probation officer; and,

6.  The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting controlled substances, firearms and ammunition, or any contraband at the direction of the probation officer.  He must inform any residents that the premises may be subject to a search.

ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 6th day of February, 2013, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | *s/Jerald Mason* |
| | Jerald Mason |
| | Senior U.S. Probation Officer |
| s/ Wiley Y. Daniel | |
| Wiley Y. Daniel | Place: Denver, Colorado |
| Senior U.S. District Judge | Date:  January 23, 2013 |

PROB 12
(02/05-D/CO)

## ATTACHMENT

On November 2, 2012, the defendant requested transfer of supervised release to the Southern District of Illinois due to receiving serious threats from local Denver gang members. The defendant is perceived to be a "snitch" and stated that the threats to his life have escalated. The defendant's transfer was approved and he subsequently relocated to Southern District of Illinois on December 7, 2012. The defendant reported to the probation office on December 16, 2012, and was instructed to provide a urine specimen, to which he advised he used marijuana on or about that same date. The results of that urine specimen subsequently returned positive for marijuana on December 20, 2012.

The Southern District of Illinois has accepted transfer of the defendant's supervision with the following request for modification of his conditions of supervised release:

5. The defendant shall be placed on home detention for a period of six (6) months, to commence upon the Court's order. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, cordless telephones for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department. The defendant will be required to pay the cost of electronic monitoring as directed by the probation officer.

6. The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting controlled substances, firearms and ammunition, or any contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.

On December 21, 2012, and January 2, 2013, respectively, the defendant and court appointed CJA Attorney Lynn Anne Pierce, signed a "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision," which waives the right to a hearing and agrees to the proposed modification. Assistant United States Attorney Guy Till, has also been consulted and has no objections to the proposed modification.