IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

TOMMY JONES,
Defendant,/Petitioner,

Vs.

UNITED STATES OF AMERICA,
Respondent,

CASE NO. 01-cr-00214-WYD-29

MEMORANDUM OF LAW

"CRACK COCAINE REDUCTION"

18-to-1 RATION

MOTION TO REDUCCE PETITIONER FEDERAL SENTENCE PURSUANT AMENDMENT 759/750 IN REFERENCE TO 18 U.S.C.§ 3582(c)(2)/ SUPERVISED RELEASE

Come Now, Tommy Jones, acting "Pro Se" in the above mention matter does respectful petition this Honorabl Court to reduce his Federal Sentence in reference to the now **"Crack Cocaine Vs. Cocaine Powder" 18-to-1 RATIO**, that would also have an effect on the defendant's Supervised Release pursuant to **18 U.S.C§ 3624(e).**

Jones assert's that a retroactive amendment could be used to reduce his supervised release.

In the additional facts Jones was granted the first sentence reduction pursuant to Amendment 706 in which the court under 18 U.S.C.§ 3582(c)(2) for a reduction in the term of imprisonment imposed on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission Pursuant to 28 U.S.C.§ 994(u), Jones sentence was reduce from 140 months to 120 months. Such as Amendment 759 and 750 would lower Jones Federal Sentence even lower, and therefore would have an impact on lowering his

Supervised Release Pursuant to 18 U.S.C.§ 3624(e) that should have warranted an adjustment pursuant to amendment 706 that did not occur as stated by the law. 580 F.3d 933::**United States v.Knight**::July 6, 2009 See; **United States v. Etherton,** 101 F.3d 80 (9th Cir.1996).

## JURSIDICTION

The Petitioner/Defendant now states that the Federal Sentencing Judge have the authority to reduce his federal sentence pursuant to Amendment 759 and 750 that was made retroactive pursuant to amendment 759 both arriving from the 111th Congress 2D Sessions S.1789/A Bill that restored fairness to Federal Cocaine Sentencing.

Jones states that the now corresponding amendment to the Sentencing Guidelines regarding crack cocaine offense,effective November 1,2010 which applies retroactive effective November 1,2011,See U.S.S.G.§ 1B1.10(c)..

## FACTS OF CASE

Jones was found guilty on Counts I and II of the Third Superseding Indictment after a plea of not guilty,Title 21 U.S.C.§ 841(a)(1) and (b)(1)(B)and(c);18 U.S.C.§ 2 Aiding and Abetting the Distribution of more than five grams of crack cocaine,Date of Offense 5/22/01 Count Number[s] 1,21 U.S.C § 843(b) and(d)(1) use of a Communication Facility to Facilitate a Drug Trafficking Felony Offense / Offense Date 5/22/01,Count II....

Term of Sentence 140 months on Counts I and 48 months on Count II to run concurrent together.Supervised Release Range:4-to-5 years-Count I,and Supervised Release Term: 1Year-Count II,Imposition of Judgment 12/2/03.However Jones was given a reduction of sentence on June 5,2008

Judgment previously imposed sentence was 140 months, was reduce to 120 months pursuant to Amendment 706, Supervised Release is the same as stated above.

## ARGUMENT

Jones assert's that based on the Sentencing Reduction and the information in reference to the maximum term of supervised release to be imposed following multiple charges and revocation of supervised release by the aggregate length of any and all terms of imprisonment that have been imposed upon revocation of supervised release. Jones assert's that his June 5,2008 sentencing reduction given from amendment 706 should have had an impact on his supervised release as well as it did his federal sentence, in a much small conversation-Jones federal supervised release of Five(5) Years should warrant a reduction.
See; **United States v. Etherton**,101 F.3d 80 (9th Cir.1996)
See; **United States v. Knight,** ::580 F.3d 933::July 6.2009
At this time Jones contend's that this motion is pursuant to further a sentence reduction to his crack cocaine charge pursuant to 21 U.S.C. § 841 (a)(1) and (b)(1) and(c);18 U.S.C.§ 2 Aiding and Abetting the Distribution of more than Five(5) Grams of Crcak Cocaine, in which Jones Federal Sentence can be lowered to Five (5) Years in pursuant to Amendment 759 and 750 of the 18-to-1 Ratio that's now in effect.

**Part II.**

In closing this petition Jones contend's that the additional order in revoking his supervised release-judgment and commitment given on December 19th,2012, committing Jones back to the B.O.P./Burea of Prisons for a period of twenty-seven (27)months on Count One and tweleve(12) months on Count Two, to run concurrent, Jones states this information as stated above warrants the proper reduction to reflect the than

amendment 706,and now also amendment 750.Where the district court have full authority to take charge in reduction the defendant's supervise release as well as the stated crack cocaine reduction. See; **Johnson**,120 S.Ct.at 1800(n.2)(2000).

---

(A) Jones assert's that Amendment 750 could be applied because it was shown to be effective when Joenes committed his original offense,and his supervised release violation is therefore the same original offense that he's now serving time upon.

## CERTIFICATE OF SERVICE

I, *Tommy Jones*,do hereby declare,under the Penalties of Perjury Pursuant to Title 28 U.S.C.§ 1746(1),that the information contained herein and/or assertion that were made herein are True and Correct to the best of my personal knowledge and belief.I hereby place both my hands and seal this day *March* of *14th* 2013.,That this Petition have been forward to the District Court as therefore cited there of on Page One.

## DECLARATION

I, *Tommy Jones* do declare under the Penalties of Perjury Pursuant to 28 U.S.C.§ 1746(1) that the foregoing motion is True and Correct to the best of the defendant knolwedge as stated.

Submitted By: *Tommy Jones*
Tommy Jones
Reg.No.30458-013
FCI/USP Atlanta
P.O.Box 150160
Atlanta,Ga.30315

*Kendall Talley, 3-14-2013*