IN THE UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLORADO DENVER


ALVIN GREEN

　　　　　Petitioner,

Vs.

**FILED**

UNITED STATES DISTRICT COURT
DENVER, COLORADO

**AUG 2 2 2013**

JEFFREY P. COLWELL
CLERK

UNITED STATES OF AMERICA,

　　　　　Respondent.

Civil No. 07-CV-00367-WYD

Case No. 01-CR-214-D

---

MOTION TO REOPEN/ VACATE 21 U.S.C. § 841(b)(1)(A) DRUG OFFENSE
CONVICTION PURSUANT TO THE CATCH-ALL PROVISION OF FED.R.CIV.P.
60(b)(6).

---

Introduction;


As a matter of introduction, Petitioner Mr. Green
respectfully submits that the events which transpired in the
present case constitutes a complete denial of Movant's due
process of law rights as guaranteed by the Sixth Fifth and
Sixth Amendments. His rights to effective assistance of
counsel as guaranteed by the Federal Constitution. In the
instant case said petitioner Mr. Green presents factual
Constitutional challenges related to the offense and
sentencing phase of the adversary proceedings against the said

petitioner.

In short Petitioner submits that this here Court should vacate his conviction and jury verdict for violating 21 U.S.C. § 841(b)(1)(A) and place him under the catch all statutory provision of 841(b)(1)(c). In the alternative and at the very least, the petitioner asks that this here Honorable Court grant him an evidentiary hearing to present the issue raised herein. As well as supporting evidence on record and out side of the record.

## Jurisdiction Of The Court

This here Court has subject matter jurisdiction under Federal Rules and Civil Procedure 60(b)(6) See, Joshua Williams v. Commissioner of Correction of The State of New York, 1997 U.S. App. LEXIS 17489 no. 97-2037 (July 9,1997 2nd Cir). The catch-all provision of Fed. R. Civ. 60(b)(6) authorizes district courts to grant relief from final judgement for any reason justifying relief. This provision requires that a motion be made within a reasonable time. However, because the scope of Rule 60(b)(6) is potentially so broad, relief should be granted only where the Movant has demonstrated "extraordinary circumstances" or extreme hardship.

For the above stated reason this here Court has jurisdiction to reach the merits of Mr. Green's claims because in  his case there are highly extra ordinary circumstances to be addressed by this here Honorable Court.

## Statement Of The Case

The Petitioner, Alvin Green, is a federal prisoner now in the custody of the Federal Bureau Of Prisons. Petitioner had exercise his right to a jury trial and was found guilty for Conspiracy to Possess with the Intent to Distribute a Controlled Substance. He is now serving a life sentence term pursuant to § 841(b)(1)(A) 50 gram or more of Cocaine Base.

Herein, at the time of Mr. Green's Conviction and sentence, the Court understood that a defendant could be convicted for violating 841(b)(1)(A) 50 gram or more statute if the government had proved just an detectable amount of the controlled substance to the jurors and than at sentencing the judge could raise the drug quantity based on a much lower standard of proof. However, this here Court has recognized that there was no evidence in the trial records to establish that Mr. Green had distributed 50 gram or more of Cocaine Base inorder to subject him to the life sentence he did received based on judicial fact finding during the sentencing phase. In addiction, Petitioner trial counsel had placed an objection to the sentence enhancements based upon the judges drug quantity finding along with the P.S.I report that was rejected and overruled by this here Court.

Furthermore, at sentencing the judge did acknowledge that fact that there was no evidence to hold Mr. Green responsible

for 50 gram or more but had concluded that Mr. Green was
responsible for only 40 grams of Cocaine Base. However, the
prosecutor had explained to the Court that the Court must find
that Mr. Green at least distributed 50 grams inorder for th
court to justify the jurors verdict to uphold Mr. Green's life
sentence.

## Summary Of Argument

Something important is at stake in this case. On the
surface, the question is whether a federal prisoner may have
access to the Court to attack a criminal judgment collaterally
that was based upon an unconstitutional operating flawed
statute. More fundamentally, the question is whether the
federal government can continue to imprison a man after it has
been established that the statute under which he was convicted
and sentenced to life does not reach the behavior in which he
engaged. Under the most basic principles of due process, the
government must justify depriving any person of liberty. In
this instance, the government has no legitimate penal
justification for imposing a criminal penalty on a man for a
crime he did not commit.

The government may fairly ascribe Mr. Green's original
sentence to an honest (though serious mistaken) construction
of 841(b)(1)(A). Now, however, in light of this here Supreme
Court authoritative construction of 841(b)(1)(A) (Drug
Statute) in Alleyne, it is clear on the face of the extent
record that Mr. Green is legally innocent of the offense for
which he was sentence too and is thus serving a life sentence

for which he is legally ineligible.

The Alleyne decision overruled an interpretation of every Statute that allows the judge to increase a persons punishment based upon facts not found by the jury nor admitted by the petitioner. However, these here so called sentencing factors had been accepted by every circuit court at the time of Mr. Green's sentencing and that he reasonably regarded as controlling. The applicability of Alleyne in this § Rule 60(b)(6) action turns on the nature and function of the 60(b)(6) motion remedy. The primary function of that remedy is to authorize the same federal judge who handled earlier phases of a federal prisoners case to case precisely this kind of error, in reliance on the files and records already available.

This Court held in McQuiggin, Warden v. Perkins, case no. 12-126 (Supreme Court May 28, 2013) held that a district court entertaining any motion from a federal prisoner must give effect to a new interpretation of a federal criminal law if it reveals that the prisoner is legally innocent. In light of Alleyne Supreme Court's decision, Mr. Green convicted and sentence under an unconstitutional operating federal drug statute. The sentencing court's erroneous construction of 841(b)(1)(A) drug quantity sentencing factors produce the unauthorized life sentence that Mr. Green is now serving!

The point of McQuiggin, Warden v. Perkins is equally the point of this court recent decisions regarding the

availability of federal collateral relief. The government is entitled to imprison offenders whose behavior congress, in it's wisdom, has made a federal crime. But the government has no legitimate interest in confining a man whose conduct Congress has not condemned. Even assuming that the government may have interest in defending a prison sentence in a case in which a collateral challenge would require an evidentiary hearing, the government has no legitimate interest in preserving a sentence that is plainly unlawful in light of the record already in place.

Furthermore, this here court should recognize that Mr. Green claims constitutes as an Extraordinary Circumstance justifying his relief sought where the Supreme Court's decision in Teague v. Lane, 489 U.S. 288 (1989), has no implications here. The doctrine in Teague deals with the availability of new rules of constitutional criminal procedure (not new interpretations of federal substantive criminal law).

Mr. Green's life sentence based upon judicial factfinding using the preponderance of the evidence standard does not foreclose his claim. Because he was mistakenly led to believe that he could be sentence to facts not found by the jury even though he did not commit the crime alleged, he was in no position to admit his guilt under § 841(a)(1) properly construed.

Argument

(6)

Issue Number One

---

A District Court entertaining a federal prisoner's § Rule 60(b)(6) motion based on an intervening change in governing law that calls into serious question the correctness of the Court's judgment to vacate a sentence imposed under 21 U.S.C. 841 must give § 841(b) the new construction the Supreme Court gave that 924(c), in Alleyne where here 841(b) is in complete harmony.

---

This case requires the court to visit, for the first time in many years, the institutional frame work Congress has established for ensuring that federal criminal offenders serve only the sentences that congress has proscribed in federal substantive criminal statutes.

The Supreme Court's decision in Alleyne rejected the Construction the lower court had previously placed on § 841(b)(1)(A) and (b)(1)(b) and, in so doing, effectively overruled every lower court precedent on point. The Alleyne decision, accordingly, gave rise to the above question here; whether a district court entertaining a Rule 60(b)(6) motion by a prisoner who was convicted and sentenced prior to Alleyne can ignore Alleyne's authoritative construction of § 924(c) along with 841(b), resuscitate the erroneous construction the court employed previously, and dispose of petitioner's claim

on that basis. Mr. Green petition for Rule 60(b)(6) relief refers to this question as whether Alleyne is "Retroactively" applicable to this case.

## Issue Number Two

The Court should be able to recognize extraordinary circumstances to justify relief under Rule 60(b)(6) where here this court along with others must Re-write the Federal Drug Statute § 841(b)(1)(A) and (b)(1)(b) to incorporate Drug Type and Quantity into substantive elements of the offense and no longer operating as mere sentencing Factors in light of Alleyne's Federal Substantive Criminal Statutes new Interpretation.

———————————————

In light of Alleyne's Supreme Court decision stating that;

"It is unconstitutional for a legislature to remove from the jury the assessment of facts that increases the prescribed range of penalties to which a criminal defendant is exposed."

However, the courts operating function of the federal drug statute is at odds with the constitutional holding in Alleyne because in all federal drug trials drug type and quantity operates as mere sentencing factors so no constitutional right attach. see, Harris v. United States, 536 U.S. 545 Justice

Thomas, dissenting opinion. See also Edwards v. United States, 523 U.S 511 (1998) Moreover, the Supreme Court, in a unanimous decision, held that, the sentencing guidelines requires the sentencing judge, not the jury, to determine both the amount and kind of drugs at issue in a drug conspiracy.

The Problem Here;

(1)  In all federal drug trials a prisoner has no constitutional right to challenge before a jury his allege charge of drug type and quantity by the government on the pretext that Congress labeled drug type and quantity as mere sentencing Factors so that a prisoner has no constitutional right at all. There is no Fifth and Sixth Amendment rights to sentencing Factors period.

(2)  In all federal drug cases the government increases prisoners sentences from 0-20 years maximum into (b)(1)(b) offense carrying a 5-40 years penalty or a 841(b)(1)(A) offense carrying 10 years to life imprisonment based on a much lower standard than beyond a reasonable doubt after a guilty verdict on the sole grounds of judicial factfinding over prisoners objections.

(3)  Majority of every trial attorney objection to sentencing factors have been highly ignored and un-notice by every court.

(4)  Based on the operation of 841(b)(1)(A) and (b)(1)(b)

all the courts claims that our Congress has removed these species of the offense from the jurors.

Extra Ordinary Circumstance Justifying Relief Here;

(1)   This Court must recognized that the Supreme Court decision, in Edwards has been abrogated by the Alleyne Supreme Court new federal law interpretation and hold that the operation of 841(b)(1)(A) and (b)(1)(b) is now "unconstitutional" because the courts along with the legislature has removed from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. See, Southern Union Co. v. United States, 132 S. Ct. 2344 (2012), the Sixth Amendment reserves to juries the determination of any fact (other than the fact of prior conviction) that increases a criminal fines. See, Alleyne cite 570 U.S. ___ (2013) the Court held; any fact that, by law, increases the penalty for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt. It follows that drug quantity and type is nolonger considered sentencing Factors but offense elements.

(3)   Extra Ordinary Circumstance should appear where here the Supreme Court had snatched the rug of sentencing Factors from all federal courts. When the Supreme Court had overruled the father decision of sentencing Factors. "McMillan v. Pennsylvania, 477 U.S. 79 (1986) However, it was in McMillan, that the Supreme Court, for the first time, coined the term "Sentencing Factor" to refer to a fact that was not found by a

jury but could affect the sentence imposed by the judge. See,
Alleyne Justice Sotomayor, J. Concurring Opinion expressing
the view that the distinction in McMillan has been undermined
by Apprendi, where the court held that a legislature may not
remove from the jury the assessment of facts that increase the
prescribed range of penalties to which a criminal defendant is
exposed. This is the big problem with the federal drug statute
operation today still removing facts that increase a prisoner
sentence from the jury.

For the above stated reasons the Court must hold that Mr.
Green's sentence was based upon the wrong standard to proof
and under an unconstitutional operational drug statute.

Issue Number Three

This here court should acknowledge the honest fact that
841(b) penalties provisions are unconstitutional because they
operate to deprive a prisoner his Due Process of Law rights to
a trial by jury when here characteristics of the offense
itself are traditionally treated as elements, and the
distribution of Drug Quantity and Type under 841(b) lie's
closet to the heart of the crime at Issue.

———————————

In the Alleyne Case the Supreme Court has done away with
facts found by a judge based upon a lesser standard than
beyond a reasonable doubt by over turning the Harris and Mr.
Millan decision together. The Court reasoning and logic has

rejected the government's argument that the Sentencing Reform Act, and thus the sentencing guidelines, treating drug type and quantity as a sentencing factor. However, the Court had used the O'Brien test to determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an element of the charged offense. See, O'Brien, 560 U.S. 218 ___ Apprendi's definition necessarily includes not only facts that increase the ceiling, but also those that increase the floor.

Without requiring that drug quantity be proved to the jury beyond a reasonable doubt, the sentencing range scheme in § 841(b)(1) is just as constitutionally problematic as the sentencing in Blakely, Booker, and Alleyne. As with the sentencing regimes in the those cases, drug quantity under 841(b)(1) is an aggravating factor that increases a defendant range of punishment beyond the range authorized by jury found facts. Regardless of whether drug quantity found by a sentencing judge sets or increases a mandatory minimum, or increases the statutory maximum, the resulting increased range is invalid under Apprendi and Alleyne decisions. See, also Cunningham, 549 U.S. at 293 (holding that when a states determinate sentencing statute authorized the judge, not the jury, to find the facts permitting an upper term sentence, the system cannot withstand measurement against our Sixth Amendment precedent).

Furthermore, in light of the Supreme Court's O'Brien test, the highest Court in the land has made it perfectly clear that

when it goes to the Characteristics of the offense those so-called sentencing Factors itself are traditionally treated as elements. However, in Justice Thomas view, he states that it make no difference whether the sentencing fact "vaults a defendants mandatory minimum sentence" by many years or only incrementally changes it by few. Its an element! One question decides the matter; if a sentencing factor either raises the floor or raises the ceiling of the range of punishment to which a defendant is exposed, it is by definition an element. See, Harris, supra, at 579, 122 S. Ct. 2406 (Thomas, J. dissenting)(quoting Apprendi, supra, at 483)

For the above stated reasons this court should be able to find the extra ordinary circumstances that needed to justify Mr. Green his relief sought under the Rule 60(b)(6) petition.

Issue Number Four

Under Petitioner's Rule 60(b)(6) Motion this Court can also apply the miscarriage of justice practice to help prevent an even further miscarriage of justice where here Mr. Green's life sentence constitutes the worlds most greatest of hardship placed upon him and his family.

---

First of all before Mr. Green had excise his right to a jury trial he was lead to believe that he was "Presumed Innocent" until the jury had taken that away from him on proof beyond a reasonable doubt. However, his trial counsel nor the

court had made him aware that when it comes down to this here
court use of sentencing factors, he does not have the right to
the "presumption of innocent". See, Coffin v. United States,
156 U.S. 432, 435 (1895) The reasonable doubt standard plays a
vital role in the American scheme of criminal procedure. It in
a prime instrument for reducing the risk of convictions
resting on factual erros substance for the presumption of
innocence -- the bed rock axiomatic and elementary principles
whose enforcement lies at the foundation of the administration
of our criminal law.

The Problem here;

Why does the court does away with the prisoner's
"Presumption of Innocent" when it comes down to using
Sentencing Factors?

(2)  Can Congress discard our Presumption of Innocence by
creating Factors that increase a prisoner sentence based upon
a judge finding on preponderance of the evidence finding?

Our federal constitution perfectly makes it clear that our
jurors are to only rule upon the elements of the offense.
Nowhere does it states that our jurors are to also determine
sentencing factors. However, if this is the case here than one
could still say that Mr. Green is actually innocent when it
comes to this here court use of sentencing factors because
those factors doesn't goes towards a jurors finding of guilt.
See, In re Winship, 397 U.S. 358 (1970) element of a crime

must be charged in the indictment and proved beyond a reasonable doubt. This here court sentence of life imprisonment in regards to Mr. Green's has placed extreme hardship upon his family and loved ones not to mention the fact today that this here court has caused this hardship to his life based upon a lower standard of proof such as the "preponderance of evidence standard. A standard that cannot be used by our Congress nor the court to due away with his presumption of innocent. See., Coffin, supra. This Supreme Court held over one hundred years ago that only proof beyond a reasonable doubt can take away a prisoner presumption of innocence.

For the above stated reasons this here court should grant Movant his relief sought under 60(b)(6) petition to prevent a miscarriage of justice.

### Issue Number Five

This here Court should grant Mr. Green's relief sought under Rule 60(b)(6) in light of him being factually and actually innocent of his conviction and life sentence that was based upon facts not supported by the jury beyond a reasonable doubt.

———————————

This case concerns the "actual innocence" gateway to federal review applied in Schlup v. Delo, 513 U.S. 298 (1995), and further explained in House v. Bell, 547 U.S. 518 (2006).

In those cases, a convincing showing of actual innocence
enabled habeas petitioners to overcome a procedural bar to
considerations of the merits of their constitutional claim.
See, Greg McQuiggin, Warden v. Floyd Perkins cite as: 569 U.S.
___(2013)

In the present case at hand Mr Green must be considered
actually innocent of his conviction and life sentence pursuant
to 841(b)(1)(A) because the jurors were exempt from making
that finding on proof beyond a reasonable doubt. The Courts
operating drug quantity as sentencing factors and not elements
of the offense precluded the jury from making a decision based
on how much drug quantity Mr. Green should be held responsible
for. See, Edwards v. United States, 523 U.S. 511 (1998)
holding that the sentencing guidelines require the sentencing
judge, and not the jury, to determine both the amount and type
in a drug conspiracy. Today this operation is nolonger
compatible with the federal due process of law. See Fiore v.
White, cite as 531 U.S. 225 (2001) The due process clause
forbids a state to convict a person of a crime without proving
the crimes elements beyond a reasonable doubt. Moreover, this
here Court sentencing Mr. Green to life imprisonment based
upon judicial fact finding runs contrary to this here Supreme
Court's teaching in Alleyne/ Apprendi.

Herein, as a matter of first impression Mr. Green argument
lies upon the fact being that the government did not prove all
the elements of his conviction under 841(b)(1) establishing
that he is actually innocence of both conviction and life

sentence. See Descamps v. United States, case no. 11-9540 the Supreme Court has made it perfectly clear in determining a valid conviction, the court must hold that the statutory element of the offense controls, not the facts underlying that offense.  However, this Court must operate the same exact way in determining whether Mr. Green is properly convicted of violating 841(b)(1)(A) penalty scheme. This here court should hold that  the statutory elements of 841(b)(1) offense controls, and not the facts underlying his offense. Alleyne and Apprendi supports this here same view. See, Apprendi v. New Jersey, 530 U.S. 466, 477 (2000)("a criminal defendant is entitled to a jury determination that he is guilty of every element of the crime which he is charged, beyond a reasonable doubt.) As a consequence, the fact (drug quantity) at issue must be one that the fact-finder is "actually" required to find. Therefore, this sentencing court during the time frame of sentencing Mr. Green to life of imprisonment by supplying - the missing - element drug quantity approach therefore raised serious constitutional doubt.

This court approach back then also ignores the reality of the criminal justice system. Matters that are not elements - matters that do not make one guilty or not guilty of a statutory offense - are matters that the accused has no incentive to dispute, no matter how inaccurate they may be. Only because one does not have no constitutional rights when it comes to challenging sentencing factors. Thus, when it comes to fighting a sentencing factor, the Federal Constitution is out the window.

For the above stated reason Mr. Green relief sought should be granted under his Rule 60(b)(6) petition establishing extra ordinary circumstances.

## Issue Number Six

In determining whether the Federal Drug Statute under 841(b)(1) penalty provision constitutes elements or Sentencing Factors in light of Alleyne, the court is engaging in statutory interpretation, not Sixth Amendment Fact Finding thereby avoiding any inquiring into the underlying Facts of Teague v. Lane Retroactivity analysis.

---

The catch all provision of federal. Rule Civil Procedure 60(b)(6) authorizes district court to grant litigants relief from a final judgment for any reasons justifying relief. See, Browder v. Director, Dept of Corrections of Ill., 434 U.S. 257 (1978)

The Decision in Davis v. United States;

This court held in Davis v. United States, 417 U.S. 333 that a district court entertaining a 2255 motion by a federal prisoner must give effect to an intervening change in substantive law when that change reveals that the prisoner is legally ineligible for the sentence he has been order to serve. However, in Davis, the Supreme Court Court has held

that a miscarriage of justice occurs, in, when a new
interpretation of the statute under which a defendant was
convicted for an act that the law does not make criminal. In
such a case, it was the vary misunderstanding of the governing
statute which actually produced Mr. Green's invalid life
sentence.

The focus in Davis on legal innocence comports with more
recently developed doctrines governing the availability of
federal collateral relief. This Court had reminded litigants
and lower courts alike that the point of criminal justice is
to distinguish the guilty from the innocent premise. Indeed,
when a prisoner shows that he has been given a sentence for
which he is legally ineligible, the court has held that even a
successive petition may be employed to ensure that such a
sentence is corrected. However, these principle control this
case. Mr. Green alleges that he did not conspire with no one
to distribute 50 grams or more of cocaine base. This here
claim was sustained by the record at the time of sentencing
when this court could only find him responsible for 40 grams
in the conspiracy and that was based upon the preponderance of
the evidence standard. See, Sentencing transcripts.


The Relevance of Teague


Nor do this Supreme Court's recent cases beginning with
Teague v. Lane, 489 U.S 288, under cut either the authority of
Davis or it's persuasive analysis of the issue here. The
Teague doctrine addresses the quite different problems
attending the enforcement of federal constitutional procedural

requirements in state criminal cases by means of federal
habeas corpus pursuant to 28 U.S.C § 2254. See, Bousley v.
United States, 523 U.S. 614 (1998) the Supreme Court made it
perfectly clear that Teague applies only to procedural rules,
and that it is inapplicable to the situation in which this
court decides the meaning of a criminal statute enacted by
Congress.

Herein, the petitioner Mr. Green request this court to
interpreted the federal drug statute penalties into now
offense elements so that one can have the jurors determine the
facts of his case beyond a reasonable doubt in light of
Alleyne substantive change in the law. However, this here
court failure to turn drug quantity and type into elements
would create an impermissibly large risk that the innocent
will be convicted. For under our federal system it is only
Congress, and not the courts, which can make conduct criminal.
See, United States v. Lanier, 520 U.S. 259 (1997); United
States v. Hudson, 7 Cranch 32 (1812). Accordingly, it would be
inconsistent with the doctrinal underpinnings of habeas review
to preclude Mr. Green from relying on our decision in Alleyne
in support of his claim that his life sentence under
841(b)(1)(A) based upon quantity was constitutional invalid.

For these above stated reasons Mr. Green relief sought
should be granted to prevent a fundamental miscarriage of
justice.

Prayer For Relief Sought

(20)

———————

The federal drug quantity and Type sentencing scheme that Mr. Green ask's this Court to invalidate (operation causing extra ordinary circumstances justifying his relief) allows a jury to convict a defendant on elements establishing a much lesser included offense (841(b)(1)(c) carrying a maximum 20 year sentence) for a "detectable amount" drug based on a finding beyond a reasonable doubt that he unlawfully conspired to distribute; after a subsequent and separate proceeding, it than allows a judge to impose punishment for a much higher severe penalty provision that carries a life sentence based on different elements imposing a higher drug amount, 841(b)(1)(A) 50 grams or more of cocaine base 5 Kilograms of cocaine or more (841(b)) based upon the judge's finding, by a preponderance of the evidence, the "purpose" for unlawfully conspiring to possess with the intent to distribute more than 50 grams of cocaine base. In light of the Constitutional rule explained above, and all of the cases supporting it, this here practice cannot stand.

It does not matter how the required finding is labeled, but whether it exposes the defendant to greater punishment than that authorized by the jury's verdict as does the sentencing "enhancement" here. The degree of culpability the legislature associates with factually distinct conduct has significant implications both for a defendant liberty and for the heightened stigma associated with an offense the legislative has selected as worthy of greater punishment. That

the government placed the enhancements within the criminal codes sentencing provision does not mean that it is not an essential element of the offense. (Nowhere in the Statute 841(b)(1) has Congress suggested that at one moment Drug Quantity is an element than the next moment it is a sentencing factor function as an on and off switch.)

Conclusion

For the above reason Mr. Green asks that this Court acknowledge the extra ordinary circumstances and his extreme hardship placed upon his family and his life as a human being. However, failure of this court to do so would create a real fundamental miscarriage of justice.

Date: 8 / 18 / 13

Respectfully Submitted

/s/ Celvin Green

cc:

    File

(22)

IN THE UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLORADO DENVER

ALVIN GREEN

      Petitioner,

Vs.

UNITED STATES OF AMERICA,

      Respondent.

Civil No. 07-CU-00367-WYO

Case No. 01-CR-214-O

_Alvin Green_ / Certificate Of Service


   I Mr. Alvin Green hereby declare under the penalty of perjury that I placed a complete copy of the attached motion in a first class envelope address to the Respondent addressed below. Then after doing such I give both package to the mailroom here at the United States Penitentiary of Atwater, California.


Addressee: Clerk of the Court
Alfred A. Arraj
United State Court house
901 19 Street 2nd Floor
Denver, CO 80.294