IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>vs.<br><br>4. ALVIN GREEN,<br><br>Defendant-Movant. | Criminal Case No:<br>01-CR-00214-WYD-4 |

UNITED STATES' RESPONSE
TO DEFENDANT'S RULE 60(B) MOTION

The Court directed the United States to respond to Green's motion for relief under Fed. R. Civ. P. 60(b). Doc. 3994. Green's motion is really a second or successive § 2255 motion, so this Court should dismiss the motion or transfer it to the Court of Appeals. The Court lacks jurisdiction to do otherwise. *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008). For the reasons below, dismissal is the more appropriate action.

## BACKGROUND

A jury convicted Green of conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine.[1] *United States v. Small*, 423 F.3d 1164, 1182 (10th Cir. 2005). "The quantity of drugs was alleged in the indictment and found by the jury beyond a reasonable doubt." *Id.* at 1187. Due to his two prior felony drug convictions, Green was sentenced to life in prison. *Id.* at 1172.

After losing his direct appeal, Green filed a § 2255 motion. Docs. 3426, 3429. His motion was denied. Doc. 3736. He was also denied a certificate of appealability. Doc. 3747.

He now seeks relief under Rule 60(b). Doc. 3992.

## ARGUMENT

**The Court should dismiss Green's Rule 60(b) motion.**

A motion filed under Rule 60(b) that seeks relief from the defendant's conviction or sentence should be construed as a second or successive § 2255 motion if the defendant has previously filed a motion under 28 U.S.C. § 2255. See *United States v. Nelson*, 465 F.3d 1145,

---

[1] He was also convicted of money laundering and using a communications facility to further drug trafficking.

2

1147-49 (10th Cir. 2006). Green has filed a § 2255 motion before. Because his Rule 60(b) motion seeks to reopen or vacate his conviction (Doc. 3992 at 1-2), it should be treated as a second § 2255 motion.

This Court lacks jurisdiction to rule upon a second or successive § 2255 petition, absent authorization from the Court of Appeals. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The Court may either transfer Green's motion to the Court of Appeals under 28 U.S.C. § 1631 or dismiss the motion, if a transfer is not in the interests of justice. *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008). Because the issue raised by Green's Rule 60(b) motion was effectively addressed by the Tenth Circuit on direct appeal and in Green's subsequent § 2255 motion, dismissal is appropriate. The interests of justice would not be served by requiring the Tenth Circuit to address the issue again.

All of Green's claims are based on the Supreme Court's recent decision in *Alleyne v. United States,* 133 S. Ct. 2151 (2013). *Alleyne* held that any fact increasing a mandatory minimum sentence "is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. But the Tenth Circuit already

3

concluded that the quantity required to subject Green to a mandatory minimum was pleaded in his indictment and found beyond a reasonable doubt by the jury.  *Small*, 423 F.3d at 1187.  This Court made the same findings in ruling on Green's first § 2255 motion.  Doc. 3736 at 13-14.

## CONCLUSION

Green's Rule 60(b) motion should be construed as a second or successive § 2255 motion.  It should then be dismissed.

DATED this 24th day of October, 2013.

                                          Respectfully Submitted,

                                          John F. Walsh
                                          United States Attorney

                                          <u>s/ J. Bishop Grewell</u>
                                          J. Bishop Grewell
                                          Assistant United States Attorney
                                          1225 Seventeenth Street
                                          Suite 700
                                          Denver, Colorado  80202

                                          Telephone:(303) 454-0100
                                          Fax: (303) 454-0461
                                          E-mail: bishop.grewell@usdoj.gov

                                          Counsel for Plaintiff
                                          United States of America

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# CERTIFICATE OF SERVICE (CM/Colorado)

I hereby certify that on October 22, 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and also mailed by U.S. mail a copy of the foregoing document to the following individual:

Alvin Green
Registration No. #30411-013
USP BIG SANDY
Satellite Camp
P.O. BOX 2068
INEZ, KY 41224

/s/ J. Bishop Grewell
J. BISHOP GREWELL
Assistant U.S. Attorney
Attorney for Appellee

5