IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Criminal Case No. 01-cr-00214-WYD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**4. ALVIN GREEN**,

     Defendant.
_____

**ORDER**
_____

THIS MATTER is before the Court on defendant, Alvin Green's, *pro se* Motion To Reopen/Vacate [ECF No. 3992].  For the reasons stated below, the motion is DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

**BACKGROUND**

On November 13, 2003, a jury convicted defendant, Alvin Green, of:  (1) conspiracy to distribute and possession with the intent to distribute 50 grams or more of crack cocaine; (2) use of a communications facility to facilitate drug trafficking; and, (3) money laundering. ECF No. 2661.  On April 7, 2004, I sentenced Green to life imprisonment as result of his conviction on the above mentioned charges and two prior felony drug convictions. ECF No. 3015.  Green appealed his conviction on several grounds and the United States Court of Appeals for the Tenth Circuit affirmed the conviction. *United States v. Small*, 423 F.3d 1164 (10th Cir. 2005).  Green subsequently filed a Motion To Vacate, Set Aside Or Correct Sentence Under 28 U.S.C. § 2255 [ECF

No. 3429] which I denied on September 3, 2009. ECF No. 3736.

On August 22, 2013, Green filed this *pro se* Motion To Reopen/Vacate [ECF No. 3992] arguing that I should "vacate his conviction and jury verdict for violating 21 U.S.C. § 841(b)(1)(A) . . . " ECF No. 3992, p. 2.  Specifically, Green argues that the sentence I imposed violates the pronouncement by the Supreme Court of the United States in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), regarding mandatory minimum sentences and factors that raise such sentences.

## ANALYSIS

### A.  Green's Motion [ECF No. 3992]

Green filed this motion under Rule 60(b)(6) of the FEDERAL RULES of CIVIL PROCEDURE.  Pursuant to Rule 60(b):

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > **(6) any other reason that justifies relief**.

(emphasis added).  Green argues that under FED. R. CIV. P. 60(b)(6), extraordinary circumstances exist such that relief from his conviction and sentence are warranted.

Prior to filing this *pro se* motion, Green filed a Motion To Vacate, Set Aside Or Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 3429] arguing that I should vacate his sentence because his counsel did not render effective assistance during trial and on appeal.  I denied that motion. ECF No. 3736.  In cases such like this, where the defendant files a motion under FED. R. CIV. P. 60(b) subsequent to filing a petition for habeas relief under 28 U.S.C. § 2255, the Court must determine whether the motion under FED. R. CIV. P. 60(b) is an actual request for relief under that rule or is merely a second/successive petition for habeas relief under § 2255. *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).  In doing so, the Court looks to the actual relief sought, not the pleading's title. *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) ("It is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion").

A motion under § 2255 for habeas relief is one where the defendant claims "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . " 28 U.S.C. § 2255(a).  Here, Green's request for relief is based entirely upon *Alleyne*.  In *Alleyne*, the Supreme Court of the United States held that any fact increasing a defendant's mandatory minimum sentence "is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 215 (citations omitted).  Green essentially argues that his sentence, imposed in 2004, violates

*Alleyne*.  Without going into the merits of Green's argument, his request for relief is

based on an allegation "that the sentence was imposed in violation of the Constitution or

laws of the United States . . . " 28 U.S.C. § 2255(a).  Such relief is the substance of a

§ 2255 motion. *See Caravalho v. Pugh*, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive

remedy for testing the validity of a judgment and sentence, unless it is inadequate or

ineffective, is that provided for in 28 U.S.C. § 2255").  As such, I treat Green's Motion To

Reopen/Vacate [ECF No. 3992] as a second/successive § 2255 motion. *See Spitznas*,

464 F.3d at 1215 ("[A] 60(b) motion is a second or successive petition if it in substance

or effect asserts or reasserts a federal basis for relief from the petitioner's underlying

conviction").

      Pursuant to 28 U.S.C. § 2255(h):

> A second or successive motion ***must be certified as
> provided in section 2244 [28 USCS § 2244] by a panel of
> the appropriate court of appeals*** to contain--
>
> > (1) newly discovered evidence that, if proven and
> > viewed in light of the evidence as a whole, would be
> > sufficient to establish by clear and convincing
> > evidence that no reasonable factfinder would have
> > found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive
> > to cases on collateral review by the Supreme Court,
> > that was previously unavailable.

(emphasis added).  There is no evidence that Green sought or received certification

from the Tenth Circuit to file this motion.  As such, I lack jurisdiction to determine the

merits of the motion.

      Though I lack jurisdiction to determine the merits of this motion, the Tenth Circuit

has stated that in cases such as this, where the defendant fails to receive certification to

file a second/successive § 2255 motion, district court judges may transfer the matter to

the Tenth Circuit if it is in the interest of justice to do so. *In re Cline*, 531 F.3d 1249,

1252 (10th Cir. 2008) (citations omitted) (stating that when a defendant files a

second/successive § 2255 motion, "the district court may transfer the matter to this

court if it determines it is in the interest of justice to do so under § 1631, or it may

dismiss the motion or petition for lack of jurisdiction").  "Factors considered in deciding

whether a transfer is in the interest of justice include whether the claims would be time

barred if filed anew in the proper forum, whether the claims alleged are likely to have

merit, and whether the claims were filed in good faith or if, on the other hand, it was

clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251

(citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)).

      Green's claim that his sentence violates *Alleyne* has no merit.  I sentenced

Green prior to the Supreme Court's pronouncement in *Alleyne* and the Tenth Circuit has

held that *Alleyne* does not apply retroactively to cases on collateral review. *In re Payne*,

733 F.3d 1027, 1029-30 (10th Cir. 2013).  Thus, pursuant to the discretion afforded me

as a district court judge, I find that transferring this matter to the Tenth Circuit is not in

the interest of justice. *See In re Cline*, 531 F.3d at 1252 (citing *Phillips v. Seiter*, 173

F.3d 609, 610 (7th Cir. 1999)) ("Where there is no risk that a meritorious successive

claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if

it concludes it is not in the interest of justice to transfer the matter to this court for

authorization").

      Because Green did not receive certification from the Tenth Circuit to file this

motion and because it is not in the interest of justice to transfer this matter, Green's

- 5 -

motion [ECF No. 3992] is DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

**CONCLUSION**

After careful consideration of the matter before this Court, it is

ORDERED that Green's *pro se* Motion To Reopen/Vacate [ECF No. 3992] is

**DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

Dated:  February 14, 2014.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge

- 6 -