IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Criminal Action No. 01-cr-00214-WYD

UNITED STATES OF AMERICA,

v.

4.  ALVIN GREEN,

    Movant.

## ORDER

THIS MATTER is before the Court on Defendant Alvin Green's "Notice of Satisfaction of Judgment and Petition for the Common Law Writ of Audita Querela and/or Extraordinary Relief in the Nature of Bail, Mandamus, and Prohibition – Nunc Pro Tunc" [hereinafter "Petition"], which I characterize as a motion.  Also pending is Defendant's Request for Status Report regarding his Petition.  For the reasons explained below, Defendant's Petition is denied, and Defendant's Request for Status Report is denied as moot.

Turning to my analysis, "a writ of audita querela 'is used to challenge[] a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition.'"  *United States v. Watters*, No., 2014 WL 1096364 at *1 (N.D. Okla. March 19, 2014) (quoting *United States v. Torres,* 282 F.3d 1241, 1245 n. 6 (10th Cir.2002)).  Common law writs such as the writ of audita querela "are extraordinary remedies which are allowed under compelling circumstances only."  *Id.* (citing *United States v. Morgan,* 346 U.S. 502 (1954) ("Continuation of litigation after

final judgment and exhaustion or waiver of any statutory right of review should be allowed only under circumstances compelling such action to achieve justice.")).  Thus, "the "writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *Torres*, 282 F.3d at 1245.

In the case at hand, Defendant argues that both §§ 2241 and 2255 are 'inadequate and ineffective to test the issue of 'Execution of Fines' - - post imposition - - because they have a custody requirement."  (Petition, ECF No. 3917, at 3.)  He challenges the $400 special assessment ordered in the Judgment, and argues that this relates to new issues of law since his § 2255 petitions have become final.  He further asserts that the court lacks jurisdiction in executing the Judgment on a number of grounds, including "ex post facto" and double jeopardy grounds.  (Petition at 4.) Further, he asserts, among other things, that the court has jurisdiction over this matter in light of the new rules of law purportedly set forth in *United States v. Santos*, 553 U.S. 507 (2008) (federal money-laundering statute's term "proceeds" referred to "profits" rather than "receipts").  He concludes that he is entitled to be unconditionally released from any further term of imprisonment because specific performance in the return of the special assessment is not possible and/or that he should be granted bail on his own recognizance without surety.  (Petition at 8, 10.)

I find no merit to the Petition.  Defendant has not shown that compelling circumstances exist that justify the remedy sought.  A writ of audita querela "is only available for 'unanticipated situations that arise after judgment'".  *United States v.*

*London*, 523 F. App'x 510, 511 n. 2 (10th Cir. 2013) (quotation omitted).  Here, Defendant challenges the special assessment on a number of alleged constitutional grounds that would have existed at the time of the Judgment, and which would normally be raised in habeas proceedings.

Moreover, Defendant is essentially seeking the same relief in his Petition as he did in his § 2255 motion albeit on different grounds.  In both motions, he seeks to overturn his conviction and be released.  However, "[i]t has long been settled that a petition may not obtain the relief he unsuccessfully pursued in a § 2255 motion simply by altering his pleadings to seek a common-law writ such as audita querela." *Lambros v. Maye*, No. 13-3034, 2013 WL 3314858, at *2 n .2 (D. Kan. July 1, 2013).  Thus, a writ of audita querela is not the appropriate avenue for relief when asking a federal court to vacate or set aside a criminal conviction or sentence that the defendant is currently serving.  *Torres*, 282 F.3d at 1245.  Indeed, the Tenth Circuit has questioned whether a writ of audita querela cay ever issue in the criminal context, or whether courts could vacate criminal convictions solely on equitable grounds.  *United States v. Ballard*, 334 F. App'x 141, 143 (10th Cir. 2009).

While Defendant argues that the Petition relates to new issues of law since his § 2255 petitions have become final, this does not provide a basis for relief.  Even if a prisoner is precluded from filing a section 2255 petition, this does not establish that the remedy under section 2255 is inadequate or unavailable.  *United States v. Soto*, No. 08-20160-01, 2013 WL 6511686, at *2 (D. Kan. Dec. 12, 2013); *see also Torres*, 282 F.3d at 1246 ("to allow a petitioner to avoid the bar against successive § 2255 petitions

by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255").

Accordingly, it is

ORDERED that Defendant Alvin Green's "Notice of Satisfaction of Judgment and Petition for the Common Law Writ of Audita Querela and/or Extraordinary Relief in the Nature of Bail, Mandamus, and Prohibition – Nunc Pro Tunc" (ECF No. 3917) is **DENIED**. It is

FURTHER ORDERED that Defendant's Request for Status Report (ECF No. 3926) is **DENIED AS MOOT**.

Dated: July 14, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge