UNITED STATES COURT OF APPEALS OF          ORIGINAL COPY
THE TENTH CIRCUIT

UNITED STATES OF AMERICA                CRIM.NO.01-cr-00214-WYD

v.

SAMMY LEE WOODS


          Petitioner appeals District Court Ruling of
Denial July 29,2014.This denial was ruled without facts and finding
of law,and Petitioner request for sentencing reduction was raised
pursuant to 705,706,709,712,713 and §3553(a)

        COMES NOW,SAMMY LEE WOODS,Pro-Se,in this matter without

counsel and asking this Honorable Court to grant jurisdiction to

hearing this Motion for reconsideration for a sentence reduction

based on new amendments.A hearing was requested by Petitioner Woods

based on the amendment pursuant to §3553(a)factor.Pursuant to Amend-

ment 705,706,709,712,713 and §3553(a)1B1.10(c)The Commissioner made

Amendment 750 retroactive by adding it to the list of amendments

found at 1B1.10(c).

        This Appeal for reconsideration focusses on whether

Woods is entitled to relief under the new amendments since 2010

and the Sentencing Commissioner's actions decriminalizing cocaine

base convictions and making those decriminalizing penalties retro-

active to final judgments.The Judge makes a ruling in his recent

ruling without "facts and finding of law" and in Woods case by

his understanding all that is required for such a sentence modi-

fication is that the sentence sought to be modified was pursuant

to the 1984 Sentencing Reform Act,(i.e.,the Federal Sentencing

Guidelines), and that the sentencesought to be modified is sub-

ject to an action by the Federal Sentencing Commission that has

been made retroactive to final judgments.In Woods case he be-
lieves that both of these qualifying criteria apply.

First,the Sentencing Commission has decriminalized cocaine
base offenses imposed pursuant to the 100-1 ratio,former penal-
ties,to the current penalties calculated at an 18-1 ratio cocaine
base to cocaine powder.This decriminalization effects substanti-
cally Woods sentence.The decriminalization has been made retro-
active to final judgments, and thousands of inmates are now re-
ceiving the benefit of this decriminalization and this Court is
aware of this.

Woods 240 Month Sentence is no longer subject to the man-
datory minimum sentence outlined in 21 USC§841(b)(1)(A).Because
the retroactively applicable changes in the cocaine base senten-
cing laws,if any mandatory sentence is to be considered,that man-
datory minimum sentence is that outlined in 21 USC §(b)(1)(B).That
mandatory minimum is 5 years,coupled with the statutory enhance-
ment outlined in 21 USC§851,this would result in a mandatory mini-
mum sentence of only one hundred twenty(120)months of confinement,.

Woods understand that the majority of the courts do not a-
gree that the Guidelines decriminalization that was made retro-
active by the Sentencing Commission applies to mandatory minimum
sentences. Woods believe only the First Circuit has found that
Congress's intent in passing the decriminalizations, and the Sen-
tencing Commission's concurrent making of the decriminalizations
retroactive apply to ALL cocaine base sentences,whether those
sentences were mandatory minimum sentences,or not.

It is not Congress' intent that controls.The Supreme Court,
for the past 25 plus years,has held that any federal sentence must

be imposed pursuant to the Guidelines to be constitutional.The sentencing statutes CANNOT be used for any sentence imposed after 1998, as the statutes have been superceded by the Guidelines,for a collection of reasons, and this is Supreme Court precedent without question.I will direct this Court to the case MISTRETTA v. UNITED STATES,448 US 361(1998).ANy sentence imposed pursuant to the former statutes implicate indeterminate sentencing, and this is precisely the thing that the Supreme Court was eliminating in its holding in MISTRETTA.

The use of the statutory mandatory minimums,per se,instead of as channeled through the Guidelines,is precisely the type of indeterminate sentencing regime that the Supreme Court ABOLISHED in MISTRETTA.And today,the proof is in the reality of what is occurring.Thousands of inmates in federal prison are being accorded modifications of their sentences.Only a few,Woods included,are being denied modification pursuant to 28 U.S.C.§994(o),(promulgatio of amenments);§994(u)(retroactivity).

And when relief is denied it is predicated on the legal fiction that the mandatory minimum sentence imposed was NOT IMPOSED PURSUANT TO THE GUIDELINES, rather pursuant to the former sentencing statutes,to wit: 21 USC 841(b)(1)(B).This cannot be because, in MISTRETTA,the Supreme Court specifically mandated sentencing pursuant to the Guidelines, and not the former statutes. Woods SENTENCE was imposed pursuant to the Guidelines,18 USC§3551, The position that Woods will further be advancing in this Appeal is contrary to the position Woods has taken with any counsel.

I.

ISSUE ONE

3

> The United States is mistaken in its claim:"The Court
> sentenced the defendant to the statutory mandatory
> minimum 240 months."

1.    Judgment was entered April 29,2004 and filed of record in this case
on May 3,2004. The United States had every opportunity to file a
notice of appeal in this case, but the United States waived that
right.As a result,with respect to this judgment and the United
States being required by law to give full accord to its contents,
this judgment is final. The United States is just as bound by the
contents of the judgment in this case as Woods is.Woods is serving
the 240 month sentence provided for in this judgment.The United
States, also,is equally bound by this provision in this final
judgment,to wit:

> "The defendant is sentenced as provided in pages
> 2 through 8 of this judgment.The sentence is im
> posed pursuant to the Sentencing Reform Act of
> 1984."

2.    It is axiomatic that the "Sentencing Reform Act of 1984" is
now commonly known as the Federal Sentencing Guidelines.The
Federal Sentencing Guidelines are found in the United States Code
to wit: 18 USC §3551,et.seq. The United States, therefore,is
estopped from claiming that Woods' sentence is imposed pursuant to
any other statute other than the Sentencing Guidelines which are
codified in 18 USC § 3551,et.seq.

3. The United States is attempting to create an impermissible
legal presumption that sentences in the federal system can be im-
posed pursuant to any other statute other than the Guidelines.This
effort is not a "legal presumption" as much as it is a "legal fic-
tion." Sentences in the federal criminal justice system are mandat-
ed to be imposed pursuant to the Guidelines. There can be no more
consideration of the "statutes"that preceeded imposition of the

4

Federal Sentencing Guidelines. Third,listing an amendment in §1B1. 10(c) therefore has the effect of making that amendment "retro-active"for Defendant Woods to benefit from it.The Commission's organic statute vests the Commission with discretion both to for-mulate and promulgate amendments to the Guidelines Manual, and to "specify in what circumstances and by what amounts the sentence of prisoners serving terms of imprisonment for [an] offense may be reduced. "See U.S.C.§990(o)(Promulgation of amendments);§994(u) (retroactivity).

4.                          **CRACK COCAINE AMENDMENTS.**

The Commission promulgated Amendment 706 in May 2007,and it became effective on November 1,2007.Amendment 706 amended the drug quantity table located as §2D1.1(c) of the Guidelines Manual to lower the base offense levels, and hence the guideline ranges, applicable to drug offenses involving certain quantities of crack cocaine.The amendment accomplished this by reducing the base level s applicable to the mandatory minimum threshold quantities of crack cocaine(5 grams for five-year minimum, and 50 grams for the ten year mandatory minimum) downward by 2-levels each,and extra-polating that change throughout the remainder of the drug table. See U.S.S.G.App.C.amendment 706(effective Nov.1,2007).The effect of the amendment was to lower the base offense level for many quantities of crack cocaine by 2-levels(the amendment is there commonly referred to as the **"crack minus two"amendment).**The next year,the Commission made 706 retroactive by adding it to the list of amendments found at USSG §1B1.10(c).

Defendant is asking this Court to grant this Motion for reduction pursuant to Amendment 706,U.S.Sentencing Guidelines

Manual app.C,amend.706(2007),which amended the drug quantity table in U.S.Sentencing Guidelines Manual §2D1.1(c).See UNITED STATES OF AMERICA,v.JOE HIGHTOWER,346 Fed.Appx.377;2009 U.S. LEXIS 22187 No.08-1501 October 8,2009,Filed. The Commission promulgated Amendment 750 responded to the Fair Sentencing Act of 2010,in which Congress altered the mandatory minimum penalties applicable to crack cocaine offenses and further instructed the Commission to take certain action with respect to the relevant guideline provisions.By re-promulgating the temporary, emergency amendments that took effect the previous year,Amendment 750 amended the drug quantity table located at §2D1.1 of the Guideline Manual to assign offenses involving 28 or more crack cocaine a base offense level of 26,assign offenses involving 280 grams or more of crack cocaine a base level of 32, and then extrapolate those changes proportionally upward and downward throughout the drug table.See USSG.App.C.amend.750(effective Nov.1,2011);id.amend.748(effective Nov.1,2010).This had the effect of lowering the base levels applicable to many quantities of crack cocaine.Compare USSG §2D1.1(c)(1)(2009)(pre-amendment), The next year,the Commission made Amendment 750 retroactive by adding it to the list of amendments found at 1B1.10(c).

Woods was found to be in possession of 1.062 grams of crack cocaine and was sentenced to what appeared to be a life sentence,this quantity is actually less than one gram of crack. This quantity is not calculated on the drug table.TAKE NOTICE that on December 11,2007,the Sentencing Commission promulgated Amendments 712 and 713 which together,operated to make 706 retroactive.|346 Fed.Appx 379| Amendments 712 and 713 themselves became affective as of March 3,2008.TAKE NOTICE under the cur-

rent Colorado Cocaine Laws,Woods was sentenced by using the same Code Section that is attached with this Motion under 18-18-101, et seq.18-18-405.Please see Case 01-cr-00214-WYD-19.Woods seek a reduction of sentence based now on 3553(a) .

## CONCLUSION

The United States and the District Court is attempting to create impermissible legal presumption that sentences in the federal system can be imposed pursuant to any other statute other than the Guidelines.This effort is not a "legal presumption"as much as it is a "legal fiction" Sentences in the federal criminal justice system are mandated to be imposed pursuant to the Guidelines.There can be no more consideration of the "statutes" that preceeded imposition of the Federal Sentencing Guidelines.

This reality is neither new,nor unique.In 1988,almost 26 years ago,the United States Supreme Court addressed this issue, and the Court unequivocally resolved this issue.MISTRETTA v.U.S. 488 US 361(1988). Mandatory minimum sentences from the previous indeterminate sentencing statutes were never intended by Congress to be applied.ID.,MISTRETTA,at 488 US at 374.It is axiomatic that the Guidelines do adopt certain parameters and thresholds contained in the former sentencing statutes, but this does not mean that the former statutes survived the adoption of the Guidelines as being viable in federal sentencing.

The goal in passing the Guidelines was to resolve the seemingly intractable dilemma of excessive disparity in criminal sentencing."ID.,MISTRETTA,supra.,at 488 US at 384.It is simply legal fiction for the United States to conclude,now 26 years later, that the former statutory mandatory minimum sentences ap-

7

ply to prevent a modification of Woods sentence under the New Amendments pursuant to Amendment 706,712,713 and Amendment 750 retroactive by adding it to the list of amendments found at § 1B1.10(c).See UNITED STATES OF AMERICA,v.JOE HIGHTOWER,UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT 346 Fed.Appx.377; 2009 U.S.LEXIS 22187.Woods unlike Joe Hightower seek a sentence reduction based on amendment 706,ROA,Vol.11 at 41.Woods asserts in this motion that application of the amended guidelines for crack cocaine related offenses would result in a significant lowerring of his guideline range,Woods is now 56 years old at the filing of this motion,Woods have been incarcerated for 14 plus years of his life,the realtively small likelihood of recidivism my exemplary post-conviction behavior,Please see Woods progress reports both past and present included with this Motion.I have regular contact with my family and childrens and grand childrens, a reduction of Woods sentence would not pose a safety factor"See Judgment in Criminal Case"also included with this Motion.

For purposes Woods asserts that he had done more time incarcerated to effectuate the purpose of 18 U.S.C.§3553(a)."Id. at 45.Woods is eligible for a limited reduction pursuant to Amendment 706.Id.at 51.Woods is requesting this Honorable Court for a full and Honest and complete reevaluation of his sentence.However,to grant modification all this Court needs to do is apply now existing laws.The decriminalization of cocaine offense sentences has been retroactively applicable since November 1,2010, over 3 years ago.Woods also submit with this Motion a copy of his Judgment and Criminal Case Order which will show that he is not a public risk.

Woods has been incarcerated for over 14 years for a simple pos-
session of crack co-caine and I ask this Court for a reduction
of sentence based upon an Intervening Post-Sentencing change in
the United States Sentencing Guidelines pertaining to Cocaine
base"CRACK"offenses(Category 9) and the Corollary Criminal His-
tory Category(Amendment 12)which lowers Petitioner's term of im-
prisonment.However, equally real,is the reality that the United
States has been systemmatically thwarting Congressional intent in
passing this law, and in the President's intent in signing the
law into law, and in the Sentencing Commission's passing the
guideline changes and making them retroactively applicable,by
creating the legal fiction that these changes affect only "special"
cases, and not all cases.Second;precedent,already established,sup-
ports the reality that Congress intended all federal inmates in-
carcerated on cocaine base cases, to have their sentences reduced.
"We generally presume Congress is knowledgeable about existing law
pertinent to the legislation it enacts." GOODYEAR v MILLER,486 US
174, 184-85.In this case, Congress passed the Fair Sentencing Act,
and the Sentencing Commission enacted Guideline Amendments,speci-
fically to remedy one of the longest standing disparities in fede-
ral sentencing, the 100 to 1 ratio between cocaine powder and co-
caine base sentences.

    To suggest that Congress,et.al.were not aware of the fede-
ral prisoners subject to that disparity is nonsense.To suggest
that Congress and the Sentencing Commission intended to leave
certain victims of the disparate sentencing in prison,while re-
leasing only a select few is equally nonsensical and nonsequitur.
Everyone was knowledgeable of the law,and the law presumes such,

9

not says Woods, but says the United States Supreme Court.ID.
And these presumptions bind this Court to apply the new law and
modify Woods sentence.This Court is constrained to"...apply the
new law in effect at the time it renders its decision,unless do-
ing so would result in manifest injustice or there is statutory
direction or ligislative history to the contrary."BRADLEY v.
RICHMOND,416 US 696,711(1974).

## A FINAL CONSIDERATION

    Without briefing,at this time,the final consideration,
Woods would simply pose a question, one empirical in its simpli-
city, and too complicated for a mere pro se litigant to address,
unless ordered to do so. However, there exists a judicial creation,
rule of law known commonly as the "Rule of Lenity." It is Woods
understanding that the Rule of Lenity mandates that when two
statutes control,especially in the circumstance of two sentencing
statutes,the less severe option must be applied. In Woods case,if
he is bound by a former law,when a less severe current law applies
to the circumstances of his case, would the Rule of lenity not ap-
ply? With respect to this issue Woods could find nothing on the
issue,making this issue one of first impression.Woods invites the
opportunity to brief the issue for this Court, and would encourage
doing so,if this Court,after reading this objection,is of a mind
to deny relief,notwithstanding the arguments and authorities ad-
vanced in this objection.

## PRAYER FOR RELIEF

    WHEREFORE, Woods prays this Court grants modification of
Woods sentence, to the end that Woods be resentenced to a Guideline
sentence not to exceed 120 months confinement.Woods prays for any

and all other relief to which he is entitled.If Woods is bound
by the statues and Codes for confinement,then he is bound to be
sentenced by the Code Section of the Colorado CoCaine laws,see
Colorado Cocaine laws enclosed with this Motion.Woods asserts that
at issue when the United States writes a law and a particular
State enacts a law that prohibits the same conduct,is that type
of legislation by either or both lawful or is there something
wrong.The Supreme Court has said there is something wrong.Woods,
argue that the District Court continue to show bais in its rulings
when in fact the court is bound to make rulings based on facts and
findings,Woods has requested the District Court to identify the
facts to the case and determine the law that is applied to the
facts.

The federal statute that requires the court to make finding
of fact and conclusion of law is F.R.Civ.52(a).Woods submitted a
Motion on other merits such as 705,706,28 U.S.C.§994(o)(p)(pro-
mulgation of amendments);994(u)(retroactivity).§1B1.10(c)709,712,
713, and 3553(a) factors for sentencing.See UNITED STATES OF
AMERICA v. JOE HIGHTOWER,UNITED STATES COURT OF APPEALS FOR THE
TENTH CIRCUIT 346 Fed.appx.377;2009 U.S.App.LEXIS 22187 No.08-
1501 October 8,2009,filed.Woods,request this Court to modify his
sentence pursuant to the new 3553(a)sentencing factor and impose
a sentence below the NEW amended guideline range.

Respectfully Submitted,

/s/ *Sammie Lee Woods*
Sammie Lee Woods,Reg.No.30425013
Federal Prison Camp
c/o P.O.Box 2000,D
Millington,Tennessee 38083
DEFENDANT PRO SE

CERTIFICATE OF FILING BY MAIL AND

CERTIFICATE OF SERVICE

I,Sammie Lee Woods,being an incarcerated person, and pursuant to 28 USC §1746,DECLARE UNDER PENALTY OF PERJURY,that the original of this DOCUMENT was duly FILED BY MAIL,by depositing same in the Institution's mail Depository for legal mail,postage prepaid and addressed to:UNITED STATES COURT OF APPEALS,CLERK OF THE COURT,1823 Stout Street,Denver,Colorado 80257,on the _8th_ day of September,2014.

Sammie Lee Woods#30425013
DECLARANT/DEFENDANT PRO SE

12