FILED
United States Court of Appeals
Tenth Circuit

January 21, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SAMMY LEE WOODS,

    Defendant - Appellant.

No. 14-1382
(D. Colo.)
(D.C. No. 1:01-CR-00214-WYD-33)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant and Appellant, Sammy Lee Woods, proceeding *pro se*, appeals the district court's denial of his motion for a reduction of the sentence imposed on

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

him for trafficking in cocaine base (crack cocaine). For the following reasons, we affirm that denial.

Following a jury trial in Colorado in 2003, Mr. Woods was convicted, along with others, of conspiracy to distribute fifty or more grams of crack cocaine, use of a communication facility to facilitate a drug trafficking felony, and possession with intent to distribute crack cocaine. Based upon the drug quantity and a prior drug conviction, Mr. Woods was sentenced to the statutory maximum sentence of 240 months' imprisonment. Our court affirmed his conviction and sentence in 2005. United States v. Small, 423 F.3d 1164 (10th Cir. 2005).

Mr. Woods filed numerous post-conviction petitions pursuant to 28 U.S.C. § 2255, all of them unsuccessful. United States v. Woods, 263 Fed. Appx. 704 (10th Cir. 2008) (unpublished); United States v. Woods, 340 Fed. Appx. 436 (10th Cir. 2009) (unpublished); In re Woods, No. 09-1421, 2009 WL 9054779 (10th Cir. 2009) (unpublished).

Subsequently, based upon amendments to the United States Sentencing Commission, Guidelines Manual ("USSG") dealing with crack cocaine, Mr. Woods filed a motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). The district court denied his motion and our court affirmed, holding that "[b]ecause Woods was sentenced pursuant to a statutory mandatory minimum

sentence provision, he is ineligible for a sentence reduction under § 3582(c)(2)." United States v. Woods, 469 Fed. Appx. 683, 686 (10th Cir. 2012) (unpublished).

On March 3, 2014, Mr. Woods filed another motion seeking a reduction in his sentence under § 3582(c)(2) and USSG § 1B1.10(c). Mr. Woods argued, among other things, that he "has been incarcerated for 13 years for a simple possession of crack cocaine . . . ." Mot. at 7; R. Vol. 1 at 9. On July 29, 2014, the district court denied the motion, stating that it was "duplicative of the relief sought" in the earlier motion denied by the court. Minute Order; R. Vol. 1 at 32. Mr. Woods filed a notice of appeal on September 12, 2014.

The government argues the appeal should be dismissed because the notice of appeal was filed more than forty days late. Alternatively, the government argues we must reject Mr. Woods' arguments because they are duplicative of issues already decided and they fail on their merits.

Pursuant to the Federal Rules, a defendant's notice of appeal in a criminal case must be filed within fourteen days from the entry of the order being appealed. Fed. R. App. P. 4(b)(1)(A). This limitations period applies to motions filed pursuant to 18 U.S.C. § 3582(c). United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003). "Rule[] 4(b)(1)(A) . . . [is] [an] 'inflexible claim-processing rule,' which, unlike a jurisdictional rule, may be forfeited if not properly raised by the government." United States v. Garduno, 506 F.3d 1287, 1291 (10th Cir. 2007) (quoting Eberhart v. United States, 546 U.S. 12, 13 (2005)).

The government has not forfeited a timeliness argument, even though the government did not raise the issue in an earlier motion to dismiss, because it argues the issue in its brief.  See United States v. Mendoza, 698 F.3d 1303, 1308 n.1 (10th Cir. 2012).  Furthermore, the "timeliness requirement[] of Rule[] 4(b)(1)(A) . . . remain[s] inflexible and 'thus assure[s] relief to a party properly raising [it].'" Garduno, 506 F.3d at 1291 (quoting Eberhart, 546 U.S. at 19)).

Mr. Woods' notice of appeal was filed some forty-five days after entry of the order denying his motion for a sentence reduction.  A certificate of service attached to his "motion" seeking to appeal (which we construe as his notice of appeal) the district court's adverse ruling states that Mr. Woods deposited the notice of appeal in the prison mail depository for legal mail on September 8, 2014.  R. Vol. 1 at 44.  Even if we gave Mr. Woods the benefit of the prison mailbox rule, his notice of appeal would still be deemed to have been filed some forty-one days after entry of the order.  In either scenario, the appeal was filed well beyond the fourteen-day deadline.  This appeal is accordingly subject to dismissal for that reason alone.

The appeal also fails because Mr. Woods makes the same arguments he has made previously and unsuccessfully before the district court and our court.  See United States v. Rodriguez, 768 F.3d 1270, 1272 (10th Cir. 2014) (law of the case doctrine precludes relitigating issues already decided on appeal).  Mr. Woods makes no argument which persuades us to abandon this well-established rule.

Finally, Mr. Woods argument is meritless. He argues that the Guidelines amendments listed in USSG § 1B1.10(d) are retroactive and he should receive the benefit of those amendments. Application Note 1(A) to § 1B1.10 makes clear that a reduction in sentence is not appropriate when the amendment does not operate to lower the Guideline range due to a statutory mandatory minimum term of imprisonment. That is precisely Mr. Woods' situation: he was sentenced to a statutory mandatory minimum sentence of 240 months. See Small, 423 F.3d at 1172.[1] As we expressly stated in his earlier request for a reduction of sentence, "[b]ecause Woods was sentenced pursuant to a statutory mandatory minimum sentence provision, he is ineligible for a sentence reduction under § 3582(c)(2)." Woods, 469 Fed. Appx. at 686.

Mr. Woods also argues that because of the lowered crack cocaine Guidelines provisions, his statutory minimum sentence is reduced to 120 months. While it is true that the Fair Sentencing Act of 2010 ("FSA") changed the powder to crack cocaine ratios and altered the mandatory minimum sentence, the FSA does not expressly provide that the changes are retroactive and our court has held that the FSA does not retroactively apply to defendants who were initially sentenced before the FSA's effective date of August 3, 2010. United States v. Lucero, 713 F.3d 1024, 1027-28 (10th Cir.), cert. denied, 134 S. Ct. 287 (2013).

---

[1] Mr. Woods argues that he was not sentenced pursuant to the statute, but, rather, pursuant to the Guidelines. Our prior decisions in his case have determined otherwise.

And we have adhered to that reasoning following the Supreme Court's decision in Dorsey v. United States, 132 S. Ct. 2321, 2335 (2012), on which Mr. Woods relies.  As we stated in Lucero, "Dorsey is limited to sentences imposed post-FSA, and does not extend to adjudications of motions to reduce sentences entered post-FSA."  Lucero, 713 F.3d at 1027.

In sum, we reiterate that, as we previously explained to Mr. Woods,  his attempt to modify his sentence pursuant to § 3582(c) fails, despite the recent amendment to the Guidelines: "Woods cannot seek under § 3582(c)(2) to correct aspects of his sentence that were not affected by the Sentencing Commission's amendment to the guidelines range.  Because Woods's original sentence was imposed under 21 U.S.C. § 841(b)(1)(A) and was not based on the applicable guidelines range, we cannot consider arguments attacking that sentence on a § 3582(c)(2) motion."  Woods, 469 Fed. Appx. at 686.  Mr. Woods makes no argument convincing us to disregard that controlling authority.

The district court correctly denied Mr. Woods' motion.  AFFIRMED.  Appellant's motion for leave to proceed in forma pauperis is DENIED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge