IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.     01-cr-0214-WYD-33

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SAMMIE LEE WOODS,

    Defendant.
_____

**ORDER**
_____

THIS MATTER is before the Court on Defendant's *pro se* Motion Requesting Recusal of Chief [sic] Judge Wiley Y. Daniel (ECF No. 4038), filed on May 23, 2016. Defendant seeks recusal of Senior Judge Wiley Y. Daniel pursuant to the standards of 28 U.S.C. §§ 144 and 455.

Section 144 states as follows:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.   It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

The Defendant in this matter was sentenced in 2004, and the case was terminated

in 2006. Accordingly, Section 144 is irrelevant here since there is no pending proceeding before the Court in this matter.

Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his partiality might reasonably be questioned." The standard for impartiality under Section 455 is an objective one, requiring recusal only if "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Recusal is required if the facts, from an objective perspective, admit of the appearance of bias. *Id.; Salt Lake Tribune Publ'g Co. v. AT & T Corp.,* 353 F.Supp.2d 1160, 1172 (D. Utah 2005). However, "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Hines,* 696 F.2d 722, 729 (10th Cir.1982); *see also Bryce v. Episcopal Church in the Diocese of Colo., 289 F.3d 648, 659 (10th Cir.2002).* Rather, "[d]isqualification for lack of impartiality must have a *reasonable* basis." *See Jackson v. Fort Stanton Hosp. and Training Sch.,* 757 F. Supp. 1231, 1240 (D.N.M. 1990). "In the recusal context, the reasonable person standard contemplates a well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Evans,* 262 F. Supp. 2d 1292, 1294 (D. Utah 2003) (citations omitted). A "judge should not recuse himself on unsupported, irrational, or highly tenuous speculation."

*Hinman v. Rogers,* 831 F.2d 937, 939–40 (10th Cir.1987), citing *Davis v. Comm'r,* 734 F.2d 1302, 1303 (8th Cir. 1984) (Conclusions, opinions, and rumors are not a sufficient basis for recusal).

Defendant cites various reasons why he believes I should recuse myself from "any of Woods further proceedings, and anything that has to do with any of [my] rulings." Mt., p. 1. Those reasons include: 1) allowing prosecution to proceed against him despite the absence of a grand jury quorum; 2) failure to review affidavits and declarations about where the crime occurred for which he was charged; 3) failure of the prosecutor to present to the Defendant proof of a constitutionally correct indictment; 4) failure to provide to the Defendant access to the grand jury records; 5) overlooking a warrant affidavit; 6) failure to instruct the jury that the indictment had been amended; 7) an allegation that a separation of powers issue exists; and 8) a general allegation that I am biased in all of my rulings and am in violation of my oath of office. *Id.* at 1-2.

Defendant has shown no basis, much less a reasonable basis, for questioning my impartiality in his case. Recusal is required if a reasonable person, knowing all the facts, would harbor doubts about my impartiality. *Bryce,* 289 F.3d at 659. Further, "adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification." *Green v. Dorrell,* 969 F.2d 915, 919 (10th Cir.1992). This is not a case in which Defendant is claiming that I harbor a personal bias or prejudice against him based on some source extraneous to the proceedings before the court. *See Liteky v. United States,* 510 U.S. 540, 554 (1994). Rather, Defendant's complaints involve certain

of my rulings and omissions in this case.  Such matters present a basis for recusal only in the rare instance in which "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.*; *see also United States v. Young,* 45 F.3d 1405, 1415 (10th Cir. 1995).  None of my various rulings and alleged omissions about which Defendant complains in his Motion, when viewed from the perspective of an objective observer, permits a reasonable inference of such extraordinary bias on my part.

Absent a showing of relevant facts that would cause a reasonable, well-informed, and objective observer to harbor doubts about my impartiality, the applicant's motion must be denied.  *DeWilliams v. Davis*, 2009 WL 1868613, at *1 (D. Colo. June 29, 2009). Accordingly, it is

ORDERED that Defendant's *pro se* Motion Requesting Recusal of Chief [sic] Judge Wiley Y. Daniel (ECF No. 4038) is **DENIED**.

Dated:   June 16, 2016.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE