# ATTACHMENT I

Order Regarding Motion for Sentence Reduction Pursuant to the First Step Act | Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Eastern District of Virginia

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No: 3:01-cr-61 |
| Nelson Rafael Zapata-Vicente | ) | |
| | ) | USM No: 49217-019 |
| Date of Original Judgment: March 21, 2002 | ) | |
| Date of Previous Amended Judgment: | ) | Robert J. Wagner, Laura Koenig |
| *(Use Date of Last Amended Judgment if Any)* | | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO THE FIRST STEP ACT

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under the First Step Act for a reduction in the term of imprisonment imposed based on a guideline sentencing range and mandatory minimum sentence that has subsequently been lowered and made retroactive by the United States Congress pursuant to the First Step Act, and having considered such motion, and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the motion is:
☐ DENIED.  ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of **360 months** **is reduced to** **324 months*** .

*(Complete Parts I and II of Page 2 when motion is granted)*

*This Order is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(C), which provides: "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."

This Order will take effect ten days after the date it is signed to provide adequate time for the Bureau of Prisons to transition the defendant.

Except as otherwise provided, all provisions of the judgment dated **March 21, 2002** shall remain in effect.

IT IS SO ORDERED.

Order Date: 8 August 2019

/s/ John A. Gibney, Jr.
United States District Judge

Effective Date: 18 August 2019
*(if different from order date)*

Hon. John A. Gibney, U.S. District Judge
*Printed name and title*

Order Regarding Motion for Sentence Reduction Pursuant to the First Step Act | Page 2 of 2 (Page 2 Not for Public Disclosure)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                                              Criminal Action No. 3:01-cr-061

NELSON RAFAEL ZAPATA-VICENTE,
       Defendant.

## OPINION

Nelson Zapata-Vicente has moved the Court to modify his lengthy sentence pursuant to the First Step Act of 2018, which allows courts to adjust sentences for crack cocaine offenses. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (to be codified at 21 U.S.C. § 841 note). His motion asks the Court to reduce his sentence from 360 months to time served and his supervised release term from 5 years to 4 years. The government asserts that Zapata-Vicente is not eligible for relief because a single count of his indictment charged him with both cocaine hydrochloride and cocaine base, only one of which is a "covered offense" under the First Step Act. Additionally, the government points out that Zapata-Vicente received a concurrent 360-month sentence on a second count—also for cocaine hydrochloride.

Because the Court finds Zapata-Vicente eligible for a sentence reduction, the Court will grant the motion. After weighing the relevant factors, the Court will reduce his sentence to 324 months. His term of supervised release will remain 5 years.

## I. ZAPATA-VICENTE'S CURRENT SENTENCE

On December 19, 2001, a jury found Zapata-Vicente guilty on two counts: conspiracy to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 846, 841 (Count One), and distribution of 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841 (Count Two). The presentence report ("PSR") attributed

25 kilograms of cocaine base and 804 kilograms of cocaine to him. Zapata-Vicente's initial sentencing guidelines ranged from 360 months to life based on a criminal history category of III and total offense level of 42.[1] He faced a mandatory minimum of 120 months. On March 21, 2002, the Court sentenced Zapata-Vicente to 360 months in prison on each count, to run concurrently, and a five-year supervised release term.

Zapata-Vicente has served approximately 216 months of his 360-month sentence and is scheduled to be released on May 12, 2028.

Zapata-Vicente has moved the Court to reduce his sentence under the First Step Act. He says that the mandatory minimum for his eligible charge, conspiracy to distribute 50 grams or more of cocaine base, would have been 60 months under the Fair Sentencing Act. His guidelines have not changed.

The government argues that Zapata-Vicente is ineligible for relief because the drug weight in the PSR would have subjected him to a 120-month mandatory minimum. In any event, the government says that Zapata-Vicente's mandatory minimum sentence remains 120 months because Count One charged him with cocaine hydrochloride in addition to cocaine base, and because the Fair Sentencing Act did not reduce the mandatory minimum for the cocaine charge in Count Two.

## II. DISCUSSION

The First Step Act does not set forth the procedural tool that courts should use to implement its provisions, but the Court applies 18 U.S.C. § 3582(c)(1)(B) to modify a sentence under the Act. *United States v. Jones*, No. 3:04-cr-392, slip op. at 4-7 (E.D. Va. June 19, 2019). Under § 3582(c),

---

[1] The sentencing guidelines fixed Zapata-Vicente's base offense level at 38 for conspiracy to distribute 150 kilograms or more of cocaine and 1.5 kilograms or more of cocaine base, and applied a 4-level enhancement for his leadership role. U.S.S.G. §§ 2D1.1(c)(1), 3B1.1(a).

2

the Court first must determine the guideline range that would have applied to the defendant's sentence if the relevant statutory amendment had governed the initial proceedings. *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). Second, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case." *Id.*

### A. Eligibility

Prior to the Fair Sentencing Act, distribution of more than 50 grams of cocaine base resulted in a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment. *United States v. Newton*, No. 5:02-cr-30020, 2019 WL 1007100, at *2 (W.D. Va. Mar. 1, 2019). Distribution of more than 5 grams of cocaine base resulted in a range of 5 to 40 years. *Id.* Congress passed the Fair Sentencing Act in 2010 to increase the drug quantities required to trigger mandatory minimum sentences under § 841(b)(1) and reduce the crack-to-powder cocaine disparity. *See Dorsey v. United States*, 567 U.S. 260, 263-64 (2012). The threshold triggering 10 years to life increased from 50 grams to 280 grams and the threshold triggering 5 to 40 years increased from 5 grams to 28 grams. *See United States v. Robbins*, No. 1:08-cr-024-034, 2019 WL 912194, at *1 (W.D. Va. Feb. 25, 2019).

The Fair Sentencing Act, however, did not apply retroactively. To fix that problem, Congress passed the First Step Act in 2018. Section 404 of the Act gives courts the discretion to impose a reduced sentence for a "covered offense" as if the Fair Sentencing Act were in effect when the offense happened. Under the First Step Act, a "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." First Step Act § 404(a). The First Step Act does not allow courts to consider motions if the previously

3

imposed sentence was made or reduced pursuant to the Fair Sentencing Act, or if previous motions were made under the First Step Act and denied after a review on the merits. *Id.* § 404(c).

Eligibility under the First Step Act depends on the offense's drug weight as described in the charging document, not the drug quantity attributed to the defendant at sentencing. *Jones*, slip op., at 9; *see also United States v. Outler*, No. 1:06-cr-291, slip op. at 4 (E.D. Va. Apr. 26, 2019) ("[T]his Court joins the growing consensus that eligibility for a sentence reduction under the First Step Act depends on the offense as described in the charging document.").

Here, Count One of the indictment charged Zapata-Vicente with more than 50 grams of cocaine base. At the time, the offense carried a mandatory minimum sentence of 10 years and a maximum of life. After the Fair Sentencing Act, that amount of cocaine base triggered a mandatory minimum of 5 years and a maximum of 40 years. Accordingly, the crack cocaine charge in Count One is a "covered offense" under the First Step Act. The government lodges two objections to Zapata-Vicente's eligibility. As explained below, the Court finds neither persuasive.

First, the government argues that because Count One also charged Zapata-Vicente with 5 kilograms of cocaine hydrochloride, Count One cannot constitute a "covered offense." But other courts in this circuit have found defendants eligible for relief under similar circumstances. For instance, in *United States v. Jackson*, Count One charged the defendant with conspiracy to possess with intent to distribute 1) 500 grams or more of cocaine hydrochloride, 2) 50 grams or more of cocaine base, and 3) a detectable amount of marijuana. Nos. 5:03-cr-30040, 5:04-cr-30015, 2019 WL 1601492, at *1 (W.D. Va. Apr. 15, 2019). The court found that the Fair Sentencing Act reduced the penalties for the cocaine base offense, rendering the defendant eligible for relief, even though the court ultimately declined to reduce his sentence on discretionary grounds. *Id.* at *3; *see also United States v. Laguerre*, No. 5:02-cr-30098-3, 2019 WL 861417, at *1, 3 (W.D. Va.

4

Feb. 22, 2019) (deeming the defendant eligible when one count charged him with conspiracy to distribute both cocaine base and cocaine hydrochloride). Similarly, this Court granted relief when a single count charged conspiracy to distribute 50 grams or more of cocaine base as well as a quantity of marijuana. *Wright v. United States*, Nos. 4:95-cr-39, 4:95-cr-44, 2019 WL 3046096, at *2, 9 (E.D. Va. July 11, 2019). The Court agrees that the cocaine base conviction in Count One qualifies as a "covered offense," even if the count charged an additional, non-covered offense.

Second, the government says that the Court cannot reduce Zapata-Vicente's sentence because he received 360 months on both counts, and only Count One involves crack cocaine. This argument, however, neglects to acknowledge that "a sentence is not merely the sum of its parts," and a court sentences a defendant "by considering all of the relevant factors as a whole." *Wright*, 2019 WL 3046096, at *7. In this case, the PSR grouped Counts One and Two, meaning the drug weights were calculated together because the offenses were "closely related." (Dk. No. 150-1, at 18.) This grouping makes it difficult for the Court to parse out the 360-month sentence on Count One from the 360-month sentence on Count Two. *See United States v. Black*, No. 3:04-cr-100, 2019 WL 2402969, at *4 (E.D. Va. June 7, 2019) (discussing grouping of drug offenses in a First Step Act case). Accordingly, to avoid "unbundling the entire sentence package," the Court will reduce the defendant's entire sentence according to the factors addressed below. *Wright*, 2019 WL 3046096, at *7.

As the Court has previously explained, Congress passed the First Step Act to address "draconian penalties ... that often far exceed[ed] the culpability of individual defendants." *Jones*, slip op., at 1-2. The government's arguments ignore Congress' intent. The Court thus finds Zapata-Vicente eligible for relief.

5

### B. Discretionary Factors

Sentence reductions under the First Step Act are discretionary. § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Again, however, the statute is mum on what courts should consider in exercising their discretion. Since the Court will follow § 3582, cases decided under that statute will guide the Court's consideration of this case.

Because the motion does not entail "a plenary resentencing proceeding, [the Court] will not turn a blind eye to what the judge said at [the defendant's] initial sentencing." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018). Thus, in a First Step proceeding, a court will need to consider the facts leading to the original sentence. Going beyond the initial sentencing factors, a court can consider a host of circumstances in deciding how to change a sentence. The factors may mitigate the original punishment, or may indicate that no change should occur.

In *Martin*, the court noted a number of factors that courts should consider in mitigation of the defendant's punishment. 916 F. 3d. at 397. These include pursuit of education in prison, the security status determined by correctional officials, good behavior while in custody, help provided by the inmate to other prisoners, work record in prison, age, health, and the availability of a stable home on release. *Id.* Other courts have identified a plethora of considerations. *See United States v. Powell*, 360 F. Supp. 3d 134, 140 (N.D.N.Y. 2019) (considering the defendant's time served, original sentence, disciplinary history in prison, and education in prison); *United States v. Rader*, No. 1:04-cr-71, 2019 WL 1146815, at *1, *2 (W.D. Va. Mar. 13, 2019) (examining the defendant's age, criminal history, and acceptance of guilt). Courts may consider the defendant's conduct in the underlying crime, *Outler*, slip op. at 4-5, including whether the offense (or any prior criminal

6

conduct) involved violence. *United States v. Copeland*, No. 7:06-cr-18, 2019 WL 2090699, at *5 (W.D. Va. May 13, 2019).

In short, under § 3582, the Court may consider almost anything that reflects—negatively or positively—upon the defendant's culpability, rehabilitation, and ability to become a productive citizen. In this case, the Court has a great deal of evidence, as discussed below.

### C. Application to Zapata-Vicente

As noted above, Zapata-Vicente falls within the scope of the First Step Act. Applying the Fair Sentencing Act to Zapata-Vicente based on the weight charged in the indictment reduces his mandatory minimum for the cocaine base offense from 120 months to 60 months. His sentencing guidelines remain 360 months to life. Zapata-Vicente seeks a sentence of time served. The government argues that, even if he is eligible for relief, the Court should decline to reduce his sentence on discretionary grounds.

Zapata-Vicente played a leading role in a crime that involved "a highly addictive and dangerous substance" that "endangers the lives and communities of those that the drug trade affects." (Dk. No. 145, at 3.) Moreover, the PSR attributed a staggering quantity of drugs to him. While in prison, Zapata-Vicente has committed dozens of disciplinary infractions, some involving drugs and alcohol, bribery, and threatening bodily harm.

On the other hand, Zapata-Vicente has worked to obtain his GED and commercial driver's license, completed 71 educational courses, finished a drug education program, and paid his special assessments. The Court received numerous letters on his behalf, including from some of his children. His unit manager from prison sent the Court a letter saying that Zapata-Vicente has received "exceptional evaluations for his work" as a Compound Orderly. (Dk. No. 157-1.) The unit manager also praised Zapata-Vicente's behavior in prison and his family ties.

7

The Court has reviewed Zapata-Vicente's PSR, the evidence and briefs submitted by Zapata-Vicente and the government, and the arguments of both parties at the hearing. Zapata-Vicente has, of course, served many years in prison for his offense. The Court finds that a sentence of 324 months is sufficient but not greater than necessary to serve the purposes of the sentencing law, as modified by the Fair Sentencing Act and the First Step Act. Leaving a term of 5 years of supervised release in place adequately serves the same purposes.

### III. CONCLUSION

For the foregoing reasons, the Court reduces Zapata-Vicente's sentence to 324 months, but his supervised release term will remain 5 years. The Court's Order resentencing the defendant will not take effect for ten days in order to allow the Bureau of Prisons to process the defendant's new sentence.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 8 August 2019
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

8