**ATTACHMENT 3**
**01-cr-00214-RM**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Crim. No. 01-CR-00214-WYD
Civil Action No. 07-CV-00026-WYD

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.

1. WILLIE SMALL,

        Defendant/Movant,

---

## UNITED STATES' ANSWER TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

---

The United States responds to defendant's post-conviction motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (doc. 3410).

### Stated Grounds For Relief

The defendant asks this court to overturn his convictions on the following grounds: bias of the presiding judge; conflict of interest of his attorney; variance in the conspiracy charge; and ineffective assistance of counsel in handling a pre-trial suppression motion. Defendant also asks that his sentence be vacated on the ground he has been wrongly subjected to cumulative punishment.

**Timeliness**

Title 28, U.S.C. § 2255 requires that a motion be filed within one year of "the date on which the judgment of conviction becomes final . . . ." Final judgment entered on April 27, 2004. *See* doc. 3052 (attachment 1). The defendant appealed his conviction and the Court of Appeals affirmed on September 15, 2005. *See United States v. Willie Small, et al.*, 423 F.3d 1164 (10th Cir. 2005) (attachment 2). On February 21, 2006, the Supreme Court denied defendant's certiorari petition, and his conviction became final.[1] *See United States v. Burch*, 202 F.3d 1274,1276 (10th Cir.2000) (judgment of conviction becomes final under § 2255 on the later of the expiration of 90 day time for filing certiorari petition, or Court's final disposition of petition). Defendant's § 2255 motion was filed January 4, 2007, and is timely.

Pursuant to Rule 5(b) of the Rules Governing § 2255 Proceedings, the United States informs the court that no prior post-conviction motions have been filed by the defendant and no hearings have been conducted.

**Factual Background**

Following trial to a jury, the defendant was found guilty of conspiracy to distribute 50 grams or more of crack cocaine. Doc. 3052. Trial began

---

[1] This date is taken from the General Docket, U.S. Court of Appeals for the Tenth Circuit, *United States v. Small*, No. 04-1188 (*per* Pacer).

September 22, 2003, and ended November 13, 2003. The Second Superseding Indictment charged thirty-two defendants with drug trafficking, firearms offenses, and money laundering. Doc. 1595. Seven of those defendants remained at the time of trial: Willie Small, Sammy Woods, Alvin Green, Theolian Lloyd, Zebedee Hall, Max Cooper, and George Murray. Small, Woods, Green, Lloyd, and Hall were found guilty of the conspiracy charge (Count I); Murray and Cooper were both acquitted of the conspiracy charge.

In addition to the conspiracy conviction, the defendant was convicted on twenty-three counts charging the distribution or possession with intent to distribute crack cocaine; thirteen counts of use of a communications facility in furtherance of these drug trafficking offenses; and money laundering. The jury found Small not guilty on count sixteen, charging the distribution of crack cocaine. Doc. 3052.

The sentence was driven by the quantity of crack cocaine charged in Count One (more than 50 grams) and the fact that the defendant had at least two (in fact, six) prior drug felony convictions. This court sentenced defendant to four mandatory terms of life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A). The defendant received shorter sentences on the other counts of conviction, which the court imposed to run concurrently to the statutory life sentences. Doc. 3052.

**Argument**

To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's performance prejudiced him in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). The court must "give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (*quoting Strickland*, 466 U.S. at 690).

In reviewing a claim of ineffective assistance "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id*.

# FIRST CLAIM
## Judicial Bias

The defendant argues the presiding judge at his trial was biased against him and should have recused himself. The basis for this claim is defendant's allegation that the judge, at a plea hearing for co-defendant Thurman McKnight, said that "he (McKnight) got himself tied up with Willie Small and when you get tied up with Willie Small and violate federal law . . . . Etc." Motion at 5.[2] The defendant maintains this statement shows he was adjudged guilty before his trial started.

A defendant of course has the right to a fair and impartial judge. *See* 28 U.S.C. § 455(a) (providing a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned"). *See also* 28 U.S.C. § 144 (establishing procedure whereby a party may seek to disqualify a judge for personal bias). "The test in this circuit is 'whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'" *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir.1993) (internal quotes and cites omitted). "The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn

---

[2] Here and later the government will paraphrase the defendant's allegations, which are handwritten and at times difficult to understand.

therefrom. In applying the test, the initial inquiry is whether a reasonable factual basis exists for calling the judge's impartiality into question." *Id*.

Defendant does not attach transcripts or other documents substantiating his claim. But even assuming for the purpose of this motion that the judge made the statement alleged, the statement fails to show bias. Co-defendant McKnight entered a guilty plea, on or about April 3, 2003, to possession of cocaine base, in violation of 21 U.S.C. § 844. *See* doc. 1912 (attachment 3). The stipulated facts in the plea agreement show that "McKnight admits he purchased approximately 1.75 grams of crack cocaine from Willie Small on May 16, 2001, and possessed the crack cocaine for personal use." Several conversations between McKnight and Willie Small, concerning the sale of crack cocaine, were intercepted on the government's court ordered wiretaps. Doc. 1912 at 5. Thus, the judge's alleged statement that McKnight was "tied up with Willie Small" and violated federal law does nothing more than acknowledge what the terms of McKnight's guilty plea already established.

The significance of the Judge's remark, if any exists, is also attenuated by time and circumstance. The purported remark was made during a plea hearing that took place nearly six months before the commencement of defendant's trial. The defendant does not allege any biased remarks or

rulings by the trial judge at his own trial. Thus, even if the remark demonstrated a predisposition against the defendant – which it does not – no nexus is shown between the remark and defendant's convictions. Defendant's trial was to a jury, which found him guilty of thirty-eight (38) counts related to drug trafficking. Defendant does not suggest – nor is there any basis for concluding – that the jury's verdicts were influenced by judicial bias. *See Sloan v. State Farm*, 360 F.3d 1220, 1226 (10th Cir. 2004) (rejecting suggestion of bias where "district judge did not comment directly on the ultimate factual issue to be decided by the jury, nor add to the evidence, both of which would be improper"). Even if the defendant were able to point to rulings that went against him at trial, and even assuming those evidentiary rulings were wrong, this in itself would not be enough to establish actual bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

Because the defendant has failed to show, under an objective standard, that the presiding judge was biased against him, and has failed to show any prejudice resulting from the judge's alleged remark, his claim must be denied.

## SECOND CLAIM
## Conflict of Interest By Counsel

The defendant alleges he attempted to dismiss his attorney based upon a conflict of interest. Citing Colorado rules of professional conduct, defendant asserts: "while lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule 1.9. Also a lawyer who has formerly represented a client in a matter shall not thereafter represent another person. Edward Palmer and Ronald Clark." Motion at 5.

To show ineffective assistance of counsel arising from a conflict of interest, a defendant must demonstrate that his counsel represented actively conflicting interests and that the alleged conflict of interest adversely affected his counsel's performance. *See Strickland v. Washington*, 466 U.S. at 692; *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). The Tenth Circuit has held that to establish an actual conflict, a defendant must show "the attorney has an interest in the outcome of the particular case at issue that is adverse to that of the defendant." *Hale v. Gibson*, 227 F.3d 1298, 1312 (10th Cir. 2000); *United States v. Soto Hernandez*, 849 F.2d 1325, 1329 (10th Cir. 1988).

Applying this standard is difficult here, because defendant's allegations are vague and factually unsupported. Defendant alleges he attempted to

dismiss his attorney below (AFPD Matt Golla) on this ground, but does not provide sufficient clues as to when and where – in this lengthy, complex, multi-defendant prosecution – he did so. The government believes the defendant raised this or a similar issue at some point during the prosecution, but government trial counsel does not recall where. Even were the government able to locate the relevant portions of the record, it is a matter of speculation as to whether the record would illuminate the claim asserted in defendant's § 2255 motion, which may differ from claims made below.

Thus, the government's response is limited to the allegations of the motion. Defendant maintains his counsel violated Colorado Rule of Professional Responsibility 1.9.[3] Rule 1.9 sets forth standards for evaluating when a conflict of interest may arise based upon an attorney's representation of former clients. Rule 1.9 contains numerous exceptions and qualifications, but provides generally that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interest are materially adverse to the interest of the former client unless the former client consents after consultation." *See* Rule 1.9(a). Rule 1.9(b) sets forth the circumstances

---

[3] A copy is attachment 4. The document was printed from the web site of the Colorado Supreme Court (www.coloradosupremecourt.com).

under which this prohibition on representation also applies to a firm with which the lawyer was associated.

Evaluating defendant's claims in light of Rule 1.9 yields the certain conclusion that defendant has failed to provide sufficient factual basis for his assertion that his counsel had a conflict of interest. It is unclear whether defendant maintains his counsel (or his counsel's Office) formerly represented a client in "the same or a substantially related matter"; whether materially adverse interests were involved; and whether any such former client consented to the representation. The Tenth Circuit has held: "[w]e have been abundantly clear that a party before this Court bears the responsibility of tying the relevant facts to the record in order to carry the burden of proving error. This Court has no responsibility to sift through the record to find support for [appellant's] arguments." *United States v. Stephenson*, 452 F.3d 1173, 1182 n.4 (10th Cir. 2006) (citation and quotation omitted); *see also United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997) (absent "essential references to the record," court will not "sift through the record to find support for the claimant's arguments").

Even were a violation of the rules of professional conduct shown, this would not entitle the defendant to relief unless he could also show that a conflict of interest adversely affected his counsel's performance. *See*

*Strickland*, 466 U.S. at 692; *Cuyler,* 446 U.S. at 348. Defendant has failed to even make this allegation. His motion contains no suggestion that, in light of the massive trial evidence of drug trafficking, his convictions were in any way the product of a conflict of interest on his counsel's part.

## THIRD CLAIM
### Conspiracy Variance

The defendant argues that the acquittal of two co-defendants shows there was a variance at trial between the conspiracy charged and the conspiracy of which he was convicted. Motion at 6. This issue was not raised on direct appeal. Because the defendant could have presented this issue on direct appeal, but did not, he may not collaterally attack his conviction on this ground. In *United States v. Cox*, 83 F.3d 336, 342 (10th Cir. 1996), the Tenth Circuit held that "[a] § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal." 83 F.3d at 342, *citing United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). Thus, "[w]hen a defendant fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *Id*.

Defendant does not allege that his reason for failing to raise this issue

on appeal was ineffective assistance of counsel, but even so construing his motion under liberal rules of construction, the record fails to support such a claim. Defendant's counsel could not be ineffective for failing to advance such an argument, because it has no merit. The acquittal of two of the defendant's alleged co-conspirators (five other co-conspirators were convicted) does not undermine defendant's conspiracy conviction. *See United States v.Nichols*, 374 F.3d 959, 970-71, 971 n. 9 (10th Cir. 2004), *citing United States v. Powell,* 469 U.S. 57, 64 (1984) and *United States v. Vogt*, 910 F.2d 1184, 1203 (4th Cir.1990) ("[E]ven where all but one of the charged co-conspirators are acquitted, the verdict against the one may nevertheless stand").

A similar argument was raised by one of defendant's co-conspirators, Theolian Lloyd. Lloyd argued that Max Cooper, with whom he had been linked in drug dealing, had been acquitted of the conspiracy charge. Lloyd maintained he was not interdependent with Cooper or others and therefore was not part of the conspiracy charged in the indictment. The Tenth Circuit rejected this argument. *See United States v. Small, et al.*, 423 F.3d 1164, 1185 n.10 (10th Cir. 2005). Thus, defendant's lawyer was not ineffective for failing to raise this issue on appeal.

Defendant also does not allege and cannot show prejudice. Even where the evidence shows multiple conspiracies, rather than the single conspiracy

charged, this does not entitle a defendant to either an acquittal or a new trial unless he can show "substantial prejudice." *See United States v. Edwards*, 69 F.3d 419, 433 (10th Cir. 1995); *United States v. Ailsworth*, 138 F.3d 843, 850 (10th Cir. 1998). *See also United States v. Wright*, 932 F.2d 868, 874-75 (10th Cir. 1991) (holding variance harmless, where evidence showed two conspiracies, rather than the single conspiracy charged). In *Edwards*, the court noted that if prejudice existed, it would typically arise from the presentation of evidence concerning co-conspirators in the multiple conspiracies alleged. 69 F.3d at 433. In considering the sufficiency of the conspiracy evidence with regard to co-conspirators Alvin Green and Theolian Lloyd, and specifically whether a single or multiple conspiracies existed, the Tenth Circuit noted that "the evidence at trial showed that each defendant was involved in dealing crack cocaine with Small . . . ." 423 F.3d at 1182. This is indisputable based upon the trial evidence. Thus, even if more than one conspiracy were shown by the trial evidence, the defendant was involved in all of them and can demonstrate no prejudice resulting from a variance between the conspiracy charged in the indictment and the trial evidence.

## FOURTH CLAIM
### Ineffective Assistance: Pre-Trial Motion

Defendant states that at his request, his attorney filed a motion to

suppress pre-wiretap consensual telephone calls. At a hearing on the motion, defendant maintains he "had three cases that had merit," but his counsel defied his request to argue the cases. Defendant complains he had the right to an attorney, "not just a warm body." Motion at 6. The government agrees that the defendant enjoyed a Sixth Amendment right to effective assistance of counsel at a motion's hearing. However defendant's allegation is insufficiently detailed to support the conclusion that this right was denied. Defendant does not state *what* cases he gave to his attorney. Thus, the court cannot assess whether the cases had any relevance to the proceedings, and, even assuming his counsel refused to argue the cases, the court cannot conclude counsel was ineffective. An attorney is not required to advance every possible argument, "but only those having a solid foundation." *United States v. Afflerbach*, 754 F.2d 866, 870 (10th Cir. 1985); *United States v. Crouthers*, 669 F.2d 635, 643 (10th Cir. 1982).

Defendant does not specify on what ground he sought to suppress the consensually monitored calls, nor does he identify the parties to the calls or the circumstances under which the calls were made. This leaves nothing for the government to address other than the bare allegation that during the course of the investigation the government recorded consensually monitored conversations, which the government concedes. This investigative technique

is lawful. *See United States v. Davis*, 1 F.3d 1014, 1016 (10th Cir. 1993) ("law enforcement personnel may lawfully monitor or record conversations with the consent of one of the parties to the conversation"), *citing* 18 U.S.C.§ 2511(2)(c) and *United States v. Axselle*, 604 F.2d 1330, 1338 (10th Cir.1979).

## FIFTH CLAIM
## Sentencing Issue: Cumulative Punishment

Defendant argues that the imposition of a special assessment (of $100) on each count of conviction impermissibly subjected him to cumulative punishment, because many of his sentences were imposed concurrently. Motion at 7. Again, the defendant could have presented this issue during his appeal, but did not. "When a defendant fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *Cox*, 83 F.3d at 342. The defendant cannot satisfy this standard because, among other reasons, his claim of legal error is unfounded.

The defendant notes that many of the sentences on his thirty-eight (38) counts of conviction were imposed to run concurrently. The government agrees with this observation. Defendant then notes that the special assessments (of $100) imposed on each count of conviction were imposed to

run "consecutively." The government understands defendant's argument, but observes that it would be more accurate to say that a special assessment was imposed for each count of conviction, regardless of whether the sentence for that count was concurrent or consecutive to other sentences. The law requires this. Title 18, U.S.C. § 3013 provides the court shall impose the listed assessment "on any person convicted of an offense" against the United States. Section 3013 applies to "offenses" not "sentences." Thus, it is immaterial what sentence is imposed or whether the sentence is consecutive or concurrent to other sentences.

In support of his claim of cumulative punishment, the defendant cites *Rutledge v. United States*, 517 U.S. 292 (1996). In *Rutledge*, the defendant was convicted of conspiracy to distribute cocaine (21 U.S.C. § 846) and engaging in a continuing criminal enterprise (CCE) to do the same (21 U.S.C. § 848). The Court found the former was a lesser included offense of the latter and concluded Congress did not intend cumulative punishments. Hence, the case was remanded with instructions to vacate one of the convictions, which as a matter of course also required the associated special assessment to be vacated. *Id*. at 302-303. This is not the defendant's situation, because he was not convicted under the CCE statute. Defendant was convicted of numerous drug crimes and conspiracy to commit them. These drug offenses are not

lesser included offenses of conspiracy. *See United States v. Felix*, 503 U.S. 378, 386 (1992) (a crime and a conspiracy to commit that crime are not the same offense and a prosecution for both does not offend the double jeopardy clause). *See also Harvey v. Shillinger*, 76 F.3d 1528, 1533 (10th Cir. 1996) (kidnaping and conspiracy to kidnap are different offenses). Thus, defendant's numerous drug trafficking convictions did not result in impermissible cumulative punishments.

## Conclusion

Defendant's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 should be denied.

Respectfully Submitted,

TROY A. EID
United States Attorney

s/ *James C. Murphy*
By: James C. Murphy
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone:(303) 454-0100
Fax: (303) 454-0404
E-mail: james.murphy3@usdoj.gov

Counsel for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on February 7, 2006, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail addresses:

**Jonathan Marshall Abramson**
jonathan@kandf.com,tammi@kandf.com,ejackson@kandf.com,kua@kandf.com

**Mitchell Baker**
mitchbaker@estreet.com,hpowell07@law.du.edu

**Richard James Banta**
bantacja@earthlink.net,bantacja2@earthlink.net

**Clifford J. Barnard**
cliffbarnard@earthlink.net

**Robert Seldis Berger**
robberger@webaccess.net

**Kirkland Leonard Brush**
kbrush@kirkbrush.com,kathy@kirkbrush.com

**James S. Covino**
jamescovino@msn.com

**J. Michael Dowling**
jmd@dowlinglegal.com

**Martha Horwitz Eskesen**
meskesen@eskesenlaw.com

**Ronald Gainor**
gains_2000@hotmail.com

**Kerry Steven Hada**
kerryshada@qwest.net,theaathadalaw@qwest.net

**Dennis W. Hartley**
lisa_m_schuler@yahoo.com

**M. David Lindsey**
david@mdavidlindsey.com,wyodave2@yahoo.com

**Robert T. McAllister**
rtmcallister@qwest.net,sarah_culver@qwest.net

**James Coyle Murphy**
James.Murphy3@usdoj.gov,USACO.ECFCivil@usdoj.gov

**Michael J. Norton**
mjnorton@bfw-law.com,scanner@bfw-law.com,jjohnson@bfw-law.com

**Lynn Anne Pierce**
lpierce.blp@comcast.net

**Edward A. Pluss**
Edward_Pluss@fd.org,COX_ECF@fd.org

**Michael Gary Root**
mroot@mikerootlaw.com

**Mark Samuel Rubinstein**
msrubinstein@comcast.net

**David Barry Savitz**
savmaster@aol.com

**John Henry Schlie**
johnhenry@schlielawfirm.com

**Boston Henry Stanton , Jr**
bostonhs@comcast.net

**John F. Sullivan , III**
jfslaw1@aol.com

**Alaurice Marie Tafoya-Modi**
alauricetafoya@yahoo.com

**Thomas Richard Ward**
   thomasrward@comcast.net

**Stephen M. Wheeler**
   WheelerLaw@earthlink.net

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the nonparticipant's name:

**Willie James Small** (mail)
#30408-013 ADELANTO
United States Penitentiary
P.O. Box 5500
Adelanto, CA 92301

                TROY A. EID
                United States Attorney

                s/ *James C. Murphy*
                By: James C. Murphy
                Assistant United States Attorney
                1225 Seventeenth Street, Suite 700
                Denver, Colorado 80202
                Telephone:(303) 454-0100
                Fax: (303) 454-0404
                E-mail: james.murphy3@usdoj.gov

                Counsel for Plaintiff
                United States of America