In the United States District Court
for the District of Colorado

| | |
|---|---|
| Case No. 01-CR-00214-RM<br><br>United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Willie Small,<br><br>    Defendant. | Reply in Support of Motion for a Reduced Sentence of Time Served Under § 404 of the First Step Act |

The Court should grant Mr. Small's motion and reduce his sentence to time served. The government concedes that Mr. Small is eligible for such relief under the First Step Act . *See* Gov. Response ¶ 2 ("The government agrees the Court has the power, pursuant to Section 404(b), to reduce Mr. Small's sentence at this time."). The only question, then, is whether this Court should exercise its discretion to grant the relief requested.

As of November 26, 2019, Mr. Small has served 18 years, 5 months, and 11 days (221 months) for this offense. For the reasons set forth here and in his original motion, no further incarceration is necessary to serve the purposes of 18 U.S.C. § 3553(a). This Court should therefore grant Mr. Small's request for a reduced sentence of time served.

### I. Mr. Small's nearly spotless disciplinary record weighs strongly in favor of the relief requested.

In the nearly two decades that he has been incarcerated, Mr. Small has incurred only one, minor disciplinary infraction, for possession of unauthorized contraband in December 2003. *See* FSA Motion, Attachment E, at 2. He has incurred no disciplinary infractions at all in nearly 16 years. This long record of exemplary conduct weighs strongly in favor of a sentence of time served. *Cf., e.g.*, *United States v. Biggs*, No. 05-cr-316, 2019 WL 2120226, at *4 (N.D. Ill. May 15, 2019)

(granting First Step Act motion for reduced sentence of time served where defendant was "a model inmate" and had "incurred only three minor disciplinary infractions over the last fourteen years in custody"); *United States v. Barber*, --- F. Supp. 3d ---, 2019 WL 3771754, at *5 (W.D. Va. 2019) (granting First Step Act motion for reduced sentence of time served where defendant "had only one disciplinary infraction" since he was incarcerated in December 2004).

The government counters that Mr. Small's good disciplinary record "does not necessarily mean [he] will do well outside of prison" because, "[i]n prison, authorities have a system of surveillance and rewards for compliance, including awards of good time and earned time for good behavior." Gov. Response ¶ 4. That position, however, is contrary to the longstanding Department of Justice practice of using prison conduct to measure the risk of recidivism. The BRAVO-R risk assessment instrument, which is used by the BOP to predict recidivism, includes a measure of prison misconduct type and frequency, as does the new PATTERN risk assessment instrument developed under the First Step Act. *See* U.S. Dep't of Justice, Office of the Att'y Gen., First Step Act of 2018: Risk and Needs Assessment System 44-45 (July 2019).[1] Outside of this case, at least, the government considers prison conduct to be predictive of post-release conduct.

The government's argument also fails as applied to Mr. Small specifically. His long record of good conduct, for instance, cannot be attributed to BOP's "rewards for compliance, including awards of good time and earned time for good behavior," Gov Response ¶ 4, because until 2017, Mr. Small was serving a life sentence with no hope of release. And unlike the typical civilian, Mr. Small will continue to be subject to a system of surveillance and a system of rewards and punishments even if this motion is granted—he still has an eight-year term of supervised release to

---

[1] https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment-system.pdf

serve. To the extent that Mr. Small would benefit from continued oversight, the U.S. Probation Office will be able to provide it.

### II. Mr. Small's exercise of constitutional and statutory rights in the course of defending himself from the underlying charges and seeking collateral review have no bearing on this motion.

Mr. Small did nothing wrong by going to trial, appealing his conviction, or seeking collateral review under 28 U.S.C. § 2255. Contrary to the arguments made by the government, *see* Gov. Response ¶¶ 4, 5, 8, 12, these decisions have no bearing on Mr. Small's character, and he should not be penalized for exercising these constitutional and statutory rights. In any event, Mr. Small made those decisions well over a decade ago, and they are irrelevant to the question of what sentencing relief he deserves now.

### III. No further incarceration is necessary to account for the role Mr. Small played in the underlying offense.

Nor does Mr. Small's leadership role weigh against relief in this case, *see* Gov. Response ¶ 4. While Mr. Small's offense was serious, and was aggravated by the leading role he took in the conspiracy, he has already served a lengthy term of imprisonment—over eighteen years. Thus, even if this Court reduces his sentence to time served, Mr. Small's sentence will have been sufficient "to reflect the seriousness of the offense, to promote respect for the law," "to provide just punishment for the offense," and deter others from committing similar offenses in the future. *See* 18 U.S.C. § 3553(a)(2).

That is especially true when the sentences served by Mr. Small's co-defendants are taken into consideration. As the government observes, he is the only member of the conspiracy still in prison. His suppliers, Alvin Green and Dwayne Van Dyke, were released in 2017 and 2010, respectively. *See id.* ¶ 25. Even if, as the government seems to contend, Mr. Small deserved a harsher sentence than his co-conspirators, he has already served it.

### IV. The outcome of Mr. Small's clemency application does not weigh against the relief requested.

The government is also wrong to suggest that Judge Daniel expressed any opposition to Mr. Small being released in 2016, *see* Gov. Response ¶¶ 20-21.  When Mr. Small applied for clemency in 2016, he specifically requested a 15-year sentence—the equivalent of a sentence of time served.[2] When asked for his position, Judge Daniel apparently stated that he had "no objection to supporting *this* request." Gov. Response ¶ 20 (emphasis added).  That is, Judge Daniel expressed *support* for Mr. Small's immediate release.  Judge Daniel did so, moreover, on largely the same grounds that form the basis of the instant motion: namely, "his age and low probability that he's going to re-offend." Gov. Response ¶ 20.  In other words, Judge Daniel's position on Mr. Small's 2016 clemency application actually weighs in favor of granting this motion.

Indeed, there is no reason that the outcome of Mr. Small's clemency application should, as the government suggests, weigh against a sentence of time served.  The fact that Mr. Small's application was among the five percent of applications that were granted shows that he was able to meet the initiative's strict requirements for eligibility—including that he was a low-level offender without significant ties to gangs or cartels, without any history of violence, who had demonstrated good conduct while in prison.  *See* Dep't of Justice, Office of Public Affairs, Announcing New Clemency Initiative, Deputy Attorney General James M. Cole Details Broad New Criteria for Applicants (Apr. 23, 2014).[3]  Beyond that, it is impossible to know why Mr. Small's sentence was

---

[2] At the time Mr. Small applied for clemency, he had been in custody for 13 years.  With good time credit, he had therefore served the equivalent of a 15-year sentence.  As he explained in his clemency application, granting his request for a reduced sentence of 15 years would have resulted in him "be[ing] released as soon as possible." FSA Motion, Attachment G, at 1.

[3] https://www.justice.gov/opa/pr/announcing-new-clemency-initiative-deputy-attorney-general-james-m-cole-details-broad-new

4

reduced to 300 months instead of time served or 360 months, as requested by the government. *See* Gov. Response ¶ 22.[4]

Rather than speculate as to why Mr. Small received that particular sentencing reduction in January 2017, this Court should focus on the question actually presented by this motion: Does Mr. Small, standing today, need to spend any more time in prison in order to ensure that the § 3553(a) factors are satisfied? For all the reasons set forth in his original motion and this reply, the answer to that question is no.

### V.     Plenary resentencing is not required to grant the relief requested in this motion.

Mr. Small agrees that the First Step Act does not require plenary resentencing or otherwise mandate a hearing. This motion can granted without a hearing, on the basis of the papers alone. If, however, this Court has any questions regarding the issues presented in this motion, a hearing may be warranted to address those concerns.

*    *    *

In sum, the fact that Mr. Small has gone over 16 years without incurring a single disciplinary infraction is strong evidence of rehabilitation, and should be attributed to improved character. His long record of good conduct in prison—particularly when considered in conjunction with his age, vocational training, and family ties—is also indicative of a low risk of recidivism. These strong

---

[4] Mr. Small was part of the final wave of commutations granted by President Obama on his last day in office, the culmination of a Clemency Initiative begun in 2014. The initiative, which was housed within the Department of Justice, relied on an outside group of volunteer lawyers to review and submit applications to the Office of the Pardon Attorney, which then "made recommendations to the deputy attorney general, who reviewed the cases and sent them to the White House counsel, who also reviewed them before choosing which ones went to Obama." Sari Horwitz, *Obama to commute hundreds of federal drug sentences in final grants of clemency*, Washington Post (Jan. 16, 2017), https://www.washingtonpost.com/world/national-security/obama-to-commute-hundreds-of-federal-drug-sentences-in-final-grants-of-clemency/2017/01/16/c99b4ba6-da5e-11e6-b8b2-cb5164beba6b_story.html. There is no way to know at what stage in this process it was decided that Mr. Small's sentence would be reduced to 300 months, or what the basis of that decision was.

mitigating factors are not diminished by Mr. Small's years-ago decision to exercise his statutory and constitutional rights to go to trial, appeal his conviction, and seek collateral review.  Nor are they outweighed by the leadership role Mr. Small played in the underlying conspiracy, particularly in light of the lengthy sentence he has already served.  Under these circumstances, it is unsurprising that the sentencing judge supported Mr. Small's request for immediate release in 2016.

Given the additional progress Mr. Small has made since that time—including three additional years of good conduct, as well as thousands of hours of electronics utility worker training—the case for a sentence of time served has only grown stronger.  Taking into account his nearly two decades of good conduct, his low likelihood of recidivism, his good prospects for reentry, and the severity of the sentence he has already served, no further incarceration is necessary to punish Mr. Small for his underlying offense, deter him from future criminal conduct, protect the public from him, or provide him with correctional treatment.  *See* 18 U.S.C. § 3553(a)(2).  The Court should therefore grant this motion and order his immediate release.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


*s/ Kathleen Shen*
KATHLEEN SHEN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Kathleen_Shen@fd.org
Attorney for Defendant Willie Small

6