**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 01-cr-00214-RM-05

UNITED STATES OF AMERICA,

    Plaintiff,

v.

5) THEOLIAN LLOYD,

    Defendant.

---

**GOVERNMENT'S NOTICE OF NO OBJECTION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE [ECF No. 4076]**

---

Comes now the United States of America, pursuant to this Court's Order of January 26, 2022 [ECF No. 4077], in response to the defendant's motion for early termination of supervised release. [ECF No. 4076]. Following review of the defendant's motion, documents in relation to his case and upon consultation with United States Probation Officer Erika Privette, the Government does not oppose Mr. Lloyd's request for early termination.

BACKGROUND:

The Second Superseding Indictment charged thirty-two defendants with drug trafficking, firearms offenses, and money laundering. [Doc. 1595].[1] Trial began on

---

[1] ECF Documents are partially unavailable due to the age of this matter. Factual representations regarding the defendant's original conviction are gleaned from the PSIR, as well as the Government's response to Defendant's Motion Under 28 U.S.C. §

1

September 22, 2003, and ended on November 13, 2003. A jury found the defendant guilty of conspiracy to distribute 50 grams or more of crack cocaine. [Doc. Nos. 2661, 3029]. In addition to the conspiracy conviction, the defendant was also convicted on Counts Fourteen and Seventeen, charging the distribution of, and possession with intent to distribute, crack cocaine. The jury acquitted Mr. Lloyd of similar conduct, as charged in Count Sixteen. [Doc. Nos. 2661, 3029]. The court sentenced the defendant to the statutory minimum term of 240 months' (20 years) imprisonment, pursuant to 21 U.S.C. §§ 841(b)(1)(A)(iii) and 851. On September 15, 2005, the judgment was affirmed on appeal. *See United States v. Small*, 423 F.3d 1164 (10th Cir. 2005).

According to the BOP inmate locator,[2] Mr. Lloyd was released from prison on January 25, 2019. Thus, he has been on supervision for approximately three years. Supervision is set to expire on January 24, 2029. [ECF No. 4047 at pg. 1].

### ARGUMENT:

The Defendant has filed a motion for early termination, pursuant to 18 U.S.C. § 3583(e)(1) and Fed. R. Crim. P. 32.1(c). As such, the Court and parties are required to evaluate his request in light of the factors enumerated therein. The first predicate for the defendant's motion is that he has completed at least one year of supervised release; he has satisfied that condition. Additional factors include: the nature and circumstances of the offense; the characteristics of the defendant; the need to afford adequate deterrence; the need to protect the public from further crimes of the defendant; the

---

2255. [ECF No. 3422].
[2] https://www.bop.gov/mobile/find_inmate/byname.jsp

applicable sentencing ranges; the need to avoid unwarranted disparities; and finally the need to provide restitution. *Id. See also,* 18 U.S.C. § 3553.

After analyzing these factors, and upon consultation with the defendant's supervising officer, Ms. Privette (who concurs in his motion), the United States does not oppose the requested early termination. As memorialized in the PSIR, the conduct resulting in the defendant's arrest and conviction was significant. Pursuant to a wiretap investigation, it was shown at trial that the defendant participated in a long-term conspiracy to distribute more than 50 grams of cocaine base. [PSIR at 1]. Consistent with his role in that conspiracy, he also engaged in the direct distribution of that drug. *Id.* Mr. Lloyd received his crack cocaine from the main target in the investigation, Willie Small, and he sometimes purchased as often as twice per day. [PSIR at 9, ¶ 33]. Moreover, at the time of conviction, the defendant had a criminal history category of II. He was on parole for a 1993 felony drug conviction when he committed the instant offense. PSIR at pp. 14-15.[3] However, the other characteristics of the defendant weigh in favor of his request.

First, although the defendant was part of a significant conspiracy, his sentence was driven by the quantity of crack cocaine charged in Count One (50 grams or more) and the fact that the defendant had a prior felony drug conviction. [ECF No. 3702, pg. 2]. Thus, the defendant served the full duration of a significant sentence.

---

[3] The PSIR indicates that the defendant sold $100 worth of crack cocaine, and had an additional quantity of crack cocaine on his person at the time of arrest. PSIR at 15, ¶ 66.

After being placed on supervision, the defendant struggled with marijuana use. A petition was filed for modification [ECF 4047-1] and on March 22, 2019, the defendant was ordered to engage in testing and/or treatment for substance abuse. [ECF No. 4048]. However, Ms. Privette reports that since modification, the defendant has been compliant. Moreover, he appears to be successful in his re-integration and he is working to provide additional support for his family. It does not appear that the defendant would benefit from any further resources which can be offered by continued supervision.

Although the defendant faces a significant mandatory term of supervision as a result of his § 851 enhancement, the government is mindful of subsequent modifications to crack cocaine sentencing provisions. *See e.g.,* 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (requiring 280 grams of cocaine base to trigger the 10 year mandatory minimum, as opposed to the 50 grams as required under the defendant's statute of conviction). A reduction in Mr. Lloyd's term of supervision would not adversely affect the deterrent value of his sentence if predicated upon noteworthy compliance and a mindfulness of the significance of his initial sentence. Similarly, although the requested reduction may result in some disparity, such disparity is not "unwarranted" if it is cognizant of such circumstances. Finally, restitution is not a factor in this case.

Mr. Lloyd appears to have made substantial efforts to maintain a productive and law-abiding lifestyle. As such, the Government concurs with the probation department's recommendation and does not oppose his motion for early termination.

CONCLUSION:

Upon conferring with U.S. Probation, it is the Government's understanding that their limited resources may be better spent on defendants who pose a higher risk of recidivism. Moreover, Mr. Lloyd served a significant term of incarceration, but has demonstrated noteworthy efforts to accomplish successful reintegration. This is evidenced by his employment history. Thus, consistent with 18 U.S.C. § 3583(e)(1), the government respectfully submits that the defendant's request is both warranted by his conduct, and in the interests of justice.

Dated this  1st  day of February, 2022.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: *s/ Bradley W. Giles*
Bradley W. Giles
Assistant United States Attorney
1801 California St., Suite 1600
Denver, Colorado 80202
Tel: (303) 454-0122
Fax: (303) 454-0409
Bradley.giles@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 1st, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

*s/ Stephanie Price*
Stephanie Price
Legal Assistant
United States Attorney's Office