In the United States District Court
for the District of Colorado

| | |
|---|---|
| Case No. 01-CR-00214-RM-1<br><br>United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Willie Small,<br><br>        Defendant. | Motion for Early Termination of Supervision |

Defendant Willie Small respectfully requests early termination of his term of supervised release, pursuant to 18 U.S.C. § 3583(e)(1). In support, Mr. Small states:

**Background**

1. On November 13, 2001, Mr. Small was sentenced to life imprisonment after being convicted of multiple counts arising from his involvement in a conspiracy to distribute cocaine base. At the time, both the applicable federal sentencing statutes and the Sentencing Guidelines mandated a term of life imprisonment. In addition, the district court imposed an eight-year term of supervised release.

2. On January 19, 2017, the President granted Mr. Small's application for clemency and reduced his sentence from life imprisonment to 300 months' imprisonment.

3. On December 18, 2019, this Court further reduced Mr. Small's sentence to time served, effective January 31, 2020, or approximately 223 months, exercising its authority under the First Step Act. The Court, however, left in place Mr. Small's eight-year term of supervised release, which is set to expire on or around January 31, 2028.

4. Mr. Small is now 67 years old and has been on supervision for nearly two-and-one-half years, since January 31, 2020.

5. In that time, Mr. Small has built a stable, law-abiding life for himself. He has maintained steady employment and has a stable home. He has had no police contact whatsoever. Other than a single positive drug test in August 2021, he has been fully compliant with his supervised release for over two years.

6. Undersigned counsel has conferred with Mr. Small's probation officer Heather Becker regarding this motion. She indicated that she could not take a position on whether early termination was warranted prior to this motion being filed.

## Argument

7. This Court has the power to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant and the interests of justice." 18 U.S.C. § 3583(e)(1). This power extends to the early termination of mandatory terms of supervised release. *See, e.g.*, *Pope v. Perdue*, 889 F.3d 410, 414-15 (7th Cir. 2018); *United States v. Spinelle*, 41 F.3d 1056, 1060 (6th Cir. 1994); *accord* U.S. Sentencing Comm'n, *Federal Offenders Sentenced to Supervised Release* at 35 (July 2010) ("[E]arly terminations may occur even in cases where a statute originally required the sentencing court to impose a term of supervised release in excess of one year.").[1]

---

[1] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2010/20100722_Supervised_Release.pdf

8.      In determining whether to grant a request for early termination, the Court is to consider a subset of the sentencing factors in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for deterrence, public protection, and the defendant's need for educational or vocational training or correctional treatment. *See* 18 U.S.C. § 3583(e)(1). Notably, Congress omitted from consideration the factors set forth in § 3553(a)(2)(A), which go to the seriousness of the offense of conviction, from this list of factors to be considered. This omission is consistent with the purpose of supervised release, which is intended "to assist individuals in their transition to community life" and to "fulfill[] rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). This Court otherwise "enjoys discretion to consider a wide range of circumstances" when assessing whether "the conduct of the defendant" and the "interests of justice" warrant early termination. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

9.      Early termination is warranted in this case. Mr. Small's conduct on supervision has been excellent. In the more than two years since his release, he has incurred no new arrests or charges, but has instead become a law-abiding member of society, with steady employment and a stable home. Other than a single positive drug test nearly a year ago, he has had no violations at all. These years of good conduct weigh in favor of early termination.

10.     Furthermore, the risk of recidivism is minimal. Mr. Small is 67 years old. As the United States Sentencing Commission has recognized, "[o]lder offenders [are] substantially less likely than younger offenders to recidivate following release." U.S. Sentencing Comm'n, *The Effects of Aging on Recidivism Among Federal Offenders* at 3 (Dec. 2017).[2] That general finding

---

[2] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf

has been borne out by Mr. Small's law-abiding conduct while on supervision. Thus, "the marginal benefit for public protection" from continued supervision of Mr. Small is low. *United States v. Smith*, 756 F.3d 1179, 1183 (10th Cir. 2014) (characterizing age at time of release as an appropriate sentencing consideration, in light of the inverse relationship between age and recidivism).

## Conclusion

For the foregoing reasons, Mr. Small asks that this court grant this motion and terminate his term of supervised release.

Respectfully submitted,

Virginia L. Grady
Federal Public Defender


*s/ Kathleen Shen*
Kathleen Shen
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Kathleen_Shen@fd.org
Attorney for Defendant Willie Small